UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

EMERGENCY MOTION OF PETITIONING CREDITORS
FOR IMMEDIATE ENTRY OF AN ORDER FOR RELIEF OR, IN THE ALTERNATIVE,
AN ORDER FORBIDDING THE MANAGER OF THE ALLEGED DEBTOR
FROM FILING ANYTHING IN THE COURTS OF CALIFORNIA

To The Honorable Christopher J. Panos, United States Bankruptcy Judge:

Now come the Petitioning Creditors herein and, on an emergency basis created by the Manager of the Alleged Debtor, move for the immediate entry of an Order for Relief (which will result in the immediate appointment of a Chapter 7 Trustee) or, in the alternative or in addition, for an Order forbidding the Manager of the Alleged Debtor from filing anything in the Courts of the State of California. In support of their Emergency Motion, the Petitioning Creditors state as follows:

1. On August 31, 2023, an Involuntary Petition commenced the within case.

2. A Summons was issued upon the Involuntary Petition and the Alleged Debtor accepted service of the Summons on September 2, 2023.

3. A Return of Service was filed with this Court on September 8, 2023.

4. The Court set September 29, 2023 as the deadline for filing an Answer to the Involuntary Petition.

5. No Answer contesting the Involuntary Petition has been filed (the Alleged Debtor filed *pro se* a pleading entitled "Answer" but in it consented to the Involuntary Petition).

1

6. The Alleged Debtor, through its Manager, Lolonyon Akouete (the "Manager") has been extraordinarily active in this case. For example, the Manager has already filed the Debtor's Schedules and Statement of Financial Affairs, has moved this Court for the entry of an Order for Relief and, most importantly, has filed an Emergency Motion for Relief from Stay to permit him to bring an action in the State of California regarding the bankruptcy estate's rights to escheated funds being held by the California State Controller (the "Alleged Debtor's Motion For Relief From Stay").

7. This Court has set October 10, 2023 as the deadline for Objections to the Alleged Debtor's Motion For Relief From Stay.

8. The Manager has communicated to counsel for the Petitioning Creditors his belief that 11 U.S.C. 303(f) would operate to permit him to commence an action in the State of Californica on the grounds that, until entry of an Order for Relief, he "may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced."

9. The undersigned counsel for the Petitioning Creditors responded to the Manager that his commencing an action in the State of California would violate 11 U.S.C. §362(a)(3)(Automatic stay) which stays "any act to obtain possession or property of the estate or of property from the estate or to exercise control over property of the estate …"

10. The escheated funds being held by the California State Controller are property of the bankruptcy estate created by the filing of the Involuntary Petition (see 11 U.S.C. §541(a)).

11. The Petitioning Creditors thought that the filing of the Manager's Motion For Relief From Stay constituted an acknowledgement, admission and agreement that the Manager

could not commence an action in the State of California regarding estate property without relief from stay.

12. At 9:21 a.m. this morning, October 2, 2023, the Manager sent the email annexed hereto as Exhibit A (with all of its attachments) threatening to file a Complaint to recover escheated property of the Debtor from the California State Controller and challenging counsel for the Petitioning Creditors to "request court intervention."

13. The entry of an Order for Relief will deprive the Manager of any claim that he is acting pursuant to rights granted under 11 U.S.C. §303(f).

14. The Manager's fear that rights may be lost unless the Manager immediately commences an action in California is misplaced. Pursuant to 11 U.S.C. §108, the Chapter 7 Trustee to be appointed herein will have at least 60 days, and likely 2 years, <u>after</u> the entry of the Order for Relief to take the action that the Manager threatens to take today.

Request for Emergency Determination

15. Given the Manager's inexplicable activism, his threatened violation of the automatic stay, and his threat, complete with drafted pleadings (Exhibit A) that he will file something in California as soon as today, emergency relief is required to prevent the Manager from taking unnecessary and impermissible action to the detriment of the Bankruptcy Estate and the rights of its soon to be appointment Chapter 7 Trustee.

Wherefore, the Petitioning Creditors pray, on an emergency basis, that this Court either (a) enter an Order for Relief removing all doubt as to the Manager's post-Petition authority

and/or (b) enter an Order that the Manager is prohibited from filing any pleadings in the State of California regarding the Debtor, and for such other and further relief as may be just.

PETITIONING CREDITORS,

By their attorneys,

/s/ Stephen F. Gordon
Stephen F. Gordon (BBO No. 203600)
The Gordon Law Firm LLP
57 River Place, Suite 200
Wellesley, Massachusetts 02481
Tel: (617) 261-0100
Fax: (617) 261-0789
E-mail: sgordon@gordonfirm.com

Dated: October 2, 2023

## CERTIFICATE OF SERVICE

I, Stephen F. Gordon, hereby certify that on October 2, 2023, the foregoing Motion was served by operation of the Court's ECF System on all individuals designated to receive service by ECF:

- Stephen F. Gordon    sgordon@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- Richard King    USTPRegion01.WO.ECF@USDOJ.GOV
- Scott Adam Schlager    sas@natgolaw.com

and by email upon Manager of the Alleged Debtor:

Lolonyon Akouete (info@smartinvestorsllc.com)

/s/ Stephen F. Gordon
Stephen F. Gordon (BBO No. 203600)

P:\Clients-GLF\Westborough SPE\Plead (Bktcy)\Emer Mtn f Order.docx