# EXHIBIT A

**From:** Lolonyon Akouete <info@smartinvestorsllc.com>
**Sent:** Monday, October 2, 2023 9:21 AM
**To:** Stephen Gordon <sgordon@gordonfirm.com>
**Cc:** Scott A. Schlager <sas@natgolaw.com>
**Subject:** ** CAUTION! SUSPICIOUS EMAIL **Re: Trustee's Escheat Claim

Stephen, I will file the attached documents to prevent delay. If you object, request court intervention.

Thank you.
Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Lolonyon Akouete, Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051 North Babylon, NY 11703

TELEPHONE NO.: 443-447-3276    FAX NO. (Optional):
E-MAIL ADDRESS: info@smartinvestorsllc.com
ATTORNEY FOR (Name): Plaintiff, WESTBOROUGH SPE LLC

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**
STREET ADDRESS: 813 6th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Civil Division

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)    [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [x] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 1, Retrieval of Escheated Property Under CCP §1541
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: October 2, 2023
Lolonyon Akouete
_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]   [ Save this form ]   [ Clear this form ]

LOLONYON AKOUETE
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276
WESTBOROUGH SPE LLC, IN PRO PER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| WESTBOROUGH SPE LLC, a Delaware limited liability company,<br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>MALIA M. COHEN, California State Controller<br>　　　　　　　Defendant. | CASE No.:<br><br>COMPLAINT TO RECOVER ESCHEATED PROPERTY [C.C.P. §1541]<br><br>DEPARTMENT: 53/54 |

**COMES NOW,** the Plaintiff, Westborough SPE LLC (hereinafter referred to as "Westborough"), by and through its manager, and for its Complaint against Defendant Malia M. Cohen, California State Controller (hereinafter referred to as the "Controller"), alleges as follows:

## PARTIES

1.      Plaintiff Westborough is a Delaware limited liability company, with its principal place of business located at 1241 Deer Park Ave., Suite 1, #1051, North Babylon, NY 11703. Westborough is represented by its Manager, Lolonyon Akouete.

2.      Defendant Malia M. Cohen is the California State Controller, with offices located at 300 Capitol Mall, Sacramento, California.

3.      Rob Bonta is the Attorney General of the State of California and has an office in the County of Sacramento, California.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter and parties pursuant to the California Code of Civil Procedure §1541.

2.      Venue is proper in this Court as the escheated property is held in Sacramento County by the Defendant.

## FACTS

1.      On June 15, 2022, MUFG UNION BANK N A reported an abandoned checking account belonging to Plaintiff with a balance of $1,293,646.83, which has since been held with the State Controller Property ID# 1019294209.

2.      Plaintiff initiated an expedited claim process for the recovery of said property which was approved on December 13, 2022, but subsequently denied by Harpreet Nakhwal in the legal department due to inaccurate information.

3.      On July 13, 2023, Plaintiff provided updated information and documentation to counter the inaccurate information and requested a reevaluation of the claim, but has yet to receive any response.

4.      The delay in processing the claim has led to Plaintiff's inability to pay its debts, resulting in the filing of an involuntary Chapter 7 bankruptcy case against the entity (Case No. 23-40709-CJP).

5.      Plaintiff's denied claim was initially based on inaccurate information asserting that F. Jan Blaustein Scholes is under Guardianship/Conservatorship. However, there is no existing Guardianship/Conservatorship proceeding either in Arizona, where Jan currently resides, or California, her previous residence.

6.      Jan's son Peter was appointed as her conservator in Hawaii following a stroke, but she has since recovered, and there has been no foreign registration in Arizona or California as mandated by A.R.S. Section 14-12401 and pursuant to the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act (28 U.S.C. Section 1738A).

## CAUSE OF ACTION (Retrieval of Escheated Property Under CCP §1541)

1.      Plaintiff repeats and realleges paragraphs 1 through 10 above.

2.    California Code of Civil Procedure sections 1540 and 1541 stipulate a procedure for owners of unclaimed property held by the State to submit a claim for the return of the property. The Controller is obligated to consider a submitted claim within 180 days of its submission, and the claimant is authorized to initiate a civil action if the Controller fails to adjudicate the claim within the specified timeframe.

3.    Plaintiff contends that the State Controller, through its agents, failed to adhere to the stipulated procedure in processing and evaluating the reevaluated claim for Property ID# 1019294209, causing financial distress and hardship to the Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A. For an order directing the immediate release of the escheated property, with Property ID# 1019294209, plus interest accrued thereon to Plaintiff;

B. For costs of suit incurred herein; and

C. For such other and further relief as the Court deems just and proper.

Date: 10/02/2023

Lolonyon Akouete
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

IN PRO PER

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><b><i>FOR COURT USE ONLY</i></b><br><i>(SOLO PARA USO DE LA CORTE)</i></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MALIA M. COHEN, California State Controller.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WESTBOROUGH SPE LLC, by and through its manager, Lolonyon Akouete.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SACRAMENTO SUPERIOR COURT

813 6th Street, Sacramento, CA 95814 Civil Division

| CASE NUMBER:<br>*(Número del Caso):* |
| --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lolonyon Akouete Manager of Westborough SPE, LLC. 1241 Deer Park Ave., Suite 1, #1051 North. (443) 447-3276

| DATE: October 2, 2023 | Clerk, by | , Deputy |
| --- | --- | --- |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form | Clear this form |
| --- | --- | --- |

LOLONYON AKOUETE
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276
WESTBOROUGH SPE LLC, IN PRO PER

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| WESTBOROUGH SPE LLC, a Delaware limited liability company,<br>                    Plaintiff,<br><br>        vs.<br><br>MALIA M. COHEN, California State Controller<br>                    Defendant. | CASE No.:<br><br>POINTS AND AUTHORITIES IN SUPPORT OF COMPLAINT TO RECOVER ESCHEATED PROPERTY [C.C.P. §1541]<br><br>DEPARTMENT: 53/54 |

## I. INTRODUCTION

Westborough SPE, LLC (hereinafter "WSPE") respectfully submits these Points and Authorities, narrating a grievous account of administrative oversight and neglect by the California State Controller (hereinafter "the Controller"), which unjustly denied WSPE's rightful claim to its escheated property.

## II. STATEMENT OF FACTS

### A. Formation and Management of WSPE

WSPE, established and functioning under Delaware's jurisdiction since 1997, owns a theatre in Westborough, Massachusetts. Initially managed by Babcock and Brown Administrative Services, Inc ("BBAS Inc"), WSPE's managerial role transitioned to Lolonyon Akouete (Lolo) and Denise Edwards (Denise) following proper legal protocols.

## B. The Escheated Property

An abandoned checking account belonging to WSPE, with a substantial balance, was reported and is currently held by the Controller.

## C. The Flawed Claim Denial

Despite Lolo and Denise's exhaustive efforts and provision of supporting documents to validate their claim, the Controller's office denied it, citing an inaccurate assumption about Jan's incapacitation.

## III. LEGAL ANALYSIS

### A. The Rightful Claim under Section 1540

The denial of the claim by the Controller is unfounded and contradicts the evidence provided by WSPE, illustrating Jan's legal competency and the managerial transition to Lolo and Denise.

### B. Invocation of Section 1541

Given the Controller's unwarranted denial and failure to process the claim within the statutory period, WSPE resorts to Section 1541 to institute this complaint.

## IV. ARGUMENT

### A. Controller's Failure to Acknowledge Valid Documentation

WSPE provided compelling evidence, including Durable Power of Attorney and WSPE's Operating Agreement, which the Controller disregarded, leading to an unjust denial of the claim.

### B. Inaccuracy in Assumptions

The claim denial, premised on the erroneous assumption of Jan's incapacitation, is invalidated by the absence of any guardianship or conservatorship over her, as corroborated by legal documents from the State of Arizona.

### C. Legal Standings of Lolo and Denise

Their status as WSPE's legally appointed managers, validated by the Secretary of the Commonwealth Corporations Division and the Secretary of State for the State of Delaware Corporations Division, underscores their legal standing to claim the escheated property.

## V. CONCLUSION

WSPE, armed with undeniable evidence and legal statutes, seeks the court's intervention for a just and expedited resolution. The Controller's denial, rooted in inaccuracies and oversight, necessitates judicial scrutiny to uphold WSPE's rights to its property.

### VI. EXHIBITS

1.      Denial letters dated 2-8-2023 and 4-12-2023.

2.      Durable Power of Attorney and Written Consent of Manager signed by Ms. Scholes

3.      Westborough SPE LLC Operating Agreement

4.      Certificate of Revival and Good Standing

5.      Claim Affirmation Form - Claim ID 21014485

6.      Documentation of Managerial Transition from BBAS Inc to BBAS LLC to BBPM LLC

### PRAYER FOR RELIEF

WSPE beseeches the Court for:

1.      An order compelling the Controller to release the escheated property, including the accrued interest, to WSPE.

2.      Costs of the suit and other justifiable reliefs as deemed appropriate.

This refined submission illuminates the Controller's procedural inadequacy and seeks the court's intervention to effectuate justice, reinstating WSPE's rightful claim to its escheated property.

Date:   10/02/2023

Lolonyon Akouete
Manager of Westborough SPE, LLC

IN PRO PER

Date:

Denise Edwards
Manager of Westborough SPE, LLC

IN PRO PER

# Exhibit 1
Denial letters dated 2-8-2023 and 4-12-2023.





# MALIA M. COHEN
## California State Controller

February 8, 2023

Westborough SPE LLC
c/o Denise Edwards
1241 Deer Park Ave., Suite 1 #1051
North Babylon, NY  11703

Re:    Unclaimed Property Claim Identification Number 4853303

Dear Ms. Edwards:

This letter is in response to the above-referenced Unclaimed Property Claim.  The claim was referred to the Legal Office for review.  As explained in more detail below, after review, the claim must be denied.

This claim was submitted for one property identified as number 1019294209.  This property was remitted to the State Controller's Office by MUFG Union Bank as a checking account in the amount of $1,293,646.83.  The owner is reported as "Westborough SPE LLC" at a last known address of "50 California St., Suite 3610, San Francisco, CA  94111."

It appears to be your contention that you are entitled to these funds because you purchased the assets of Westborough SPE LLC.  In support of your claim you submitted a Bill of Sale, a Certificate of Revival of Westborough SPE LLC from Delaware Secretary of State, a Foreign Limited Liability Company Application for Registration from the Massachusetts Secretary of State, proof of FEIN, and Westborough SPE, LLC's Motion to Vacate Foreclosure Judgment filed with the Land Court for the Commonwealth of Massachusetts.

Based upon the documentation submitted and our research, it appears that Westborough SPE, LLC was a Delaware entity.  Based upon information received by the State Controller's Office, Westborough SPE, LLC was manager run as opposed to member or owner run.  The manager was Babcock & Brown Administrative Services, Inc., a Delaware corporation.  Officers of Babcock & Brown Administrative Services, Inc. included Jan Blaustein Scholes, James Jaworski, and Dyann Blaine.

300 Capitol Mall, Suite 1850, Sacramento, CA 95814  P.O. Box 942850, Sacramento, CA 94250  Fax: (916) 322-4404
sco.ca.gov

Westborough SPE LLC
February 8, 2023
Page 2

The Bill of Sale dated November 21, 2022, between Westborough SPE, LLC and Denise Edwards and Lolonyon Alouete was signed by "Jan Blaustein Scholes, its President." Jan Blaustein Scholes has suffered from multiple strokes since 2004. In 2019 the Hawaii Third Circuit, Kona Division granted Conservatorship and Guardianship over the person and estate of Frances Jan Blaustein Scholes to her son, Peter Blaustein. As Jan Blaustein Scholes has been judicially declared to lack capacity, she is unable to enter into contracts. After review, the Bill of Sale was signed by Jan Blaustein Scholes after she was declared to be incapacitated and had a Conservatorship and Guardianship entered over her person and estate. Therefore, the Bill of Sale is void. As the Bill of Sale is void, you could not have acquired any interest in Westborough SPE LLC and your claim for this property must be denied.

