UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 23-40709-CJP

Chapter 7

| | |
|---|---|
| In re:<br><br>WESTBOROUGH SPE LLC | TOWN OF WESTBOROUGH'S LIMITED OPPOSITION TO PETITIONING CREDITORS' MOTION FOR ORDER OF RELIEF AND APPOINTMENT OF <u>A BANKRUPTCY TRUSTEE</u> |

  The Town of Westborough ("Town"), listed in the Debtor's Matrix List of Creditors (Doc. No. 7) in the above-captioned action, hereby submits a limited opposition to the Petitioning Creditors' motion seeking an order of relief and appointment of a Chapter 7 Trustee (Doc. No. 14). For the reasons stated in the Town's Motion for Relief from Automatic Stay and Opposition to Appointment of a Bankruptcy Trustee (Doc. No. 20), appointment of a trustee with respect to the real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property") is not warranted in this matter.[1]

  Specifically, the Property is not an asset of the Debtor's bankruptcy estate. The Massachusetts Land Court had entered judgment in favor of the Town and against the Debtor in the Town's tax title action, thus foreclosing the right of redemption, <u>prior</u> to the filing of the bankruptcy petition. <u>See</u> <u>Town of Westborough</u> v. <u>Westborough SPE, LLC, et al</u>. (Mass. Land Ct. No. 19 TL 000768).[2] As such, the Debtor did not own the Property at the time of the filing of the bankruptcy action (assuming that the Debtor, in its current form with questionable ownership of the LLC, had any ownership interest in the Property to begin with). <u>See</u> <u>Tallage Lincoln, LLC</u> v.

---

[1] The Town hereby incorporates its Opposition to the Debtor's Motion to Appoint Interim Trustee (Doc. No. 10) by reference.

[2] A copy of the Land Court judgment was submitted as Exhibit G to the Town's Motion. <u>See</u> Doc. No. 21-6.

1

Document    Page 2 of 4

Williams, 485 Mass. 449, 452 (2020). ("Upon entry of such judgment, the municipality … takes absolute title to the property."). As the SJC has explained, a tax title foreclosure "extinguishes the taxpayer's remaining interest in the property—the right of redemption—and converts the municipality's … tax title into absolute title … free and clear of all encumbrances, including mortgages and other liens," such that "the taxpayer loses any equity he or she has accrued in the property, no matter how small the amount of taxes due or how large the amount of equity." Id. at 452-453.[3] Although the Debtor seeks to vacate that judgment, unless the judgment is vacated, the Debtor lacks any equity or ownership interest in the Property.

As the Town explained in opposing the Debtor's prior request for appointment of an interim trustee pursuant to 11 U.S.C. § 303(g) (see Doc. No. 20 at pp. 14-15), appointment of a trustee is not necessary to preserve the Property. A bankruptcy "trustee can only exercise the same right to redeem that the bankrupt had." Town of Agawam v. Connors, 159 F.2d 360, 364 (1st Cir. 1947). Here, the Debtor no longer had any right to redeem the Property and was, at most, left with the statutory right to request vacatur of the Land Court's judgment within one year.[4] Because the Debtor no longer possesses a right to redeem the Property, the same would be true of any trustee appointed in this proceeding.

For the foregoing reasons, the Town opposes the Petitioning Creditors' request for an order of relief and appointment of a trustee as it relates to the Property.

---

[3] This is now modified by Tyler v. Hennepin County, 598 U.S. 631 (2023), which held that "a taxpayer is entitled to the surplus in excess of the debt owed" when real property is taken and sold pursuant to a tax title statute. See 598 U.S. at 642; see also Freed v. Thomas, --- F.4th ----, 2023 WL 5733164, at *2 (6th Cir. Sept. 6, 2023) ("the Supreme Court has [never] held that a plaintiff whose property is foreclosed and sold at a public auction for failure to pay taxes is entitled to recoup the fair market value of the property"). Nevertheless, the Debtor's potential right to the surplus of proceeds from the sale of the Property (which the Town questions given its concerns about the present ownership of the Debtor) does not give it equity in the Property itself. Thus, the Property would not be a concern of any bankruptcy trustee.

[4] As noted in the Town's Motion, the Debtor's motion in the Land Court was filed on the last day of the one year in question but was not signed by an attorney, calling its validity into question.

Respectfully submitted,

TOWN OF WESTBOROUGH,

By its attorneys,

_____
Brian W. Riley (BBO# 555385)
Jeffrey T. Blake (BBO# 655773)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jblake@k-plaw.com
rsmerage@k-plaw.com

Dated: October 4, 2023

884137/WEST/0042

3

CERTIFICATE OF SERVICE

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing Limited Opposition to Petitioning Creditors' Motion for Order of Relief and Appointment of a Bankruptcy Trustee to be served through the Court's CM/ECF system to the following counsel of record or by U.S. mail to the following unregistered parties:

>Stephen F. Gordon
>The Gordon Law Firm LLP
>River Place
>57 River Street
>Wellesley, MA 02481
>sgordon@gordonfirm.com
>*Attorney for Petitioning Creditors*
>
>Scott A. Schlager
>Nathanson & Goldberg, P.C.
>183 State Street, 5th Floor
>Boston, MA 02109
>sas@natgolaw.com
>*Attorney for Creditor Nathanson & Goldberg, P.C.*
>
>Richard King
>Office of US. Trustee
>446 Main Street
>14th Floor
>Worcester, MA 01608
>*Attorney for the U.S. Trustee*
>
>Westborough SPE, LLC
>c/o Lolonyon Akouete
>1241 Deer Park Ave., Suite 1, #1051
>North Babylon, NY 11703
>*Debtor*

Dated: October 4, 2023

_____
Roger L. Smerage