# Exhibit II

| | |
|---|---|
| **From:** | Lolonyon Akouete <info@smartinvestorsllc.com> |
| **Sent:** | Friday, December 1, 2023 6:38 AM |
| **To:** | Jonathan Goldsmith |
| **Cc:** | USTPRegion01.WO.ECF@usdoj.gov; Scott A. Schlager; Iris Leahy; cmulhearn@mulhearnlawri.com; Jeffrey T. Blake; trusteedocs1@gkalawfirm.com; Brian Riley; Roger L. Smerage; Carey, Paul W. |
| **Subject:** | Re: Urgent Appeal for a Timely and Cost-effective Resolution |
| **Attachments:** | 19 TL 000768 CourtViewForm-388809939-1.pdf; IMG_4070.PNG; Smart Investors LLC Mail - 19 TL 000768 Town of Westborough v. Westborough SPE, LLC , et al.pdf |

Jonathan,

Can you please consider my suggestions for resolving this matter quickly?

I hope you won't waste valuable time trying to figure out how to remove the land core case to the bankruptcy court. Under MGL c. 185 § 1(b), the Land Court has the exclusive, original jurisdiction of proceedings for the foreclosure and the redemption of tax takings made under MGL c. 60.

We shouldn't be afraid of the Land court just because we have a hostile and biased judge.

Westborough SPE LLC's due process has been violated. F. Jan Bluestein, a/k/a Jan Blaustein Scholes, was a Real Estate Signatory and agent for Westborough SPE LLC and President of Babcock & Brown Administrative Services, Inc. Unsuccessful service was attempted on F. Jan Blaustein Scholes as indicated by the Return of Service filed with the Land Court on October 02, 2020. No Land Court Notice was ever provided to Babcock & Brown Parallel Member LLC, a Delaware limited liability company, as a successor in interest to Babcock & Brown Administrative Services LLC as a successor in interest to Babcock & Brown Administrative Services Inc. The town's having Peter Blaustein sign an illegal Waiver of Notice and Assent to the Entry of Judgment is an acknowledgment that they never gave proper notice to F. Jan Blaustein.

Could you please file an appearance in the land court so that the pretrial conference can be rescheduled? Prior to the Pre-trial Conference, the Parties shall discuss (1) the issues presented by the case, and (2) whether ADR (Alternative Dispute Resolution) may be an appropriate route to narrow the issues or resolve the case, as indicated by the court. This will provide the proper avenue for negotiation.

I have gathered evidence of the judge's bias. In case the judge maintains his attitude towards us after the pretrial conference, you have the option of filing a motion for recusal to have the judge removed from the case. If the judge declines to recuse himself and issues an unfair decision, we can always resort to an appeal.

We should not allow the town to bully us into making an unfair settlement.
If the town is so determined to sell the property to Lax Media, they can just ask them to raise their offer. (The town had accepted a $5 million offer from LAX Media to buy the property in November 2018)

If you rescind your offer to Ferris Development Group LLC, it will result in additional legal complications. See attached image.

If you need funds to cover legal costs, you should get the funds from California back as soon as possible.

Thank you,
Lolonyon Akouete
Manager of Westborough SPE, LLC

1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276


- **Due Process Requirement**: Due process is a fundamental legal principle that requires fair procedural practices when the government acts in a way that affects a person's rights. In tax foreclosure, due process primarily involves ensuring that property owners receive proper and timely notice of the tax proceedings and have an opportunity to respond or challenge the proceedings. The Massachusetts case law, as referenced in the information, underscores the importance of notice being "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

- **Vacating the Judgment within One Year**: If a property owner wants to vacate a foreclosure judgment within one year of its entry, they can do so by paying the redemption amount plus interest. This period allows property owners a last opportunity to reclaim their property by fulfilling their tax obligations. However, the process of vacating the judgment is not automatic, and the court may require evidence of extenuating circumstances to allow the vacating of the judgment.

- **Vacating Judgment on Due Process Grounds After One Year**: After the one-year period, the judgment of foreclosure becomes final and can only be vacated upon a showing of a denial of due process. This means that if a property owner can demonstrate that the foreclosure process violated their due process rights (e.g., they did not receive adequate notice of the tax proceedings), they might succeed in having the foreclosure judgment vacated, even after the one-year period. This aspect of the law provides a safeguard against potential procedural injustices in the foreclosure process.

