UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:   )   Chapter 7
         )   Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,   )
         )
              Debtor.   )

<u>RESPONSE TO TOWN OF WESTBOROUGH'S MOTION TO DISMISS
BANKRUPTCY CASE</u>

The response of Lolonyon Akouete, a creditor in the above-referenced involuntary Chapter 7 bankruptcy proceeding to the motion filed by the Town of Westborough (the "Town") to dismiss the bankruptcy case is as follows:

1. **Validity of Revival of Westborough SPE LLC**:

   o   The revival of the Debtor was executed with due diligence and legal conformity. The initial formation and registration were professionally managed, and the accidental withdrawal in 2007 did not negate the LLC's legal standing. The revival in 2022 by Denise Edwards was a necessary correction, strictly adhering to state laws.

   o   F. Jan Blaustein, as recognized by the land court, the IRS and The Secretary of State in both Delaware and Massachusetts maintained her capacity and authority to execute the bill of sale for the revival. Her role as per the operating agreement and her status as the responsible party for the LLC under IRS definitions affirm her authority in these matters.

   o   Denise Edwards and Lolonyon Akouete played pivotal roles in asset recovery and management, acting within the bounds of the operating agreement. Their intervention was crucial to prevent the inappropriate appropriation of the LLC's assets by the Town. Their actions align with the legal framework designed to safeguard the interests of Westborough SPE LLC.

2. **Allegations of Egregious Conduct**:

   o   The involvement of Akouete and Edwards was not manipulative of the bankruptcy process but a reactive measure to external misrepresentations and legal complexities. They acted in defense of the LLC's rights and assets against misleading actions from the Town and the California State Controller's Office.

   o   Their legal involvement adhered to the urgency and necessity dictated by the situation, especially considering the potential loss of assets due to the foreclosure judgment. Their actions were within legal bounds, aiming to secure the LLC's interests promptly.

3. **Judicial Process in Land Court Tax Foreclosure Action**:

    o   The necessity of the bankruptcy filing stemmed from the Town's collusion with external entities, not as a strategy to obstruct Land Court proceedings. The filing was a compelled response to protect the LLC's interests in the face of legal challenges.

    o   The bankruptcy case, rather than being a tool of delay, has been a response to the Town's persistent requests for continuations, which have significantly delayed the resolution of the case and adversely impacted the LLC.

4. **Validity and Authority Concerns**:

    o   The legal foundations for the revival of Westborough SPE LLC and the authority of Akouete and Edwards are robust, anchored in the LLC's Operating Agreement. Their actions have been consistently within the scope of their managerial roles, as outlined in the agreement.

    o   Despite challenges, the actions of legal representatives, especially those of Alvin Nathanson and Scott A. Schlager, have been conducted with integrity and in full compliance with legal and ethical standards.

5. **Impact on Property Disposition and Municipal Interests**:

    o   The Town's interference, rather than the bankruptcy case, has been the primary obstacle in the disposition of the property. The trustee's effort to finalize a deal with Ferris Development, which is beneficial to all parties involved, has been thwarted by the Town's actions.

    o   The Town's financial interests are limited to recovering taxes and fees related to the foreclosure. The current process ensures that these interests are adequately addressed, without infringing upon the rights and interests of the Debtor.

6. **Post-Bankruptcy Filing Conduct**:

    o   Akouete's actions post-bankruptcy have been aimed at navigating the complex legal landscape to defend the LLC's rights. Contrary to the Town's assertions, his conduct has not been detrimental to the Town but rather a necessary part of legal advocacy.

    o   The allegations of disruptive behavior by Akouete are unsubstantiated. His efforts to seek legal recourse, including reaching out to state officials and filing a civil rights complaint, are legitimate exercises of legal rights and do not constitute empty threats.

7. **Legal Framework and Precedents**:

    o   There is a lack of evidence suggesting fraud, abuse, or gross negligence by the Debtor. Conversely, it appears that the Town has engaged in questionable tactics that may contravene the spirit of fair and just legal proceedings.

