UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ) | Chapter 7, No. 23-40709-CJP |
| ) | |
| WESTBOROUGH SPE LLC ) | |
| ) | |
| Debtor ) | |
| ) | |

## MOTION TO COMPEL THE CALIFORNIA STATE CONTROLLER TO SURRENDER TO THE TRUSTEE PROPERTY OF THE ESTATE (REQUEST FOR EXPEDITED DETERMINATION )

Now comes JONATHAN R. GOLDSMITH, the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee") in the above-captioned case and moves this Honorable Court pursuant to 11 U.S.C. §542(a) to enter an Order compelling the California State Controller to surrender to the Trustee certain property of the bankruptcy estate ("Estate") totaling $1,293,646.83, all as more fully set forth below. The Trustee also respectfully requests that this Motion be heard on an expedited basis. In support of said Motion, the Trustee respectfully represents:

1. That on August 31, 2023, an Involuntary Petition was filed against the above-named Debtor under the provisions of Chapter 7 of the Bankruptcy Code; subsequently, an Order for Relief was entered on October 11, 2023.

2. That on October 12, 2023, JONATHAN R. GOLDSMITH accepted the appointment as Chapter 7 Trustee for the above-entitled estate.

3. That among the assets of the Estate, as noted on the Debtor's Bankruptcy Schedule "B", is an "Unclaimed Checking Account with the California State Controller" with a current listed value at $1,293,646.83 (hereinafter "Unclaimed Funds").

1

4. Since his appointment, the Trustee has investigated the background of the Unclaimed Funds and ascertained the following salient facts:

(a) The Unclaimed Funds were remitted to the Controller's Office of the State of California ("Controller") by MUFG Union Bank from a checking account in the amount of $1,293,646.83, with the reported owner as "Westborough SPE LLC" at a last known address of "50 California St., Suite 3610, San Francisco, CA 94111". The Controller has attached an identification number to the Unclaimed Funds as 4853303.

(b) Upon information and belief, beginning at around 2022, a Denise Edwards ("Edwards") and a Lolonyon Akouete ("Akouete"), as asserted managers of the Debtor, had attempted to have the Unclaimed Funds turned over to the Debtor. It appears that their request was denied by the Controller for the reasons outlined in letters dated February 8, 2023 and April 12, 2023, copies of which are attached hereto as Exhibit "A".

5. The Trustee does not opine at this time as to whether Edwards and/or Akouete were authorized to receive the Unclaimed Funds on behalf of the Debtor. However, what is undisputed is that once the Order for Relief was entered in this case and the Trustee was appointed, he has the duty and authority under 11 U.S.C. §704(a) to collect the Unclaimed Funds for the Estate, as these funds are property of the Estate pursuant to 11 U.S.C. §541.

6. During the course of the last couple of months, the Trustee has communicated via email and by telephone with one Harpreet K. Nakhwal ("Attorney Nakhwal"), Acting Chief Counsel for the Office of the Controller, seeking the turnover of the Unclaimed Funds. These communications included providing Attorney Nakhwal with: (i) the bankruptcy case number; (ii) a copy of the Trustee's appointment; (iii) submission of a completed Claim Affirmation Form; and (iv) a copy of the Involuntary Petition Page confirming the Debtor's tax ID as requested by Attorney Nakhwal. Attorney Nakhwal has confirmed receipt of all of this information and has not requested any further documentation from the Trustee to support the

2

grounds by which the Trustee submits he is entitled to the Unclaimed Funds on behalf of the Debtor.

7. Despite providing all the necessary and requested information, Attorney Nakhwal has been unwilling to provide information as to when (and if) the Unclaimed Funds will be turned over to the Trustee.

8. In light of the foregoing, the Trustee is seeking to have this Motion heard on an expedited basis so that he may proceed with the timely administration of this Estate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

1. That this Motion be heard on an expedited basis;
2. Compelling the Controller of the State of California to turn over to the Trustee no later than fourteen (14) days after the allowance of this Motion, the Unclaimed Funds of the Debtor in the sum of $1,293,646.83, which is identified by the Controller's Office as property number 1019294209; and
3. For such other relief as is just and proper.

