UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | Chapter 7, No. 23-40709 |
| | ) | |
| WESTBOROUGH SPE LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

### TRUSTEE'S OPPOSITION TO TOWN OF WESTBOROUGH'S MOTION TO DISMISS BANKRUPTCY CASE

NOW comes JONATHAN R. GOLDSMITH, the duly appointed, qualified and acting Trustee in the above-captioned case ("Trustee"), and hereby files this Opposition to the Town of Westborough's Motion to Dismiss this Bankruptcy Case. In support of this Opposition, the Trustee submits the following:

1. To distill the Town ("Town") of Westborough's argument contained in its 17 page Motion to Dismiss ("Motion") to its simplest position, the Town asserts that "cause" exists to dismiss this involuntary bankruptcy case under 11 U.S.C. §707(a) since it alleged that the case was filed in bad faith[1]. The Town contends that the filing thwarted its attempt to complete a tax foreclosure sale of the Debtor's real estate located 231 Turnpike Road, Westborough, Massachusetts ("Property"). The Town has acknowledged that the price that it seeks to sell the Property for is less than other bids it received for the acquisition. Proceeding with a sale of the Property for less than its fair value, would no doubt be detrimental to the Debtor (and therefore the Bankruptcy Estate) as the Trustee contends that the Debtor is entitled to the surplus proceeds after payment of the Town's claim in light of the Supreme Court's recent decision in *Tyler v. Hennepin County*, 598 U.S. 631 (2023). Contrary to the Town's contentions, the filing of the bankruptcy case was not an abuse or manipulation of the Bankruptcy Code, but rather done to

---

[1] The Town tries to label the alleged basis for dismissal as "egregious conduct". This is a veiled attempt to get around using the words "bad faith". Although there is no First Circuit Appeal Court decision as to whether "bad faith" is "cause" for dismissal under §707(a), there are decisions from bankruptcy judges in this District that have concluded that "bad faith" is not "cause" for dismissal. These cases are noted in the body of this Opposition.

ensure the full recovery of the Debtor's assets and the rightful distribution of proceeds under the auspices of the Bankruptcy Court system.

2.  In addition to the foregoing, the Trustee submits that the Motion contains several pages of disputed facts, including allegations that the efforts of a Denise Edwards ("Edwards") and a Lolonyon Akouete ("Akouete") to retrieve the Debtor's assets constitutes "cause" for dismissal of the Bankruptcy case under Bankruptcy Code provision §707(a).  This argument fails for several reasons, including the following:

(i)     As the Town admits in the Motion, the U.S. Court of Appeals for the First Circuit has yet to decide whether bad faith constitutes "cause" for grounds to dismiss a bankruptcy case under 11 U.S.C. §707(a).  The Circuits that have considered bad faith as "cause" for dismissal under this provision have not been consistent.  See *In re: Linehan* 326 B.R. 474 (Bankr. D. Mass 2005) (Feeney, J).  However, at least two Massachusetts bankruptcy judges have concluded that bad faith is not "cause" for dismissal of a Chapter 7 case.  In the case of *In Re:  Reinhold, Mark G.* (case #15-10976-FJB),  Judge Bailey has followed the courts that hold that bad faith is not "cause" within §707(a) (see proceeding Memorandum/Order entered as Docket entry #140).  See also *In Re:  Linehan* 326 B.R. 475, where Judge Feeney stated that bad faith does not generally constitute grounds for dismissal of a Chapter 7 case.  See *In re: Linehan,* 362 B.R. 480.

(ii)    The Town cites cases from other jurisdictions that have concluded that "egregious conduct" could warrant dismissal.  However, the Trustee submits that the facts alleged in the Motion, even if true, are not of the kind that rise to the level of "egregious conduct" as noted in the cases cited.

(iii)   It should also be highlighted that this bankruptcy case was initiated by two of the Debtor's creditors under 11 U.S.C. §363, and not filed as a

voluntary bankruptcy petition. Therefore, the Town's argument that Akouete and Edwards lacked authority on behalf of the Debtor has no bearing in this case as they did not commence the case. Even if it was determined that these individuals did not have authority to act on behalf of the Debtor and therefore the retention of Nathanson & Goldberg, P.S. somehow disqualifies this party from being a petitioning creditor, the other petitioning creditor, MobileStreet Trust had standing to individually commence the involuntary petition pursuant to 11 U.S.C. §303(b)(2).

