UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

OBJECTION OF PETITIONING CREDITORS TO TOWN OF WESTBOROUGH'S
MOTION TO DISMISS BANKRUPTCY CASE [DOCKET NO. 69]

To The Honorable Christopher J. Panos, United States Bankruptcy Judge:

Now come the Petitioning Creditors herein, by and through their counsel, and state the following in opposition to the Town of Westborough's (the "Town") Motion to Dismiss Bankruptcy Case (the "Motion to Dismiss"):

1.  Contrary to the view of the Town, this case is not all about it. The Petitioning Creditors filed the Involuntary Petition against the Debtor to provide for the preservation and collection of the multiple assets of the Debtor into a bankruptcy estate pursuant to §541 of the Bankruptcy Code so that those assets can be used to satisfy the claims of creditors of the Debtor.

2.  The assets of the Debtor include, at least, the following:

    a.  Funds of the Debtor escheated to the State of California and refundable to the bankruptcy estate in the sum of approximately $1.3 Million; and

    b.  Real estate in the Town encumbered only by the Town's unpaid taxes the value of which real estate exceeds the Town's tax lien by more than $1 Million; and

    c.  Claims against the Town and others.

1

      3.      The Town now (belatedly; see below) seeks dismissal of this case on the grounds that the Involuntary Petition was filed in bad faith.

      4.      The Town's case for dismissal is nothing more than an exercise in forum shopping. The Town makes it clear that it wants this case dismissed so that it may pursue its rights with respect to the Debtor's real estate in the Massachusetts Land Court and, in its own obvious exercise of selfish bad faith, wants the unsecured creditors (the Town by its own admission is over-secured by the real estate upon which it holds a first lien) to be deprived of the opportunity to realize upon the remaining assets of the Debtor (which are hardly insubstantial; the Trustee has reported to this Court that the California State Controller has agreed to send the Trustee the bankruptcy estate's funds of $1,293,646.83).

      5.      Clearly, the Chapter 7 Trustee has taken hold of the bankruptcy estate created upon the entry of the Order for Relief and dismissal of this case will cause extreme harm to all creditors (other than the Town), all because the Town prefers to adjudicate issues with respect to the Debtor's real estate in the Massachusetts Land Court and (irrelevantly) takes great umbrage at the timing of the filing of the Involuntary Petition commencing this case.

      6.      The late Judge William C. Hillman of this Court often said, from the bench, that there were two complaints from counsel that he wished never to hear again:

> First, that the debtor filed its petition the day before a scheduled foreclosure sale; and
> Second, that the bank filed its motion for relief from stay the day after the filing of the petition.

Judge Hillman observed that both were entitled to take the actions they had taken and the proximity of those actions to events precipitating them had no legal significance. That principal applies here.

7. The Town admits that there is no First Circuit precedent providing for the relief it seeks. And, based upon the case law cited by the Town, none of the courts that have permitted bad faith dismissals would do so on the facts presented here:

    a. In *In re: Huckfeldt*, 39 F.3d. 829 (8th Cir. 1994) the court was presented with a debtor who "… filed a Chapter 7 petition to frustrate the divorce decree and to push his ex-wife into bankruptcy. He then manipulated his immediate earnings to ensure that the Chapter 7 proceeding would achieve these non-economic motives." (*Huckfeldt*, pg. 832). The *Huckfeldt* case bears no relation, and has no applicability, to the instant bankruptcy case where the only motivation of the Petitioning Creditors was, and remains, an economic, appropriate and legitimate goal (i.e. recovery of the amounts owed to creditors). *Huckfeldt* counseled a cautious approach and a narrow view of the availability of alleged bad faith to result in the dismissal of a bankruptcy case. This case is not, under *Huckfeldt*, a candidate for bad faith dismissal.

    b. In *Krueger v. Torres*, 812 F.3d. 365 (5th Cir. 2016) (a case which cited *Huckfeldt*) the 5th Circuit affirmed a bad faith dismissal of a debtor's <u>voluntary</u> petition finding "… the record is replete with evidence that Krueger filed bankruptcy for illegitimate purposes, misled the court and other parties, and engaged in bare-knuckle litigation practices, including lying under oath and threatening witnesses." (*Krueger*, pg 374). The <u>Krueger</u> court found that "Krueger filed chapter 7 because of a criminal contempt proceeding pending against him, because his state court

3

litigation had taken a turn for the worse, and to provide him the cover to retake control of [a corporation in which he had an interest]. These 'non-economic motives' are 'unworthy of bankruptcy protection'" and, "[o]nce his chapter 7 case commenced, Krueger engaged in conduct designed to manipulate the proceedings to his own ends." No such egregious facts are alleged by the Town (however annoyed the Town may be by the, in this context, irrelevant, filings and communications of Lolonyon Akouete).

    c.    The facts of *In re: MacFarlane Webster Associates*, 121 B.R. 694 (Bankr. S.D.N.Y. 1990) are likewise totally inapposite to the facts of this case. In *MacFarlane*, the only asset of the estate was a claim to avoid a prepetition foreclosure by a senior mortgagee and only the junior mortgagee stood to benefit from overturning the foreclosure (a foreclosure to which the junior mortgagee had consented prepetition). What the court dismissed was the second mortgagee's one creditor involuntary chapter 7 petition. Here, distinguishing facts from *MacFarlane* include the fact that there are assets available to satisfy all creditors, not just the Petitioning Creditors (at least seven Proofs of Claim have been filed), the Petitioning Creditors did not consent to anything pre-petition and dividends will flow in accordance with the Bankruptcy Code to multiple claimants beyond the Petitioning Creditors.

