UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 23-40709-CJP

Chapter 7

| In re:<br><br>WESTBOROUGH SPE LLC | JOINT STATUS REPORT |
|---|---|

NOW COME the Chapter 7 Trustee (the "Trustee") for Debtor Westborough SPE LLC ("Debtor") and Town of Westborough (the "Town," and together with the Trustee, the "Parties") and hereby jointly provide the following status report for the Court in advance of the hearing scheduled for Tuesday, February 13, 2024 at 10:30 am. As set forth herein, the Parties intend to proceed with the hearing as a status conference for the purposes of addressing the Parties' on-going settlement discussions and any preliminary issues concerning the various pending motions, but request that the Court defer any formal argument or adjudication on the motions so as to allow the Parties additional time to complete their settlement discussions.

1. On August 31, 2023, Petitioning Creditors Nathanson & Goldberg, P.C. (the Debtor's counsel) and MobileStreet Trust commenced this bankruptcy proceeding by filing an involuntary Chapter 7 petition against the Debtor.

2. On October 3, 2023, the Town filed a Motion for Relief from the Automatic Stay (Doc. No. 20) (the "Motion for Relief"), seeking an order of the Court allowing the Town's tax title foreclosure action pending in Massachusetts Land Court, Town of Westborough v. Westborough SPE, LLC, et al. (Mass. Land Ct. No. 19 TL 000768) (the "Tax Foreclosure Action"), concerning the property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property") to proceed, namely to allow the Land Court to adjudicate the motion to vacate

1

judgment that the Debtor had purported to file in the Land Court in January 2023, which adjudication was halted by the filing the involuntary Chapter 7 petition.

3. On October 12, 2023, the Trustee was appointed. (Doc. No. 29)

4. The Court held a hearing on the Motion for Relief on November 30, 2023. At the hearing, the Trustee raised the possibility of brokering a settlement to resolve all issues concerning the Property as part of administration of the bankruptcy estate. The Court continued the hearing for three weeks until December 21, 2023, in order to allow the Trustee to further explore the possibility of settlement and the question of removal of the Tax Foreclosure Action (despite the Town's objections to such removal), as well as to consider whether to commence an adversary proceeding under 11 U.S.C. § 548(a) to seek to avoid the tax title foreclosure judgment that entered in the Tax Foreclosure Action on January 5, 2022.

5. On December 5, 2023, the Trustee sent the Town's undersigned counsel a written settlement proposal. The Town's undersigned counsel provided the proposal to the Town Manager, who in turn provided it to the Town's Select Board, the entity which controls the Town's legal strategy and ultimately must approve any settlement. As the Select Board required additional time to consider the proposal in executive session pursuant to G.L. c. 30A, § 21(a)(3), on December 15, 2023, the Parties jointly moved to further continue the hearing on the Town's Motion for Relief. (Doc. No. 57) The Court granted that joint motion and rescheduled the continued hearing to February 13, 2024.

6. Subsequently, the Parties have continued to discuss a possible settlement and on February 7, 2024, the Town's undersigned counsel sent the Trustee a written settlement counterproposal as part of confidential settlement negotiations. The Town's undersigned counsel and the Trustee discussed the Town's counterproposal further on February 8, 2024, and agreed

2

that while some issues still require further negotiation to reach an agreement in principle, and any settlement agreement must be approved by the Town's Select Board, the Parties appear to have reached consensus on the structure and key terms of a settlement and are making progress towards an agreement that can be presented to the Town's Select Board for approval. The Parties also anticipate that the settlement may be able to resolve or narrow certain issues and disputes involving some of Debtor's other creditors, thus streamlining the Trustee's administration of the bankruptcy estate. Upon such approval and execution by the necessary parties, the settlement would be presented to the Court for its approval pursuant to Fed. R. Bankr. P. 9019.

