UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                                Chapter 7
                                      Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,

                Debtor.

## REQUEST FOR EXPEDITED DETERMINATION - SUPPLEMENT TO MOTION FOR INTERIM DISTRIBUTION Doc.#92

**Introduction:**

I, Lolonyon Akouete, a creditor and manager of the debtor in the above-captioned bankruptcy case, submit this supplement to the Motion for Interim Distribution. This supplement aims to highlight pertinent issues that necessitate immediate attention from this Honorable Court.

**Debtor's Urgent Need for Legal Representation:**

1. The current circumstances of the debtor, Westborough SPE LLC, demand immediate legal assistance. The debtor's manager requires $20,000 to retain legal counsel for converting the Chapter 7 bankruptcy into Chapter 11. This conversion is crucial for the debtor's ability to navigate its financial situation effectively.
2. I assert that the proposed settlement agreement under consideration by the trustee and the Towns involved in the case may not serve the best interests of the debtor. This raises concerns about the fairness and adequacy of the proposed resolution for all parties involved.

**Concerns Regarding Pro Se Representation:**

3. It is essential to acknowledge the inherent disadvantages faced by pro se litigants in bankruptcy proceedings. Pro se parties often lack the necessary legal expertise and resources to effectively advocate for their interests.
4. Furthermore, the potential bias or undue influence stemming from the friendly relationship between the Town counsel and the trustee raises serious concerns about the fairness of the proceedings, particularly for the pro se litigant.

**Legal Complexity and Constitutional Considerations:**

5. This case involves novel legal and constitutional issues, highlighting the importance of a thorough and fair adjudication process. The resolution of such matters holds significant implications for the development and interpretation of tax foreclosure laws.
6. Privatizing the resolution of the case through settlement may impede the proper vindication of important legal rights, particularly in cases involving constitutional or statutory claims. Federal courts play a crucial role in issuing rulings that clarify and apply the law, especially in matters of constitutional significance.

**Reaffirmation of Debtor's Absolute Right to Convert:**

7. Section 706(a) of the Bankruptcy Code unequivocally grants debtors the absolute right to convert their case from Chapter 7 to Chapter 11 at any time. This statutory provision reflects Congress's intent to afford debtors the opportunity to address their financial obligations through alternative means.
8. Courts have consistently interpreted this right broadly, emphasizing that the court's role in such conversions is essentially ministerial. The legislative history further underscores Congress's intention to encourage debtors to explore avenues for debt repayment.

**Preservation of Assets and Petition for Conversion to Chapter 11:**

9. The debtor's circumstances have evolved during the Chapter 7 proceedings, prompting a reassessment of the most advantageous path forward. It has become apparent that reorganization under Chapter 11 would offer greater benefits or feasibility for the debtor's financial rehabilitation. Therefore, the debtor intends to petition the court for conversion to Chapter 11.
10. Given the current state of the bankruptcy estate, with $1,293,646.83 on deposit and the potential for further funds from the property at 231 Turnpike Rd Westborough, MA 01581, the debtor seeks to preserve these assets. Reorganizing under Chapter 11 would allow the debtor to retain assets that might otherwise be subject to liquidation in Chapter 7 proceedings.

**Conclusion:**

The urgency of the debtor's situation cannot be overstated. Immediate access to funds is imperative to retain legal representation and pursue the necessary conversion of the case from Chapter 7 to Chapter 11. Without the requested interim distribution, the debtor would face significant obstacles in securing the legal counsel essential for navigating the complexities of bankruptcy reorganization.

Furthermore, the potential consequences of delaying the conversion process are substantial. The preservation of assets and the maximization of the bankruptcy estate's value hinge upon prompt action. Therefore, the interim distribution sought in the Motion for Interim Distribution is not only justified but essential for the debtor's ability to effectively address its financial obligations and pursue a favorable outcome.

In light of these pressing considerations, I respectfully urge this Honorable Court to grant the Motion for Interim Distribution as outlined herein. Doing so will not only provide critical assistance to the debtor but also serve the interests of all creditors involved, ensuring a fair and equitable resolution in accordance with the principles of bankruptcy law.

DATED: February 13, 2024, Respectfully submitted:   By creditor,



Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

# **Exhibit 1**

# Settlement proposal from Jonathan Goldsmith and Scott A. Schlager

Smart Investors LLC Mail - In re Westborough SPE LLC - FOR SETTLEMENT PURPOSE...  https://mail.google.com/mail/u/0/?ik=92640d9856&view=pt&search=all&permmsgid=msg-f:...


