UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                                     Chapter 7
                                           Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,

                   Debtor.

Re: Response to Trustee's Objection to Motion for Interim Distribution (Docket #92) and Request for Expedited Determination (Docket #99)

Dear Honorable Christopher J. Panos:

I am writing to respectfully submit my response to the Trustee's objection to the Motion for Interim Distribution (Docket #92) and Request for Expedited Determination (Docket #99) filed by Jonathan R. Goldsmith, the duly appointed Trustee in the above-captioned case. Below are the arguments supporting the Motion for Interim Distribution and addressing the concerns raised by the Trustee:

**1. Simplicity and Clarity of Claims:** The estate's straightforward nature, with only seven filed claims, supports the need for a rapid review and validation process. Complexity or ambiguity in the claims is notably absent, reducing administrative burden and expediting resolution. The interim distribution does not preclude the resolution of disputed claims or the tax foreclosure issue.

**2. Uncontested Nature of the Motion:** The absence of objections from any creditors signifies a collective agreement or lack of concern among them regarding the proposed interim distribution. This consensus underscores the fairness and appropriateness of the distribution.

**3. Adequate Liquidity within the Estate:** With $1.2 million in cash reserves, the estate possesses ample liquidity to cover the interim distribution without compromising its ability to meet obligations or treat creditors equitably. Delaying distribution would serve no purpose given the estate's financial stability.

**4. Benefit to Creditors:** Prompt interim distribution ensures creditors timely access to their rightful assets, minimizing financial uncertainty and maximizing their ability to address their own obligations. This aligns with the overarching goal of bankruptcy proceedings.

**5. Legal Representation Requirement and Strategic Need for Funds:** Acknowledging the legal requirement for LLCs to be represented in court proceedings, the request for interim distribution is strategically aimed at securing competent legal representation for the debtor. This is essential for navigating the complexities of the bankruptcy process and effectuating a potential conversion to Chapter 11 bankruptcy.

**6. Invitation for Evidentiary Hearing:** It is noted that any dispute over management should be addressed through the appropriate legal channels, such as the Delaware Chancery Court, given the entity's status as a Delaware entity. However, should the Court deem it necessary, we welcome the

opportunity for an evidentiary hearing to address any concerns regarding the authority of Lolonyon Akouete and Denise Edwards to act on behalf of the debtor. Clarifying this issue will ensure that all parties involved have a clear understanding of the roles and responsibilities within the bankruptcy proceedings.

**7. Concerns Regarding Walter A. Horst:** It is imperative to address the concerns raised regarding Walter A. Horst's actions. His filing of the State of Delaware Certificate of Correction raises questions about his motives and potential conflicts of interest. This document appears to be an attempt to shield himself from liability and undermine the interests of the debtor. Our communication with Mr. Horst suggests a last-minute effort to harm the debtor's interests, rather than acting in good faith.

Babcock and Brown Parallel Member LLC succeeded Babcock and Brown Administrative Services, Inc. as its successor. Consequently, F. Jan Blaustein Scholes had the necessary capacity and authority to execute and correct the certificate of cancellation for Babcock and Brown Parallel Member LLC. However, the cancellation executed by Walter A. Horst contravened the debtor's operating agreement and requires rectification. *See Exhibit A.*

Similarly, an analogous situation occurred on November 20, 2007, when Dyann Blaine, who was purportedly authorized, mistakenly filed a Certificate of Withdrawal for Westborough SPE LLC's Massachusetts registration (ID 000593094), an action not duly authorized and in breach of both Westborough SPE LLC's operating agreement and Delaware law. Westborough SPE LLC maintained a lease and ownership of the property at 231 Turnpike Road, Westborough, MA, from 1997 until January 5, 2022, as recorded in the Worcester County Registry of Deeds at Book 19369, Page 75.

