UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 23-40709-CJP

Chapter 7

| | |
|---|---|
| In re:<br><br>WESTBOROUGH SPE LLC | TOWN OF WESTBOROUGH'S MOTION TO ENLARGE THE TIME TO FILE A PROOF OF CLAIM |

The Town of Westborough ("Town"), listed in the Debtor's Matrix List of Creditors (Doc. No. 7) in the above-captioned action, hereby moves pursuant to Fed. R. Bankr. P. 3002(c)(1) to enlarge the time for the Town, a governmental unit, to file a proof of claim. The Town's sole interest in this proceeding relates to the real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property"), which was once owned by Westborough SPE LLC but title to which vested in the Town pursuant to a pre-petition tax title foreclosure judgment. As such, the Property was not an asset of the Debtor at the time that the involuntary Chapter 7 petition was filed. Nevertheless, the Debtor and the Chapter 7 Trustee have raised certain matters in this proceeding which they contend may bring the Property within the scope of the bankruptcy estate. Resolution of these disputes in a manner adverse to the Town later in this proceeding (assuming such disputes are not resolved by the settlement currently being discussed between the Town and the Chapter 7 Trustee) might require the Town to file a proof of claim.

As such, and for the reasons discussed below, the Town respectfully requests this Court enlarge the time for the Town to file a proof of claim until such time as the Court enters an order determining that the Property is an asset of the bankruptcy estate.[1] Should the Court deny this

---

[1] The undersigned counsel for the Town has conferred with the Chapter 7 Trustee, who expressed no objection to the Town seeking an enlargement of time under Rule 3002(c)(1).

request, the Town would respectfully request forty-eight (48) hours to file a proof of claim with a reservation of rights with respect to the disputed issues below.

## BACKGROUND

The Town hereby incorporates the facts contained in its previous Motion for Relief from Automatic Stay, see Doc. 20; Motion to Dismiss, see Doc. 69; and Motion to Remand and/or Abstain from Hearing Tax Foreclosure Action, see Doc. 83. While many of the facts relevant to those filings are also relevant to this Motion, it will be sufficient to recount only a few.

In 1997, the entity Westborough SPE LLC (the "LLC") acquired the Property. Doc. 69, p. 2. On December 18, 2028, the Town recorded an instrument of taking on the Property. Doc. 69, p. 3. On July 8, 2019, the Town commenced an action in the Massachusetts Land Court to foreclose any extant rights of redemptions (the "Tax Foreclosure Action"), and on January 5, 2022, the Land Court entered judgment in favor of the Town. Doc. 69, p. 3. On January 4, 2023, the final day to petition to vacate that judgment, the Debtor filed a motion to do so (the "Motion to Vacate"). Doc. 69, p. 5. On the day of the pre-hearing conference on the Motion to Vacate, August 31, 2023, Nathanson & Goldberg, P.C. and The MobileStreet Trust filed an involuntary Chapter 7 petition against the Debtor. Doc. 69, pp. 8-9.

On October 12, 2023, the Court set a proof of claim deadline that required governmental units to file a proof of claim within 180 days from the date the involuntary petition was filed. See Doc. 30. Today, February 27, 2024, is the 180th day from August 31, 2023.

## ARGUMENT

Pursuant to Rule 3002 of the Federal Rules of Bankruptcy Procedure, "[t]he court may, for cause, enlarge the time for a governmental unit to file a proof of claim … upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim." Fed.

2

R. Bankr. P. 3002(c)(1). As discussed below, several reasons exist to find cause to enlarge the time for the Town[2] to file a proof of claim, not the least of which is the fact that the Property is not currently part of the Debtor's bankruptcy estate and the Town has sought to dismiss this bankruptcy proceeding in its entirety. These issues should be resolved (either through settlement or adjudication by the Court) before the Town is forced to file a proof of claim, when the only way in which the Town would seek payment from the bankruptcy estate is if the tax title foreclosure judgment is vacated or avoided.

