UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

| | |
|---|---|
| In re:<br><br>WESTBOROUGH SPE LLC,<br><br>Debtor. | Chapter 7<br>Case No. 23-40709-CJP |

REPLY TO RESPONSE OF PETITIONING CREDITORS TO MOTION FOR INTERIM DISTRIBUTION [Docket No. 92]

To The Honorable Christopher J. Panos, United States Bankruptcy Judge:

I, Lolonyon Akouete, in my capacity as Creditor, hereby submit this reply to the Response of Petitioning Creditors to the Motion for Interim Distribution [Docket No. 109]. This reply aims to address the concerns raised by the petitioning creditors and to clarify the purpose and necessity of the proposed interim distribution within the context of the estate's current financial and legal circumstances.

1. **Agreed Amount for Interim Distribution:** It is crucial to note that the amount proposed for the interim distribution is not arbitrary but reflects the exact figure previously agreed upon by the creditors when the Trustee proposed it as part of a settlement offer. This agreement signifies a consensus on the reasonableness and fairness of the distribution amount, ensuring that it is in line with the creditors' expectations and the estate's capacity.
2. **Concerns Regarding Legal Representation and Chapter 11 Conversion:** The apprehension expressed by the petitioning creditor regarding the potential use of interim distribution funds for retaining legal representation, and the subsequent conversion of the case from Chapter 7 to Chapter 11, underscores a strategic consideration rather than a principled objection to the distribution itself. While it is understood that such a conversion might introduce delays in payments to creditors, it is also essential to recognize the debtor's rights within the bankruptcy process. The ability to retain legal representation and consider all available legal avenues, including conversion, is a fundamental aspect of ensuring that the debtor's interests are adequately represented and that the estate is managed in the best possible manner for the benefit of all stakeholders.
3. **Exhibit Reference:** Attached as an exhibit to this reply is evidence supporting the agreed-upon amount for the interim distribution and further elucidating the context within which these discussions and agreements took place. This exhibit serves to provide the Court with a comprehensive understanding of the negotiations and consensus reached among the parties involved.
4. **Objective of Interim Distribution:** The objective behind seeking approval for an interim distribution is twofold: to adhere to the agreements and expectations set forth by the creditors and the Trustee and to ensure that the estate can address its immediate financial and legal needs responsibly. This includes retaining necessary legal representation, which is essential for navigating the complexities of bankruptcy proceedings and exploring all avenues, including conversion, that might maximize the estate's value and creditors' recoveries in the long run.

In conclusion, the motion for an interim distribution is made with a deep understanding of the estate's financial position, the agreements reached with creditors, and the broader strategic considerations at play. It is driven by a commitment to manage the estate's assets responsibly and transparently, with the ultimate goal of maximizing returns to all creditors. Therefore, we respectfully request that the Court consider the points raised in this reply, along with the attached exhibit, and grant the motion for interim distribution as a step towards the equitable and effective resolution of this case.

DATED: February 27, 2024, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

# **<u>Exhibit 1</u>**

Settlement Proposal Correspondence for Westborough SPE LLC.



Lolonyon Akouete <info@smartinvestorsllc.com>

# In re Westborough SPE LLC - FOR SETTLEMENT PURPOSES ONLY

**Scott A. Schlager** <sas@natgolaw.com> Thu, Feb 8, 2024 at 5:44 PM
To: "jgoldsmith@gkalawfirm.com" <jgoldsmith@gkalawfirm.com>
Cc: "sgordon@gordonfirm.com" <sgordon@gordonfirm.com>, Lolonyon Akouete <info@smartinvestorsllc.com>, "deniseedwards818@yahoo.com" <deniseedwards818@yahoo.com>, "Lenard B. Zide" <zide@buttersbrazilian.com>

**FOR SETTLEMENT PURPOSES ONLY**

Jonathan,

Thank you for taking the time to speak with me this afternoon. Per your suggestion, and after speaking with Lolo, Denise, and Attorney Zide, I am putting the following Settlement Proposal in writing per our discussion.

