UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 23-40709-CJP

Chapter 7

In re:

WESTBOROUGH SPE LLC

TOWN OF WESTBOROUGH'S OPPOSITION TO LOLONYON AKOUETE'S MOTIONS FOR <u>INTERIM DISBURSEMENT</u>

The Town of Westborough ("Town"), listed in the Debtor's Matrix List of Creditors (Doc. No. 7) in the above-captioned action, hereby opposes the Motion for Interim Distribution (Doc. No. 92) and Request for Expedited Determination – Supplement to Motion for Interim Distribution (Doc. No. 99) filed by Lolonyon Akouete. The Court should deny Mr. Akouete's motions for several reasons:

First, Mr. Akouete improperly filed the motions as both a purported creditor and a purported manager of the Debtor. As an initial matter, Mr. Akouete cannot file anything on behalf of the Debtor, Westborough SPE, LLC, because he is not an attorney. <u>Dickey</u> v. <u>Inspectional Servs. Dep't of Boston</u>, 482 Mass. 1003, 1004 (2019). Beyond this defect, Mr. Akouete lacks authority to act as a manager of Westborough SPE, LLC (the "LLC") for all the reasons set forth in the Town's pending Motion to Dismiss Bankruptcy Case (Doc. No. 69). Indeed, the issues concerning Mr. Akouete's authority to control the LLC are so significant that they warrant dismissal of this bankruptcy proceeding altogether. His repeated attempts to play both a creditor of the LLC and a manager of the LLC should be rejected. By no means should Mr. Akouete be allowed to access the LLC's assets or dictate the Debtor's actions in this bankruptcy proceeding if it proceeds.

Second, Mr. Akouete's motions are intended to interfere with the Town's disposition of the real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property"). The Property was once owned by the LLC, but title to the Property vested in the Town pursuant to a pre-petition tax title foreclosure judgment. The Town's sole interest in this proceeding relates to the Property, which the Town was prepared to sell to satisfy the outstanding real estate tax obligations under G.L. c. 60 until Mr. Akouete moved to vacate the tax title foreclosure judgment (purportedly on behalf of the Debtor) and, eventually, this bankruptcy proceeding was commenced. Mr. Akouete's on-going motion practice continues to hinder the Town's disposition of the Property, as it impedes resolution of the question of whether the Property is an asset of the bankruptcy estate either by Court order on the Town's motions or by settlement between the Town and the Chapter 7 Trustee.[1] Indeed, to the extent that the Debtor has any rights concerning the Property itself (as opposed to any surplus proceeds of a sale of the Property by the Town), be they through the motion to vacate the tax title foreclosure judgment or a potential claim to avoid the tax title foreclosure judgment pursuant to 11 U.S.C. § 548, those rights are under the Chapter 7 Trustee's control, not Mr. Akouete's. To the extent that the Chapter 7 Trustee needs to retain additional legal counsel to protect the Debtor's rights (as opposed to Mr. Akouete's desire to get paid), the Chapter 7 Trustee is authorized to do so. See 11 U.S.C. § 327. Interim distribution to Mr. Akouete is completely unnecessary to protect the Debtor's rights.

---

[1] As discussed at length in the Town's Motion for Relief from Automatic Stay, where the LLC's right to redeem the Property expired on January 5, 2022, but this bankruptcy was not commenced until August 31, 2023, the Property is not a part of the bankruptcy estate because the Debtor has no legal or equitable interest in it. See 11 U.S.C. § 541(a)(1) (the "estate is comprised of … all legal or equitable interests of the debtor in property as of the commencement of the case"); see also Tallage Lincoln, LLC v. Williams, 485 Mass. 449, 451-453 (2020) (entry of tax title foreclosure judgment "extinguishes the taxpayer's remaining interest in the property—the right of redemption—and converts the municipality's … tax title into absolute title … free and clear of all encumbrances, including mortgages and other liens").

