COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS                                                    LAND COURT DEPARTMENT

TOWN OF WESTBOROUGH,
        Plaintiff,

vs.                                                                          CASE No.: 19 TL 000768

WESTBOROUGH SPE, LLC, ET AL.,
        Defendant.

## RE: MOTION

## BEFORE THE HONORABLE HOWARD P. SPEICHER

APPEARANCES:

For the Plaintiff:

Law Office of Iris A. Leahy

By: Iris Ann Leahy, Esquire

4 Open Square Way - Suite 217

Holyoke, Massachusetts 01040

413.322.8318


For the Defendants:

Lolonyon Akouete

Manager of Westborough SPE, LLC

1241 Deer Park Ave., Suite 1, #1051

North Babylon, NY 11703

info@smartinvestorsllc.com

(443) 447-3276


Interested Person:

Brian R. Charville, Esquire

Chief Operating Officer and General Counsel

Ferris Development Group, LLC

118 Turnpike Rd., Ste. 300

Southborough, MA 01772

bcharville@ferrisdevelopment.com

508-281-5610

Suffolk County Courthouse, Courtroom 1102

January 10, 2023

Court Transcriber: Lolonyon Akouete, Audio #MA10133.

**P R O C E E D I N G S**

(Court called to order.)

(9:04 a.m.)

**THE CLERK**: Tuesday, January 10th, 2023. 19 Tax Lien 768, Town of Westborough vs. Westborough SPE, LLC, et al.

**THE COURT**: Okay. We're here on, uh, Westborough SPE, LLC's motion for approval of a memorandum of lis pendens. Mr. Akouete, you represent that party?

**MR. AKOUETE**: Yes.

**THE COURT**: And Miss Leahy, who do you represent?

**MS. LEAHY**: Your honor, I represent the Town of Westborough in their tax title foreclosure matters.

**THE COURT**: Okay. Uh, well, this is kind of unusual. I mean generally, towns are happy to give the property back, when somebody comes in and says, um, you know I'm here to pay the taxes, so why don't you tell me what's going on, Ms. Leahy?

**MS. LEAHY**: Sure. Um, your honor, I'd also like to, um, request, um, that we note that council is not present for Westborough SPE.

1  **THE COURT**: I'm sorry?

2  **MS. LEAHY**: Um, I do not believe that, um, Mr. Akouete, if I pronounce that

3  wrong is an attorney, um, and I do believe that they need to be represented by council.

4  **THE COURT**: Wait, you're saying Mr. Akouete is not an attorney?

5  **MS. LEAHY**: That is my understanding, your honor.

6  **THE COURT**: Mr. Akouete?

7  **MR. AKOUETE:** Yes, your honor.

8  **THE COURT**: Are you an attorney?

9  **MR. AKOUETE:** No, I'm not. I'm the manager of the LLC. At the last minute

10 something happened to our attorney, and he couldn't come. And Brian is an attorney here, he's

11 coming to, he's going to be, um, helping us soon, but we didn't have enough time to get an attorney

12 on board that's why I'm here.

13 **MR. CHARVILLE**: Uh, good morning judge, just to be clear, I am Charville

14 from Ferris Development Group, LLC.

15 **THE COURT**: Hold on, hold on, hold on. Mr. Charville?

16 **MR. CHARVILLE**: Yes judge.

17 **THE COURT**: Okay. Can you turn your camera on?

18 **MR. CHARVILLE**: Yeah, sorry, I'm driving. I'm just uh here monitoring the case

19 for my client. They're not a party, and we will not be representing the plaintiff. My client is interested

20 in the property, but again, just monitoring the case.

21 **THE COURT**: Your client's interested in the property?

22 **MR. CHARVILLE**: Yeah, but not a party to the case.

23 **THE COURT**: Well, your client is not the taxpayer, not Westborough SPE LLC.

24 **MR. CHARVILLE**: Correct judge.

