UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:      Chapter 7
     Case No. 23-40709-CJP

WESTBOROUGH SPE LLC,

     Debtor.

MOTION FOR RELIEF FROM AUTOMATIC STAY

Lolonyon Akouete, creditor of Westborough SPE LLC ("the Debtor"), hereby moves this Honorable Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to pursue a definitive judgment on the claim against the Debtor. In support of this motion, the creditor states as follows:

1. **Background and Justification for Relief**
   On October 11, 2023, an Order for Relief under Chapter 7 of the Bankruptcy Code was entered regarding Westborough SPE LLC (the "Debtor"), and Jonathan Goldsmith was appointed as the Chapter 7 Trustee. Subsequent to this filing, the creditor, Lolonyon Akouete, filed a timely proof of claim based on debts owed by the Debtor.
2. **Nature of the Dispute**
   Despite the Trustee's acknowledgment of sufficient assets in the estate to cover all creditor claims, the Trustee has indicated an intention to challenge the amount and validity of the claim filed by the creditor. The creditor believes that obtaining a judgment in a court of competent jurisdiction is essential to establish the amount owed definitively and thus protect the creditor's right to proper treatment under the bankruptcy code.
3. **Request for Relief from Stay**
   The creditor respectfully requests relief from the automatic stay for the following reasons:
   - **Substantial Asset Base**: The estate has sufficient assets to cover all creditor claims, mitigating any potential detriment to the estate from this action.
   - **Equity Among Creditors**: There is a need to ensure equitable treatment among all creditors, especially given indications of potential preferential treatment towards certain parties by the Trustee.
   - **Precedent in Similar Cases**: Similar relief has been granted in other cases within this jurisdiction where clarifying the amount of a creditor's claim was necessary to ensure fair and orderly distribution of the estate.
4. **Threats and Coercion by Trustee**
   The creditor has faced undue pressure and threats from the Trustee to accept settlement terms that may undervalue the creditor's legitimate claim. Such actions warrant the court's intervention to allow independent adjudication of the claim's validity and amount.
5. **Legal and Equitable Grounds for Relief**
   Granting this relief is in the best interest of justice and equity. It will allow the creditor to establish the claim's amount through adjudication, thus enabling the Trustee and the court to make informed decisions regarding the distribution of the estate's assets.

**Conclusion and Request for Relief**

Based on the above reasons, Lolonyon Akouete respectfully requests that this Court grant relief from the automatic stay to pursue a judgment confirming the amount of the debt owed by the Debtor. The creditor proposes that this motion be set for hearing at the earliest convenience of the Court.

DATED: April 17, 2024, 2024, Respectfully submitted:

By creditor,

_____
Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

**Exhibit 1**



Lolonyon Akouete <info@smartinvestorsllc.com>

## Settlement Negotiations for Westborough SPE LLC - Case No. 23-40709

**Jonathan Goldsmith** <jgoldsmith@gkalawfirm.com>    Wed, Mar 20, 2024 at 12:10 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>

Please see my responses below:

**From:** Lolonyon Akouete <info@smartinvestorsllc.com>
**Sent:** Wednesday, March 20, 2024 6:33 AM
**To:** Jonathan Goldsmith <jgoldsmith@gkalawfirm.com>
**Subject:** Settlement Negotiations for Westborough SPE LLC - Case No. 23-40709

Jonathan,

I hope things are going well for you. While I'm disappointed that we need more time, I understand that there must be a good reason for it. Before I start any adversarial proceedings to protect my interests, I'd like to clarify a few things.

