UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 23-40709-CJP

Chapter 7

| In re:<br><br>WESTBOROUGH SPE LLC | TOWN OF WESTBOROUGH'S OPPOSITION TO LOLONYON AKOUETE'S MOTION FOR RELIEF <u>FROM AUTOMATIC STAY</u> |
|---|---|

The Town of Westborough ("Town"), listed in the Debtor's Matrix List of Creditors (Doc. No. 7) in the above-captioned action, hereby opposes the Motion for Relief from Automatic Stay (Doc. No. 122) filed by Lolonyon Akouete. The Court should deny Mr. Akouete's motion for several reasons:

As an initial matter, adjudication of any issues concerning the standing of creditors in this proceeding while the Town's § 707(a) motion to dismiss remains pending is inappropriate. As set forth in that motion (Doc. No. 69), there are very real disputes about whether this bankruptcy proceeding is proper. Those disputes may—and hopefully—will be resolved by the settlement being negotiated among the Town, the Debtor (through the Chapter 7 Trustee), and the Petitioning Creditors (among others). Until such time as those disputes are resolved, however, allowing Mr. Akouete relief from the automatic stay to pursue claims against the Debtor is unwarranted, particularly where the significant questions regarding Mr. Akouete's purported role in Westborough SPE LLC (the "LLC") are at the heart of the Town's motion to dismiss.

Next, Mr. Akouete's motion indicates he seeks relief "to pursue a definitive judgment on the claim against the Debtor" in his alleged capacity as a creditor. Mr. Akouete has filed a proof of claim in this proceeding, a fact he recites in his own motion. As set forth in the Trustee's objection to Mr. Akouete's motion, that claim will be adjudicated through the bankruptcy claim

process. There is no basis to provide Mr. Akouete relief to pursue that claim elsewhere. Mr. Akouete's "right to proper treatment under the bankruptcy code," see Motion at 1, is protected by the Bankruptcy Code itself as applied by this Court. Resort to another court is unnecessary and risks infringing upon other creditors' rights. See City of Chicago, Ill. v. Fulton, 592 U.S. 154, 157 (2021) ("The automatic stay serves the debtor's interests by protecting the estate from dismemberment, and it also benefits creditors as a group by preventing individual creditors from pursuing their own interests to the detriment of the others."). Notably, Mr. Akouete cites no support for his assertion that "[s]imilar relief has been granted in other cases within this jurisdiction where clarifying the amount of a creditor's claim was necessary to ensure fair and orderly distribution of the estate." See Motion at 1. This is unsurprising, as determining the amount of a creditor's claim is the exact purpose of the claims adjudication process, and in a Chapter 7 proceeding, the Trustee is charged with "examin[ing] proofs of claims and object[ing] to the allowance of any claim that is improper." See 11 U.S.C. § 704(a)(5); see also Weiss v. Azran (In re Thunderbolt Realty Trust), 190 B.R. 11, 16 (Bankr. D. Mass. 1995) ("claim allowance … is properly handled by the Trustee").

To the extent that the issues concerning Mr. Akouete's status vis-à-vis the LLC are to be adjudicated outside of this bankruptcy proceeding, the proper venue for such adjudication is in the Town's tax title foreclosure action pending in the Massachusetts Land Court. Mr. Akouete—purportedly on behalf of the LLC—filed a motion to vacate the judgment in that action, which motion the Town opposed in part because of the issues concerning Mr. Akouete's status with respect to the LLC. Adjudication of that motion was halted when this bankruptcy proceeding commenced, triggering the automatic stay. The Town has sought from this Court relief from the automatic stay to proceed with the tax title foreclosure action. See Doc. No. 20. That motion (like

2

the Town's subsequent motion to dismiss) is currently continued while the Town attempts to complete a settlement with the Chapter 7 Trustee to resolve the issues concerning the 231 Turnpike Road property that is at the center of the tax title foreclosure action (the "Property"). The Town and the Trustee anticipate finalizing that settlement any day now (which settlement will also resolve issues with certain of the LLC's creditors concerning the Property). The Trustee now controls the assets of the LLC, regardless of who the managers were prior to Trustee's appointment. See Rivera v. Scotiabank de Puerto Rico (In re Rivera), 14 F.4th 60, 66 (1st Cir. 2021); Formatech, Inc. v. Sovereign Bank (In re Formatech, Inc.), 483 B.R. 363, 367-368 (1st Cir. BAP 2012). As such, allowing Mr. Akouete to commence another action now outside of this bankruptcy to raise claims concerning his status as a manager of the LLC would not serve the interests of justice.

For the foregoing reasons, the Court should deny Mr. Akouete's motion for relief.

Respectfully submitted,

TOWN OF WESTBOROUGH,

By its attorneys,

_____
Brian W. Riley (BBO# 555385)
Jeffrey T. Blake (BBO# 655773)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jblake@k-plaw.com
rsmerage@k-plaw.com

Dated: May 2, 2024

917586/WBOR/0049

3

CERTIFICATE OF SERVICE

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing Opposition to be served through the Court's CM/ECF system to the following counsel of record or by U.S. mail to the following unregistered parties:

Stephen F. Gordon
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
sgordon@gordonfirm.com
*Attorney for Petitioning Creditors*

Jonathan R. Goldsmith
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor
Springfield, MA 01103
trusteedocs1@gkalawfirm.com
*Attorney for Chapter 7 Trustee*

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
*Attorney for the U.S. Trustee*

Westborough SPE, LLC
c/o Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
*Debtor* (by U.S. mail)

Lenard Benson Zide
Butters Brazilian LLP
420 Boylston Street, 4th Floor
Boston, MA 02116
zide@buttersbrazilian.com
*Attorney for Creditor The MobileStreet Trust* (by email)

Paul W. Carey
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA  01608-1477
pcarey@mirickoconnell.com
*Attorney for Creditor Ferris Development Group, LLC*

Darin Clagg
24 Kobbs Korner Rd.
Pine Bush, NY 12566
*Creditor* (by U.S. Mail)

Matthew A. Morris
Sherin and Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110
mmorris@sherin.com
*Creditor* (by email)

Lolonyon Akouete
800 Red Milles Rd.
Wallkill, NY 12589
info@smartinvestorsllc.com
*Creditor* (by email)

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com
*Creditor* (by email)

Dated: May 2, 2024

_____
Roger L. Smerage