UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 23-40709-CJP

Chapter 7

In re:

WESTBOROUGH SPE LLC

TOWN OF WESTBOROUGH'S OPPOSITION TO LOLONYON AKOUETE'S MOTION FOR <u>COURT INTERVENTION</u>

    The Town of Westborough ("Town"), listed in the Debtor's Matrix List of Creditors (Doc. No. 7) in the above-captioned action, hereby opposes the Motion for Court Intervention Regarding Continuations and to Investigate Possible Collusive Transactions Related to the Sale of Debtor Property (Doc. No. 135) filed by Lolonyon Akouete. Mr. Akouete's motion is the latest in a string of motions (and other filings) that serve no purpose other than to vexatiously multiply these proceedings, when other parties are working to narrow or resolve the issues raised in this bankruptcy matter. Indeed, Mr. Akouete's motion goes so far to call the Court's case management into doubt, when the Court itself has recognized the benefits to the Debtor and creditors alike in resolving disputes through settlement rather than litigation. As detailed below, to the extent that Mr. Akouete's has concerns about the settlement that is being negotiated and will shortly result in the Chapter 7 Trustee filing a motion for approval pursuant to Fed. R. Bankr. P. 9019(a), Mr. Akouete will have the opportunity to present any objections he may have to such settlement to the Court through the Rule 9019(a) approval process, assuming he has standing to do so. His pending motion's request for Court intervention prior to that approval process is improper and unwarranted.[1]

---

[1] On May 9, 2024, Mr. Akouete filed an additional "Motion Requesting Response to Previously Filed Motions and Concerns Over Proposed Settlement" (Doc. No. 149), which the Court denied on May 13, 2024. <u>See</u> Doc. No. 152.

**Brief Background**[2]

In 1997, the entity Westborough SPE LLC (the "LLC") acquired real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property"). On December 28, 2018, the Town recorded an instrument of taking on the Property and all improvements thereon pursuant to G.L. c. 60, §§ 53-54, as a result of unpaid FY2018 taxes in the amount of $106,944.99. The Town commenced a tax title foreclosure action in the Massachusetts Land Court (the "Tax Foreclosure Action") on July 8, 2019, to foreclose the LLC's right of redemption. On January 5, 2022, the Land Court entered judgment in favor of the Town and against the LLC.[3]

On May 26, 2022, the Town issued a request for proposals for the purchase and redevelopment of the Property pursuant to G.L. c. 30B. The Town received three proposals, from Lax Media ("Lax"), Ferris Development Group ("Ferris"), and Pulte Homes of New England ("Pulte"). Pulte's proposal was dismissed because it depended upon water/sewer connections that are not available at the Property. The Town's Select Board then selected Lax's proposal over Ferris's after applying the rubric contemplated by the request for proposals. Subsequently, Ferris filed suit in Massachusetts Superior Court against the Town and Lax challenging the Town's selection of Lax's proposal and seeking damages (the "30B Action").

On January 4, 2023—one day short of the first year anniversary of the issuance of the judgment entered in the Tax Foreclosure Action and the final day to petition to vacate the judgment (see G.L. c. 60, § 69)—Mr. Akouete filed a motion with the Land Court to vacate the judgment

---

[2] This brief background is not an extensive recitation of material facts, many of which are in dispute as between the Debtor/Trustee, the Town, and various creditors. Rather, this brief background simply presents a recitation of the timeline leading up to this point in the proceedings.

[3] Thus, the Land Court judgment issued more than a year before the U.S. Supreme Court's May 2023 decision in Tyler v. Hennepin County, 598 U.S. 631 (2023).

2

purportedly on behalf of the Debtor. The Town opposed Mr. Akouete's motion, which was eventually set for a scheduling conference on August 31, 2023.

On that day, the Debtor, represented by Nathanson & Goldberg, P.C. ("N&G")—which had also begun representing the LLC in the Tax Foreclosure Action and taken over prosecution of Mr. Akouete's motion to vacate—filed a civil action against the Town in U.S. District Court for the District of Massachusetts, alleging that the Town's tax taking and subsequent attempt to sell the Property pursuant to G.L. c. 30B was an unconstitutional taking in violation of 28 U.S.C. § 1983 (the "Federal Action").

