UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                                        Chapter 7
                                              Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,


LOLONYON AKOUETE,

        Plaintiff,                            Adversary Proceeding -24-04017
v.

JONATHAN GOLDSMITH,

        Defendant.

PLAINTIFF, LOLONYON AKOUETE'S RESPONSE TO DEFENDANT'S ANSWER AND MOTION TO DISMISS

**INTRODUCTION**

1. Plaintiff, Lolonyon Akouete, reaffirms the allegations set forth in Paragraph 1 of the Complaint. The Durable Power of Attorney executed on June 26, 2023, by Babcock and Brown Parallel Member LLC, and the Operating Agreement dated October 22, 1997, clearly establish the Plaintiff's rightful position as Manager. The Defendant's denial lacks substantive rebuttal and fails to negate the legally binding documents presented. **[See Exhibit 1 and Exhibit 2]**

**JURISDICTION AND VENUE**

2. The Plaintiff agrees that Paragraph 1 calls for a legal conclusion. However, the Plaintiff maintains that the jurisdiction and venue are appropriately established under 28 U.S.C. §§ 157, 1334, 1408, and 1409.
3. The Plaintiff acknowledges the Defendant's admission regarding venue.

**PARTIES**

4. The Plaintiff reaffirms the allegations set forth in Paragraph 1. The Defendant's denial does not provide any factual basis to dispute the Plaintiff's appointment as Manager under the Durable Power of Attorney and the Operating Agreement. **[See Exhibit 1 and Exhibit 2]**
5. The Plaintiff acknowledges the Defendant's admission regarding his role as Chapter 7 Trustee.

**FACTUAL BACKGROUND**

6. The Plaintiff reaffirms the allegations set forth in Paragraph 1. The Defendant's denial lacks specific rebuttal and does not address the legal and factual basis of the Plaintiff's appointment. **[See Exhibit 4 for managerial transition]**
7. The Plaintiff acknowledges the Defendant's statement of insufficient knowledge regarding Paragraph 2 but asserts that the factual background provided is well-documented and verifiable. **[See Exhibit 3]**
8. The Plaintiff reaffirms the allegations set forth in Paragraph 3. The Defendant's denial fails to address the documented succession of managerial authority. **[See Exhibit 4]**
9. The Plaintiff acknowledges the Defendant's statement of insufficient knowledge regarding Paragraph 4 but maintains that the Operating Agreement and Delaware law clearly outline the managerial appointment process. **[See Exhibit 1 and Exhibit 7]**
10. The Plaintiff acknowledges the Defendant's statement of insufficient knowledge regarding Paragraph 5 but asserts that the information about the Responsible Party and the notarization process is crucial to establishing the legitimacy of the Plaintiff's managerial authority. **[See Exhibit 5]**
11. The Plaintiff reaffirms the allegations set forth in Paragraph 6. The Defendant's lack of specific rebuttal fails to undermine the factual and legal basis presented. **[See Exhibit 6 and Exhibit 8]**

**COUNT I – DECLARATORY JUDGMENT**

12. The Plaintiff reaffirms the allegations set forth in Paragraph 1. The Defendant's denial lacks substantive rebuttal and does not address the compliance with the Operating Agreement and legal instruments presented. **[See Exhibit 1 and Exhibit 2]**
13. The Plaintiff reaffirms the allegations set forth in Paragraph 2. The Defendant's denial fails to provide any legal basis to challenge the Plaintiff's authority as Manager. **[See Exhibits 1, 2, and 4]**

**ARGUMENT AGAINST MOTION TO DISMISS**

The Plaintiff's Complaint states a claim upon which relief can be granted. Under the standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The Plaintiff has provided detailed factual allegations and legal arguments that establish the validity of his appointment as Manager of Westborough SPE LLC.

1. **Legal Basis**: The Durable Power of Attorney and the Operating Agreement of Westborough SPE LLC provide a clear legal basis for the Plaintiff's appointment. **[See Exhibit 1 and Exhibit 2]**
2. **Compliance with Governing Documents**: The Plaintiff's appointment process was executed in strict compliance with the Operating Agreement and Delaware law, which governs the Company. **[See Exhibit 1]**
3. **Supporting Documentation**: The Plaintiff has provided substantial documentation, including the Durable Power of Attorney, Operating Agreement, and notarized Bill of Sale, supporting the legitimacy of his appointment. **[See Exhibits 1, 2, 4, and 5]**

**PRAYER FOR RELIEF**

The Plaintiff respectfully requests that this Court:

1. Deny the Defendant's Motion to Dismiss.

2. Declare that the Plaintiff's appointment as Manager of Westborough SPE LLC is valid and legally binding.
3. Enjoin any parties contesting this appointment from interfering with the Plaintiff's management of the Company.
4. Grant such other and further relief as the Court deems just and proper.

DATED: May 15, 2024,                          Respectfully submitted:

_____
Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document(s) were served by email and by mailing a copy of the same via first-class mail to the following:

Jonathan R. Goldsmith
Goldsmith, Katz & Argenio, P.C.
1350 Main Street, 15th Floor
Springfield, MA 01103
jgoldsmith@gkalawfirm.com
trusteedocs1@gkalawfirm.com

_____
Lolonyon Y Akouete