UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 23-40709-CJP

Chapter 7

In re:

WESTBOROUGH SPE LLC

TOWN OF WESTBOROUGH'S OPPOSITION TO LOLONYON AKOUETE'S MOTIONS FOR RECONSIDERATION

The Town of Westborough ("Town"), listed in the Debtor's Matrix List of Creditors (Doc. No. 7) in the above-captioned action, hereby opposes both the Motion for Reconsideration of Order Denying Motion for Relief from Stay (Doc. No. 164) and the Motion for Reconsideration of Order Denying Motion for Court Intervention (Doc. No. 165) filed by Lolonyon Akouete.

Mr. Akouete has not established grounds for reconsideration. "Relief under a motion for reconsideration is granted sparingly," namely "only when the original [order] evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Botelho v. Buscone (In re Buscone), 61 F.4th 10, 35 (1st Cir. 2023). Mr. Akouete has neither demonstrated an error of law in the Court's orders in question, much less a manifest one, nor brought forward any evidence discovered after the entry of the Court's orders. Moreover, Mr. Akouete has not set forth why the present matter fits within the "other narrow situations" that may warrant reconsideration. Given that both orders reflect that Mr. Akouete's rights and claims remain intact notwithstanding the denial of his motions, this is unsurprising.

Rather, Mr. Akouete grounds his requests for reconsideration on two procedural red herrings. First, Mr. Akouete claims that he thought that the Court's statement in Docket No. 159 (denying Mr. Akouete's separate motion to waive filing fees) that "[t]he May 16, 2024 hearing on this matter is cancelled" meant that "the entire hearing"—which had been scheduled to address

Mr. Akouete's three pending motions—"was cancelled." See Doc. No. 164. Such misreading of the Court's order does not rise to the level of excusable neglect that might warrant reconsideration. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect"). Mr. Akouete could have simply contacted the Court's session clerk to ascertain whether the Court intended the hearing to go forward on the other two pending motions. Indeed, the undersigned counsel did exactly that. Second, Mr. Akouete contends that his motions in question "were not included in the initial hearing notice." See Doc. No. 165. This contention is belied by Docket Numbers 139 and 141, which expressly noticed the motion for relief and the motion for intervention for hearing as part of the May 16, 2024 hearing.

Regardless of any issues concerning the scheduling of hearings, Mr. Akouete is not entitled to reconsideration because the Court's denials of his motions were proper. As set forth in the Town's oppositions to those motions, Mr. Akouete is not entitled to the relief he sought. Setting aside the fact that the issues surrounding Mr. Akouete's purported role in Westborough SPE LLC (the "LLC") are at the heart of the Town's pending motion to dismiss (which motion will be resolved through the forthcoming settlement, if approved), Mr. Akouete's claim against the LLC is protected by the Bankruptcy Code itself as applied by this Court such that resort to another court is unnecessary and risks infringing upon other creditors' rights. See City of Chicago, Ill. v. Fulton, 592 U.S. 154, 157 (2021). The Court therefore correctly ruled that:

> IN ADDITION [to Mr. Akouete's failure to appear], THE MOTION [FOR RELIEF] IS DENIED AS IT DID NOT STATE A SUFFICIENT BASIS AS TO WHY THE MOVANT SHOULD BE PERMITTED TO PURSUE ASSERTED CLAIMS OUTSIDE OF THE CLAIMS PROCESS IN THIS CASE AND AS CONTEMPLATED BY THE BANKRUPTCY CODE AND RULES.

Doc. No. 162.[1]  And, with respect to Mr. Akouete's motion to intervene, the Court explained its denial as follows:

> IF AND WHEN A SETTLEMENT IS PROPOSED AND A MOTION TO APPROVE THE SETTLEMENT IS FILED, MR. AKOUETE CAN FILE AN APPROPRIATE OBJECTION.

Doc. No. 163.  This ruling was likewise proper.  To the extent that Mr. Akouete has concerns about the settlement that has been negotiated and, once fully executed, will result in the Chapter 7 Trustee filing a motion for approval pursuant to Fed. R. Bankr. P. 9019(a), Mr. Akouete will have the opportunity to present any objections he may have to such settlement to the Court through the Rule 9019(a) approval process, assuming he has standing to do so.

For the foregoing reasons, the Court should deny Mr. Akouete's motions.

Respectfully submitted,

TOWN OF WESTBOROUGH,

By its attorneys,

_____
Brian W. Riley (BBO# 555385)
Jeffrey T. Blake (BBO# 655773)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jblake@k-plaw.com
rsmerage@k-plaw.com

Dated: June 5, 2024

923014/WBOR/0049

---

[1] As the Town noted in its opposition to Mr. Akouete's motion for relief, to the extent that the issues concerning Mr. Akouete's status vis-à-vis the LLC are to be adjudicated outside of this bankruptcy proceeding, the proper venue for such adjudication is in the Town's tax title foreclosure action pending in the Massachusetts Land Court.

CERTIFICATE OF SERVICE

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing Opposition to be served through the Court's CM/ECF system to the following counsel of record or by U.S. mail to the following unregistered parties:

Stephen F. Gordon
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
sgordon@gordonfirm.com
*Attorney for Petitioning Creditors*

Jonathan R. Goldsmith
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor
Springfield, MA 01103
trusteedocs1@gkalawfirm.com
*Attorney for Chapter 7 Trustee*

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
*Attorney for the U.S. Trustee*

Westborough SPE, LLC
c/o Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
*Debtor* (by U.S. mail)

Lenard Benson Zide
Butters Brazilian LLP
420 Boylston Street, 4th Floor
Boston, MA 02116
zide@buttersbrazilian.com
*Attorney for Creditor The MobileStreet Trust* (by email)

Paul W. Carey
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
pcarey@mirickoconnell.com
*Attorney for Creditor Ferris Development Group, LLC*

Darin Clagg
24 Kobbs Korner Rd.
Pine Bush, NY 12566
*Creditor* (by U.S. Mail)

Matthew A. Morris
Sherin and Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110
mmorris@sherin.com
*Creditor* (by email)

Lolonyon Akouete
800 Red Milles Rd.
Wallkill, NY 12589
info@smartinvestorsllc.com
*Creditor* (by email)

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com
*Creditor* (by email)

Dated: June 5, 2024

/s/ Roger L. Smerage
Roger L. Smerage