FOR SETTLEMENT PURPOSES ONLY  -   Jonathan Goldsmith and Scott A Schlager.

They agreed to pay me 150,000 and a lot more to Lolonyon Akokuete, if he stopped putting in motions and allowed him to pay off the creditor with the Ca State funds, from the Westborough SPE LLC, Checking account. Scott assured us it we agreed to file a BK the property would be brought into the bankruptcy; now sense they have the money from the state forget the work that has been done to get up here. Lolonyon and Denise forget all the time, energy, sweat, tears and money you already put, let the end the case and you both go start again, because you are still the managers of the LLC, and have a responsibility, to get the funds back to the rightful owner, not matter the cost or what it takes. Lolonyon blocked me from access to all the documents related to this case. That goes to show he will do whatever it takes to finish the job even though you all feel the job is done. He no longer wants to hear me keep saying **get this over with**, I have **bills to pay**.

 If we were not authorized to act of behalf of the LLC, then why did Matthew Morris and firm, agree to work with us and take our money and why did he then focus on the wrong thing, resign and force us to hire a new attorney. How come him and his firm failed to get us here, but now He and is firm are here collected. Why then did Jonathan Goldsmith and firm, after knowing that Matthew Morris and his firm resign and I'm sure after speaking with Matthew, still agree to take the case and now we are here.

What happened to everyone who got together and decided to open a movie theater and leave it in the hands of a company that just walked off and left it abandoned and now they are here. **"Why are we all here**, because of **my financial support** and because **Jan Blaustein**, answered my call and said, **" who is this I don't usually answer a strange number"** and Lolonyon unbreakable determination to find the end. Not your end his end. Your end ended back in 2017, when the leasing movie company came to renew the lease, and no one was around. It was sent to me from Trustee Jonathan Goldsmith and Scott A. Schlager, former attorney, now creditor just like me. I was to have Lolonyon Akouete, Co- manager of Westborough SPE LLC agree to and then we would sign, if we both agreed.  I was ready to sign. I need 150,000 to pay some bills. I didn't, however, agree with starting over with the issues we are already dealing with the town. Why should we pay any more **Attorneys** to do what can be done if the **town, Trustee and Scott**, stop action like they are the reason we are here in bankruptcy court the first place, and that is about the **1.9 million at the State**. **Scott and the trustee** made it about that. This case is about who has the right to buy the Movie Theater and selling to whoever and getting this case closed. Without Lolonyon or me spending any more money out. The is about the promise to pay me 150,000 and this trying to act like that was never to offer. The threats, that the Trustee would make it hard on Lolonyon and myself to get any pay and would only try and pay us as an investigator, even thought our investigator status, did us no good and we had to take this route.

Jonathan,

Thank you for taking the time to speak with me this afternoon. Per your suggestion, and after speaking with Lolo, Denise, and Attorney Zide, I am putting the following Settlement Proposal in writing per our discussion.

The Trustee is in receipt of the unclaimed funds from California which approximate $1,293,000.

The Trustee would use his best efforts to try and get all creditors paid within approximately 90 days +|- (see caveats below *)

The Trustee shall use those CA funds to pay off the creditor claims as follows:

Denise Edwards - $150,000.00 at time of creditor distributions

Lolonyon Akouete:

    i.   $250,000.00 at time of creditor distributions

    ii.   Remaining proceeds after payment of all creditors estimated to be approximately $150-200k +|- paid to Lolo.

    iii.   Lolo would have a right to hire a new lawyer and pursue a claim in an "interpleader" action for the excess sale proceeds from the Real Property sale at 231 Turnpike Road, Westborough, MA turned over by the Town of Westborough at the Closing by the Escrow Agent.

Nathanson & Goldberg, P.C. would be paid its to be filed revised Proof of Claim amount approximately $115k at time of creditor distributions.

Mobile Street Trust to be paid its original proof of claim amount of roughly $367,131.

    i.   Mobile Trust to have Town agree to a lien in the amount of $166,500 being placed on 231 Turnpike Road for additional amounts owed under the Reciprocal Easement Agreement to be paid at time of closing of the sale of the real property. If Town would not agree, then Mobile Trust to have a priority lien on sale proceeds in the "interpleader" action.

Darren Clagg to be paid his claim amount

All Other creditors to be paid their claim amount

Lolo to not object to Trustees payment of creditors.

Lolo to not object to Trustee allowing Town to sell property to their buyer of choice.

Land Court case will be dismissed by stipulation of the Trustee and the Town.

Federal Case will be dismissed by stipulation of the Trustee and the Town.

David Ferris to get paid his claim of $10k plus up to $90k for due diligence costs, etc. (to be paid either by the Town out of the real property sale proceeds or by the Bankruptcy Estate or split). Bankruptcy Trustee to speak with Counsel for Ferris shortly.

*All subject to approval by the US Trustee and Judge Panos/Bankruptcy Court; the parties signing necessary settlement documents/stipulations to be drafted by Trustee

Does this reflect what you propose?

Thank you so much for your assistance.

-Scott

This is the agreement my partner needs to approve.