UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|                          |     |                          |
|--------------------------|-----|--------------------------|
| In re:                   | )   | Chapter 7                |
|                          | )   | Case No. 23-40709-CJP    |
| WESTBOROUGH SPE LLC,     | )   |                          |
|                          | )   |                          |
|              Debtor.     | )   |                          |
|                          | )   |                          |

RESPONSE TO TRUSTEE'S OBJECTION TO CREDITOR'S MOTION FOR ORDER
DIRECTING TRUSTEE TO ABANDON CLAIMS OR PURSUE CLAIMS
BELONGING TO THE BANKRUPTCY ESTATE

Now comes Lolonyon Akouete, creditor of Westborough SPE LLC ("the Debtor"), and hereby
responds to the Trustee's Objection to the Creditor's Motion for Order Directing Trustee to
Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate ("Objection"). In support
thereof, Creditor states as follows:

1. **General Response to Trustee's Insufficient Knowledge Claims**

The Trustee's repeated claims of insufficient knowledge (paragraphs 2-8) regarding the potential
claims indicate either a lack of thorough investigation or deliberate evasion. The Debtor's history,
as detailed in the Motion, is well-documented and should be within the Trustee's purview to verify.

2. **Specific Responses to Trustee's Objections**

2.1. **Paragraph 2.7 (Trustee's Admission of Fund Receipt)**

The Trustee admits receiving $1,293,646.83 from the California State Controller but denies the
remaining allegations in Paragraph 2.7 of the Motion. The Creditor asserts that the Trustee should
fully investigate and clarify the misappropriation and collusion allegations to ensure all estate
assets are accounted for and properly managed.

2.2. **Paragraph 2.8 (Legal Fees and Financial Hardship)**

The Trustee's acknowledgment of the Supreme Court ruling in Lamie v. United States Trustee
underscores the financial constraints faced by the Debtor, which impacts the ability to pursue these
claims. The Creditor requests that the Trustee address the financial implications for the estate if
these claims remain unpursued.

2.3. **Paragraph 3.1 (Statutory Basis for Abandonment)**

The Trustee denies the relevance of 11 U.S.C. § 554(b). However, the Creditor reiterates that these
claims, if deemed inconsequential or burdensome, should be abandoned to allow the Creditor to
pursue them independently. The Trustee's focus on other matters should not preclude the proper
handling of these significant potential claims.

3. **Trustee's Obligation to the Estate**

The Trustee's assertion in Paragraph 4.1 that other matters take precedence does not absolve the responsibility to maximize the value of the estate's assets. Given the complexity and potential value of these claims, the Trustee must either commit to pursuing them or formally abandon them, allowing the Creditor to take necessary action.

4. **Statute of Limitations Concerns**

While the Trustee references 11 U.S.C. § 108(a) to suggest there is still time to pursue these claims, the Creditor urges immediate action to avoid any risk associated with delays. The potential expiration of statutes of limitation poses a significant risk to the estate's ability to recover assets.

5. **Reversion of Claims**

The Trustee's assertion in Paragraph 4.2 that abandoned claims would revert to the Debtor rather than the Creditor is noted. However, the Creditor seeks the Court's guidance to ensure these claims are handled in a manner that maximizes recovery for all creditors, whether through the Trustee's pursuit or by granting the Creditor standing to pursue them independently.

6. **Pattern of Delay and Inefficiency**

It has been nine months since the filing of this bankruptcy estate on August 31, 2023. Because of the Town's and the Trustee's frivolous requests for continuation, we have accomplished absolutely nothing. The Trustee has shown a pattern of procrastination, insisting on doing one thing at a time while multiple tasks could be accomplished simultaneously, saving a significant amount of money and time.

7. **Motion to Recover Unclaimed Funds**

If not for Creditor Lolonyon Akouete's motion (Doc #62, filed on January 4, 2024), the California State Controller would still hold the $1,293,646.83 belonging to the Debtor. Despite the judge's decision on January 5, 2024 (Doc #63), the Trustee waited 28 days before filing the motion (Doc #78, filed on February 2, 2024). This delay exemplifies the Trustee's lack of urgency.

8. **341 Meeting Inefficiency**

An Order for relief was entered on October 11, 2023. The meeting of creditors was scheduled for November 15, 2023. On October 13, 2023, Lolonyon Akouete spoke to the case administrator about rescheduling the 341 meeting to an earlier date. Although the administrator agreed, provided the Trustee consented, the Trustee's paralegal, Mary Wolohan, informed Lolonyon that an earlier meeting was not possible. During the 341 meeting, Lolonyon was asked a single question, wasting 33 days for an unproductive session. This inadequacy explains the Trustee's repeated claims of insufficient knowledge.

9. **Management of the Debtor**

Westborough SPE LLC is a manager-managed entity, with overall management and control vested in the Manager. Creditor Lolonyon Akouete, as the rightful successor manager, is entitled to know whether the Trustee plans to pursue or abandon these claims.

10. **Town of Westborough's Misconduct**

The Town of Westborough selectboard engaged in conspiracy to commit tax foreclosure fraud, making false statements to acquire property unlawfully, and engaging in fraudulent practices to evade Federal taxes. This includes making false statements, submitting fraudulent documents, and other deceptive practices aimed at defrauding Westborough SPE LLC and the Federal Government. **See EXHIBIT 1.**

11. **Unjust Enrichment and Property Rights**

Unjust enrichment involves retaining money or property against the principles of justice or equity. An owner of property is entitled to rights including possession, control, use, enjoyment, profits, and sale. Westborough SPE LLC, as the owner of the property at 231 Turnpike Rd, is entitled to these rights.

12. **Conspiracy to Withhold Funds**

This bankruptcy would not have been filed if not for the Town's conspiracy with the California State Controller and Peter Blaustein to withhold $1.2 million belonging to Westborough SPE LLC. The aim was to prevent the Debtor from paying taxes and vacating the foreclosure judgment. As of February 9, 2023, the amount owed to the Town by the Debtor was $638,755.20. This amount has now doubled to $1,165,000.00, exemplifying unjust enrichment. **See EXHIBIT 2, 3 and 4**.

13. **Debtor's Lack of Access to Funds**

The Debtor currently has $1,293,646.83 but does not have access to those funds to retain an attorney due to the Supreme Court's ruling in Lamie v. United States Trustee, which limits the use of bankruptcy estate funds for debtor's attorney fees in Chapter 7 cases. Consequently, the Debtor remains unrepresented by legal counsel. The Town of Westborough is aiding and abetting the Trustee in breaching his fiduciary duty by facilitating the sale of the Debtor's property to a third party at a significantly below-market price.

**Relief Requested**

For the reasons set forth above, the Creditor respectfully requests that this Court:

1. Direct the Trustee to determine whether to pursue the claims against Babcock & Brown Limited, Dyann Blaine, Walter Horst, and the California State Controller within 30 days.
2. If the Trustee decides not to pursue these claims, order the Trustee to abandon these claims so that the Creditor may pursue them individually.
3. Grant such other and further relief as the Court deems just and proper.


