UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:

WESTBOROUGH SPE LLC,

    Debtor.

LOLONYON AKOUETE,

    Creditor/Appellant,

v.

JONATHAN GOLDSMITH, Chapter 7 Trustee,
Nathanson & Goldberg, P.C, Petitioning Creditor
The MobileStreet Trust, Petitioning Creditor,
Town of Westborough, Creditor,

    Appellees

Case No. 23-40709-CJP
Chapter 7

## APPELLANT'S BRIEF

### I. Introduction

This brief is submitted on behalf of Lolonyon Akouete, Creditor/Appellant, appealing the order of the Bankruptcy Court dated July 25, 2024, which denied the Motion for Interim Distribution and Request for Expedited Determination (Doc #180). The Bankruptcy Court's order is erroneous and should be reversed because the motion was not premature, and the Trustee has sufficient funds to support an interim distribution.

### II. Statement of the Case

#### A. Procedural History

1. On June 19, 2024, Creditor Lolonyon Akouete filed a Motion for Interim Distribution and Request for Expedited Determination (Doc #180).
2. On June 19, 2024, Creditor Lolonyon Akouete filed a Motion to Shorten Time for Objections and Opposition Re: [180] Motion for Interim Distribution (Doc #181).
3. On June 26, 2024, objections and oppositions were filed by:
   - The Town of Westborough (Doc #183)

- Petitioning Creditor Nathanson & Goldberg, P.C. (Doc #184)
- Trustee Jonathan R. Goldsmith (Doc #185)
4. On June 28, 2024, Creditor Lolonyon Akouete filed a Reply to the objections and oppositions (Doc #186).
5. On July 25, 2024, the Bankruptcy Court denied the Motion for Interim Distribution and the Request for Expedited Determination, deeming the motion premature (Doc #204).

## B. Facts

1. The bankruptcy estate has been open since October 11, 2023, and the Trustee has confirmed receipt of $1,293,646.83 in unclaimed funds from California. The estate holds these funds on deposit, with expectations of further recovery from the sale of the property at 231 Turnpike Road.
2. The claims bar date of January 9, 2024, has passed, and a total of seven unsecured claims have been filed.
3. The Trustee, the Petitioning Creditors, and the Town of Westborough are engaged in prolonged settlement negotiations regarding the property at 231 Turnpike Road.

## III. Statement of Issues

1. **Whether the Bankruptcy Court erred in denying Creditor Lolonyon Akouete's Motion for Interim Distribution (Doc #180) as premature.**
2. **Whether the Bankruptcy Court erred in denying Creditor Lolonyon Akouete's Request for Expedited Determination (Doc #181) regarding the Motion for Interim Distribution.**
3. **Whether the Bankruptcy Court properly considered the objections filed by the Chapter 7 Trustee (Doc #185), the Petitioning Creditor Nathanson & Goldberg, P.C. (Doc #184), and the Town of Westborough (Doc #183) in its decision to deny the Motion for Interim Distribution.**
4. **Whether the Bankruptcy Court's decision to deny the Motion for Interim Distribution aligns with the principles of equitable distribution and the fiduciary duties of the Trustee.**

## IV. Summary of the Argument

The Bankruptcy Court's denial of the Motion for Interim Distribution was erroneous because the motion was not premature, and the Trustee holds sufficient funds to support an interim distribution. The objections raised by the Trustee, the Petitioning Creditors, and the Town of Westborough do not justify delaying the distribution of uncontested funds to creditors.

## V. Argument

A. **The Motion for Interim Distribution was not premature**

1. **Sufficient Funds in the Estate**
   - The Trustee holds over $1.29 million in unclaimed funds from California. These funds are sufficient to support an interim distribution to creditors while disputed claims are resolved.
2. **Fiduciary Duty of the Trustee**

- - o The Trustee has a fiduciary duty to manage the estate's assets for the benefit of all creditors. This includes disbursing available funds in a timely manner to avoid unnecessary delays.
  3. **Equitable Distribution**
     - o Interim distributions are a standard practice in bankruptcy proceedings to ensure that creditors receive timely payments and to prevent undue delays. The funds available in the estate provide sufficient liquidity to make an interim distribution while maintaining the ability to resolve disputed claims.

