UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MOTION TO ALLOW CLAIM

**Creditor/Appellant: Lolonyon Akouete**

## Introduction

Creditor Lolonyon Akouete respectfully submits this Motion to Allow Claim, pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure 3007. The claim was filed within the specified bar date and remains unchallenged within the objection period, as defined by the local rules and applicable court orders. The Creditor requests that the Court formally allow the claim as there have been no objections filed to date.

## Background

1. **Filing of Claim:**
   - o The Creditor filed a proof of claim against the bankruptcy estate of Westborough SPE LLC within the bar date set by the Court, which was January 9, 2024. The claim was filed in a timely manner and was assigned claim number 4 which was later amended.
2. **No Objections Filed:**
   - o As of the date of this motion, no objections have been lodged against the Appellant's claim by the Trustee or any other party in interest. According to 11 U.S.C. § 502(a), a claim is deemed allowed unless a party in interest objects.
3. **Objection Period:**
   - o The local rules and Federal Rules of Bankruptcy Procedure do not specify a strict deadline for filing objections to claims, but objections must be filed within a reasonable time after the bar date. In the District of Massachusetts, objections should be filed and served at least thirty (30) days prior to the hearing on the objection, as per Local Rule 3007-1.
4. **Threats of Objection:**
   - o Despite the lack of any formal objection, the Trustee has threatened to object to the claim without taking any substantive action. This tactic, if continued, could be seen as an abuse of process or bad faith, warranting the Court's intervention.

## Legal Argument

1. **Allowance of Claim:**

- o   According to 11 U.S.C. § 502(a), a claim is deemed allowed unless a party in interest objects. Given that the objection period has passed without any objections being filed, the Appellant's claim should be allowed.

2. **Relevant Case Law:**
   - o   *In re Rodriguez, No. 16-70150, 2017 WL 571488, at 4 (Bankr. S.D. Tex. Feb. 13, 2017):* The court held that a claim is deemed allowed if no objection is made.
   - o   **In re Lewis, 80 B.R. 39, 40 (Bankr. E.D. Pa. 1987):** The absence of objections signifies acceptance of the claim as valid and enforceable.

3. **Federal Rules of Bankruptcy Procedure:**
   - o   **Rule 3007:** Governs objections to claims, including the timeline and requirements for filing objections. No objections have been filed within the timeline allowed by this rule and the local rules.

4. **Local Rules Compliance:**
   - o   **Local Rule 3007-1:** Requires objections to claims to be filed and served at least thirty (30) days prior to the hearing on the objection. This has not been done.

5. **Equitable Considerations:**
   - o   The ongoing threats without formal action by the Trustee constitute bad faith and abuse of process, as they create unnecessary uncertainty and delay for the creditor.

## Request for Relief

The Creditor respectfully requests that the Court:

1. Allow the claim filed by Lolonyon Akouete against the bankruptcy estate of Westborough SPE LLC as no objections have been timely filed.
2. Schedule a hearing to address any remaining concerns or disputes related to this claim, if necessary.
3. Grant such other and further relief as the Court deems just and proper.

## Conclusion

Given the absence of any objections within the required period, and in accordance with 11 U.S.C. § 502(a) and relevant case law, the Appellant's claim should be allowed. The Court is respectfully requested to grant this motion and formally allow the claim.

DATED: July 27, 2024, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com



_____
Lolonyon Y Akouete