UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| **In re:**<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-40709-CJP** |

### AFFIDAVIT OF DAVID M. FERRIS IN SUPPORT OF MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF SETTLEMENT AGREEMENT

1. My name is David M. Ferris. I am the Manager and principal of Ferris Development Group, LLC ("Ferris Development").

2. I have personal knowledge of the information contained in this Affidavit.

3. I submit this Affidavit in support of the Motion of Chapter 7 Trustee for Approval of Settlement Agreement [Dkt. 190] to Approve Settlement (the "Settlement Motion").

4. Ferris Development is a Massachusetts limited liability company with a principal place of business in Southborough, Massachusetts.

5. Ferris Development is in the business of developing and managing real estate projects.

6. In June 2022, the Town of Westborough (the "Town") issued a request for proposals (the "RFP") by which is solicited offers to purchase the former Regal Cinema property located at 231 Turnpike Road, Westborough (the "Premises"). The Premises were owned by Westborough SPE LLC (the "Debtor"). The Town asserted that it had acquired tittle to the Premises by foreclosure of a tax lien.

7. The Town received three proposals by the due date of July 25, 2022.

8. The high bidder was Pulte Homes of New England, LLC which offered $7,942,000.00 contingent upon the Town approving development of 108 residential condominium units. The Town rejected that proposal.

9. Ferris Development offered $2,875,000 for the Premises and proposed developing the Premises into workspace for everyday tradespeople such as electricians, plumbers, painters, and carpenters.

10. Lax Media MA, LLC ("Lax") offered $2,500,001 for the Premises. Lax proposed to reopen a movie theater at the Premises.

11.     Despite Ferris Development's bid being clearly higher and better than the bid of Lax, the Town selected the Lax bid on November 2, 2022.

12.     On November 14, 2022, Ferris commenced suit against the Town and Lax in the Worcester Superior Court, Civil Action No. 22-CV-1281D (the "Bid Protest Litigation"). In the Bid Protest Litigation Ferris seeks monetary, declaratory, and injunctive relief compelling the Town to sell the Premises to Ferris Development for its bid of $2,875,000. The Bid Protest Litigation remains pending.

13.     On August 31, 2023, two creditors of the Debtor filed an involuntary Chapter 7 petition in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") against the Debtor, commencing the Chapter 7 Bankruptcy Proceeding, In re Westborough SPE, LLC, Case No. 23-40709 (the "Bankruptcy Proceeding").

14.     On October 11, 2023, the Bankruptcy Court entered an Order of Relief in the Bankruptcy Proceeding, after no parties filed an objection to the entry of an Order for Relief.

15.     On October 12, 2023, the Bankruptcy Court appointed Jonathan Goldsmith as Chapter 7 Trustee (the "Trustee") to administer the assets and liabilities of the Debtor (the "Bankruptcy Estate").

16.     Shortly after the Bankruptcy Proceeding was filed, Ferris Development engaged in discussions with the Trustee regarding purchasing the Premises. Those negotiations resulted in Ferris Development making an offer to the Trustee on or about November 27, 2023 to purchase the Premises from the Bankruptcy Estate, free and clear of all liens, claims, and encumbrances, for $2,875,000, the same amount Ferris Development bid in connection with the RFP (the "Ferris Offer").

17.     The Trustee accepted the Ferris Offer and reported that fact to the Bankruptcy Court in a pleading filed November 27, 2023, in response to the Town's pending motion for relief from the automatic stay.

18.     The Trustee did not ultimately file a motion seeking approval of the sale of the Premises to Ferris Development as set forth in the Ferris Offer, however. Instead, the Trustee continued to negotiate with various stakeholders, including Ferris Development, regarding a "global resolution" of the Bankruptcy Estate's claims with respect to the Premises, the Town's claim of ownership of the Premises, and Ferris Development's rights with respect to the Premises, including its claims raised in the Bid Protest Litigation.

19.     Throughout those negotiations, Ferris Development acted in good faith. Specifically, Ferris Development negotiated with numerous stakeholders regarding a resolution that would allow for the sale of the Premises for the benefit of the Bankruptcy Estate and its creditors. As part of the global settlement, Ferris Development agreed to settle the Bid Protest Litigation, even if Ferris Development was not ultimately able to purchase the Premises.

20.     The negotiations culminated in the settlement described in the Settlement Motion. Pursuant to the Settlement Motion, Ferris Development will have an opportunity to purchase the Premises only if Lax fails to close on a sale of the Premises. Notably, Ferris Development's

purchase price would be 15% higher than the price to be paid by Lax under the Settlement Motion. In addition, Ferris Development would dismiss the Bid Protest Litigation.

21. In exchange, in addition to allowance of its proof of claim filed in the amount of $10,000.00, Ferris Development will receive $100,000.00 from the sale of the Premises if Lax is the successful purchaser of the Premises. That amount represents a portion of the legal fees and other expenses incurred by Ferris Development in connection with its efforts to purchase the Premises, including the Bid Protest Litigation and its extensive negotiations with the Trustee and other parties in interest.

22. Ferris Development asserts that its efforts have preserved value for the Bankruptcy Estate and its creditors.

23. Ferris Development at all times acted in good faith. In the event that Ferris Development purchases the Premises pursuant to the terms set forth in the Sale Motion, Ferris Development is entitled to the protections afforded to good faith purchasers under Section 363(m) of the Bankruptcy Code.

I certify under penalty of perjury that the foregoing is true to the best of my knowledge, information, and belief.

Signed this 25th day of July, 2024.

_____
David M. Ferris

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

In re:

WESTBOROUGH SPE LLC,

Debtor.

Chapter 7
Case No. 23-40709-CJP

## DECLARATION RE: ELECTRONIC FILING

PART I – DECLARATION OF PETITIONER

I, David M. Ferris, Manager and principal of Ferris Development Group, LLC, **hereby declare under penalty of perjury** that all of the information contained in the Affidavit of David M. Ferris in Support of Motion of Chapter 7 Trustee for Approval of Settlement Agreement (the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(a) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: July 25th, 2024 _____ (Affiant)
David M. Ferris, Manager and Principal
Ferris Development Group, LLC

1

PART II – DECLARATION OF ATTORNEY (If Affiant is Represented by Counsel)

I certify that the affiant signed this form before I submitted the Document, I gave the affiant a copy of the Document and this DECLARATION, and I have followed all other electronic filing requirements currently established by local rule and standing order. This DECLARATION is based on all information of which I have knowledge and my signature below constitutes my certification of the foregoing under Fed. R. Bankr. P. 9011. I have reviewed and will comply with the provisions of MEFR 7.

Dated: July 29, 2024          Signed: _____
                                      Paul W. Carey, Esq.
                                      Attorney for Affiant

2