UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |

## MOTION TO COMPEL TRUSTEE TO OBTAIN APPRAISAL OF PROPERTY LOCATED AT 231 TURNPIKE ROAD, WESTBOROUGH, MA BEFORE AUGUST 20, 2024 HEARING

### INTRODUCTION

Creditor Lolonyon Akouete ("Movant") respectfully moves this Court for an order compelling the Chapter 7 Trustee, Jonathan R. Goldsmith ("Trustee"), to obtain an appraisal of the property located at 231 Turnpike Road, Westborough, MA ("Property") before the scheduled hearing on August 20, 2024. An appraisal is crucial to determine the Property's fair market value and to assess the reasonableness of the proposed settlement.

### FACTUAL BACKGROUND

1. **Property Valuation History**: The assessed value of the Property has fluctuated significantly in recent years:
   - 2018: $9,264,800
   - 2019: $5,239,100
   - 2021: $2,622,100
   - 2022: $1,994,900
   - 2023: $2,082,000 This dramatic decline in assessed values highlights the need for an up-to-date professional appraisal to ascertain the current fair market value.
2. **Significance of the Property**: The Property is a significant asset in the Debtor's estate. The valuation of this Property is essential to determine the fairness and adequacy of the proposed settlement.
3. **Court's Emphasis on Appraisal**: On June 7, 2024, during a status conference, Judge Christopher J. Panos emphasized the necessity of obtaining an appraisal to establish the fair market value of the Property.
4. **Trustee's Omission**: To date, the Trustee has not provided any appraisal or valuation data for the Property. This omission creates a significant risk of undervaluing the Property, thus harming the interests of the creditors.
5. **Movant's Request for Appraisal**: On August 2, 2024, Movant requested confirmation from the Trustee regarding the ordering of an appraisal or expert affidavit (Exhibit A: Email Communication). The Trustee acknowledged that no written appraisal had been obtained and indicated reliance on the settlement agreement's terms to support its reasonableness (Exhibit B: Trustee's Response).
6. **Comparative Offers**: The current offer from LAX Media of $2.5 million is significantly lower than other potential offers, including an offer from Ferris Development Group of

$2.875 million and Pulte Homes of $7.942 million. Without a proper appraisal, the estate
risks accepting a settlement that does not reflect the true value of the Property.

7. **Appraiser Details**: On August 2, 2024, Robert Shannon, a qualified appraiser, provided a
proposal to complete an appraisal for the Property. His fee for the appraisal is $5,500, with
a retainer of $3,500 required to commence the work. Mr. Shannon confirmed that he could
complete the appraisal within three weeks of receiving the retainer (Exhibit C: Appraiser's
Proposal).

## LEGAL STANDARD

Under 11 U.S.C. § 704(a), the Trustee is obligated to "collect and reduce to money the property of
the estate" and to ensure that the sale of estate property is conducted in the best interests of the
creditors. Additionally, the Trustee has a fiduciary duty to maximize the value of the estate's assets
for the benefit of the creditors.

## ARGUMENT

1. **Need for an Accurate Appraisal**: Given the wide range of past valuations and current
offers, an accurate and current appraisal is essential to establish the fair market value of the
Property. This will ensure the estate is not undervalued and will support a fair settlement.

2. **Fiduciary Duty of the Trustee**: The Trustee must act in the best interest of the creditors by
ensuring that the Property is sold for its maximum value. An independent appraisal will
provide the necessary data to support this fiduciary duty.

3. **Potential for Higher Offers**: The substantial offer from Pulte Homes ($7.942 million)
compared to the current proposed settlement indicates a potentially higher market value. An
accurate appraisal will help in negotiating better terms and potentially securing a higher
offer.

4. **Court's Emphasis and Trustee's Omission**: The Court's emphasis on the necessity of an
appraisal and the Trustee's failure to provide one to date highlight the urgency and
importance of obtaining an appraisal before the hearing. This will prevent the risk of
undervaluing the Property and protect the interests of the creditors.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court enter an order:

1. Compelling the Trustee to obtain an appraisal of the Property located at 231 Turnpike Road,
Westborough, MA, by a qualified appraiser before the hearing on the settlement proposal
scheduled for August 20, 2024.

