## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>WESTBOROUGH SPE LLC,<br><br>Debtor | Chapter 7<br>Case No. 23-40709-CJP |

### ORDER ON THE MOTION FOR RECONSIDERATION

I have considered the *Motion to Reconsider Order Granting Extension for Town of Westborough and Reconsider Denial of Sanctions for Violation of Automatic Stay* [ECF No. 218] (the "Reconsideration Motion") in which the creditor Lolonyon Akouete (the "Movant") requests that I reconsider the Order entered on August 4, 2024 [ECF No. 216] (the "Order Denying Sanctions") denying the Movant's *Motion for Sanctions for Violation of the Automatic Stay* [ECF No. 178] (the "Sanctions Motion") and the Order entered on March 19, 2024 [ECF No. 115] (the "Order Enlarging Time") granting the *Motion to Extend Time to File Proof of Claim* [ECF No. 110] (the "Town's Motion") filed by the Town of Westborough (the "Town"). For the reasons stated below, the Reconsideration Motion is DENIED. To the extent that the Reconsideration Motion requests further relief related to the Movant's separate filings, *see* ECF No. 166, the Court denies review subject to determination of those motions.

    **I.**    **Order Enlarging Time**

As to the Order Enlarging Time, because the Reconsideration Motion was filed more than fourteen days after the order entered, the Court construes the Reconsideration Motion as a motion for relief from judgment under Federal Rules of Civil Procedure 60(b), as made applicable by Federal Rules of Bankruptcy Procedure 9024 ("FRBP"). The Reconsideration

Motion fails to state cause under that rule and alleges no other cause that would justify relief. The Movant moves for reconsideration of the Order Enlarging Time that granted the Town's Motion. In the Reconsideration Motion, the Movant argues the "six specific exceptions" are inapplicable to the Town's Motion. The Movant further contends the Court enlarged the proof of claim deadline beyond the "permissible extensions period" of sixty days, as described in Rule 3002(c)(6). FRBP 3002(c)(6).

Pursuant to Rule 3002 of the Federal Rules of Bankruptcy Procedure, the deadline for governmental units to file a proof of claim is 180 days from the date the bankruptcy petition was filed. FRBP 3002(c)(1); *see* Court's Notice [ECF No. 30]. "The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim." FRBP 3002(c)(1); *see* FRBP 9006(b)(3) ("The court may enlarge the time for taking action under Rule[] . . . 3002(c) . . . only to the extent and under the conditions stated in [that] rule[].").[1] More importantly, Rule 3002(c)(3) is applicable and provides that a proof of unsecured claim that arises as a result of a judgment that enters for the recovery of money or property from an entity or avoids an entity's interest in property may be filed within 30 days of such a judgment becoming final. FRBP 3002(c)(3). This is in addition to other rights that may be possessed by such an entity, including any rights or remedies under 11 U.S.C. § 550(e). It appears undisputed that title to property formerly owned by the debtor transferred upon foreclosure to the Town. The chapter 7 trustee and others have asserted that the transfer may be avoided on a number of grounds. The Order Enlarging Time was consistent with Rule 3002(c)(3) and relied on the

---

[1] The Town asserts its status as a governmental unit. Town's Mot. at 3 n.2.

contingent nature of the claim based on the resolution of the dispute regarding recovery of the property.

## II. Order Denying Sanctions

As the Movant filed the Reconsideration Motion within fourteen days of the Order Denying Sanctions, as to that order, I treat the Reconsideration Motion as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, as made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure. *See, e.g.*, *Nieves Guzmán v. Wiscovitch Rentas (In re Nieves Guzmán)*, 567 B.R. 854, 862 (B.A.P. 1st Cir. 2017). "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortg.*, 465 F .3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure§ 2810.1 (2d ed. 1995)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Id.* (citation omitted). To succeed on a motion for reconsideration, the moving party must show "newly discovered evidence or a manifest error of fact or law." *In re Wedgestone Fin.*, 142 B.R. 7, 8 (Bankr. D. Mass. 1992) (citations omitted); *see also Soto-Padró v. Public Bldgs. Auth.*, 675 F.3d 1, 21 (1st Cir. 2012) (finding "a party cannot use a Rule 59(e) motion to rehash arguments previously rejected"). "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, . . . nor is it a mechanism to regurgitate old arguments previously considered and rejected." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (citations and internal quotations omitted).

In the Reconsideration Motion, the Movant attempts to supplement the Sanctions Motion with new facts and arguments presumably supporting a contention that he was really attempting

3

to assert a direct claim for damages resulting from a violation of the automatic stay under 11 U.S.C. § 362(k).  The Movant states:

> As a creditor entitled to 30% of the total asset recovery for the estate, any reduction in the value of the estate directly translates into a personal financial loss. The actions of Walter A. Horst in violating the automatic stay have diminished the estate's value, thereby reducing my potential recovery and causing personal injury.

Reconsideration Mot. at 4–5.  The Court is not required to consider new arguments or facts that existed at the time of the original motion.  Even if the Court did consider the new arguments advanced in the Reconsideration Motion, the statements made by the Movant reinforce that any claim he asserts is derivative from damages suffered by the debtor's estate.  Again, the Court need not reach whether the debtor or the chapter 7 trustee would even have standing to assert claims under 11 U.S.C. § 362(k), as opposed to seeking contempt sanctions for violation of the automatic stay.  *See In re 110 Beaver St. P'ship*, 355 F. App'x 432, at 437–39 and n.9 (1st Cir. 2009); *see also In re Spookyworld, Inc.*, 346 F.3d 1, 7 (1st Cir. 2003) (holding that a debtor that is a corporation cannot sue under 11 U.S.C. § 362(h) for a violation of the automatic stay).  As such, the Order Denying Sanctions was properly decided, and the Movant does not meet the standards requiring reconsideration.

Dated:  August 6, 2024                    By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge

4