UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                                      )    Chapter 7
                                            )    Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,                        )
                                            )
                Debtor.                     )

REPLY TO TOWN OF WESTBOROUGH'S OPPOSITION TO MOTION TO ALLOW CLAIM

### I. Introduction

Creditor Lolonyon Akouete respectfully submits this reply to the Town of Westborough's Opposition (Dkt. 223) to his Motion to Allow Claim (Dkt. 214). The Town's opposition is premised on arguments that are both procedurally and substantively flawed. Contrary to the Town's assertions, the allowance of my claim is both appropriate and necessary under the Bankruptcy Code, and there is no valid reason for further delay.

### II. Legal Argument

1. **The Pending Motion to Dismiss Does Not Preclude the Allowance of My Claim**

   The Town argues that the allowance of my claim is premature because of its pending motion to dismiss the bankruptcy case pursuant to 11 U.S.C. § 707(a). However, this argument fails for several reasons:

   - **Lack of a Stay:** The mere filing of a motion to dismiss does not automatically stay the proceedings, nor does it prevent the allowance of claims. Absent a court order granting a stay or dismissing the case, the bankruptcy process, including the allowance of claims, must proceed in the ordinary course.
   - **Statutory Framework:** Under 11 U.S.C. § 502(a), a claim is deemed allowed unless a party in interest objects. The Town's motion to dismiss does not constitute an objection to my claim, nor does it negate the requirement for the Court to consider my claim on its merits.
   - **Delay Tactics:** The Town's argument appears to be an attempt to delay the adjudication of my claim, which is improper and prejudicial. The Bankruptcy Code does not permit parties to use procedural motions as a means to indefinitely postpone the resolution of substantive claims.

2. **The Proposed Settlement and Its Impact**

   The Town mentions a proposed settlement with the Chapter 7 Trustee that may resolve its motion to dismiss. However, until this settlement is approved by the Court, it remains speculative and cannot serve as a basis for denying or delaying the allowance of my claim. Moreover, even if the settlement is approved, it does not automatically invalidate my claim or preclude its consideration.

- o **No Direct Connection:** The proposed settlement pertains to the Town's motion to dismiss and other issues but does not directly address the merits of my claim. The allowance of my claim is a separate matter that should be resolved independently of any settlement discussions.

3. **Previous Court Rulings Are Not Determinative**

The Town references the Court's previous rulings on my motions for interim distribution (Dkt. 114 & 204) as a basis for denying my current motion. However, these rulings were made in a different context and do not bear directly on the allowance of my claim. The Court's earlier decisions were focused on the timing and appropriateness of interim distributions, not on the validity of my claim itself.

- o **New Considerations:** The circumstances surrounding my current motion are distinct from those addressed in the interim distribution motions, and the Court should consider my claim based on the specific legal and factual arguments presented herein.

4. **Efficiency and Timeliness**

Bankruptcy proceedings are designed to be efficient and timely. Delaying the claim allowance process due to procedural issues or pending motions can hinder the efficient administration of the bankruptcy estate and prolong the resolution of the case. The court should prioritize the timely adjudication of claims to ensure that the bankruptcy estate is managed effectively and creditors' rights are protected.

5. **Creditor's Rights**

Creditors have a right to the timely adjudication of their claims. Unnecessary delays in the claims process can prejudice creditors by preventing them from participating in distributions or making informed decisions about their rights in the bankruptcy case. The automatic stay in bankruptcy proceedings halts collection actions against the debtor but does not suspend the claims allowance process unless a specific court order or stay is in place. Therefore, my claim should proceed through the allowance process without undue delay.

6. **Court's Discretion**

While the bankruptcy court has discretion to manage its docket and proceedings, this discretion should be exercised judiciously and not used to unduly delay the claims process without good cause. The court should consider the specific facts and circumstances of each case when deciding whether to delay the claims process. In this instance, there is no valid reason to delay the allowance of my claim, and doing so would be inconsistent with the efficient administration of the estate.

7. **The Essential Function of Bar Dates**

The United States Court of Appeals for the Second Circuit in **In re Enron Corp.**, 419 F.3d 115, 127 (2d Cir. 2005), emphasized that bar dates serve an "essential function" in bankruptcy proceedings. Bar dates ensure that the bankruptcy trustee and creditors have a clear understanding of the claims against the estate, which is vital for the fair and efficient distribution of the debtor's assets. In Chapter 7 cases, as in Chapter 11, the timely filing of claims is crucial. Since my claim was filed within the bar date and no objections were

timely made, the allowance of my claim aligns with the procedural requirements and the integrity of the bankruptcy process.

8. **Timeliness and Statutory Observance**

    In **In re Hooker Invs., Inc.**, 937 F.2d 833, 840 (2d Cir. 1991), the court recognized that bar dates are akin to statutes of limitations and must be strictly observed. The strict observance of bar dates is crucial in Chapter 7 cases to ensure that the process of liquidation and distribution is not delayed by late claims. In this case, my compliance with the bar date and the lack of timely objections supports the allowance of my claim. The Town's opposition, filed after the fact, does not justify the denial or delay of my claim, which was timely and procedurally correct.

9. **Prejudice to the Bankruptcy Estate**

    In **In re Keene Corp.**, 188 B.R. 903, 907 (Bankr. S.D.N.Y 1995), the court emphasized that bar dates serve the important purpose of identifying claims promptly, enabling the orderly administration of the bankruptcy estate. In this case, allowing my claim would not prejudice the bankruptcy estate or other creditors, as no objections were raised within the required timeframe. Denying my claim at this stage would undermine the purpose of bar dates and the equitable treatment of creditors who have adhered to the procedural requirements.

10. **Conscious, Tactical Decisions and Their Consequences**

In **In re Bicoastal Corp.**, 176 B.R. 966, 971-72 (Bankr. M.D. Fla. 1994), and **In re Mother Hubbard, Inc.**, 152 B.R. 189, 193-94 (Bankr. W.D. Mich. 1993), the courts declined to extend bar dates where claimants made conscious, tactical decisions not to file timely claims. These rulings highlight the principle that strategic delays in filing are not excusable and should result in the denial of such late claims. Unlike in these cases, my claim was filed within the prescribed period, and there is no evidence of any tactical delay or bad faith on my part. Therefore, the timely filing of my claim supports its allowance under the same legal principles that led courts to deny claims where tactical delays were evident.

## III. Request for Relief

For the reasons stated above, I respectfully request that the Court:

1. Overrule the Town of Westborough's opposition to my Motion to Allow Claim.
2. Allow the claim filed by Lolonyon Akouete against the bankruptcy estate of Westborough SPE LLC.
3. Schedule a hearing to address any remaining concerns or disputes related to this claim, if necessary.
4. Grant such other and further relief as the Court deems just and proper.

## IV. Conclusion

The principles established in **In re Enron Corp.**, **In re Hooker Invs., Inc.**, **In re Keene Corp.**, **In re Bicoastal Corp.**, and **In re Mother Hubbard, Inc.** support the allowance of my claim. The timely filing, absence of any tactical delay or bad faith, and the lack of prejudice to the bankruptcy

estate align with the legal standards for allowing claims in bankruptcy. Therefore, the Court should grant my motion to allow the claim.

DATED: August 9, 2024, Respectfully submitted:

                              By creditor,

                              Lolonyon Akouete
                              800 Red Milles Rd
                              Wallkill NY 12589
                              info@smartinvestorsllc.com
                              (443) 447-3276

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com

_____
Lolonyon Y Akouete