UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) | |
| Debtor. | ) | |

OPPOSITION OF PETITIONING CREDITORS TO
MOTION OF LOLONYON AKOUETE FOR ALLOWANCE OF CLAIM
[Docket No. 214]

To The Honorable Christopher J. Panos, United States Bankruptcy Judge:

Now come the Petitioning Creditors herein and state the following in opposition to the Motion to Allow Claim [Docket No. 214] filed by Lolonyon Akouete:

1. The Petitioning Creditors commenced this case pursuant to an Involuntary Petition in order to "unlock," for the benefit of the Debtor's creditors, two assets:

    (i) Funds of the Debtor in the sum of $1,293,646.83 escheated to the State of California as abandoned, but recoverable, property; and

    (ii) The value of real estate in the Town of Westborough in excess of the property taxes owed thereon.

2. Prior to the Involuntary Petition, Mr. Akouete had been unsuccessful in obtaining the escheated funds from the State of California and was engaged in protracted Land Court litigation with the Town of Westborough. Neither asset had been monetized through any of the efforts of Mr. Akouete, although it is true that he identified and pursued (albeit unsuccessfully) both assets pre-Petition.

3. It does not appear that Mr. Akouete has any written agreements for compensation with the Debtor. Certainly, he has not been engaged by the Trustee for any purpose.

1

4. Mr. Akouete's Amended Proof of Claim states that he is entitled to 30% of the total recovery on the two assets that he identified but unsuccessfully pursued on behalf of the pre-Petition Debtor.

5. The Trustee in Bankruptcy recovered the sum of $1,293,646.83 from the State of California after Mr. Akouete's attempts to do so were unsuccessful.

6. The Trustee in Bankruptcy has, subject to the approval of this Court, entered into a settlement with the Town of Westborough (and others, including the Petitioning Creditors) which will result in either substantial payments to the Debtor's Estate or the Trustee having the right to sell the real property in the Town of Westborough. If the settlement is approved, regardless of how it is implemented, it is expected that the Debtor's Estate will receive a seven-figure sum from the ultimate implementation of the settlement.

7. Incredibly, Mr. Akouete, while seeking compensation from the (as yet undetermined) realization from the real property in the Town of Westborough, has objected to the settlement which will, if approved, result in the very benefit to the Debtor's Estate as to which he makes an unsubstantiated claim of 30% of those as yet unrealized and unquantified proceeds.

8. Mr. Akouete is incorrect that the time has passed for objection, by any party in interest, to the allowance of his Amended Proof of Claim and, indeed, regardless of the passage of time, Bankruptcy Rule 3008 ("Reconsideration of Claims") provides that "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate."

9. Mr. Akouete's Amended Proof of Claim requires a careful review pursuant to §502(b)(4) as it is a claim for services of an insider and the Court must determine whether "such claim exceeds the reasonable value of such services."

10. In addition to the circumstances advanced by the Trustee in Bankruptcy and the Town of Westborough in opposition to Mr. Akouete's Motion to Allow Claim, any such allowance is additionally premature since the amount of recovery to which Mr. Akouete in his Amended Proof of Claim seeks to apply a 30% entitlement is, itself, unknown and will remain unknown until either the settlement proposed by the Trustee in Bankruptcy, if approved, is fully consummated or, if the settlement is not approved, alternative means are effected by the Trustee in Bankruptcy to realize upon the value of the Debtor's real property in the Town of Westborough.

Wherefore, the Petitioning Creditors pray that this Court deny the Motion to Allow Claim [Docket No. 214], without prejudice to the allowance or disallowance of Mr. Akouete's Amended Proof of Claim at a later time, either as a result of a further Motion to Allow or an Objection to Claim by a party in interest

Respectfully submitted,

PETITIONING CREDITORS,

By their attorneys,

/s/ Stephen F. Gordon
Stephen F. Gordon (BBO No. 203600)
The Gordon Law Firm LLP
57 River Place, Suite 200
Wellesley, Massachusetts 02481
Tel: (617) 261-0100

Dated: August 9, 2024        E-mail: sgordon@gordonfirm.com

### CERTIFICATE OF SERVICE

I, Stephen F. Gordon, hereby certify that on August 9, 2024, the foregoing **Opposition of Petitioning Creditors to Motion of Lolonyon Akouete for Allowance of Claim** was served by operation of the Court's ECF System on all individuals designated to receive service by ECF:

- Jeffrey T Blake    jblake@k-plaw.com
- Paul W. Carey    pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com
- Jose C. Centeio    jcc@natgolaw.com

- Jonathan R. Goldsmith    bankrdocs1@gkalawfirm.com, bankrdocs@gkalawfirm.com;
- Jonathan R. Goldsmith    trusteedocs1@gkalawfirm.com, trusteedocs@gkalawfirm.com; mwolohan@gkalawfirm.com;MA43@ecfcbis.com;
- Stephen F. Gordon    sgordon@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- Richard King    USTPRegion01.WO.ECF@USDOJ.GOV
- Brian W. Riley    briley@k-plaw.com
- Roger L. Smerage    rsmerage@k-plaw.com

and by email upon:

Lolonyon Akouete (info@smartinvestorsllc.com)

/s/ Stephen F. Gordon
Stephen F. Gordon (BBO No. 203600)

P:\Clients-GLF\Westborough SPE\Plead (Bktcy)\Opp to Mot to Allow Claim.docx

4