UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:    )    Chapter 7
    )    Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,    )
    )
    Debtor.    )

CREDITOR LOLONYON AKOUETE'S MOTION FOR SUMMARY JUDGMENT AND
RESPONSE TO OPPOSITIONS TO MOTION TO ALLOW CLAIM
[Docket No. 214]

**INTRODUCTION**

Creditor Lolonyon Akouete ("Creditor") respectfully submits this Motion for Summary Judgment on the Motion to Allow Claim (Dkt. No. 214), addressing and responding to the oppositions filed by the Trustee, the Town of Westborough, and the Petitioning Creditors. The Creditor asserts that there is no genuine dispute as to any material fact and that the Creditor is entitled to judgment as a matter of law, allowing the claim filed against the bankruptcy estate of Westborough SPE LLC ("Debtor").

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. The Creditor filed a timely proof of claim against the Debtor's bankruptcy estate within the bar date set by the Court, which was duly assigned Claim No. 4 and later amended.
2. The Creditor, as the former manager of the Debtor, played a pivotal role in recovering over $4,168,646 for the Debtor's estate, including $1,293,646.83 in unclaimed funds and $2,875,000 in real estate value.
3. No substantive objections have been filed against the Creditor's claim by the Trustee or any other party in interest within the applicable timeframe, as required by 11 U.S.C. § 502(a) and the Federal Rules of Bankruptcy Procedure.
4. The Trustee's opposition to the Motion to Allow Claim is solely based on a pending settlement that is unrelated to the validity or merits of the Creditor's claim.
5. The Town of Westborough ("Town") and Petitioning Creditors have also opposed the Motion to Allow Claim, arguing that the pending motion to dismiss the bankruptcy case under 11 U.S.C. § 707(a) precludes the allowance of any claim. The Town and Petitioning Creditors have not raised any substantive objection to the validity or amount of the Creditor's claim.
6. Under 11 U.S.C. § 502(a), a claim is deemed allowed unless a party in interest objects. As no substantive objections have been raised, the claim stands as valid and enforceable.
7. The Creditor's proof of claim was executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, constituting **prima facie** evidence of the validity and amount of the claim pursuant to FED. R. BANKR. P. 3001(f).

**ARGUMENT**

1. **No Genuine Dispute of Material Fact**
   The Creditor has demonstrated that there is no genuine dispute regarding the material facts relevant to this motion. The claim was properly filed and is supported by sufficient documentation. Neither the Trustee, the Town, nor the Petitioning Creditors have introduced any factual dispute that would preclude the entry of summary judgment. The oppositions from these parties fail to challenge the substance of the Creditor's claim.

2. **The Claim is Deemed Allowed by Law**
   Under 11 U.S.C. § 502(a) and FED. R. BANKR. P. 3001(f), a properly filed proof of claim constitutes **prima facie** evidence of the validity and amount of the claim. As established in *Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993), this **prima facie** evidence must be rebutted by the objecting party through "substantial evidence." If the objecting party fails to produce substantial evidence, the **prima facie** evidence stands, and the claim should be allowed as a matter of law.

   In this case, neither the Trustee, the Town, nor the Petitioning Creditors have produced any substantial evidence to rebut the **prima facie** validity of the Creditor's claim. The mere existence of a pending settlement or a motion to dismiss does not constitute substantial evidence capable of rebutting the Creditor's **prima facie** claim. Therefore, the claim should be deemed allowed under the standards set forth in *Hemingway Transport* and related case law.

3. **Response to Trustee's Opposition**

   The Trustee's opposition is based on the premise that a pending settlement with the Town of Westborough may impact the outcome of the claim. However, the Trustee's reliance on a potential settlement is both procedurally and substantively flawed. The existence of a settlement does not preclude the Court from adjudicating claims that have been properly filed and remain unchallenged. The Creditor's claim is based on the substantial recovery efforts that have already benefited the estate, and the Trustee has failed to present any legal or factual basis to deny the allowance of this claim.

4. **Response to Town of Westborough's Opposition**

   The Town's opposition centers on the pending motion to dismiss the bankruptcy case under 11 U.S.C. § 707(a). The Town argues that no claims should be allowed until the motion to dismiss is resolved. However, this argument is without merit. The filing of a motion to dismiss does not automatically stay proceedings or prevent the Court from addressing claims on their merits. The Creditor's claim is contingent upon the recovery of assets, which has already occurred, and the amount of the claim can be determined based on the final recovery. The Town's argument fails to rebut the **prima facie** validity of the Creditor's claim.

5. **Response to Petitioning Creditors' Opposition**

   The Petitioning Creditors argue that the Creditor's claim should be denied because it is based on services rendered without a formal written agreement and that the amount of recovery is still undetermined. However, the Creditor's entitlement to compensation is rooted in the Debtor's operating agreement and is supported by several legal principles, including **quantum meruit**, **unjust enrichment**, **implied contract**, and **promissory estoppel**. These principles establish that the Creditor is entitled to reasonable compensation for services that have substantially benefited the estate. The lack of a formal written

agreement does not negate the Creditor's right to compensation, especially given the substantial recovery achieved.

The Creditor's claim for 30% compensation is consistent with industry standards for asset recovery services, as detailed in the email sent to the Trustee on July 17, 2024. The Petitioning Creditors have not provided any substantive evidence to challenge the validity of the Creditor's claim. Therefore, the claim should be allowed.

**CONCLUSION**

Based on the undisputed facts, the clear language of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, and the supporting case law, the Creditor is entitled to Summary Judgment on the Motion to Allow Claim. The Court should, therefore, grant this motion and allow the Creditor's claim against the bankruptcy estate of Westborough SPE LLC.

DATED: August 9, 2024, Respectfully submitted:

By creditor,

_____
Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com


_____
Lolonyon Y Akouete