## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re:** | |
| **WESTBOROUGH SPE LLC,** | **Chapter 7** <br> **Case No. 23-40709-CJP** |
| **Debtor.** | |

### APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY COUNSEL TO ASSIST WITH PENDING LITIGATION MATTERS

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

NOW COMES Jonathan R. Goldsmith, the Chapter 7 trustee (the "Trustee") in the bankruptcy case (the "Bankruptcy Case" or "Case") of the above captioned debtor (the "Debtor"), and, pursuant to 11 U.S.C. § 327(a), Rule 2014 of the Federal Rules of Bankruptcy Procedure and MLBR 2014-1, hereby requests that this Court authorize the employment of Christine E. Devine and the law firm of Nicholson Devine LLC (together, "Nicholson Devine") as counsel to the Trustee to assist with pending litigation matters as set forth herein. In support hereof, the Trustee states as follows:

1. On August 31, 2023 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On October 11, 2023, this Court entered an Order for Relief in this case [Dkt. No. 26] and this case remains a Chapter 7 case at this time.

3. On October 12, 2023, the United States Trustee appointed Jonathan R. Goldsmith as Chapter 7 trustee [Dkt. No. 29] and the Trustee remains as Trustee at this time.

4. On October 13, 2023, the Trustee filed an application to employ Goldsmith, Katz & Argenio, P.C. ("GKA") as counsel to the Trustee to provide multiple legal services to the estate as Trustee's counsel [Dkt. 34]. This Court allowed the application to employ GKA on October 31, 2023 [Dkt. No. 52]. GKA will remain employed as Trustee's counsel and the Trustee will ensure no duplication of services with Nicholson Devine.

5. Since his appointment, the Trustee has, among other things, recovered estate assets consisting of funds formerly held by the Controller's Office of the State of California.

6. In addition, the Trustee has negotiated a detailed an comprehensive settlement agreement (the "Settlement Agreement") [Dkt. No. 189] with multiple parties regarding the estate's interest in real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Real Property"). A hearing regarding the proposed Settlement Agreement is currently scheduled for August 20, 2024.

7. In addition, the Trustee is currently a party to two adversary proceedings pending before this Court as follows: (i) the Trustee has removed to this Court a tax foreclosure action by the Town of Westborough regarding the Real Property (the "Westborough AP"), and (ii) a purported interest holder of the Debtor, Mr. Lolonyon Akouete ("Akouete") has initiated an action against the Trustee seeking declaratory judgment regarding his alleged interest in the Debtor (the "Akouete AP"; together with the Westborough AP, the "Adversary Proceedings").

8. There has been and continues to be significant litigation in connection with the Adversary Proceedings and the Settlement Agreement. As a result, the Trustee has determined that the estate would benefit from the engagement of counsel to focus on the resolution of the matters which are the subject of the Adversary Proceedings and the Settlement Agreement.

9. More specifically, the Trustee has determined that it is necessary and will be beneficial to engage Nicholson Devine to represent him in the Adversary Proceedings and in matters regarding the Property and the Settlement Agreement. The services to be provided include but are not limited to the following:

a. To assist, advise, and represent the Trustee regarding the Adversary Proceedings and the pending Settlement Agreement including appearing for the Trustee, engaging in negotiations where warranted, and pursuing the Trustee's and the estate's interests in the matters which are the subject of the Adversary Proceedings and the Settlement Agreement;

b. To assist, advise, and represent the Trustee regarding any negotiations related to the subject matter of the Adversary Proceedings and the Settlement Agreement, should the Trustee determine that negotiations are advisable;

c. To assist, advise, and represent the Trustee with respect to any and all claims and causes of action assertable by the Trustee on behalf of the estate regarding the Adversary Proceedings, the Settlement Agreement, and/or the Property;

d. To litigate, if necessary, any and all claims asserted by the estate or asserted against the estate regarding the Property, ownership issues regarding the Debtor, and/or any other matters relevant thereto;

e. To assist, advise, and represent the Trustee in the underlying Bankruptcy Case as necessary to resolve the matters which are the subject of the Adversary Proceedings and the Settlement Agreement;

f. To assist, advise, and represent the Trustee with respect to any appeals to which the Trustee is or may be a party in the Bankruptcy Case or in the Adversary Proceedings including, without limitation, the pending appeal to the Bankruptcy Appelate Panel initiated on July 26, 2024 by Mr. Akouete [Dkt. No. 205];

g. To assist, advise, and represent the Trustee with respect to any and all pleadings filed by Mr. Akouete in the Bankruptcy Case, in the Adversary Proceedings, in any appeal, or in any other forum; and

h. To perform any and all other bankruptcy related legal services for the benefit of the Trustee and the bankruptcy estate as determined by the Trustee.

