UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                          )    Chapter 7
                                )    Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,            )
                                )
         Debtor.                )

## MOTION TO SHIFT RESPONSIBILITY AND SEEK RELIEF FROM REPORTING OBLIGATION UNDER THE CORPORATE TRANSPARENCY ACT

**TO THE HONORABLE CHRISTOPHER J. PANOS, UNITED STATES BANKRUPTCY JUDGE:**

Now comes Lolonyon Akouete, in his capacity as the Manager of Westborough SPE LLC ("Debtor") and a creditor in the above-captioned bankruptcy case, and respectfully moves this Court for an Order shifting the responsibility for compliance with the Corporate Transparency Act ("CTA") reporting obligations under the Financial Crimes Enforcement Network ("FinCEN") to the Chapter 7 Trustee, Jonathan R. Goldsmith, and to relieve the Movant from any such obligations due to the Trustee's actions and interference. In support of this Motion, the Movant states as follows:

## I. INTRODUCTION

1. On August 31, 2023, Petitioning Creditors Nathanson & Goldberg, P.C. and MobileStreet Trust commenced this bankruptcy proceeding by filing an involuntary Chapter 7 petition against the Debtor.
2. An Order for Relief was entered on October 11, 2023, and Jonathan Goldsmith was appointed as the Chapter 7 Trustee.
3. The Corporate Transparency Act ("CTA") requires certain entities to report their beneficial ownership information to FinCEN, with a compliance deadline of January 1, 2025. Failure to comply with this requirement can result in significant civil and criminal penalties.
4. Despite Movant's repeated efforts to obtain the necessary information to comply with FinCEN requirements, the Trustee has willfully obstructed Movant's ability to fulfill these obligations. The Trustee's lack of cooperation, particularly in compelling the release of information from third parties such as David M. Abramowitz of Goulston & Storrs PC, has left the Debtor unable to comply with its reporting obligations.

## II. EFFORTS MADE TO OBTAIN NECESSARY INFORMATION

1. **Initial Motion to Compel**: On January 12, 2024, Movant filed a Motion to Compel the release of information for compliance with FinCEN requirements (Dkt. 65). This motion was necessary due to the lack of response from the Trustee, who is responsible for addressing such compliance matters. Despite the clear need for this information, the motion was denied by the Court, with the Trustee ordered to file a status report regarding the compliance requirements (Dkt. 66).

2. **Expedited Motion for Clarification**: Following the denial of the initial motion, Movant filed an Expedited Motion for Clarification and to Compel the release of information on February 20, 2024 (Dkt. 104). This motion highlighted the urgency of obtaining the necessary information for FinCEN compliance. However, this motion was also denied by the Court on February 23, 2024, with the Trustee directed to file a further status report by May 23, 2024 (Dkt. 106).
3. **Trustee's Responses**: The Trustee filed multiple status reports (Dkt. 97 and Dkt. 170) in response to the Court's orders, acknowledging the ongoing discussions regarding the applicability of CTA reporting requirements to Chapter 7 Trustees. Despite these reports, the Trustee has not taken concrete steps to facilitate the release of the necessary information, leaving the Movant in a position where compliance with FinCEN requirements is unattainable.
4. **Movant's Continued Efforts**: In response to the Trustee's inaction, Movant filed a response to the Trustee's updated status report on May 27, 2024 (Dkt. 171), reiterating the importance of timely compliance with FinCEN requirements and the Trustee's continued obstruction. Despite these efforts, the necessary information remains unavailable, further jeopardizing the Debtor's ability to comply with the CTA.

## III. LEGAL BASIS FOR RELIEF

1. **FinCEN Guidance and Trustee's Responsibility**: In the recent cases of *In re YLG Partners, Inc.* and *In re BOA Nutrition, Inc.*, the U.S. Department of the Treasury's FinCEN provided guidance indicating that Chapter 7 trustees are generally not responsible for filing beneficial ownership reports. However, FinCEN also acknowledged that in "unusual circumstances," a trustee could be held liable for a reporting company's failure to comply, particularly if the trustee willfully prevented the filing of the required information.
2. **Trustee's Fiduciary Duty and Responsibility**: The Trustee, as the representative of the bankruptcy estate, has a fiduciary duty to ensure that the estate complies with all applicable legal requirements, including the CTA. The Trustee's actions in this case—specifically the willful obstruction of Movant's efforts to comply—demonstrate a breach of this fiduciary duty and warrant a shift in responsibility for CTA compliance.
3. **Court's Equitable Powers**: Pursuant to 11 U.S.C. § 105, the Bankruptcy Court has broad equitable powers to issue orders necessary or appropriate to carry out the provisions of the Bankruptcy Code. Given the Trustee's actions, this Court should exercise its equitable powers to either compel the Trustee to fulfill the reporting obligations or relieve the Movant from these obligations.

