UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:  )  Chapter 7
        )  Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,  )
        )
        Debtor.  )

## CREDITOR'S OBJECTION TO TRUSTEE'S APPLICATION TO RETAIN ADDITIONAL COUNSEL, REQUEST FOR CLARIFICATION, AND MOTION FOR DEDUCTION OF INCREASED LITIGATION COSTS FROM TRUSTEE'S COMPENSATION

**TO THE HONORABLE CHRISTOPHER J. PANOS, UNITED STATES BANKRUPTCY JUDGE:**

NOW COMES, Lolonyon Akouete, a creditor of Westborough SPE LLC (the "Debtor"), and hereby submits this Objection to the Trustee's Application to Retain Additional Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs from Trustee's Compensation. In support of this Motion, Creditor states as follows:

## BACKGROUND

1. On August 31, 2023, Petitioning Creditor Nathanson & Goldberg, P.C. and The MobileStreet Trust filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 against Westborough SPE LLC ("Debtor").
2. On October 12, 2023, the United States Trustee appointed Jonathan R. Goldsmith as Chapter 7 trustee (the "Trustee") [Dkt. No. 29].
3. On October 31, 2023, this Court allowed the Trustee's application to employ Goldsmith, Katz & Argenio, P.C. ("GKA") as counsel to the Trustee [Dkt. No. 52].
4. The Trustee has now filed an application to retain additional counsel, Nicholson Devine LLC, to assist with pending litigation matters, which would result in additional costs to the bankruptcy estate.
5. On August 12, 2024, Creditor submitted an Offer of Judgment pursuant to Rule 7068 of the Federal Rules of Bankruptcy Procedure, outlining terms for the sale of the property located at 231 Turnpike Road and distribution of the proceeds, among other provisions, aimed at resolving ongoing litigation and minimizing costs to the estate.

## OBJECTION TO TRUSTEE'S APPLICATION TO RETAIN ADDITIONAL COUNSEL

6. The Creditor objects to the Trustee's application to retain Nicholson Devine LLC as additional counsel on the grounds that the retention of multiple law firms may result in the duplication of services, leading to unnecessary and excessive costs to the estate, which the Debtor should not bear.

7. The Trustee's fiduciary duty is to minimize costs to the estate, and the employment of additional counsel, when the estate is already represented by GKA, appears to be redundant and potentially wasteful.

## REQUEST FOR CLARIFICATION REGARDING RESPONSIBILITY FOR ATTORNEY FEES

8. The Creditor respectfully requests that the Court clarify that if the Trustee retains additional counsel, the legal fees and expenses incurred by such counsel should not be charged against the Debtor's estate, especially considering that the Debtor is currently without legal representation.
9. The Creditor asserts that any increased litigation costs arising from the Trustee's rejection of reasonable settlement offers, such as the Offer of Judgment pursuant to Rule 7068, should be borne by the Trustee personally and not deducted from the estate's assets.

## MOTION TO DEDUCT INCREASED LITIGATION COSTS FROM TRUSTEE'S COMPENSATION

10. The Creditor further requests that the Court order that any unnecessary increase in litigation costs, resulting from the Trustee's actions, be deducted from the Trustee's compensation. This is to ensure that the estate is not unduly burdened by the Trustee's decisions that do not align with his fiduciary duty to minimize costs.
11. Specifically, the Offer of Judgment provided a clear and equitable path forward, including detailed terms for the sale of the property at 231 Turnpike Road and the distribution of proceeds, which could have reduced litigation costs significantly. The Trustee's rejection of this offer, should it lead to increased costs, warrants a reduction in the Trustee's compensation to offset these additional expenses.

## REQUEST FOR STATUS CONFERENCE AND JUDICIAL CLARIFICATION

12. The Creditor requests that the Court schedule a status conference to clarify the roles, responsibilities, and financial obligations related to the employment of additional counsel by the Trustee. The Creditor seeks confirmation that the estate will not be responsible for any additional legal fees unless specifically justified and approved by the Court in advance.

## PRAYER FOR RELIEF

WHEREFORE, the Creditor respectfully requests that this Court:

A. Deny the Trustee's application to retain additional counsel, Nicholson Devine LLC, on the grounds that it may result in unnecessary and excessive costs to the estate;

B. Clarify that any legal fees and expenses incurred by additional counsel retained by the Trustee should not be charged against the Debtor's estate;

C. Order that any unnecessary increase in litigation costs due to the Trustee's actions be deducted from the Trustee's compensation;

D. Schedule a status conference to clarify the financial obligations related to the employment of additional counsel by the Trustee; and

E. Grant such other and further relief as this Court deems just and proper.

DATED: August 13, 2024, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com

_____
Lolonyon Y Akouete