UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                          )   Chapter 7
                                )   Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,            )
                                )
              Debtor.           )

## MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER UNDER 28 U.S.C. § 158(a)(3)

**Creditor, Lolonyon Akouete,** hereby respectfully moves this Court for leave to appeal the interlocutory order dated August 12, 2024, denying the Creditor's Motion to Allow Claim and Motion for Summary Judgment as premature, pursuant to 28 U.S.C. § 158(a)(3), and in support thereof states as follows:

## 1. Background

1. **Procedural History**:
   - On August 31, 2023, an involuntary Chapter 7 bankruptcy petition was filed against Westborough SPE LLC ("Debtor").
   - On July 28, 2024, Creditor Lolonyon Akouete filed a Motion to Allow Claim with a certificate of service [Dkt. No. 214] in the above-captioned bankruptcy case.
   - On August 8, 2024, Creditor Town of Westborough filed an Opposition to the Motion to Allow Claim with a certificate of service [Dkt. No. 223].
   - On August 9, 2024, Creditor Lolonyon Akouete filed a Reply to the Opposition filed by the Town of Westborough, with a certificate of service [Dkt. No. 230].
   - On August 9, 2024, Trustee Jonathan R. Goldsmith filed an Opposition to the Motion to Allow Claim with a certificate of service [Dkt. No. 231].
   - On August 9, 2024, Petitioning Creditor Nathanson & Goldberg, P.C. filed an Opposition to the Motion to Allow Claim with a certificate of service [Dkt. No. 233].
   - On August 12, 2024, Creditor Lolonyon Akouete filed a Motion for Summary Judgment and Response to Oppositions to the Motion to Allow Claim with a certificate of service [Dkt. No. 239].
   - On August 12, 2024, this Court issued an Order denying the Motion to Allow Claim and the Motion for Summary Judgment, marking both as premature [Dkt. No. 242].
2. **Involuntary Chapter 7 Bankruptcy Context**:
   - This bankruptcy case has been ongoing since August 31, 2023. The Trustee has actively prevented the Debtor from obtaining counsel, further complicating the administration of the case.
   - The claim bar date was set for January 9, 2024, yet the Trustee has delayed the administration, taking over eight months merely to work on a single settlement with the Town of Westborough, which has refused to file a proof of claim.
3. **Issue of Prematurity**:

- - The Trustee has strategically used the argument of prematurity to delay the allowance of Creditor's claim, despite the fact that seven months have passed since the claim bar date. The statute is silent on when a claim should be reviewed, but given the circumstances and the Trustee's bad faith actions, seven months is a reasonable time for such a review.
  - While the Trustee refuses to allow Creditor Lolonyon Akouete's claim, the Trustee has allowed other creditors' claims as part of settlements. Specifically, the Town of Westborough, who refused to file proof of claim, has had its claim allowed for $1,165,000, and the MobileStreet Trust has had its claim allowed for $374,934.60 as part of a settlement. This selective allowance of claims suggests that the Trustee is strategically refusing to allow Creditor Akouete's claim to pressure him into a settlement.
4. **Offer of Judgment**:
   - The Creditor made a reasonable Offer of Judgment pursuant to Rule 7068, which could have resolved the matter efficiently. However, the Trustee rejected this offer, demonstrating a strategic refusal to allow the Creditor's claim in an effort to pressure the Creditor into an unfavorable settlement.

## 2. Legal Standard for Leave to Appeal

5. **Controlling Question of Law**:
   - Under 28 U.S.C. § 158(a)(3), a party may seek leave to appeal an interlocutory order if it involves a controlling question of law, where there is substantial ground for difference of opinion, and where an immediate appeal may materially advance the termination of the litigation.
6. **Substantial Ground for Difference of Opinion**:
   - A substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent on the issue in question, or if the issue is one of first impression.
7. **Material Advancement of the Case**:
   - An interlocutory appeal is appropriate when resolving the controlling question of law would materially advance the ultimate termination of the litigation, thereby promoting judicial efficiency.
8. **Irreparable Harm**:
   - An appeal may also be warranted if refusing to allow the appeal would cause irreparable harm to the moving party that could not be adequately remedied by a later appeal.

