UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                                        )    Chapter 7
                                              )    Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,                          )
                                              )
                    Debtor.                   )

EMERGENCY MOTION FOR INTERIM DISTRIBUTION PENDING APPEAL AND
RECONSIDERATION OF ORDER DATED 8/14/2024

**Lolonyon Akouete, Creditor**, respectfully submits this Emergency Motion for Interim Distribution Pending Appeal and Reconsideration of the Court's Order dated August 14, 2024 (Dkt #255), which denied the Motion for Leave to Appeal Interlocutory Order under U.S.C. 158(a)(3). In support of this motion, the movant states as follows:

## I. INTRODUCTION

1. The movant is a creditor in the above-captioned case and is currently facing severe financial hardship, including a bank balance of only $245.68 and the movant stepmother just got evicted today. Immediate relief is necessary to prevent further irreparable harm.
2. On July 25, 2024, the Bankruptcy Court denied the movant's Motion for Interim Distribution and Request for Expedited Determination (Dkt #204), deeming the motion premature. The movant has since filed an appeal with the United States Bankruptcy Appellate Panel for the First Circuit (BAP No. 24-0016).
3. The Court's Order dated August 14, 2024 (Dkt #255), denied the movant's Motion for Leave to Appeal Interlocutory Order under U.S.C. 158(a)(3), citing the discretion of the trustee in the timing of claim objections and finding no impairment of legal rights or irreparable harm justifying an interlocutory appeal.
4. This Emergency Motion requests the Court to reconsider its Order dated August 14, 2024, and to grant an interim distribution pending the resolution of the appeal, due to the significant and immediate financial hardship faced by the movant.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.
6. The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9024, which allows the Court to reconsider its prior orders.

## III. FACTUAL BACKGROUND

7. The bankruptcy estate has been open since October 11, 2023, and the Trustee has confirmed receipt of $1,293,646.83 in unclaimed funds from California. Additional funds are expected from the sale of the property at 231 Turnpike Road, totaling $2,875,000.

8. The claims bar date has passed, and the estate holds sufficient funds to support an interim distribution to creditors without prejudicing the resolution of disputed claims.
9. Despite this, the Court denied the movant's Motion for Interim Distribution as premature and denied the Motion for Leave to Appeal, citing the discretion of the trustee and the prematurity of the movant's claim.

## IV. RELIEF REQUESTED

10. The movant respectfully requests that this Court:

a. Reconsider its Order dated August 14, 2024 (Dkt #255), which denied the Motion for Leave to Appeal Interlocutory Order under U.S.C. 158(a)(3). b. Grant an interim distribution to the movant pending the resolution of the appeal, based on the severe financial hardship and the availability of sufficient funds in the estate. c. Alternatively, grant any other relief the Court deems just and appropriate under the circumstances.

## V. LEGAL ARGUMENT

11. **Reconsideration of Order Denying Leave to Appeal**: Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60, allows the Court to reconsider its prior orders. The movant respectfully submits that the Court's determination of prematurity does not fully consider the immediate financial harm being suffered by the movant. Given the dire circumstances, reconsideration is warranted to prevent irreparable harm.
12. **Emergency Interim Distribution**: Under 11 U.S.C. § 105(a), the Court has broad equitable powers to issue orders necessary to carry out the provisions of the Bankruptcy Code. Interim distributions are common in bankruptcy proceedings when there are sufficient funds to do so without endangering the resolution of disputed claims. The movant's financial hardship and the availability of funds in the estate justify an interim distribution to avoid further harm.

## VI. CONCLUSION

13. For the reasons stated above, Creditor/Appellant Lolonyon Akouete respectfully requests that this Honorable Court:

a. Reconsider its Order dated August 14, 2024, denying the Motion for Leave to Appeal Interlocutory Order; b. Grant an interim distribution to the movant pending the resolution of the appeal; c. Grant such other and further relief as the Court deems just and proper.

DATED: August 14, 2024, Respectfully submitted:   By creditor,



Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com


_____
Lolonyon Y Akouete