UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**EMERGENCY MOTION TO REMOVE TRUSTEE FOR CAUSE**

**TO THE HONORABLE CHRISTOPHER J. PANOS, UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW,** Lolonyon Akouete, a creditor and interested party in the above-captioned case, and respectfully moves this Court for an order removing the Trustee, Jonathan Goldsmith, for cause pursuant to 11 U.S.C. § 324 and Bankruptcy Rule 9014. In support of this Motion, the Movant states as follows:

## I. INTRODUCTION

1. **Background:** The Movant is a creditor of WESTBOROUGH SPE LLC, the debtor in this Chapter 7 case. The Movant has been actively involved in the proceedings and has a significant interest in ensuring the proper and fair administration of the bankruptcy estate.
2. **Purpose of Motion:** The Movant brings this emergency motion to remove the Trustee, Jonathan Goldsmith, for cause, to protect the integrity of the bankruptcy process and ensure that the interests of all creditors and stakeholders are fairly represented and protected.

## II. GROUNDS FOR REMOVAL

The Trustee, Jonathan Goldsmith, has engaged in conduct that warrants removal for cause under 11 U.S.C. § 324(a), including but not limited to the following:

**1. Failure to Act in the Best Interest of Creditors:**

- The Trustee has failed to act in the best interest of the creditors by proposing to sell the property at a significantly undervalued price, despite receiving much higher offers. Specifically, the Trustee intends to sell the property to Lax Media LLC for $2,500,001, despite receiving higher bids, including $7,942,000 from Pulte Homes of New England, LLC, $2,875,000 from Ferris Development Group, and $4,000,000 from Grossman Development of Southboro. This failure to pursue the highest offer demonstrates a lack of diligence in maximizing the value of the estate.

**2. Conflict of Interest:**

- The Trustee has demonstrated a conflict of interest by favoring Lax Media LLC despite higher and more favorable offers from other bidders. This conduct suggests a bias toward

certain parties, which compromises the fairness of the bankruptcy process and undermines the interests of the creditors.

### 3. Mismanagement of the Estate:

- The Trustee has mismanaged the bankruptcy estate by agreeing to an unwarranted 120-day exclusivity period to Lax Media LLC, which stifles competition and reduces the likelihood of achieving a sale price that reflects the true market value of the property. This mismanagement has directly harmed the estate and its creditors by delaying the sale process and potentially reducing the total funds available for distribution.

### 4. Violation of Fiduciary Duties:

- The Trustee has violated fiduciary duties by prematurely settling claims against the Town of Westborough without fully investigating or litigating potential fraudulent transfer claims related to the tax foreclosure action. By failing to protect the interests of the estate and its creditors, the Trustee has breached his duty to act in good faith and with due diligence.

  Since 2017, the Town of Westborough has been aware that Mignonette Investments Limited is the sole member of Westborough SPE LLC. David Abramovitz of Goulston & Storrs PC was designated as the counsel for any matters related to Westborough SPE LLC, with his contact information provided for legal notices. Additionally, Paul D. Horvath, a NY CPA, who prepared the 2009 federal and Massachusetts tax returns for Mignonette, may have knowledge of the owner or a representative and could potentially provide an address for serving legal notices.

  Despite possessing this information, the Town of Westborough failed to disclose material facts to the court in an apparent attempt to fraudulently foreclose on the property and retain all the equity that rightfully belongs to Westborough SPE LLC. This deliberate omission of crucial details suggests an intention to undermine the rightful ownership and financial interests of Westborough SPE LLC.

  In 2018, the town reached an agreement to sell the property to LAX Media for $5 million, but the agreement was terminated when the Liquidators of Babcock & Brown Limited began investigating whether they had any ownership interest in the property. Now, the town is attempting to force the sale of the property to LAX Media for $2.5 million, a price that is significantly below its fair market value, and Trustee Jonathan Goldsmith is facilitating this fraudulent transfer.

### 5. Lack of Transparency and Accountability:

- The Trustee has failed to maintain transparency and accountability in the administration of the estate by repeatedly requesting continuations, totaling over 8 months, which have significantly delayed the proceedings. These delays, coupled with secretive settlement discussions, suggest that the Trustee is not acting in the best interests of the creditors. The lack of transparency in these actions raises concerns about the Trustee's commitment to fair and open administration of the bankruptcy estate.

### 6. Continuation Delays and Potential Collusion:

- The Trustee has repeatedly requested continuations in this case, which have significantly delayed the proceedings and raised concerns about potential collusion. The continuations, combined with the lack of transparency and the favoring of a lower offer from Lax Media despite previously accepting a higher offer from Ferris Development Group, indicate possible collusive behavior that is detrimental to the estate and its creditors.

**7. Fraudulent Handling of Creditor Claims:**

- The Trustee has engaged in fraudulent negotiation tactics in addressing creditor claims, particularly in relation to the Town of Westborough, which has not filed a Proof of Claim. The Trustee has deliberately avoided evaluating and allowing creditor claims, despite having no specific timeframe preventing such action. The Trustee's intention is to cater to the Town by handling its claims outside the standard bankruptcy process. By settling the case with the Town first, the Trustee intends to devalue the remaining claims separately. When the Movant questioned the Trustee's preferential treatment toward the Town, the Trustee responded with hostility, vowing to fight the Movant by hiring Christine E. Devine, Esq. This behavior constitutes a breach of fiduciary duty, a violation of the Bankruptcy Code, and potential fraud. The Trustee's actions demonstrate a lack of impartiality and fairness in handling the claims of all creditors, further justifying his removal.

