**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:**<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-40709-CJP** |

**MOTION OF CHAPTER 7 TRUSTEE TO CONTINUE**
**HEARINGS SCHEDULED FOR SEPTEMBER 4, 2024**

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

NOW COMES Jonathan R. Goldsmith, the Chapter 7 trustee (the "Trustee") in the bankruptcy case (the "Bankruptcy Case" or "Case") of the above captioned debtor (the "Debtor") and respectfully moves this Court for continuance of the hearings scheduled for Wednesday, September 4, 2024 ("September 4th Hearings") on the following matters:

1. Application of Chapter 7 Trustee to Employ Counsel to Assist with Pending Litigation Matters (the "Application to Employ") [Dkt. No. 243];

2. Motion to Shift Responsibility and Seek Relief From Reporting Obligation Under the Corporate Transparency Act (filed by Lolonyon Akouete) (the "Motion Regarding CTA Reporting") [Dkt. No. 244]; and

3. Creditor's Objection to Trustee's Application to Retain Additional Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation Costs From Trustee's Compensation (filed by Lolonyon Akouete) ("Objection to Application / Motion to Deduct") [Dkt. No. 245].

The Trustee requests a continuance of the September 4th Hearings to a date that is on or after September 16, 2024 because the Trustee will be on a previously scheduled vacation on September 4, 2024 and will return to the office on September 16, 2024.

Regarding the Application to Employ and the Objection to Application / Motion to Deduct, the Trustee and proposed counsel both believe that there will be no prejudice caused by the delay in a resolution until on or after September 16, 2024. Among other things, the local rules provide that, assuming counsel's employment is approved, counsel will be entitled to request compensation for time spent for up to fourteen prior to the date the Application was filed. The Trustee will otherwise reply to the Objection to Application / Morion to Deduct and submits that there is no need for a resolution prior to September 16, 2024 or shortly thereafter.

Regarding the Motion Regarding CTA Reporting, the first possible compliance deadline at issue is January 1, 2025 (i.e., more than three (3) full months from now) and a continuance of approximately two weeks to be heard on the issues is insignificant with a deadline more than three months away. Further, the reporting issue has been raised previously in this Court, the Trustee is aware of the CTA, the Trustee is in contact with the U.S. Trustee's office regarding the CTA, and will determine what actions, if any, the Trustee should undertake on behalf of the Estate, sufficiently prior to the January 1, 2025 deadline and will ensure that all parties impacted are kept apprised (including, if appliable, Mr. Akouete).

In sum, a continuance of the September 4th Hearing regarding the Motion Regarding CTA Reporting will cause no prejudice.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order rescheduling the September 4th Hearings until a date on or after September 16, 2024 and grant such other and further relief as is just.

Respectfully submitted,

**Jonathan R. Goldsmith,
Chapter 7 Trustee**

by proposed counsel,

    /s/ Christine E. Devine
Christine E. Devine, BBO# 566990
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone: 508-533-7240
Dated: August 19, 2024                  Email: christine@nicholsondevine.com