UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:    )    Chapter 7
    )    Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,    )
    )
        Debtor.    )

OBJECTION TO MOTION OF CHAPTER 7 TRUSTEE TO CONTINUE HEARINGS
SCHEDULED FOR SEPTEMBER 4, 2024

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

NOW COMES Lolonyon Akouete, a creditor and interested party in the above-captioned bankruptcy case (the "Case"), and respectfully submits this objection to the Motion of the Chapter 7 Trustee, Jonathan R. Goldsmith (the "Trustee"), to continue the hearings scheduled for September 4, 2024 (the "Motion to Continue"). In support of this objection, I state as follows:

## 1. The Trustee's Request for a Continuance is Prejudicial to Creditors and the Estate

The Trustee's request to continue the hearings scheduled for September 4, 2024, will cause undue delay and prejudice to the creditors and the estate. The matters scheduled for the September 4th hearing, including the Application to Employ Counsel, the Motion Regarding CTA Reporting, and the Objection to Application/Motion to Deduct, are critical issues that require timely resolution. Further delaying these hearings may hinder the effective administration of the estate, particularly in light of the ongoing complexities and challenges facing this case.

## 2. Impact of the December Winter Holiday Season

As experienced during the last December holiday season, significant delays in the administration of this case occurred, leading to a 45-day continuation (see Dkt. #57). Many parties involved in the case are likely to be away during the upcoming holiday season, which could result in similar or even more extended delays if these matters are not resolved promptly. The potential for such delays underscores the importance of addressing the scheduled hearings on September 4th without further postponement.

## 3. Timeliness of Issues Relating to CTA Reporting and Restoration of Mignonette Investments Limited

While the Trustee argues that the January 1, 2025, compliance deadline for the Corporate Transparency Act (CTA) reporting allows for a continuance, this ignores the complexities involved in obtaining the necessary beneficial ownership information. To meet the CTA requirements, it will be necessary to restore Mignonette Investments Limited to the registry. Mignonette Investments Limited, the sole member of Westborough SPE LLC, was struck off in 2017 due to non-payment of

Annual Renewal fees. Under the new legislation that came into force in January 2023, restoring this entity requires a court restoration—a process that is both time-consuming and critical to compliance. We have already missed a key deadline, resulting in the entity's status being changed from struck off to DISSOLVED (see Exhibit 1). Any further delay in addressing these issues could jeopardize the estate's ability to comply with the CTA reporting requirements, potentially leading to severe consequences for the estate and its creditors.

## 4. Need for Immediate Clarification and Resolution

The issues raised in the Objection to Application/Motion to Deduct, including concerns about the potential increase in litigation costs and the need for clarification regarding the Trustee's responsibilities, are matters of significant importance. These issues should not be postponed without compelling reasons, as doing so could result in unnecessary increases in costs and further disputes that could be avoided by timely adjudication.

## 5. The Trustee's Prior Knowledge of the September 4th Hearing Date

The Trustee was undoubtedly aware of the scheduled September 4th hearing when planning his vacation. Given the importance of the matters to be addressed, the Trustee's decision to request a continuance at this late stage is indicative of a lack of regard for the urgency of these matters and the impact on creditors. The Trustee could have made alternative arrangements to ensure that the case proceeds without unnecessary delays.

## 6. Alternative Arrangements

The Trustee has not demonstrated that alternative arrangements could not be made to ensure that the hearings proceed as scheduled. For example, proposed counsel or a representative from the Trustee's office could attend the hearing in the Trustee's absence, thus avoiding any need for a continuance. This would ensure that the estate's administration remains on track and that creditors' interests are not further prejudiced by delays.

## 7. Potential Impact on the Estate

Delaying these hearings could negatively impact the administration of the estate by prolonging the resolution of critical issues, increasing costs, and potentially diminishing the value of the estate. The Trustee's request for a continuance does not adequately consider the broader implications for the estate and the rights of creditors.

## CONCLUSION

For the reasons set forth above, I respectfully request that this Court deny the Trustee's Motion to Continue Hearings Scheduled for September 4, 2024, and proceed with the hearings as originally scheduled. Alternatively, if the Court deems a continuance necessary, I request that the continuance be as brief as possible and that the Court set strict deadlines to ensure the prompt resolution of the matters at issue.

WHEREFORE, I respectfully request that this Court:

1. Deny the Trustee's Motion to Continue Hearings Scheduled for September 4, 2024;

2. Alternatively, if the Motion is granted, set the earliest possible date for the continued hearings; and
3. Grant such other and further relief as is just and appropriate.

DATED: August 19, 2024, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276



Lolonyon Akouete <info@smartinvestorsllc.com>

Exhibit 1

## BVI Company Restoration (Mignonette Investments Limited - BVI - 243736)

**Henisha SHAH** <henisha.shah@kaizencpa.com>                              Tue, Apr 25, 2023 at 10:59 PM
To: "info@smartinvestorsllc.com" <info@smartinvestorsllc.com>
Cc: Benjamin YEN <benjamin.yen@kaizencpa.com>, Cathy Mak <cathy.mak@kaizencpa.com>, Barry Wong <barry.wong@kaizencpa.com>

Good Morning Lolonyon Akouete,

Many thanks for your swift reply and for sharing the documents.

We shall review the same and let you know if we need any further details / documents.

Further, we would suggest getting started with the restoration process at the earliest possible and not wait until 16th May as the KYC is time consuming. Also, under the new law, the companies which have a "Struck Off" status prior to 1 January 2023 have 6 months starting 1 January 2023 to restore their Company. Hence, post 30 June 2023, the status of the Company will be changed to "DISSOLVED".

We shall proceed as per your instructions.

Thank you.

Should you have any questions, please feel free to contact us.

P.S. We would like to advise you that our Hong Kong head office will be closed on 1 May 2023 for celebration of Labour Day. Should there be any case that needs immediate attention, please kindly let us have your instructions on or before 24 April 2023 so that we can handle it in a timely manner. Thank you!

For the holiday arrangement of Kaizen Group's other offices, please refer to our official website https://www.kaizencpa.com/News/info/id/281.html

請留意：勞動節期間，本所香港總部將於2023年5月1日放假一天。若閣下有緊急事宜，請在2023年4月24日或之前告知我們，以便及時處理。謝謝！

啓源集團其他辦事處的放假安排，請查閱本所官網https://www.kaizencpa.com/cht/News/info/id/281.html

[Quoted text hidden]

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com


_____
Lolonyon Y Akouete