UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
In re:                              )    Chapter 7
                                    )    Case No. 23-40709-CJP
WESTBOROUGH SPE LLC                 )
                                    )
            Debtor                  )
_____ )

# ORDER

Lolonyon Akouete ("Akouete"), acting *pro se*, has filed the *Application to Proceed in District Court Without Prepaying Fees or Costs* (ECF No. 206) (the "Application") by which he seeks to waive the $298 appeal fee associated with his appeal, *see* Notice of Appeal (ECF No. 205), of the order entered in the chapter 7 case of Westborough SPE LLC (the "Debtor") denying his second motion for interim distribution as premature, *see* Order dated July 25, 2024 (ECF No. 204) (the "Order"). The Application does not state the statutory basis under which Akouete is pursuing his appeal fee waiver and there is no discussion about why he would be entitled to a waiver. Nevertheless, the Court has considered the Application, the record of this case, and the standards set forth in 28 U.S.C. § 1915(a)(1) and 28 U.S.C. § 1930(f). For the reasons below, I have concluded that the interlocutory appeal noticed by Akouete is frivolous, and, therefore, the Application is denied.

In relevant part, 28 U.S.C. § 1915(a)(1) provides that "any court of the United States may authorize the . . . defense of any . . . proceeding . . . or appeal therein, without prepayment of fees" if the litigant submits an affidavit demonstrating that the litigant "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, under 28 U.S.C. § 1915(a)(3), an appeal "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* at § 1915(a)(3).

"Good faith is judged by an objective standard and is demonstrated when an appellant seeks

review of any issue that is not frivolous." *Heghmann v. Indorf (In re Heghmann)*, 324 B.R. 415, 420 (B.A.P. 1st Cir. 2005) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "[A]n appeal on a matter of law is frivolous when '[none] of the legal points [are] arguable on their merits.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). Probable success on the merits is not a required showing. *See In re Heghmann*, 324 B.R. at 420; *but see In re Merritt*, 186 B.R. 924, 932 (Bankr. S.D. Ill. 1995) (finding "that the debtor's claims in this adversary appeal should be judged by whether they present a substantial question on which the debtor has a 'realistic chance' or 'reasonable likelihood of success' on the merits" and concluding that such a "standard is sufficiently high to compensate for the lack of financial constraints on the debtor while also providing access to the court for litigating substantial claims"). If "any nonfrivolous or colorable issue on appeal exists, the court must grant a motion for leave to file in forma pauperis." *In re Heghmann*, 324 B.R. at 420. But claims based on an "indisputably meritless legal theory" or factual allegations that are "clearly baseless" cannot result in an *in forma pauperis* waiver because such an appeal is frivolous and an element of the objective good faith is lacking. *Id.* (citations and quotations omitted).

With respect to whether the appeal was not taken in good faith for purposes of an appeal fee waiver under 28 U.S.C. § 1915(a)(1), in reviewing the statement of issues on appeal [ECF No. 209] and the record before it, Akouete has raised on appeal no issues that are arguable on their merits and could meet an abuse of discretion standard to reverse the Order – even if leave were granted to allow an interlocutory appeal, which has not been sought. The Bankruptcy Code permits the Court to approve an interim distribution in a chapter 7 case, but such distributions are not common. The Court has broad in considering approval of any interim distribution. Here, the Trustee opposes any interim distribution because he is still administering the estate, is undertaking a common practice of marshaling assets, and the claim objection process remains pending. Akouete has nonetheless

2

brought duplicative requests for relief on the same basis for interim distributions or in connection with other requests for relief that were similarly denied as premature. The Trustee has represented on the record that Akouete has attempted to leverage his activity in the case to coerce the Trustee not to object to his claim. The Court has made no findings on those allegations, but Akouete's repeated attempts to obtain a distribution when the Trustee has indicated that he intends to object to Akouete's claim have no support in the record or applicable law.

Alternatively, Akouete would not be entitled to pursue his appeal in forma pauperis under 28 U.S.C. § 1930(f)(3).[1] Section 1930(f)(3) of Title 28 provides authorization for a bankruptcy court to "waiv[e], in accordance with Judicial Conference policy" the fees for filing a notice of appeal. 28 U.S.C. § 1930(f)(3). In looking at the totality of circumstances under § 1930(f)(2)–(3), the Judicial Conference has instructed courts to apply the standard of eligibility for waiver of the Chapter 7 case filing fee. *See* Bankruptcy Case Policies (Guide to Judiciary Policy, Vol. 4, Ch. 8). Accordingly, if a debtor's annual income is less 150% of the official poverty guidelines for a household of one and the debtor is unable to pay in installments, the Court has discretion to waive fees for filing an appeal.

Because the Court has determined the appeal is frivolous above, a discretionary waiver of fees under 28 U.S.C. § 1930(f) would be inappropriate. It would be inconsistent with § 1915(a)(3) for the Judicial Conference to authorize a waiver of appeal fees under § 1930(f)(3) when the appeal is not taken in good faith, so the same good faith analysis should also apply under § 1930(f). Since the Court has already made a lack of good faith determination under § 1915(a)(3), it also applies to its review under § 1930(f) and, accordingly, the appeal fee may not be waived under § 1930(f) as

---

[1] "Cases interpreting § 1915 apply the same principles to requests to waive filing fees as do courts considering such requests under § 1930(f), namely: (1) there is no absolute right for a litigant to proceed in forma pauperis in the federal courts; (2) whether to allow a litigant to proceed in forma pauperis is a matter left to the broad discretion of the trial court; and (3) the burden of proof to show the entitlement to proceed in forma pauperis lies with the party seeking such relief." In re Santana, No. 10-12043-M, 2013 WL 1397462, at *4 (Bankr. N.D. Okla. Apr. 5, 2013).

well.

The Court does not reach the indigency prerequisite for an appeal fee waiver under 28 U.S.C. § 1915 or § 1930 because Akouete cannot meet the good faith standard.

The request for waiver of the fee having been denied, Akouete shall pay the $298 appeal fee to the Clerk's Office of this Court within fourteen (14) days of the date of this Order.

By the Court,

Dated:  August 26, 2024

_____
Christopher J. Panos
United States Bankruptcy Judge

4