UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |
|---|---|
| In re: | ) Chapter 7 |
|  | ) Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |
|  | ) |
| Debtor. | ) |

MOTION FOR APPOINTMENT OF A COURT-APPOINTED EXPERT

**TO THE HONORABLE COURT:**

Movant, **Lolonyon Akouete**, a creditor in the above-captioned Chapter 7 bankruptcy case, respectfully submits this Motion for the Appointment of a Court-Appointed Expert pursuant to the Massachusetts Rules of Civil Procedure and the court's inherent authority to ensure a fair and equitable resolution of the matters before it. In support of this motion, Movant states as follows:

## I. INTRODUCTION

Movant, Lolonyon Akouete, is a creditor of Westborough SPE LLC ("Debtor") in this Chapter 7 bankruptcy case. The case involves the sale of a significant property located at 231 Turnpike Road, Westborough, MA (the "Property"). The current dispute centers on the valuation of the Property, which is critical to determining the fairness of the proposed settlement agreement. Movant has severe financial constraints that prevent him from obtaining an independent appraisal of the Property. Given the material discrepancies in the assessed value and the potential market value, Movant believes that the appointment of a court-appointed expert is necessary to provide an impartial and accurate valuation.

## II. LEGAL BASIS FOR APPOINTMENT OF A COURT-APPOINTED EXPERT

Under the Massachusetts Rules of Civil Procedure, specifically Rule 706, this Court has the authority to appoint an independent expert witness to assist in cases where specialized knowledge is required. The purpose of such an appointment is to ensure that the Court has access to unbiased, expert testimony that can aid in the resolution of complex issues, such as property valuation disputes.

## III. GROUNDS FOR APPOINTMENT OF A COURT-APPOINTED EXPERT

A. **Financial Hardship:**

Movant is currently experiencing severe financial hardship and is unable to afford the services of an independent appraiser or other legal experts. This financial limitation severely hinders Movant's ability to challenge the valuation presented by other parties and to protect his interests as a creditor in this case.

B. **Material Discrepancies in Valuation:**

The valuation of the Property is a central issue in this case. The current assessed value of the Property by the Town of Westborough is $1,813,300, which reflects a sharp decline from previous years. There are also significant discrepancies between the assessed value and recent comparable sales in the area. These discrepancies raise serious concerns about the accuracy and fairness of the proposed settlement.

C. **Need for an Impartial and Accurate Valuation:**

Given the importance of the Property's valuation to the resolution of this case, it is crucial that the Court has access to an impartial and accurate appraisal conducted by a qualified expert. A court-appointed expert would provide the necessary expertise to determine the fair market value of the Property, ensuring that the interests of all parties, including Movant, are adequately protected.

## IV. REQUEST FOR RELIEF

For the reasons set forth above, Movant respectfully requests that this Court appoint a qualified expert to conduct an independent appraisal of the Property at 231 Turnpike Road, Westborough, MA. Movant further requests that the costs associated with the court-appointed expert be allocated as the Court deems appropriate, considering Movant's financial hardship.

## V. CONCLUSION

In light of the significant impact that the Property's valuation will have on the outcome of this case, the appointment of a court-appointed expert is both necessary and appropriate. Movant respectfully requests that the Court grant this motion and appoint an independent expert to conduct an impartial appraisal of the Property.

DATED: August 27, 2024, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

<u>CERTIFICATE OF SERVICE</u>

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C. 101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com

_____
Lolonyon Y Akouete