**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | Chapter 7<br>Case No. 23-40709-CJP |

**CHAPTER 7 TRUSTEE'S (I) FURTHER STATUS REPORT AND**
**(II) OBJECTION TO MOTION BY MR. AKOUETE REGARDING**
**<u>CORPORATE TRANSPARENCY ACT</u>**

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

NOW COMES Jonathan R. Goldsmith, the Chapter 7 trustee (the "Trustee") in the bankruptcy case (the "Bankruptcy Case" or "Case") of the above captioned debtor (the "Debtor") and hereby objects to the *Motion to Shift Responsibility and Seek Relief From Reporting Obligation Under Corporate Transparency Act* filed by Lolonyon Akouete on August 13, 2024 (the "Motion Regarding CTA"). In support hereof, the Trustee states as follows:

1. On August 31, 2023 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On October 11, 2023, this Court entered an Order for Relief in this case [Dkt. No. 26] and this case remains a Chapter 7 case at this time.

3. On October 12, 2023, the United States Trustee appointed Jonathan R. Goldsmith as Chapter 7 trustee [Dkt. No. 29] and the Trustee remains as Trustee at this time.

4. Mr. Akouete is an alleged creditor of the Debtor pursuant to an amended claim dated June 23, 2024 [Claim No. 4-2] which amended claim alleges a general unsecured claim

against the Debtor in the amount of $1,250,594.05 (the "Akouete Claim"). The Trustee, however, has not yet undertaken a detailed review of the Akouete Claim and reserves the right to object to the allowance of the Akouete Claim.

5. Mr. Akouete has filed multiple pleadings regarding the Corporate Transparency Act ("CTA"), seeking various forms of relief throughout this case. See Docket Nos. 65, 171, and 244.

6. This Court denied Mr. Akouete's first request for relief related to the CTA by order dated January 12, 2024 stating in relevant part as follows: "Denied. As recognized in the motion, the Chapter 7 Trustee is the party authorized to address compliance requirements with respect to the Debtor." The Court further ordered the Trustee to submit a status report regarding any relevant compliance requirements under the CTA. See Docket No. 66.

7. Thus far, the Trustee has submitted two status reports [Dkt. Nos. 97 and 170].

**FURTHER STATUS REPORT**

8. As indicated by the Trustee's status reports, (i) the Trustee is aware of the CTA, (ii) is monitoring the issue and the case law regarding the implications of the CTA on chapter 7 bankruptcy cases, and (iii) will remain mindful of the January 1, 2025 deadline.

9. The Trustee will continue to monitor issues related to the CTA and will determine the appropriate course of action prior to the January 1, 2025 deadline.

10. Further, if the Trustee determines it to be appropriate, the Trustee will seek relief from this Court prior to that deadline.

**OBJECTION TO MOTION REGARDING CTA**

11. Regarding Mr. Akouete's request for relief in the Motion, the Trustee objects to its allowance of the motion and to the relief requested therein for the following reasons:

    a. This Court previously ruled that the Trustee is the appropriate party to address Debtor compliance issues [Dkt. No. 66] and, therefore, to the extent possible, that issues in the motion have been addressed;

    b. Mr. Akouete appears to seek prospective declaratory relief (i.e., seeking prospective protection from liability) and to compel the release of information from a non-debtor third-party (Mr. Abramowitz of Goulston & Storrs, P.C.); both of these are inappropriate requests under the Federal Rules of Bankruptcy Procedure; and

    c. Importantly, the motion includes baseless allegations regarding the Trustee's purported "breach of fiduciary duty" and "willful obstruction" and appears to be designed to be wasteful of the Trustee's time and of the Estate's resources. This Court has already ruled that the Trustee is the appropriate party to assess and, if necessary, address compliance issues regarding the CTA. Therefore, Mr. Akouete's repeated requests for relief from this Court regarding the CTA are duplicative, wasteful of the Trustee's time, and potentially harm parties in interest by causing the Trustee to unnecessarily incur legal fees and costs.

12. Based on the forgoing, the Trustee requests that this Court consider prohibiting Mr. Akouete from submitting further pleadings related to the CTA.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order denying the Motion Regarding the CTA and grant such other and further relief as is just.

Respectfully submitted,

**Jonathan R. Goldsmith,
Chapter 7 Trustee**

by proposed counsel,

    /s/ Christine E. Devine
Christine E. Devine, BBO# 566990
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone:   508-533-7240
Dated: August 30, 2024                                   Email:   christine@nicholsondevine.com