**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:** | |
| **WESTBOROUGH SPE LLC,** | **Chapter 7**<br>**Case No. 23-40709-CJP** |
| **Debtor.** | |

**CHAPTER 7 TRUSTEE'S (I) RESPONSE TO MR. AKOUETE'S OBJECTION TO
APPLICATION TO RETAIN NICHOLSON DEVINE LLC AND
(II) OBJECTION TO ADDITIONAL RELIEF REQUESTED THEREIN**

To the Honorable Christopher J. Panos, United States Bankruptcy Judge:

NOW COMES Jonathan R. Goldsmith, the Chapter 7 trustee (the "Trustee") in the

bankruptcy case (the "Bankruptcy Case" or "Case") of the above captioned debtor (the "Debtor")

and hereby responds and objects to the *Creditor's Objection to Trustee's Application to Retain*

*Additional Counsel, Request for Clarification, and Motion for Deduction of Increased Litigation*

*Costs From Trustee's Compensation* filed by Lolonyon Akouete ("Mr. Akouete") on August 13,

2024 (the "Objection to Employment of ND"). In support hereof, the Trustee states as follows:

1.      On August 31, 2023 (the "Petition Date"), certain creditors of the Debtor filed an

involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-

1532 (the "Bankruptcy Code").

2.      On October 11, 2023, this Court entered an Order for Relief in this case [Dkt. No.

26] and this case remains a Chapter 7 case at this time.

3.      On October 12, 2023, the United States Trustee appointed Jonathan R. Goldsmith

as Chapter 7 trustee [Dkt. No. 29] and the Trustee remains as Trustee at this time.

4.      Mr. Akouete is an alleged creditor of the Debtor pursuant to an amended claim filed by Mr. Akouete and dated June 23, 2024 [Claim No. 4-2]. The amended claim alleges a general unsecured claim against the Debtor in the amount of $1,250,594.05 (the "Akouete Claim"). The Trustee, however, has not yet undertaken a detailed review of the Akouete Claim and reserves the right to object to the allowance of the Akouete Claim.

5.      Currently in the Case, the Trustee is seeking approval of an extensively negotiated settlement agreement among multiple parties ("Settlement Agreement") [Dkt. No. 189] and the Trustee has a motion pending seeking allowance of that Settlement Agreement [Dkt. No. 190]. Mr. Akouete has objected to approval of the Settlement Agreement and this Court has scheduled an evidentiary hearing for September 17, 2024 on approval of the Settlement Agreement (the "Evidentiary Hearing").

6.      Based in part on Mr. Akouete's litigious actions in this Case, the Trustee has determined that he requires additional legal assistance to fully and efficiently protect the interests of the Estate. Among other things, Mr. Akouete has filed multiple pleadings, objections, and responses which require the Trustee's attention and, often, a response. Although Mr. Akeoute's pleadings are often repetitive[1] and arguably frivolous, they often require a response and therefore legal attention. The Trustee has determined that, when legal action is required, the Estate will benefit from the assistance of Nicholson Devine LLC in attending to Mr. Akouete's prolific requests for relief.

---

[1] For example, Mr. Akouete has filed three separate motions requesting that this Court authorize an interim distribution despite the fact that the Court has repeatedly denied those requests. Mr. Akouete also initiated an appeal regarding one of the denials. Similarly, Mr. Akouete has filed three separate motions related to the Corporate Transparency Act (one of which is currently pending), despite the fact that this Court denied the initial motion and made clear that the Trustee is the proper party to assess and, if appropriate, attend to any compliance obligations.

7.     Remarkably, Mr. Akouete filed no fewer than ten pleadings in the eight-day period from August 13, 2024 through August 20, 2024. Additional pleadings by Mr. Akouete remain pending at this time. Simply put, Mr. Akouete has largely caused the Estate to require additional legal counsel. As such, Mr. Akouete's Objection to Employment of ND lacks credibility.

8.     In addition, the Trustee has determined that the Estate will benefit from the assistance of Nicholson Devine LLC at the upcoming Evidentiary Hearing.

9.     Mr. Akouete cites to no legal basis (or credible argument) in support of deducting the costs of counsel from Trustee's compensation.

10.    Finally, this Court is well equipped to review and assess the value of all legal services provided to the Estate. All compensation will be subject to review by this Court pursuant to fee applications.


WHEREFORE, the Trustee respectfully requests that this Court enter an Order authorizing the employment of Nicholson Devine LLC, overruling and denying all affirmative relief requested in the Objection to Employment of ND and granting such other and further relief as is just.

Respectfully submitted,

**Jonathan R. Goldsmith,
Chapter 7 Trustee**

by proposed counsel,

    /s/ Christine E. Devine
Christine E. Devine, BBO# 566990
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone:   508-533-7240
Dated: August 30, 2024                 Email:   christine@nicholsondevine.com