UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) ) ) ) | Chapter 7<br>Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | | |
| Debtor | | |

**ORDER ON *IN CAMERA* PRIVILEGE REVIEW**

Pursuant to my order on the record at a discovery conference held on August 30, 2024, *see* Order [ECF No. 314], counsel to the chapter 7 trustee Jonathan R. Goldsmith (the "Trustee") delivered certain electronic files for *in camera* review for privilege. The Trustee and other parties have asserted that communications among some or all of them regarding settlement of various issues that are or were proposed to be addressed in the motion to approve settlement agreement [ECF No. 190] pending before the Court are not relevant and are subject to Federal Rule of Evidence 408 ("Rule 408"), as made applicable by Federal Rule of Bankruptcy Procedure 9017. The Court has also considered whether the documents would be subject to attorney/client, work product, or joint defense/common interest privileges.

I have reviewed numerous emails and attachments submitted in ".pst" format (486,345 kb) and approximately 20 files submitted in ".pdf" format. Most of the emails and attachments relate to negotiation of a settlement, coordination of calls to discuss settlement, preparation of motions and discussion of obtaining approval of the settlement, and negotiation and execution of the settlement agreement that was submitted to the Court. *See* Settlement Agreement and Mutual Release [ECF No. 189]. Except as I will discuss below, the documents constitute communications in furtherance of settlement that are subject to Rule 408 and/or subject to a joint

defense/common interest privilege. At the discovery conference, Mr. Akouete indicated that he believes that these documents may be relevant to demonstrate collusion or bias. I find that the documents would not be relevant for that purpose and would not be subject to the exception in Rule 408(b).

Certain documents consist of email "strings" that contain emails sent by or to Mr. Akouete or attach documents filed by Mr. Akouete. Obviously, those portions of the documents would not be subject to any privilege, but they would be in possession of Mr. Akouete and need not be produced.

There are also documents attached to some emails that would not be subject to privilege consisting of plans showing boundaries and deferred maintenance provided by Attorney Zide that presumably relate to his client's claim. *See* Proof of Claim 6-3. Those attachments should be produced to Mr. Akouete **on or before September 11, 2024 at 12:00 p.m.** Even though their relevance to the proposed settlement is not clear, that claim is being compromised. None of the other documents must be produced.

The Court will maintain the records provided for *in camera* review until this case is closed and then they will be destroyed.

Dated: September 9, 2024                By the Court,

 

_____
Christopher J. Panos
United States Bankruptcy Judge