# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | Chapter 7<br>Case No. 23-40709-CJP |

### EXPEDITED MOTION OF CHAPTER 7 TRUSTEE (I) TO RESCHEDULE EVIDENTIARY HEARING SCHEDULED FOR SEPTEMBER 17, 2024 AND (II) EXTEND DEADLINE TO SUBMIT APPRAISAL

NOW COMES Jonathan R. Goldsmith, the Chapter 7 trustee (the "Trustee") in the bankruptcy case (the "Bankruptcy Case" or "Case") of the above captioned debtor (the "Debtor") and respectfully moves this Court to (i) reschedule the evidentiary hearing scheduled for Tuesday, September 17, 2024 ("Evidentiary Hearing") regarding the Trustee's pending Motion for Approval of Settlement Agreement [Dkt. No. 190] to allow the Trustee sufficient time to obtain an appraisal of the real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property") and (ii) extend the deadline for the Trustee to submit an appraisal of the Property to a date which is approximately one week prior to the rescheduled evidentiary hearing date. **The Trustee seeks expedited determination of this motion because the September 17th Evidentiary Hearing is swiftly approaching and, as an evidentiary hearing, will require a substantial time investment by the Trustee, his counsel, and other parties who will likely seek to be heard at that hearing. As set forth below, the Trustee believes that this Court and the parties will benefit from allowing the Trustee to complete the process of securing an appraisal. After speaking with appraisers, the Trustee expects that it**

**will take 45- 60 days to obtain an appraisal and, therefore, seeks a continuance of at least 60 days.**

In support hereof, the Trustee submits the following:

1. On August 31, 2023 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On October 11, 2023, this Court entered an Order for Relief in this case [Dkt. No. 26] and this case remains a Chapter 7 case at this time.

3. On October 12, 2023, the United States Trustee appointed Jonathan R. Goldsmith as Chapter 7 trustee [Dkt. No. 29] and the Trustee remains as Trustee.

4. The Trustee is currently seeking approval of an extensively negotiated settlement agreement among multiple parties ("Settlement Agreement") [Dkt. No. 189] and the Trustee has a motion pending seeking allowance of that Settlement Agreement (the "Motion to Approve") [Dkt. No. 190].

5. Mr. Akouete, an alleged creditor of the Debtor, has filed an objection to the Settlement Agreement and this Court has scheduled the evidentiary hearing on approval of the Settlement Agreement for September 17, 2024 (i.e., Evidentiary Hearing).

6. At prior hearings, this Court has indicated that at the Evidentiary Hearing, the Court will first consider and assess the value of the Property in order to determine whether the multiple compromises that are reflected in the Settlement Agreement meet the standard for approval under Fed. R. Bankr. P. 9019.

7. The Trustee initially believed that obtaining an appraisal would likely be unnecessary in connection with the Settlement Agreement and had hoped to avoid the costs and

time delay associated with an appraisal. In addition, the Trustee's believe that an appraisal would not be necessary was based on multiple additional factors, including the Trustee's review of a prior request for proposal process ("RFP") conducted by the Town of Westborough and the fact that the one of the parties to the Settlement Agreement (Mr. Ferris) had submitted a bid for $2,875,000 as part of the RFP process which (due to significant contingencies in the only higher bid), the Trustee believes represents the current value of the Property. As set forth in more detail in the Motion to Approve, the Trustee had a reasonable basis to believe that based on the Town's RFP process, "the Ferris bid represents the current fair market value of the Property." See Motion to Approve at ¶9(a).

8. In a surprise to the Trustee, however, late last week, Mr. Ferris circulated an email to the parties to the Settlement Agreement and to Mr. Akouete stating that Mr. Ferris is actually willing to pay $3,502,702 for the Property, which is an increase of $627,702 from the offer he made as part of the RFP process and $1,002,701 more than the current proposed buyer will pay pursuant to the pending Settlement Agreement. A copy of the email from Mr. Ferris to all parties and to Mr. Akouete (as well as the email from Mr. Akouete to which Mr. Ferris responds) is attached hereto as **Exhibit A** (the "September 2024 Ferris Proposal").

