UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                                )   Chapter 7
                                      )   Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,                  )
                                      )
                    Debtor.           )

CREDITOR LOLONYON AKOUETE'S OPPOSITION TO THE EXPEDITED MOTION OF CHAPTER 7 TRUSTEE (I) TO RESCHEDULE EVIDENTIARY HEARING SCHEDULED FOR SEPTEMBER 17, 2024, AND (II) TO EXTEND DEADLINE TO SUBMIT APPRAISAL

Now comes Lolonyon Akouete, a creditor in the above-captioned matter, and respectfully opposes the **Expedited Motion of the Chapter 7 Trustee to Reschedule the Evidentiary Hearing Scheduled for September 17, 2024, and to Extend the Deadline to Submit an Appraisal** (the "Motion"). In support of this opposition, the undersigned submits the following:

## 1. The Trustee's Failure to Timely Obtain an Appraisal Despite Court Directives

The Trustee has been fully aware of the necessity for an appraisal of the property located at 231 Turnpike Road, Westborough, MA, since prior hearings. On **August 6, 2024**, I filed **Dkt. #219**, a motion to compel the Trustee to obtain an appraisal before the hearing scheduled on **August 20, 2024**. The motion was denied by this Court in **Dkt. #222** on **August 7, 2024**, with the Court explicitly stating that I, as a creditor, could address valuation issues in the context of an objection to the pending Motion for Approval of Settlement Agreement. The Trustee, despite clear guidance from the Court and ample opportunity, has failed to prioritize this necessary appraisal until the last minute.

## 2. The Trustee's Repeated Delays Are Prejudicial to Creditors

The Trustee's last-minute request to delay the evidentiary hearing by at least 60 days imposes significant harm on creditors like myself. I have raised concerns about the lack of an appraisal as far back as **August 2, 2024**, in direct communication with Trustee Goldsmith, in which I emphasized the importance of having an expert valuation before proceeding with the settlement hearing. Despite these concerns, the Trustee failed to act.

Moreover, the Trustee's continued reliance on outdated and incomplete information, such as the flawed Request for Proposal (RFP) process conducted by the Town of Westborough, shows a pattern of delay and lack of diligence. The Trustee had ample time and multiple opportunities to obtain a proper appraisal, and further delaying the case now only serves to harm the estate's creditors.

## 3. Delaying the Evidentiary Hearing Is Unnecessary

Delaying the evidentiary hearing to conduct a new appraisal is not necessary, as there are already multiple reliable metrics of the property's value available. These include:

- **The 2018 Appraisal**, which already provides a basis for assessing the property's value.
- **Current Assessed Values**, established by the Town of Westborough, which offer insight into the property's recent valuation.
- **Comparable Sales Data** from recent transactions in the area, which can serve as an additional method to determine fair market value.

Moreover, the **Town of Westborough's chief tax assessor**, a licensed appraiser, is readily available and can provide comparable sales data to further substantiate the fair market value of the property. The Court does not need to wait for a new appraisal to make a determination on the settlement. All the tools necessary to establish a reasonable valuation are already in hand.

## 4. The Court's Order Already Allowed Me to Pursue My Own Appraisal

After my motion to compel the Trustee to obtain an appraisal was denied on **August 7, 2024**, the Court specifically instructed me to coordinate with the Trustee if I wished to conduct my own appraisal. Following this directive, I engaged with a qualified appraiser, Robert Shannon, who was prepared to complete an appraisal within three weeks at a fee of $5,500. However, the Trustee has not facilitated this process or provided any reasonable alternative to establish the true market value of the property.

In my **August 2, 2024** email exchange with Trustee Goldsmith, he admitted that no written appraisal had been obtained. I immediately sought to address this by offering to independently obtain an appraisal, yet the Trustee's inaction continues to delay the process.

## 5. The Trustee's Justifications for Further Delay Are Inadequate

The Trustee's reliance on a last-minute offer from David Ferris does not justify further delays. The Trustee has had sufficient time to evaluate the credibility of this proposal and should have done so long before the scheduled hearing. Furthermore, the Ferris offer of $3,502,702 provides no clear basis for delaying the evidentiary hearing, as it remains speculative without an appraisal or other credible evidence of the property's value.

