UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 23-40709-CJP

Chapter 7

| In re: | TOWN OF WESTBOROUGH'S OPPOSITION TO CREDITOR LOLONYON AKOUETE'S MOTION TO STRIKE DECLARATION |
|---|---|
| WESTBOROUGH SPE LLC | |

The Town of Westborough ("Town"), listed in the Debtor's Matrix List of Creditors (Doc. No. 7) in the above-captioned action, hereby opposes the groundless Motion to Strike or Dismiss Declaration of Jonathan Steinberg (Doc. No. 327) filed by Lolonyon Akouete.

"Motions to strike are a generally disfavored remedy." Legal Sea Goods, LLC v. Strathmore Ins. Co., 517 F. Supp. 3d 32, 33 (D. Mass. 2021); see also Holland v. Select Portfolio Servicing, Inc., 301 F. Supp. 218, 222-224 (D. Mass. 2018) (denying motion to strike affidavit where it was based on personal knowledge, contained admissible evidence, and was not "redundant, immaterial, impertinent, or scandalous").  Where questions go to accuracy of statements in a declaration, the proper course is to allow those questions to be posed on cross-examination to test the evidence's weight, rather than by striking the evidence in question.  Cf. Holland, 301 F. Supp. 3d at 223 ("To the extent Ms. Holland wishes to challenge the accuracy of Ms. Smiley's statements or the substance of the underlying records, her arguments go to the weight of Ms. Smiley's testimony and not to its admissibility." (formatting omitted)).  Treating Mr. Akouete's motion in the most favorable light, that is what his motion to strike does—raise questions that, per the Court's direction at the August 19, 2024 hearing, Mr. Akouete may ask of Mr. Steinberg through cross-examination at the upcoming evidentiary hearing on the Chapter 7 Trustee's Motion to Approve Settlement.

Indeed, Mr. Akouete identifies no legal basis to strike Mr. Steinberg's Declaration or any of its contents under the Federal Rules of Evidence. Instead, Mr. Akouete merely states his disagreement with the declaration's contents. The Town submits, however, this only demonstrates the relevance and materiality of the declaration, which provides detailed information about the Town's assessed value of the property located at 231 Turnpike Road in Westborough, Massachusetts ("Property") and serves as Mr. Steinberg's direct testimony for the evidentiary hearing (per the Court's statements at the August 19, 2024 hearing). Because the point of the evidentiary hearing is to give Mr. Akouete the opportunity to cross-examine Mr. Steinberg (among others), there is no basis for striking the declaration. Even assuming any of Mr. Akouete's qualms with Mr. Steinberg's methodology had any validity (they do not), "[v]igorous cross-examination [and] presentation of contrary evidence" "are the traditional and appropriate means" for Mr. Akouete to attempt to "attack[]" what he believes to be "shaky" evidence that is nonetheless admissible under the Federal Rules of Evidence. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 596 (1993).

Even if Mr. Akouete's motion raised any question of admissibility (it does not), the Town notes that the threshold for relevance is "low" and if evidence has "any tendency to make a material fact more or less likely, it is relevant." Gonpo v. Sonam's Stonewalls & Art, LLC, 41 F.4th 1, 15 (1st Cir. 2022) (quotation omitted). Mr. Steinberg's testimony, set forth in his declaration, is relevant to determination of the material facts concerning the value of the Property, as related to the Settlement Agreement. And, as outlined in his declaration, Mr. Steinberg applied the relevant legal standards, employed the industry-standard systems for property assessment by a municipal assessor, and has detailed changes in value to the Property over time. Cf. Hache v. AIG Claims, Inc., No. 20-CV-10652, 2023 WL 5939644, at *4 (D. Mass. Sept. 12, 2023) (denying motions to

strike expert testimony when it was not shown that experts used flawed methodology); accord Nevor v. Moneypenny Holdings, LLC, 842 F.3d 113, 118 (1st Cir. 2016) ("When judges act as factfinders, they are given considerable leeway in choosing among the views of experts and in determining the weight and value to be assigned to the opinions of each expert." (quotations omitted)).

 For the foregoing reasons, the Court should deny Mr. Akouete's Motion to Strike or Dismiss the Declaration of Jonathan Steinberg.

Respectfully submitted,

TOWN OF WESTBOROUGH,

By its attorneys,

*[signature]*

Brian W. Riley (BBO# 555385)
Jeffrey T. Blake (BBO# 655773)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jblake@k-plaw.com
rsmerage@k-plaw.com

Date: September 12, 2024

940158/WBOR/0049

## CERTIFICATE OF SERVICE

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing Oppsotion to be served through the Court's CM/ECF system to the following counsel of record or by U.S. mail to the following unregistered parties:

Stephen F. Gordon
The Gordon Law Firm LLP
River Place
57 River Street
Wellesley, MA 02481
sgordon@gordonfirm.com
*Attorney for Petitioning Creditors*

Jonathan R. Goldsmith
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor
Springfield, MA 01103
trusteedocs1@gkalawfirm.com
*Attorney for Chapter 7 Trustee*

Richard King
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
*Attorney for the U.S. Trustee*

Westborough SPE, LLC
c/o Lolonyon Akouete
1241 Deer Park Ave., Suite 1, #1051
North Babylon, NY 11703
*Debtor* (by U.S. mail)

Lenard Benson Zide
Butters Brazilian LLP
420 Boylston Street, 4th Floor
Boston, MA 02116
zide@buttersbrazilian.com
*Attorney for Creditor The MobileStreet Trust* (by email)

Paul W. Carey
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
pcarey@mirickoconnell.com
*Attorney for Creditor Ferris Development Group, LLC*

Darin Clagg
24 Kobbs Korner Rd.
Pine Bush, NY 12566
*Creditor* (by U.S. Mail)

Jonathan La Liberte
Sherin and Lodgen LLP
101 Federal Street, 30th Floor
Boston, MA 02110
jclaliberte@sherin.com
*Attorney for Creditor Sherin and Lodgen LLP* (by email)

Lolonyon Akouete
800 Red Milles Rd.
Wallkill, NY 12589
info@smartinvestorsllc.com
*Creditor* (by email)

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com
*Creditor* (by email)

Christine E. Devine
Nicholson Devine LLC
PO Box 7
Medway, MA 02505
*Attorney for Chapter 7 Trustee*

Dated: September 12, 2024

_____
Roger L. Smerage

center-bottom: "4"