

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

```
                                    )
In re:                              )        Chapter 7
                                    )        Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,                )
                                    )
                  Debtor.           )
                                    )
```

CREDITOR'S MOTION TO COMPEL TRUSTEE TO FILE A REPORT ON UNCLAIMED
FUNDS RECEIVED PURSUANT TO RULE 2015(a)

Now comes **Lolonyon Akouete**, a creditor in the above-referenced bankruptcy case, and respectfully moves this Honorable Court to compel the Chapter 7 Trustee to file a report specifically addressing the receipt and status of the **$1,293,646.83** in unclaimed funds received from the California State Controller. This motion is made pursuant to **Rule 2015(a)** of the Federal Rules of Bankruptcy Procedure and **11 U.S.C. § 704(a)(8)**. In support of this motion, the Creditor states as follows:

1. **Jurisdiction**: This Court has jurisdiction over this matter pursuant to **28 U.S.C. §§ 157 and 1334**.
2. **Background**:
   - On **August 31, 2023**, an involuntary petition was filed against **Westborough SPE LLC** under the provisions of Chapter 7 of the Bankruptcy Code.
   - The Trustee, **Jonathan R. Goldsmith**, was appointed to administer the estate of the Debtor.
   - Creditor **Lolonyon Akouete**, with an address at **800 Red Milles Rd, Wallkill, NY 12589**, has a vested interest in ensuring proper administration of the estate's assets, with creditor claims totaling **$4,525,000.00**.
   - On **February 2, 2024**, the Trustee filed **Dkt#78**, a motion to compel the California State Controller to surrender **$1,293,646.83** in unclaimed funds, which were identified as property of the bankruptcy estate.
   - On **February 12, 2024**, the Trustee withdrew **Dkt#78** following receipt of the funds, as confirmed in **Dkt#93**.
   - In an email dated **August 13, 2024**, the Trustee confirmed that the **$1.2 million** had been remitted to him from the State of California and referred to these funds as being held in a "legal fee escrow," indicating potential use for covering legal fees rather than distribution to creditors.
3. **Legal Basis**:
   - **Rule 2015(a)(2)** requires the Trustee to keep a record of receipts and the disposition of money and property received.
   - **Rule 2015(a)(3)** further mandates that the Trustee file reports on the administration of the estate, including detailed information about the disposition of funds.
4. **Grounds for Motion**:
   Despite the Trustee's acknowledgment of the receipt of **$1,293,646.83** from the California State Controller, the Trustee has not yet filed a report providing a detailed account of the receipt and disposition of these funds as required by **Rule 2015(a)**. Furthermore, there is

09/18/2024 REQUEST FOR EXPEDITED DETERMINATION IS DENIED. THE COURT WILL HOLD THE MOTION FOR OBJECTIONS IN THE ORDINARY COURSE, WHICH SHALL BE FILED ON OR BEFORE OCTOBER 2, 2024.