**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | Chapter 7<br>Case No. 23-40709-CJP |

**CHAPTER 7 TRUSTEE'S (I) OBJECTION TO CREDITOR'S**
**MOTION TO COMPEL AND (II) REQUEST FOR SANCTIONS RELATED THERETO**

NOW COMES Jonathan R. Goldsmith, the Chapter 7 trustee (the "Trustee") in the bankruptcy case (the "Bankruptcy Case" or "Case") of the above captioned debtor (the "Debtor") and hereby objects to the *Creditor's Motion to Compel Trustee to File a Report on Unclaimed Funds Received Pursuant to Rule 2015(a)* filed by Lolonyon Akouete on September 18, 2024 (the "Motion to Compel"). The Trustee also requests that Akouete be required to pay estate costs to respond to the Motion to Compel as it is a frivolous waste of time and has no basis in law.

In support hereof, the Trustee states as follows:

1. On August 31, 2023 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On October 11, 2023, this Court entered an Order for Relief in this case [Dkt. No. 26] and this case remains a Chapter 7 case at this time.

3. On October 12, 2023, the United States Trustee appointed Jonathan R. Goldsmith as Chapter 7 trustee [Dkt. No. 29] and the Trustee remains as Trustee at this time.

## THE TRUSTEE IS IN COMPLIANCE WITH ALL DUTIES

4. Consistent with his duties, the Trustee is in the process of liquidating Estate assets which is well known to Mr. Akouete and all creditors and interested parties. More specifically, with respect to the funds that the Trustee has collected for the Estate, the Trustee recently stated in the Motion of Chapter 7 Trustee for Approval of Settlement Agreement [Dkt. No. 190, ¶4] that "[t]he primary assets of the Bankruptcy Estate are: (i) funds from a checking account in the name of the Debtor that had been remitted to the California State Controller's Office by MUFG Unition Bank in the amount of $1,293,646.83. **These funds have now been remitted to the Trustee and are being held for the benefit of the Bankruptcy Estate**; and (ii) any interest the Debtor may still have in [real property in Westborough and claims against the Town of Westborough]" (emphasis added).

5. The Trustee is also fully compliant with all reporting requirements imposed by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure including, without limitation, the requirement that the Trustee provide periodic reports to the Office of the United States Trustee. The Trustee has filed all required reports and is fully in compliance with Fed. R. Bankr. P. 2015(a) and all other reporting requirements.

6. Further, all Estate funds in the Trustee's possession are held pursuant to rules imposed by the United States Trustee including, without limitation, that funds are held in an US Trustee-approved depository. The Trustee also holds a bond to cover all funds which he holds in his capacity as Chapter 7 Trustee.

## MR. AKOUETE'S BASELESS MOTION TO COMPEL

7. In the Motion to Compel, Mr. Akouete requests that this Court compel the Trustee to "file a report on the receipt and disposition of" funds turned over to the Estate from the State

of California. As noted above, however, it is a matter of public record on this Court's docket that the Trustee has collected the funds at issue and is holding those funds for the benefit of the Estate.

8. Further, it is clear from the motion to Compel that Mr. Akouete is well aware of the fact that the Trustee has received and is in possession of the funds at issue.

9. Further, Mr. Akouete's purported concern about the use of funds for "legal fees rather than distribution to creditors" is simply a red herring. Mr. Akouete, as an active participant in this proceedings, receives notice of all pleadings filed in this case. As such, he is well aware from the applications to employ professionals and this Court's orders authorizing such employment that (i) payment of professional fees, including legal fees, is subject to Court approval and (ii) no Court approval has been sought or awarded at this time.

10. Clearly, the information that Mr. Akouete purports to seek is already known to him. As such, the motion is completely frivolous. Importantly, since the Trustee is fully in compliance with all reporting requirements, the Motion to Compel has <u>no basis in law</u>.

### MR. AKOUETE CONTINUES TO CAUSE THE ESTATE TO INCUR FEES AND EXPENSES BY FILING FRIVOLOUS PLEADINGS <u>WHICH HAVE NO BASIS IN LAW</u>

11. A cursory review of the docket demonstrates that Mr. Akouete has filed multiple baseless pleadings during this case. For example, Mr. Akouete has repeatedly requested the same relief multiple times despite this Court having ruled on the issue already. More specifically, Mr. Akouete filed three separate pleadings related to the Corporate Transparency Act [Dkt. Nos. 65, 104, and 244], all of which the Court has denied. Mr. Akouete has requested interim distributions multiple times [Dkt. Nos. 92, 180, and 258], which this Court has denied. Mr. Akouete has also filed multiple motions for reconsideration of various pleadings which this

Court denied [Dkt. Nos. 164, 165, and 333], despite failing to meet (or even allege) the legal standard for reconsideration.

12.  Each time Mr. Akouete files a baseless pleading, the Estate is forced to consider and assess the pleading. Often the Estate is required to respond in some manner to ensure rights are preserved and creditor interests are protected.

13.  The Motion to Compel is just the latest example of a pleading which lacks credibly on its face. As noted, the Motion itself acknowledges the funds that the Trustee. Further, as an active participant in the proceedings, Mr. Akouete is aware (or should be aware) that no Court Orders have entered authorizing payment of legal fees.

14.  The Motion to Compel is another example of a baseless pleading which has caused the Estate to incur legal fees.

### MR. AKOUETE SHOULD BE REQUIRED TO REIMBURSE THE ESTATE FOR EXPENSES RELATED TO THE MOTION TO COMPEL

15.  As set forth above, Mr. Akouete's Motion to Compel has no credible basis and it seeks no information that is unknown to Mr. Akouete. As such, it has no basis in law.

