UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                                          )   Chapter 7
                                                )   Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,                            )
                                                )
                    Debtor.                     )
                                                )

### CREDITOR LOLONYON AKOUETE'S MOTION TO ORDER TRUSTEE TO EVALUATE CURRENT OFFERS FOR THE PROPERTY AT 231 TURNPIKE ROAD AND EXPEDITE DECISION-MAKING PROCESS

Now comes Creditor Lolonyon Akouete, and respectfully moves this Honorable Court for an order directing the Chapter 7 Trustee to promptly fulfill his fiduciary duties by evaluating the offers currently received for the Debtor's property located at 231 Turnpike Road, Westborough, MA. These offers, which are potentially superior to the current settlement proposal, must be reviewed, and a decision rendered expeditiously. In support of this motion, Creditor states the following:

1. **Background**
   - The Debtor, Westborough SPE LLC, is involved in this involuntary Chapter 7 bankruptcy case, where the Trustee has been tasked with managing the sale of the Debtor's property at 231 Turnpike Road.
   - The Trustee has agreed to a settlement proposal involving the sale of the property, but other offers have been received that may provide a higher value for the estate and its creditors.
2. **Trustee's Cash Reserves and Refusal to Alleviate Hardship**
   - The Trustee is currently holding approximately $1.2 million in cash but has refused to allow an interim distribution, which could help alleviate the significant financial hardships creditors, including myself, are experiencing.
   - In light of this, I, Creditor Lolonyon Akouete, was forced to borrow $1,000 from a friend, with a promise to repay $10,000, in order to fund efforts to conduct a market testing.
3. **Market Testing and Offers Received**
   - With the borrowed funds, I secured a CoStar subscription and conducted an extensive market test of the property at 231 Turnpike Road. The market response has been overwhelmingly positive, demonstrating significant interest from multiple parties.
   - As a result of this market test, I have received two formal offers for the property: one for $4.5 million and another for $4.8 million. These offers have been forwarded to the Trustee for review, no action has been taken to evaluate them in a timely manner.
4. **Court's Prior Instruction**
   - During a prior hearing, the Court advised the Trustee to engage in a process to ascertain the value of the property and assess whether any higher offers exist.
   - Rather than promptly fulfilling this duty, the Trustee has chosen to order an appraisal, a process that will take at least 60 days, thereby causing unnecessary

delays in this case. Meanwhile, viable offers are already on the table and could be considered immediately.

5. **Market Testing as a Quicker Alternative**
   - Market testing, a recognized and efficient method for determining the value of commercial properties, has already been successfully conducted. It is a faster, less expensive alternative to the Trustee's proposed appraisal process.
   - The Trustee's failure to act on these existing offers, coupled with the unnecessary delays caused by ordering an appraisal, risks missing opportunities to maximize the value of the estate for creditors.

6. **Fiduciary Duty of the Trustee**
   - As fiduciary, the Trustee is obligated to act in the best interests of the estate and its creditors by maximizing the value of the Debtor's assets and minimizing delays and costs.
   - The Trustee's current course of action does not fulfill this fiduciary duty, as it is prolonging the process while sitting on substantial cash reserves, which could be used for an interim distribution to alleviate creditor hardship.

7. **Relief Requested**
   - Creditor Lolonyon Akouete respectfully requests that this Court enter an order directing the Trustee to:
     1. Promptly evaluate the two offers already received for the property at 231 Turnpike Road (one for $4.5 million and another for $4.8 million);
     2. Determine whether these offers are superior to the current settlement proposal;
     3. Either accept or reject these offers within a reasonable timeframe, avoiding unnecessary delays caused by the appraisal process; and
     4. Consider market testing as a quicker, more efficient method of determining the value of the property, rather than waiting for a formal appraisal.

WHEREFORE, Creditor Lolonyon Akouete prays that this Honorable Court:

a. Grant this Motion;
b. Order the Trustee to promptly evaluate the offers received for the property and determine whether they are superior to the current settlement proposal;
c. Direct the Trustee to consider market testing as a quicker alternative to a formal appraisal; and
d. Grant such other and further relief as this Court deems just and proper.

DATED: October 2, 2024, Respectfully submitted:

By creditor,

_____
Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276



September 28, 2024

Connect United Inc.

Re: Offer to Purchase **231 Turnpike Rd., Westborough, MA**

To Whom it may concern:

Enclosed herein please find an Offer to Purchase **231 Turnpike Rd., Westborough, MA** from Connect United Inc. "Buyer" its assignee or nominee entity.