Additionally, it should be noted that even if it is determined that Jan Blaustein Scholes had the capacity to enter into the contact, it does not appear that you would be entitled to the funds in question. It appears that Jan Blaustein Scholes signed the Bill of Sale as the President of Babcock & Brown Administrative Services Inc. and not of Westborough SPE, LLC. It appears that Babcock & Brown Administrative Services Inc. acted only as the manager of Westborough SPE, LLC and did not have an ownership interest of Westborough SPE, LLC. At this time our office is lacking sufficient information to determine whether an officer of the managing entity, Babcock & Brown Administrative Services Inc., would have authority to sell the assets of Westborough SPE LLC.

For the reasons discussed above, the claim is denied.

Sincerely,

HARPREET K. NAKHWAL
Staff Counsel

HKN/jh

cc:    Coleen Kimler, Bureau Chief, Unclaimed Property Division, State Controller's Office



MALIA M. COHEN
CALIFORNIA STATE CONTROLLER

April 12, 2023

Westborough SPE LLC
c/o Denise Edwards and Lolonyon Akouete
1241 Deer Park Ave., Suite 1 #1051
North Babylon, NY 11703

Re:    Unclaimed Property Claim Identification Number 4853303

Dear Ms. Edwards and Mr. Akouete:

This letter is in regard to the above-referenced unclaimed property claim. In my letter
dated February 8, 2023, the claim was denied. You subsequently submitted additional
documentation in support of your claim. As explained in more detail below, after review
of the additional documentation, the denial of your claim must be affirmed.

In my previous letter I explained that there were several deficiencies with the claim. The
first issue being that it was established that the Bill of Sale was signed by Jan Blaustein
Scholes after she was declared to be incapacitated and had a Conservatorship and
Guardianship entered over her person and estate. As Ms. Scholes has been judicially
declared to lack capacity, she could not have entered into a contract to sell assets of
Westborough SPE LLC. The second issue was that even if it is determined that Ms.
Scholes had the capacity and ability to enter into the contract, there was insufficient
information to determine whether she, an officer of the managing entity, Babcock &
Brown Administrative Services, Inc., would have authority to sell the assets of
Westborough SPE LLC.

You have now submitted several documents that appear to try and address the second
issue. However, after review of the evidence now submitted, there does not appear to be
any evidence to refute the fact that a Conservatorship and Guardianship was entered over
the person and estate of Jan Blaustein Scholes and that she was declared to be
incapacitated by the Hawaii Third Circuit, Kona Division.

Westborough SPE LLC
April 12, 2023
Page 2

Without expressing an opinion on the new documentation submitted, the claim must
remain denied because you have failed to remedy the fact that Jan Blaustein Scholes
lacked the capacity to enter into a contract.

Sincerely,

HARPREET K. NAKHWAL
Staff Counsel

HKN/jh

cc:    Coleen Kimler, Bureau Chief, Unclaimed Property Division, State Controller's
       Office

# Exhibit 2
Durable Power of Attorney and Written Consent of Manager signed by Ms. Scholes

# DURABLE POWER OF ATTORNEY

This Durable Power of Attorney is made on this _26_ day of _June_, 2023, by Babcock and Brown Parallel Member LLC, a Delaware limited liability company (the "Grantor").

WHEREAS, pursuant to the Operating Agreement ("Operating Agreement") of Westborough SPE LLC (the "Company") dated as of 20th October 1997 (the "LLC Agreement"), Babcock and Brown Administrative Services Inc., a Delaware corporation, was designated as the manager of the Company;

WHEREAS, Babcock and Brown Administrative Services Inc. has merged into the Grantor, and as a result, the Grantor is the successor of all the rights and obligations of Babcock and Brown Administrative Services Inc.;

WHEREAS, Section 1(g) of the LLC Agreement provides that any manager of the Company may delegate all or any of its powers or duties under the LLC Agreement to another manager or to any member or any other person or entity by an instrument in writing;

NOW, THEREFORE, the Grantor hereby appoints Mr. Lolonyon Akouuete and Ms. Denise Edward as its attorney in fact (the "Attorney"), with powers to be exercised jointly with member or manager of the Grantor, to act on behalf of the Grantor in connection with any and all matters relating to the management and operation of the Company, including but not limited to:

1.  the right to sell, buy, lease, mortgage, assign, rent or dispose of any real property on behalf of the Company; and
2.  the right to execute, acknowledge, and deliver any and all documents, contracts, agreements, checks, drafts, promissory notes, mortgages, deeds of trust, leases, deeds, easements, and other instruments of any nature whatsoever, as may be necessary or desirable, and to perform all acts and do everything that the Grantor could do; and
3.  the right to open a bank account/s, deposit, endorse, or withdraw funds to or from any of the Company's bank accounts or safe deposit box;
4.  the right to initiate, defend commence or settle legal actions on the Company's behalf;
5.  the right to retain any accountant, attorney, or other adviser deemed necessary to protect the Company's interests relative to any foregoing unlimited power;
6.  the right to bind the Grantor by executing documents or instruments on its behalf, and any such executed documents or instruments shall be binding upon and enforceable against the Grantor.

The Grantor undertakes to:
-   ratify and confirm whatever the Attorney does or purports to do in good faith in exercising the powers conferred by this Power of Attorney; and
-   Indemnify the Attorney against all claims, losses, costs, expenses, damages or liability incurred by her as a result of acting in good faith pursuant to this power of attorney (including any costs incurred in enforcing this indemnity).

See Exhibit A hereto for additional rights with respect to the Company property.

This Power of Attorney shall be governed by and construed in accordance with the laws of the State of Delaware. The powers and duties of an Agent under a durable power of attorney are explained more fully in Delaware Code, Title 12, Chapter 49A, Section 49A-114 and Sections 49A-201 through 49A-217.

By signing below, I have read or had explained to me this notice and I understand its contents. I have had an attorney licensed in the State of Arizona review and approve of me signing this Durable Power of Attorney.

This Power of Attorney shall be effective from the signing date below and shall continue in full force and effect until revoked by the Grantor in writing.

<u>Reliance on This Power of Attorney</u>
Any person, including my Agent(s), may rely upon this power of attorney or a copy of it unless that person knows it has terminated or is invalid.

<u>Revocation of Prior Power of Attorney</u>
If you have previously executed a power of attorney granting authority covered in this document, indicate below whether or not you wish to revoke the prior power of attorney. INITIAL your selection below:

_✓_ All my previously executed powers of attorney are hereby revoked, except those powers of attorney described in § 49A-103(a) of Title 12 of the Delaware Code, none of which are personal powers of attorney described within the meaning of § 49A-102(9) of Title 12 of the Delaware Code.

**IN WITNESS WHEREOF**, the Grantor has executed this Power of Attorney as of the date first written above as an instrument under seal.

BABCOCK AND BROWN PARALLEL MEMBER LLC

By: _____
Name: F. Jan Blaustein Scholes
Title: Manager, duly authorized


I, _DIIGBOD LOKOSSOU_____, swear that I am not related to the Principal by blood, marriage, or adoption; and that I am not entitled to any portion of the estate of the Principal under the Principal's current will or codicil, or under any current trust instrument of the Principal.

_____          DIIGBODI LOKOSSOU_____
Witness Signature                                        Print Witness Name


State of Arizona

COUNTY OF _Arizona_____

This Durable **Power** of **Attorney** was signed by the Principal, witnessed by the person aforesaid, and acknowledged before me, the Subscriber, a Notary Public, as the free act and deed of the Principal this _2 ♭_ day of June, 2023.

_____
Notary Public

My Commission Expires: _02-28-2027_     (seal)

BILLIE J WAHL
Notary Public - Arizona
Maricopa County
Commission # 642362
My Comm. Expires Feb 28, 2027

**EXHIBIT "A"**
**Real Property § 49A-204**

1. To demand, buy, lease, receive, accept as a gift or as security for an extension of credit, or otherwise acquire or reject an interest in real property or a right incident to real property;

2. To sell; exchange; convey with or without covenants, representations, or warranties; quitclaim; release; surrender; retain title for security; encumber; partition; consent to partitioning; subject to an easement or covenant; subdivide; apply for zoning or other governmental permits; plat or consent to platting; develop; grant an option concerning; lease; sublease; contribute to an entity in exchange for an interest in that entity; or otherwise grant or dispose of an interest in real property or a right incident to real property;

3. To pledge or mortgage an interest in real property or right incident to real property as security to borrow money or pay, renew, or extend the time of payment of a debt of the Principal or a debt guaranteed by the Principal;

4. To release, assign, satisfy, or enforce by litigation or otherwise a mortgage, deed of trust, conditional sale contract, encumbrance, lien, or other claim to real property which exists or is asserted;

5. To manage or conserve an interest in real property or a right incident to real property owned or claimed to be owned by the Principal, including:
   a. Insuring against liability or casualty or other loss;
   b. Obtaining or regaining possession of or protecting the interest or right by litigation or otherwise;
   c. Paying, assessing, compromising, or contesting taxes or assessments or applying for and receiving refunds in connection with them; and
   d. Purchasing supplies, hiring assistance or labor, and making repairs or alterations to the real property;

6. To use, develop, alter, replace, remove, erect, or install structures or other improvements upon real property in or incident to which the Principal has, or claims to have, an interest or right;

7. To participate in a reorganization with respect to real property or an entity that owns an interest in or right incident to real property and receive, and hold, and act with respect to stocks and bonds or other property received in a plan of reorganization, including:
   a. Selling or otherwise disposing of them;
   b. Exercising or selling an option, right of conversion, or similar right with respect to them; and
   c. Exercising any voting rights in person or by proxy;

8. To change the form of title of an interest in or right incident to real property; and

9. To dedicate to public use, with or without consideration, easements or other real property in which the Principal has, or claims to have, an interest.

3

**Tangible Personal Property § 49A-205**

1. To demand, buy, receive, accept as a gift or as security for an extension of credit, or otherwise acquire or reject ownership or possession of tangible personal property or an interest in tangible personal property;
2. To sell; exchange; convey with or without covenants, representations, or warranties; quitclaim; release; surrender; create a security interest in; grant options concerning; lease; sublease; or otherwise dispose of tangible personal property or an interest in tangible personal property;
3. To grant a security interest in tangible personal property or an interest in tangible personal property as security to borrow money or pay, renew, or extend the time of payment of a debt of the Principal or a debt guaranteed by the Principal;
4. To release, assign, satisfy, or enforce by litigation or otherwise, a security interest, lien, or other claim on behalf of the Principal, with respect to tangible personal property or an interest in tangible personal property;
5. To manage or conserve tangible personal property or an interest in tangible personal property on behalf of the Principal, including:
   a. Insuring against liability or casualty or other loss;
   b. Obtaining or regaining possession of or protecting the property or interest, by litigation or otherwise;
   c. Paying, assessing, compromising, or contesting taxes or assessments or applying for and receiving refunds in connection with taxes or assessments;
   d. Moving the property from place to place;
   e. Storing the property for hire or on a gratuitous bailment; and
   f. Using and making repairs, alterations, or improvements to the property; and
6. To change the form of title of an interest in tangible personal property.