1. **Tallage Lincoln, LLC v. Williams, 485 Mass. 449 (2020)**:
    - **Application**: This case provides a comprehensive review of the laws regarding real estate tax collection in Massachusetts. It details the process of tax taking and the subsequent rights and obligations of municipalities and property owners. It emphasizes the importance of due process in tax foreclosure proceedings, particularly in the service of notice and the opportunity to respond or challenge.
2. **Town of North Reading v. Welch, 46 Mass. App. Ct. 818 (1999)**:
    - **Application**: This case discusses the finality of a foreclosure judgment and the conditions under which it can be vacated. It specifically notes that after one year, a foreclosure judgment can only be vacated upon a showing of a denial of due process, highlighting the significance of due process in these matters.
3. **Town of Bourne v. Coffey, 101 Mass. App. Ct. 496 (2022)**:
    - **Application**: It clarifies the requirements for vacating a tax foreclosure judgment. It states that a petition brought within one year needs to show extenuating circumstances, whereas a petition brought after one year must demonstrate a due process violation.
4. **Vincent Realty Corp. v. Boston, 375 Mass. 775 (1978)**:
    - **Application**: This case examines the criteria for allowing a petition to vacate a tax foreclosure judgment within one year. It clarifies that such a petition is extraordinary and should only be granted in instances where it is required to achieve justice.
5. **Town of Andover v. State Fin. Servs., Inc., 432 Mass. 571 (2000)**:
    - **Application**: This case cites the fundamental requirement of due process in legal proceedings, particularly the need for notice that is reasonably calculated to inform interested parties of the action and allow them to present objections.
6. **Christian v. Mooney, 400 Mass. 753 (1987)**:
    - **Application**: This case addresses the invalidation of tax titles due to incorrect tax assessments, emphasizing the need for accurate and non-misleading assessments in the tax process.
7. **Hardy v. Jaeckle, 371 Mass. 573 (1976)**:
    - **Application**: It clarifies the assessment requirements for parcels with no person in possession, including the due diligence required of assessors in identifying the owner of record.
8. **Bartevian v. Cullen, 369 Mass. 819 (1976)**:

- - **Application**: This case discusses the burden of proof in situations where an error in the tax process is identified. It stipulates that the party asserting the insubstantiality of the error must prove this fact according to each case's circumstances.

On Mon, Nov 20, 2023 at 9:02 PM Lolonyon Akouete <info@smartinvestorsllc.com> wrote:

Hello everyone,

I hope this message finds you all doing well. I am reaching out again to let you know that I have secured an attorney to represent Westborough SPE LLC. However, I still need to come up with an additional $20,000 for the retainer fee, which I am currently working on. While I'm taking care of that, I wanted to discuss with you all whether we could settle this matter without incurring further legal expenses.

A Chapter 7 Trustee has been appointed, and the trustee's request to employ his law firm as counsel has been granted. Furthermore, the meeting of creditors has already taken place.

I urge all parties involved to avoid any further delays in this case. Although I understand that the Town is considering selling the property to Lax Media for $2.5 million, it would be unfair to do so since Ferris Development Group is willing to pay $2.875 million and close in just 14 days, unless Lax Media is willing to match that offer.

Once I have a lawyer, I will object to any unfair settlement. It is in the best interest of everyone involved to be reasonable and come to an agreement.

This is in line with section 704(a)(1), which states that a trustee should close an estate as quickly as possible in the best interest of the estate. Delays in closing the case reduce the return to creditors, undermine the creditors' and public's trust in the bankruptcy system, increase the trustee's exposure to liability, raise administrative costs, and in cases involving non-dischargeable pre-petition tax liabilities, expose the debtor to increased penalties and interest. Delays also lead to public criticism of the bankruptcy process.

Thank you for your time and attention in this matter.

Lolonyon Akouete
Manager of Westborough SPE, LLC
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

On Wed, Oct 25, 2023 at 7:48 AM Lolonyon Akouete <info@smartinvestorsllc.com> wrote:

Dear Mr. Riley, Blake, and Smerage,

I am writing on behalf of Westborough SPE LLC, expressing our growing concern regarding the protracted nature of the simple motion to vacate that has been in process for the past 10 months. It is disheartening to note that this prolonged legal engagement has resulted in Westborough SPE LLC incurring over $140,000 in legal fees.

It is our firm belief that the Town seems to be employing scorched earth litigation tactics. By unreasonably increasing our litigation expenses, the Town is not only adding to the financial burden on Westborough SPE LLC but is also exposing itself to potential liability. As per 28 U.S. Code § 1927, any entity that unreasonably and vexatiously multiplies proceedings can be held responsible for the excess costs and attorneys' fees.

3

I sincerely hope it doesn't come to that. However, to safeguard our interests, we are on the brink of engaging an attorney to counter any further delays, especially in the bankruptcy court.

It's noteworthy to mention that there are numerous cases where both parties, without compromising their interests, work collaboratively to ensure swift resolutions with minimal judicial involvement. However, it's deeply regrettable when the opposite approach is taken, leading to endless disputes and necessitating frequent judicial intervention. This not only strains our resources but also overburdens our judicial system.

In light of the above, I earnestly urge the Town of Westborough to re-evaluate its stance and consider a swift and amicable settlement. This will undoubtedly save both sides from incurring further unnecessary expenses and will stand as a testament to the Town's commitment to its residents and businesses.

Let's work together towards a resolution that is in the best interest of all parties involved.

Warm regards,

Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276