In light of the above, the Creditor respectfully requests that the Court deny the Town of Westborough's motion to dismiss the bankruptcy case. The actions and decisions taken by the Debtor and its representatives have been in strict compliance with legal standards and motivated by the necessity to safeguard the LLC's assets and interests.

DATED: January 17, 2024,    Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

# **Exhibit A**

Email communications between Lolonyon Akouete and Scott A. Schlager About the filing of bankruptcy.



**Lolonyon Akouete <info@smartinvestorsllc.com>**

---

## Involuntary Bankruptcy - Westborough SPE LLC

**Lolonyon Akouete** <info@smartinvestorsllc.com>     Thu, Aug 31, 2023 at 9:32 PM
To: "Scott A. Schlager" <sas@natgolaw.com>, Alvin Nathanson <asn@natgolaw.com>
Cc: "deniseedwards818@yahoo.com" <deniseedwards818@yahoo.com>

Scott,

I wanted to thank you for your hard work on our case. Your efforts have been greatly appreciated. However, I would like to clarify my expectations to ensure that we are all aligned and moving forward with a shared understanding.

Initially, I was opposed to the suggestion of filing for Bankruptcy Chapter 11, as this would have violated the LLC Operating Agreement. However, I have since agreed to the Chapter 7 Involuntary Petition, as it will enable you to receive payment for your legal services.

As you are aware, the land court has requested updates on the bankruptcy petition status every 60 days, starting from October 31, 2023. This indicates that we can expect the bankruptcy case to be discharged and closed within the next 60 days, which is what we hope for.

The Trustee will prioritize claiming the unclaimed funds of $1,293,646.83 from California. They will also pay your legal fees, the CAM charges, Darin, and any other creditors that file a proof of claim. This should amount to approximately $500K.
The Trustee should also advance the two cases to prevent any unnecessary delays (Case: #4:23-cv-12017-MRG) and (Case: #19 TL 000768).
Once this is done, the bankruptcy case will be closed, and Westborough SPE, LLC will have sufficient funds to complete the federal complaint and land court case.

If you have any alternative plans in mind, please let me know. I value transparency and open communication.

Thank you again for your hard work.
Lolo


> On Wed, Jul 26, 2023 at 7:09 PM Lolonyon Akouete <info@smartinvestorsllc.com> wrote:
>
>> Scott,
>>
>> Thank you for your email. I understand that you want to receive payment for your attorney fees, which is why you are suggesting bankruptcy as an option. I don't blame you for this suggestion.
>>
>> However, I personally believe that bankruptcy won't immediately resolve the issue. The trustee will have to do the same work you are currently doing, which will only prolong the process. If we can't obtain funds from California by the 15th, I will agree to your request.
>>
>> We have already paid you $20,000, and we have been waiting for seven months for this case to be resolved. I don't want us to add another year to the case just so you can receive another $20,000. It's reasonable to be patient for two more months and resolve the entire case.
>>
>> This doesn't mean that we should wait until August 15th to file for bankruptcy. We need to follow up with the State Council next week to see if she needs any additional documents. Additionally, we should check with Iris for a concrete date on when we can receive the draft of the joint memorandum.
>>
>> My goal is to find a permanent solution to this dispute, without just pushing it further down the road. At the same time, I understand that you need to be paid for your work, so we need to find a balance between these two goals.
>>
>> Thanks
>> Lolo

On Wed, Jul 26, 2023 at 3:27 PM Scott A. Schlager <sas@natgolaw.com> wrote:

> Lolo & Denise:
>
> Pursuant to our telephone conversation a few moments ago I am confirming our agreement:
>
> 1. If the State of California either fails to respond or release the unclaimed funds belonging to Westborough SPE LLC on or before August 15, 2023, you both, as duly authorized managers:
>
> (A) Do not object to an involuntary bankruptcy filing by Nathanson & Goldberg, P.C. Against Westborough SPE LLC;
>
> (B) Waive any opposition to such involuntary bankruptcy petition or any other filing in the Bankruptcy Court.
>
> We would appreciate your written confirmation response but if we shall receive no response by the end of today, time being of the essence, we shall take your silence to mean confirmation of the terms stated above.
>
> You should note that nothing contained herein prevents any creditor from filing an involuntary bankruptcy petition.
>
> Very truly yours,
>
> Scott A. Schlager, Esq.
> Partner
> Nathanson & Goldberg, P.C.
> 183 State Street, 5th Floor
> Boston, Massachusetts 02109
> (O): (617) 210-4800
> (C): (617) 909-4511
> (F): (617) 210-4824
> sas@natgolaw.com
>
> ****************************************
> This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
>
> ****************************************
>
> Sent from my iPhone

# **Exhibit B**

Scott A. Schlager informed Lolonyon Akouete via email that the town's attorney filed a Motion to Continue the pre-trial conference in the land court, delaying the case resolution. Scott also mentioned that he has filed an opposition to that motion.



Lolonyon Akouete <info@smartinvestorsllc.com>

# FW: Filing Accepted for Case: 19 TL 000768; Envelope Number: 2054113
1 message

**Scott A. Schlager** <sas@natgolaw.com>  Thu, Jul 27, 2023 at 4:00 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>, "deniseedwards818@yahoo.com" <deniseedwards818@yahoo.com>

FYI. Iris has filed a Motion for a Continuance of the August 17th Hearing to August 31st, 2023. We have filed an Opposition that I will send to you shortly.

Scott A. Schlager

Partner

Nathanson & Goldberg, P.C.

183 State Street, 5th Floor

Boston, Massachusetts 02109

(O): (617) 210-4800

(C): (617) 909-4511

(F): (617) 210-4824

sas@natgolaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**From:** Iris Leahy <AttyLeahy@outlook.com>
**Sent:** Thursday, July 27, 2023 2:10 PM
**To:** Scott A. Schlager <sas@natgolaw.com>
**Cc:** Alvin Nathanson <asn@natgolaw.com>
**Subject:** FW: Filing Accepted for Case: 19 TL 000768; Envelope Number: 2054113

Hello Attorney Schlager,

As a courtesy, I am advising you that I filed a Motion to Continue the above-referenced case for a Pre-trial Conference to August 31, 2023 at 2:00pm. A copy of said motion was e-filed and served upon you and Attorney Nathanson.

Thank you,

Iris A. Leahy, Esq.

Law Office of Iris A. Leahy

4 Open Square Way, Suite 217

Holyoke, MA 01040

Phone: (413)322-8318

Fax: (413)322-8661

attyleahy@outlook.com

**From:** no-reply@efilingmail.tylertech.cloud <no-reply@efilingmail.tylertech.cloud>
**Sent:** Thursday, July 27, 2023 2:08 PM
**To:** attyleahy@outlook.com
**Subject:** Filing Accepted for Case: 19 TL 000768; 19 TL 000768 Town of Westborough v. Westborough SPE, LLC , et al.; Envelope Number: 2054113

# Filing Accepted

Envelope Number: 2054113
Case Number: 19 TL 000768
Case: 19 TL 000768 Town of Westborough v. Westborough SPE, LLC , et al.

This is a notification that the following document has been ACCEPTED for filing by the Clerk's Office. You may access the file stamped copy of the document by clicking the below link.

| Filing Details | |
|---|---|
| **Court** | File & Serve |
| **Date/Time Submitted** | 7/27/2023 1:09 PM EST |

| Date/Time Accepted | 7/27/2023 2:07 PM EST |
|---|---|
| Reviewer Comment | |
| Filing Code | Request, Unspecified (only use if no other Request type applies) |
| Page Count | 2 |
| Submitted By | Iris Leahy |
| Submitting Attorney | Iris Leahy |
| View Document | Download Document |
| This link is active for 45 days. | |

Please do not reply to this email. It was automatically generated.
For technical assistance, contact your service provider.
Odyssey File & Serve
(800) 297-5377