JONATHAN R. GOLDSMITH, TRUSTEE IN BANKRUPTCY FOR WESTBOROUGH SPE LLC

Dated: 2/2/24

By: /s/ Jonathan R. Goldsmith, Esq.
JONATHAN R. GOLDSMITH, ESQ.
(BBO No. 548285)
GOLDSMITH, KATZ & ARGENIO, P.C.
1350 Main Street, 15th Floor
Springfield, MA 01103
Tel: (413) 747-0700

3

*Exhibit "A"*



# MALIA M. COHEN
California State Controller



RECEIVED FEB 15 2023

February 8, 2023

Westborough SPE LLC
c/o Denise Edwards
1241 Deer Park Ave., Suite 1 #1051
North Babylon, NY 11703

Re:   Unclaimed Property Claim Identification Number 4853303

Dear Ms. Edwards:

This letter is in response to the above-referenced Unclaimed Property Claim. The claim was referred to the Legal Office for review. As explained in more detail below, after review, the claim must be denied.

This claim was submitted for one property identified as number 1019294209. This property was remitted to the State Controller's Office by MUFG Union Bank as a checking account in the amount of $1,293,646.83. The owner is reported as "Westborough SPE LLC" at a last known address of "50 California St., Suite 3610, San Francisco, CA 94111."

It appears to be your contention that you are entitled to these funds because you purchased the assets of Westborough SPE LLC. In support of your claim you submitted a Bill of Sale, a Certificate of Revival of Westborough SPE LLC from Delaware Secretary of State, a Foreign Limited Liability Company Application for Registration from the Massachusetts Secretary of State, proof of FEIN, and Westborough SPE, LLC's Motion to Vacate Foreclosure Judgment filed with the Land Court for the Commonwealth of Massachusetts.

Based upon the documentation submitted and our research, it appears that Westborough SPE, LLC was a Delaware entity. Based upon information received by the State Controller's Office, Westborough SPE, LLC was manager run as opposed to member or owner run. The manager was Babcock & Brown Administrative Services, Inc., a Delaware corporation. Officers of Babcock & Brown Administrative Services, Inc. included Jan Blaustein Scholes, James Jaworski, and Dyann Blaine.

Westborough SPE LLC
February 8, 2023
Page 2

The Bill of Sale dated November 21, 2022, between Westborough SPE, LLC and Denise Edwards and Lolonyon Alouete was signed by "Jan Blaustein Scholes, its President." Jan Blaustein Scholes has suffered from multiple strokes since 2004. In 2019 the Hawaii Third Circuit, Kona Division granted Conservatorship and Guardianship over the person and estate of Frances Jan Blaustein Scholes to her son, Peter Blaustein. As Jan Blaustein Scholes has been judicially declared to lack capacity, she is unable to enter into contracts. After review, the Bill of Sale was signed by Jan Blaustein Scholes after she was declared to be incapacitated and had a Conservatorship and Guardianship entered over her person and estate. Therefore, the Bill of Sale is void. As the Bill of Sale is void, you could not have acquired any interest in Westborough SPE LLC and your claim for this property must be denied.

Additionally, it should be noted that even if it is determined that Jan Blaustein Scholes had the capacity to enter into the contact, it does not appear that you would be entitled to the funds in question. It appears that Jan Blaustein Scholes signed the Bill of Sale as the President of Babcock & Brown Administrative Services Inc. and not of Westborough SPE, LLC. It appears that Babcock & Brown Administrative Services Inc. acted only as the manager of Westborough SPE, LLC and did not have an ownership interest of Westborough SPE, LLC. At this time our office is lacking sufficient information to determine whether an officer of the managing entity, Babcock & Brown Administrative Services Inc., would have authority to sell the assets of Westborough SPE LLC.

For the reasons discussed above, the claim is denied.

Sincerely,

*[signature]*

HARPREET K. NAKHWAL
Staff Counsel

HKN/jh

cc: Coleen Kimler, Bureau Chief, Unclaimed Property Division, State Controller's Office



MALIA M. COHEN
CALIFORNIA STATE CONTROLLER

April 12, 2023

Westborough SPE LLC
c/o Denise Edwards and Lolonyon Akouete
1241 Deer Park Ave., Suite 1 #1051
North Babylon, NY 11703

Re: Unclaimed Property Claim Identification Number 4853303

Dear Ms. Edwards and Mr. Akouete:

This letter is in regard to the above-referenced unclaimed property claim. In my letter dated February 8, 2023, the claim was denied. You subsequently submitted additional documentation in support of your claim. As explained in more detail below, after review of the additional documentation, the denial of your claim must be affirmed.