(iv)    The Trustee further submits that this Motion should be denied on the grounds that it is untimely and dismissal of the case would be detrimental and prejudicial to the creditors and other parties to this Bankruptcy Estate. Specifically, the facts alleged by the Town occurred pre-petition and should have been raised at or before the Order for Relief was entered. The involuntary petition was filed on August 31, 2023, and the Order for Relief was entered on October 11, 2023. Essentially, this Motion was filed four and one half (4 ½) months after the involuntary petition was filed, which notice of the filing was timely provided to the Town. Dismissal of the case would be improper after these many months and after the Trustee has undertaken extensive efforts to administer this case, including being at the tail end of recovering over 1.2 million dollars of funds for the benefit of the Bankruptcy Estate from the Controller of the State of California.

(v)    Finally, the Trustee submits that by the Town's own admission, the eventual sale of the Property will be more than sufficient to satisfy its claim. As a result, these surplus funds would be available for distribution to the Bankruptcy Estate/Debtor. To the extent that the Town is concerned regarding who actually holds the beneficial interest in the Debtor, this will be addressed when and if there are funds available for distribution back to the Debtor after all allowed claims of the creditors and

administrative fees and expenses are satisfied.  In such event, it is reasonable to assume that the determination of the equity owner of the Debtor will not be the Town's concern.

3.  In light of the foregoing, the Trustee submits that the Motion should be denied.

4.  The Trustee reserves the right to supplement this Opposition after additional facts are garnered.

WHEREFORE, the Trustee requests the entry of the following Orders:

1.     That the Motion filed by the Town of Westborough to Dismiss the Bankruptcy Case be denied; and

2.     For such other and further relief as is just and proper.

JONATHAN R. GOLDSMITH, TRUSTEE IN
BANKRUPTCY FOR WESTBOROUGH SPE
LLC

Dated: *2/7/24*

By: */s/ Jonathan R. Goldsmith, Esq.*
JONATHAN R. GOLDSMITH, ESQ.
(BBO No. 548285)
GOLDSMITH, KATZ & ARGENIO, P.C.
1350 Main Street, 15th Floor
Springfield, MA 01103
Tel: (413) 747-0700

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | Chapter 7, No. 23-40709 |
| | ) | |
| WESTBOROUGH SPE LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, JONATHAN R. GOLDSMITH, ESQ., of GOLDSMITH, KATZ & ARGENIO, P.C.,

1350 Main Street, 15th Floor, Springfield, MA 01103, do hereby certify that I served a copy of

the within Opposition upon those parties listed on the attached Exhibit "A" by electronic mail or

by mailing, first class mail, postage prepaid, on this 7ᵗʰ day of February, 2024:


/s/ Jonathan R. Goldsmith, Esq.
JONATHAN R. GOLDSMITH, ESQ.

5

David M. Ferris
Ferris Development Group, LLC
118 Turnpike Rd., Ste. 300
Southborough, MA 01772-2133

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Ferris Development Group, LLC
c/o Paul W. Carey, Esq.
Mirick O'Connell
100 Front Street
Worcester, MA 01608-1425

Westborough SPE LLC
231 Turnpike Road
Westborough, MA 01581-2807

Scott A. Schlager, Esq.
Nathanson & Goldberg, P.C.
183 State Street, 5th Floor
Boston, MA 02109-2666

Darin Clagg
24 Kobbs Korner Rd
Pine Bush, NY 12566-5302

LOLONYON AKOUETE
ATTN WESTBOROUGH SPE LLC
800 RED MILLS RD
WALLKILL, NY 12589-3220

Allen Hight
The MobileStreet Trust
12 Cole Road
Wayland, MA 01778-3145

Richard King, Esq.
Office of US. Trustee
446 Main Street, 14th Floor
Worcester, MA 01608-2361

The MobileStreet Trust
12 Cole Road
Wayland, MA 01778-3145

Matthew A. Morris Sherin and
Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110-2109

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556-1727

Town of Westborough
34 West Main Street
Westborough, MA 01581-1998

Nathanson & Goldberg, P.C.
c/o Stephen F. Gordon, Esq.
The Gordon Law Firm LLP
57 River Street
Wellesley, MA 02481

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798-2002

The MobileStreet Trust
225 Turnpike Road
Westborough, MA 01581-2807