8.    This Court's view of the Town's Motion to Dismiss should be informed by the Town's inexcusable delay in filing its Motion to Dismiss and the need for finality in bankruptcy cases. The Involuntary Petition commencing this case was filed on August 31, 2023. The Town

4

was notified of the filing of the Involuntary Petition on that very day. Counsel for the Town entered an appearance herein on October 4, 2023 and, on that date, filed a Motion for Relief from Stay. The Order for Relief was not entered until October 11, 2023 [Docket No. 26]. At no time between August 31, 2023 and October 11, 2023 did the Town challenge the allegations of the Involuntary Petition or move to dismiss this case. All of the facts cited by the Town purportedly in support of dismissal were known to the Town before the Order for Relief entered. The obvious conclusion from the Town's delay in filing its Motion to Dismiss is that it was not at all concerned with the alleged "bad faith" of the bankruptcy filing but, rather, wanted to pursue its rights in its forum of choice, the Massachusetts Land Court, unfettered by the existence of this bankruptcy case. Only after its Motion for Relief from Stay was not allowed and faced with the Chapter 7 Trustee's announced intention to remove the Massachusetts Land Court case to this Court, did the Town decide to seek its forum-shopping goal through the means of a belated Motion to Dismiss.[1]

9. In determining that the Town has lost the right to contest the Order for Relief entered herein on October 11, 2023 and to challenge the finality of the Order for Relief, this Court should look to the United States Supreme Court's decision in *Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015) where the Supreme Court described the difference of finality in ordinary civil litigation and in bankruptcy:

> In ordinary civil litigation, a case in federal district court culminates in a "final decisio[n]," 28 U. S. C. §1291, a ruling "by which a district court disassociates itself from a case," *Swint v. Chambers County Comm'n*, 514 U. S. 35, 42 (1995) . A party can typically appeal as of right only from that final decision. This rule reflects the conclusion that "[p]ermitting piecemeal, prejudgment appeals . . .

---

[1] The Town's third forum shopping strategy occurred this very day with the Town's filing of a Motion to Remand to (of course) the Massachusetts Land Court.

5

> undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." *Mohawk Industries, Inc. v. Carpenter*, 558 U. S. 100, 106 (2009) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U. S. 368, 374 (1981) ).
>
> The rules are different in bankruptcy. A bankruptcy case involves "an aggregation of individual controversies," many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor. 1 Collier on Bankruptcy ¶5.08[1][b], p. 5–42 (16th ed. 2014). Accordingly, "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U. S. 651, 657, n. 3 (2006) (internal quotation marks and emphasis omitted). The current bankruptcy appeals statute reflects this approach: It authorizes appeals as of right not only from final judgments in cases but from "final judgments, orders, and decrees . . . in cases and proceedings." §158(a).

The filing of an involuntary Petition, issuance of a summons and, after expiration of the time to respond to the summons contesting the allegations of the involuntary petition, the entry of an order for relief finally disposes of that "discrete dispute" within the larger case. The Town, disappointed in the results of its prior litigation strategies in this Court, should not now be permitted to end what is already an enormously effective Chapter 7 administration and realization on the assets of this Bankruptcy Estate by obtaining its real forum shopping goal through a dismissal which would disadvantage all creditors of this Debtor and where the continuation of the instant bankruptcy case will do no harm to the Town as an over-secured creditor, other than potentially deprive it of the adjudication of its claims in its preferred venue.

6

Wherefore, the Petitioning Creditors herein pray that this Court deny the Town's Motion to Dismiss.

PETITIONING CREDITORS,

By their attorneys,

/s/ Stephen F. Gordon
Stephen F. Gordon (BBO No. 203600)
The Gordon Law Firm LLP
57 River Place, Suite 200
Wellesley, Massachusetts 02481
Tel: (617) 261-0100
E-mail: sgordon@gordonfirm.com

Dated: February 7, 2024

## CERTIFICATE OF SERVICE

I, Stephen F. Gordon, hereby certify that on February 7, 2024, the foregoing **Objection of Petitioning Creditors to Town of Westborough's Motion to Dismiss Bankruptcy Case** was served by operation of the Court's ECF System on all individuals designated to receive service by ECF:

- Jeffrey T Blake    jblake@k-plaw.com
- Paul W. Carey    pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com
- Jonathan R. Goldsmith    bankrdocs1@gkalawfirm.com, bankrdocs@gkalawfirm.com;kstelmashova@gkalawfirm.com
- Jonathan R. Goldsmith    trusteedocs1@gkalawfirm.com, trusteedocs@gkalawfirm.com;kstelmashova@gkalawfirm.com;MA43@ecfcbis.com;mwolohan@gkalawfirm.com
- Stephen F. Gordon    sgordon@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- Richard King    USTPRegion01.WO.ECF@USDOJ.GOV
- Brian W. Riley    briley@k-plaw.com
- Scott Adam Schlager    sas@natgolaw.com
- Roger L. Smerage    rsmerage@k-plaw.com

and by email upon:

Lolonyon Akouete (info@smartinvestorsllc.com)

/s/ Stephen F. Gordon
Stephen F. Gordon (BBO No. 203600)

P:\Clients-GLF\Westborough SPE\Plead (Bktcy)\Obj to Town Mtn to Dismiss.docx