7. Several motions or issues are presently scheduled to be heard by the Court at the February 13 hearing in addition to the Town's Motion for Relief. Specifically, on January 16, 2023, the Town filed a Motion to Dismiss this bankruptcy pursuant to 11 U.S.C. § 707(a) (Doc. No. 69) (the "Motion to Dismiss"); on January 17, 2023, the Trustee filed a Notice of Removal of the Tax Foreclosure Action (Doc. No. 74, which has been re-docketed as Doc. No. 1 in Related Case No. 24-ap-04006); and on February 2, 2024, the Trustee filed a Motion to Compel the California State Controller to Surrender Property (Doc. No. 78). Additionally, on February 7, 2024, the Town filed a Motion to Remand and/or Abstain from Tax Foreclosure Action (Doc. No. 83, which has been re-docketed as Doc. No. 2 in Related Case No. 24-ap-04006) (the "Motion to Remand"). Although the Motion to Remand has not yet formally been noticed for the February 13 hearing, in light of the Court's notice to hold a status conference on the Trustee's Notice of Removal at the hearing (Doc. No. 82), the issues presented by the Town's Motion to Remand would necessarily be raised.

8. All of these pending matters would be resolved or narrowed by the settlement being discussed by the Parties. The Parties intend to address the progress of the settlement with the

3

Court at the February 13 hearing (without revealing any confidential settlement communications, of course). Although preliminary discussions concerning the pending motions may necessarily take place as part of the colloquy with the Court concerning the status of the settlement and the overall status of the proceedings, the Parties believe that formal argument on the pending motions would be a waste of the Parties' and the Court's resources in light of the progress made towards settlement. As such, the Parties suggest that the Court treat the February 13 hearing as merely a status conference and defer any formal argument or adjudication on the motions so as to allow the Parties additional time to complete their settlement discussions, negotiate a formal settlement agreement, and present a Rule 9019 motion to the Court.

Respectfully submitted,

| | |
|---|---|
| JONATHAN R. GOLDSMITH, TRUSTEE IN BANKRUPTCY FOR WESTBOROUGH SPE LLC | TOWN OF WESTBOROUGH, |
| | By its attorneys, |
| */s/ Jonathan R. Goldsmith (with permission)* | */s/ Roger L. Smerage* |
| Jonathan R. Goldsmith (BBO# 548285) | Brian W. Riley (BBO# 555385) |
| GOLDSMITH, KATZ & ARGENIO, P.C. | Jeffrey T. Blake (BBO# 655773) |
| 1350 Main Street, 15th Floor | Roger L. Smerage (BBO# 675388) |
| Springfield, MA 01103 | KP Law, P.C. |
| Tel: (413) 747-0700 | Town Counsel |
| Email:  jgoldsmith@gkalawfirm.com | 101 Arch Street, 12th Floor |
| | Boston, MA 02110-1109 |
| | (617) 556-0007 |
| | briley@k-plaw.com |
| | jblake@k-plaw.com |
| | rsmerage@k-plaw.com |

Dated: February 9, 2024

903694/WBOR/0049

4

CERTIFICATE OF SERVICE

      I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing Joint Status Report to be served through the Court's CM/ECF system to the following counsel of record or by U.S. mail to the following unregistered parties:

Stephen F. Gordon
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
sgordon@gordonfirm.com
*Attorney for Petitioning Creditors*

Jonathan R. Goldsmith
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor
Springfield, MA 01103
trusteedocs1@gkalawfirm.com
*Attorney for Chapter 7 Trustee*

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
*Attorney for the U.S. Trustee*

Westborough SPE, LLC
c/o Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
*Debtor* (by U.S. mail)

Scott A. Schlager
Nathanson & Goldberg, P.C.
183 State Street, 5th Floor
Boston, MA 02109
sas@natgolaw.com
*Attorney for Creditor Nathanson & Goldberg, P.C.*

Paul W. Carey
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
pcarey@mirickoconnell.com
*Attorney for Creditor Ferris Development Group, LLC*

Darin Clagg
24 Kobbs Korner Rd.
Pine Bush, NY 12566
*Creditor* (by U.S. Mail)

Matthew A. Morris
Sherin and Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110
mmorris@sherin.com
*Creditor* (by email)

Lolonyon Akouete
800 Red Milles Rd.
Wallkill, NY 12589
info@smartinvestorsllc.com
*Creditor* (by email)

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com
*Creditor* (by email)

Lenard Benson Zide
Butters Brazilian LLP
420 Boylston Street, 4th Floor
Boston, MA 02116
zide@buttersbrazilian.com
*Attorney for Creditor The MobileStreet Trust* (by email)

Dated: February 9, 2024

                                                                                 Roger L. Smerage