Gmail

**Lolonyon Akouete <info@smartinvestorsllc.com>**

## In re Westborough SPE LLC - FOR SETTLEMENT PURPOSES ONLY

**Scott A. Schlager** <sas@natgolaw.com>   Thu, Feb 8, 2024 at 5:44 PM
To: "jgoldsmith@gkalawfirm.com" <jgoldsmith@gkalawfirm.com>
Cc: "sgordon@gordonfirm.com" <sgordon@gordonfirm.com>, Lolonyon Akouete <info@smartinvestorsllc.com>, "deniseedwards818@yahoo.com" <deniseedwards818@yahoo.com>, "Lenard B. Zide" <zide@buttersbrazilian.com>

**FOR SETTLEMENT PURPOSES ONLY**

Jonathan,

Thank you for taking the time to speak with me this afternoon. Per your suggestion, and after speaking with Lolo, Denise, and Attorney Zide, I am putting the following Settlement Proposal in writing per our discussion.

1. The Trustee is in receipt of the unclaimed funds from California which approximate $1,293,000.
2. The Trustee would use his best efforts to try and get all creditors paid within approximately 90 days +|- (see caveats below *)
3. The Trustee shall use those CA funds to pay off the creditor claims as follows:
   a. Denise Edwards - $150,000.00 at time of creditor distributions
   b. Lolonyon Akouete:
      i.   $250,000.00 at time of creditor distributions
      ii.  Remaining proceeds after payment of all creditors estimated to be approximately $150-200k +|- paid to Lolo.
      iii. Lolo would have a right to hire a new lawyer and pursue a claim in an "interpleader" action for the excess sale proceeds from the Real Property sale at 231 Turnpike Road, Westborough, MA turned over by the Town of Westborough at the Closing by the Escrow Agent.
   c. Nathanson & Goldberg, P.C. would be paid its to be filed revised Proof of Claim amount approximately $115k at time of creditor distributions.
   d. Mobile Street Trust to be paid its original proof of claim amount of roughly $367,131.
      i.   Mobile Trust to have Town agree to a lien in the amount of $166,500 being placed on 231 Turnpike Road for additional amounts owed under the Reciprocal Easement Agreement to be paid at time of closing of the sale of the real property. If Town would not agree, then Mobile Trust to have a priority lien on sale proceeds in the "interpleader" action.

e. Darren Clagg to be paid his claim amount
f. All Other creditors to be paid their claim amount
3. Lolo to not object to Trustees payment of creditors.
4. Lolo to not object to Trustee allowing Town to sell property to their buyer of choice.
5. Land Court case will be dismissed by stipulation of the Trustee and the Town.
6. Federal Case will be dismissed by stipulation of the Trustee and the Town.
7. David Ferris to get paid his claim of $10k plus up to $90k for due diligence costs, etc. (to be paid either by the Town out of the real property sale proceeds or by the Bankruptcy Estate or split). Bankruptcy Trustee to speak with Counsel for Ferris shortly.
8. *All subject to approval by the US Trustee and Judge Panos/Bankruptcy Court; the parties signing necessary settlement documents/stipulations to be drafted by Trustee

Does this reflect what you propose?

Thank you so much for your assistance.

-Scott

Scott A. Schlager

Partner

Nathanson & Goldberg, P.C.

183 State Street, 5th Floor

Boston, Massachusetts 02109

(O): (617) 210-4800

(C): (617) 909-4511

(F): (617) 210-4824

sas@natgolaw.com

*********************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# **Exhibit 2**

Email Correspondence Regarding Mediation Screening Conference - Case No. 19 TL 000768 Town of Westborough v. Westborough SPE, LLC, et al.

Smart Investors LLC Mail - 19 TL 000768 Town of Westborough v. Westborough SPE, LLC , e...    https://mail.google.com/mail/u/0/?ik=92640d9856&view=pt&search=all&permthid=thread-f:...

Gmail    Lolonyon Akouete &lt;info@smartinvestorsllc.com&gt;

## 19 TL 000768 Town of Westborough v. Westborough SPE, LLC , et al. - Request For Mediation Screening Conference

2 messages

**Scott A. Schlager** &lt;sas@natgolaw.com&gt;    Fri, Jul 21, 2023 at 1:22 PM
To: "emily.rosa@jud.state.ma.us" &lt;emily.rosa@jud.state.ma.us&gt;
Cc: Iris Leahy &lt;AttyLeahy@outlook.com&gt;, "eenglander@ec-attorneys.com" &lt;eenglander@ec-attorneys.com&gt;, Alvin Nathanson &lt;asn@natgolaw.com&gt;

Good Afternoon Clerk Rosa,

The Land Court has a screening session for Alternative Dispute Resolution. Pursuant to Land Court Standing Order 1-04, through which the court adopted its individual calendar system and time standards, the judge assigned to each case must conduct an "Early Intervention Event" as defined by SJC Uniform Rules on Dispute Resolution not later than at the Case Management Conference, held within 90 days of the filing of the complaint.

Since this Early Intervention Event was not held, we would respectfully request that the Court conduct a mandatory screening session for ADR forthwith.