**8. Affirmation of Good Faith Conduct and Commitment to Transparency:** It is essential to affirm that our actions throughout this process have been conducted in good faith and with a commitment to transparency. Unlike scenarios that might warrant skepticism, such as those highlighted in Marrama v. Citizens Bank of Massachusetts, our conduct has not involved any concealment of assets or fraudulent behavior. Defending the interests of the entity, fulfilling our fiduciary duty has been vigorous but entirely within the realm of our legal rights, aiming to secure the best possible outcome for all parties involved. See In re Basil Street Partners, LLC, 477 B.R. 856.

In conclusion, I respectfully urge the Court to approve the Motion for Interim Distribution, as it represents a critical step towards facilitating an orderly and effective resolution of the bankruptcy case.

DATED: February 26, 2024, Respectfully submitted:

By creditor,



Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

Exhibit A

# State of Delaware
# Certificate of Correction
# of a Limited Liability Company
# to be filed pursuant to Section 18-211(a)

1. The name of the Limited Liability Company is: BABCOCK & BROWN PARALLEL MEMBER LLC

2. That a Certificate of CANCELLATION was filed by the Secretary of State of Delaware on 15 March 2019, and that said Certificate requires correction as permitted by Section 18-211 of the Limited Liability Company Act.

3. The inaccuracy or defect of said Certificate is: (must give specific reason)

   Due to a clerical error, the cancellation was filed prematurely. The entity is the Manager of Westborough SPE, LLC and there are still significant assets that need to be liquidated.

4. The Certificate is hereby corrected to read as follows:

   The Certificate of Cancellation/Withdrawal is rendered null and void.

IN WITNESS WHEREOF, the undersigned have executed this Certificate on the 23 day of June, A.D. 2023.

By: _____
Authorized Person

Name: F Jan Blaustein Schol
Print or Type

State of Delaware
Secretary of State
Division of Corporations
Delivered 07:21 AM 06/30/2023
FILED 07:21 AM 06/30/2023
SR 20232897300 - File Number 4370415

# Delaware
## The First State

Page 1

*I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "BABCOCK & BROWN PARALLEL MEMBER LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE FIFTH DAY OF JULY, A.D. 2023.*

Jeffrey W. Bullock, Secretary of State

4370415  8300
SR# 20232917389

Authentication: 203677211
Date: 07-05-23

You may verify this certificate online at corp.delaware.gov/authver.shtml

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, a creditor, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

| | |
|---|---|
| Stephen F. Gordon, Attorney of the Petitioners | Paul W. Carey, Attorney of Creditor |
| (Email: sgordon@gordonfirm.com) | FERRIS DEVELOPMENT GROUP, LLC |
| The Gordon Law Firm LLP | (Email: pcarey@mirickoconnell.com) |
| River Place 57 River Street Wellesley, MA 02481 | Mirick, O'Connell, DeMallie & Lougee, LLP |
| | 100 Front Street, Worcester, MA 01608 |
| Scott A. Schlager on behalf of, | |
| Nathanson & Goldberg, P.C., a creditor. | Brian W. Riley, Attorney of Creditor |
| (Email: sas@natgolaw.com) | Jeffrey T. Blake, Attorney of Creditor |
| 183 State Street, 5th Floor Boston, MA 02109 | Roger L. Smerage, Attorney of Creditor |
| | TOWN OF WESTBOROUGH |
| Assistant U.S. Trustee | (Email: briley@k-plaw.com) |
| Richard King | (Email: jblake@k-plaw.com) |
| Office of US. Trustee | (Email: rsmerage@k-plaw.com) |
| 446 Main Street 14th Floor | KP Law, P.C. 101 Arch Street, |
| Worcester, MA 01608 | 12th Floor Boston, MA 02110 |
| USTPRegion01.WO.ECF@USDOJ.GOV | |
| | |
| Jonathan R. Goldsmith | Gary M Ronan |
| Chapter 7 Trustee | David M Abromowitz |
| trusteedocs1@gkalawfirm.com | Goulston&storrs |
| Goldsmith, Katz & Argenio P.C. | GRonan@goulstonstorrs.com |
| 1350 Main Street, 15th Floor. | DAbromowitz@goulstonstorrs.com |
| Springfield, MA 01103 | 400 Atlantic Avenue |
| | Boston, MA 02110 |


_____
Lolonyon Y Akouete