The Town is currently not a creditor, but merely a party in interest, and the Property is not a part of the bankruptcy estate. The Bankruptcy Code defines "creditor" as an entity that has a claim against the debtor, an entity that has a claim against the estate, or an entity that has a community claim. 11 U.S.C. § 101(10). Moreover, a "claim" is defined as a "right to payment" or "right to an equitable remedy." 11. U.S.C. § 101(5). The Town owns the Property and, absent allowance of the Motion to Vacate or avoidance of the tax title judgment through a claim under 11 U.S.C. § 548, will recover the amounts due to the Town under G.L. c. 60 through sale of the Property. As such, the Town is not seeking payment or an equitable remedy from the Debtor at present. As discussed at length in the Town's Motion for Relief from Automatic Stay, where the Debtor's right to redeem the Property expired on January 5, 2022, the Property is not a part of the bankruptcy estate because the Debtor has no legal or equitable interest in it. See 11 U.S.C. § 541(a)(1) (the "estate is comprised of … all legal or equitable interests of the debtor in property as of the commencement of the case"); see also Tallage Lincoln, LLC v. Williams, 485 Mass. 449, 451-453 (2020) (entry of tax title foreclosure judgment "extinguishes the taxpayer's remaining

---

[2] The Town is a "governmental unit" under the Bankruptcy Code. See 11 U.S.C. § 101(27) ("United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.")

interest in the property—the right of redemption—and converts the municipality's … tax title into absolute title … free and clear of all encumbrances, including mortgages and other liens"). As such, the Town should not be required to file a proof of claim at the moment.

However, the Town recognizes that should this Court ultimately disagree with the Town's position regarding the Property, the Town may be required and would seek to file a proof of claim. In other words, "[i]f the Court determines [the Debtor] had an interest in the [Property] as of the Petition Date, then Federal bankruptcy law would determine whether" the Town had an obligation to file a proof of claim. In re Parker, 630 B.R. 653, 658 (S.D. Fla. Bankr. 2021). Unless and until such time, the Town does not seek to file a proof of claim. But if the Debtor's dispute with the Town concerning the Property is not resolved through settlement and the Property becomes a part of the bankruptcy estate at some point in the future, the Town will file a proof of claim in order to preserve its ability to recover the substantial tax debt which formed the basis for its Tax Foreclosure Action in the first place.

## **CONCLUSION**

For the foregoing reasons, the Town respectfully requests that this Court enlarge the time for the Town to file a proof of claim until such time as the Court enters an order determining that the Property is an asset of the bankruptcy estate. Should the Court deny that request, the Town respectfully requests forty-eight (48) hours to file a proof of claim with a reservation of rights.

Respectfully submitted,

TOWN OF WESTBOROUGH,

By its attorneys,

_____
Brian W. Riley (BBO# 555385)
Jeffrey T. Blake (BBO# 655773)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jblake@k-plaw.com
rsmerage@k-plaw.com

Dated: February 27, 2024

906618/WEST/0049

5

<u>CERTIFICATE OF SERVICE</u>

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing Motion to Enlarge to be served through the Court's CM/ECF system to the following counsel of record or by U.S. mail to the following unregistered parties:

Stephen F. Gordon
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
sgordon@gordonfirm.com
*Attorney for Petitioning Creditors*

Jonathan R. Goldsmith
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor
Springfield, MA 01103
trusteedocs1@gkalawfirm.com
*Attorney for Chapter 7 Trustee*

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
*Attorney for the U.S. Trustee*

Westborough SPE, LLC
c/o Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
*Debtor* (by U.S. mail)

Scott A. Schlager
Nathanson & Goldberg, P.C.
183 State Street, 5th Floor
Boston, MA 02109
sas@natgolaw.com
*Attorney for Creditor Nathanson & Goldberg, P.C.*

Paul W. Carey
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
pcarey@mirickoconnell.com
*Attorney for Creditor Ferris Development Group, LLC*

Darin Clagg
24 Kobbs Korner Rd.
Pine Bush, NY 12566
*Creditor* (by U.S. Mail)

Matthew A. Morris
Sherin and Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110
mmorris@sherin.com
*Creditor* (by email)

Lolonyon Akouete
800 Red Milles Rd.
Wallkill, NY 12589
info@smartinvestorsllc.com
*Creditor* (by email)

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com
*Creditor* (by email)

Lenard Benson Zide
Butters Brazilian LLP
420 Boylston Street, 4th Floor
Boston, MA 02116
zide@buttersbrazilian.com
*Attorney for Creditor The MobileStreet Trust* (by email)

Dated: February 27, 2024

_____
Roger L. Smerage

6