1. The Trustee is in receipt of the unclaimed funds from California which approximate $1,293,000.
2. The Trustee would use his best efforts to try and get all creditors paid within approximately 90 days +|- (see caveats below *)
3. The Trustee shall use those CA funds to pay off the creditor claims as follows:
    a. Denise Edwards - $150,000.00 at time of creditor distributions
    b. Lolonyon Akouete:
        i. $250,000.00 at time of creditor distributions
        ii. Remaining proceeds after payment of all creditors estimated to be approximately $150-200k +|- paid to Lolo.
        iii. Lolo would have a right to hire a new lawyer and pursue a claim in an "interpleader" action for the excess sale proceeds from the Real Property sale at 231 Turnpike Road, Westborough, MA turned over by the Town of Westborough at the Closing by the Escrow Agent.
    c. Nathanson & Goldberg, P.C. would be paid its to be filed revised Proof of Claim amount approximately $115k at time of creditor distributions.
    d. Mobile Street Trust to be paid its original proof of claim amount of roughly $367,131.
        i. Mobile Trust to have Town agree to a lien in the amount of $166,500 being placed on 231 Turnpike Road for additional amounts owed under the Reciprocal Easement Agreement to be paid at time of closing of the sale of the real property. If Town would not agree, then Mobile Trust to have a priority lien on sale proceeds in the "interpleader" action.
    e. Darren Clagg to be paid his claim amount
    f. All Other creditors to be paid their claim amount
3. Lolo to not object to Trustees payment of creditors.
4. Lolo to not object to Trustee allowing Town to sell property to their buyer of choice.
5. Land Court case will be dismissed by stipulation of the Trustee and the Town.
6. Federal Case will be dismissed by stipulation of the Trustee and the Town.
7. David Ferris to get paid his claim of $10k plus up to $90k for due diligence costs, etc. (to be paid either by the Town out of the real property sale proceeds or by the Bankruptcy Estate or split). Bankruptcy Trustee to speak with Counsel for Ferris shortly.
8. *All subject to approval by the US Trustee and Judge Panos/Bankruptcy Court; the parties signing necessary

settlement documents/stipulations to be drafted by Trustee

Does this reflect what you propose?

Thank you so much for your assistance.

-Scott

Scott A. Schlager

Partner

Nathanson & Goldberg, P.C.

183 State Street, 5th Floor

Boston, Massachusetts 02109

(O): (617) 210-4800

(C): (617) 909-4511

(F): (617) 210-4824

sas@natgolaw.com

**********************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

**********************************************

# **Exhibit 2**

## Correspondence on Westborough SPE LLC's Chapter 11 Conversion Request and Legal Considerations



Lolonyon Akouete <info@smartinvestorsllc.com>

## Chapter 11 Conversion of Westborough SPE LLC

6 messages

**Lolonyon Akouete** <info@smartinvestorsllc.com> Fri, Feb 23, 2024 at 6:48 PM
To: "Scott A. Schlager" <sas@natgolaw.com>

Scott,

Can you ask if the petitioning creditors and the trustee will agree to convert Westborough SPE LLC's involuntary Chapter 7 Bankruptcy into Chapter 11? If we do this, creditors will get paid immediately, and the trustee will become a creditor and be paid for the time and effort he's been putting in.

I've found a bankruptcy attorney/trustee who is willing to do the conversion, but before I borrow money for the retainer, I want to check if we have any objections.

I believe that Section 706 of the Bankruptcy Code allows for conversion at any time, and the right of conversion is absolute. The conversion process requires the presentation of a motion, but it is not a contested matter under Rule 9014. You can find more information about this in the attached case law at these URLs: https://casetext.com/case/in-re-porras-3 and https://www.judyrecords.com/record/ayus2nbm3cb1.

Thank you for your help!

Lolonyon Akouete

Manager of Westborough SPE, LLC

1241 Deer Park Ave., Suite 1, #1051

North Babylon, NY 11703

info@smartinvestorsllc.com

(443) 447-3276

---

**Scott A. Schlager** <sas@natgolaw.com> Sun, Feb 25, 2024 at 7:19 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>
Cc: "sgordon@gordonfirm.com" <sgordon@gordonfirm.com>

Lolo,

Per your request, we have reached out to counsel for the petitioning creditors, and the Trustee. We have not heard the Trustees' response to date, but counsel for the petitioning creditors has indicated that he would oppose conversion to Chapter 11.

Counsel for the Petitioning Creditors would oppose conversion to Chapter 11, because he believes that, contrary to your unsubstantiated, and in his opinion, incorrect statement that "creditors will be paid immediately" in Chapter 11, the creditors will in fact be significantly delayed in payment under a Chapter 11 proceeding, which needs to be weighed against the certainty of payment in full in Chapter 7, and the likely speed of that payment (which counsel for

the petitioning creditors states you should consider supporting if you truly desire the fastest possible payment to creditors).