2

Third, Mr. Akouete appears to be asking other parties to this proceeding to finance his own legal expenses.  Although the Town has no interest in the distribution of the bankruptcy estate's assets so long as the Property remains outside of the estate, Mr. Akouete's motions essentially request that the Court to authorize the estate (and thus the Debtor's creditors) to pay for Mr. Akouete to retain a lawyer for his own benefit, to explore ways that he can get money out of the estate when he has not established that he is entitled to such money, either as a creditor or as a "manager" of the Debtor.  Critically, the Debtor's own counsel in the Land Court tax title proceedings has opposed Mr. Akouete's motions.  See Doc. No. 109.  And, as it relates to the Town, if there is no settlement between the Town and the Debtor, the Debtor's estate will require sufficient cash to pay the outstanding tax obligations to the Town under G.L. c. 60 in the unlikely event that the Debtor's right of redemption is revived, and the Property is pulled into the bankruptcy estate, either through the motion to vacate the tax title foreclosure judgment or an avoidance of that judgment pursuant to 11 U.S.C. § 548.

In summary, Mr. Akouete's motions achieve no benefit for the bankruptcy estate.  Rather, assuming that this bankruptcy proceeding is not dismissed in its entirety for the reasons set forth in the Town's motion to dismiss, the estate is best served by allowing the Chapter 7 Trustee to continue administering the estate, including negotiating a settlement of the Debtor's disputes with the Town, and then paying the Debtor's valid creditors in the ordinary course under the Bankruptcy Code.  If Mr. Akouete can prove he is such a creditor and is entitled to a portion of the estate as a result, then he can get paid accordingly.  But he should not get to dictate the terms of this bankruptcy to the prejudice of the Town or the Debtor's valid creditors.  Notably, Mr. Akouete consented to the involuntary initiation of this Chapter 7 proceeding and even asked the Court to expedite the appointment of a Chapter 7 trustee.  See Doc. Nos. 5, 10.  He should not be allowed

3

to reverse course now that he realizes that the Chapter 7 Trustee is acting in the best interests of the Debtor, rather than Mr. Akouete himself personally.

    For the foregoing reasons, the Court should deny Mr. Akouete's pending motions.

Respectfully submitted,

TOWN OF WESTBOROUGH,

By its attorneys,

_____
Brian W. Riley (BBO# 555385)
Jeffrey T. Blake (BBO# 655773)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jblake@k-plaw.com
rsmerage@k-plaw.com

Dated: February 29, 2024

906789/WBOR/0049

4

CERTIFICATE OF SERVICE

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing Opposition to be served through the Court's CM/ECF system to the following counsel of record or by U.S. mail to the following unregistered parties:

Stephen F. Gordon
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
sgordon@gordonfirm.com
*Attorney for Petitioning Creditors*

Jonathan R. Goldsmith
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor
Springfield, MA 01103
trusteedocs1@gkalawfirm.com
*Attorney for Chapter 7 Trustee*

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
*Attorney for the U.S. Trustee*

Westborough SPE, LLC
c/o Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
*Debtor* (by U.S. mail)

Scott A. Schlager
Nathanson & Goldberg, P.C.
183 State Street, 5th Floor
Boston, MA 02109
sas@natgolaw.com
*Attorney for Creditor Nathanson & Goldberg, P.C.*

Paul W. Carey
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
pcarey@mirickoconnell.com
*Attorney for Creditor Ferris Development Group, LLC*

Darin Clagg
24 Kobbs Korner Rd.
Pine Bush, NY 12566
*Creditor* (by U.S. Mail)

Matthew A. Morris
Sherin and Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110
mmorris@sherin.com
*Creditor* (by email)

Lolonyon Akouete
800 Red Milles Rd.
Wallkill, NY 12589
info@smartinvestorsllc.com
*Creditor* (by email)

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com
*Creditor* (by email)

Lenard Benson Zide
Butters Brazilian LLP
420 Boylston Street, 4th Floor
Boston, MA 02116
zide@buttersbrazilian.com
*Attorney for Creditor The MobileStreet Trust* (by email)

Dated: February 29, 2024

_____
Roger L. Smerage