25 **MS. LEAHY**: Your honor, if I may, um, to answer your question quickly about a

26 little bit of the background why the town is not, giving the property back, and I believe who may be

27 Mr. Charville is. Um, the town has put the property out um for a 30b proposal for an RFP, they

28

received three bids. Um, they selected one of the proposals, and um one of the other proposers who was not selected is actually suing, um, the town of Westborough and the superior court right now. Um, those are some of the.

**THE COURT**: Who is the taxpayer? Who is the former owner of the property?

**MS. LEAHY**: Westborough SPE.

**THE COURT**: All right. Mr. Akouete's company?

**MR. AKOUETE:** Yes.

**MS. LEAHY**: They have revived the company, and he is considered a manager of the company. I haven't received, um, evidence, um, pertaining to how he received, um, the right to become the manager of the property. There's some question about ownership of Westborough SPE in the land court case, um, the foreclosure action that the town undertook, um, we couldn't locate an owner of Westborough SPE and there was a liquidating company that was, there was a company that was managing the property, um, Babcock & Brown who actually was liquidated. Um, and I spoke to attorneys for that company and through the liquidation, they said they have no interest in the company. Um, but in my understanding, that Mr. Akouete has purchased an interest in this business through somebody who was a manager of Babcock & Brown. So there's some question there about if they actually have the right to redeem the property, which is another consideration that town, um, is taking, to not allow the redemption for the additional reasons that they don't want to get sued by the party they accepted the proposal from, the RFP process. But there's no closing date set, um, there's no purchasing sale sign, and they have to wait because there is a superior court case pending for injunctive relief, um, because they one of the proposers doesn't want the other one that's been selected, um, to move forward to sign the PNS. So there's no, there's no imminent danger, um, of the property being lost and like I said there are a lot of questions here, um, regarding title. Um, and if these parties, um, that have revived the company can show that they have the interest in the property that.

**THE COURT**: All right. So let me just confirm what I think I just heard you say. Well, first of all, how much is owed in taxes?

**MS. LEAHY**: Um, I don't have updated figures, but I do have figures from I think it was around 2017. Um, and it was about $300,000 in tax title and then there's $400,000 owed in a reciprocal easement agreement for the parking lot, um, clean up. And, um, the town has, um, the treasure just retired, um, and as soon as they had requested, Westborough SPE requested to redeem, the town said no, we're not going to allow redemption, you can bring your motion to vacate.

T**HE COURT**: The town's going to oppose the motion to vacate?

**MS. LEAHY**: They're planning to.

**THE COURT**: Because why?

**MS. LEAHY**: They are going to oppose the motion to vacate, um, because they are in the RFP process have selected a bidder, um, and I don't believe that the people that have revived Westborough actually have an interest in the property. They came forward as soon as the RFP was published. Um, they're an asset recovery firm of some sort I believe.

**THE COURT**: It's the actual owners of the.

**MS. LEAHY**: Of Westborough SPE? So Westborough SPE was a Delaware Corporation, um, and then file papers in Massachusetts, and then they were I believe involuntarily dissolved, um, in 2014. Um, and then they just recently were revived I think in November. I think that can be confirmed by.

**THE COURT**: Okay. And is it my understanding, is my understanding correct that there is a hearing scheduled and a motion to vacate?

**MS. LEAHY**: Yes, your honor. It's scheduled for January 19th at 10 a.m.

**THE COURT**: And I have the Town's representation from you that there's no imminent closing scheduled that could happen at any time before January 19th?

**MS. LEAHY**: So right now, because there is, there has been a hearing in the superior court case. Um, the judge has not made a decision according, I don't represent them in that matter. Um, I spoke to Town Council yesterday at KP law, um, and they said that the judge hasn't made a decision yet. Um, but I suggested that we wouldn't move forward to sign a PNS until after the motion to vacate has been heard and decided, um, as to not create another.

**THE COURT**: Okay. So, Mr. Akouete, I didn't notice this frankly when I was reading your papers, they're, you know, they're well written, appear to have been prepared by an attorney.