During yesterday's hearing, you mentioned that creditors would be paid in full. Does that include my claim as well? Also, I'm curious if the $1.2 million we received from California is in an account that's earning interest. Additionally, I'm getting past-due notices from The Incorporators LTD. Could you please let me know when those bills will be taken care of? There are expected to be sufficient funds to pay allowed creditor claims. Regarding the claims filed, there are a few that will need to be addressed as I don't believe the claim amount is appropriate and/or there is insufficient documentation to support same. So there is no misunderstanding, two of the claims I have issue with is the one filed by you and the one filed by Ms. Edwards. At the appropriate time, I will address these claims. In term of the funds turned over from California, they are held in an estate escrow account at a financial institution approved by the Office of the United States Trustee. This financial institution is the same one I use for all my Trustee cases.

It appears that the settlement is trying to get Westborough SPE LLC to pay David Ferris so that he can allow the town to sell the property to Lax Media LLC. However, this isn't fair because even if Lax Media offers more money, the funds will only go to David Ferris as a payoff and won't benefit Westborough SPE LLC in any way. This makes the settlement inappropriate, and they're making the case sound complicated by asking for more time and delaying the process unnecessarily. Once the Settlement is filed with the Court, parties in interest will have an opportunity to file objections to the settlement if they deem it warranted.

The case is straightforward and can be resolved in a single hearing. The court just needs to determine whether Westborough SPE LLC is the record owner of the property and if Denise Edward and I are the successor managers of the entity. Additionally, they need to establish whether the entity has the funds to pay the taxes. It's not straight forward at all, including the fact that there is a valid dispute as to you and Ms. Edwards status as successor managers of the Debtor.

I hope that David Ferris isn't doing this just to get money from Westborough SPE LLC as the entity has already suffered from gross mismanagement and breach of fiduciary duty. It would be unfair for him to take advantage of Westborough SPE LLC as well. Again, there will be an opportunity for parties in interest to object to the settlement. I've included the recording of the original hearing that started the foreclosure proceeding, please take a look.

Thank you for your consideration.

[Quoted text hidden]

Exhibit 2



Lolonyon Akouete <info@smartinvestorsllc.com>

## In re Westborough SPE LLC - FOR SETTLEMENT PURPOSES ONLY

**Lolonyon Akouete** <info@smartinvestorsllc.com>    Fri, Feb 9, 2024 at 4:25 PM
To: "Scott A. Schlager" <sas@natgolaw.com>
Cc: "jgoldsmith@gkalawfirm.com" <jgoldsmith@gkalawfirm.com>, "sgordon@gordonfirm.com" <sgordon@gordonfirm.com>, "deniseedwards818@yahoo.com" <deniseedwards818@yahoo.com>, "Lenard B. Zide" <zide@buttersbrazilian.com>

Scott,

Thank you for informing me that the trustee will retaliate by fighting my proof of claim.
I just want to remind you that Compensation for standard or probate unclaimed property claims, as well as general claims and administrative appeals proceedings, is dictated by State law. However, if a claim escalates to litigation, statutory fees outlined in state law no longer apply.

So, MGI C 200A Section 13 will not apply in this case.

If the trustee wanted to fight my claim, he would be dragging this case further.

Please note the last three attachments, which are cases where the court orders a 20% payment to the unclaimed property investigator. And if you look at the proportion of the amounts, the owner and the investigator get is almost 50%.

Lolonyon Akouete

Manager of Westborough SPE, LLC

1241 Deer Park Ave., Suite 1, #1051

North Babylon, NY 11703

info@smartinvestorsllc.com

(443) 447-3276

[Quoted text hidden]

**6 attachments**

- **Contingency Fee Unclaimed Property.pdf**
  259K
- **Statutory Compensation Unclaimed Property.pdf**
  106K
- **Statutory Fees Unclaimed Property.pdf**
  109K
- **03885770.pdf**
  108K
- **FN{052BD2E7-2E08-4CF5-8ADB-5E2831CB7052}{F6FED901-556C-4B8C-ADAA-9621149CEF9D}-0.PDF**
  3538K
- **FN{D13F37F4-3E47-4C0F-845B-3B66C439F983}{F6FED901-556C-4B8C-ADAA-9621149CEF9D}-0.PDF**
  232K