N&G and The MobileStreet Trust ("MobileStreet") also filed an involuntary Chapter 7 petition against the Debtor on August 31, 2023, commencing these proceedings. A few days later, Mr. Akouete—purportedly as "the manager" of the LLC/Debtor—answered indicating that there was no objection to the petition. See Doc. No. 5. The Court subsequently entered an order of relief and appointed the Trustee. See Doc. Nos. 26, 29.

On October 3, 2023, the Town filed a motion for relief from the automatic stay to allow the Tax Foreclosure Action to proceed. See Doc. No. 20. On November 30, 2023, the Court held a nonevidentiary hearing on the Town's motion for relief,[4] during which the Court inquired of the prospects of settlement in light of the possibility that the Trustee would either remove the Tax Foreclosure Action, file a claim against the Town under 11 U.S.C. § 548(a), or both, and the Court further continued the hearing until December 21, 2023. See Doc. No. 56. The Trustee and the Town commenced discussions about a potential settlement shortly thereafter. As such, on December 15, 2023, the Trustee and the Town moved to extend the continuance of the hearing for

---

[4] The hearing was originally scheduled for October 25, 2023, but the Court continued the hearing upon the Trustee's request (assented to by the Town) to provide the Trustee time to conduct the 11 U.S.C. § 341 meeting and to analyze the dispute between the Town and the Debtor. See Doc. Nos. 45-46.

3

an additional 45 days, until no earlier than February 5, 2024.  See Doc. No. 57.  Over Mr. Akouete's opposition, the Court granted the motion and continued the hearing until February 13, 2024.  See Doc. No. 60.

On January 16, 2024, the Town filed a motion to dismiss the bankruptcy pursuant to 11 U.S.C. § 707(a).  See Doc. No. 69.  The next day, the Trustee removed the Tax Foreclosure Action (which became Adversary Proceeding No. 24-04006).  See Doc. No. 74.  On February 7, 2024, the Town moved to remand the Tax Foreclosure Action.  See Doc. No. 83.[5]  These motions and matters were added to the agenda for the February 13, 2024 hearing.  See Doc. Nos. 71, 79.  On February 7, 2024, the Trustee filed an opposition to the Town's motion to dismiss, as did petitioning creditors N&G and MobileStreet.  See Doc. Nos. 85-87.

Settlement discussions between the Town and the Trustee continued, notwithstanding the additional filings.  On or about February 8, 2024, a proposal as to which both the Town and the Trustee could potentially agree emerged, as reflected in the joint status report filed with the Court in advance of the February 13, 2024 hearing.  See Doc. No. 89.  The Court converted that hearing to a status conference, at which the Trustee reported on the progress of the settlement proposal, and continued the conference to March 19, 2024.  See Doc. No. 98.

The settlement proposal eventually contemplated the potential resolution of the disputes involving and/or claims of Lax, Ferris, N&G, and MobileStreet, such that the negotiations took on a multi-party nature.  On March 15, 2024, the proposal became sufficiently concrete that a settlement agreement was drafted and circulated.  A few days later, on March 19, 2024, the Court resumed the status conference on pending matters, heard the Trustee's update that the settlement

---

[5] The Trustee's Notice of Removal and the Town's Motion to Remand were subsequently re-docketed in the adversary proceeding.  See No. 24-04006 Doc. Nos. 1-2

4

agreement had been drafted and circulated, and continued the status conference to April 23, 2024. See Doc. No. 116.[6]

Over the subsequent weeks, counsel for the potentially settling parties worked diligently to come to agreement on certain terms, several of which concerned the manner and timing for disposition of the Property. On April 23, 2024, the Court reconvened the status conference, heard the Trustee's report that the settlement agreement was close to being finalized, and continued the status conference until June 4, 2024, with the understanding that such date would be extended to the hearing date for any motion for approval of settlement filed prior to June 4, 2024. See Doc. No. 129.