DATED: June 15, 2024, Respectfully submitted:

By creditor,



_____

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

COMMONWEALTH OF MASSACHUSETTS                    EXHIBIT 1

SUFFOLK, SS.                          LAND COURT DEPARTMENT
                                      19 TL 000768

```
                                  )
TOWN OF WESTBOROUGH,              )
        Plaintiff,               )
                                  )
v.                               )
                                  )
WESTBOROUGH SPE, LLC,            )
        Defendants.              )
                                  )
```

## DEFENDANT WESTBOROUGH SPE, LLC's EMERGENCY MOTION TO STRIKE PETER BLAUSTEIN'S UNLAWFUL FILING OF A WAIVER OF NOTICE AND ASSENT TO THE ENTRY OF JUDGMENT AND MOTION FOR THE IMPOSITION OF MASS. R. CIV. P. RULE 11 SANCTIONS AGAINST ATTORNEY IRIS A. LEAHY, THE TOWN OF WESTBOROUGH, AND PETER BLAUSTEIN, FOR ASSISTING IN THE PERPETRATION OF AN ALLEGED FRAUD ON THE COURT, UNAUTHORIZED PRACTICE OF LAW, AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE

**NOW, COMES,** Westborough SPE, LLC ("Defendant") and hereby moves on an emergency basis, time being absolutely of the essence hereof, to strike the improper and unlawfully filed Waiver of Notice and Assent to the Entry of Judgment, filed with the Court on May 3, 2023 by Peter Blaustein ("Mr. Blaustein"), purportedly as a "Party of Interest by and/or through a Power of Attorney, as Court-appointed Guardian, and as Conservator for F. Jan Blaustein a/k/a Jan Blaustein Scholes". At the eleventh hour, Mr. Blaustein, without authority, standing, or privilege, has attempted to wrongfully interject himself in the tax title proceeding before the Court in an attempt to interfere with the administration of justice. This filing was not served on the undersigned counsel of record in this matter.  It has been the practice of the parties to serve all pleadings by email and Mr. Blaustein's pleading was surreptitiously filed without notification to the undersigned counsel as of the filing of this emergency motion. This improper intervention of Mr.

1

Blaustein, upon information and belief, was at the request of Attorney Iris A. Leahy (Attorney Leahy), on behalf of the Town of Westborough. The only issue in a tax title redemption matter is the amount of redemption, ability to pay, and a proper party in interest. Lolonyon Akouete is listed as Manager of Westborough SPE, LLC in a Certificate of Goodstanding for the entity that has been recently filed with this Court. Proof of funds have also been filed with the Court. The Town of Westborough has failed to provide the redemption amount to Lolonyon Akouete, Manager of Westborough SPE, LLC, the only party authorized to act in this tax title proceeding.

The proper party in interest is Westborough SPE, LLC and neither Mr. Blaustein nor F. Jan Blaustein are currently listed with the Massachusetts Secretary of The Commonwealth Corporations Division Certificate of Goodstanding as a Manager of Westborough SPE, LLC. Thus, Mr. Blaustein lacks the authority and standing to act on behalf of the entity. Upon information and belief, Attorney Iris A. Leahy ("Attorney Leahy") has communicated with Peter Balustein in an attempt to further the Town of Westborough's position to the detriment of Westborough SPE, LLC. The Land Court is not the proper venue to litigate disputes concerning limited liability companies organized under Delaware law. Mr. Blaustein lacks apparent authority to act on behalf of Westborough SPE, LLC as indicated by The Commonwealth of Massachusetts entity filings and even if Mr. Blaustein did have authority, he has unequivocally breached and/or conspired to breach the fiduciary duties of loyalty, care, and obedience of Westborough SPE, LLC, by openly allowing the Town of Westborough to seize the LLC's only asset which is the real property that is the subject of this dispute.

In the event that the Court is inclined to accept Mr. Blaustein's filing, Defendant Westborough SPE, LLC asks for a stay of the proceedings to appeal such decision to the Massachusetts Appeals Court and/or seek an injunction from the Delaware Court of Chancery

2

enjoining Mr. Blaustein's improper actions that constitute a breach of his fiduciary duties. Moreover, Defendant Westborough SPE, LLC hereby requests sanctions against Attorney Leahy and the Town of Westborough, enjoining them from communicating with Mr. Blaustein or taking any action to improperly influence the outcome of this Land Court Tax Title Proceeding. In addition, Mr. Blaustein cannot represent an entity, and Mr. Blaustein does not have an interest in the property. The real property interest belongs to Westborough SPE, LLC and not Blaustein or F. Jan Blaustein, individually. F. Jan Blaustein is no longer a Manager of Westborough SPE, LLC and thus has no authority to act on behalf of the entity.

The Land Court possesses the authority to strike pleadings under Mass. R. Civ. P. 12(f) to: "[u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may after hearing order stricken from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." That a pleading is filed without authorization for its filing does not remove it from status as a pleading for purposes of a motion to strike and is, instead, grounds for striking the pleading. . *See* 71 C.J.S. Pleading § 633; see also, *Merrick Park, LLC v. Garcia*, 299 So. 3d 1096 (Fla. 3d DCA 2019).

Attorney Leahy and Mr. Blaustein should be sanctioned by the Court for committing a fraud on the Court and attempting to improperly interfere with the administration of justice. Courts frequently resort to their inherent powers to address fraud on the court. "All in all, we find it surpassingly difficult to conceive of a more appropriate use of a court's inherent power than to protect the sanctity of the judicial process—to combat those who would dare to practice unmitigated fraud upon the court itself." *See Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st

3

Cir. 1989); *see also, Davidson v. Cao*, 211 F. Supp. 2d 264 (D. Mass. 2000) (discussing fraud on the court). Courts have held that a course of action designed to interfere with the impartial adjudication of a matter, whether by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's case, constitutes a fraud on the court. *See Colon-Millin v. Sears Roebuck De. P.R., Inc.*, 455 F.3d 30, 37 (1st Cir. 2006).

As the allegations contained herein are serious and involve breaches of fiduciary duty and standards of professional conduct, Defendant Westborough SPE, LLC supports its allegations through Attorney Leahy's own admissions as stated in her March 8, 2023 filing with the Land Court. In Attorney Leahy's Supplement to Plaintiff's Opposition to Defendant Westborough SPE, LLC's Motion to Vacate Foreclosure Judgment, Attorney Leahy admits initiating contact with Mr. Blaustein on February 1, 2023, receiving an email from Mr. Balustein on February 2, 2023, and having a telephone conversation with Mr. Blaustein on February 13, 2023. In fact, the Court should sua sponte strike Attorney Leahy's supplemental opposition filing dated March 8, 2023 as well as it is riddled with hearsay and other inadmissible, improper, irrelevant conduct. A Land Court tax title proceeding is not the venue for discussion of these concerns and the Town of Westborough does not have standing to address these concerns. *See* **Exhibit A** attached hereto and incorporated by reference at Pages 2-3.

In *Doe v. Nutter, McClennen & Fish*, 41 Mass. App. Ct. 137, 668 N.E.2d 1329 (1996), the Appeals Court held that the motion judge did not abuse her discretion in awarding sanctions against plaintiffs' counsel to the defendant attorney because the judge could properly determine that plaintiffs' counsel acted in bad faith. The Court has the authority to award reasonable attorney's fees as a sanction "in the interest of justice" for bad faith, vexatious or other oppressive conduct.*Police Com'r of Boston v. Gows*, 429 Mass. 14, 705 N.E.2d 1126 (1999) (attorney's fees

4

must be limited to those claims on which the aggrieved party was successful). The common law judicial authority to award attorney's fees as a sanction originally was limited to bad faith and unacceptable conduct in contempt actions,but has been expanded to apply to civil actions generally. Id., 429 Mass. at 14 and cases cited therein.

Attorney Leahy, upon information and belief, prepared the pleading filed by Mr. Blaustein, and thus assisted in the unauthorized practice of law and interference with the administration of justice by Mr. Blaustein. *See, e.g., Rental Property Management Services v. Hatcher*, 479 Mass. 542, (2018) (Housing Court has inherent authority cases to impose attorney's fees as a sanction for the unauthorized practice of law; case was summary process action).