B. **Objections Raised by the Trustee, Petitioning Creditors, and Town of Westborough**

  1. **Prematurity of the Request**
     - o The Trustee argues that the motion is premature due to unresolved claims. However, the financial capability of the estate negates this argument. The funds held by the Trustee are sufficient to support an interim distribution without prejudicing the resolution of disputed claims.
  2. **Objections to Claims**
     - o The potential objections to claims should not hinder the distribution of uncontested funds. The Trustee can manage the distribution of funds while addressing objections to specific claims separately.
  3. **Authority to Act as Manager**
     - o The Town of Westborough's opposition centers on their interests in the property at 231 Turnpike Road. The interim distribution pertains to liquid funds held by the estate, not the disputed property. The funds in question are separate from the real estate matter and should be distributed accordingly.

## VI. Conclusion

For the reasons stated above, Creditor/Appellant Lolonyon Akouete respectfully requests that this Honorable Court reverse the Bankruptcy Court's order dated July 25, 2024, and grant the Motion for Interim Distribution and Request for Expedited Determination.

DATED: July 26, 2024, Respectfully submitted:

By creditor/Appellant,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

| | |
|---|---|
| Stephen F. Gordon, Attorney of the Petitioners (Email: sgordon@gordonfirm.com) The Gordon Law Firm LLP River Place 57 River Street Wellesley, MA 02481 | Paul W. Carey, Attorney of Creditor FERRIS DEVELOPMENT GROUP, LLC (Email: pcarey@mirickoconnell.com) Mirick, O'Connell, DeMallie & Lougee, LLP 100 Front Street, Worcester, MA 01608 |
| Scott A. Schlager on behalf of, Nathanson & Goldberg, P.C., a creditor. (Email: sas@natgolaw.com) 183 State Street, 5th Floor Boston, MA 02109 | Brian W. Riley, Attorney of Creditor Jeffrey T. Blake, Attorney of Creditor Roger L. Smerage, Attorney of Creditor TOWN OF WESTBOROUGH (Email: briley@k-plaw.com) (Email: jblake@k-plaw.com) (Email: rsmerage@k-plaw.com) KP Law, P.C. 101 Arch Street, 12th Floor Boston, MA 02110 |
| Assistant U.S. Trustee Richard King Office of US. Trustee 446 Main Street 14th Floor Worcester, MA 01608 USTPRegion01.WO.ECF@USDOJ.GOV | |
| Jonathan R. Goldsmith Chapter 7 Trustee trusteedocs1@gkalawfirm.com Goldsmith, Katz & Argenio P.C. 1350 Main Street, 15th Floor. Springfield, MA 01103 | Gary M Ronan David M Abromowitz Goulston&storrs GRonan@goulstonstorrs.com DAbromowitz@goulstonstorrs.com 400 Atlantic Avenue Boston, MA 02110 |
| Dyann Blaine 20 Queensbrook Place Orinda, CA 94563 dyann.blaine@gmail.com | Peter Blaustein 950 Vista Road Hillsborough, CA 94010 pblaustein@gmail.com |
| Jan Blaustein Scholes 7501 E Thompson Peak Pkwy Scottsdale, AZ 85255 jan.scholes2@gmail.com | Walter Horst Babcock & Brown 1264 Rimer Drive Moraga, CA 94556 walter.horst@babcockbrown.com |
| Mark S. Lichtenstein AKERMAN LLP 1251 Avenue of the Americas, 37th Flr. New York, New York 10020 mark.lichtenstein@akerman.com | Samual A. Miller, Esq. AKERMAN LLP 420 South Orange Avenue Suite 1200 Orlando, FL 32801 samual.miller@akerman.com sharlene.harrison-carera@akerman.com |


_____
Lolonyon Y Akouete