2. Granting such other and further relief as the Court deems just and proper.

DATED: August 6, 2024,  Respectfully submitted:   By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com

Exhibit A

 Gmail

Lolonyon Akouete <info@smartinvestorsllc.com>

---

## Inquiry on Appraisal or Affidavit for Property Valuation

3 messages

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>          Fri, Aug 2, 2024 at 7:50 AM
To: Jonathan Goldsmith <jgoldsmith@gkalawfirm.com>
Cc: USTPRegion01.WO.ECF@usdoj.gov

Dear Mr. Goldsmith,

I hope this message finds you well.

As we approach the hearing on August 20th to approve the settlement proposal, I wanted to address a critical matter regarding the valuation of the property involved. As you know, the determination of whether the proposed settlement is reasonable largely depends on the value being obtained by the bankruptcy estate and whether a higher value can be achieved.

During our last hearing, the court suggested obtaining an appraisal or an affidavit from an expert to establish the property's market value. However, to date, you have not provided any such information. This lack of valuation data will likely lead to a continuation of the motion to approve the settlement, causing further delays.

Could you please confirm if an appraisal has been ordered or if there is an affidavit from an expert establishing the firm market value of the property? If neither has been arranged, I am prepared to order an appraisal immediately. I have already spoken with an appraiser who can complete the appraisal within 30 days.

I would appreciate a prompt response to this matter, preferably by the end of the day. If I do not receive a response, I intend to file a motion and an emergency motion requesting court approval to obtain an appraisal at the bankruptcy estate's expense.

Thank you for your attention to this urgent matter. I look forward to your swift response.

Best regards,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

---

**Jonathan Goldsmith** <jgoldsmith@gkalawfirm.com>          Fri, Aug 2, 2024 at 9:49 AM
To: Lolonyon Akouete <info@smartinvestorsllc.com>
Cc: "USTPRegion01.WO.ECF@usdoj.gov" <USTPRegion01.WO.ECF@usdoj.gov>

I have not obtained a written appraisal. The basis for supporting the reasonableness of the settlement is noted in the Settlement.

On a related matter, this will confirm that you will call my office at 2:30 today for the 26(f) conference.

Jonathan

Jonathan R. Goldsmith, Esq.

GOLDSMITH, KATZ & ARGENIO, P.C.

1350 Main Street, Suite 1505

Springfield, MA 01103

Tel. (413) 747-0700

Fax (413) 781-3780

PLEASE NOTE:  This transmission and any attachments contain confidential or privileged information from Goldsmith, Katz & Argenio, P.C.  This information is intended to be for the use of the addressed individual(s) or entity.  If you are not the intended recipient, be aware that any disclosure, printing, copying, distribution or use of the contents of this information is prohibited.  If you have received this transmission in error, please notify us by telephone or by return email immediately.

[Quoted text hidden]

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>                              Fri, Aug 2, 2024 at 10:48 AM
To: Jonathan Goldsmith <jgoldsmith@gkalawfirm.com>
Cc: "USTPRegion01.WO.ECF@usdoj.gov" <USTPRegion01.WO.ECF@usdoj.gov>

Dear Mr. Goldsmith,

Thank you for your prompt response.

Given that a written appraisal has not been obtained, I am concerned about the potential delays and complications this might cause at the upcoming hearing. Without a clear valuation established by an expert, the court may find it difficult to determine the reasonableness of the settlement, potentially leading to a continuation of the motion.

During the status conference hearing on June 7, 2024, Judge Christopher J. Panos clearly stated that an appraisal is needed to establish the fair market value of the property. Without an appraisal, the court will not have a basis for determining whether the $2.5 million offer from LAX Media is a reasonable equivalent to the property's market value. There are other buyers interested in paying a higher price for the property, which further emphasizes the necessity of this appraisal.

To prevent any further delays, I have reached out to an appraiser, Robert Shannon, who has agreed to complete an appraisal for the property. His fee for completing the appraisal is $5,500, and he can complete it within three weeks of receiving a retainer in the amount of $3,500. Please see the attached email from Mr. Shannon for more details.