10. The Trustee has determined that it is necessary to engage counsel to perform the professional services described in this Application and seeks to employ Nicholson Devine to provide such services.

3

11. The Trustee has selected Nicholson Devine as counsel because of Nicholson Devine's experience and knowledge in the field of bankruptcy law, and the Trustee believes that Nicholson Devine is well qualified to represent the Trustee in this Case and to render the services described above.

12. Nicholson Devine has indicated its willingness to serve as counsel to the Trustee herein and to receive compensation for professional services rendered and expenses incurred in accordance with the provisions of Bankruptcy Code §§ 328, 330, and 331.

13. To the best of the Trustee's knowledge, information, and belief, Nicholson Devine does not represent any interest adverse to the estate in matters upon which it is to be employed and is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14) as it applies to § 327.

14. Nicholson Devine has filed the Affidavit of Christine E. Devine ("Devine Affidavit") in connection with this application and in accordance with Federal Rules of Bankruptcy Procedure 2014 and 2016 and MLBR 2014-1.

15. Except to the extent stated in the Devine Affidavit, the Trustee is aware of no connections between the Nicholson Devine and the Debtor and the Debtor's creditors and, upon information and belief, all such connections have been disclosed in that Affidavit.

16. Nicholson Devine has received no retainer in this Case.

17. Nicholson Devine will seek compensation based on normal and usual hourly billing rates and will seek reimbursement of expenses.

18. Based on the foregoing, the Trustee submits that the retention of Nicholson Devine would be in the best interest of the estate and its creditors.

19. No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order authorizing the Trustee to employ and retain Nicholson Devine as his counsel, on the terms and conditions set forth above, to perform the legal services recited herein, and for such other and further relief as is just.

    Respectfully submitted,

    **Jonathan R. Goldsmith,**
    **Chapter 7 Trustee**

    by proposed counsel,

    /s/ Christine E. Devine
    Christine E. Devine, BBO# 566990
    Nicholson Devine LLC
    P.O. Box 7
    Medway, MA 02053
    Phone:  508-533-7240
Dated: August 12, 2024    Email:  christine@nicholsondevine.com

5

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-40709-CJP** |

**AFFIDAVIT OF CHRISTINE E. DEVINE IN SUPPORT OF**
**TRUSTEE'S APPLICATION TO EMPLOY COUNSEL**

Pursuant to Fed. R. Bankr. P. 2014(a) and 2016, Christine E. Devine, being duly sworn, deposes and says:

1. I am an attorney at law admitted to practice in the Commonwealth of Massachusetts and before the United States District Court for the District of Massachusetts. I am a member of the law firm Nicholson Devine LLC ("Nicholson Devine"). I have practiced law for approximately thirty (30) years.

2. This affidavit is submitted in connection with the Application (the "Application") of Chapter 7 Trustee to Employ Counsel, filed by Jonathan Goldsmith as Chapter 7 trustee (the "Trustee") of the bankruptcy case of the above-captioned debtor (the "Debtor").

3. Nicholson Devine maintains records of its clients, the matters on which it represents its clients, and other parties which have a substantial role in such matters. Nicholson Devine has reviewed its records to determine Nicholson Devine's connections with the Debtor and those entities identified by the Debtor as being creditors of the Debtor.

4. Based on my review as described in this Affidavit, insofar as I have been able to ascertain, Nicholson Devine neither holds nor represents any interest adverse to that of the

Debtor or the bankruptcy estate in the matters upon which Nicholson Devine is to be engaged. Thus, I believe Nicholson Devine to be a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

    5.    Furthermore, insofar as I have been able to ascertain no member or employee of Nicholson Devine is connected with any Bankruptcy Judge in the District of Massachusetts or with the United States Trustee or with any person employed in the office of the United States Trustee, so as to render the appointment of Nicholson Devine inappropriate under Fed. R. Bankr. P. 5002.