## IV. ARGUMENT

1. **Trustee's Willful Obstruction**: The Trustee has consistently failed to respond to Movant's requests for information and has willfully obstructed the efforts to comply with FinCEN requirements. This obstruction has left the Debtor unable to identify and report its beneficial ownership information, placing the Debtor and its estate at risk of significant penalties.
2. **Urgency of Compliance and Potential Liabilities**: The deadline for submitting beneficial ownership information is January 1, 2025. There is now insufficient time left to complete the necessary compliance steps due to the Trustee's inaction. The Trustee's failure to act not only threatens the proper administration of the bankruptcy estate but also exposes the estate and its stakeholders to substantial legal and financial risks.
3. **Breach of Fiduciary Duty**: The Trustee's actions suggest a breach of fiduciary duty and possible favoritism towards certain parties, such as the Town of Westborough, which

further complicates the situation. The Trustee's reluctance to obtain and disclose beneficial ownership information, despite the clear legal obligations, is detrimental to the administration of the estate and the interests of all creditors.

## V. REQUEST FOR RELIEF

WHEREFORE, Movant respectfully requests that this Court enter an Order:

1. **Shifting Responsibility**: Declaring that the responsibility for filing beneficial ownership information under the Corporate Transparency Act rests with the Chapter 7 Trustee, Jonathan R. Goldsmith, due to his willful obstruction and failure to cooperate with the Movant.
2. **Relief from Obligation**: In the alternative, relieving Movant, Lolonyon Akouete, from the obligation to file the required beneficial ownership information with FinCEN due to the Trustee's actions.
3. **Compelling Release of Information**: Ordering the immediate release of any information necessary for FinCEN compliance, specifically from David M. Abramowitz of Goulston & Storrs PC, and any other third parties that may possess relevant information about the beneficial ownership of the Debtor.
4. **Protection from Liability**: Declaring that any fines, penalties, or legal consequences resulting from non-compliance with the Corporate Transparency Act be attributed solely to the Trustee, due to his willful obstruction of the compliance process.
5. **Further Relief**: Granting such other and further relief as the Court deems just and proper.

DATED: August 12, 2024, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

| | |
|---|---|
| Stephen F. Gordon, Attorney of the Petitioners (Email: sgordon@gordonfirm.com) The Gordon Law Firm LLP River Place 57 River Street Wellesley, MA 02481 | Paul W. Carey, Attorney of Creditor FERRIS DEVELOPMENT GROUP, LLC (Email: pcarey@mirickoconnell.com) Mirick, O'Connell, DeMallie & Lougee, LLP 100 Front Street, Worcester, MA 01608 |
| Scott A. Schlager on behalf of, Nathanson & Goldberg, P.C., a creditor. (Email: sas@natgolaw.com) 183 State Street, 5th Floor Boston, MA 02109 | Brian W. Riley, Attorney of Creditor Jeffrey T. Blake, Attorney of Creditor Roger L. Smerage, Attorney of Creditor TOWN OF WESTBOROUGH (Email: briley@k-plaw.com) (Email: jblake@k-plaw.com) (Email: rsmerage@k-plaw.com) KP Law, P.C.  101 Arch Street, 12th Floor Boston, MA 02110 |
| Assistant U.S. Trustee Richard King Office of US. Trustee 446 Main Street 14th Floor Worcester, MA 01608 USTPRegion01.WO.ECF@USDOJ.GOV | |
| Jonathan R. Goldsmith Chapter 7 Trustee trusteedocs1@gkalawfirm.com Goldsmith, Katz & Argenio P.C. 1350 Main Street, 15th Floor. Springfield, MA 01103 | Gary M Ronan David M Abromowitz Goulston&storrs GRonan@goulstonstorrs.com DAbromowitz@goulstonstorrs.com 400 Atlantic Avenue Boston, MA 02110 |
| Dyann Blaine 20 Queensbrook Place Orinda, CA 94563 dyann.blaine@gmail.com | Peter Blaustein 950 Vista Road Hillsborough, CA 94010 pblaustein@gmail.com |
| Jan Blaustein Scholes 7501 E Thompson Peak Pkwy Scottsdale, AZ 85255 jan.scholes2@gmail.com | Walter Horst Babcock & Brown 1264 Rimer Drive Moraga, CA 94556 walter.horst@babcockbrown.com |
| Mark S. Lichtenstein AKERMAN LLP 1251 Avenue of the Americas, 37th Flr. New York, New York 10020 mark.lichtenstein@akerman.com | Samual A. Miller, Esq. AKERMAN LLP 420 South Orange Avenue Suite 1200 Orlando, FL 32801 samual.miller@akerman.com sharlene.harrison-carera@akerman.com |



_____
Lolonyon Y Akouete