## 3. Argument

9. **Controlling Question of Law**:
   - The August 12, 2024, order involves a controlling question of law: whether the denial of the Motion to Allow Claim and the Motion for Summary Judgment as premature is appropriate in light of the ongoing administration by the Chapter 7 Trustee and the absence of a deadline for objections to claims.
   - Allowing the claim of Creditor Lolonyon Akouete is crucial to the proper administration of the bankruptcy estate. The efficient resolution of the Creditor's claim is necessary to advance the case and reduce unnecessary litigation costs. This legal question is central to the continued proceedings in this case.
10. **Substantial Ground for Difference of Opinion**:

- There is substantial ground for difference of opinion on the appropriateness of denying the motions as premature, particularly where the administration of the bankruptcy estate is ongoing, and where the timing of objections to claims remains uncertain.
- The Trustee's actions, including the delay in administering the estate and the rejection of a reasonable settlement offer, further complicate the situation. Additionally, the Trustee has allowed other creditors' claims as part of settlements—specifically, the Town of Westborough's claim for $1,165,000 and MobileStreet Trust's claim for $374,934.60—while refusing to allow Creditor Akouete's claim. This selective allowance of claims raises significant legal questions about the Trustee's conduct and the fair administration of the estate.

11. **Relevant Statutes, Rules, and Case Law**:
    - **Federal Rule of Bankruptcy Procedure 3007**: This rule outlines the general procedure for objecting to claims. While it doesn't set a specific deadline, it requires objections to be filed and served at least 30 days before any scheduled hearing on the objection or any deadline for the claimant to request a hearing.
    - **11 U.S.C. § 704(a)(5)**: This section of the Bankruptcy Code states that the trustee shall "examine proofs of claims and object to the allowance of any claim that is improper." It doesn't provide a specific timeframe for this examination.
    - **11 U.S.C. § 726(a)(2)(C)**: This section prioritizes the payment of allowed unsecured claims. It implies that claims need to be allowed before any distribution can be made.
    - **Relevant Case Law**:
        - While there is no bright-line rule for when a claim must be allowed or objected to, courts have generally held that:
        - Trustees have a duty to expeditiously administer the estate. Undue delay in objecting to claims or allowing claims can be seen as a breach of this duty.
        - The Bankruptcy Court has broad discretion in managing its docket and setting deadlines, including the timing of claim objections and allowance.
        - Creditors have a right to due process, including the right to have their claims timely considered and to receive notice of any objections.

12. **Material Advancement of the Case**:
    - An immediate appeal of the August 12, 2024, order would materially advance the ultimate termination of the litigation by resolving key legal issues that could streamline further proceedings.
    - Creditor Lolonyon Akouete has made a reasonable Offer of Judgment pursuant to Rule 7068, which could resolve the issue, but the Trustee has strategically rejected the offer. The Trustee's refusal to allow the Creditor's claim while allowing others' claims appears to be a tactic to delay the administration of the estate and increase litigation costs unnecessarily. Resolving this matter on appeal could save significant costs and litigation time, thereby advancing the efficient administration of the bankruptcy estate.

13. **Irreparable Harm**:
    - The denial of the motions as premature effectively delays the Creditor's ability to resolve significant claims in the bankruptcy case, which could result in financial loss or the impairment of legal rights.
    - Delaying an appeal until a final order is entered could cause irreparable harm to the Creditor, particularly if the opportunity to challenge the denial of the motions is lost due to procedural delays. The Creditor's claim is essential to the administration of the bankruptcy estate, and any further delay could have severe consequences for the Creditor's ability to recover assets.