## III. EMERGENCY NATURE OF THE MOTION

1. **Severe Financial Hardship:** The Movant is currently experiencing severe financial hardship, with a bank balance of only $245.68. Additionally, the Movant's stepmother was recently evicted, exacerbating the financial strain. Immediate action by the Court is necessary to prevent further irreparable harm.
2. **Delay in Interim Distribution:** The Movant's previous request for an interim distribution was denied as premature, despite the estate holding sufficient funds to support such a distribution. The denial has left the Movant in a dire financial situation, with limited resources to cover basic living expenses.
3. **Trustee's Discretion and Delay:** The Trustee has exercised discretion in delaying the distribution of funds, which has contributed to the Movant's financial hardship. The Trustee's failure to act promptly and in the best interests of the creditors has created an urgent need for Court intervention to address the Movant's immediate needs.
4. **Need for Reconsideration and Prompt Action:** The Movant has already sought reconsideration of the Court's Order dated August 14, 2024, which denied the Motion for Leave to Appeal. The urgency of the Movant's financial situation justifies immediate reconsideration and necessitates swift action by the Court to remove the Trustee and appoint a successor who will prioritize the proper and timely administration of the estate.
5. **Available Funds:** The estate holds over $1.2 million in unclaimed funds and additional expected funds from the sale of the property at 231 Turnpike Road. Despite this, the Trustee has failed to distribute any portion to the creditors, leaving the Movant in a precarious financial situation. The availability of these funds underscores the need for the Trustee's immediate removal and the appointment of a more diligent and responsive Trustee.

## IV. RELIEF REQUESTED

**WHEREFORE,** the Movant respectfully requests that this Court:

1. Enter an order removing Jonathan Goldsmith as the Trustee in this case for cause;
2. Appoint a successor trustee to take over the administration of the bankruptcy estate;

3. Schedule an expedited hearing on this Motion;
4. Grant such other and further relief as the Court deems just and proper.

## V. CERTIFICATION OF URGENCY

Pursuant to **Local Rule 9013-1(g)**, the undersigned hereby certifies that the relief requested in this Motion is necessary on an emergency basis to prevent irreparable harm to the bankruptcy estate and the creditors.

DATED: August 18, 2024, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |
|---|---|
| In re: | Chapter 7 |
|  | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, |  |
| Debtor. |  |

## LIST OF EXHIBITS

The Movant, Lolonyon Akouete, hereby provides a list of exhibits in compliance with Local Bankruptcy Rule 5.

| Exhibit | Description | No. of Pages |
|---------|-------------|--------------|
| 1 | Email from Jonathan Steinberg, Chief Assessor for the Town of Westborough | 5 |
| 2 | Email from Kenneth Fries, RK Centers - Introduced LAX Media MA, LLC (holding company for Sand Media Corp Inc/Sand Media NM Inc, DBA Apple Cinemas) | 2 |
| 3 | Email from Shelby Marshal, Town of Westborough Select Board Member | 1 |
| 4 | Docket Text from the Hearing on the Town's Motion for Alternative Service, June 15, 2020 | 2 |
| 5 | Affidavit of Jonathan Steinberg, Chief Assessor for the Town of Westborough | 2 |
| 6 | Affidavit of Shirin Everett, Counsel for the Town of Westborough | 4 |
| 7 | Email from Lolonyon Akouete to Iris Leahy, Counsel for the Town of Westborough | 2 |

Exhibit 1



Jon Steinberg <jsteinberg@town.westborough.ma.us>

**Regal Cinema Summary - Associated emails to follow**
1 message

Jon Steinberg <jsteinberg@town.westborough.ma.us>
To: Jim Malloy <jmalloy@town.westborough.ma.us>

Fri, Nov 3, 2017 at 10:35 AM

Beginning with the Regal Cinema deed, the LLC of title Westborough SPE c/o Babcock & Brown Administrative Services, San Francisco.

Babcock & Brown Administrative Services incorporated the LLC with the Secretary of State at the time of sale. Annual filings were made through 2007 and the LLC was withdrawn at the Secretary of State's Office in 2009.

In 1997 the Lease was assigned to Northwestern and assigned a to a couple of different entities along the way.

I focused on the original transaction looking for ownership given that the assignments of the lease are all about the cash flow, not title of the property.

The original lease had an equity investor of Mignonette Investments Limited from the British Virgin Islands. As far as I could tell, this entity had been dissolved.

Chief Gordon had contacted Babcock & Brown in San Francisco and was unsuccessful so I looked broader.

Babcock and Brown went through a liquidation in 2009. David Lombe of Deloitte was the court appointee for the liquidation: dlombe@deloitte.com.au

David Lombe indicated he was only appointed for the Holding Company and the Administrative Services contact would be Michael Larkin, CEO of Babcock & Brown International Pty Limited

Michael Larkin forwarded me to Walter Horst, the CFO in California, who, it turns out was the same person Chief Gordon contacted.

Walter Horst indicated that there was no existing relationship with the company related to the LLC but that they had done similar research as a part of their required compliances. He put me in touch with the paralegal who had done the research, Chaye Besherse (see email)

I then contacted David Abramovitz of Goulston & Storrs PC in NY. He also indicated no information or relationship.

Paul Horvath who filed the tax returns for Mignonette in MA indicated they never paid him, he had no relationship and was unable to get any response.

I also contacted Northwestern Mutual Life Insurance, Mark Kishler, who handles their assets of this type. He forwarded me to Anne Brower who provided background on the assignment and assumption by Hush Holdings (see email and attached assignment.) I called the Larry Frishman who was the attorney in the assignment in NY who also had no relationship with Hush Holdings.