9. To be certain, the Trustee has had insufficient time to vet the credibility of the September 2024 Ferris Proposal and Mr. Ferris has no deposit at risk regarding the September 2024 Ferris Proposal. Still, in light of the significant difference between the current proposed settlement price and the price that Mr. Ferris has now proposed, the Trustee believes that a current appraisal is necessary. Ultimately, the Trustee believes that obtaining a current appraisal will benefit all parties as well as the Court.

10. Further, the Trustee is mindful that during past hearings this Court has indicated that the Court will look to establish the likely value of the Property before determining whether the compromises contained in the Settlement Agreement are reasonable. The Trustee believes that an appraisal is necessary and requests sufficient time to obtain an appraisal before proceeding with the Evidentiary Hearing.

11. Since receiving Mr. Ferris's September 2024 Proposal, the Trustee has been in contact with two appraisers and is in the process of identifying the best fit for an engagement on behalf of the Estate. Conversations with those potential appraisers are underway and as soon as the Trustee is able to fully assess timing and cost issues, the Trustee will file a motion seeking authority to engage an appraiser.

12. Notably, based on the conversations to date with available appraisers, the Trustee expects that any appraiser that the Trustee engages will require at least 45-60 days to complete an appraisal of the Property.

13. As such, the Trustee requests that this Court reschedule the Evidentiary Hearing for approximately 60 days from now as this Court's schedule may permit.

**EXPEDITED DETERMINATION REQUESTED**

12. In accordance with MLBR 9013-1(g), the Trustee submits that expedited relief is appropriate because the Evidentiary Hearing is currently scheduled for September 17th and the Trustee requires additional time to obtain an appraisal. As set forth above, the Trustee believes that, ultimately, obtaining an appraisal of the Property will be in the best interest of the Estate and its creditors. Further, the Court has stated clearly that a solid basis to assess the current value of the Property will assist the Court with determining whether the Settlement Agreement should be approved.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order (i) rescheduling the Evidentiary Hearing approximately 60 days from now to accommodate an appraisal by the Trustee, (ii) setting a deadline approximately seven (7) days prior to that date for the Trustee to file the appraisal with the Court, and (iii) granting such other and further relief as is just.

Respectfully submitted,

**Jonathan R. Goldsmith,
Chapter 7 Trustee**

by proposed counsel,

    /s/ Christine E. Devine
Christine E. Devine, BBO# 566990
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone:  508-533-7240
Dated: September 9, 2024        Email:  christine@nicholsondevine.com

# Exhibit A

| | |
|---|---|
| **From:** | Christine Devine |
| **To:** | Christine Devine |
| **Subject:** | FW: WSPE - Compromise |
| **Date:** | Monday, September 9, 2024 12:56:14 PM |

Begin forwarded message:

> **From:** David Ferris <david@ferrisdevelopment.com>
> **Date:** September 6, 2024 at 1:48:59 PM EDT
> **To:** Lolonyon Akouete <info@smartinvestorsllc.com>, Jonathan Goldsmith <jgoldsmith@gkalawfirm.com>, "Roger L. Smerage" <rsmerage@k-plaw.com>
> **Cc:** USTPRegion01.WO.ECF@usdoj.gov, Brian Riley <BRiley@k-plaw.com>, "Carey, Paul W." <pcarey@mirickoconnell.com>, Stephen Gordon <sgordon@gordonfirm.com>, "Jeffrey T. Blake" <JBlake@k-plaw.com>, "Lenard B. Zide" <zide@buttersbrazilian.com>, "Matthew A. Morris" <mmorris@sherin.com>, "Brian R. Charville" <bcharville@ferrisdevelopment.com>
> **Subject: WSPE - Compromise**
>
> Lolo, Trustee Goldsmith & Mr. Smerage,
>
> In the spirit of compromise, I would be willing to meet your request Lolo and increase my offer to $3,502,702 provided you discontinue all these challenges and unnecessary motions. The property has been tied up long enough and needs a certain outcome. If the remaining parties can come to agreement I can formalize a new offer to the Trustee and agree to close in 30 days.
>
> I would like this matter to get closure for all involved.
>
> Thank you,
>
> David M. Ferris
>
> ---
>
> **From:** Lolonyon Akouete <info@smartinvestorsllc.com>
> **Sent:** Thursday, September 5, 2024 7:47 AM
> **To:** Jonathan Goldsmith <jgoldsmith@gkalawfirm.com>; Roger L. Smerage <rsmerage@k-plaw.com>
> **Cc:** USTPRegion01.WO.ECF@usdoj.gov; Brian Riley <briley@k-plaw.com>; Carey, Paul W. <pcarey@mirickoconnell.com>; Stephen Gordon <sgordon@gordonfirm.com>; Jeffrey T. Blake <jblake@k-plaw.com>; Denise Edwards