Additionally, the court's prior orders have already made clear that valuation is central to determining the reasonableness of the proposed settlement. Delaying the hearing for an additional 60 days only prolongs uncertainty and increases the risk of diminishing the value of the estate. The Trustee's request to further postpone the hearing is unnecessary and prejudicial.

## 6. Prior Attempts to Address Valuation Issues Have Been Ignored

As demonstrated in my email correspondence with the Trustee dating back to **July 31, 2024**, I have been actively attempting to address the property valuation issue, yet my efforts have been met with disregard. Despite these attempts, no meaningful steps were taken by the Trustee to obtain an appraisal or assist in coordinating access to the property for my appraiser, as the Court instructed in **Dkt. #222**. The Trustee's inaction speaks to a pattern of delaying tactics that are detrimental to the resolution of this case.

## Conclusion

The Trustee's motion to reschedule the evidentiary hearing and extend the deadline for submitting an appraisal should be denied. The Trustee has had ample time to act and has failed to fulfill his

fiduciary duty to the creditors. Further delay only serves to prejudice the creditors, who are entitled to a timely and fair resolution of this matter. Additionally, sufficient data is already available to establish the property's value without the need for further postponement.

I respectfully request that the Court:

1. **Deny** the Trustee's Motion to Reschedule the Evidentiary Hearing currently scheduled for **September 17, 2024**;
2. **Deny** the Trustee's request to extend the deadline to submit an appraisal;
3. **Order** that the Trustee proceed with the evidentiary hearing as scheduled, utilizing the existing valuation metrics; and
4. **Grant such other and further relief** as the Court deems just and appropriate.

DATED: September 9, 2024, Respectfully submitted:

By creditor,

_____
Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

Exhibit 1

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Westborough SPE LLC | Chapter 7 |
| Debtor | 23-40709-CJP |

## ORDER

**MATTER:**

#219 Motion filed by Creditor Lolonyon Akouete to Compel Trustee to Obtain Appraisal of Property Located at 231 Turnpike Road, Westborough, MA before August 20, 2024 Hearing.

DENIED. MR. AKOUETE MAY RAISE VALUATION ISSUES IN THE CONTEXT OF AN OBJECTION TO THE MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT. TO THE EXTENT MR. AKOUETE WANTS TO CONDUCT HIS OWN APPRAISAL AND REQUIRES ACCESS TO THE PROPERTY, HE SHOULD CONTACT THE CHAPTER 7 TRUSTEE TO COORDINATE ACCESS.

Dated: 08/07/2024

By the Court,

Christopher J. Panos
United States Bankruptcy Judge



**Lolonyon Akouete <info@smartinvestorsllc.com>**

Exhibit 2

## Inquiry on Appraisal or Affidavit for Property Valuation
3 messages

**Lolonyon Akouete** <info@smartinvestorsllc.com>  Fri, Aug 2, 2024 at 7:50 AM
To: Jonathan Goldsmith <jgoldsmith@gkalawfirm.com>
Cc: USTPRegion01.WO.ECF@usdoj.gov

Dear Mr. Goldsmith,

I hope this message finds you well.

As we approach the hearing on August 20th to approve the settlement proposal, I wanted to address a critical matter regarding the valuation of the property involved. As you know, the determination of whether the proposed settlement is reasonable largely depends on the value being obtained by the bankruptcy estate and whether a higher value can be achieved.

During our last hearing, the court suggested obtaining an appraisal or an affidavit from an expert to establish the property's market value. However, to date, you have not provided any such information. This lack of valuation data will likely lead to a continuation of the motion to approve the settlement, causing further delays.

Could you please confirm if an appraisal has been ordered or if there is an affidavit from an expert establishing the firm market value of the property? If neither has been arranged, I am prepared to order an appraisal immediately. I have already spoken with an appraiser who can complete the appraisal within 30 days.

I would appreciate a prompt response to this matter, preferably by the end of the day. If I do not receive a response, I intend to file a motion and an emergency motion requesting court approval to obtain an appraisal at the bankruptcy estate's expense.

Thank you for your attention to this urgent matter. I look forward to your swift response.