16.  Mr. Akouete has consistently abused these proceedings such that this Court recently warned Mr. Akouete that sanctions might result from "filings that violate the admonition that [Mr. Akouete's] requested relief **must have a basis in law** and is not otherwise seeking relief previously considered and denied" (emphasis added).  See, Court Order at Dkt. No. 336.

17.  Although the relief requested in the Motion to Compel is not directly repetitive of a prior request by Mr. Akouete, it certainly has no basis in law. The Trustee has timely filed all reports with the U.S. Trustee, there are no materials that are required but unfiled with this Court, and the Motion to Compel itself makes clear that Mr. Akouete knows precisely what the Trustee has collected from the State of California.

18. Mr. Akouete, therefore, seeks to compel information about something of which he is already aware. The request is quite clearly frivolous.

19. As the First Circuit Court of Appeals has recognized "bankruptcy courts may impose various forms of inherent-power sanctions." Charbono v. Sumski (In re Charbono), 790 F.3d 80, 87 (1st Cir. 2015) (additional citations omitted). In the Charbono case, the First Circuit considered the broad authority for courts to impose sanctions including that "courts may levy sanctions (including punitive sanctions) for such varied purposes as disciplining attorneys, remedying fraud on the court, and preventing the disruption of ongoing proceedings." Id. at 85-86, citing Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (collecting cases).

20. Here, it is clear that: (i) the Trustee is in compliance with all reporting obligations under Fed. R. Bankr. P. 2015(a)(2), (ii) the Trustee is not "operating" the Debtor under Bankruptcy Code § 704(a)(8) and, therefore, Fed. R. Bankr. P. 2015(a)(3) is not appliable, and (iii) the Motion to Compel seeks no information that is unknown to Mr. Akouete.

21. As such, the Trustee urges this Court to impose a reasonable sanction for Mr. Akouete's failure to abide by this Court's very recent admonition that pleadings that he submits to the Court "must have a basis in law."

22. Further, the Trustee submits that a reasonable sanction would be to require Mr. Akouete to pay the Estate's legal fees related to the Motion to Compel, including the preparation of the within Objection which the Trustee estimates are approximately $2,500.

WHEREFORE, the Trustee respectfully requests that this Court deny the Motion to Compel, sanction Mr. Akouete in the amount of $2,500 to be paid to the estate to offset legal

expenses and trustee fees incurred related to the Motion to Compel, and grant such other and further relief as is just.

        Respectfully submitted,

        **Jonathan R. Goldsmith,**
        **Chapter 7 Trustee**

        by proposed counsel,

        _____/s/ Christine E. Devine_____
        Christine E. Devine, BBO# 566990
        Nicholson Devine LLC
        P.O. Box 7
        Medway, MA 02053
        Phone:  508-533-7240
Dated: September 19, 2024        Email:  christine@nicholsondevine.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-40709-CJP** |

## CERTIFICATE OF SERVICE

The undersigned, Christine E. Devine, hereby certifies that on this day a copy of the following has been sent to all parties listed on the attached Service List in the manner noted thereon:

**CHAPTER 7 TRUSTEE'S (I) OBJECTION TO CREDITOR'S MOTION TO COMPEL AND (II) REQUEST FOR SANCTIONS RELATED THERETO.**

Dated: September 19, 2024

/s/ Christine E. Devine
Christine E. Devine, Esq.
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone: 508-533-7240
Email: christine@nicholsondevine.com

Electronic Mail Notice List

The following list of parties and attorneys have received electronic notice via the Court's CM/ECF noticing process:

- **Jeffrey T Blake**   jblake@k-plaw.com
- **Paul W. Carey**   pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com
- **Jose C. Centeio**   jcc@natgolaw.com
- **Christine E. Devine**   christine@nicholsondevine.com, devine.christiner109603@notify.bestcase.com
- **Jonathan R. Goldsmith**   bankrdocs1@gkalawfirm.com, bankrdocs@gkalawfirm.com
- **Jonathan R. Goldsmith**   trusteedocs1@gkalawfirm.com, trusteedocs@gkalawfirm.com;mwolohan@gkalawfirm.com;MA43@ecfcbis.com
- **Stephen F. Gordon**   sgordon@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- **Richard King**   USTPRegion01.WO.ECF@USDOJ.GOV
- **Samual A. Miller**   samual.miller@akerman.com
- **Brian W. Riley**   briley@k-plaw.com
- **Roger L. Smerage**   rsmerage@k-plaw.com

Email and/or First Class Mail, Postage Prepaid Notice List

The following list of parties and attorneys have been serviced via First Class Mail Postage Prepaid and via email as noted:

Lolonyon Akouete                Via Email and First Class Mail
800 Red Milles Rd
Wallkill, NY 12589
info@smartinvestorsllc.com

Denise Edwards                  Via Email and First Class Mail
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com

| | |
|---|---|
| Mark S. Lichtenstein<br>Akerman LLP<br>1251 Avenue of the Americas<br>37th Floor<br>New York, NY 10020<br>mark.lichtenstein@akerman.com | Via Email |
| Lenard Benson Zide, Esq.<br>Butters Brazilian LLP<br>420 Boylston Street, 4th Floor<br>Boston, MA 02116<br>zide@buttersbrazilian.com | Counsel to Mobile Street Trust<br>Via Email |
| Jonathan La Liberte<br>Sherin and Lodgen LLP<br>101 Federal Street, 30th Floor<br>Boston, MA 02110<br>jclaliberte@sherin.com | Via Email |