1) **Property:** The land and building thereon located at **231 Turnpike Rd. Westborough, MA** with all facilities and improvements thereon, to be more fully described in the Purchase & Sale Agreement (the Agreement).

2) **Purchase Price:**   $ 4,500,000   Total Purchase Price

   $ 50,000   shall be deposited in a mutually satisfactory Escrow Account upon execution of offer.

   $150,000   Shall be deposited in a mutually satisfactory Escrow Account upon the completion of Purchase and Sale Agreement

   $4,300,000   is to be paid at the time of delivery of the Deed at Closing in cash, or by certified, cashier's or bank check(s) or by wire transfer.

3) **Purchase and Sale Agreement:** The parties hereto shall, on or before **5pm October 14th, 2024** execute a mutually satisfactory Purchase and Sale Agreement ("P&S"), to be submitted by Seller. Seller will not solicit any other offers for the Property during the period commencing with its signing of this Letter of Intent and ending upon the execution and delivery of the Agreement mutually acceptable to both Buyer and Seller.

4) **Due Diligence Period/Financial Period:** Buyer shall have Sixty (45) days (the "Due Diligence Period") from the date of the full execution of the Purchase and Sale Agreement to perform and obtain satisfactory results or inspections with respect to due diligence on the Property including, but not limited to, review of title and encumbrances, environmental inspection, inspection and review of wetlands, if any, geotechnical, and topographical survey, review and inspection of utilities serving the Property. Seller agrees to cooperate with Buyer in this regard as reasonably practical. Buyer agrees to return any tested area its original condition. In the event that Buyer is not satisfied with

5 Commonwealth Road Natick, MA 01760 | Phone: (508) 820.2700 | Fax: (508) 820.2727 | www.svn.com
All SVN® Offices are independently owned and operated. The parties intend that neither shall have any contractual obligation to the other with respect to the matters referred herein unless and until a definitive agreement has been fully executed and delivered by the parties.



the results of its due diligence review for any reason whatsoever, Buyer may terminate the purchase and sale agreement at any time during the Due Diligence Period by serving the Seller written notice of his intention to terminate agreement and receive return of all deposits paid.

5) **Access:** At all times prior to Closing, Seller will provide Buyer and its agents full access to the Property (subject to reasonable notice by Buyer) and to the records, correspondence and other documentation relating to the Property in the possession of Seller.

6) **Environmental:** Seller shall provide Buyer with any and all data/reports relating to the Property's current environmental condition and Buyer must assure itself that the property is in substantial compliance with MGL Chapter 2lE ("2lE") on or before the expiration of the Due Diligence Period. Notwithstanding any such data/reports received from the Seller. If the Seller has no reports pertaining to the Environmental data, Buyer, at its expense, shall obtain and complete any and all environmental and/or hazardous waste inspections of the Premises. In the event the Premises/Property are not in substantial compliance with 21E, Buyer may either provide written notice to Seller to terminate this transaction on or before 5:00 PM EST on the date appointed for satisfaction of this condition, and provide Seller with a copy of such written environmental report evidencing the alleged deficiencies, or provide Seller the opportunity to cure the deficiency. Seller shall have the right to attend all testing after reasonable notice from Buyer.

7) **Structural/HVAC Inspections:** Buyer shall during the due diligence period, conduct an inspection of the building including its roof, walls, floors, electrical, mechanical and HVAC systems, as well as any building and site modifications to bring the property into full compliance with all state and local requirements. The cost of which shall be the Buyer's sole responsibility. In the event the Premises are not satisfactory to the Buyer, the Buyer must provide written notice to Seller to terminate this transaction on or before 5:00 PM EST on the date appointed for satisfaction of this condition.

8) **Closing:** A good and sufficient Quitclaim Deed, conveying to Buyer or its nominee a good and clear record, insurable (at ordinary rates) and marketable title, free from mortgages, liens and any other encumbrances which, in the Buyer's sole discretion, are unsatisfactory to the Buyer, shall be delivered at the closing which shall take place on or before Thirty (30) days from the end of the Due Diligence Period.

9) **Real Estate Brokerage Fee:** To be paid by Seller, upon closing and the deed being recorded, to SVN | Parsons Commercial Group | Boston.

10) **Binding:** Acceptance of this offer shall bind seller to not accept further offers on this property.