**Claims and Litigation § 49A-212**

1. To assert and maintain before a court or administrative agency a claim, claim for relief, cause of action, counterclaim, offset, recoupment, or defense, including an action to recover property or other thing of value, recover damages sustained by the Principal, eliminate or modify tax liability, or seek an injunction, specific performance, or other relief;
2. To bring an action to determine adverse claims or intervene or otherwise participate in litigation;
3. To seek an attachment, garnishment, order of arrest, or other preliminary, provisional, or intermediate relief and use an available procedure to effect or satisfy a judgment, order, or decree;
4. To make or accept a tender, offer of judgment, or admission of facts, submit a controversy on an agreed statement of facts, consent to examination, and bind the Principal in litigation;

5. To submit to alternative dispute resolution, settle, and propose or accept a compromise;

6. To waive the issuance and service of process upon the Principal, accept service of process, appear for the Principal, designate persons upon which process directed to the Principal may be served, execute and file or deliver stipulations on the Principal's behalf, verify pleadings, seek appellate review, procure and give surety and indemnity bonds, contract and pay for the preparation and printing of records and briefs, receive, execute, and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument in connection with the prosecution, settlement, or defense of a claim or litigation;

7. To act for the Principal with respect to bankruptcy or insolvency, whether voluntary or involuntary, concerning the Principal or some other person, or with respect to a reorganization, receivership, or application for the appointment of a receiver or trustee which affects an interest of the Principal in property or other thing of value;

8. To pay a judgment, award, or order against the Principal or a settlement made in connection with a claim or litigation; and

9. To receive money or other thing of value paid in settlement of or as proceeds of a claim or litigation.

**Taxes § 49A-216**

1. To prepare, sign, and file federal, state, local, and foreign income, gift, generation skipping transfer, payroll, property, Federal Insurance Contributions Act (26 U.S.C. § 3101 et seq.), and other tax returns, claims for refunds, requests for extension of time, petitions regarding tax matters, and any other tax-related documents, including receipts, offers, waivers, consents, including consents and agreements under § 2032A of the Code, closing agreements, and any power of attorney required by the Internal Revenue Service or other taxing authority with respect to a tax year upon which the statute of limitations has not run and the following 25 tax years;

2. To pay taxes due, collect refunds, post bonds, receive confidential information, and contest deficiencies determined by the Internal Revenue Service or other taxing authority;

3. To exercise any election available to the Principal under federal, state, local, or foreign tax law; and

4. To act for the Principal in all tax matters for all periods before the Internal Revenue Service, or other taxing authority.

# WRITTEN CONSENT
# OF THE MANAGER
# OF BABCOCK AND BROWN PARALLEL MEMBER LLC
# IN LIEU OF A MEETING

The undersigned, being the manager of BABCOCK AND BROWN PARALLEL MEMBER LLC, a Delaware limited liability company (the **"Company"**), acting by written consent without a meeting pursuant to Section 18-404 of the Delaware Limited Liability Company Act, does hereby consent to the adoption of the following resolutions:

**WHEREAS**, F. Jan Blaustein Scholes (**"Scholes"**) is the Manager of the Company; and

**WHEREAS**, F. Jan Blaustein Scholes is over the age of eighteen and is of sound mind and is not under a conservatorship or guardianship in the State of Arizona; and

**WHEREAS**, F. Jan Blaustein Scholes resides in the State of Arizona and is executing this document in the State of Arizona.

**NOW THEREFORE LET IT BE:**

**RESOLVED**, that a Durable Power of Attorney be executed authorizing Lolonyon Akouete and Denise Edwards to undertake the actions specified therein;

**RESOLVED**, that the Bill of Sale executed on November 21, 2022, be amended as follows:

(i)    The Title of the Document shall be amended to delete "Bill of Sale" and substitute "Transfer of Manager Role";

(ii)   The WHEREAS clause shall be amended to delete the word "sell" and "transfer her Manager role of Westborough SPE LLC" shall be substituted therefore. In addition, "Buyer desires to buy" shall be deleted and the following substituted therefore "Subsequent Manager desires to assume the Role as Manager(s) of Westborough SPE LLC". In addition "and all assets thereof" shall be deleted.

(iii)  Paragraph 1 shall be deleted in its entirety and "The consideration paid heretofore for a change in Manager is $100.00 which was tendered by Money Order to Scholes".

(iv)   Paragraphs 1(a)-(b) shall be deleted in their entirety.

(v)    Paragraph 2 shall be deleted in its entirety and F. Jan Blaustein Scholes is not under a conservatorship/guardianship in the State of Arizona where she currently resides and is of sound legal mind, and understands the consequences of this Agreement to Transfer Manager Role".

(vi)   Paragraph 3 shall be deleted in its entirety and the following substituted therefore "Westborough SPE LLC has an outstanding debt owed to the Town of Westborough for unpaid obligations which as of May 2023 equated to approximately $920,000.00. In addition, there are unclaimed funds in the State of California of approximately $1,200,000.00 belonging to Westborough SPE LLC. Akouete and Edwards have become Managers of Westborough SPE LLC and that

is hereby ratified and confirmed. Akouete and Edwards are authorized to take whatever actions necessary to recover and protect the property located at Turnpike Road, Westborough, Massachusetts and recover the unclaimed funds in the State of California."

(vii)   Paragraph 5 shall be deleted and the following substituted therefore "This Agreement shall be governed by the laws of the State of Arizona as to contract formation and capacity and the State of Delaware as to limited liability company actions".

(viii)   Paragraph 6 shall remain and is hereby ratified and confirmed and Westborough SPE LLC was lawfully reinstated in both Delaware and Massachusetts.

(ix)   Paragraph 8 shall be added, "If any provision of this Agreement shall to any extent be held void or unenforceable (as to duration, scope, activity, subject or otherwise) by a court of competent jurisdiction, such provision shall be deemed to be modified so as to constitute a provision conforming as nearly as possible to the original provision while still remaining valid and enforceable. In such event, the remainder of this Agreement (or the application of such provision to persons or circumstances other than those in respect of which it is deemed to be void or unenforceable) shall not be affected thereby. Each other provision of this Agreement, unless specifically conditioned upon the voided aspect of such provision, shall remain valid and enforceable to the fullest extent permitted by law; any other provisions of this Agreement that are specifically conditioned on the voided aspect of such invalid provision shall also be deemed to be modified so as to constitute a provision conforming as nearly as possible to the original provision while still remaining valid and enforceable to the fullest extent permitted by law."

(x)   Paragraph 9 shall be added "Time shall be of the essence as to each term hereof."

(xi)   Paragraph 10 shall be added "Each party recognizes that this Agreement is a legally binding contract and acknowledges that it, he or she has had the opportunity to consult with legal counsel of choice. In any construction of the terms of this Agreement, the same shall not be construed against either party on the basis of that party being the drafter of such terms."

(xii)   Paragraph 11 shall be added "Scholes has engaged an attorney licensed in the State of Arizona to represent her interests with respect to this Agreement and the attorney has reviewed the document and consents to its signing."

**RESOLVED**, that the manager be, and each of them individually hereby is, authorized and directed to do and perform or cause to be done and performed all such acts, deeds, and things, and to make, execute, and deliver, or cause to be made, executed, and delivered, all such agreements, undertakings, documents, instruments, or certificates in the name of the Company and to retain such counsel, agents, and advisors and to incur and pay such expenses, fees, and taxes as shall, in the opinion of the manager of the Company executing the same, be deemed necessary or advisable (such necessity or advisability to be conclusively evidenced by the execution thereof) to effectuate or carry out fully the purpose and interest of all of the foregoing resolutions; and that any and all such actions heretofore or hereafter taken by the manager

relating to and within the terms of these resolutions be, and they hereby are, adopted, affirmed, approved, and ratified in all respects as the act and deed of the Company; and

**RESOLVED**, that an executed copy of this Written Consent shall be filed with the minutes of the proceedings of the managers.

**IN WITNESS WHEREOF**, the undersigned manager has duly executed this Written Consent as of June 2̶3̶ , 2023 as an instrument under seal.

Signature: _____     Date: 2/42/28 _____

F. Jan Blaustein Scholes, Manager

I, _____ , swear that I am not related to the Principal by blood, marriage, or adoption; and that I am not entitled to any portion of the estate of the Principal under the Principal's current will or codicil, or under any current trust instrument of the Principal.

State of Arizona

COUNTY OF ___Arizona_____

This Durable **Power** of **Attorney** was signed by the Principal, witnessed by the person aforesaid, and acknowledged before me, the Subscriber, a Notary Public, as the free act and deed of the Principal this __2 6__ day of June, 2023.

_____
Notary Public

My Commission Expires: __02-28-2027__ (seal)

BILLIE J WAHL
Notary Public - Arizona
Maricopa County
Commission # 642362
My Comm. Expires Feb 28, 2027

3

# Exhibit 3
Westborough SPE LLC Operating Agreement

# WESTBOROUGH SPE LLC

# LIMITED LIABILITY COMPANY AGREEMENT

October 22, 1997

GS2- 136229-1

LIMITED LIABILITY COMPANY AGREEMENT

# TABLE OF CONTENTS

| | |
|---|---|
| RECITALS | 1 |
| FORMATION, MANAGEMENT, PURPOSES, NAME | 1 |
| CAPITAL CONTRIBUTIONS; CAPITAL ACCOUNTS; AND LIABILITY OF MEMBERS | 6 |
| RETURN OF CONTRIBUTIONS | 7 |
| SHARE OF DISTRIBUTIONS, PROFITS, LOSSES AND OTHER ITEMS | 7 |
| SUBSTITUTION AND ASSIGNMENT OF A MEMBER'S INTEREST | 9 |
| BOOKS AND RECORDS; BANK ACCOUNTS | 9 |
| OTHER BUSINESS | 10 |
| DISSOLUTION AND CONTINUATION OF THE COMPANY | 10 |
| MISCELLANEOUS | 11 |

GS2- 1362291

# WESTBOROUGH SPE LLC

# LIMITED LIABILITY COMPANY AGREEMENT

This Limited Liability Company Agreement (the "Agreement"), dated as of the 22nd day of October, 1997, is by and between MIGNONETTE INVESTMENTS LIMITED, a British Virgin Islands entity organized under the BVI International Business Companies Act (the "Member"), and BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC., a Delaware corporation, as the Manager.

## R E C I T A L S:

A.    The Member formed a limited liability company (the "Company") pursuant to and in accordance with the Delaware Limited Liability Company Act (the "LLC Act") by the filing on the date hereof of a Certificate of Formation with the Secretary of State of the State of Delaware for the purposes described therein and herein.

B.    The Member and Babcock & Brown Administrative Services, Inc. desire to enter into this Agreement to provide for, among other things, the management of the business and affairs of the Company, the distribution of monies and allocation of profits and losses as to the Member, and the respective rights, interests, obligations and duties of the Member and of the Manager to each other and to the Company and its assets, business, liabilities and obligations.

NOW, THEREFORE, in consideration of the mutual covenants herein expressed, the parties hereto hereby agree as follows:

## OPERATING AGREEMENT

1.    Formation, Management, Purposes, Name

(a)    The rights and liabilities of the parties hereto shall be determined pursuant to the LLC Act and this Agreement.  To the extent that the rights or obligations of the parties are different by reason of any provision of this Agreement than they would be in the absence of any such provision, or even if this Agreement is inconsistent with the LLC Act, this Agreement shall control, except to the extent the LLC Act provides that the applicable provisions thereof as to any

such matter may not be modified by a limited liability company's members, or as provided in this Agreement, in which event the provisions hereof shall be applicable to the extent allowed by the LLC Act.

The name of the Member and its address are set forth on Schedule A attached hereto. If any additional Members and/or substitute Members are hereinafter added as Members in the Company their names and respective addresses shall be added by amendment of said Schedule A.

The registered office and the registered agent of the Company in the State of Delaware shall be as set forth in the Certificate, as such office and agent may be changed, and as the Certificate may, as a consequence thereof, be amended from time to time by the Manager.

(b)     The name of the limited liability company formed hereby is Westborough SPE LLC. The business of the Company may be conducted under that name or, upon compliance with applicable laws, any other name that the Manager deems appropriate or advisable. The Manager shall file, or shall cause to be filed, the Certificate of Formation and any fictitious name certificates, foreign state registrations and similar filings, and any amendments to any thereof, that the Manager considers necessary, appropriate or advisable, including, without limitation, an Application for Registration as a foreign limited liability company in the Commonwealth of Massachusetts.

(c)     The Company is formed for the sole purpose of, and the nature of the sole business to be conducted by the Company is, to acquire, own, construct, lease, operate, maintain and, consistent with its investment purposes, to sell, exchange, convey and otherwise transfer, and otherwise to deal with, in any manner deemed desirable, the real property generally described in Schedule C attached hereto, and any other real property and any personal property, tangible or intangible, appurtenant to any thereof or hereafter acquired as necessary or convenient in connection with such real property, and to own interests in and be a member and/or manager, partner, general or limited, venturer, stockholder or other holder of interests in any entity holding direct or indirect interests in any such assets or engaged in any such activity, and in connection with all of the above, the Company may engage in any lawful act or activity for which limited liability companies may be formed under the LLC Act and in any and all activities necessary, advisable, convenient or incidental thereto. The purposes of the Company may not be broadened without the unanimous consent of all the Members and the Manager, nor may it be broadened if such would violate or cause a default under any agreement to which the Company is a party or by which it is bound.