Should you have procedural questions related to e-filing a document, please call the Clerk's Office.
Land Court

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                   LAND COURT DEPARTMENT
                                                                       19 TL 000768 – HPS

| | |
|---|---|
| TOWN OF WESTBOROUGH, <br>        Plaintiff, <br><br> v. <br><br> WESTBOROUGH SPE, LLC, et als. <br>        Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT WESTBOROUGH SPE, LLC's OPPOSITION TO THE TOWN OF WESTBOROUGH'S MOTION TO CONTINUE PRE-TRIAL CONFERENCE

**NOW, COMES,** Westborough SPE, LLC ("Defendant") and hereby opposes the Town of Westborough's Motion to Continue Pre-Trial Conference scheduled for August 17, 2023 to August 31, 2023 ("Motion"). Plaintiff has provided no valid grounds or authority to support its Motion. The civil procedural rules provide that a continuance may be granted "only for good cause." Mass. R. Civ. P. 40(b). Plaintiff has failed to articulate good cause for the granting of a continuance.

Furthermore, this Court is justified in not even considering Plaintiff's request and shall of course deny it because no affidavit was provided in support of the Motion. *Gynan v. Jeep Corp.*, 13 Mass. App. Ct. 504, 506 (1982); *Hunnewell v. Hunnewell*, 15 Mass. App. Ct. 358, 362–363 (1983); Mass. R. Civ. P. 40(c) (the filing of an affidavit is required when the motion for a continuance is grounded on the want of any material document, thing, or other evidence). § 3:153. Continuances, 14 Mass. Prac., Summary of Basic Law § 3:153 (5th ed.).

Defendant provides the following grounds for denial of said motion by the Town of Westborough:

1

1. Plaintiff failed to state in their Motion that they consulted Defendant's counsel on July 26, 2023 by email and Defendant's counsel stated they opposed the granting of a continuance.

2. Defendant's production set was delivered to the Town of Westborough's legal counsel, Iris A. Leahy, Esq. on July 10, 2023. *See* United States Postal Service, Certified Mail # 9589 0710 5270 0419 1644 82. Said delivery was signed for by Iris A. Leahy herself. *See* **Exhibit A** attached for the USPS confirmation of delivery which is incorporated by reference.

3. Defendant's Production Set #1 consisted of only 664 bate stamped pages. And Plaintiff's Production Set was not bate stamped.

4. The number of days from July 10, 2023 to August 17, 2023 constitutes 38 days. Since the Pre-Trial Memorandum must be submitted to the Court at least seven (7) days before the Hearing, i.e., no later than August 10th, 2023, prudence and fairness would dictate that each side be granted 15 days to prepare their portions. That would mean that Plaintiff should submit their draft to Defendant no later than 15 days after the July 13, 2023 Scheduling Order issuance date, i.e., no later than July 28, 2023. In fact, Defendant's counsel was generous and agreed that Plaintiff could submit their draft no later than August 1, 2023.

5. 664 Pages divided by 15 days equals about 44 pages to review per day. Plaintiff has had the opportunity to engage an electronic discovery expert to use artificial intelligence to speed up document review. In addition, the Town of Westborough has not one, but two law firms at their disposal: KP Law and The Law Offices of Iris A. Leahy, Esq. If Attorney Leahy spent on average 3 minutes per page (which may be an

2

overestimation), it would take her approximately 33.2 hours to review the 664 pages in Defendant's Production Set #1.

6. Massachusetts Courts have routinely denied continuances because of the movant's lack of diligence and dilatory conduct. *See, e.g., Real v. Hogan*, 828 F.2d 58, 63 (1st Cir. 1987) (District Court did not abuse discretion in denying plaintiff's request for continuance); *Com. v. Miles*, 420 Mass. 67, 85–86, 648 N.E.2d 719, 731, 55 A.L.R.5th 813 (1995) (**no error when the judge denied motion to continue even though the defendants stated they needed more time to prepare**).