In my previous letter I explained that there were several deficiencies with the claim. The first issue being that it was established that the Bill of Sale was signed by Jan Blaustein Scholes after she was declared to be incapacitated and had a Conservatorship and Guardianship entered over her person and estate. As Ms. Scholes has been judicially declared to lack capacity, she could not have entered into a contract to sell assets of Westborough SPE LLC. The second issue was that even if it is determined that Ms. Scholes had the capacity and ability to enter into the contract, there was insufficient information to determine whether she, an officer of the managing entity, Babcock & Brown Administrative Services, Inc., would have authority to sell the assets of Westborough SPE LLC.

You have now submitted several documents that appear to try and address the second issue. However, after review of the evidence now submitted, there does not appear to be any evidence to refute the fact that a Conservatorship and Guardianship was entered over the person and estate of Jan Blaustein Scholes and that she was declared to be incapacitated by the Hawaii Third Circuit, Kona Division.

300 Capitol Mall, Suite 1850, Sacramento, CA 95814 | P.O. Box 942850, Sacramento, CA 94250
Phone: 916.445.2636 | Fax: 916.322.1220

Westborough SPE LLC
April 12, 2023
Page 2

Without expressing an opinion on the new documentation submitted, the claim must remain denied because you have failed to remedy the fact that Jan Blaustein Scholes lacked the capacity to enter into a contract.

Sincerely,

*[signature]*

HARPREET K. NAKHWAL
Staff Counsel

HKN/jh

cc: Coleen Kimler, Bureau Chief, Unclaimed Property Division, State Controller's Office

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Chapter 7, No. 23-40709 |
| WESTBOROUGH SPE LLC | |
| Debtor | |

## CERTIFICATE OF SERVICE

I, JONATHAN R. GOLDSMITH, ESQ., of GOLDSMITH, KATZ & ARGENIO, P.C., 1350 Main Street, 15th Floor, Springfield, MA 01103, do hereby certify that I served a copy of the within Motion to Compel upon those parties listed on the attached Exhibit "A" by electronic mail or by mailing, first class mail, postage prepaid, on this 2nd day of February, 2024:

/s/ Jonathan R. Goldsmith, Esq.
JONATHAN R. GOLDSMITH, ESQ.

| | | |
|---|---|---|
| David M. Ferris<br>Ferris Development Group, LLC<br>118 Turnpike Rd., Ste. 300<br>Southborough, MA 01772-2133 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Ferris Development Group, LLC<br>c/o Paul W. Carey, Esq.<br>Mirick O'Connell<br>100 Front Street<br>Worcester, MA 01608-1425 |
| Westborough SPE LLC<br>231 Turnpike Road<br>Westborough, MA 01581-2807 | Scott A. Schlager, Esq.<br>Nathanson & Goldberg, P.C.<br>183 State Street, 5th Floor<br>Boston, MA 02109-2666 | Darin Clagg<br>24 Kobbs Korner Rd<br>Pine Bush, NY 12566-5302 |
| LOLONYON AKOUETE<br>ATTN WESTBOROUGH SPE LLC<br>800 RED MILLS RD<br>WALLKILL, NY 12589-3220 | Allen Hight<br>The MobileStreet Trust<br>12 Cole Road<br>Wayland, MA 01778-3145 | Richard King, Esq.<br>Office of US. Trustee<br>446 Main Street, 14th Floor<br>Worcester, MA 01608-2361 |
| The MobileStreet Trust<br>12 Cole Road<br>Wayland, MA 01778-3145 | Matthew A. Morris Sherin and<br>Lodgen LLP<br>101 Federal Street, 30th Floor<br>Boston, MA 02110-2109 | Walter Horst<br>Babcock & Brown<br>1264 Rimer Drive<br>Moraga, CA 94556-1727 |
| Town of Westborough<br>34 West Main Street<br>Westborough, MA 01581-1998 | Nathanson & Goldberg, P.C.<br>c/o Stephen F. Gordon, Esq.<br>The Gordon Law Firm LLP<br>57 River Street<br>Wellesley, MA 02481 | Denise Edwards<br>137 North 25th Street<br>Wyandanch, NY 11798-2002 |
| The MobileStreet Trust<br>225 Turnpike Road<br>Westborough, MA 01581-2807 | Ms. Malia M. Cohen<br>California State Controller<br>300 Capitol Mall, Suite 1850<br>Sacramento, CA 95814 | Harpreet K. Nakhwal, Esq.<br>Office of the State Controller<br>Malia M. Cohen<br>300 Capitol Mall, Suite 1850<br>Sacramento, CA 95814 |