Please advise at your earliest convenience as our Client is ready, willing, and able to entertain ADR and feel as though such a session may serve the purposes of judicial efficiency.

Thank you,

Scott A. Schlager, Esq.
Partner
Nathanson & Goldberg, P.C.
183 State Street, 5th Floor
Boston, Massachusetts 02109
(O): (617) 210-4800
(C): (617) 909-4511
(F): (617) 210-4824
sas@natgolaw.com

*******************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*******************************************

**Scott A. Schlager** <sas@natgolaw.com>  Mon, Jul 24, 2023 at 1:41 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>, "deniseedwards818@yahoo.com" <deniseedwards818@yahoo.com>

Sent from my iPhone

Scott A. Schlager, Esq.
Partner
Nathanson & Goldberg, P.C.
183 State Street, 5th Floor
Boston, Massachusetts 02109
(O): (617) 210-4800
(C): (617) 909-4511
(F): (617) 210-4824
sas@natgolaw.com

******************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

******************************************

Sent from my iPhone

Begin forwarded message:

> **From:** Iris Leahy <AttyLeahy@outlook.com>
> **Date:** July 24, 2023 at 1:36:58 PM EDT
> **To:** emily.rosa@jud.state.ma.us
> **Cc:** eenglander@ec-attorneys.com, Alvin Nathanson <asn@natgolaw.com>, "Scott A. Schlager" <sas@natgolaw.com>
> **Subject: RE: 19 TL 000768 Town of Westborough v. Westborough SPE, LLC, et al. - Request For Mediation Screening Conference**
>
> Hello Clerk Rosa,
>
> On behalf of the Plaintiff, please accept this response to Attorney Schlager's below email regarding a request for a mediation screening in 19 TL 000768.
>
> The Plaintiff does not believe that this case would benefit from mediation as there are unsettled matters of fact that the Town believes once reviewed by this

Smart Investors LLC Mail - 19 TL 000768 Town of Westborough v. Westborough SPE, LLC , e... https://mail.google.com/mail/u/0/?ik=92640d9856&view=pt&search=all&permthid=thread-f...

Court, will prove the Defendant does not have the to redeem.

This case is before this Court for a Pre-trial Conference but as I understood the Honorable Judge Speicher's instructions at the last hearing, this is in preparation for an evidentiary hearing at which the Motion to Vacate is to be decided. I am working diligently to prepare the first draft of the Joint Pre-trial Memorandum to provide to the counsel for the Defendant as soon as possible.

This case is not on a standard track and rather than continue to delay this case and unnecessarily increase the legal fees, the Plaintiff requests this case move forward as ordered by Judge Speicher.

Thank you,

Iris A. Leahy, Esq.

Law Office of Iris A. Leahy

4 Open Square Way, Suite 217

Holyoke, MA 01040

Phone: (413)322-8318

Fax: (413)322-8661

attyleahy@outlook.com

[Quoted text hidden]

# **Exhibit 3**

Email Correspondence Regarding Motion Response and Mediation Request - Case No. 19 TL 000768 Town of Westborough v. Westborough SPE, LLC, et al.



Lolonyon Akouete <info@smartinvestorsllc.com>

## 19 TL 000768 Town of Westborough v. Westborough SPE, LLC , et al.

**Iris Leahy** <AttyLeahy@outlook.com>                           Fri, Jan 20, 2023 at 9:32 AM
To: Lolonyon Akouete <info@smartinvestorsllc.com>

Hello Mr. Akouete,

Thank you for your below email. I am working diligently to provide you with a response to your Motion to Vacate. I hope to have it completed next week. I will provide it to you as soon as I can.

In regard to your request for mediation, the town is still opposed to the vacation of the judgment and has not changed its position.

Thank you,

Iris A. Leahy, Esq.

Law Office of Iris A. Leahy

4 Open Square Way, Suite 217

Holyoke, MA 01040

Phone: (413)322-8318

Fax: (413)322-8661

attyleahy@outlook.com

---

**From:** Lolonyon Akouete <info@smartinvestorsllc.com>
**Sent:** Wednesday, January 18, 2023 9:44 AM
**To:** Iris Leahy <AttyLeahy@outlook.com>
**Subject:** Re: 19 TL 000768 Town of Westborough v. Westborough SPE, LLC , et al.

Good morning Ms. Leahy,

When can we expect to see your response to the motion?
We plan to appeal the judgment and refile the Lis Pendens if we do not receive a favorable outcome on the February 9th hearing.
It will create a lot of attorney fees, and we may not be responsible for that if all of this is caused by the town prematurely awarding the bid to Lax Media before the expiration of the redemption period.

Is the town willing to try Mediation? It may save both of us time and money.

I was also thinking about our right to redeem the property if it is still in question. It must be addressed under the

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, a creditor, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110



Lolonyon Y Akouete