Counsel for the petitioning creditors also stated that your citation to ancient Bankruptcy Court level case law (i.e. non-appellate level) supporting a Chapter 7 debtor's absolute right to convert to Chapter 11 was superseded more than 20 years later by no less than the United States Supreme Court. In a case, interestingly originating in the US Bankruptcy Court for the District of Massachusetts, Marrama v. Citizens Bank of Mass., 549 U.S. 365 (2007), which is attached for reference. While Marrama involved an attempted conversion from 7 to 13, Counsel for the Petitioning Creditors believes that the same principles would prevent a conversion to Chapter 11 here.

Respectfully,

Scott A. Schlager

Partner

Nathanson & Goldberg, P.C.

183 State Street, 5th Floor

Boston, Massachusetts 02109

(O): (617) 210-4800

(C): (617) 909-4511

(F): (617) 210-4824

sas@natgolaw.com

************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

************************************************

[Quoted text hidden]

**Marrama v. Citizens Bank of Mass., 549 US 365 (2007).pdf**
257K

**Lolonyon Akouete** <info@smartinvestorsllc.com> Sun, Feb 25, 2024 at 9:32 PM
To: "Scott A. Schlager" <sas@natgolaw.com>
Cc: "sgordon@gordonfirm.com" <sgordon@gordonfirm.com>

Scott,

Thank you for your response.
I looked up the Marrama case, but our case is much different and more complex.

- **Good Faith Actions**: Our conduct has been transparent and in compliance with legal standards, devoid of any bad faith as defined in legal precedents.

- **Maximizing Creditor Recovery**: With $1.2 million available to us, converting to Chapter 11 would significantly enhance our ability to satisfy creditor claims, offering a more favorable outcome than liquidation under Chapter 7.

- **Feasibility of Rehabilitation**: Our financial resources underscore the viability of a successful reorganization, presenting a clear pathway for rehabilitation under Chapter 11.

We believe that Chapter 11 offers a constructive framework for all stakeholders and maximizes the potential for creditor recovery. We are committed to an open dialogue and are ready to provide further details or address any questions you may have. Below is a link to a case that allows a debtor to convert taking into consideration the Supreme Court decision. https://www.judyrecords.com/record/2i8z563mra4ed

I'm not trying to make everybody's life difficult. The state controller had refused to release the entity's funds. That's what has led us to this place.
Now that's behind us. The town is our next obstacle. Several Chapter 7 and 11 trustees have agreed to take on the case.
The one we want to go with is Joseph G. Butler, I don't think he is a difficult person to work with and he will now be afraid of the Town.
He's willing to hire Scott as a special Like a legal council to handle the land court case.

I want to clarify that I am not trying to make things difficult. The state controller had refused to release the entity's funds, which led us to this situation. But now that we have overcome that hurdle, our next obstacle is the town. Several Chapter 7 and 11 trustees have agreed to take on the case, and we would like to work with Joseph G. Butler. He is easy to work with and will not be afraid of the Town. He is also willing to hire you as a special legal counsel to handle the land court case.

My goal is to find the beneficial owner and give them the rest of the funds. This is why I don't want to just take a little bit of money and run away. If I did that, I would open myself up to more liability in the future. As an investigator of unclaimed funds, my duty is to find the rightful owner. I will also make sure I receive the entirety of the $620,000 that I filed a proof of claim for.

Thank you for your consideration, and we look forward to hearing your feedback

Lolonyon Akouete

Manager of Westborough SPE, LLC

1241 Deer Park Ave., Suite 1, #1051

North Babylon, NY 11703

info@smartinvestorsllc.com

(443) 447-3276

[Quoted text hidden]

---

**Stephen Gordon** <sgordon@gordonfirm.com>                    Sun, Feb 25, 2024 at 10:12 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>

Scott only-

I believe that the already in play fight over whether or not Lolo is indeed legally the Manager of the Debtor will cause an inordinate delay in payment to creditors and excessive costs. But if he can get counsel to purport to represent the Debtor, maybe the Judge will allow him to convert to 11 over objection. Likely, even if converted to 11, there will be a Trustee, so Westborough SPE, LLC will not be a Debtor-in-Possession, but Lolo could propose a Plan. I don't see any value to creditors of a Chapter 11 and I don't see how Chapter 11 can "maximize recovery to creditors," all of whom will be paid in full in Chapter 7. What's more favorable than that?