**MR. AKOUETE**: Yes, your honor.

**THE COURT**: Um, but they're not signed by an attorney. And in Massachusetts, a corporate entity such as Westborough SPE LLC cannot be represented what we call Pro Se, cannot be self-represented. Has to be represented by an attorney. So we can't go forward on the basis of your papers filed by an unrepresented LLC. However, in any event based on, uh, Town council's representations, there's really nothing imminent about any sale of the property. And given that it's kind of unusual for a defaulted taxpayer to be trying to get a Lis pendens on the property, trying to get back through a motion to vacate a tax lean foreclosure. Um, and that the hearing on the motion to vacate is scheduled for just, uh, you know about a week from now. I'm not inclined to grant the motion for endorsement of a memorandum of this pendens. I'm not going to deny it. I'm going to deny it without prejudice, it's refiled by an attorney representing this company, I will consider it. But uh, since nothing's going to happen anyway before the motion to vacate, which will be heard by I presume the recorder of the land court, um, I'm not going to take any action on it now.

**MS. LEAHY**: Your honor, may I add something?

**THE COURT**: Yes, you may.

**MS. LEAHY**: Um, attorney Matt Morris, Matthew Morris, um, was in contact with me and had um I believe prepared all these documents but hasn't filed an appearance. And when I asked him for evidence of his client's um interest in the property and legal rights to become the manager, um, that's pretty much the last conversations I had with him. I mean, there's a lot of layers here of um interesting facts that I think, um, that I wanted to bring before you. And I also wanted to mention that.

**THE COURT**: So you're basically saying that this is some, somebody coming in to try and scoop this out from the RFP process by claiming to be.

**MS. LEAHY**: I don't have evidence either way, but I don't have evidence that

these parties have the right to be the managers of Westborough SPE, because we did a lot of work for years in land port case to try and identify who the owners of Westborough SPE are or were. And I spoke to a lot of people that said they couldn't find them either. And like I had, I think I had mentioned that, um, one of the managers of Babcock & Brown, which was just a managing entity of the property. I was told sold this property to Mr. Akouete which I don't believe would be a legal interest in the property, and I haven't seen evidence of that. But that's what I was, um, told by Attorney Morris, and I believe Mr. Akouete advised the town of the same. So, there are, there's just some question here about title, and I'm not, I don't want to say that there is fraud in the situation, but I have requested information and evidence, I haven't received to prove that they have an interest in this property. And I haven't contacted the secretary of the commonwealth to ask what's necessary to file, um, to revive a company. But I believe, um, their certificate of good standing says you know based on our understanding, um, and it kind of seems like whatever you provide to them, they're not going to really look into it to research it to double check. I would just like more information which is what one of the reasons why the town is denying the certificate of redemption.

**THE COURT**: All right. Well, we're here on a pretty limited basis today. Um, I've got a motion for approval of a memorandum of lis pendens filed by really somebody who didn't have a right to file it, on behalf of this entity. And I also have even if it had been filed by an attorney, um, there's no, there's nothing imminent about the sale of the property. So I'm not going to deny the motion, I'm going to take no action on the motion.

**MS. LEAHY**: Okay.

**THE COURT**: And uh, if anything, well, we'll see what happens after, uh, January 19th, okay?

**MS. LEAHY**: Thank you, your honor.

**THE COURT**: All right.

**MR. AKOUETE**: Your honor, if I may add, the reason why we filed this motion was because in the RFP, the town was in contract to sell the property at the end of January. That was the reason why. If the other lawsuit hasn't come about, then they will have sold the property at the

end of January.

**THE COURT**: I understand. But what I'm being, what's being represented to me today is that the facts as they stand today indicate that the property will not be sold prior to January 19th under any circumstances. So based on that representation in part, I'm taking no action on the motion, okay.

**MR. AKOUETE**: Okay. Thank you, your honor.

**THE COURT**: All right. Thank you all.

**MS. LEAHY**: Thank you, your honor.

(At 9:18 a.m. the matter concluded.)