+1 (617) 909-4511

> I'm not threatening you at all Denise. I have no authority in bankruptcy. Whatever action the trustee wants to take is up your the Trustee. I am on a plane right now

Monday 6:09 PM

Hello Scott, I pray you had a safe fight. Just want to make it clear. By you telling up the Trustee is Pissed Off and is threatening to make sure Lolo and I don't get paid, is you intimidating and threatening us on behalf of the trustee. It's like someone run into the bank, holds it up, runs and jumps in the car and I drive off. We get caught and I try to tell the cops I didn't know anything all I was doing was driving. SCOTT that's how that sounds.

> The trustee will do whatever he decides to do. The trustees' actions are fully the trustees and only he is responsible for his actions. The Trustee told me he is frustrated by Lolo's actions—fact. The Trustee also told me that Walter Horst contacted him and challenged Lolo and your authority to make the Delaware filings —fact. I never threaten or intend to threaten anyone. Every action taken has a consequence. One of the intended consequences of Lolo's current actions could possibly de a



◀ Phone    11:21

189    SCOTT ›

> The trustee will do whatever he decides to do. The trustees' actions are fully the trustees and only he is responsible for his actions. The Trustee told me he is frustrated by Lolo's actions—fact. The Trustee also told me that Walter Horst contacted him and challenged Lolo and your authority to make the Delaware filings—fact. I never threaten or intend to threaten anyone. Every action taken has a consequence. One of the intended consequences of Lolo's current actions could possibly de a delay of the bankruptcy proceedings and a delay in all creditors getting paid

> Yes, but if there was no state money and only the property everyone would still have to wait. Walt did nothing to get us here. This thing was dormant until Lolo and I can along.

Delivered

> The state money is not the issue. The Trustee said he'd pay the CA rate of 10% on the CA unclaimed funds. The issue is there's a fundamental difference between an asset recovery specialist ie a "Finder" vs. LLC Manager. That explanation aside, the real estate is unimportant to the bankruptcy because all creditors can be paid from the bankruptcy estate trustee getting the funds from CA. Walt

iMessage

Exhibit 3



Lolonyon Akouete <info@smartinvestorsllc.com>

---

# In re Westborough SPE LLC - FOR SETTLEMENT PURPOSES ONLY

**Scott A. Schlager** <sas@natgolaw.com>   Thu, Feb 8, 2024 at 5:44 PM
To: "jgoldsmith@gkalawfirm.com" <jgoldsmith@gkalawfirm.com>
Cc: "sgordon@gordonfirm.com" <sgordon@gordonfirm.com>, Lolonyon Akouete <info@smartinvestorsllc.com>, "deniseedwards818@yahoo.com" <deniseedwards818@yahoo.com>, "Lenard B. Zide" <zide@buttersbrazilian.com>

FOR SETTLEMENT PURPOSES ONLY

Jonathan,

Thank you for taking the time to speak with me this afternoon. Per your suggestion, and after speaking with Lolo, Denise, and Attorney Zide, I am putting the following Settlement Proposal in writing per our discussion.