The potentially settling parties continued their work to iron out any issues with the settlement agreement after the April 23, 2024 status conference. Subject to final approval of the Town's Select Board, the settling parties have resolved all issues and arrived at a final form of settlement agreement. Assuming the Town's Select Board votes to approve that form of the agreement, the settling parties anticipate that the Trustee will file a motion for approval of the settlement pursuant to Rule 9019(a) prior to the June 4, 2024 status conference.

## Argument

Compromises such as the one that the Trustee, the Town, Lax, Ferris, N&G, and MobileStreet have been working on over the past several months "are favored in bankruptcy." Hicks, Muse & Co., Inc. v. Brandt (In re Healthco Int'l, Inc.), 136 F.3d 45, 50 n.5 (1st Cir. 1998). Once finalized, the settlement will resolve three separate litigation actions, namely the Tax Foreclosure Action, the 30B Action, and the Federal Action. It will also resolve several disputes,

---

[6] At the March 19, 2024 status conference, Mr. Akouete objected to further continuance for various reasons, including that the Town had not filed a proof of claim. On the same day, however, immediately prior to the status conference, the Court had granted the Town's motion to extend its proof of claim deadline in light of the disputed status of the Property, which the Town contends is not an asset of the bankruptcy estate. See Doc. No. 115.

both pending and threatened, in this bankruptcy proceeding and the adversary proceedings under it. These include the Town's motion for relief from the automatic stay, the Town's motion to dismiss pursuant to 11 U.S.C. § 707(a), the Town's motion to remand the Tax Foreclosure Action, and the Trustee's potential claims against the Town pursuant to 11 U.S.C. § 548(a) on behalf of the Debtor.

Nothing about this settlement process requires Court intervention until the Trustee files the motion for approval pursuant to Rule 9019(a). While Mr. Akouete purports to raise issues that disposition of the Property through the settlement may not adhere to G.L. c. 30B, § 16, this is a red herring. The Town attempted to dispose of the Property pursuant to Chapter 30B and Mr. Akouete's actions in the Tax Foreclosure Action interfered with such disposition. Now, the Town and other settling parties are on the verge of executing a settlement that respects the Town's Chapter 30B process while also resolving the various disputes that have arisen out of the disposition of the Property. This includes delivering the surplus sales proceeds to the bankruptcy estate to aid in the satisfaction of valid creditor claims and, if funds remain after all approved creditor claims are paid, distribution back to the LLC's member(s). If Mr. Akouete can substantiate his proof of claim, he stands to benefit from the settlement, too, for this reason. And if Mr. Akouete feels that he does not benefit from the settlement once it is submitted for Court approval pursuant to Rule 9019(a), he can object (assuming he has standing) and the Court will decide whether Mr. Akouete's objections outweigh the benefits of the settlement. See Kowal v. Malkemus (In re Thompson), 965 F.2d 1136, 1140 n.5 (1st Cir. 1992) ("Although a creditor has the right to object to a proposed compromise, objection will not preclude court approval.").

To the extent that Mr. Akouete objects to the continuances that the Court has granted to allow the settling parties time to negotiate the settlement, such objection is misplaced. The Court

6

has the authority to manage its docket as it sees fit. See In re Colon Martinez, 472 B.R. 137, 145 (1st Cir. B.A.P. 2012) ("it is well established that courts have inherent authority to manage their dockets" (quotations omitted)); Birch v. Choinski (In re Choinski), 214 B.R. 515, 518 (1st Cir. B.A.P. 1997) ("Litigation management decisions fall within the ambit of the [bankruptcy] court's broad discretionary powers."). As the Court explained at the March 19, 2024 status conference, there is no reason to require the parties to ramp up their litigation efforts (by proceeding with the various motions that are pending and the potential claims that have been discussed) when a settlement is possible and being actively negotiated.