A court has some discretion to choose what sanction is most appropriate in the circumstances. The court may impose a fine (*see In re Charbono*, 790 F.3d 80, 85-86 (1st Cir. 2015)), payment of attorney fees (*see Stefan v. Laurenitis*, 889 F.2d 363, 370 (1st Cir. 1989)), or other monetary sanctions (*see United States v. Ottati & Goss, Inc.*, 900 F.2d 429, 444 (1st Cir. 1990) (agreeing that the District Court had inherent authority to disallow an award of the indirect costs for environmental cleanup at a hazardous waste site as a sanction for the United States' improper behavior during the course of the litigation)). The payment of attorneys' fees as a sanction must be limited to payments that are compensatory in nature—meaning those fees that the innocent party would not have incurred but for the sanctionable conduct. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017). In making that butfor determination, however, courts need not "become green-eyeshade accountants"; rather, a District Court "may take into account [its] overall sense of a suit" and "use estimates in calculating and allocating an attorney's time," determinations that will be given "substantial deference on appeal." See Goodyear Tire & Rubber Co., 137 S. Ct. at 1187. (*quoting Fox v. Vice*, 563 U.S. 826, 838 (2011)).

5

"Extreme" conduct includes "extremely protracted inaction, disobedience to court orders, ignorance of warnings, contumacious conduct, or aggravating circumstances" such as prejudice to the opposing party, "glaring weakness" in the offending party's case or a "wasteful expenditure" of a significant amount of the court's time. *See John's Insulation, Inc. v. L. Addison & Assocs., Inc.*, 156 F.3d at 109 (1st Cir. 1998). Both Mr. Blaustein and Attorney Leahy's conduct in this situation is extreme, outrageous, and improper.

The court's inherent authority to sanction parties in a lawsuit may also include the power to **disqualify counsel** from appearing in litigation that they have conducted abusively. *See Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712, n.1 (1st Cir. 1977) (authorizing sanctions to include "the temporary suspension of the counsel from practice before the court, and dismissal of the suit unless new counsel is secured"). Attorney Leahy's conduct described herein rises to the level where disqualification of counsel is necessary and proper to preserve the integrity of the court system in this Commonwealth.

## PRAYERS FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that this Honorable Court on an Emergency Basis:

A. ISSUE an emergency ORDER to STRIKE the improper pleading, i.e., Waiver of Ntoice and Assent to the Entry of Judgment;

B. SANCTION Attorney Leahy, the Town of Westborough, and Mr. Blaustein under Mass. R. Civ. P. Rule 11;

C. AWARD Westborough SPE, LLC its reasonable attorneys fees for bringing this motion;

D. DISQUALIFY Attorney Leahy from participating in these proceedings;

E. ORDER that Mr. Blaustein be barred from participating in this tax title proceeding pursuant to Westborough SPE, LLC's Motion in Limine;

F. STAY the matter if the Court is inclined to allow Mr. Blaustein's pleading to stand pending an emergency appeal to the Massachusetts Appeals Court;

G. Grant Defendant such other and further relief as this Court deems just and proper for the preservation of justice.

Date: May 5, 2023                     **DEFENDANT WESTBOROUGH SPE, LLC,**
                                                            **By its attorneys,**

                                                            */s/ Scott A. Schlager*
                                                            Scott A. Schlager, BBO# 695421
                                                            Alvin S. Nathanson, BBO# 367480
                                                            Nathanson & Goldberg, P.C.
                                                            183 State Street, 5th Floor, Boston, MA 02109
                     Tel. (617) 909-4511 | Fax. (617) 210-4824 | sas@natgolaw.com | asn@natgolaw.com

## CERTIFICATE OF SERVICE

I, Scott A. Schlager, Esq., hereby certify that a copy of the above-captioned Emergency Motion was filed electronically through the Massachusetts E-File system and a copy was transmitted electronically to counsel of record in the above-captioned matter on May 5, 2023.

                                                            **/s/ Scott A. Schlager, BBO# 695421**

EXHIBIT A

LAW OFFICE OF ———— LAND COURT
FILED

# IRIS A. LEAHY 2023 MAR -8 AM 10:43

4 OPEN SQUARE WAY, SUITE 217, HOLYOKE, MA 01040
Phone: (413)322-8318                    Fax: (413) 322-8661

Iris A. Leahy, Attorney          Dawn E. Bloom, Of Counsel
attyleahy@outlook.com            attybloom@outlook.com

March 7, 2023

Deborah J. Patterson, Recorder
Land Court, 5th Floor
Suffolk County Courthouse
Three Pemberton Square
Boston, MA 02108

RE:     **Supplement to Plaintiff's Opposition to Defendant's
        Motion to Vacate Foreclosure Judgment
        Town of Westborough v. Westborough SPE, LLC, et al.
        19 TL 000768**

Dear Recorder Patterson:

    Please find enclosed, a Supplement to the Plaintiff's Opposition to Defendant's
Motion to Vacate Foreclosure Judgment as the Plaintiff has received new information
that is necessary for this Court to review.

    A copy of the same is being sent today via USPS Priority Mail to legal counsel
for Westborough SPE, LLC.

    If you have any questions concerning this matter, please do not hesitate to
contact this office.

                                    Sincerely,

                                    Iris A. Leahy, Esq.

Enclosures

cc:     Scott A. Schlager, Esq.
        Alvin S. Nathanson, Esq.
        Nathanson & Goldberg, P.C.
        183 State Street
        Boston, MA 02109

COMMONWEALTH OF MASSACHUSETTS
LAND COURT
DEPARTMENT OF THE TRIAL COURT

LAND COURT
FILED

SUFFOLK, ss.

2023 MAR -8 AM 10: 43

LAND COURT
CASE NO. 19 TL 000768

| | | |
|---|---|---|
| TOWN OF WESTBOROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S |
| | ) | SUPPLEMENTAL MEMO |
| v. | ) | |
| | ) | |
| WESTBOROUGH SPE, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENT TO PLAINTIFF'S OPPOSITION TO DEFENDANT WESTBOROUGH SPE, LLC'S MOTION TO VACATE FORECLOSURE JUDGMENT

Now comes, the Plaintiff, Town of Westborough (hereinafter the "Town") and hereby respectfully submit their Supplemental Memorandum to Plaintiff's Opposition to Defendant Westborough SPE, LLC's Motion to Vacate Foreclosure Judgment. New relevant information and evidence has been recovered by the Town to support their continued opposition of the Defendant's motion to vacate.

### I.      FACTUAL BACKGROUND

### A.  RFP BID – EXTENDED AGAIN

Due to the hearing scheduled in this case for March 23, 2023, LAX MEDIA INC. agreed to a third extension to hold their bid firm and to keep the terms and conditions of purchase in place until April 15, 2023. A purchase and sale contract has not been executed to date.

### B.  PETER BLAUSTEIN – LEGAL GUARDIAN, CONSERVATOR, POWER OF ATTORNEY FOR F. JAN BLUESTEIN A/K/A JAN BLAUSTEIN SCHOLES

Page 1 of 9

On February 1, 2023, I searched for Peter Blaustein on TLO and recovered several potential telephone numbers for him. That day, I called several telephone numbers but did not reach him and left voicemails with my contact information and a brief explanation of the status of this case as well as a request for information related to the mental capacity of F. Jan Bluestein a/k/a Jan Blaustein Scholes.

On February 2, 2023, I received an email from Mr. Blaustein advising he is currently the legal guardian, conservator and power of attorney for F. Jan Bluestein a/k/a Jan Blaustein Scholes.

On February 13, 2023, I had a telephone conversation with Mr. Blaustein and he stated the following:

1. F. Jan Bluestein a/k/a Jan Blaustein Scholes is his mother and prefers to be known as Jan (hereinafter referred to as "Jan").

2. He was authorized as the "attorney-in-fact" or "agent" for Jan via a Power of Attorney since September 11, 2014. (*See* Supplemental Memo, Exhibit 1). He was granted all powers as her agent and/or her attorney-in-fact. (*See* Supplemental Memo, Exhibit 1).