I believe obtaining this appraisal will provide the necessary clarity and support for the court's decision. If the motion to approve the settlement proposal is continued due to the lack of an appraisal, it would constitute unjust enrichment and a strategic effort to defraud the debtor. Please be assured that I will seek legal remedies for a breach of fiduciary duty in such a case.

Please let me know if you have any objections to this plan. If I do not hear from you, I will file a motion and an emergency motion requesting the court's approval to obtain the appraisal at the bankruptcy estate's expense.

I also confirm our call for the 26(f) conference today at 2:30 PM.

Thank you for your cooperation.

Best regards,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

[Quoted text hidden]

---

<span style="color:red">Exhibit B</span>

 Gmail

**Lolonyon Akouete <info@smartinvestorsllc.com>**

---

## Request for Quote and Time Frame for Property Appraisal

6 messages

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>                                 Wed, Jul 31, 2024 at 7:08 AM
To: rshannon@ccim.net

Dear Bob Shannon,

I hope this message finds you well.

I am writing to request a quote and the estimated time frame for conducting an appraisal of the property located at 231 Turnpike Road, Westborough, MA. Your contact information was provided to me by Josh Bartell of Mansard CRE.

Please provide the following details:

1. The cost of the appraisal.
2. The estimated time frame to complete the appraisal from the date of engagement.
3. Any specific information or documents you will need from me to proceed.

Your prompt response will be greatly appreciated as this information is crucial for my current proceedings.

Thank you for your assistance.

Sincerely,

Lolonyon Akouete
800 Red Milles Rd
Wallkill, NY 12589
info@smartinvestorsllc.com
(443) 447-3276

---

**rshannon@ccim.net** <rshannon@ccim.net>                                 Wed, Jul 31, 2024 at 4:04 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>

Hi Lolonyon,

Thank you for your e-mail this morning. I apologize for not getting back to you sooner as I was not in my office today. I will be back in tomorrow. Is there a convenient time that I can call you to discuss the appraisal that you need for 231 Turnpike Road, Westborough?

Best regards,

Bob Shannon

[Quoted text hidden]

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>                                 Thu, Aug 1, 2024 at 6:41 AM
To: rshannon@ccim.net

Hi Bob,

Thank you for your response.

I am available anytime today to discuss the appraisal for the property at 231 Turnpike Road, Westborough. Please feel free to call me at your earliest convenience.

For some background, the record owner of the theater is Westborough SPE LLC, a Delaware Limited Liability Company, with Mignonette Investments Limited, a British Virgin Islands limited partnership, as its sole member. As an asset recovery specialist, I have been delegated managerial authority per Westborough SPE LLC's Operating Agreement, making me the manager of the entity.

The Town of Westborough had foreclosed on the property for non-payment of taxes, I have filed a motion to vacate the foreclosure judgment Based on due process violation which they are opposing. Due to multiple continuations and their scorched-earth litigation tactics, I have exhausted my funds. Consequently, my previous attorney (Nathanson & Goldberg, P.C.) and the property's caretaker (The MobileStreet Trust) commenced an involuntary Chapter 7 bankruptcy.

A settlement has been proposed, which I believe is unfair, and I am opposing it. My aim is to sell the property to the highest bidder through a fair bidding process. We are reaching out to all movie theater companies to find a buyer who can offer a better price. Maximizing the property's value is crucial for me, as I receive 30% of the total asset recovery for the entity.

Given the current situation, an accurate and timely appraisal of the property is essential for attracting potential buyers and ensuring a fair market value is obtained. This appraisal will support my efforts to oppose the current settlement proposal and advocate for a higher sale price.

I am attaching the settlement proposal in my opposition for your reference.

Looking forward to speaking with you.

Best regards,

Lolonyon Akouete
800 Red Milles R
Wallkill, NY 12589
info@smartinvestorsllc.com
(443) 447-3276

[Quoted text hidden]

---

**2 attachments**

📄 **Westborough- Motion to Approve Settlement.pdf**
1607K

📄 **Opposition of Creditor Lolonyon Akouete to Motion of Chapter 7 Trustee for Approval of Settlement Agreement.pdf**
18711K

---

**rshannon@ccim.net** <rshannon@ccim.net>                    Thu, Aug 1, 2024 at 2:35 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>

Hi Lolonyon,

I just tried to call you a few minutes ago and I was connected to your voicemail. I was unable to leave a message as your mailbox is full. Please call me at your convenience. I will be in my office for the rest of the afternoon.  My # is 617-314-6138.