    6.    Other than as stated in ¶¶3 and 4, above, my, and Nicholson Devine's, connections with the Debtor, creditors, or other parties-in-interest, their respective attorneys and accountants are, to the best of my knowledge, as follows:

    a. Nicholson Devine may represent Jonathan R. Goldsmith, Chapter 7 Trustee, in his capacity as trustee, in other matters unrelated to the Debtor's bankruptcy case; and

    b. Nicholson Devine may serve as a professional person in other matters, wholly unrelated to the Debtor or to this case, in which attorneys or accountants or other professionals of the Debtor, the Trustee, creditors, or other parties in interest also serve as professional persons.

    7.    Nicholson Devine may have represented, or may represent, various creditors of the Debtor (and may represent other parties-in-interest) in matters unrelated to the Debtor. I have identified no current representation of any party-in-interest in this case other than as set forth in this Affidavit.

    8.    Nicholson Devine does not and, while employed by the Trustee, will not represent any other entity having an adverse interest in connection with this case.

9. I have not agreed to share with any person the compensation to be paid for the services rendered in this case, other than among the members and employees of Nicholson Devine.

10. The rates charged by Nicholson Devine for services rendered in cases pending before the Bankruptcy Court are the same standard rates billed for services rendered in non-bankruptcy matters. The rates currently charged for those who are presently anticipated to provide services in this case are as follows:

| Name | Position | Hourly Rate |
|---|---|---|
| Christine E. Devine | Attorney | $400 |
| Kate E. Nicholson | Attorney | $400 |
| April Peck | Paralegal | $125 |

Rates are subject to change in the ordinary course of Nicholson Devine's billing practices.

11. Nicholson Devine has received no retainer in this case.

12. I shall amend this statement immediately upon my learning that (a) any of the within representations are incorrect or (b) there is any change of circumstances relating thereto.

13. I have reviewed the provisions of MLBR 2016-1.

14. I have read the Application which this affidavit accompanies and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated: August 12, 2024

_____
Christine E. Devine, Esq. (BBO# 566990)
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone: (508) 533-7240
Email: christine@nicholsondevine.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

WESTBOROUGH SPE LLC,

Debtor.

Chapter 7
Case No. 23-40709-CJP

## DECLARATION RE: ELECTRONIC FILING

I, Christine E. Devine, **hereby declare under penalty of perjury** that all of the information contained in my Attorney's Affidavit (the "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFLR)-7(b) all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: August 12, 2024

_____ (Affiant)
Christine E. Devine, Esq.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-40709-CJP** |

## CERTIFICATE OF SERVICE

The undersigned, Christine E. Devine, hereby certifies that on this day a copy of the following has been sent to all parties listed on the attached Service List in the manner noted thereon:

- **Application of Chapter 7 Trustee to Employ Counsel, with attached Affidavit of Christine E. Devine.**

Dated: August 12, 2024

/s/ Christine E. Devine
Christine E. Devine, Esq.
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone: 508-533-7240
Email: christine@nicholsondevine.com

**SERVICE LIST**

<u>Electronic Mail Notice List</u>

The following list of parties and attorneys have received electronic notice via the Bankruptcy Court's CM/ECF noticing procedures:

- **Jeffrey T Blake**   jblake@k-plaw.com
- **Paul W. Carey**   pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com
- **Jose C. Centeio**   jcc@natgolaw.com
- **Jonathan R. Goldsmith**   bankrdocs1@gkalawfirm.com, bankrdocs@gkalawfirm.com
- **Jonathan R. Goldsmith**   trusteedocs1@gkalawfirm.com, trusteedocs@gkalawfirm.com;mwolohan@gkalawfirm.com;MA43@ecfcbis.com
- **Stephen F. Gordon**   sgordon@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- **Richard King**   USTPRegion01.WO.ECF@USDOJ.GOV
- **Samual A. Miller**   samual.miller@akerman.com
- **Brian W. Riley**   briley@k-plaw.com
- **Roger L. Smerage**   rsmerage@k-plaw.com

<u>First Class Mail Postage Prepaid List</u>

The following list of parties and attorneys have been served by first class mail, prepaid:

Lolonyon Akouete                Served via First Class Mail and by Email
800 Red Milles Rd
Wallkill, NY 12589
info@smartinvestorsllc.com

Denise Edwards                  Served via First Class Mail and by Email
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com

Craig R. Jalbert
as Liquidating Supervisor
Verdolino & Lowey P.C.
124 Washington Street
Foxborough, MA 02035

The MobileStreet Trust
12 Cole Road
Wayland, MA 01778