## 4. Conclusion

14. **Request for Relief**:
    - For the reasons set forth above, the Creditor respectfully requests that this Court grant leave to appeal the interlocutory order dated August 12, 2024, pursuant to 28 U.S.C. § 158(a)(3), and that the Court provide such other and further relief as it deems just and proper.

DATED: August 13, 2024, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |
|---|---|
| In re: | Chapter 7 |
|  | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, |  |
|  | Adversary Proceeding No. 24-04006-CJP |
| Debtor. | Adversary Proceeding No. 24-04017-CJP |

## OFFER OF JUDGMENT PURSUANT TO RULE 7068

**To:**
Jonathan R. Goldsmith, Trustee in Bankruptcy for Westborough SPE LLC,
The Town of Westborough,
Ferris Development Group, LLC,
Lax Media LLC and Lax Media MA LLC,
Nathanson & Goldberg, P.C.,
Durgaprasad Nagalla and Venkatesh Mohamraj, Trustees of the MobileStreet Trust,
(Collectively the "Parties")

**From:**
Lolonyon Akouete, Creditor of Westborough SPE LLC ("Creditor")

---

## OFFER OF JUDGMENT

Pursuant to Rule 7068 of the Federal Rules of Bankruptcy Procedure, which mirrors Rule 68 of the Federal Rules of Civil Procedure, I, Lolonyon Akouete, a creditor of Westborough SPE LLC, hereby make the following offer of judgment to the Parties in the above-captioned adversary proceeding.

## TERMS OF THE OFFER

1. **Primary Term: Sale of Property at 231 Turnpike Road**
    - **Initial Sale to LAX Media:**
        - LAX Media will purchase the property at 231 Turnpike Road for **$2,875,000**.
        - LAX Media will have **30 days** from the acceptance of this offer to close the purchase.
    - **Alternative Sale to Ferris Development Group:**
        - If LAX Media fails to complete the purchase within the 30-day period, the Trustee will have the right to sell the property to Ferris Development Group for **$2,875,000**.
        - Ferris Development Group will have **30 days** to close the purchase from the date of the offer.
    - **Contingency Plan - 363 Sale:**

- If neither LAX Media nor Ferris Development Group completes the purchase within their respective time frames, the Trustee will initiate a **363 sale** under court oversight.
- This sale will be conducted free of liens, with the aim of obtaining fair market value. The sale process should be expedited to minimize any further delays.

2. **Financial Distribution of Sale Proceeds**
   - **Fixed Payment to the Town of Westborough:**
     - The Town of Westborough will receive a fixed amount of **$1,165,000** from the sale proceeds, regardless of the final sale amount.
   - **Adjustment if LAX Media Purchases for $2,500,000.01:**
     - If the Town of Westborough insists that LAX Media purchase the property for **$2,500,000.01** instead of **$2,875,000**, the Town will cover the **$375,000.01** difference from their fixed payment.
     - In this scenario, the Town of Westborough's payment would be reduced by **$375,000.01**, leaving them with **$790,000** (i.e., $1,165,000 - $375,000.01).
   - **Distribution of Remaining Proceeds:**
     - The remaining sale proceeds, after the payment to the Town of Westborough, will be distributed to the bankruptcy estate to settle outstanding claims and debts, including the following creditor payments:
       - **Darin Clagg:** $20,000.00
       - **Matthew A. Morris Sherin and Lodgen LLP:** $20,000.00
       - **Lolonyon Akouete:** $1,000,000.00
       - **Denise Edwards:** $150,000.00
       - **The MobileStreet Trust:** $374,934.60
       - **Nathanson & Goldberg, P.C.:** $115,000.00

3. **Compensation for Ferris Development Group**
   - **Compensation if LAX Media Purchases the Property:**
     - If LAX Media successfully purchases the property, Ferris Development Group will receive **$100,000** to cover its fees and expenses related to its initial bid.
     - This compensation will be paid from the estate's portion of the sale proceeds.
   - **Waiver of Compensation if Ferris Development Group Purchases the Property:**
     - If Ferris Development Group ultimately purchases the property, they will waive their right to the **$100,000** fee. This ensures that the bankruptcy estate retains more funds for creditor distribution.