Jonathan Steinberg, MAA
Chief Assessor
Town of Westborough

(508)366-3010

*Please be advised the Office of the Secretary of State for the Commonwealth of Massachusetts has determined that E-mail could be considered a public record.*

3 attachments

📎 273 Turnpike Road Deed.pdf
    425K



Jon Steinberg <jsteinberg@town.westborough.ma.us>

## RE: Babcock and Brown Massachusetts, USA Real Estate Asset

1 message

**Chaye Besherse** <Chaye.Besherse@babcockbrown.com>                                Wed, Oct 18, 2017 at 1:00 AM
To: Jon Steinberg <jsteinberg@town.westborough.ma.us>, Walter Horst <walter.horst@babcockbrown.com>
Cc: Michael Larkin <Michael.Larkin@babcockbrown.com>

Hi Jon,

In the course of conducting research to determine Westborough ownership, Mark Stevens, Group Controller at Babcock & Brown located and contacted Equity Trust Hong Kong, which was appointed owner representative to transition management services. Contact information for the person he spoke with at Equity Trust Hong Kong is below:

Equity Trust Hong Kong

Serena Kwok

General Manager, Corporate Services

36/F, Tower Two, Times Square, 1 Matheson Street, Causeway Bay, Hong Kong T. direct +852 2106 9320 F. direct +852 2213 2157 Serena.Kwok@asia.equitytrust.com www.tmf-group.com

You may also want to contact David Abromowitz of Goulston & Storrs PC. His contact information was provided as notice to counsel on behalf of any matters concerning Westborough SPE LLC in the Hoyts Cinema transaction documentation. When we reached out to him in 2011, he did not respond, however you may have better luck. His contact information is attached.

Paul D. Horvath, CPA completed and provided 2009 Fed and MA tax returns for Mignonette, I would think that he would know the owner or representative thereof and provide an address where notice can be sent:

Paul D. Horvath

Certified Public Accountant

20 Crossways Park North, Suite 412

Woodbury, New York 11797

Tel: (516) 802-5264

Fax: (51 6) 802-5265

Email: pauld@horvathcpa.com

Another source worth checking is the Registry of Corporate Affairs for BVI where Mignonette Investments Limited was formed. Unfortunately there are no internet searches of the company register available, the request has to be

Hi Jon,

Babcock & Brown was an administrative manager of Westborough prior to our resignation.   We were never under contract to incorporate the LLC or acquire the property on behalf of a third party investor.   This existed when I started with Babcock & Brown in 2008, and anyone that might have had more knowledge of this left Babcock & brown in 2009/2010.

When we did some Know Your Customer compliance procedures, we were unable to identify an individual owner, and therefore we resigned from providing services to Westborough.   I believe there was an entity in the ownership chain called Mignonette Investments, or something like that, but when we reached out to individuals who supposedly owned that entity, we were unsuccessful in anyone claiming responsibility.

I have cc'd Chaye, my paralegal, who was involved in some of the research we performed several years ago, and she might have some information that may be useful to you.

Babcock & Brown Administrative services was our entity but has been liquidated after we resigned from providing services to Westborough.

Best regards,

Walter A. Horst

**Chief Financial Officer**

2 Theatre Square, Suite 240 · Orinda, CA 94563

D 925 317 3510 · F 925 317 3501 · M 925 699 3542

walter.horst@babcockbrown.com

 BABCOCK & BROWN

**From:** Jon Steinberg [mailto:jsteinberg@town.westborough.ma.us]
**Sent:** Tuesday, October 17, 2017 5:10 PM
**To:** Walter Horst <walter.horst@babcockbrown.com>
**Cc:** Michael Larkin <Michael.Larkin@babcockbrown.com>
**Subject:** Re: Babcock and Brown Massachusetts, USA Real Estate Asset

Thanks for the reply.  Yes, the Chief and I are both working towards this goal.  I'm sorry to get to you twice.  This situation is unusual as it appears after the tenant vacates, the mortgage is paid off, there is no  present owner for the property to remand to.



Jon Steinberg <jsteinberg@town.westborough.ma.us>

---

## Westborough movie theatre
1 message

---

Peter Hoffman <PeterHoffman@earthoney.com>                    Thu, Apr 19, 2018 at 3:11 PM
To: Jon Steinberg <jsteinberg@town.westborough.ma.us>

---

**From:** Chaye Besherse <Chaye.Besherse@babcockbrown.com>
**Sent:** Thursday, April 19, 2018 1:18 PM
**To:** 'Peter Hoffman' <PeterHoffman@EartHoney.com>
**Subject:** RE: Westborough movie theatre

Hi Peter,

Sorry this has taken a bit to get back to you.

With regards to Jan Blaustein, she is no longer affiliated with Babcock and as General Counsel for the company I do not believe that she would be able to discuss this matter.  This is her LinkedIn profile, you could try contacting her via that route to see if she will discuss the matter: https://www.linkedin.com/in/jan-blaustein-scholes-67926810.

Dyann Blaine is also former B&B counsel, so I do not believe that she would be able to provide you any details.

I spoke to Serena Kwok (serena.kwok@kensington-trust.com), formerly of Equity Trust Hong Kong, which acted as an agent of Westborough. During her time at ETHK she was assigned the task of locating the owner of Mignonette to discuss the property owned by Westborough. She spoke with Phil Green as well; it was determined that the entity is owned by a number of foreign investors but neither Serena nor Phil had the investor names or contact information. Serena reached out to her former colleagues at ETHK to see if they have had any interactions with the owner investors. They had not and could not provide any contact information. She is of the opinion that the ownership may never to determine as it is her understanding that Irma destroyed most of the older company records.