<deniseedwards818@yahoo.com>; Scott A. Schlager <sas@natgolaw.com>; Mary Wolohan <trusteedocs1@gkalawfirm.com>; Alvin Nathanson <asn@natgolaw.com>; Jose Centeio <jcc@natgolaw.com>; Lenard B. Zide <zide@buttersbrazilian.com>; Matthew A. Morris <mmorris@sherin.com>; Darin Clagg <Dclagg@gmail.com>; Dyann Blaine <dyann.blaine@gmail.com>; David Ferris <david@ferrisdevelopment.com>; Abromowitz, David M. <dabromowitz@goulstonstorrs.com>; Durga Nagalla <durganagalla@gmail.com>; Allen Hight <reomanagement11@gmail.com>; Peter Blaustein <pblaustein@gmail.com>; Julia C. Royce <JCRoyce@sherin.com>; janscholes2@gmail.com; Brian R. Charville <bcharville@ferrisdevelopment.com>; venkatesh mohanraj <venki.mohanraj@gmail.com>; mark.lichtenstein@akerman.com; samual.miller@akerman.com; Walter Horst <walter.horst@babcockbrown.com>; sharlene.harrison-carera@akerman.com; Ronan, Gary M. <GRonan@goulstonstorrs.com>; EEnglander@ec-attorneys.com; Christine Devine <christine@nicholsondevine.com>

**Subject:** Request for Agreement on Property Valuation to Expedite Settlement Hearing

Dear Trustee Goldsmith and Town of Westborough,

I hope this email finds you well.

As we approach the scheduled evidentiary hearing on September 17, 2024, regarding the settlement for the property at 231 Turnpike Road, Westborough, I would like to propose an agreement on the property's valuation to streamline the proceedings and save time. I believe resolving this issue in advance will help focus the court's attention on the substantive aspects of the settlement proposal.

During the discovery process, several critical facts came to light that further support the need for a fair valuation:

1. **Jonathan Steinberg, Chief Assessor of the Town of Westborough**, recommended not setting a base price in the RFP, allowing the market to define itself through offers. The offers received from the RFP process ranged from $2,500,000 to $7,942,000.
2. **Lax Media's Proposal and Tax Impact**: The tax assessor estimated that Lax Media's proposal would bring the property's assessed value to $9,329,750, which is similar to the assessed value of $9,264,800 in 2016. Lax Media's estimated repair costs are $3,490,110.
3. **Massachusetts Department of Revenue Assessment Ratio**: According to the Massachusetts Department of Revenue (LA19 Report - Fiscal Year 2024), the assessment ratio for commercial property in the Town of Westborough is 0.91, meaning that the assessed value is approximately 9% below market value. Given this fact, it's clear that the assessed value does not reflect the true market value of the

    property.