Best regards,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

**Jonathan Goldsmith** <jgoldsmith@gkalawfirm.com>  Fri, Aug 2, 2024 at 9:49 AM
To: Lolonyon Akouete <info@smartinvestorsllc.com>
Cc: "USTPRegion01.WO.ECF@usdoj.gov" <USTPRegion01.WO.ECF@usdoj.gov>

I have not obtained a written appraisal. The basis for supporting the reasonableness of the settlement is noted in the Settlement.

On a related matter, this will confirm that you will call my office at 2:30 today for the 26(f) conference.

Jonathan

Jonathan R. Goldsmith, Esq.

GOLDSMITH, KATZ & ARGENIO, P.C.

1350 Main Street, Suite 1505

Springfield, MA 01103

Tel. (413) 747-0700

Fax (413) 781-3780

PLEASE NOTE:  This transmission and any attachments contain confidential or privileged information from Goldsmith, Katz & Argenio, P.C.  This information is intended to be for the use of the addressed individual(s) or entity.  If you are not the intended recipient, be aware that any disclosure, printing, copying, distribution or use of the contents of this information is prohibited.  If you have received this transmission in error, please notify us by telephone or by return email immediately.

[Quoted text hidden]

**Lolonyon Akouete** <info@smartinvestorsllc.com>    Fri, Aug 2, 2024 at 10:48 AM
To: Jonathan Goldsmith <jgoldsmith@gkalawfirm.com>
Cc: "USTPRegion01.WO.ECF@usdoj.gov" <USTPRegion01.WO.ECF@usdoj.gov>

Dear Mr. Goldsmith,

Thank you for your prompt response.

Given that a written appraisal has not been obtained, I am concerned about the potential delays and complications this might cause at the upcoming hearing. Without a clear valuation established by an expert, the court may find it difficult to determine the reasonableness of the settlement, potentially leading to a continuation of the motion.

During the status conference hearing on June 7, 2024, Judge Christopher J. Panos clearly stated that an appraisal is needed to establish the fair market value of the property. Without an appraisal, the court will not have a basis for determining whether the $2.5 million offer from LAX Media is a reasonable equivalent to the property's market value. There are other buyers interested in paying a higher price for the property, which further emphasizes the necessity of this appraisal.

To prevent any further delays, I have reached out to an appraiser, Robert Shannon, who has agreed to complete an appraisal for the property. His fee for completing the appraisal is $5,500, and he can complete it within three weeks of receiving a retainer in the amount of $3,500. Please see the attached email from Mr. Shannon for more details.

I believe obtaining this appraisal will provide the necessary clarity and support for the court's decision. If the motion to approve the settlement proposal is continued due to the lack of an appraisal, it would constitute unjust enrichment and a strategic effort to defraud the debtor. Please be assured that I will seek legal remedies for a breach of fiduciary duty in such a case.

Please let me know if you have any objections to this plan. If I do not hear from you, I will file a motion and an emergency motion requesting the court's approval to obtain the appraisal at the bankruptcy estate's expense.

I also confirm our call for the 26(f) conference today at 2:30 PM.

Thank you for your cooperation.

Best regards,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

[Quoted text hidden]



**Lolonyon Akouete <info@smartinvestorsllc.com>**

## Request for Quote and Time Frame for Property Appraisal
6 messages

Exhibit 3

**Lolonyon Akouete** <info@smartinvestorsllc.com>  Wed, Jul 31, 2024 at 7:08 AM
To: rshannon@ccim.net

Dear Bob Shannon,

I hope this message finds you well.

I am writing to request a quote and the estimated time frame for conducting an appraisal of the property located at 231 Turnpike Road, Westborough, MA. Your contact information was provided to me by Josh Bartell of Mansard CRE.

Please provide the following details:

1. The cost of the appraisal.
2. The estimated time frame to complete the appraisal from the date of engagement.
3. Any specific information or documents you will need from me to proceed.

Your prompt response will be greatly appreciated as this information is crucial for my current proceedings.

Thank you for your assistance.

Sincerely,

Lolonyon Akouete
800 Red Milles Rd
Wallkill, NY 12589
info@smartinvestorsllc.com
(443) 447-3276

---

**rshannon@ccim.net** <rshannon@ccim.net>  Wed, Jul 31, 2024 at 4:04 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>

Hi Lolonyon,

Thank you for your e-mail this morning. I apologize for not getting back to you sooner as I was not in my office today. I will be back in tomorrow. Is there a convenient time that I can call you to discuss the appraisal that you need for 231 Turnpike Road, Westborough?