5 Commonwealth Road Natick, MA 01760 | Phone: (508) 820.2700 | Fax: (508) 820.2727 | www.svn.com
All SVN® Offices are independently owned and operated. The parties intend that neither shall have any contractual obligation to the other with respect to the matters referred herein unless and until a definitive agreement has been fully executed and delivered by the parties.



This offer to purchase will remain open until **5:00 PM EST Monday September 30th, 2024**

Sincerely,

Connect United

This Offer is hereby accepted upon the foregoing terms and conditions on _____.

Witness my hand and seal,

| Buyer: | Date: |
|---|---|
| *[signature]* | 9/28/2024 |
| Seller(s): | Date: |
| _____ | _____ |

5 Commonwealth Road Natick, MA 01760 | Phone: (508) 820.2700 | Fax: (508) 820.2727 | www.svn.com
All SVN® Offices are independently owned and operated. The parties intend that neither shall have any contractual obligation to the other with respect to the matters referred herein unless and until a definitive agreement has been fully executed and delivered by the parties.

# Offer to Purchase Real Estate

10/1/2024

TO: Lolonyon Akouete
Smart Investors LLC
800 Red Mills Road
Wallkill, NY 12589

THE PROPERTY HEREIN REFERED TO BE IDENTIFIED AS FOLLOWS:

231 Turnpike Rd, Westborough MA,01581 approximately 29.34 acres of land improved by a 47,872 sq foot building in its as is condition.

I hereby offer to buy said property which has been offered to me by Bernard Gibbons of Associated Brokerage Group under the following terms and conditions:

1. I will pay therefore $4,800,000.00 of which:

    (a) $5,000.00 is paid herewith as a deposit to bind this OFFER.

    (b) $195,000.00 is to be paid as an additional deposit upon the execution of Purchase and Sale Agreement provided below.

    (c) $4,600,000.00 Is to be paid at the time of delivery of the Deed in cash, or Certified, cashier's, treasurer's or bank check.

    (d) $4,800,000.00 TOTAL PURCHASE PRICE

2. This offer is good until 12pm Friday October 4, 2024, at or before which time a copy hereof shall be signed by you the Seller, signifying acceptance of this OFFER, and returned to me forthwith. Otherwise, this OFFER shall be considered as rejected and the money shall be returned to me forthwith.

3. The parties hereto shall, on or Friday October 19,2024, execute a Purchase and Sale Agreement on terms herein contained, which, when executed, shall be the Agreement between the Parties hereto.

4. A good and sufficient Deed, conveying a good and clear record and marketable title shall be delivered to the appropriate Registry of Deeds within 15 days of the expiration of the due diligence period.

5. If the buyer does not fulfil his obligation under this Offer, the above-mentioned deposit becomes the seller's property without recourse to either Party. Said deposit to be held by the escrow agent as escrow agent subject to the terms hereof, provided however, that in the event of any disagreement between any parties, the escrow agent may retain said deposit pending instructions mutually given by the parties.

6. Time is of the essence hereof.

7. This sale has contingencies (see Addendum A)

8. Seller to pay a commission to ABG Realty per separate agreement.

NOTICE: This is a legal document that creates binding obligations. If not understood, consult an attorney. In the event of any disagreement between the Parties, the escrow agent may retain said deposit pending instructions mutually given by Seller and Buyer.

SIGNED: _____ Date: _____
Buyer:       Empire Management

SELLER: _____Date: _____
            Owner of record

## ADDENDUM

The buyer requires a due diligence period of 30 days to review any and all pertinent information with regards to the subject property under agreement  If the buyer is dissatisfied with any information, reports or conditions he may discover during his due diligence period he may terminate this agreement in writing within 30 days and all deposits shall be returned without recourse to either party .If the buyer does not notify the seller in writing of his right to terminate the agreement within 30 days the contingency will be considered waived and the remaining provisions of the agreement shall be enforced. The buyer requires that the site be compliant with MGL 21E as a requirement for closing. The buyer may hire his own consultant to conduct an analysis of the property to ensure that its environmental condition will not prevent the buyer from using it for its intended use. The seller will assist the buyer in its due diligence and environmental analysis by providing any pertinent information and reports it has on the structure, site, and environmental condition of the subject property.

Subject to satisfactory walk through of the existing facility.


Signed_____ Date_____
Buyer    Empire Management


Signed_____ Date_____
Seller    Owner of record

3

**Associated Brokerage Group, LLC.**     307 Cambridge St • Cambridge, MA 02141
Office: 617-492-9900 • Fax: 617-661-6607
www.abgrealty.com

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com


_____
Lolonyon Y Akouete