In furtherance of the conduct of the purposes described above, the Company shall have the power and authority to do any and all lawful acts or business or actions which an Company may take under the LLC Act and, except as limited by the LLC Act, any activities, business or actions which a business corporation or a limited partnership would be entitled to engage in or take pursuant to the applicable laws of the State of Delaware, or under other applicable law, so long as such powers are necessary or convenient to the conduct, promotion or attainment of the business, trade, purposes or activities of the Company.

(d)   Babcock & Brown Administrative Services Inc. is hereby designated as the Manager of the Company.  One or more Managers may be designated and the number of Managers may be determined at any time by "Consent of the Members"; provided, however, that any such Consent providing for the Company to have more than one Manager shall only be made by amendment of this Agreement and shall also indicate those circumstances in which each Manager will be authorized to act alone and those circumstances in which more than one or all of the Managers will be required to act on behalf of the Company.  A Manager may be removed by Consent of the Members at any time and for any reason or for no reason.

(e)   Except as otherwise specifically provided in this Section 1 and in Section 8 of this Agreement:  (i) the overall management and control of the business and affairs of the Company, and the sole and exclusive authority to make all decisions and take all actions as to the business and affairs of the Company, shall be vested in the Manager, who shall have the sole power and authority to make any decision and to take any action and to exercise any power on behalf of the Company which the Company has the right, power and authority to take or otherwise engage in; and (ii) the Members shall have no voting rights, consent or approval over or as to any such matters.

Notwithstanding the above, the Manager may not file, on behalf of the Company, a petition in bankruptcy or for reorganization or insolvency or any other similar matter without the unanimous consent of the Members.

The Manager shall devote, and shall cause its members, partners, officers, directors and employees, if any, to devote such time to the affairs of the Company as such Manager, in its sole discretion, determines is necessary for performance by the Manager of its duties, provided no such persons shall be required to devote full time to such affairs.  The Manager shall have the right and power to manage, operate, and control the Company, and to do all things and take

"Consent of the Members" shall mean action of the holders of more than two-thirds of the Percentage Interests of all the Members, as such Percentage Interests are initially set forth on Schedule A hereto and as such Percentage Interests may be changed pursuant to the other provisions of this Agreement.

No Manager may resign or retire from, abandon or otherwise terminate its status as a Manager without the Consent of the Members.

(f)     No Member, acting in its capacity as a Member (but nothing herein limiting any Member's capacity as a Manager if a Member is also a Manager), shall have any authority, power or privilege to act on behalf of or to bind the Company.

(g)     The signature of the Manager or, if more than one Manager any time, of any Manager on any agreement, contract, instrument or other document shall be sufficient to bind the Company and any other Manager in respect thereof, shall be deemed the action of the Company and of any other Manager, and shall conclusively evidence the authority of such executing Manager and the Company with respect thereto, and no third party need look to any other evidence or require joinder or consent of any other party to bind the Company or to evidence such Manager's authority.

Without in any way amending, modifying, expanding or limiting the foregoing provisions of this paragraph (g), an individual or individuals may be authorized in writing by the Manager to execute any documents to be filed with the Secretary of State of the Commonwealth of Massachusetts and/or authorized to execute, acknowledge, deliver and record any recordable instruments on behalf of the Company purporting to effect an interest in real property, whether to be recorded with the registry of deeds or district office of the Land Court, and in the event of any such authorization the Application for Registration for the Company in the Commonwealth of Massachusetts shall include or, as appropriate, be amended to set forth such authorization.

Any Manager may, from time to time, by an instrument in writing, delegate all or any of its powers or duties hereunder to another Manager, if any, or to an officer, manager, member, or partner of any other Manager or to any Member or any other person or entity. Such writing may fully authorize such other Manager or such other person or entity, acting alone or with others, all as

-4-

may be provided in such written delegation, without requirement of any other act, of the delegating Manager to take any action of any type and to do anything and everything which the delegating Manager may be authorized to take or do hereunder (including, without limitation, executing checks, drafts, promissory notes, mortgages, deeds of trust, leases, deeds, easements, and contracts of any nature whatsoever) and may delegate such authority generally or as to any specified matter or specific terms, all as may be provided in writing by any such Manager. Any documents or other instruments executed by any person or entity to whom any such delegation has been made shall be binding upon and enforceable against the Company, and shall be the valid act and deed of the Company, if executed by such delegee, and any third party shall be fully protected in relying upon the authority of any such delegee pursuant to a written delegation by the (or a) Manager.

(h)     The Manager shall be entitled to reimbursement from the Company for all expenses incurred by such Manager in managing and conducting the business and affairs of the Company. The Manager shall determine which expenses, if any, are allocable to the Company in a manner which is fair and reasonable to the Manager(s) and the Company, and if such allocation is made in good faith it shall be conclusive in the absence of manifest error.

(i)     Any Manager, or the sole Manager if there is only one, may cause the Company to enter into one or more loans, agreements, leases, contracts or other arrangements for the furnishing to or by the Company of money, goods, services or space with any Member, Manager or an affiliate thereof, and may pay compensation thereunder for such goods, services or space, provided in each case the terms of any such arrangements are at least as advantageous to the Company as those which would be available to the Company under similar arrangements between unrelated parties, and if the determination of such terms is made in good faith it shall be conclusive in the absence of manifest error.

(j)     In the performance of its duties and obligations hereunder, and in the exercise of its powers hereunder, the Manager shall act in good faith. The Company shall indemnify, defend and hold harmless the Manager, each Member, any person appointed to act for or on behalf of the Company pursuant to Section 1(g), and each such person's officers, directors, partners, members, shareholders, employees, and agents, and the employees, officers and agents of the Company (all indemnified persons being referred to as "Indemnified Persons" for purposes of this Section 1(j)), from any liability, loss, or damage incurred by an Indemnified Person by reason of any act performed or omitted to be performed by such Indemnified Person in connection with the business of the Company, and

from liabilities or obligations of the Company imposed on such person by virtue of such person's position with or relationship to the Company, including reasonable attorneys' fees and costs and any amounts expended in the settlement of any such claims of liability, loss, or damage; provided, however, that, if the liability, loss, damage, or claim arises out of any action or inaction of an Indemnified Person, indemnification under this Section 1(j) shall be available only if (i) the Indemnified Person, at the time of such action or inaction, determined, in good faith, that its course of conduct was consistent with this Agreement or otherwise in the best interests of the Company, and (ii) the action or inaction did not constitute fraud, gross negligence or willful misconduct by the Indemnified Person. Any indemnification under this Section 1(j) shall be recoverable only from the assets of the Company and not from any assets of any of the Members.

2. <u>Capital Contributions; Capital Accounts; and Liability of Members</u>.

(a) The Member has contributed in cash to the capital of the Company the amount set forth opposite such Member's name on Schedule B hereto.

Additional capital contributions may be made (but are not required to be made) by the Member, or any of them if more than one, if necessary or desirable to enable the Company to meet its obligations.

Any third party may rely on a certificate or other statement from the Manager as to Member or Members of the Company and the respective Percentage Interests of the Members at any time. All capital contributions by the Member(s) shall be reflected on the books and records of the Company.

Upon approval of the Manager, any Member may make a loan or loans to the Company on such terms as the Manager may determine. No such loan shall be considered a contribution to the capital of the Company.

(b) No Member shall be obligated to contribute any additional capital or make any loans to the Company. No interest or preferred return shall accrue on any contributions to the capital of the Company. No Member shall have any rights or priority over any other Members as to contributions or as to distributions or compensation by way of income, except as may otherwise be specifically provided for elsewhere in this Agreement.

(c) If there is more than one Member at any time and the Company has not elected to be taxed as a corporation under the Internal Revenue Code, a separate capital account ("Capital Account") shall be established for each Member,

and shall be maintained in accordance with applicable regulations under the Internal Revenue Code. Consistent with such regulations, there shall be credited to each Member's Capital Account the amount of any contribution of capital made by such Member to the Company, and such Member's share of the net profits, and items thereof, of the Company, and there shall be charged against each Member's Capital Account the amount of all distributions to such Members, and such Member's share of the net losses, and items thereof, of the Company.

(d)     The liability of any Member for the losses, debts and obligations of the Company shall be limited to its capital contributions then made but not then previously repaid to or withdrawn by them in accordance with the terms of this Agreement. No Member, in its capacity as a Member or as Manager, shall have any liability to restore any negative balance in its Capital Account. In no event shall any Member, in its capacity as a Member, nor any Manager, whether or not also a Member, be personally liable for any judgments, debts, liabilities or obligations of the Company.

(e)     The Member(s), unanimously if more than one, shall have the right at any time to require the Manager to elect to treat the Company as a corporation under the Internal Revenue Code.

3.     <u>Return of Contributions</u>.  No Member shall have the right to withdraw or to be repaid any capital contributed by it or to receive any property or other payment in respect of its interest in the Company, including, without limitation, as a result of the withdrawal or resignation of such Member from the Company, except as specifically provided in this Agreement.

4.     <u>Share of Distributions, Profits, Losses and Other Items</u>.

(a)     All cash available for distribution shall be distributed to the Member, or among the Members if there is more than one Member, first to return any unrepaid capital contributions, pro-rata among the Members with such amounts in proportion to each respective Member's unrepaid capital contribution, and then among the Members according to their respective Percentage Interests. Distributions to the Members shall be made at such times and in such amounts as shall be reasonably determined by the Manager. Except as provided in the next paragraph, all distributions to Members shall be made in cash.

If the Manager elects, with the Consent of the Members, to distribute any assets of the Company in kind, such assets shall be distributed on the basis of

their fair market value as determined by the Manager, and if the determination of such fair market value is made in good faith, it shall be conclusive in the absence of manifest error.

(b)    If and so long as the Company is taxed as a partnership, allocations of income, profit, gain and loss, shall be made as follows:  (i) items of net income and gain shall be allocated among the Members in the manner necessary to increase each Member's Capital Account to an amount equal to the amount of cash such Member would be entitled to receive pursuant to Section 4(a) if an amount of cash equal to the net positive Capital Account balances (after such allocation) were distributed to the Members in the order and priority specified in Section 4(a), and (ii) items of net loss and deduction shall be allocated among the Members in the manner necessary to reduce each Member's Capital Account to an amount equal to the amount of cash such Member would be entitled to receive pursuant to Section 4(a) if an amount of cash equal to the net positive Capital Account balances (after such allocation) were distributed to the Members in the order and priority specified in Section 4(a).

Notwithstanding the foregoing, all allocations of items that cannot have economic effect (except "partner nonrecourse deductions") shall be allocated to the Members in accordance with the Members' interests in the Company, which, unless otherwise required by Code Section 704(b) and the Regulations promulgated thereunder, shall be in proportion to the Percentage Interests of the Members, and all "partner nonrecourse deductions" and "partner minimum gain" shall be allocated in accordance with the provisions of Treasury Regulations Section 1.704-2.

All items of depreciation, gain, loss, deduction or credit shall be determined in accordance with the Code and, except to the extent otherwise required by the Code, shall be allocated to and among the Members in the same percentages in which the Members share in net profits and net losses.

(c)    Except as otherwise specifically provided herein, all tax elections shall be made by the Manager as it shall deem appropriate.

5.    <u>Substitution and Assignment of a Member's Interest</u>.  A Member may sell, assign, give, pledge, hypothecate, encumber or otherwise transfer (including, without limitation, any assignment or transfer by operation of law or by order of court) all or any part of such Member's interest in the Company, without the consent or approval of any other Member or of the Manager.

GS2- 136229-1

(a)     The Manager shall keep or cause to be kept complete and accurate books and records of the Company using such method as the Manager may elect. Such books and records shall be maintained and be available, in addition to any documents and information required to be furnished to the Members under the LLC Act, at an office of the Company for examination and copying by any Member, or its duly authorized representative, at its reasonable request and at its expense during ordinary business hours.  Any Member may, at any time, at its own expense, cause an audit or review of the Company books to be made by a certified public accountant of its own selection.