7. In ruling on a motion for continuance, the court may consider any prior delays and the reasons for them, whether a continuance will cause any hardship to the nonmovant, and the movant's good faith. *See Amarin Plastics, Inc. v. Maryland Cup Corp.*, 946 F.2d 147, 151 (1st Cir. 1991) ("The conduct of the moving party is a factor to be considered. In Lussier, the defendant moved for a continuance on the grounds that he had not had enough time to digest government documents. 929 F.2d at 28. This Court upheld the district court's denial of that motion, noting that the problem was partly the defendant's own fault, for he had had enough time to prepare, and the issues involved were not complex." *Id.*).

8. It is not an abuse of discretion for a court to deny request for continuance to obtain discovery when a party makes only general and conclusory statements about the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the document to be discovered. See *La Quinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 95 U.S.P.Q.2d 1283 (6th Cir. 2010).

3

9. It is essential to show that the denial of a continuance will prejudice the movant. A movant requesting a continuance to conduct additional discovery should specify the evidence expected to be uncovered, show how it is relevant to the issues in dispute, and establish how it will alter the outcome. *See Scott v James* (1990, CA8 Mo) 902 F2d 672, cert den 498 US 873 (denial of continuance was not abuse of discretion where evidence movant sought to develop was irrelevant to issues and would not have altered outcome). Plaintiffs have not satisfied the requirements of this showing. *See Ameristar Jet Charter, Inc. v. Signal Composites*, 244 F.3d 189, 193 (1st Cir.2001) (noting "[w]e will not allow [it] to go on a 'fishing expedition,' with the mere 'hope' that it will obtain such information").

10. Courts have denied continuances that were made within a short period of time prior to the hearing. *See Brace v. Commissioner of Soc. Sec.*, 97 Fed. Appx. 589 (6th Cir. 2004) (request was not made until week before hearing); *See also, Prime Rate Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (trial date had been set far in advance). In determining whether the denial of a continuance is an abuse of discretion, courts have occasionally applied standards established in the criminal law context. Courts have considered the following factors relevant from the criminal context: the quantum of time available for preparation, the defendant's role in shortening the effective preparation time and his diligence in meeting time limits, the likelihood that the moving party would be prejudiced from the denial, the extent to which a continuance would inconvenience the court and the opposing party and witnesses, the degree of the case's complexity, the availability of discovery from the prosecution, the defense actually

provided at trial, and the counsel's skill and experience. *See* § 2352 Continuances, 9 Fed. Prac. & Proc. Civ. § 2352 (4th ed.).

11. Lastly, given Defendant's submittal of its First and Second Supplementations to this Court, Defendant believes that they have proffered sufficient evidence to prove by a preponderance of the evidence, that Lolonyon Akouete and Denise Edwards, as Managers of Westborough SPE LLC, have the requisite authority as managers pursuant to the LLC operating agreement, to pay the town what they are owed and redeem the property in accordance with statutory mandate.

**WHEREFORE**, the Defendant requests that this Honorable Court deny Plaintiff's motion for a continuance.

Dated: July 27, 2023

                                      **DEFENDANT WESTBOROUGH SPE, LLC,**

                                      **By its attorneys,**

*/s/ Scott A. Schlager*
Scott A. Schlager, BBO# 695421
Alvin S. Nathanson, BBO# 367480
Nathanson & Goldberg, P.C.
183 State Street, 5th Floor, Boston, MA 02109
Tel. (617) 909-4511 | Fax. (617) 210-4824 | sas@natgolaw.com | asn@natgolaw.com

## CERTIFICATE OF SERVICE

I, Scott A. Schlager, Esq., hereby certify that a copy of the above-captioned Notice of Supplementation was filed electronically through the Massachusetts E-File system and a copy was transmitted electronically to counsel of record in the above-captioned matter on July 27, 2023.

**/s/ Scott A. Schlager, BBO# 695421**

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

9589071052700419164482

Copy      Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 3:27 pm on July 10, 2023 in HOLYOKE, MA 01040.