Stephen F. Gordon
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
Main: 617-261-0100
Direct: 617-456-1270
Sgordon@gordonfirm.com
www.GordonFirm.com

[Quoted text hidden]

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>   Sun, Feb 25, 2024 at 11:38 PM
To: "Scott A. Schlager" <sas@natgolaw.com>
Cc: Stephen Gordon <sgordon@gordonfirm.com>

Scott,

I want to clarify some points about the bankruptcy case. Under Chapter 11, creditors will benefit as I will not object to their claims as much as I would under Chapter 7. However, I still need to ensure that there are no excessive fees charged by reviewing all the claims (according to Rule 1.5: Fees). By selling the property to David Ferris for $2.8 Million, the bankruptcy estate will increase from $1.2 Million to $4 Million.

I recently exchanged text messages with David Ferris who still wishes to purchase the property and can close the deal in 14 days. However, the real fight will begin if the Chapter 7 trustee refuses to sell him the property, which is why Paul Carey is representing him. He did not retain Paul just for the $10k he lent me for attorney fees. He is willing to litigate this for the next 10 years.

Regarding the dispute over whether or not I am legally the Manager of the entity, it can easily be resolved.

To resolve a dispute over the manager position in a Delaware entity, follow a structured approach rooted in Delaware's corporate legal framework:

1. **Review Governing Documents**: Begin by examining the entity's operating agreement and other key documents to understand the prescribed process for managing disputes over managerial positions.

2. **Gather Evidence**: Collect documentation that substantiates your stance on the manager's status, including communication records and official meeting minutes.

3. **Attempt Internal Resolution**: Try to resolve the issue internally through discussions with members or stakeholders, guided by the entity's governing framework.

4. **Engage Legal Counsel**: If the dispute persists, seek advice from a legal professional experienced in Delaware corporate law to understand your legal position and options.

5. **Consider Alternative Dispute Resolution**: Explore ADR mechanisms like mediation or arbitration for a potentially quicker, confidential resolution. The Delaware Rapid Arbitration Act (DRAA) and Court of Chancery

Mediation offer paths to resolve disputes efficiently.

6. **Delaware Court of Chancery**: As a last resort, or if ADR is unsuitable, filing a lawsuit in the Delaware Court of Chancery may be necessary. This court specializes in corporate disputes and can make a definitive ruling.

7. **Comply With Court Rulings**: All parties must adhere to the court's decision, which will clarify the rightful manager according to the entity's documents and Delaware law.

Sources:

- Delaware Corporate & Commercial Litigation Blog: Delawarelitigation.com
- Harvard Law School Forum on Corporate Governance: corpgov.law.harvard.edu
- State of Delaware Corporate Law: corplaw.delaware.gov

Lolonyon Akouete

Manager of Westborough SPE, LLC

1241 Deer Park Ave., Suite 1, #1051

North Babylon, NY 11703

info@smartinvestorsllc.com

(443) 447-3276

[Quoted text hidden]

---

**Lolonyon Akouete** <info@smartinvestorsllc.com> Mon, Feb 26, 2024 at 7:47 AM
To: "Scott A. Schlager" <sas@natgolaw.com>
Cc: Stephen Gordon <sgordon@gordonfirm.com>

Good morning, Scott.

I request that you please agree not to oppose the motion to convert. This will save us from going back and forth and wasting time. I am being transparent and want to assure you that Joseph G. Butler is an excellent attorney with more than three decades of experience in bankruptcy law. He has served as a Chapter 7 Trustee in Massachusetts since 1987 and as a Chapter 11 Trustee in Massachusetts and Rhode Island. He has also been a receiver in Massachusetts. His expertise includes legal representation in bankruptcy courts, negotiations, and business reorganizations across various sectors, such as health care, high-tech, and real estate. I have also attached our retainer agreement. We hope to retain Ellisa O. Habbart to resolve the management issue. You can find more information about her at https://delawarecounselgroup.com/ellisa-habbart/.

Thank you for your consideration.

Lolonyon Akouete

Manager of Westborough SPE, LLC

1241 Deer Park Ave., Suite 1, #1051

North Babylon, NY 11703

info@smartinvestorsllc.com

(443) 447-3276

[Quoted text hidden]

---

**Westborough SPE LLC consultation fee agreement consultation.docx**
22K

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, a creditor, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C. 101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Lolonyon Y Akouete