1. The Trustee is in receipt of the unclaimed funds from California which approximate $1,293,000.
2. The Trustee would use his best efforts to try and get all creditors paid within approximately 90 days +|- (see caveats below *)
3. The Trustee shall use those CA funds to pay off the creditor claims as follows:
    a. Denise Edwards - $150,000.00 at time of creditor distributions
    b. Lolonyon Akouete:
        i. $250,000.00 at time of creditor distributions
        ii. Remaining proceeds after payment of all creditors estimated to be approximately $150-200k +|- paid to Lolo.
        iii. Lolo would have a right to hire a new lawyer and pursue a claim in an "interpleader" action for the excess sale proceeds from the Real Property sale at 231 Turnpike Road, Westborough, MA turned over by the Town of Westborough at the Closing by the Escrow Agent.
    c. Nathanson & Goldberg, P.C. would be paid its to be filed revised Proof of Claim amount approximately $115k at time of creditor distributions.
    d. Mobile Street Trust to be paid its original proof of claim amount of roughly $367,131.
        i. Mobile Trust to have Town agree to a lien in the amount of $166,500 being placed on 231 Turnpike Road for additional amounts owed under the Reciprocal Easement Agreement to be paid at time of closing of the sale of the real property. If Town would not agree, then Mobile Trust to have a priority lien on sale proceeds in the "interpleader" action.
    e. Darren Clagg to be paid his claim amount
    f. All Other creditors to be paid their claim amount
3. Lolo to not object to Trustees payment of creditors.
4. Lolo to not object to Trustee allowing Town to sell property to their buyer of choice.
5. Land Court case will be dismissed by stipulation of the Trustee and the Town.
6. Federal Case will be dismissed by stipulation of the Trustee and the Town.
7. David Ferris to get paid his claim of $10k plus up to $90k for due diligence costs, etc. (to be paid either by the Town out of the real property sale proceeds or by the Bankruptcy Estate or split). Bankruptcy Trustee to speak with Counsel for Ferris shortly.
8. *All subject to approval by the US Trustee and Judge Panos/Bankruptcy Court; the parties signing necessary

settlement documents/stipulations to be drafted by Trustee

Does this reflect what you propose?

Thank you so much for your assistance.

-Scott

Scott A. Schlager

Partner

Nathanson & Goldberg, P.C.

183 State Street, 5th Floor

Boston, Massachusetts 02109

(O): (617) 210-4800

(C): (617) 909-4511

(F): (617) 210-4824

sas@natgolaw.com

**************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

**************************************************

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

| | |
|---|---|
| Stephen F. Gordon, Attorney of the Petitioners (Email: sgordon@gordonfirm.com) The Gordon Law Firm LLP River Place 57 River Street Wellesley, MA 02481 | Paul W. Carey, Attorney of Creditor FERRIS DEVELOPMENT GROUP, LLC (Email: pcarey@mirickoconnell.com) Mirick, O'Connell, DeMallie & Lougee, LLP 100 Front Street, Worcester, MA 01608 |
| Scott A. Schlager on behalf of, Nathanson & Goldberg, P.C., a creditor. (Email: sas@natgolaw.com) 183 State Street, 5th Floor Boston, MA 02109 | Brian W. Riley, Attorney of Creditor Jeffrey T. Blake, Attorney of Creditor Roger L. Smerage, Attorney of Creditor TOWN OF WESTBOROUGH (Email: briley@k-plaw.com) (Email: jblake@k-plaw.com) (Email: rsmerage@k-plaw.com) KP Law, P.C. 101 Arch Street, 12th Floor Boston, MA 02110 |
| Assistant U.S. Trustee Richard King Office of US. Trustee 446 Main Street 14th Floor Worcester, MA 01608 USTPRegion01.WO.ECF@USDOJ.GOV | |
| Jonathan R. Goldsmith Chapter 7 Trustee trusteedocs1@gkalawfirm.com Goldsmith, Katz & Argenio P.C. 1350 Main Street, 15th Floor. Springfield, MA 01103 | Gary M Ronan David M Abromowitz Goulston&storrs GRonan@goulstonstorrs.com DAbromowitz@goulstonstorrs.com 400 Atlantic Avenue Boston, MA 02110 |
| Dyann Blaine 20 Queensbrook Place Orinda, CA 94563 dyann.blaine@gmail.com | Peter Blaustein 950 Vista Road Hillsborough, CA 94010 pblaustein@gmail.com |
| Jan Blaustein Scholes 7501 E Thompson Peak Pkwy Scottsdale, AZ 85255 jan.scholes2@gmail.com | Walter Horst Babcock & Brown 1264 Rimer Drive Moraga, CA 94556 walter.horst@babcockbrown.com |

_____
Lolonyon Y Akouete