Mr. Akouete's contentions that "ongoing delay tactics result in wasted time and resources that cannot be recuperated" and that "[t]his unnecessary delay may serve the interests of specific parties at the expense of the estate's ability to maximize returns for all creditors" are entirely unsupported. Mr. Akouete identifies no "delay tactics" or "resources that cannot be recuperated." This is unsurprising, as the settling parties have been working diligently over the past few months to negotiate the terms and structure of a complex (yet beneficial) multi-party settlement agreement. Given the disparate interests of all the parties involved in the settlement (including the Debtor's estate as represented by the Trustee), such negotiations necessarily take time. This is particularly so where one of the parties is a municipality which acts on legal matters through its Select Board, which is subject to the Massachusetts Open Meeting Law's requirements regarding meeting postings and deliberations. See G.L. c. 30A, §§ 18-25.[7] Yet, during this time, the Court has promptly acted upon Mr. Akouete's various filings, whether for clarification of the Trustee's management of estate assets, interim distribution of such assets, or relief from the automatic stay.

---

[7] The Select Board may meet in executive session, but still subject to posting requirements, "[t]o discuss strategy with respect to … litigation if an open meeting may have a detrimental effect on the bargaining or litigating position of the public body and the chair so declares." G.L. c. 30A, § 21(a)(3).

See Doc. Nos. 106 (denying motion for expedited clarification), 114 (denying motion for interim distribution), 139 (setting motion for relief for May 16, 2024 hearing).  As such, Mr. Akouete cannot claim any prejudice from the Court's management of this bankruptcy proceeding.

Thus, there is no reason for the Court to intervene in the settlement process.  The Rule 9019(a) approval proceedings will commence shortly and the Court will review the settlement and all objections thereto through those proceedings.  The Court will "assess and balance the value of the claim[s] that [are] being compromised against the value to the estate of the acceptance of the compromise proposal."  Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995).  If the value of compromise to the estate outweighs the value of the claims themselves in the Court's view, the Court may approve the settlement.  See id.;[8] see also Kowal, 965 F.2d at 1140 n.5, 1145-1146 (Chapter 7 Trustee must determine that settlement is in the best interests of the estate).  The Court should let that process proceed, rather than intervene in the settlement negotiations as Mr. Akouete requests.  Such interference could hinder the process and potentially jeopardize the settlement before it is even presented for Rule 9019(a) approval.  Given the significant disputes that the settlement is designed to resolve, including whether this bankruptcy should be dismissed pursuant to 11 U.S.C. § 707(a), any actions that jeopardize the settlement are by their very nature **not** in the Debtor's best interests, much less those of the other parties to the settlement.

## Conclusion

For the foregoing reasons, the Court should deny Mr. Akouete's motion.

---

[8] "The specific factors which a bankruptcy court considers when making this determination include: (i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and, (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise."  Id.

Respectfully submitted,

TOWN OF WESTBOROUGH,

By its attorneys,

_____
Brian W. Riley (BBO# 555385)
Jeffrey T. Blake (BBO# 655773)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jblake@k-plaw.com
rsmerage@k-plaw.com

Dated: May 14, 2024

919821/WBOR/0049

9

CERTIFICATE OF SERVICE

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing Opposition to be served through the Court's CM/ECF system to the following counsel of record or by U.S. mail to the following unregistered parties:

Stephen F. Gordon
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
sgordon@gordonfirm.com
*Attorney for Petitioning Creditors*

Jonathan R. Goldsmith
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor
Springfield, MA 01103
trusteedocs1@gkalawfirm.com
*Attorney for Chapter 7 Trustee*

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
*Attorney for the U.S. Trustee*

Westborough SPE, LLC
c/o Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
*Debtor* (by U.S. mail)

Lenard Benson Zide
Butters Brazilian LLP
420 Boylston Street, 4th Floor
Boston, MA 02116
zide@buttersbrazilian.com
*Attorney for Creditor The MobileStreet Trust* (by email)

Paul W. Carey
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA  01608-1477
pcarey@mirickoconnell.com
*Attorney for Creditor Ferris Development Group, LLC*

Darin Clagg
24 Kobbs Korner Rd.
Pine Bush, NY 12566
*Creditor* (by U.S. Mail)

Matthew A. Morris
Sherin and Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110
mmorris@sherin.com
*Creditor* (by email)

Lolonyon Akouete
800 Red Milles Rd.
Wallkill, NY 12589
info@smartinvestorsllc.com
*Creditor* (by email)

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com
*Creditor* (by email)

Dated: May 14, 2024

_____
Roger L. Smerage