3. Jan is still legally considered incapacitated, and he has been her court-appointed guardian since signing the Waiver of Notice and Consent to Conservatorship on June 3, 2019. (*See* Supplemental Memo, Exhibit 1).

4. He and Jan were approached by Loloynon Akouete regarding an offer to investigate and reunite Jan with the unclaimed funds in California if they were rightfully hers.

5. He provided consent to Loloynon Akouete and Denise Edwards to assist Jan with research and recovery of the unclaimed funds if they could establish the funds

belonged to Jan. He gave permission for Jan to sign a Claim for Abandoned Property but he did not give permission for Jan to sign other legal documents.

6. He has been made aware Jan signed the Bill of Sale and did not approve of her executing it. He stated Lolonyon Akouete and Denise Edwards knew he was her legal guardian and they did not involve him in the contract process or seek his consent for Jan to sign it.

7. He does not believe the contract terms are reasonable or that the Bill of Sale contact is legally binding as Lolonyon Akouete and Denise Edwards knew that Jan was legally incapacitated and; thus, incapable of legally signing a contract without her guardian, but had her sign it anyway.

8. He does not believe Jan is the legal or rightful owner of Westborough SPE, LLC and/or the locus.

9. He has been in contact with Dyann Blaine (a previous employee of Babcock & Brown Administrative Services, Inc.). He and Dyann Blaine do not think either Jan or Dyann have a legal interest in Westborough SPE, LLC and/or the locus.

10. He has instructed Jan to disengage with Lolonyon Akouete and Denise Edwards and he does not trust them and feels that he needs to protect Jan from them.

11. He would like to see this case dismissed and will likely appear in the audience at the upcoming hearing.

## C. DYANN BLAINE

Dyann Blaine was identified by the SOC as the Real Property Signatory for the "original" Westborough SPE, LLC and an officer of Babcock & Brown Administrative Services, Inc., the company previously providing administrative and management services to Westborough SPE, LLC. (*See* Plaintiff's Opposition, Exhibits 18 & 32).

Peter Blaustein connected me with Dyann Blaine and she provided me with the following information:

1. She was employed by Babcock & Brown Administrative Services, Inc. as a corporate and tax attorney from 1993 through 2009. She managed Babcock & Brown Administrative Services, Inc.'s corporate tax department and worked with the General Counsel's group to manage their corporate legal matters.

2. In 1997 Babcock & Brown Administrative Services, Inc., through its Australian subsidiary, arranged a financing transaction relating to the Hoyts Cinemas movie theater complex located at 231 Turnpike Road, Westborough, Massachusetts, through which a group of private investors provided financing to Hoyts Cinemas with the intention of using a sale-leaseback structure.

3. On October 30, 1997, Westborough SPE, LLC entered into a service agreement with Babcock & Brown Administrative Services, Inc. to provide administrative and management services to Westborough SPE, LLC.

4. On or about October 23, 1997, she and Jan, along with a number of other individuals, were appointed by Babcock & Brown Administrative Services, Inc. to serve as officers of Babcock & Brown Administrative Services, Inc., and subsequently she and Jan were appointed by Babcock & Brown Administrative Services, Inc. to serve as authorized signatories for real estate matters for Westborough SPE, LLC.

5. On November 19, 2007, Westborough SPE, LLC filed a Certificate of Withdrawal in Massachusetts. Then in 2008 Babcock & Brown Administrative Services, Inc. filed a Certificate of Withdrawal in Massachusetts.

6. On June 8, 2009 Babcock & Brown Administrative Services, Inc. notified
   Westborough SPE, LLC that it was terminating the service arrangement with
   effective August 31, 2009.

7. On June 25, 2009, she ceased to be an employee of Babcock & Brown
   Administrative Services, Inc. and resigned from her position as an officer.

8. She will likely appear in the audience at the upcoming hearing.

### D. DENIAL OF CLAIM TO UNCLAIMED FUNDS IN CA

I requested information from the California State Controller's Office, Unclaimed
Property Division regarding the claim the Defendants have made for the abandoned funds
of Westborough SPE, LLC. In addition, I requested information regarding the ethical rules
for a registered investigator of the Unclaimed Property Division.

On February 23, 2023, I received an email from Harpreet K. Nakhwal, Staff
Counsel, Office of State Controller Malia M. Cohen, Legal Office. (*See* Supplemental
Memo, Exhibit 2). Attorney Nakhwal provided a copy of a letter dated February 8, 2023
and addressed to Westborough SPE LLC c/o Denise Edwards denying the claim for the
funds. (*See* Supplemental Memo, Exhibit 2).

The letter states that the following, "[a]s the Bill of Sale is void, you could not have
acquired any interest in Westborough SPE LLC and your claim for this property must be
denied". (*See* Supplemental Memo, Exhibit 2). Further, the letter states that even if Jan is
determined to have the capacity to enter into the contract, the claim would still have to be
denied because Jan does not have a legal ownership interest in Westborough SPE, LLC,
rather, she was a manager through Babcock & Brown Administrative Services, Inc. (*See*
Supplemental Memo, Exhibit 2).

### E. LOLO ADVISED HE DOESN'T HAVE FINANCING AND DIDN'T COMPLETE DUE DILIGENCE

Per the Defendant in their filing dated February 21, 2023, they did not complete their due diligence prior to filing their Motion to Vacate and did not secure funds. To date, the Defendant has not produced proof of funds adequate to redeem.

## II.    ANALYSIS AND ARGUMENTS

### a) VOID BILL OF SALE

Court decisions that have concluded contracts were void due to incapacity have done so only where medical evidence demonstrated a permanent, progressive, degenerative or long-term illness "that has been diagnosed by a mental health professional." Sparrow v. Demonico, 77 Mass.App.Ct. 1120 (2010). Here, by court decree, Jan is considered an incapacitated person and the docket previously produced by the Defendant noted that medical evidence was considered in making the decision to designate Jan as incapacitated.

Further, the Defendant was aware that Jan was legally incapable of signing legal documentation without permission and agreement from her guardian, Peter Blaustein. However, the Defendant did not involve Mr. Blaustein in the drafting or execution of the Bill of Sale. In addition, the Defendant did not get approval from Mr. Blaustein for Jan to sign the contract.

The Bill of Sale contract is the basis of Defendant's purported title to Westborough SPE, LLC and/or the locus. Said contract is void and does not transfer any legal interest to the Defendant. The Bill of Sale is not legally enforceable because and it has been illegitimate since its execution. The Bill of Sale cannot be enforced out of fairness or public policy.

### b) NO STANDING

As a matter of equity, a petition to vacate a prior decree foreclosing the right of redemption under a tax title is "extraordinary in nature and ought to be granted only after careful consideration and in instances where . . . [it is] required to accomplish justice."

Sharon v. Kafka, 18 Mass. App. Ct. 541, 542 (1984); Lynch v. Boston, 313 Mass. 478, 480 (1943). It would not accomplish justice to vacate the decree of foreclosure as the Defendant does not have a legal interest in the locus and therefore, does not have standing to petition to vacate the prior decree of foreclosure entered by this Court.

This Honorable Court should not vacate the decree of foreclosure and allow redemption by this party as it would not be based in equity.

### c) LACK OF PROOF OF FUNDS

As stated supra, even if this Court deems the Defendant has the right to redeem, the Defendant has not produced proof of funds to redeem. The Defendant has had adequate time to produce proof of funds and has not. The Town should not be further delayed from continuing with the RFP process to get this property back on the tax rolls.

### III.   PLAINTIFF'S PRAYER FOR RELIEF

The Town believes the Defendant's Motion to Vacate is frivolous and argues the cost of defending the same should not be the Town's burden if this Court denies the Defendant's motion, the Town moves this Court to award from the Defendant all legal fees charged to the Town since the date Lolonyon Akouete requested to redeem and all legal fees related to the same.