[Quoted text hidden]

---

**Robert Shannon** <rshannon@ccim.net>                    Fri, Aug 2, 2024 at 8:34 AM

To: Lolonyon Akouete <info@smartinvestorsllc.com>

Gods morning Lolo,
My fee for completing an appraisal for the property would be $5,500. I would be able to complete the appraisal within three weeks of receiving a retainer in the amount of $3500. Let me know if these terms are acceptable to you and I will prepare an engagement letter and send it to you over the weekend.
 I am running out to an appointment and I will be back at 9:30. If you have any questions, don't hesitate to call me.
Best regards,
Bob Shannon
Sent from my iPhone

> On Jul 31, 2024, at 7:08 AM, Lolonyon Akouete <info@smartinvestorsllc.com> wrote:

[Quoted text hidden]

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>                          Fri, Aug 2, 2024 at 1:44 PM
To: Robert Shannon <rshannon@ccim.net>

Hi Bob,

Thank you for your prompt response and details regarding the appraisal.

After communicating with the trustee, Jonathan Goldsmith, he informed me that he has not obtained a written appraisal and is relying on the basis for supporting the reasonableness of the settlement as noted in the Settlement. As a result, I will be filing a motion requesting the court's approval to obtain the appraisal independently.

The terms you provided are acceptable to me. However, please hold off on preparing the engagement letter until I receive court approval for the appraisal. I will inform you as soon as I have the court's decision.

I appreciate your assistance and look forward to working with you on this matter.

Best regards,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

[Quoted text hidden]

# telegram.com | TELEGRAM & GAZETTE

Exhibit C

**EAST/VALLEY**

# 'Quite a bit of interest' in movie theater site

**Craig S. Semon** craig.semon@telegram.com
Published 9:11 p.m. ET June 29, 2018 | **Updated 6:31 a.m. ET June 30, 2018**

WESTBORO – With plans of taking the former Regal Westborough Stadium 12 by eminent domain and awarding the bid to somebody to sell it, the town of Westboro is taking requests for proposal for the vacant 29-acre parcel at 231 Turnpike Road.

And, still, no one knows who owns the property.

"We don't know who the owner is," Town Manager James J. Malloy said. "We had a title search done to do our own due diligence to try to figure out if there was an owner there that we were simply not finding. And the title search did not find anybody other than Westboro SPE LLC and the holding company Babcock & Brown."

Regal Westborough Stadium 12 closed Oct. 29. Westboro SPE LLC is listed as the original landlord on the 20-year lease agreement, which expired in Nov. 21.

However, Westboro SPE, a limited liability company that was registered in Delaware, has been administratively dissolved and is no longer authorized to do business in Massachusetts.

Furthermore, Westboro SPE's former corporate services firm, law firm and property management firm deny any current relationship with the landlord and cannot or will not provide forwarding or other contact information.

State corporation records show that Westboro SPE withdrew its registration to do business in Massachusetts in 2007. According to the state records, Westboro SPE appears to be an entity created by Babcock & Brown, an Australian company that went belly up in 2009.

"We have the authority to take it by eminent domain and we have an appraisal report of what a land damage ... would be," Mr. Malloy said.

"If we get responses to the RFP (request for proposal) that are competitive to what the appraisal report came in at, which is $6 million and that's what town meeting approved, as far as the land damage would go … then I'll put before the board of selectmen a vote to take it by eminent domain at their Aug. 14 selectmen's meeting and then award the bid to somebody to sell it.

"And we will do it all simultaneously. We will file the eminent domain land taking and then close on the property shortly thereafter."

Sealed proposals must be received by the town manager at Westboro Town Hall, 34 W. Main St., Westboro, MA, 01581 by 11 a.m. Aug. 7, at which time the proposals will be publicly opened. All proposals must be accompanied by a certified or bank check or bid bond, in the amount of $10,000 as proposal security, which will be returned to any unsuccessful proposer.