4. **Interim Distribution**
   - **20% Interim Distribution:**
     - The Trustee shall make a **20% interim distribution** of the current bankruptcy estate within **seven (7) days** after the acceptance of this settlement offer. This distribution will be based solely on the current estate of **$1,293,646.83**.
     - **Total Interim Distribution: $258,729.37**
       - This amount represents 20% of the current bankruptcy estate.
     - **Remaining Estate After Interim Distribution: $1,034,917.46**
       - The amount left in the estate after making the interim distribution.

5. **Financial Calculations Based on Settlement Proposal**
   - **Total Assets Available: $3,003,646.83**

- This includes the current bankruptcy estate amount of **$1,293,646.83** plus the remaining sale proceeds of **$1,710,000** from the property sale at **$2,875,000** after the fixed payment to the Town of Westborough.
  - **Total Creditor Claims: $1,679,934.60**
    - The total amount to be paid to creditors as outlined in the proposal.
  - **Remaining Amount After Creditor Payments: $1,323,712.23**
    - This is the amount left in the estate after all creditor claims are paid.
  - **Alternative Scenario (LAX Media purchases for $2,500,000.01):**
    - **Total Assets Available: $3,003,646.83** – The total assets available remain the same as the town's payment is adjusted to cover the difference, resulting in no change in the overall funds available.
    - **Remaining Amount After Creditor Payments: $1,323,712.23** – The remaining amount after paying all creditors would also remain the same in this scenario.
  - **Conclusion:**
    - The proposal results in a surplus of **$1,323,712.23** in the bankruptcy estate after all creditor claims are paid, making the settlement financially viable.

6. **Abandonment and Assignment of Legal Actions**
   - **Abandonment and Assignment to Creditor:**
     - Upon acceptance of this settlement offer, the Trustee shall abandon and assign to creditor Lolonyon Akouete the following legal actions that belong to the bankruptcy estate:
       - **Breach of Fiduciary Duty Claim:** A claim against the previous managers and officers of the Debtor, Westborough SPE LLC.
       - **Aiding and Abetting Breach of Fiduciary Duty, Unjust Enrichment and Conspiracy to Commit Fraud Action:** An action against the California State Controller.
   - **Creditor's Rights:**
     - As the assignee of these claims, Lolonyon Akouete will have the full authority to pursue these legal actions independently of the bankruptcy estate and will retain any recoveries obtained from these actions.

7. **Expedited Hearing**
   - **Petition for Expedited Hearing:**
     - Upon acceptance of this settlement offer, the Trustee shall promptly petition the Bankruptcy Court for an expedited hearing to approve the settlement. This hearing shall be scheduled at the earliest possible date to ensure the swift implementation of the settlement terms.

8. **Additional Provisions**
   - **Timeline Extensions:**
     - Any party requesting an extension of the above deadlines must provide written notice to all other parties and obtain court approval. Extensions should only be granted for significant and justifiable reasons.
   - **Sale Oversight:**
     - The Trustee and all involved parties will ensure that the sale process is transparent and that all parties have access to relevant documentation. Any disputes regarding the sale process will be promptly addressed by the court.
   - **Fair Market Value Assessment:**
     - Prior to any sale, the property will be appraised to ensure that the agreed-upon sale prices reflect current market conditions. This appraisal will be shared with all parties and considered in court oversight.
   - **Attorney's Fees and Costs:**

- Each party shall bear its own attorney's fees and costs, regardless of any local rules or applicable laws. No party shall be entitled to recover attorney's fees or costs from any other party in connection with this settlement offer.