TMF took over the register agent role but resigned all services some years ago. The last time Serena checked, Mignonette Investments Limited is no longer in good standing.  Mignonette would need to be restored to proper standing before any transaction can take place.  Should you wish to get in touch with TMF on the matter, you can reach out to Linda Fok at linda.fok@tmf-group.com.

I also sent a written request to the Registry of Corporate Affairs for BVI requesting shareholder contact information for Mignonette. I knew it was a long shot but I still had to try; the BVI Corporate Affairs office confirmed that it will not provide any information on the ownership or management of any BVI entity.

Please keep me in the loop on this one...

Thank you and kindest regards,

Chaye

Chaye Besherse

Legal Services Manager

2 Theatre Square, Suite 240 · Orinda, CA  94563

D 925.317.3503

chaye.besherse@babcockbrown.com

 BABCOCK & BROWN

**From:** Chaye Besherse
**Sent:** Wednesday, April 18, 2018 2:01 PM
**To:** Peter Hoffman <PeterHoffman@EartHoney.com>
**Subject:** RE: Westborough movie theatre

Hi Peter,

I should be able to later this week.

Thank you and kindest regards,

Chaye

Chaye Besherse

Legal Services Manager

<span style="color:red">Exhibit 2</span>

| | |
|---|---|
| **From:** | Kenneth Fries |
| **To:** | selectmen@town.westborough.ma.us |
| **Cc:** | kwilliams@town.westborough.ma.us |
| **Subject:** | Regal Cinemas |
| **Date:** | Monday, October 22, 2018 4:33:59 AM |

Good afternoon.

I am hoping to shed a little light on the Regal Cinemas situation as I believe that you currently discussing the best way to proceed for the Town of Westborough. I had been working with Jim Malloy for almost a year now and have brought the high RFP bidder, Apple Cinema, to the table. I have bulleted my correspondence either by email, phone call or research below for clarification.

Regal
- Had no intention of staying beyond their current lease term.
- Had been paying their rent directly to the bank for some time (approximately ten years?)

Babcock and Brown
- Set up the entity Westborough SPC for a foreign entity Mignonette out of the British Virgin Islands.
- Mignonette was "probably" owned by a special entity that was controlled by Babcock officers according to former employees.
- BVI records for Mignonette have been destroyed.
- I have had correspondence directly and indirectly with Chaye Besherse (Babcock legal liaison), Jan Blaustein, Serena Kwok and Phil Greene (Former CEO of Babcock)
  - None knew of the property
  - All were unsuccessful in identifying the ownership
  - Phil felt any pursuit of ownership was a complete waste of time.
  - Administration on this property stopped approximately ten years ago
- I spoke with the Bankruptcy attorney for the investors of Babcock and Brown
  - Believe it or not, liquidation is still going on ten years later.
  - Deloitte partner David Lombe who is handling liquidation has no records related to this property or any of the entities in their files.

Take it for what it's worth, here is my conclusion
- Owners probably distanced themselves from anything related to the bankruptcy of Babcock.
- Rent hadn't been collected from Regal since 2007ish. No one has come looking for it.
- Records appear to no longer exist proving ownership.
- The building is about to reach a point of no return because of the roof.
  - Water infiltration, unless managed, will render the entire fitout useless (mold and warping)
  - The building for the most part will have to be torn down (building designed with stadium seating structural steel, can't be easily adapted for another use).
  - Westborough emergency services will have to manage an abandoned property.
  - The abutter is having to cover all of the property management (snow plowing etc.)

I would ask that you proceed with the RFP process as Apple is has not only met the requirements but is an excellent operator who will contribute to the community.

I would also like to thank Kristi for her patience as we continue to pepper her with phone calls. We would really appreciate a sit down to discuss all the moving parts.

Thank you.

Kenneth Fries
RK Centers
50 Cabot Street, Suite 200
Needham, MA 02494
p. 781-320-0001
c. 617-285-8483

www.rkcenters.com

This email is the property of RK Centers and its affiliates and is intended only for the use of the recipient to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any copying, marketing or distribution of this email, or files associated with the email, is strictly prohibited. If you have received this email in error, please notify us immediately by calling our office at 781-320-0001 and deleting this email from your computer. Any presentation Kevin Belmont of a lease or other lease related document, does not constitute an offer which may be accepted by the recipient. Further, emails sent or received shall neither constitute acceptance of conducting transactions via electronic means, nor shall create a valid, binding and effective contract and/or lease unless a written instrument has been executed and delivered by all parties.

<span style="color:red">Exhibit 3</span>

| | |
|---|---|
| **From:** | Shelby Marshall |
| **To:** | Kristi Williams; Leigh Emery |
| **Subject:** | Fwd: Regal Cinemas |
| **Date:** | Wednesday, October 24, 2018 1:59:52 AM |

Last night we directed to have Counsel review this email to see if there was anything new that might impact our decision to reject all bids. At least that's my understanding of the direction we gave to Kristi.

My concern is beyond that and was prompted by this email. And that is as follows - might the information here, added to what we already know, give us pause for consideration of pursuit of the land court option. While I understand the risk of Eminent Domain, as well as the public's general resistance to the term, if we pursued ED, sold the building/property under those conditions and the buyer was aware of all related risks, what's the downside? We take the money from the sale, put it in escrow and sit on it for 3 years. We avoid paying ongoing maintenance / repairs of a building that ultimately may need to be torn down anyway. In the meantime, the Town benefits from new taxes and taxable income from a theater/restaurant/etc. Residents benefit. Tenants in the plaza benefit from increased traffic. Other businesses in Westborough benefit from same traffic.