4. **Fair Market Value and Offer Calculation**: Since the town selected Lax Media for other advantageous purposes rather than establishing a fair market value through an appraisal, it would be appropriate to renegotiate the selling price. Based on industry standards, most lenders will not refinance a loan at more than 75% of a property's after-repair value (ARV). Using this formula:

   **$9,329,750 (ARV) x 0.75 (75% of market value) - $3,490,110 (Repairs) = $3,502,702 (Fair Offer)**

   Lax Media's offer, if calculated according to standard market practice, should reflect a fairer price closer to $3,502,702. It is evident that the current offer is significantly undervaluing the property.

Given these facts, I believe it would be appropriate for the town and the trustee to either renegotiate the purchase price with Lax Media or consider returning the property to the debtor for a proper sale. This would ensure a more accurate reflection of the property's market value and protect the rights of creditors.

I would like to propose that we reach an agreement on the valuation before the hearing to expedite the resolution. If both parties can agree, we can file a joint stipulation with the court, focusing the hearing on the settlement terms rather than disputing the property's value.

I appreciate your consideration of this request and look forward to your response.

Best regards,

Lolonyon Akouete
800 Red Milles Rd
Wallkill, NY 12589
info@smartinvestorsllc.com
(443) 447-3276

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-40709-CJP** |

## CERTIFICATE OF SERVICE

The undersigned, Christine E. Devine, hereby certifies that on this day a copy of the following has been sent to all parties listed on the attached Service List in the manner noted thereon:

- **Expedited Motion of Chapter 7 Trustee (I) to Reschedule Evidentiary Hearing Scheduled for September 17, 2024 and (II) to Extend Deadline to Submit Appraisal.**

Dated: September 9, 2024           /s/ Christine E. Devine
                                                       Christine E. Devine, Esq.
                                                       Nicholson Devine LLC
                                                       P.O. Box 7
                                                       Medway, MA 02053
                                                       Phone: 508-533-7240
                                                       Email: christine@nicholsondevine.com

**SERVICE LIST**

Electronic Mail Notice List

The following list of parties and attorneys have received electronic notice via the Court's CM/ECF noticing process:

- **Jeffrey T Blake**  jblake@k-plaw.com
- **Paul W. Carey**  pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com
- **Jose C. Centeio**  jcc@natgolaw.com
- **Christine E. Devine**  christine@nicholsondevine.com, devine.christiner109603@notify.bestcase.com
- **Jonathan R. Goldsmith**  bankrdocs1@gkalawfirm.com, bankrdocs@gkalawfirm.com
- **Jonathan R. Goldsmith**  trusteedocs1@gkalawfirm.com, trusteedocs@gkalawfirm.com;mwolohan@gkalawfirm.com;MA43@ecfcbis.com
- **Stephen F. Gordon**  sgordon@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- **Richard King**  USTPRegion01.WO.ECF@USDOJ.GOV
- **Samual A. Miller**  samual.miller@akerman.com
- **Brian W. Riley**  briley@k-plaw.com
- **Roger L. Smerage**  rsmerage@k-plaw.com

Email and/or First Class Mail, Postage Prepaid Notice List

The following list of parties and attorneys have been serviced via First Class Mail Postage Prepaid and via email as noted:

Lolonyon Akouete                Via Email and First Class Mail
800 Red Milles Rd
Wallkill, NY 12589
info@smartinvestorsllc.com

Denise Edwards                  Via Email and First Class Mail
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com

| | |
|---|---|
| Mark S. Lichtenstein<br>Akerman LLP<br>1251 Avenue of the Americas<br>37th Floor<br>New York, NY 10020<br>mark.lichtenstein@akerman.com | Via Email and First Class Mail |
| Lenard Benson Zide, Esq.<br>Butters Brazilian LLP<br>420 Boylston Street, 4th Floor<br>Boston, MA 02116<br>zide@buttersbrazilian.com | Counsel to Mobile Street Trust<br>Via Email and First Class Mail |
| Jonathan La Liberte<br>Sherin and Lodgen LLP<br>101 Federal Street, 30th Floor<br>Boston, MA 02110<br>jclaliberte@sherin.com | Via Email and First Class Mail |