Best regards,

Bob Shannon

[Quoted text hidden]

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>  Thu, Aug 1, 2024 at 6:41 AM
To: rshannon@ccim.net

Hi Bob,

Thank you for your response.

I am available anytime today to discuss the appraisal for the property at 231 Turnpike Road, Westborough. Please feel free to call me at your earliest convenience.

For some background, the record owner of the theater is Westborough SPE LLC, a Delaware Limited Liability Company, with Mignonette Investments Limited, a British Virgin Islands limited partnership, as its sole member. As an asset recovery specialist, I have been delegated managerial authority per Westborough SPE LLC's Operating Agreement, making me the manager of the entity.

The Town of Westborough had foreclosed on the property for non-payment of taxes, I have filed a motion to vacate the foreclosure judgment Based on due process violation which they are opposing. Due to multiple continuations and their scorched-earth litigation tactics, I have exhausted my funds. Consequently, my previous attorney (Nathanson & Goldberg, P.C.) and the property's caretaker (The MobileStreet Trust) commenced an involuntary Chapter 7 bankruptcy.

A settlement has been proposed, which I believe is unfair, and I am opposing it. My aim is to sell the property to the highest bidder through a fair bidding process. We are reaching out to all movie theater companies to find a buyer who can offer a better price. Maximizing the property's value is crucial for me, as I receive 30% of the total asset recovery for the entity.

Given the current situation, an accurate and timely appraisal of the property is essential for attracting potential buyers and ensuring a fair market value is obtained. This appraisal will support my efforts to oppose the current settlement proposal and advocate for a higher sale price.

I am attaching the settlement proposal in my opposition for your reference.

Looking forward to speaking with you.

Best regards,

Lolonyon Akouete
800 Red Milles R
Wallkill, NY 12589
info@smartinvestorsllc.com
(443) 447-3276

[Quoted text hidden]

**2 attachments**

📄 **Westborough- Motion to Approve Settlement.pdf**
1607K

📄 **Opposition of Creditor Lolonyon Akouete to Motion of Chapter 7 Trustee for Approval of Settlement Agreement.pdf**
18711K

---

**rshannon@ccim.net** <rshannon@ccim.net>                    Thu, Aug 1, 2024 at 2:35 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>

Hi Lolonyon,

I just tried to call you a few minutes ago and I was connected to your voicemail. I was unable to leave a message as your mailbox is full. Please call me at your convenience. I will be in my office for the rest of the afternoon.  My # is 617-314-6138.

[Quoted text hidden]

---

**Robert Shannon** <rshannon@ccim.net>                       Fri, Aug 2, 2024 at 8:34 AM

To: Lolonyon Akouete <info@smartinvestorsllc.com>

Gods morning Lolo,

My fee for completing an appraisal for the property would be $5,500. I would be able to complete the appraisal within three weeks of receiving a retainer in the amount of $3500. Let me know if these terms are acceptable to you and I will prepare an engagement letter and send it to you over the weekend.

I am running out to an appointment and I will be back at 9:30. If you have any questions, don't hesitate to call me.

Best regards,
Bob Shannon
Sent from my iPhone

> On Jul 31, 2024, at 7:08 AM, Lolonyon Akouete <info@smartinvestorsllc.com> wrote:

[Quoted text hidden]

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>        Fri, Aug 2, 2024 at 1:44 PM
To: Robert Shannon <rshannon@ccim.net>

Hi Bob,

Thank you for your prompt response and details regarding the appraisal.

After communicating with the trustee, Jonathan Goldsmith, he informed me that he has not obtained a written appraisal and is relying on the basis for supporting the reasonableness of the settlement as noted in the Settlement. As a result, I will be filing a motion requesting the court's approval to obtain the appraisal independently.

The terms you provided are acceptable to me. However, please hold off on preparing the engagement letter until I receive court approval for the appraisal. I will inform you as soon as I have the court's decision.

I appreciate your assistance and look forward to working with you on this matter.

Best regards,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

[Quoted text hidden]

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com



_____
Lolonyon Y Akouete