A current list of the full name and last known address of each Member and of the Manager, a copy of this Agreement, any amendments thereto and the Certificate of Formation, executed copies of all powers of attorney, if any, pursuant to which this Agreement, any amendment, or the Certificate of Formation has been executed, copies of the Company's financial statements and federal, state and local income tax returns and reports, if any, for the five most recent years, shall be maintained at the registered office of the Company required by the LLC Act.

If the Company is taxed as a partnership, then on or before the due date (including extensions) of the federal income tax return of the Company for each fiscal year of the Company, the Manager shall cause each Member to be furnished with copies of the Company's federal income tax return and Schedule K-1's for each respective Member for the fiscal year then ended.

If the Company is taxed as a corporation, the Manager shall timely (including extensions) file all requisite federal, state and local tax returns.

(b)     Bank accounts and/or other accounts of the Company shall be maintained in such banking and/or other financial institution(s) as shall be selected by the Manager, and withdrawals shall be made and other activity conducted on such signature or signatures as shall be designated by the Manager.

(c)     The fiscal year of the Company shall end on December 31 of each year.

7.     Other Business.  The Members, the Manager and any affiliates of any of them may engage in and possess interests in other business ventures and

investment opportunities of every kind and description, independently or with others, including serving as managers and general partners of other limited liability companies and partnerships with purposes similar to those of, and/or in competition with, the Company. Neither the Company nor any other Member or Manager shall have any rights in or to such ventures or opportunities or the income or profits therefrom.

    8.    <u>Dissolution and Continuation of the Company</u>.

    (a)    The Company shall be dissolved and its affairs wound up upon:

    (i) The election, made in writing by the Manager, with the Consent of the Members, to dissolve the Company at any time which is 90 days or more after notice of such election to all Members;

    (ii) The sale, disposition or abandonment of all or substantially all of the assets of the Company; or

    (iii) The entry of a decree of judicial dissolution under the LLC Act.

    The Company shall have no specific date of dissolution.

    (b)    Upon the dissolution of the Company for any reason, the Manager shall commence to wind up the affairs of the Company and to liquidate its assets. After the sale or other disposition of all of the assets of the Company to be disposed of in the liquidation, and gains and losses thereon shall be calculated. If the Company is taxed as a partnership, such gains and losses shall be allocated in the manner described in Section 4 hereof, and applied to the Capital Accounts of each Member to whom the allocations are made pursuant to the other provisions hereof.

    (c)    Following the payment of all debts and liabilities of the Company to persons other than the Members and the payment of all expenses of liquidation, and subject to the reserves which the Manager, or other liquidating party, may determine is reasonably necessary for any contingent or unforeseen liabilities or obligations of the Company, the proceeds of the liquidation and any other funds shall be applied to the payment of any debts and liabilities to the Members, if any, and then shall be distributed to the Member(s) (i) in accordance with Section 4(a)

if the Company is taxed as a corporation, and (ii) in accordance with each Member's respective Capital Account(s) as of the date of such distribution, after giving effect to all contributions, distributions, and allocations for all periods, if the Company is taxed as a partnership.

(d)     The assets of the Company shall be a Member's source of all distributions with respect to the Company, the return of its capital contributions thereto and its share of profits and losses thereof, and each such Member shall have no recourse therefor (upon dissolution or otherwise) against any other Members.

(e)     Upon the completion of the liquidation of the Company and the distribution of all Company's funds, the Company shall terminate, and the Manager shall, or if none, the Members may authorize one or more Members to, execute and record such articles of dissolution for the Company and any and all other documents necessary to effectuate the dissolution and termination of the Company.

9.     Miscellaneous.

(a)     Subject to the restrictions on transfers set forth herein, the terms of this Agreement shall be binding upon and shall inure to the benefit of the Members and the Manager, their respective permitted successors, successors-in-title, heirs and assigns; and each and every successor-in-interest to any Member, whether such successor acquires such interest by way of inheritance, gift, purchase, foreclosure or any other method, and the Members shall hold such interest subject to all of the terms and provisions of this Agreement.  None of the provisions of this Agreement shall be for the benefit of or enforceable by any creditor of any Member (including any Member acting in his capacity as a creditor of the Company).

(b)     No change, modification or amendment of this Agreement shall be valid or binding unless such change, modification or amendment shall be in writing and duly executed by all of the Members and, if (but only if) such affects the rights or obligations of the Manager, executed by the Manager.

(c)     This Agreement and the rights and obligations of the parties hereunder shall be governed by and interpreted and enforced in accordance with the laws of the State of Delaware, notwithstanding any choice of law rules to the contrary.

(d)     This Agreement may be executed in any number of counterparts, all of which together shall for all purposes constitute one Agreement, binding on all the Members and the Manager notwithstanding that all Members and the Manager have not signed the same counterpart.

(e)     Any and all notices under this Agreement shall be effective (i) on the fourth business day after being sent by registered or certified mail, return receipt requested, postage prepaid, or (ii) on the second business day after being sent by express mail, telecopy, or commercial expedited delivery service providing a receipt for delivery.  All such notices in order to be effective shall be addressed, if to the Company at its registered office under the LLC Act, if to a Member at the last address of record on the Company books, and copies of such notices shall also be sent to the last address for the recipient which is known to the sender, if different from the address so specified.

(f)     As used herein, the singular shall include the plural and the masculine gender shall include the feminine and neuter, and vice versa, unless the context otherwise requires.  The word "person shall mean a natural person, a trust of any nature, or any incorporated or unincorporated entity or association of any type or form.

(g)     If any provisions of this Agreement, or the application of such provision to any person or circumstance, shall be held invalid, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those to which it si held invalid, shall not be affected hereby.

(h)     Words such as "herein", "hereinafter", "hereof", "hereto", "hereby", and "hereunder", when used in reference to the Agreement, refer to this Agreement as a whole, unless the context otherwise requires.

(i)     This Agreement, including the Certificate of Formation, which is hereby incorporated herein, embodies the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings relating to such subject matter.

IN WITNESS WHEREOF, the Members have executed this Limited Liability Company Agreement of Westborough SPE LLC as of the date first above written.

MEMBER:

MIGNONETTE INVESTMENTS LIMITED

By: _____
     Authorized Signatory

MANAGER:

BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC.

By: _____
    Its _____

IN WITNESS WHEREOF, the Members have executed this Limited Liability Company Agreement of Westborough SPE LLC as of the date first above written.

MEMBER:

MIGNONETTE INVESTMENTS LIMITED

By: _____

Authorized Signatory

For F.M.C. LIMITED
CORPORATE DIRECTORS

MANAGER:

BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC.

By: _____

Its _____

SCHEDULE A
TO
LIMITED LIABILITY COMPANY AGREEMENT
OF
WESTBOROUGH SPE LLC

<u>MEMBER</u>

| NAME AND ADDRESSES<br>OF MEMBER | PERCENTAGE INTEREST |
|---|---|
| Mignonette Investments Limited | 100% |

SCHEDULE B
TO
LIMITED LIABILITY COMPANY AGREEMENT
OF
WESTBOROUGH SPE LLC

<u>MEMBER</u>

| <u>MEMBER</u> | INITIAL CASH CAPITAL <u>CONTRIBUTION</u> |
|---|---|
| Mignonette Investments Limited | $10,000 |

GS2- 1362291

SCHEDULE C
TO
LIMITED LIABILITY COMPANY AGREEMENT
OF
WESTBOROUGH SPE LLC


PROPERTY DESCRIPTION

GS2- 1362291

# Exhibit 4
Certificate of Revival and Good Standing



# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF REVIVAL OF "WESTBOROUGH SPE LLC",
FILED IN THIS OFFICE ON THE TWENTY-SECOND DAY OF NOVEMBER, A.D.
2022, AT 5 O`CLOCK P.M.



Jeffrey W. Bullock, Secretary of State

2811561  8100
SR# 20224086804

Authentication: 204937171
Date: 11-26-22

You may verify this certificate online at corp.delaware.gov/authver.shtml

# STATE OF DELAWARE
## CERTIFICATE OF REVIVAL OF
## A DELAWARE LIMITED LIABILITY COMPANY
## PURSUANT TO TITLE 6, SEC. 18-1109

1. Name of the Limited Liability Company  WESTBOROUGH SPE LLC

2. Date of the original filing with the Delaware Secretary of State:

    10/22/1997

3. The name and address of the Registered Agent is

    THE INCORPORATORS LTD.
    300 CREEK VIEW ROAD, SUITE 209
    NEWARK, DE 19711

4. (Insert any other matters the members determine to include herein).

5. This Certificate of Revival is being filed by one or more persons authorized to Execute and file the Certificate of Revival.

In witness whereof, the above name Limited Liability Company does hereby certify that the Limited Liability Company is paying all annual Taxes, penalties and interest due to the State of Delaware.

BY: _____

Authorized Person

Name: Denise Edwards

Print or Type

State of Delaware
Secretary of State
Division of Corporations
Delivered  05:00 PM 11/22/2022
FILED  05:00 PM 11/22/2022
SR 20224086804 - File Number 2811561

# Delaware

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "WESTBOROUGH SPE LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-EIGHTH DAY OF NOVEMBER, A.D. 2022.

Jeffrey W. Bullock, Secretary of State

2811561  8300

SR# 20224104318

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 204939237

Date: 11-28-22

**William Francis Galvin**
**Secretary of the**
**Commonwealth**

## The Commonwealth of Massachusetts

### Secretary of the Commonwealth

#### State House, Boston, Massachusetts 02133

December 15, 2022

TO WHOM IT MAY CONCERN:

I hereby certify that a certificate of registration of a Foreign Limited Liability Company was filed in this office by

**WESTBOROUGH SPE LLC**

in accordance with the provisions of Massachusetts General Laws Chapter 156C on **December 12, 2022**.

I further certify that said Limited Liability Company has filed all annual reports due and paid all fees with respect to such reports; that said Limited Liability Company has not filed a certificate of cancellation or withdrawal; that there are no proceedings presently pending under the Massachusetts General Laws Chapter 156C, § 72 for revocation of said Limited Liability Company's authority to transact business in the Commonwealth; and that said Limited Liability Company is in good standing with this office.

I also certify that the names of all managers listed in the most recent filing are: **DENISE EDWARDS, LOLONYON AKOUETE**

I further certify that the name of persons authorized to act with respect to real property instruments listed in the most recent filings are: **DENISE EDWARDS, LOLONYON AKOUETE**



In testimony of which,

I have hereunto affixed the

Great Seal of the Commonwealth

on the date first above written.

*William Francis Galvin*

Secretary of the Commonwealth

Processed By:NGM

# Exhibit 5
Claim Affirmation Form - Claim ID 21014485

| | |
|---|---|
| *Initiated Date:* | 06/09/2023 |
| *Source:* | WEB |
| *Relationship:* | Business |
| *Printed Date:* | 06/09/2023 |

OFFICIAL USE ONLY

*Claim ID:* **21014485**

## Claim Affirmation Form (continued)

### Section B - Required Documentation

Please see the attached "Documentation Required for Business Owner Claims"

### Section C - Claimant Information

Each of the undersigned claimants certifies, under penalty of perjury, that the claimant has read the claim and knows the contents thereof and that the claimant is the owner of said claim and the person entitled to receive the money and property set forth in said claim.

Each claimant agrees to indemnify and hold harmless the State, its officers, and employees from any loss resulting from the payment of said claim.

**EACH CLAIMANT MUST SIGN THIS AFFIRMATION OR THE CLAIM WILL BE RETURNED.**

For claims filed for a business, the authorized owner's signature is required. For claims filed for an estate or trust, the signature of the executor, administrator or trustee is required.