## Get More Out of USPS Tracking:

USPS Tracking Plus®



**Delivered**
Delivered, Front Desk/Reception/Mail Room
HOLYOKE, MA 01040
July 10, 2023, 3:27 pm

**Out for Delivery**
HOLYOKE, MA 01040
July 10, 2023, 6:10 am

**Arrived at Hub**
HOLYOKE, MA 01040
July 9, 2023, 9:02 am

**Arrived at USPS Regional Facility**
SPRINGFIELD MA NETWORK DISTRIBUTION CENTER
July 8, 2023, 3:55 pm

**Departed USPS Regional Facility**
BOSTON MA DISTRIBUTION CENTER
July 8, 2023, 2:19 pm

**Arrived at USPS Regional Origin Facility**
BOSTON MA DISTRIBUTION CENTER
July 7, 2023, 9:14 pm

**Departed Post Office**

BOSTON, MA 02205
July 7, 2023, 5:57 pm

**USPS in possession of item**
BOSTON, MA 02205
July 6, 2023, 10:19 pm

Hide Tracking History

---

## Text & Email Updates

Select what types of updates you'd like to receive and how. Send me a notification for:

| Text | Email | |
|---|---|---|
| ☐ | ☐ | All Below Updates |
| ☐ | ☐ | Expected Delivery Updates ⓘ |
| ☐ | ☐ | Day of Delivery Updates ⓘ |
| ☐ | ☐ | Package Delivered ⓘ |
| ☐ | ☐ | Available for Pickup ⓘ |
| ☐ | ☐ | Delivery Exception Updates ⓘ |
| ☐ | ☐ | Package In-Transit Updates ⓘ |

---

## USPS Tracking Plus®

Your item is eligible for USPS Tracking Plus. This feature allows you to buy extended access to your tracking history and receive a statement via email upon request. Without this feature, your regular tracking history is only available on this site until July 6, 2025. To extend your access to this tracking history, select the length of time you would like and confirm your selection. You can only purchase extended history once, so all orders are final and are not eligible for a refund.

**Note:** For multiple tracking numbers, you can save and continue adding USPS Tracking Plus selections to your cart until you are ready to complete your purchase.

3 Years
**$3.75**

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, a creditor, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

| | |
|---|---|
| Stephen F. Gordon, Attorney of the Petitioners (Email: sgordon@gordonfirm.com) The Gordon Law Firm LLP River Place 57 River Street Wellesley, MA 02481 | Paul W. Carey, Attorney of Creditor FERRIS DEVELOPMENT GROUP, LLC (Email: pcarey@mirickoconnell.com) Mirick, O'Connell, DeMallie & Lougee, LLP 100 Front Street, Worcester, MA 01608 |
| Scott A. Schlager on behalf of, Nathanson & Goldberg, P.C., a creditor. (Email: sas@natgolaw.com) 183 State Street, 5th Floor Boston, MA 02109 | Brian W. Riley, Attorney of Creditor Jeffrey T. Blake, Attorney of Creditor Roger L. Smerage, Attorney of Creditor TOWN OF WESTBOROUGH |
| Assistant U.S. Trustee Richard King Office of US. Trustee 446 Main Street 14th Floor Worcester, MA 01608 USTPRegion01.WO.ECF@USDOJ.GOV | (Email: briley@k-plaw.com) (Email: jblake@k-plaw.com) (Email: rsmerage@k-plaw.com) KP Law, P.C.  101 Arch Street, 12th Floor Boston, MA 02110 |
| Jonathan R. Goldsmith Chapter 7 Trustee trusteedocs1@gkalawfirm.com Goldsmith, Katz & Argenio P.C. 1350 Main Street, 15th Floor. Springfield, MA 01103 | Gary M Ronan David M Abromowitz Goulston&storrs GRonan@goulstonstorrs.com DAbromowitz@goulstonstorrs.com 400 Atlantic Avenue Boston, MA 02110 |


_____
Lolonyon Y Akouete