The Town requests this honorable Court award them with any and all other relief this Court believes is reasonable and necessary.

### IV.   CONCLUSION

The Town continues to oppose the Motion to Vacate Final Judgment as the Motion is not supported by facts, evidence and law to prove the right title and interest of Denise Edwards and Lolonyon Akouete in the locus. The Defendants do not hold legal title to Westborough SPE, LLC; thus, they do not have legal title to the locus, previously owned by Westborough SPE, LLC.

The Defendants are not entitled to the vacating of the decree of foreclosure entered by this Honorable Court on either legal or equitable grounds. The Defendant's motion does not set forth adequate grounds to justify vacating the decree of foreclosure.

Based on the Defendant's own assertions they have not done their due diligence before signing the Bill of Sale and cannot provide proof that this document is binding to transfer ownership of the locus.

The statutory law concerning the validity of the Defendant's title and interest in the locus and Westborough SPE, LLC, and the equities in this case, weigh against disturbing the Court's final judgment of foreclosure.

WHEREFORE, the Defendant's Motion to Vacate Foreclosure Judgment should be DENIED WITH PREJUDICE.

Respectfully submitted,
TOWN OF WESTBOROUGH
By its Attorney,

Date: March 7, 2023

Iris A. Leahy, Esq.
Law Office of Iris A. Leahy
4 Open Square Way, Suite 217
Holyoke, MA 01040
BBO # 697783
Phone: (413) 322-8318
Fax: (413)322-8661

Page 8 of 9

## CERTIFICATE OF SERVICE

I, Iris A. Leahy, attorney for the Plaintiff, hereby certify that I have served the foregoing Supplemental Memo in Opposition by first class mail, postage prepaid, to the following:

Scott A. Schlager, Esq.
Alvin S. Nathanson, Esq.
Nathanson & Goldberg, P.C.
183 State Street
Boston, MA 02109

TOWN OF WESTBOROUGH
By its Attorney,

Date: March 7, 2023

Iris A. Leahy, Esq.
Law Office of Iris A. Leahy
4 Open Square Way, Suite 217
Holyoke, MA 01040
BBO # 697783
Phone: (413) 322-8318
Fax: (413)322-8661

# SUPPLEMENTAL MEMO

# EXHIBIT 1

## WAIVER OF NOTICE AND CONSENT TO CONSERVATORSHIP

## UNIFORM STATUTORY FORM
## POWER OF ATTORNEY

CADES SCHUTTE
A Limited Liability Law Partnership

RHONDA L. GRISWOLD          3679-0
SUMMER G. SHELVERTON        9799-0
DANIEL C. VERMILLION        10568-0
PŌHAI NU'UHIWA CAMPBELL 10433-0
1000 Bishop Street, Suite 1200
Honolulu, HI 96813
Telephone: (808) 521-9200

Attorneys for Petitioner
PETER L. BLAUSTEIN

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE CONSERVATORSHIP AND GUARDIANSHIP<br><br>OF<br><br>FRANCES JAN BLAUSTEIN SCHOLES, also known as JAN BLAUSTEIN SCHOLES,<br><br>               Respondent. | CG. NO. 19-1-002K<br>(Conservator and Guardian of Adult)<br><br>**WAIVER OF NOTICE AND CONSENT TO CONSERVATORSHIP**<br><br>DATE: <u>June 3, 2019</u><br>TIME: <u>9:320 a.m.</u><br>JUDGE: <u>The Hon. Robert D.S. Kim</u> |

**WAIVER OF NOTICE AND
CONSENT TO CONSERVATORSHIP**

       I acknowledge receipt of filed copies of the Petition requesting the appointment of my son, PETER L. BLAUSTEIN, as my Conservator and Guardian, and the Notice of Hearing in this action.

       I consent to the conservatorship and guardianship, the appointment of the proposed Conservator and Guardian, and waive the requirement that I receive notice of the hearing at least fourteen days before the hearing on the Petition.

ImanageDB:4821959.1

Also,

[✓]    I do not want to be notified of any further hearings and understand that the Court may grant the Petition without further notice to me.

[ ]    I want to be notified of all future hearings but do not require that I be given at least fourteen days advance notice.

DATED: Kamuela, Hawaii, _____APRIL 19,_____, 2019.
                                                (Date)

_____Frances Jan Blaustein Scholes_____
Print Name: FRANCES JAN BLAUSTEIN SCHOLES
Address:        68-1122 N. Kaniku Drive. No. 103
                    Kamuela, HI 96743

WAIVER OF NOTICE AND CONSENT TO CONSERVATORSHIP, In The Matter of The Conservatorship and Guardianship of FRANCES JAN BLAUSTEIN SCHOLES, also known as JAN BLAUSTEIN SCHOLES, Respondent, CG. No. 19-1-002K

ImanageDB:4821959.1                                2

## UNIFORM STATUTORY FORM POWER OF ATTORNEY
### (California Probate Code Section 4401)

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE UNIFORM STATUTORY FORM POWER OF ATTORNEY ACT (CALIFORNIA PROBATE CODE SECTIONS 4400-4465). IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I, FRANCES JAN BLAUSTEIN SCHOLES, domiciled in California, and currently residing at the Windsor Court Apartments, 151 E. 31st Street, New York, New York 10016, appoint my son, PETER L. BLAUSTEIN ("PETER"), of 230 Central Park West, Apt. 4D, New York, New York 10024, as my agent ("attorney-in-fact" or "agent") to act for me in any lawful way with respect to the following initialed subjects:

TO GRANT ALL OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF (N) AND IGNORE THE LINES IN FRONT OF THE OTHER POWERS.

TO GRANT ONE OR MORE, BUT FEWER THAN ALL, OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF EACH POWER YOU ARE GRANTING.

TO WITHHOLD A POWER, DO NOT INITIAL THE LINE IN FRONT OF IT. YOU MAY, BUT NEED NOT, CROSS OUT EACH POWER WITHHELD.

INITIAL:

| | | |
|---|---|---|
| _____ | (A) | Real property transactions. |
| _____ | (B) | Tangible personal property transactions. |
| _____ | (C) | Stock and bond transactions. |
| _____ | (D) | Commodity and option transactions. |
| _____ | (E) | Banking and other financial institution transactions. |
| _____ | (F) | Business operating transactions. |
| _____ | (G) | Insurance and annuity transactions. |
| _____ | (H) | Estate, trust, and other beneficiary transactions. |
| _____ | (I) | Claims and litigation. |
| _____ | (J) | Personal and family maintenance. |
| _____ | (K) | Benefits from Social Security, Medicare, Medicaid, or other governmental programs, or civil or military service. |
| _____ | (L) | Retirement plan transactions. |
| _____ | (M) | Tax matters. |
| _FJBS_ | (N) | ALL OF THE POWERS LISTED ABOVE. |

YOU NEED NOT INITIAL ANY OTHER LINES IF YOU INITIAL LINE (N).

Approved _____
Indexed _____
Original with:
  Schiff Hardin _____
  Client _____

**SPECIAL INSTRUCTIONS:**

ON THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS
LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT.

My agent is authorized (i) to transfer, assign, and convey any property or interest
in property which I may own to the acting trustee of the JAN BLAUSTEIN
SCHOLES 2005 TRUST, of which I am now named as trustee, if then in
existence, or to any other trust of which I am a beneficiary and under the terms of
which I expressly have the power, exercisable alone or with others, to amend or
revoke such trust, whether such trust was created before or after the execution of
this power of attorney; (ii) to pay my pledges to and make gifts as I have regularly
made to charitable organizations described in Section 170(c) of the Internal
Revenue Code or corresponding provisions of any subsequent federal tax laws;
and (iii) to make such gifts to my descendants, the spouses of my descendants, or
for their benefit, as my agent shall determine, except that my agent acting
hereunder may make only such gifts to himself or herself that would qualify for
the annual exclusion under Sections 2503(b) and 2523(i) of the Internal Revenue
Code, or corresponding provisions of any subsequent federal tax laws.