All inquiries or questions regarding the RFP must be in writing and received by the town no later than 5 p.m. July 24. Questions should be directed to Mr. Malloy by mail, fax at (508) 366-3099 or email, jmalloy@town.westborough.ma.us.

Copies of the RFP are available at the town manager's office and the town's website.

Mr. Malloy said there has been "quite of bit of interest" in the property and expects, at least, five or six "pretty competitive bids" on it.

If everything goes as planned and Westboro receives an agreeable bid in the $6 million range, Westboro will send Babcock & Brown a notice that the town has taken the land by eminent domain. If they can prove ownership, the town will discuss the land damage award with them, Mr. Malloy said.

Then the town of Westboro would have to hold on to that money for a three-year period to see whether or not somebody files for a land damage claim against the town, Mr. Malloy said. And, if no one files a claim, at the end of three years, the town can put the money in a sale of real estate account and use it for anything the town can otherwise borrow money for.

If Westboro gets low bids, for example, around $1 million, then the town would probably not take the parcel by eminent domain because, that point, the town would be assuming a $5 million liability on the part of taxpayers, Mr. Malloy said.

Case 23-40709    Doc 219    Filed 08/06/24    Entered 08/06/24 10:17:06    Desc Main
Document      Page 10 of 13

"We're hoping to get competitive proposals so we can get the property back in a positive use as soon as possible," Mr. Malloy said. "And, if we don't, then we would go ahead and proceed with a tax foreclosure process as soon as we could."

# telegram.com | TELEGRAM & GAZETTE

**EAST/VALLEY**

# Westboro accepts $5M bid for cinema

**Elaine Thompson** elaine.thompson@telegram.com

Published 5:00 p.m. ET Nov. 28, 2018 | **Updated 4:55 a.m. ET Nov. 29, 2018**

WESTBORO – The Board of Selectmen has accepted a $5 million bid from a Walpole-based media corporation to purchase and operate a cinema at the long-vacant Regal Cinemas building on Route 9.

LAX Media LLC, which operates Apple Cinemas in Cambridge, and Waterbury and Barkhamsted, Connecticut, submitted the high bid of $5,005,005. Two other bids that included maintaining a movie theater on the property came from Grossman Development of Southboro for $4 million; and $3.1 million from Florida-based Cinema World of Florida, which operates Lincoln Mall 16 & Cinema World & Games in Lincoln, Rhode Island. The fourth and lowest bid, at $2.5 million, came from Black Socks Corp., based in Marlboro, which proposed building a regional grocery store on the site.

Selectmen held a short meeting Nov. 20 to award the bid to LAX Media. Chairman Leigh Emery said it offered the most advantageous economic benefit to the town.

The bid "is a million dollars over the nearest other proposal; it is above the appraised value; it closes 30-60 days earlier," Ms. Emery said. "It's a business model that we think fits best with our strategic planning that the Board of Selectmen has worked out the past six months or so and voted as a plan for moving forward for keeping our community a family-friendly town with recreation activities available for all age groups in an affordable fashion."

The 12-screen theater was the only cinema in town. It was built in 1997, on a 29-acre parcel at 231 Turnpike Rd. (Route 9) in Stagecoach Plaza. The theater abruptly closed its doors last fall, less than a month before the 20-year lease was to expire. The property is appraised at $4.79 million.

The town, however, has been unable to find the owner. The original landlord, Westboro SPE LLC, registered in Delaware, administratively dissolved and withdrew its registration

to do business in Massachusetts in 2007. The limited liability company was an entity created by Babcock & Brown, an Australian company that went out of business in 2009. Westboro SPE's purchase loan on the property from U.S. Bank was satisfied around the time of the theater closing. The bank has said it does not have contact information for the landlord.

James Malloy, the former town manager who left in October to become town manager in Lexington, said the town will have to hold on to the money from the new owner for three years in case a claim is filed against the town. But he said that would not stop the selling and development of the property.

The new owner did not reply to an email asking about plans for renovations and when the cinema will open.

<u>CERTIFICATE OF SERVICE</u>

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C. 101 Arch Street,
12th Floor Boston, MA 02110

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com


Lolonyon Y Akouete