9. **Acceptance Period:**
   - This offer shall remain open for acceptance for a period of **14 days** from the date of service. If not accepted within this time frame, the offer shall be deemed withdrawn.
10. **Entry of Judgment:**

- If this offer is accepted within the specified time frame, either party may then file the offer and notice of acceptance, along with proof of service, with the Bankruptcy Court. The clerk must then enter judgment according to the terms of this offer.

## REASONABLENESS AND JUSTIFICATION

This offer is made in compliance with Rule 7068 and is intended to provide a fair and equitable resolution to all Parties involved. By accepting this offer, the Parties can avoid the prolonged litigation and uncertainty that would otherwise result from continued legal disputes. The offer reflects the current market value of the Property, the costs and risks associated with ongoing litigation, and the need for a swift and final resolution that benefits all stakeholders.

## CONCLUSION

I, Lolonyon Akouete, as a creditor of Westborough SPE LLC, urge the Parties to carefully consider this offer of judgment as a means to bring closure to this matter and to allow for the efficient and effective administration of the Bankruptcy Estate. Should you accept this offer, please provide written notice of acceptance within the specified time frame.

DATED: August 12, 2024,  Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

| | |
|---|---|
| Stephen F. Gordon, Attorney of the Petitioners<br>(Email: sgordon@gordonfirm.com)<br>The Gordon Law Firm LLP<br>River Place 57 River Street Wellesley, MA 02481 | Paul W. Carey, Attorney of Creditor<br>FERRIS DEVELOPMENT GROUP, LLC<br>(Email: pcarey@mirickoconnell.com)<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street, Worcester, MA 01608 |
| Scott A. Schlager on behalf of,<br>Nathanson & Goldberg, P.C., a creditor.<br>(Email: sas@natgolaw.com)<br>183 State Street, 5th Floor Boston, MA 02109 | Brian W. Riley, Attorney of Creditor<br>Jeffrey T. Blake, Attorney of Creditor<br>Roger L. Smerage, Attorney of Creditor<br>TOWN OF WESTBOROUGH |
| Assistant U.S. Trustee<br>Richard King<br>Office of US. Trustee<br>446 Main Street 14th Floor<br>Worcester, MA 01608<br>USTPRegion01.WO.ECF@USDOJ.GOV | (Email: briley@k-plaw.com)<br>(Email: jblake@k-plaw.com)<br>(Email: rsmerage@k-plaw.com)<br>KP Law, P.C.  101 Arch Street,<br>12th Floor Boston, MA 02110 |
| Jonathan R. Goldsmith<br>Chapter 7 Trustee<br>trusteedocs1@gkalawfirm.com<br>Goldsmith, Katz & Argenio P.C.<br>1350 Main Street, 15th Floor.<br>Springfield, MA 01103 | Gary M Ronan<br>David M Abromowitz<br>Goulston&storrs<br>GRonan@goulstonstorrs.com<br>DAbromowitz@goulstonstorrs.com<br>400 Atlantic Avenue<br>Boston, MA 02110 |
| Dyann Blaine<br>20 Queensbrook Place<br>Orinda, CA 94563<br>dyann.blaine@gmail.com | Peter Blaustein<br>950 Vista Road<br>Hillsborough, CA 94010<br>pblaustein@gmail.com |
| Jan Blaustein Scholes<br>7501 E Thompson Peak Pkwy<br>Scottsdale, AZ 85255<br>jan.scholes2@gmail.com | Walter Horst<br>Babcock & Brown<br>1264 Rimer Drive<br>Moraga, CA 94556<br>walter.horst@babcockbrown.com |
| Mark S. Lichtenstein<br>AKERMAN LLP<br>1251 Avenue of the Americas, 37th Flr.<br>New York, New York 10020<br>mark.lichtenstein@akerman.com | Samual A. Miller, Esq.<br>AKERMAN LLP<br>420 South Orange Avenue<br>Suite 1200<br>Orlando, FL 32801<br>samual.miller@akerman.com<br>sharlene.harrison-carera@akerman.com |



_____
Lolonyon Y Akouete