I strongly encourage an Executive Session to discuss all of the above, including, as Kristi has pointed out, if we were to accept a bid, our public response in doing so, especially if it was not to be the highest bid.

Of specific note to Ken's email above that is concerning:
1. Building condition / necessary repairs
2. Given all of the information that's available, and assuming bidders have a good understanding of the same and the risks of the ED, which was part of the RFP, it's seems that a land court process is a significant waste of time and resources.

Thank you for your thoughts and my request to have an Executive Session to discuss this matter as outlined above.

~Shelby

---------- Forwarded message ---------
From: **Kenneth Fries** <KFries@rkcenters.com>
Date: Mon, Oct 22, 2018 at 12:34 PM
Subject: Regal Cinemas
To: Board of Selectmen <selectmen@town.westborough.ma.us>
Cc: Kristi Williams <kwilliams@town.westborough.ma.us>

Good afternoon.

I am hoping to shed a little light on the Regal Cinemas situation as I believe that you currently discussing the best way to proceed for the Town of Westborough. I had been working with

| Date | Type | Event Judge | Result |
|------|------|-------------|--------|
| 08/17/2023 02:00 PM | Pre-Trial Conference | Speicher, Hon. Howard P. | Rescheduled |
| 08/31/2023 02:00 PM | Pre-Trial Conference | Speicher, Hon. Howard P. | Not held |

## Docket Information

| Docket Date | Docket Text | Amount Owed | Image Avail. |
|-------------|-------------|-------------|--------------|
| 07/08/2019 | Complaint filed. | | Image |
| 07/08/2019 | Case assigned to the Tax Track per Land Court Standing Order 1:04. | | |
| 07/08/2019 | Land Court filing complaint tax Receipt: 405581 Date: 07/09/2019 | $200.00 | |
| 07/08/2019 | Land Court initial deposit tax Receipt: 405581 Date: 07/09/2019 | $300.00 | |
| 07/08/2019 | Land Court surcharge Receipt: 405581 Date: 07/09/2019 | $15.00 | |
| 07/10/2019 | Michael H. Delaney, Esq. appointed as Title Examiner. | | |
| 08/26/2019 | Report filed by Michael H. Delaney, Esq.. | | Image |
| 08/28/2019 | Land Court examiner costs | $150.00 | |
| 09/05/2019 | Checklist sent. | | |
| 11/07/2019 | Letter of Diligent Search Filed. | | Image |
| 12/31/2019 | Checklist completed. | | |
| 05/12/2020 | Scheduled<br>Event: Motion for Alternative Service<br>Date: 06/15/2020  Time: 02:00 PM<br><br>Zoom instructions to be sent by the Recorder's Office in advance of the hearing date.<br><br>Judge: Piper, Hon. Gordon H. | | |
| 05/19/2020 | Motion for Alternative Service and Supporting Memorandum, filed. | | Image |
| 06/15/2020 | Event Resulted:  Motion scheduled on:<br>06/15/2020 02:00 PM<br>Has been: Held via video<br><br>June 15, 2020. Hearing held on Plaintiff's Motion for Alternative Service via videoconference. Attorneys Shirin Everett and Dawn Bloom appeared for plaintiff. Jon Steinberg, Assessor for the town of Westborough, also observed the hearing. Attorney Bloom reported that the defendant owner of the parcel in question is a defunct Delaware limited liability company which withdrew from Massachusetts in 2007, had its registration in Delaware cancelled in 2014, and has listed as its agent for service in Delaware a corporation service company that is no longer active in that role. Attorney Bloom indicated that the manager listed on its Massachusetts registration is a defunct entity named Babcock & Brown Administrative Services, Inc., that Mr. Steinberg was able to contact a related Delaware corporation by the name of Babcock & Brown operating in San Francisco, and that the related corporation's officers indicated that it has no interest in the property. Attorney Everett reported that after the town of Westborough had begun proceedings to acquire title to the property by eminent domain, an Australian law firm notified the town that it represented the administrator of the liquidation of an Australian entity named Babcock & Brown LP, and that it was investigating whether Babcock & Brown LP might hold any interest in the property; the town has since received requests from that law firm concerning the status of eminent domain proceedings, but has received no response to several requests by the municipality that that entity address the basis for its potential claim to any interest in the property. Attorney Bloom indicated that the plaintiff asserts that the defendant owes approximately $400,000 to the town in unpaid real estate taxes and interest, and also owes another $300,000 pursuant to a reciprocal maintenance agreement concerning the property's shared parking lot. Attorney Bloom also indicated that there appears to be no mortgage currently encumbering the property, as there is a recorded discharge of the most recent mortgage of record. Plaintiff to attempt to make direct service on (1) all individuals named in the proposed citation for whom plaintiff has identified an address; (2) the Australian law firm of Johnson, Winter, & Slattery; and (3) Mr. David Lombe, whom counsel identified as the administrator of the Babcock & Brown LP liquidation. Court ALLOWED plaintiff's motion for alternative service by | | |