### Claimant Information

| CURRENT LEGAL LAST NAME OR BUSINESS NAME | CURRENT LEGAL FIRST NAME | MIDDLE | SSN OR FEDERAL TAX ID |
|---|---|---|---|
| WESTBOROUGH SPE LLC | | | 94-3286768 |
| CURRENT MAILING ADDRESS | CITY | STATE/PROVINCE / ZIP CODE | COUNTRY |
| 1241 Deer Park Ave, Suite 1 #1051 | NORTH BABYLON | NY / 11703 | |
| DRIVER LICENSE NUMBER | DATE OF BIRTH | EMAIL ADDRESS | |
| 186 170 972 | 10-08-1986 | LOLOACT2@GMAIL.COM | |
| DAYTIME PHONE | SIGNATURE | DATE | |
| (443) 447-3276 | | 06/29/2023 | |

### Additional Claimant Information (if Applicable)

| CURRENT LEGAL LAST NAME OR BUSINESS NAME | CURRENT LEGAL FIRST NAME | MIDDLE | SSN OR FEDERAL TAX ID |
|---|---|---|---|
| | | | |
| CURRENT MAILING ADDRESS | CITY | STATE/PROVINCE / ZIP CODE | COUNTRY |
| | | | |
| DRIVER LICENSE NUMBER | DATE OF BIRTH | EMAIL ADDRESS | |
| | | | |
| DAYTIME PHONE | SIGNATURE | DATE | |
| | | | |

### Section D - Affidavit Notarization

**(YOUR SIGNATURE(S) MUST BE NOTARIZED IF THE CLAIM AMOUNT IS $1,000 OR GREATER. ALL CLAIMS FOR SECURITIES OR SAFE DEPOSIT BOXES MUST BE NOTARIZED.)**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of _New York_ , County of _ULSTER_

Subscribed and sworn to (or affirmed) before me on this _29_ day of _June_ , 20_23_ by

_LOLONYON AKDETE_, proved to me on the basis of satisfactory evidence to

be the person(s) who appeared before me.

Signature _____ (seal)

JOEL VOZZO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01VO6213484
Qualified in Ulster County
Commission Expires _11/09/2025_

**PRIVACY NOTICE - ACT 1990**

The Information Practices Act of 1977 and the Federal Privacy Act require this Bureau to inform you that your Social Security number and other documents are requested for property identification and processing of your claim.

You have the right to view your records at this office by writing :
Division Chief, Unclaimed Property Division, P.O. Box 942850, Sacramento, CA 94250 - 5873.
Unclaimed Property Division
MAILING ADDRESS P.O. Box 942850, Sacramento, CA 94250-5873
10600 White Rock Road, Rancho Cordova, CA 95670
(800) 992-4647 (Nationwide) or (916) 323-2827 (Outside of US)

*Initiated Date:* 06/09/2023
*Source:* WEB
*Relationship:* Business
*Printed Date:* 06/09/2023



OFFICIAL USE ONLY



*Claim ID:* **21014485**

# MALIA M. COHEN
## California State Controller
### UNCLAIMED PROPERTY DIVISION
*Unclaimed Property Claim Affirmation Form*

**WESTBOROUGH SPE LLC**
**1241 DEER PARK AVE, SUITE 1 #1051**
**NORTH BABYLON, NY 11703**

This is to inform you that the property listed below may belong to you.

This property was turned over to the State Controller's Unclaimed Property Division, as required by law, for safekeeping until it can be claimed by the rightful owner or their heirs. California's unclaimed property law requires businesses to submit property, such as bank accounts, stocks, bonds, and the contents of safe deposit boxes, to the state if there has been no activity on the account, or the business has had no contact with the owner, generally for three years.

To claim this property, or the net proceeds of any sale of property as required by law, please complete Sections C and D of this form and return it with the required documentation to the address below. If you do not have all of the items required, please send as much information as possible to prove you are the owner of the property.

Once your signed Claim Affirmation Form and required documentation have been received, please allow up to 180 days for processing. For more information about this program including filing instructions, forms, or to inquire about your claim status, please visit the State Controller's website at www.claimit.ca.gov. Claimants may also contact the Unclaimed Property Division by phone at (800) 992-4647. International callers should call (916) 323-2827 for inquiries.

**PLEASE NOTE:** Properties recently transferred to the State Controller's Office may not appear on our website. If you have an outstanding debt with a California state agency, city or county, your unclaimed property payment may be intercepted to pay the debt.

| Section A - Property Owner Information | | |
|---|---|---|
| Owner(s) Name | Reported Owner Address | |
| WESTBOROUGH SPE LLC | 50 CALIFORNIA ST STE 3610, SAN FRANCISCO, CA 94111-0000 | |
| Type of Property | Reported By | Property ID Number |
| Checking Accounts | MUFG UNION BANK N A | 1019294209 |
| Cash Reported | Shares Reported | Name of Security Reported |
| ¤1,293,646.83 | | |

Unclaimed Property Division
MAILING ADDRESS P.O. Box 942850, Sacramento, CA 94250-5873
10600 White Rock Road, Rancho Cordova, CA 95670
(800) 992-4647 (Nationwide) or (916) 323-2827 (Outside of US)

Page 1 of 3



**Controller Malia M. Cohen**
California State Controller's office
Unclaimed Property Division

**BUSINESS CLAIM**
**FILING INSTRUCTIONS AND REQUESTED DOCUMENTATION**

**To claim property on behalf of a business, please provide the information requested in the business filing instructions found here:**

Filing Instructions for Business Claims

The link above provides detailed information on what documentation will be required in order to verify your ownership of the property. Having the same company name as that on an account does not establish ownership because companies can have the same name. To make sure our office is able to verify that you are the rightful owner, you must provide all the required documentation.

Although the Tax ID or FEIN (Federal Employer ID Number) is our primary means of identification, sometimes we cannot verify a claim based on the Tax ID or FEIN because it was not provided by the company when they transferred the property to us. In these cases, we will need additional documentation, as described in the filing instructions, to verify your claim. If you have these documents available, please submit them when you file your claim to ensure the processing of your claim is not delayed.

REV 1/2/2023

 **IRS** Department of the Treasury
Internal Revenue Service

OGDEN  UT  84201-0038



000424.285966.81865.21656 1 AB 0.491 693

WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703

000424

CUT OUT AND RETURN THE VOUCHER BELOW IF YOU HAVE AN INQUIRY OR A RESPONSE.
DO NOT USE IF YOU ARE MAKING A PAYMENT.

---

The IRS address must appear in the window.          Use for inquiries only
                                  0457217447              Letter Number: LTR0147C
      BODCD-                                              Letter Date  : 2022-12-
                                                          Tax Period   : 000000

                                                    *943286768*

                                           WESTBOROUGH SPE LLC
      INTERNAL REVENUE SERVICE               A DELAWARE LIMITED LIABILITY CO
                                            % F JAN BLAUSTEIN
      OGDEN  UT  84201-0038                 1241 DEER PARK AVE STE 1 NO 1051
                                            NORTH BABYLON  NY  11703

943286768 RW WEST 00 2 000000 670 00000000000

**IRS** Department of the Treasury
Internal Revenue Service

OGDEN  UT  84201-0038

In reply refer to:  0457217447
Dec. 23, 2022    LTR 147C    0
94-3286768    000000 00
                    00005433
              BODC: SB



WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703

000424

      Employer identification number:  94-3286768

Dear Taxpayer:

Thank you for your inquiry dated Dec. 14, 2022.

Your employer identification number (EIN) is 94-3286768. Please keep
this letter in your permanent records. Enter your name and EIN on all
federal business tax returns and on related correspondence.

You can get any of the forms or publications mentioned in this letter
by visiting our website at www.irs.gov/forms-pubs or by calling
800-TAX-FORM (800-829-3676).

If you have questions, you can call us at 800-829-0115.

If you prefer, you can write to us at the address at the top of the
first page of this letter.

When you write, include a copy of this letter, and provide your
telephone number and the hours we can reach you in the spaces below.

Telephone number (   )_____ Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.

```
                                                    0457217447
                              Dec. 23, 2022    LTR 147C    0
                              94-3286768    000000 00
                                                      00005434
```

WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703


                         Sincerely yours,


                         Dwayne Wilson
                         Department Manager, Accounts Mgmt.


Enclosures:
Copy of this letter



**IRS** Department of the Treasury
Internal Revenue Service

OGDEN   UT   84201-0038

In reply refer to:  0457217447
Dec. 23, 2022   LTR 147C   0
94-3286768   000000 00
                    00005433
BODC: SB

WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703

000424

          Employer identification number:  94-3286768

Dear Taxpayer:

Thank you for your inquiry dated Dec. 14, 2022.

Your employer identification number (EIN) is 94-3286768. Please keep
this letter in your permanent records. Enter your name and EIN on all
federal business tax returns and on related correspondence.

You can get any of the forms or publications mentioned in this letter
by visiting our website at www.irs.gov/forms-pubs or by calling
800-TAX-FORM (800-829-3676).

If you have questions, you can call us at 800-829-0115.

If you prefer, you can write to us at the address at the top of the
first page of this letter.

When you write, include a copy of this letter, and provide your
telephone number and the hours we can reach you in the spaces below.

Telephone number ( )_____ Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.

```
                                                  0457217447
                          Dec. 23, 2022   LTR 147C   0
                          94-3286768   000000 00
                                                  00005434
```

WESTBOROUGH SPE LLC
 A DELAWARE LIMITED LIABILITY CO
% F JAN BLAUSTEIN
1241 DEER PARK AVE STE 1 NO 1051
NORTH BABYLON  NY  11703


                          Sincerely yours,


                          Dwayne Wilson
                          Department Manager, Accounts Mgmt.


Enclosures:
Copy of this letter

# Exhibit 6

Documentation of Managerial Transition from BBAS Inc
to BBAS LLC to BBPM LLC



# Delaware

## The First State

Page 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF CONVERSION OF A DELAWARE CORPORATION UNDER THE NAME OF "BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC." TO A DELAWARE LIMITED LIABILITY COMPANY, CHANGING ITS NAME FROM "BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC." TO "BABCOCK & BROWN ADMINISTRATIVE SERVICES  LLC", FILED IN THIS OFFICE ON THE THIRD DAY OF JANUARY, A.D. 2000, AT 9 O`CLOCK A.M.



Jeffrey W. Bullock, Secretary of State

2811627 8100V
SR# 20232925381

Authentication: 203683809
Date: 07-05-23

You may verify this certificate online at corp.delaware.gov/authver.shtml

W891911

# State of Delaware - Division of Corporations

**FAX**

## DOCUMENT FILING SHEET

| Priority 1 (Two Hr. Service) | Priority 2 (Same Day) | Priority 3 (24 Hour) | Priority 4 (Must Approvals) | Priority 5 (Reg. Approvals) | Priority 6 (Reg. Work) |

DATE SUBMITTED  12-23-99  01-03-00

REQUESTOR NAME  CORPAMERICA INC.

ADDRESS  30 OLD RUDNICK LANE
DOVER, DE 19901

ATTN.  Rose

PHONE  302-736-4300

FILE DATE  12-23-99

FILE TIME  0900

NAME of COMPANY / ENTITY  Babcock & Brown Administrative Services LLC

SRV NUMBER  001001228

FILE NUMBER  2811627

FILER'S NUMBER  9168016

RESERVATION NO.

TYPE of DOCUMENT  Formation/Conversion

DOCUMENT CODE  17217

CHANGE of NAME _____   CHANGE of AGENT / OFFICE _____   CHANGE of STOCK _____

### CORPORATIONS

| | | |
|---|---|---|
| FRANCHISE TAX   YEAR _____ | $ _____ |
| FILING FEE TAX | $ _____ |
| RECEIVING & INDEXING | $ _____ |
| CERTIFIED COPIES   NO. 1 | $ _____ |
| SPECIAL SERVICES | $ _____ |
| KENT COUNTY RECORDER | $ _____ |
| NEW CASTLE COUNTY RECORDER | $ _____ |
| SUSSEX COUNTY RECORDER | $ _____ |
| TOTAL: | $ _____ |

### METHOD of RETURN

X  MESSENGER /PICKUP
____  FED. EXPRESS Acct.# _____
____  REGULAR MAIL
____  FAX No. _____
____  OTHER _____

### COMMENTS / FILING INSTRUCTIONS

Converting to Babcock & Brown Administrative Services, Inc.
✱ EFFECTIVE 10/31/99 ✱

### CREDIT CARD CHARGES

You have my authorization to charge my credit card for this service:

☐☐☐☐ - ☐☐☐☐ - ☐☐☐☐ - ☐☐☐☐      Exp. Date _____

Signature _____   Printed Name _____

XX  AGENT USE ONLY

### INSTRUCTIONS

1. Fully shade in the required Priority square using a dark pencil or marker, staying within the square.
2. Each request must be submitted as a separate item, with its own Filing sheet as the FIRST PAGE.