UNLESS YOU DIRECT OTHERWISE ABOVE, THIS POWER OF
ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE
UNTIL IT IS REVOKED.

This power of attorney will continue to be effective even though I become
incapacitated.

STRIKE THE PRECEDING SENTENCE IF YOU DO NOT WANT THIS
POWER OF ATTORNEY TO CONTINUE IF YOU BECOME
INCAPACITATED.

If PETER L. BLAUSTEIN fails or ceases to act as my agent, I appoint as my first
alternate agents:

My daughter-in-law, SARAH BLAUSTEIN, of 230 Central Park West, Apt. 4D,
New York, New York 10024, if she is PETER's spouse
(name and address of the person appointed as first alternate agent, or of each
person appointed if you want to designate more than one)

If SARAH BLAUSTEIN fails or ceases to act as my agent, I appoint as my
second alternate agents:

My son, MICHAEL J. BLAUSTEIN, of 430 East 11th Street, Apt. 19, New York,
New York 10009
(name and address of the person appointed as second alternate agent, or of each
person appointed if you want to designate more than one)

For the purposes of this instrument, the "spouse" of any descendant of mine means the person, if any, who is married to that descendant, not living separate and apart from that descendant (other than for medical, business, or professional reasons), and from whom no pleadings have been filed with a court of competent jurisdiction for divorce, dissolution of marriage, legal separation, annulment, declaration of invalidity of marriage, or similar proceedings, or who satisfied these requirements at that descendant's death, and in the event that a spouse of a descendant of mine ceases to qualify as a spouse under this paragraph, then that individual shall be treated as being deceased and shall cease to be a beneficiary and agent for all purposes of this instrument.

## EXERCISE OF POWER OF ATTORNEY
## WHERE MORE THAN ONE AGENT DESIGNATED

If I have designated more than one agent, the agents are to act

N/A

IF YOU APPOINTED MORE THAN ONE AGENT AND YOU WANT EACH AGENT TO BE ABLE TO ACT ALONE WITHOUT THE OTHER AGENT JOINING, WRITE THE WORD "SEPARATELY" IN THE BLANK SPACE ABOVE. IF YOU DO NOT INSERT ANY WORD IN THE BLANK SPACE, OR IF YOU INSERT THE WORD "JOINTLY", THEN ALL OF YOUR AGENTS MUST ACT OR SIGN TOGETHER.

I agree that any third party who receives a copy of this document may act under it. A third party may seek identification. Revocation of the power of attorney is not effective as to a third party until the third party has actual knowledge of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

Signed this __11th__ day of __Febr.__, 2014.

Frances Jan Blaustein Scholes

State of New York, County of __Queens__

BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, THE AGENT ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

-3-

STATE OF NEW YORK   )
                           ) ss.:
COUNTY OF _Queens_   )

On _September 11th_, 2014, before me _Lilowatie Lochan_
Notary Public, personally appeared FRANCES JAN BLAUSTEIN SCHOLES, who
proved to me on the basis of satisfactory evidence to be the person whose name is
subscribed to the within instrument and acknowledged to me that she executed the same
in her authorized capacity, and that by her signature on the instrument the person, or the
entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Lilowatie Lochan_         (Seal)

LILOWATIE LOCHAN
Notary Public, State of New York
Queens County  Lic. #01LO6031109
Commission Expires 8/27/20___

SF:321173901.1

# SUPPLEMENTAL MEMO

# EXHIBIT 2

## CALIFORNIA STATE CONTROLLER
## UNCLAIMED PROPERTY DIVISION
## DENIAL OF CLAIM

**AttyLeahy@outlook.com**

| | |
|---|---|
| **From:** | Nakhwal, Harpreet <HNakhwal@sco.ca.gov> |
| **Sent:** | Thursday, February 23, 2023 12:33 PM |
| **To:** | attyleahy@outlook.com |
| **Subject:** | Unclaimed Property-Westborough SPE LLC |
| **Attachments:** | MX-5071_20230223_092811.pdf |

Ms. Leahy,

Your inquiry regarding a claim for Unclaimed Property submitted for property reported with the owner as Westborough SPE LLC was forwarded to me. I attempted to contact you via telephone yesterday and left you a voicemail.

We are considering your inquiry a request under California's Public Records Act. Attached, please find a copy of my letter addressing the claim received for the unclaimed property in question.

I would also like to clarify that while people may register with the State Controller's Office as an investigator for purposes of unclaimed property claims, they are not registered investigators of the California State Controller's Office, Unclaimed Property Division.

If you would like to discuss further, please feel free to call me at the number listed below.

**Harpreet K. Nakhwal | Staff Counsel**
Office of State Controller Malia M. Cohen
Legal Office
300 Capitol Mall, Suite 1850
Sacramento, CA 95814
Tel: (916) 322-6430| Fax: (916) 322-1220

CONFIDENTIALITY NOTICE: This communication and its contents is from an attorney and may contain confidential and legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act (18 U.S.C. §§2510-22, 2701-11, 3121-26). If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

1



# MALIA M. COHEN
## California State Controller

February 8, 2023

Westborough SPE LLC
c/o Denise Edwards
1241 Deer Park Ave., Suite 1 #1051
North Babylon, NY  11703

Re:    Unclaimed Property Claim Identification Number 4853303

Dear Ms. Edwards:

This letter is in response to the above-referenced Unclaimed Property Claim. The claim was
referred to the Legal Office for review. As explained in more detail below, after review, the
claim must be denied.

This claim was submitted for one property identified as number 1019294209. This property
was remitted to the State Controller's Office by MUFG Union Bank as a checking account
in the amount of $1,293,646.83. The owner is reported as "Westborough SPE LLC" at a
last known address of "50 California St., Suite 3610, San Francisco, CA  94111."

It appears to be your contention that you are entitled to these funds because you purchased
the assets of Westborough SPE LLC. In support of your claim you submitted a Bill of Sale,
a Certificate of Revival of Westborough SPE LLC from Delaware Secretary of State, a
Foreign Limited Liability Company Application for Registration from the Massachusetts
Secretary of State, proof of FEIN, and Westborough SPE, LLC's Motion to Vacate
Foreclosure Judgment filed with the Land Court for the Commonwealth of Massachusetts.

Based upon the documentation submitted and our research, it appears that Westborough
SPE, LLC was a Delaware entity. Based upon information received by the State
Controller's Office, Westborough SPE, LLC was manager run as opposed to member or
owner run. The manager was Babcock & Brown Administrative Services, Inc., a Delaware
corporation. Officers of Babcock & Brown Administrative Services, Inc. included Jan
Blaustein Scholes, James Jaworski, and Dyann Blaine.

Westborough SPE LLC
February 8, 2023
Page 2

The Bill of Sale dated November 21, 2022, between Westborough SPE, LLC and Denise
Edwards and Lolonyon Alouete was signed by "Jan Blaustein Scholes, its President." Jan
Blaustein Scholes has suffered from multiple strokes since 2004. In 2019 the Hawaii Third
Circuit, Kona Division granted Conservatorship and Guardianship over the person and
estate of Frances Jan Blaustein Scholes to her son, Peter Blaustein. As Jan Blaustein
Scholes has been judicially declared to lack capacity, she is unable to enter into contracts.
After review, the Bill of Sale was signed by Jan Blaustein Scholes after she was declared to
be incapacitated and had a Conservatorship and Guardianship entered over her person and
estate. Therefore, the Bill of Sale is void. As the Bill of Sale is void, you could not have
acquired any interest in Westborough SPE LLC and your claim for this property must be
denied.