| Docket Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| | publication. Plaintiff to submit to the court's tax lien department a proposed form of an order of notice for publication in a newspaper of general circulation in the town of Westborough as to the defendant entity, no longer in legal existence, and its successors. Following return dates on all summonses and the published citation, plaintiffs to request default enter under Mass. R. Civ. P. 55 (a) against all parties not timely filing answer or responsive pleading. Upon entry of any indicated default(s), plaintiffs to file motion with the Recorder requesting entry of a finding of the amount and time for redemption from the tax taking. If any additional party appears or answers, parties promptly to request, in writing, further case management conference. (Piper, C.J.)<br><br>(Notice of Docket Entry sent by email to Attorneys Dawn Bloom and Shirin Everett) | | |
| 09/01/2020 | Land Court additional deposit tax Receipt: 417793 Date: 09/01/2020 | $400.00 | |
| 09/15/2020 | Citation by Publication in Village News, issued.  Returnable 11/09/2020. | | |
| 09/22/2020 | Citation issued as to the land described as: Property: Land and any building(s) thereon Containing 29.336 AC (more or less) Location: 231 Turnpike Road Assessors: 32-48-0 Registry: Worcester District Registry of Deeds Book 19369, Page 75.  Returnable 11/16/2020. | | |
| 09/22/2020 | Land Court notices mailing - Certified Mail<br>Issue Date: 09/22/2020<br>Service: Service<br>Method: Certified Mail<br>Cost Per: 11.95<br><br>Interstate Theaters Corporation<br>Mailing Address<br>101 E. Blount Ave.<br>Knoxville, TN   37920<br>Tracking Number: 71901706197000959805<br><br>Interstate Theaters Corporation<br>Mailing Address<br>c/o CT Corporation System, Reg. Agent<br>155 Federal St., Suite 700<br>Boston, MA   02110<br>Tracking Number: 71901706197000959812<br><br>James D. Jaworski, Treasurer of Brown & Babcock Administrative Services, Inc.<br>Mailing Address<br>1715 Easton Dr.<br>Burlingame, CA   94010<br>Tracking Number: 71901706197000959829<br><br>Dyann Blaine, R.E. Signatory and Agent for Westborough SPE LLC<br>Mailing Address<br>20 Queensbrook Pl.<br>Orinda, CA   94563<br>Tracking Number: 71901706197000959836<br><br>F. Jan Bluestein, a/k/a Jan Blaustein Scholes, R.E. Signatory & Agent for Westborough SPE LLC and Pres. of Babcock & Brown Adminstrative Services, Inc.<br>Mailing Address<br>151 E. 31st<br>Apt. 28B<br>New York, NY   10016<br>Tracking Number: 71901706197000959843 Receipt: 418144 Date: 09/23/2020 | $59.75 | |
| 09/23/2020 | Land Court notices mailing out of country - Registered Mail<br><br>RE 550 804 582US<br>David Lombe, Liquidator for Babcock and Brown Unlimited<br>Deloitte Financial Advisory Pvt. Ltd.<br>Grosvenor Place Level 9<br>225 George St.<br>Sydney, NSW 2000<br>Australia<br><br>RE 550 804 596US<br>Joseph Scarella, Esq. Johnson Winter & Slattery, Counsel for<br>David Lombe, Liquidator for Babcock and Brown Unlimited | $52.50 | |

Exhibit 5

## AFFIDAVIT OF JONATHAN STEINBERG

I, Jonathan Steinberg, attest and state the following of my own personal knowledge:

1.   I am the Chief Assessor for the Town of Westborough.

2.   On or about October 15, 2017, Mr. Alan Hight came to my office regarding contact information for the owner of the real estate at 231 Turnpike Road.  Mr. Hight represents REO Management who has managed the property on behalf of the property owners.  Regal and Mr. Hight had attempted to contact an owner for renewal of the Regal Cinema lease prior to expiration.

3.   On October 17, 2017, as a result of my research into Westborough SPE and Babcock and Brown Administrative Services, I contacted Deloitte Financial Advisory Pty, LLD, Sydney Australia ("Deloitte").  Deloitte is the appointed liquidator for Babcock and Brown Limited of Australia.

4.   On October 17, 2017, I received a response from Mr. Lombe of Deloitte indicating that all assets outside of the Holding Company were under the control of Michael Larkin, CEO of Babcock and Brown in San Francisco.

5.   On October 17, 2017 I contacted Mr. Larkin regarding any potential ownership in the property.  Mr. Larkin referred me to Walter Horst, CFO of Babcock & Brown.

6.   On October 17, 2017 I received an email from Mr. Horst indicating that Babcock and Brown was simply an administrative manager with no

ownership interest in the property. They had researched the ownership of

title as well in a "Know Your Customer" compliance procedure and were

unable to identify an owner and therefore resigned. Mr. Horst referred me

to Chay Besherse, Legal Services Manager for Babcock & Brown, who

had conducted the research.

7.      Ms. Besherse provided the results of her research which mimicked my

results with no success in ultimately identifying any individuals for their

compliance process.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 14TH DAY OF

MAY, 2020.

_____
Jonathan Steinberg

*May 14, 2020*

*Wendy L. Mickel, Notary*

On this _14th_ day of _May_, 20_20_, before me,
the undersigned Notary Public, personally appeared
_JONATHAN STEINBERG_ (name of document signer), and
proved to me through satisfactory evidence of identification,
which were _KNOWN TO ME_
to be the person whose name is signed on the preceding
or attached document in my presence.

_____
(official Signature and Seal of Notary)

WENDY L. MICKEL
MY COMM. EXPIRES
JUNE 22, 2023
NOTARY PUBLIC
COMMONWEALTH OF
MASSACHUSETTS

2

Exhibit 6

## AFFIDAVIT

I, Shirin Everett, Esq., of Boston, and being counsel to the Town of Westborough, Massachusetts, having personal knowledge of the facts herein stated, under oath depose and say that:

1.  My firm, KP Law, P.C., is Town Counsel to the Town of Westborough, Massachusetts (the "Town").

2.  I was contacted on October 31, 2017 by Mr. James Malloy, the then-Town Manager, to discuss the property at 231 Turnpike Road, Westborough, MA and owned of record by Westborough SPE LLC (the "WSPE") by deed recorded with the Worcester South District Registry of Deeds in Book 19369, Page 75 (the "Property").