SODDFS3  03-06-95

*STATE OF DELAWARE*
*SECRETARY OF STATE*
*DIVISION OF CORPORATIONS*
*FILED 09:00 AM 01/03/2000*
*001001228 – 2811627*

# STATE OF DELAWARE

## CERTIFICATE OF CONVERSION

## FROM A CORPORATION TO A LIMITED LIABILITY COMPANY

## PURSUANT TO SECTION 266 OF THE

## DELAWARE GENERAL CORPORATION LAW

(1)     The name of the corporation immediately prior to filing this Certificate is **Babcock & Brown Administrative Services, Inc.**

(2)     The date the Certificate of Incorporation was filed on is October 23, 1997.

(3)     The original name of the corporation as set forth in the Certificate of Incorporation is Babcock & Brown Administrative Services, Inc.

(4)     The name of the limited liability company as set forth in the formation is **Babcock & Brown Administrative Services LLC**.

(5)     The conversion has been approved in accordance with the provisions of Section 266.

By: Jan Blaustein Scholes, Authorized Officer

Dated: December 31, 1999

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 01/03/2000
001001228 – 2811627

## CERTIFICATE OF FORMATION

### OF

### BABCOCK & BROWN ADMINISTRATIVE SERVICES LLC

This Certificate of Formation of Babcock & Brown Administrative Services LLC, a Delaware limited liability company (the "Company"), dated as of December 31, 1999, is being duly executed and filed by Babcock & Brown Inc., a California corporation, to form a limited liability company under the Delaware Limited Liability Company Act (6 Del.C. §18-101, et seq.) (the "Delaware Act").

FIRST:   The name of the limited liability company formed hereby is **Babcock & Brown Administrative Services LLC**.

SECOND:   The address of the registered office of the Company in the State of Delaware is c/o CorpAmerica, Inc., 30 Old Rudnick Lane, Dover, Delaware 19901.

THIRD:   The name and address of the registered agent for service of process on the Company in the State of Delaware is CorpAmerica, Inc., 30 Old Rudnick Lane, Dover, Delaware 19901.

IN WITNESS WHEREOF, the undersigned, an authorized person as described in the Delaware Act, has executed this Certificate of Formation as of the date first above written.

Authorized Person:

Babcock & Brown Inc.,
a California corporation

By: Yan Blaustein Scholes
Its:  Vice President



# Delaware

Page 1

The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"BABCOCK & BROWN ADMINISTRATIVE SERVICES  LLC", A DELAWARE LIMITED LIABILITY COMPANY,

WITH AND INTO "BABCOCK & BROWN PARALLEL MEMBER LLC" UNDER THE NAME OF "BABCOCK & BROWN PARALLEL MEMBER LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE ON THE TWENTY-NINTH DAY OF AUGUST, A.D. 2011, AT 2:33 O`CLOCK P.M.



Jeffrey W. Bullock, Secretary of State

2811627  8100M
SR# 20232925381

Authentication: 203683808
Date: 07-05-23

You may verify this certificate online at corp.delaware.gov/authver.shtml

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 02:33 PM 08/29/2011*
*FILED 02:33 PM 08/29/2011*
*SRV 110960806 – 4370415 FILE*

**DELAWARE**
**CERTIFICATE OF MERGER**
**OF**
**BABCOCK & BROWN ADMINISTRATIVE SERVICES LLC**
**WITH AND INTO**
**BABCOCK & BROWN PARALLEL MEMBER LLC**

August 28, 2011

Pursuant to Section 18-209 of the Delaware Limited Liability Company Act (the "DLLCA"), Babcock & Brown Parallel Member LLC, a Delaware limited liability company (the "Company"), in connection with the merger (the "Merger") of Babcock & Brown Administrative Services LLC, a Delaware limited liability company ("Target"), with and into the Company, hereby certifies as follows:

FIRST: The respective names and states of formation or incorporation of the constituent companies to the Merger are as follows:

| Name | State of Formation or Incorporation |
|------|-------------------------------------|
| Babcock & Brown Parallel Member LLC | Delaware |
| Babcock & Brown Administrative Services LLC | Delaware |

SECOND: An Agreement and Plan of Merger, dated as of August 29, 2011, between the Company and Target (the "Merger Agreement"), setting forth the terms and conditions of the Merger, has been approved, adopted, certified, executed and acknowledged by each of the Company and Target.

THIRD: The Company shall be the surviving limited liability company (the "Surviving Company") of the Merger. The name of the Surviving Company is "Babcock & Brown Parallel Member LLC".

FOURTH: The Merger shall become effective upon the filing of this Certificate of Merger with the Secretary of State of the State of Delaware.

FIFTH: An executed copy of the Merger Agreement is on file at the office of the Surviving Company located at 50 California Street, Suite 3610, San Francisco, California 94111. A copy of the Merger Agreement will be furnished by the Surviving Company, on request and without cost, to any member of the Surviving Company or any member of Target.

[Signature page follows.]

The undersigned is signing this Certificate of Merger as of the date first written above.

BABCOCK & BROWN PARALLEL MEMBER LLC

By: _____

Name:  Chaye Besherse
Title:    Secretary

*Signature page to Delaware Certificate of Merger*

# State of Delaware
## Certificate of Correction
## of a Limited Liability Company
## to be filed pursuant to Section 18-211(a)

1.  The name of the Limited Liability Company is:_____
    BABCOCK & BROWN PARALLEL MEMBER LLC                                .

2.  That a Certificate of _____CANCELLATION_____ was filed by the Secretary
    of State of Delaware on 15 March 2019 , and that said Certificate requires
    correction as permitted by Section 18-211 of the Limited Liability Company Act.

3.  The inaccuracy or defect of said Certificate is: (must give specific reason)

    > Due to a clerical error, the cancellation was filed
    > prematurely. The entity is the Manager of Westborough
    > SPE, LLC and there are still significant assets that
    > need to be liquidated.

4.  The Certificate is hereby corrected to read as follows:

    > The Certificate of Cancellation/Withdrawal is
    > rendered null and void.

**IN WITNESS WHEREOF**, the undersigned have executed this Certificate on
    the 23 _____ day of June _____ , A.D. 2023 .

                                        By: _F. Jan Blaustein Schol_____
                                                    Authorized Person

                                        Name: F Jan Blaustein Schol_____
                                                    Print or Type

State of Delaware
Secretary of State
Division of Corporations
Delivered  07:21 AM 06/30/2023
FILED  07:21 AM 06/30/2023
SR 20232897300  - File Number  4370415

# Delaware

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF

DELAWARE, DO HEREBY CERTIFY "BABCOCK & BROWN PARALLEL MEMBER LLC"

IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN

GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF

THIS OFFICE SHOW, AS OF THE FIFTH DAY OF JULY, A.D. 2023.

Jeffrey W. Bullock, Secretary of State

4370415  8300

SR# 20232917389

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203677211

Date: 07-05-23

**FW-001**     **Request to Waive Court Fees**

**CONFIDENTIAL**

*Clerk stamps date here when form is filed.*

If you are getting public benefits, are a low-income person, or do not have enough income to pay for your household's basic needs and your court fees, you may use this form to ask the court to waive your court fees. The court may order you to answer questions about your finances. If the court waives the fees, you may still have to pay later if:
- You cannot give the court proof of your eligibility,
- Your financial situation improves during this case, or
- You settle your civil case for **$10,000** or more. The trial court that waives your fees will have a lien on any such settlement in the amount of the waived fees and costs. The court may also charge you any collection costs.

*Fill in court name and street address:*

Superior Court of California, County of
SACRAMENTO
Hall of Justice Building
813 6th Street, Room 212, 2nd Floor
Sacramento, CA 95814
Department 53/54

*Fill in case number and name:*

Case Number:

Case Name:

**(1)** **Your Information** *(person asking the court to waive the fees):*
Name: Lolonyon Akouete
Street or mailing address: 800 Red Mills Road
City: Wallkill      State: NY   Zip: 21589
Phone: (443) 447-2176

**(2)** **Your Job,** if you have one *(job title):* **Unemployed**
Name of employer: None. I am a member of a religious order.
Employer's address: N/A. I take on various odd jobs to earn extra money.

**(3)** **Your Lawyer,** if you have one *(name, firm or affiliation, address, phone number, and State Bar number):*
N/A

a. The lawyer has agreed to advance all or a portion of your fees or costs *(check one):*   Yes ☐   No ☒
b. *(If yes, your lawyer must sign here)* Lawyer's signature: N/A
   *If your lawyer is not providing legal-aid type services based on your low income, you may have to go to a hearing to explain why you are asking the court to waive the fees.*

**(4)** **What court's fees or costs are you asking to be waived?**
☒ Superior Court (See *Information Sheet on Waiver of Superior Court Fees and Costs* (form FW-001-INFO).)
☐ Supreme Court, Court of Appeal, or Appellate Division of Superior Court (See *Information Sheet on Waiver of Appellate Court Fees* (form APP-015/FW-015-INFO).)

**(5)** **Why are you asking the court to waive your court fees?**
a. ☐ I receive *(check all that apply; see form FW-001-INFO for definitions):*
   ☐ Food Stamps   ☐ Supp. Sec. Inc.   ☐ SSP   ☐ Medi-Cal   ☐ County Relief/Gen. Assist.   ☐ IHSS
   ☐ CalWORKS or Tribal TANF   ☐ CAPI   ☐ WIC   ☐ Unemployment
b. ☒ My gross monthly household income (before deductions for taxes) is less than the amount listed below. *(If you check 5b, you must fill out 7, 8, and 9 on page 2 of this form.)*

| Family Size | Family Income | Family Size | Family Income | Family Size | Family Income | |
|---|---|---|---|---|---|---|
| 1 | $2,430.00 | 3 | $4,143.34 | 5 | $5,856.67 | *If more than 6 people at home, add $856.67 for each extra person.* |
| 2 | $3,286.67 | 4 | $5,000.00 | 6 | $6,713.34 | |

c. ☒ I do not have enough income to pay for my household's basic needs *and* the court fees. I ask the court to:
   *(check one and you **must** fill out page 2):*
   ☒ waive all court fees and costs    ☐ waive some of the court fees    ☐ let me make payments over time

**(6)** ☐ Check here if you asked the court to waive your court fees for this case in the last six months.
   *(If your previous request is reasonably available, please attach it to this form and check here):* ☐

**I declare under penalty of perjury under the laws of the State of California that the information I have provided on this form and all attachments is true and correct.**
Date: October 2, 2023

Lolonyon Akouete
*Print your name here*


*Sign here*

Judicial Council of California, *www.courts.ca.gov*
Rev. April 1, 2023, Mandatory Form
Government Code, § 68633
Cal. Rules of Court, rules 3.51, 8.26, and 8.818

**Request to Waive Court Fees**

**FW-001**, Page 1 of 2 →

Your name: Lolonyon Akouete

Case Number: _____

*If you checked 5a on page 1, do not fill out below. If you checked 5b, fill out questions 7, 8, and 9 only. If you checked 5c, you **must** fill out this entire page. If you need more space, attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.*

**(7)** [X] Check here if your income changes a lot from month to month. If it does, complete the form based on your average income for the past 12 months.

**(8) Your Gross Monthly Income**

a. List the source and amount of *any* income you get each month, including: wages or other income from work before deductions, spousal/child support, retirement, social security, disability, unemployment, military basic allowance for quarters (BAQ), veterans payments, dividends, interest, trust income, annuities, net business or rental income, reimbursement for job-related expenses, gambling or lottery winnings, etc.