Additionally, it should be noted that even if it is determined that Jan Blaustein Scholes had
the capacity to enter into the contact, it does not appear that you would be entitled to the
funds in question. It appears that Jan Blaustein Scholes signed the Bill of Sale as the
President of Babcock & Brown Administrative Services Inc. and not of Westborough SPE,
LLC. It appears that Babcock & Brown Administrative Services Inc. acted only as the
manager of Westborough SPE, LLC and did not have an ownership interest of Westborough
SPE, LLC. At this time our office is lacking sufficient information to determine whether an
officer of the managing entity, Babcock & Brown Administrative Services Inc., would have
authority to sell the assets of Westborough SPE LLC.

For the reasons discussed above, the claim is denied.

Sincerely,

HARPREET K. NAKHWAL
Staff Counsel

HKN/jh

cc:   Coleen Kimler, Bureau Chief, Unclaimed Property Division, State Controller's
      Office



EXHIBIT 2

Lolonyon Akouete <info@smartinvestorsllc.com>

## 19 TL 000768 Town of Westborough v. Westborough SPE, LLC , et al.

**Iris Leahy** <AttyLeahy@outlook.com>                                  Sat, Jan 14, 2023 at 10:05 AM
To: Lolonyon Akouete <info@smartinvestorsllc.com>

Hello Mr. Akouete,

Thank you for your agreement to my request for an extension. The docket reflects the hearing is scheduled for February 9, 2023 at 2:00pm. You should have received the motion I emailed yesterday.

Please provide me a copy of the Bill of Sale you received from Jan Blaustein Scholes. Also, please provide proof of funds. According to recent figures received from the town, I estimate the tax title account balance to be approximately $640,000.00 with interest to January 19, 2023. There is an additional amount due on the reciprocal easement which I believe is $300,000.00.

Thank you,

Iris A. Leahy, Esq.

Law Office of Iris A. Leahy

4 Open Square Way, Suite 217

Holyoke, MA 01040

Phone: (413)322-8318

Fax: (413)322-8661

attyleahy@outlook.com

---

**From:** Lolonyon Akouete <info@smartinvestorsllc.com>
**Sent:** Friday, January 13, 2023 12:37 PM
**To:** Iris Leahy <AttyLeahy@outlook.com>
**Subject:** Re: 19 TL 000768 Town of Westborough v. Westborough SPE, LLC , et al.

Hello Iris,

I am not opposed to rescheduling the hearing for February 9, 2023, at 2:00 pm.
Feel free to contact the Court and make the request. We will have enough money to redeem the property, including any additional legal fees.

EXHIBIT 3

hearing." *See* Exhibit 21. Despite assurances by Mr. Akouete the tax title account balance

will be paid in full, as of today, no proof of funds have been provided despite my request

for proof of the same.

## W. TAX TITLE ACCOUNT BALANCE

According to the Online information provided by the Assessor's Database for the

Town the property is assessed as $2,082,000.00. The balance of the tax title account

including principal, interest, fees and costs calculated to January 19, 2023, was

$638,755.20. This balance included the following amounts:

> Taxes, interest, electric lien paid, water lien: $525,970.40
> Boston Board Up (to secure the property): $14,438.55
> Insurance: $38,419.96 (renewal date February 15, 2023)
> Eversource: $2,757.92
> Appraisal: $6,000.00
> KP Law – Legal Fees as of 01/13/2023: $32,797.97
> Law Office of Iris A. Leahy –  Legal Fees as of 01/26/2023: $21,778.40
> Filing Fee: $515.00

As previously stated, the locus is benefited and burdened by a Reciprocal

Covenants, Easements and Restrictions Agreement. The tax title account balance does not

include the outstanding amounts due under a reciprocal maintenance agreement for snow

removal and other maintenance services charged at $100,000.00 per year. The lack of

payments towards the maintenance and snow removal costs due from the previous owner

of the locus has created a significant financial burden on the two other parcels in the mall.

*See* Exhibit 22 (Exhibit C).

## X.  PROPERTY WAS SUBSTANTIALLY DAMAGED WHILE VACANT

When the locus became vacant the owners were not maintaining or protecting it

from vandalism. There was no heat which led to pipes bursting and the property was

vandalized resulting in significant damage despite the Town's efforts to secure the

EXHIBIT 4

 **Gmail**

Lolonyon Akouete <info@smartinvestorsllc.com>

---

## Westborough SPE LLC Unclaimed Funds - Follow-up re Request for Reconsideration Filed by Lolonyon Akouete and Denise Edwards

1 message

---

**Scott A. Schlager** <sas@natgolaw.com>                                 Thu, Jul 13, 2023 at 4:22 PM
To: "hnakhwal@sco.ca.gov" <hnakhwal@sco.ca.gov>
Cc: Alvin Nathanson <asn@natgolaw.com>, Jose Centeio <jcc@natgolaw.com>, "deniseedwards818@yahoo.com"
<deniseedwards818@yahoo.com>, Lolonyon Akouete <info@smartinvestorsllc.com>

Attorney Nakhwal,


Thank you for taking the time to speak with me this afternoon. As discussed, Nathanson & Goldberg, P.C. represents Westborough SPE LLC. We are admitted to practice law only in The Commonwealth of Massachusetts and are not admitted in the State of California. Thus, our role is limited to following-up on the status of this request to the State Controller's Office for Reconsideration of the Office's denial of the original request for Unclaimed Funds and ensure that the office has the entire body of documentation to evaluate the request for reconsideration.


As discussed, we want to ensure that the State of California evaluates Westborough SPE LLC's in accordance with California Code, Code of Civil Procedure - CCP § 1540 and with prompt attention and diligence. You advised me on the telephone this afternoon that it would be **reasonable to expect a response from you within 30 days of July 13, 2023**.


**Please see the attached documents**:


1. **Defendant Westborough SPE LLC's Second Notice of Supplementation to the Massachusetts Land Court, Case # 19 TL 000768 – HPS**. This document contained 2 attachments that are included as well.
   a. Exhibit A – State of Delaware Certificate of Conversion from a Corporation to a Limited Liability Company Pursuant to Section 266 of the Delaware General Corporation Law which was filed with the Secretary of State for the State of Delaware on January 3, 2007. Exhibit A states that Babcock & Brown Administrative Services, Inc. was incorporated on October 23, 1997 and that the name was changed to Babcock & Brown Administrative Services LLC, a Delaware LLC on December 31, 1999.
   b. Exhibit B – Delaware Certificate of Merger of Babcock & Brown Administrative Services LLC with and into Babcock & Brown Parallel Member LLC dated August 28, 2011 and filed with the Secretary of State for the State of Delaware on August 29, 2011. Pursuant to Section 18-2098 of the Delaware Limited Liability Company Act, Babcock & Brown Administrative Services LLC merged with and into Babcock & Brown Parallel Member LLC, a Delaware limited liability company.
   c. Jeffey W. Bullock, Secretary of State of Delaware has certified both Exhibit A and Exhibit B. Both of these documents can be verified online at corp.delaware.gov/authver.shtml . In accordance with Cal. Evid. Code § 1531, Exhibit A and Exhibit certifications contain the requisite true copy language.
   d. Therefore, it has been established by certified copy of two Delaware Secretary of State records that Babcock & Brown Parallel Member LLC, a Delaware limited liability company was the true successor-in-interest to Babcock & Brown Administrative Services, Inc., a Delaware Corporation.
2. Documents Executed by Jan Blaustein Scholes: See **First Notice of Supplementation**.
   a. **State of Delaware Certificate of Correction of a Limited Liability Company** for Babcock & Brown Parallel Member LLC to be filed pursuant to Section 18-211(a). This document renders null and void the wrongfully filed Certificate of Cancellation that was improperly filed because of a clerical error. This Certificate of Correction was executed by F. Jan Blaustein Scholes on June 23, 2023.
   b. **Written Consent of the Manager of Babcock & Brown Parallel Member LLC in Lieu of a Meeting**

dated June 26, 2023. This document states:

   i.    F. Jan Blaustein Scholes is the manager of Babcock & Brown Parallel Member LLC.