3.  The Town Manager informed me that the Property was formerly leased to and occupied by Regal Cinemas; that although Regal Cinemas wanted to extend the term of the Lease, Regal was unsuccessful in trying to locate WSPE, and therefore vacated the Property in November, 2017. Since Regal Cinemas paid taxes to the Town, the Town Manager said that taxes were unpaid since November, 2017, and was concerned about the condition of the Property if it fell into disrepair. The Town Manager asked what the Town could do to prevent the empty building on the Property from becoming vandalized and a blight to the neighborhood.

4.  The Town Manager informed me that the Town had made many attempts to locate WSPE. The Chief Assessor reviewed the Secretary of State's records, which showed that WSPE had a principal office c/o Babcock & Brown Administrative Services, Inc. ("Babcock") and that Babcock was WSPE's Manager. The Secretary's records indicated that Dyann Blaine and F. Jan Bluestein, having the same address as Babcock, could sign real estate documents on behalf of the Record Owner. WSPE was registered in Massachusetts as a foreign limited liability company in 1997, filed annual reports until 2006, and withdrew its Massachusetts registration in 2007 "because it is not doing business in the Commonwealth of Massachusetts." Similarly, Babcock was registered to do business in Massachusetts in 1997 and it too filed a Certificate of Withdrawal in 2008, stating that Babcock was no longer transacting business in Massachusetts. The Chief Assessor also learned through an internet search that Babcock Administrative Services may be affiliated to Babcock & Brown LP, an Australian firm, which went through a liquidation in 2009.

5.  The Town, through its Chief Assessor, contacted a representatives of Deloitte Financial Advisory Pvt. Ltd, which acted as a liquidator of Babcock & Brown LP and represented the holding company, who in turn directed the Town to contact Michael Larkin, the CEO

of Babcock & Brown International Pvt. Ltd, who in turn led the Town to Walter Horst, the CFO. These individuals stated that the entities they represented did not have an interest in the Property and they did not know WSPE's successors or assigns.

6.  We advised the Town Manager that if real estate taxes were not being paid, the Town could eventually acquire the title to the Property through a Land Court foreclosure process. We advised the Town as to the steps the Town needs to take to demand payment of WSPE, to record an Instrument of Taking after waiting the statutory 14-day period, and filing a petition to foreclose on the Property in Land Court.

7.  We advised the Town Manager that it could take 1-2 years to foreclose on its tax title and rights of redemption. The Town Manager, the Chief Assessor, and other Town officials were concerned that the building on the Property could suffer significant and immediate damage in the winter if the building was not heated.

8.  The Town considered whether the Town could obtain control of the Property sooner by exercising its eminent domain powers, as an eminent domain taking would vest title to the Town immediately following the recording of an Order of Taking provided that the Order of Taking identified parties who have an interest in the Property and the Order is recorded in the chain of title to the Property. The Town considered the purposes for which the Property would be taken (possibly for economic revitalization purposes) and the damages to be paid by the Town. In July, 2018, the Town retained an appraiser to value the Property. In its report of September 8, 2018, the Town's appraiser stated that the Property was valued at $4,790,000 as of August 3, 2018.

9.  The Town decided it would proceed on parallel tracks, one to acquire the Property through a tax taking and also to seek authorization to obtain the Property by eminent domain.

10.  A vote taken under Article 18 of the March 6, 2018 Annual Town Meeting, , authorized the Board of Selectmen to acquire the Property by eminent domain for economic revitalization and general municipal purposes, and appropriated the sum of $6,000,000 to pay damages for the Property and to pay for costs incidental or related thereto. It was the Town's intent that, should it take the Property by eminent domain rather than through the tax-foreclosure process, it would pay damages to WSPE or to any other entity or person that established that it owned the Property.

11.  On October 10, 2018, the Town Treasurer/Collector sent a letter to WSPE, c/o Babcock, as to the amount of outstanding taxes and informed WSPE that if taxes were not paid by October 26, 2018, the Town will place a lien on the Property.

12.  On January 16, 2019, the Town recorded an Instrument of Taking in Book 59943, Page 371, and the Town Treasurer/Collector promptly sent a demand letter to WSPE, c/o

Babcock, stating that the Town has recorded an instrument of taking, and directed WSPE to turn on the heat, pay outstanding sums to the utility company, and to take other steps to protect the Property from further deterioration.

13. Due to concerns about the condition of the Property, the Town acquired a temporary easement by Order of Taking recorded with the Registry on November 21, 2018 for the purpose of entering the building, turning on the heat, and taking other steps to protect the building from the elements. The Town took another temporary easement on the Property by Order of Taking recorded on January 14, 2019 to enter the property for the purpose of conducting surveys and other property inspections. Both Orders identified the parties having an interest in the Property as WSPE, Babcock, F. Jan Bluestein, and Dyanne Blaine. The Town sent a Notice of Taking dated March 18, 2019 addressed to WSPE and F. Jan Bluestein c/o Babcock at the San Francisco address, and to Dyann Blaine in Orinda, California. The Town did not receive any response.

14. By letter dated March 18, 2019, I informed WSPE of the temporary easements acquired by the Town and expressed the Town's interest in acquiring the Property. The letter, addressed to WSPE c/o Babcock, requested a response by April 3, 2019. No response was received.