(1) Independent Investigator, CA State Controller    $250.00
(2) Real Estate Consulting    $0.00
(3) _____    $_____
(4) _____    $_____

b. **Your total monthly income:**    $250.00

**(9) Household Income**

a. List the income of all other persons living in your home who depend in whole or in part on you for support, or on whom you depend in whole or in part for support.

| Name | Age | Relationship | Gross Monthly Income |
|------|-----|--------------|----------------------|
| (1) N/A | | | $_____ |
| (2) | | | $_____ |
| (3) | | | $_____ |
| (4) | | | $_____ |

b. **Total monthly income of persons above:**    $_____

**Total monthly income *and* household income** *(8b plus 9b):*    $250.00

To list any other facts you want the court to know, such as unusual medical expenses, etc., attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.

*Check here if you attach another page.* ☐

***Important!* If your financial situation or ability to pay court fees improves, you must notify the court within five days on form FW-010.**

**(10) Your Money and Property**

a. Cash    $0.00
b. All financial accounts *(List bank name and amount):*
(1) DCU Federal Credit Union    $589.65
(2) Heritage Financial Cresit Union    $39.14
(3) TD Ameritrade Account    $50.00

c. Cars, boats, and other vehicles

| Make / Year | Fair Market Value | How Much You Still Owe |
|-------------|-------------------|------------------------|
| (1) Lexus LS400 1998, not running | $1,190.00 | $0.00 |
| (2) | $ | $ |
| (3) | $ | $ |

d. Real estate

| Address | Fair Market Value | How Much You Still Owe |
|---------|-------------------|------------------------|
| (1) N/A | $ | $ |
| (2) | $ | $ |

e. Other personal property (jewelry, furniture, furs, stocks, bonds, etc.):

| Describe | Fair Market Value | How Much You Still Owe |
|----------|-------------------|------------------------|
| (1) N/A | $ | $ |
| (2) | $ | $ |

**(11) Your Monthly Deductions and Expenses**

a. List any payroll deductions and the monthly amount below:
(1) N/A    $0.00
(2) _____    $_____
(3) _____    $_____
(4) _____    $_____

b. Rent or house payment & maintenance    $0.00
c. Food and household supplies    $0.00
d. Utilities and telephone    $38.47
e. Clothing    $0.00
f. Laundry and cleaning    $0.00
g. Medical and dental expenses    $0.00
h. Insurance (life, health, accident, etc.)    $0.00
i. School, child care    $0.00
j. Child, spousal support (another marriage)    $0.00
k. Transportation, gas, auto repair and insurance    $31.50
l. Installment payments *(list each below)*:
Paid to:
(1) SMILE DIRECT CLUB USBAKERSFIELD CA    $88.81
(2) MYNEUROGYM    $97.00
(3) ADOBE *ACROPRO SUBS    $21.59
m. Wages/earnings withheld by court order    $0.00
n. Any other monthly expenses *(list each below)*.
Paid to:                How Much?
(1) _____    $_____
(2) _____    $_____
(3) _____    $_____

**Total monthly expenses** *(add 11a –11n above):*    $277.37

Rev. April 1, 2023

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

CM-015

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

Lolonyon Akouete Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051 North Babylon, NY 11703

TELEPHONE NO.: (443) 447-3276     FAX NO. *(Optional):*
EMAIL ADDRESS *(Optional):* info@smartinvestorsllc.com
ATTORNEY FOR *(Name):* Plaintiff: WESTBOROUGH SPE LLC

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO**
STREET ADDRESS: 813 6th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Civil Division

PLAINTIFF/PETITIONER:  WESTBOROUGH SPE LLC, a Delaware limited liability company

DEFENDANT/RESPONDENT:  MALIA M. COHEN, California State Controller

CASE NUMBER:

JUDICIAL OFFICER:

**NOTICE OF RELATED CASE**

DEPT.:

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: Town of Westborough v. Westborough SPE, LLC , et al

    b.  Case number:  19 TL 000768

    c.  Court: ☐ same as above
        ☒ other state or federal court *(name and address):* Commonwealth of Massachusetts Land Court

    d.  Department:  Department of The Trial Court. Three Pemberton Square, Room 507  Boston, MA 02108

    e.  Case type: ☐ limited civil  ☐ unlimited civil  ☐ probate  ☐ family law  ☒ other *(specify):* Land Court

    f.  Filing date: January 4, 2023

    g.  Has this case been designated or determined as "complex?"  ☐ Yes  ☒ No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of
           the same or substantially identical questions of law or fact.

        ☒ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 1h

    i.  Status of case:
        ☒ pending
        ☐ dismissed ☐ with ☐ without prejudice
        ☐ disposed of by judgment

2.  a.  Title: Westborough SPE LLC v. Town of Westborough et al

    b.  Case number: 4:23-cv-12017-MRG

    c.  Court: ☐ same as above
        ☒ other state or federal court *(name and address):* Massachusetts District Court (Worcester)

    d.  Department: CIVIL, 595 Main Street Worcester, Massachusetts 01608

**Page 1 of 3**

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courts.ca.gov

**CM-015**

| | |
|---|---|
| PLAINTIFF/PETITIONER: WESTBOROUGH SPE LLC, a Delaware limited liability company | CASE NUMBER: |
| DEFENDANT/RESPONDENT: MALIA M. COHEN, California State Controller | |

2. *(continued)*

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☒ other *(specify):* 28:1331 Federal

   f. Filing date: August 31, 2023

   g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☒ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☒ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3. a. Title: Debtor - Westborough SPE LLC, Involuntary Chapter: 7 Bankruptcy

   b. Case number: 23-40709-CJP

   c. Court: ☐ same as above

      ☒ other state or federal court *(name and address):* United States Bankruptcy Court District of Massachusetts

   d. Department: (Worcester) 595 Main Street, Worcester, MA 01608

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☒ other *(specify):* Bankruptcy

   f. Filing date: August 31, 2023

   g. Has this case been designated or determined as "complex?" ☐ Yes ☒ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☒ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☒ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☒ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: October 2, 2023

Westborough SPE LLC, by its manager, Lolonyon Akouete       ▶
_____        _____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)        (SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER:   WESTBOROUGH SPE LLC, a Delaware limited liability company | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   MALIA M. COHEN, California State Controller | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
## NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____          ►          _____
(TYPE OR PRINT NAME OF DECLARANT)                                    (SIGNATURE OF DECLARANT)

---

CM-015 [Rev. July 1, 2007]                                **NOTICE OF RELATED CASE**                                Page 3 of 3

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**   | Print this form | Save this form |   | Clear this form |

**EFS-005-CV**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO:<br>NAME: Lolonyon Akouete Manager of Westborough SPE, LLC<br>FIRM NAME:<br>STREET ADDRESS: 1241 Deer Park Ave., Suite 1, #1051  NY 11703<br>CITY: North Babylon     STATE: NY     ZIP CODE: 11703<br>TELEPHONE NO.: (443) 447-3276     FAX NO. :<br>E-MAIL ADDRESS: info@smartinvestorsllc.com<br>ATTORNEY FOR *(name)*: | *FOR COURT USE ONLY* |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SACRAMENTO<br>STREET ADDRESS: 813 6th Street<br>MAILING ADDRESS: 720 9th Street<br>CITY AND ZIP CODE:    Sacramento, CA 95814<br>BRANCH NAME: Gordon D. Schaber Civil | CASE NUMBER: |
| Plaintiff/Petitioner: WESTBOROUGH SPE LLC,<br><br>Defendant/Respondent: MALIA M. COHEN, California State Controller | JUDICIAL OFFICER: |
| **CONSENT TO ELECTRONIC SERVICE AND NOTICE OF ELECTRONIC SERVICE ADDRESS** | DEPARTMENT: |

1. [ x ] The following party    or    [   ] the attorney for:

    a. [ x ] plaintiff *(name): WESTBOROUGH SPE LLC, a Delaware limited liability company*

    b. [   ] defendant *(name):*

    c. [   ] petitioner *(name):*

    d. [   ] respondent *(name):*

    e. [   ] other *(describe):*

    consents to electronic service of notices and documents in the above-captioned action.

2. The electronic service address of the person identified in item 1 is *(specify):*
    info@smartinvestorsllc.com

Date: Oct 2, 2023

_____
Lolonyon Akouete
TYPE OR PRINT NAME

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>EFS-005-CV [Rev. July 1, 2016] | **CONSENT TO ELECTRONIC SERVICE AND NOTICE OF ELECTRONIC SERVICE ADDRESS**<br>**(Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>*www.courts.ca.gov* |

EFS-005-CV

| | |
|---|---|
| CASE NAME: | CASE NUMBER: |

(Note: *If you serve* Consent to Electronic Service and Notice of Electronic Service Address *by mail, you should use form POS-030,* Proof of Service by First-Class Mail–Civil, *instead of using this page.)*

## PROOF OF ELECTRONIC SERVICE

### *CONSENT TO ELECTRONIC SERVICE AND NOTICE OF ELECTRONIC SERVICE ADDRESS*

1. I am at least 18 years old.

   a. My residence or business address is *(specify):*

   b. My electronic service address is *(specify):*

2. I electronically served a copy of the *Consent to Electronic Service and Notice of Electronic Service Address* as follows:

   a. Name of person served:

   b. Electronic service address of person served:

      On behalf of *(name or names of parties represented, if person served is an attorney):*

   c. On *(date):*

   d. At *(time):*

   ☐ Electronic service of the *Consent to Electronic Service and Notice of Electronic Service Address* on additional persons is described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

| | |
|---|---|
| EFS-005-CV [Rev. July 1, 2016] | Page 2 of 2 |

**CONSENT TO ELECTRONIC SERVICE AND NOTICE OF ELECTRONIC SERVICE ADDRESS**
**(Electronic Filing and Service)**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

1   LOLONYON AKOUETE
    Manager of Westborough SPE, LLC
2   1241 Deer Park Ave., Suite 1, #1051
    North Babylon, NY 11703
3   info@smartinvestorsllc.com
    (443) 447-3276
4   WESTBOROUGH SPE LLC, IN PRO PER
5
6
7
8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                       FOR THE COUNTY OF SACRAMENTO
10  WESTBOROUGH SPE LLC, a Delaware        CASE No.:
    limited liability company,
11                                         PROPOSED ORDER TO RELEASE
                    Plaintiff,             ESCHEATED PROPERTY [C.C.P. §1541]
12
13          vs.                            DEPARTMENT: 53/54
14  MALIA M. COHEN, California State
    Controller
15                  Defendant.
16
17          This matter comes before the Court on Plaintiff Westborough SPE LLC's ("WSPE")

18  Complaint to Recover Escheated Property pursuant to C.C.P. §1541, dated October 2, 2023. The

19  Court, having reviewed the submitted materials and after consideration, HEREBY ORDERS:

20      1.  **Escheated Property Return**:

21          The Defendant, Malia M. Cohen, California State Controller (the "Controller"), is

22  directed to release immediately the escheated property, with Property ID# 1019294209, to the

23  Plaintiff. The property, originally reported as abandoned by MUFG UNION BANK N A on June 15,

24  2022, shall be returned along with any interest accrued thereon.

25      2.  **Information Accuracy Verification**:

26
27
28
                                        1
                        ORDER TO RELEASE ESCHEATED PROPERTY

1         The Plaintiff's information that F. Jan Blaustein Scholes is not under

2    Guardianship/Conservatorship and that no such proceeding exists in Arizona or California is

3    acknowledged. The Controller is directed to process the claim in light of this verified information.

4         3.    **Financial Distress Alleviation**:

5         The Controller is instructed to expedite the processing and resolution of this matter to mitigate

6    the financial distress and hardship caused to the Plaintiff as evidenced by the involuntary Chapter 7

7    bankruptcy case (Case No. 23-40709-CJP).

8         4.    **Costs of Suit**:

9         The Defendant shall bear the costs of the suit incurred by the Plaintiff.

10         5.    **Additional Relief**:

11         This Court retains jurisdiction to entertain any issues arising out of or related to this order or

12    the final judgment to be entered and reserves the authority to amend this order as necessary.

13         6.    **Implementation**:

14         This order shall be effective immediately upon its issuance.

15

16         **IT IS SO ORDERED.**

17

18

19    Date:

20                               JUDGE OF THE SUPERIOR COURT