   ii.    Scholes is over the age of 18 and is of **sound mind and is not under a conservatorship or guardianship in the State of Arizona**.

   iii.    Scholes resides in the State of Arizona and is executing the document in the State of Arizona.

   iv.    Authorized the Durable Power of Attorney to be executed authorizing Lolonyon Akouete and Denise Edwards to undertake the actions specified in that Durable Power of Attorney.

   v.    The **Bill of Sale executed on November 21, 2022 be amended as follows**:

1. The Title be amended to delete "Bill of Sale" and "Transfer of Manager Role" substituted therefor;
2. The word "sell" is deleted and "transfer her Manager role of Westborough SPE LLC" be substituted therefore. Any mention of purchasing a membership interest is stricken, because F. Jan Blaustein Scholes was merely the manager of the Manager (Babcock & Brown Parallel Member LLC) of Westborough SPE LLC.
3. $100 consideration was paid for a change in Manager.
4. Paragraphs 1(a)-(b) were deleted in their entirety.
5. Paragraph 2 was deleted in its entirety and F. Jan Blaustein Scholes is not under a conservatorship/guardianship in the State of California where she currently resides and is of sound legal mind, and understands the consequences of this Agreement to Transfer Manager Role.
6. Paragraph 3 was deleted and substitution language inserted. This substitution language acknowledges the unclaimed funds in the State of California of approximately $1,200,000.00 belonging to Westborough SPE LLC. And, that Akouete and Edwards have become Managers of Westborough SPE LLC and that their authority has been ratified and confirmed. In addition, Akouete and Edwards have been authorized to take whatever actions necessary to recover and protect the property located at Turnpike Road, Westborough, MA and to recover the unclaimed funds in the State of California.
7. Paragraph 5 was deleted and the substitution stated that the agreement shall be governed by the laws of the State of Arizona as to contract formation and capacity and the State of Delaware as to limited liability company actions.
8. Paragraph 6 ratifies and confirms that Westborough SPE LLC was lawfully reinstated in both Delaware and Massachusetts.
9. Paragraph 8 was added to state that in the event of an invalidity it does not invalidate the entire agreement.
10. Paragraph 9 was added to state that time was to be of the essence as to each term thereof.
11. Paragraph 10 was added stating "Each party recognizes that this Agreement is a legally binding contract and acknowledges that it, he or she has had the opportunity to consult with legal counsel of choice. In any construction of the terms of this Agreement, the same shall not be construed against either party on the basis of that party being the drafter of such terms."
12. Paragraph 11 was added that "Scholes has engaged an attorney licensed in the State of Arizona to represent her interests with respect to this Agreement and the attorney has reviewed the document and consents to its signing."
13. The document authorizes Akouete and Edwards to perform all such acts, deeds, and things….necessary or advisable to effectuate or carry out the purpose and interest of all the foregoing resolutions. And that the actions heretofore and hereafter taken by the manager (Akouete and Edwards) are adopted affirmed, approved, and ratified in all respects as the act and deed of Babcock & Brown Parallel Member LLC.
14. This document was notarized by Billie J. Wahl Notary Public in Maricopa County, Arizona, Commission #642362.

2. **Babcock & Brown was not authorized to resign it role as manager even though Westborough SPE LLC never paid Babcock & Brown**. Section 1(g) of the Operating Agreement states "No Manager may resign or

retire from, abandon or otherwise terminate its status as Manager without the Consent of the Members." Such member consent was never provided and thus any action by Babcock & Brown to terminate its relationship was null and void and in violation of the fiduciary duties owed to the Member(s) of Westborough SPE LLC.

3. **Section 1(g) and (j) of the Operating Agreement for Westborough SPE LLC Permits Collection of Unclaimed Funds** – In addition, the Manager shall act in good faith with respect to carrying out its duties as manager. Accordingly, the Managers, Akouete and Edwards owe a fiduciary duty to the Members of Westborough SPE LLC to ensure that the unclaimed funds are collected, any debts of the entity are paid off, and then seek guidance from the Delaware Chancery Court as to distribution of the remaining funds to the Member(s).

4. **Durable Power of Attorney by Babcock & Brown Parallel Member LLC, a Delaware LLC**.
   a. This document granted Lolonyon Akouete and Denise Edwards as attorneys in fact and specified powers, including the right to open a bank account, deposit, endorse, or withdraw funds to or from any of the company's bank accounts or safe deposit box; the right to initiate, defend commence or settle legal actions on the Company's behalf, etc.

5.  **Westborough SPE LLC – Operating Agreement**.
   a. Section 1(g) on p. 4 of the Operating Agreement permits any manager to transfer their manager role in an instrument in writing, or to delegate all or any of its powers or duties under the Operating Agreement. F. Jan Blaustein Scholes as Manager of Babcock & Brown Parallel Member LLC as successor-in-interest Manager transferred her manager role and responsibilities to Lolonyon Akouete and Denise Edwards pursuant to the Written Consent of Manager In Lieu of A Meeting.

6. **Peter Blaustein Does Not have a Guardianship/Conservatorship Over F. Jan Blaustein Scholes in California or Arizona**. He has unlawfully attempted to intervene and exercise undue influence over Ms. Scholes. Peter Blaustein has failed to comply with the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act (28 U.S.C. Section 1738A). Specifically, Section 1738A(h) states "A foreign guardianship or protective order [from outside the state] is not entitled to full faith and credit in this state until it is registered in this state." No foreign registration occurred in Arizona pursuant to A.R.S. Section 14-12401 as of the filing of the First Notice of Supplementation.

In light of this newly presented information and correction of the record, the State of California should promptly direct the unclaimed funds held in the name of Westborough SPE LLC to be immediately transferred to a bank account held in the name of Westborough SPE LLC at the direction of its duly authorized managers Denise Edwards and Lolonyon Akouete as successor-in-interest manager to Babcock & Brown Administrative Services Inc. as successor-in-interest manager to Babcock & Brown Administrative Services LLC as successor-in-interest Manager to Babcock & Brown Parallel Member LLC.

Please let us know if you should require any additional information. For the record and to clarify the record, neither Lolonyon Akouete nor Denise Edwards have acquired any membership interest in Westborough SPE LLC. Both Akouete and Edwards have the requisite authority to claim the unclaimed funds on behalf of the entity via the Durable Power of Attorney, Written Consent of the Sole Manager of Babcock & Brown Parallel Member LLC in lieu of a meeting, Certificate of Goodstanding naming Lolonyon Akouete and Denise Edwards as Manager of Westborough SPE LLC.

Please also advise if a new application or correction must be submitted to the State of California correcting that Westborough SPE LLC, by and through its duly authorized Managers Lolonyon Akouete and Denise Edwards, is the proper party-in-interest to collect the unclaimed funds.

Time is of the essence hereof. We appreciate your prompt attention to this matter.

Very truly yours,

Scott A. Schlager

Case 23-40709    Doc 179    Filed 06/17/24    Entered 06/17/24 08:40:44    Desc Main
                    Document      Page 39 of 39

Partner

Nathanson & Goldberg, P.C.

183 State Street, 5th Floor

Boston, Massachusetts 02109

(O): (617) 210-4800

(C): (617) 909-4511

(F): (617) 210-4824

sas@natgolaw.com


**************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.


**************************************************

---

**3 attachments**

📄 **Westborough SPE LLC - Second Notice of Supplementation (Filed Version).pdf**
820K

📄 **Westborough SPE LLC [FIRST] Notice of Supplementation.pdf**
1750K

📄 **Certificate of Goodstanding.pdf**
265K