15. The Town received a letter dated April 4, 2019 from Mr. Joseph Scarcella, of Johnson Winter & Slattery, a firm located in Sydney, Australia, stating that the firm represented David Howe, the liquidator of Babcock & Brown Limited (In Liquidation), the successor in title to Babcock, and asked if the Town owed the Property. By letter dated April 11, 2019, I informed Mr. Scarcella that the Town does not own the Property but, rather, has a lien on the Property for outstanding taxes. By follow-up letter dated May 6, 2019, I informed Mr. Scarcella of the amount of taxes owed, the Town's lien on the Property, the taking of the temporary easements, and asked that Babcock & Brown Limited (In Liquidation) inform the Town if it had any rights in the Property. By letter dated June 25, 2019, Mr. Scarcella again asked if the Town had acquired the Property.

16. The Town filed a complaint with the Land Court on July 8, 2019 to foreclose on the tax lien, notice of which was recorded with the Registry on July 24, 2019 in Book 60751, Page 221.

17. The Town recorded another Order of Taking on January 31, 2020, taking temporary easements in the Property for the purpose of turning on the heat and taking other steps to protect the Property from the elements.

18. To date, the Town has not heard from WSPE or received notice from any party claiming to own the Property. The Town has not exercised its eminent domain powers.

Signed under the penalties of perjury this 14th day of May, 2020.

_____
Shirin Everett, Esq.
KP Law, P.C., Town Counsel


COMMONWEALTH OF MASSACHUSETTS

Suffolk , ss.

On this 14th day of May, 2020, before me, the undersigned notary public, personally appeared Shirin Everett, who proved to me through satisfactory evidence of identification, which was personal Knowledge_____, to be the person whose name is listed above, and acknowledged to me that she signed the foregoing instrument voluntarily for its stated purpose as Town Counsel for the Town of Westborough

_____
Notary Public
My Commission Expires:

713726/WBOR/0027



*From Core*

AttyLeahy@outlook.com                                                    <span style="color:red">Exhibit 7</span>

| | |
|---|---|
| **From:** | Lolonyon Akouete <info@smartinvestorsllc.com> |
| **Sent:** | Friday, March 31, 2023 10:05 AM |
| **To:** | Iris Leahy |
| **Cc:** | Scott A. Schlager; Alvin Nathanson |
| **Subject:** | Updates |
| **Attachments:** | Doc. 18_BBAS Resignation as Manager 4-30-11.PDF; 2023_03_09_Search_Report_pdf.pdf |

Hello Iris,
Please see my request and the updates below.

1. I will not agree to pay any legal fees incurred by the Town since the date I requested to redeem the property when the court allows us to redeem the property.

2. If the Town does not agree to settle this matter in the next 24h, I will sue the Town for $2.3 million in damages, the equity lost. The property was appraised at $4,790,000, and the Town Board of Selectmen appropriated $6,000,000 to pay damages to Westborough SPE, LLC, and to pay for costs incidental or related thereto. The Town scheme to wrongfully seize the property has degraded it, and now we can only sell it for $2.4 million.

 3. I am almost done with my due diligence as a Westborough SPE, LLC manager.
I contacted Walter A. Horst, CFO of Babcock & Brown. He informed me that Westborough SPE, LLC's only member is Mignonette Investments Limited. See attachment.
Mignonette Investments Limited was suspended for nonpayment of fees. I am in the process of restoring Mignonette Investments Limited.

4. This is the last request for the Town to do the right thing.
The only legitimate interest of a Town in seeking to foreclose rights of redemption is the collection of the taxes due on the property, together with other costs and interests. In this case, the Town seems to seek something more than that. It is in the Town's best interest to receive full payment of the past-due taxes and fees that gave rise to these foreclosure proceedings. This is in accordance with the Collector's Manual (rev. 2017)
https://cdn.ymaws.com/masscta.com/resource/resmgr/collectorsmanualrev2017__1_.pdf
Page 54 outlines the path we are taking.
I also attached the purchase agreement of the town so that you understand how they want to dispose of the property.

n Redemption of Tax Titles Which Have Been Foreclosed

    (1) Should any party with an interest in the property request the right
    to redeem a tax title which has been foreclosed, the treasurer
    must refuse. He cannot accept payment or issue an Instrument of
    Redemption. The treasurer should direct such party to the body
    now having control over the disposition of municipal property. If
    that department or body indicates to the treasurer, in writing, that
    it has no objection to a redemption, the treasurer or attorney may
    petition the Land Court, to have the foreclosure decree vacated.

    (2) It is usually not advisable to have a decree vacated until after
    payment in full has been received and the check, if any, has
    cleared. Once payment has been received, the foreclosure decree

vacated and the case withdrawn, the treasurer should prepare and
record (register) an Instrument of Redemption.

o If the Request for Redemption Is Denied

(1) Should the appropriate department or body deny a party's request
for redemption, the party may, within one year of the date of the
decree, file with the Land Court his own petition to vacate. The
Court will hold a hearing on the petition and, if the delinquent
taxpayer can pay all monies due and the municipality has not
conveyed the property to a third person, will generally grant the
petition.

(2) Upon the entry of a decree of foreclosure or the denial of a
petition to vacate a decree of foreclosure, an interested party may
appeal to the Massachusetts Appeals Court. A treasurer should
obtain counsel to handle cases allowed by that court.

Thank you,
Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
info@smartinvestorsllc.com
(443) 447-3276

<u>CERTIFICATE OF SERVICE</u>

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C. 101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com


Lolonyon Y Akouete