UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 23-40709-CJP

Chapter 7

| In re:<br><br>WESTBOROUGH SPE LLC | TOWN OF WESTBOROUGH'S MOTION FOR INJUNCTION AND SANCTIONS AGAINST LOLONYON AKOUETE |
|---|---|

The Town of Westborough ("Town"), listed in the Debtor's Matrix List of Creditors (Doc. No. 7) in the above-captioned action, hereby moves the Court pursuant to Rules 9013 and 9014 of the Federal Rules of Bankruptcy for an order requiring Mr. Akouete to cease all conduct pursuant to which he purports to be selling the real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property") and enjoining Mr. Akouete from engaging in such conduct going forward, as well as sanctioning Mr. Akouete for such improper and unauthorized conduct.[1]

It recently came to the Town's attention that Mr. Akouete has listed the Property for sale on a website called "LoopNet" and has taken other steps to solicit offers to purchase the Property. Mr. Akouete's most recent (and subsequently denied) motion is based upon his apparent receipt of offers in response to such conduct. Mr. Akouete has done so despite the fact that the Town holds absolute title to the Property and he has no legal interest in the Property. In other words, regardless of all the other issues pending in these proceedings concerning Mr. Akouete's authority to act on behalf of the purported debtor Westborough SPE LLC (the "LLC")—of which there are

---

[1] The Town originally intended this filing to serve as an opposition and cross-motion to the Motion to Order Trustee to Evaluate Current Offers filed by Mr. Akouete (Doc. No. 368). Before the Town was able to finalize and file this paper, however, the Court entered an order denying that motion, in which order the Court recognized that Mr. Akouete "ignores the fact that record title to the subject property was not in the debtor's name as of the petition date and that the Trustee will be required to litigate to recover the property before the estate could seek to 'act' on any offer." See Doc. No. 369. As such, the Town files the instant paper as a motion, but nevertheless still asks the Court to consider Mr. Akouete's recently denied motion when considering whether sanctions are appropriate.

1

many disputed issues—Mr. Akouete has no authority to sell the Property, much less hold himself out to the world as a seller of the Property.

The fact that Mr. Akouete is doing so in an attempt to drum up evidence for the upcoming evidentiary hearing on the Chapter 7 Trustee's Motion to Approve Settlement does not somehow give him rights in the Property that do not otherwise exist. The Court should go beyond denying Mr. Akouete's most recent motion (as it has already done) and also enjoin Mr. Akouete from continuing this course of conduct. Additionally, because Mr. Akouete's conduct continues a pattern of vexatious conduct in these proceedings, disregards the Town's request that he cease and desist without Court intervention (not to mention the Court's prior warnings about baseless filings), and risks significant confusion as to the state of the Property, the Court should sanction Mr. Akouete by, at minimum, ordering him to pay the Town's legal fees for having to make this filing and excluding any evidence that Mr. Akouete procures through this conduct from the evidentiary hearing.

**BACKGROUND**

1. On January 5, 2022, the Town obtained a Judgment in Tax Lien Case from the Massachusetts Land Court with respect to the Property. See Declaration of Roger L. Smerage (filed herewith and referred to herein as the "Smerage Decl."), Exhibit A.

2. As a result of this judgment (which is recorded in the Worcester County Registry of Deeds at Book 66983, Page 53), the Town obtained absolute title to the Property. See Tallage Lincoln, LLC v. Williams, 485 Mass. 449, 451-453 (2020).

3. To make a long story short, disputes subsequently arose regarding the status of the Property, driven in part by Mr. Akouete despite the fact that his authority to act for the LLC is doubtful (at best), and this bankruptcy proceeding ultimately resulted when Mr. Akouete's counsel

2

(engaged apparently for the LLC) and the owner of abutting property (which is subject to reciprocal covenants and easements) filed an involuntary Chapter 7 petition against the LLC.

4. The Town, the Chapter 7 Trustee (acting on behalf of the LLC), the Petitioning Creditors, and certain other creditors and interested parties—but not Mr. Akouete—subsequently entered into a Settlement Agreement and Mutual Release (the "Settlement") to resolve the various disputes concerning the Property.

5. The Chapter 7 Trustee moved pursuant to Rule 9019 for approval of the Settlement, but Mr. Akouete objected to the Settlement.  See Doc. Nos. 190, 191.

6. An evidentiary hearing limited to the issue of the value of the Property, as it concerns Mr. Akouete's objection, is scheduled for November 18, 2024.

7. On Sunday, September 29, 2024, Mr. Akouete sent the Trustee an email entitled, "Transparency and Consideration of Interests Before Making a Counteroffer for 231 Turnpike Rd," in which Mr. Akouete copied dozens of individuals, including the undersigned Town Counsel.  See Smerage Decl., ¶ 4 & Exhibit B.

8. In that email, Mr. Akouete states that he is "actively working on securing a new buyer for the property at 231 Turnpike Rd," which he (incorrectly) describes as "part of the bankruptcy estate of Westborough SPE, LLC."[2]  See id.

9. Mr. Akouete also states in his email that "[y]esterday, I listed the property on LoopNet for market testing purposes, and I have already received several inquiries and one offer."  See id.

---

[2] As discussed further herein, the Property itself is not part of the estate.  At most, the LLC's legal claim to try to revive the foreclosed right of redemption is an asset of the estate.

3

10. Moreover, Mr. Akouete attached to the email two documents reflecting his communications with Parsons Commercial Group in which Mr. Akouete affirmatively solicits an offer to purchase the Property. See id.

11. Mr. Akouete has indeed listed the Property for sale on a website called "LoopNet." See Smerage Decl., ¶ 5 & Exhibit C.

12. Nowhere in the listing for the Property does Mr. Akouete disclose that he is not the owner of the Property, that the Town is the owner of the Property, or that the Property is a subject of dispute in these bankruptcy proceedings. See id.

13. Rather, the listing states that "[t]he Retail Property at 231 Turnpike Rd, Westborough, MA 01581 is currently available For Sale. Contact Smart Investors LLC for more information." See id.

14. Smart Investors LLC is an entity affiliated with Mr. Akouete, as reflected by the email address he has used to communicate with the parties to this proceeding. See Smerage Decl., Exhibit B.

15. Representatives of Lax Media, one of the parties to the Settlement, have raised concerns about Mr. Akouete's listing of the Property with the Town, stating that it "is causing a lot of confusion." See Smerage Decl., Exhibit D.

16. On October 1, 2024, the undersigned Town Counsel sent Mr. Akouete a reply email demanding that he cease and desist from his efforts to sell the Property or hold himself out as selling the Property. See Smerage Decl., Exhibit E.

17. Mr. Akouete responded that he would not do so "until the court orders otherwise." See id.

# ARGUMENT

## I. MR. AKOUETE HAS NO LEGAL BASIS TO SOLICIT OFFERS FOR THE SALE OF PROPERTY THAT THE TOWN OWNS

The Town obtained absolute title to the Property on January 5, 2022, and still holds such title, notwithstanding the various disputes concerning the Property's status. See Tallage Lincoln, LLC v. Williams, 485 Mass. at 451-453 (entry of tax title foreclosure judgment "extinguishes the taxpayer's remaining interest in the property—the right of redemption—and converts the municipality's … tax title into absolute title … free and clear of all encumbrances, including mortgages and other liens"). No one else has any legal interest in the Property. That is true of the LLC, the Chapter 7 Trustee, and—most importantly—Mr. Akouete.

Given that Mr. Akouete has no legal interest in the Property, he has no legal right to solicit offers for the sale of the Property. He has nothing to sell. He cannot represent to the world that the Property is his to sell. And yet, through the "LoopNet" listing and other communications, that is exactly what Mr. Akouete has done. He now asks the Court to order the parties to the Settlement to capitulate to the offers that Mr. Akouete has solicited as a result. The Court properly refused to given that the Property is not Mr. Akouete's to sell, any more than the Brooklyn Bridge is Mr. Akouete's to sell.

## II. THE COURT SHOULD ENJOIN MR. AKOUETE'S ATTEMPTS TO SELL THE PROPERTY

Mr. Akouete's actions to market the Property, to which he has no claim of ownership, are sufficiently egregious to warrant the extraordinary relief of a preliminary injunction. See Winter v. Natural Resources Defense Council, 555 U.S. 7, 25 (2008).[3] All factors for issuance of such an

---

[3] Although Fed. R. Bankr. P. 7065 (which makes Fed. R. Civ. P. 65 applicable in bankruptcy adversary proceedings) does not automatically apply in contested matters such as this one, "[t]he [C]ourt may at any stage in a particular matter direct that one or more of the other rules in Part VII," such as Rule 7065, "shall apply." Fed. R. Bankr. P.

5

injunction are satisfied here. Given that an injunction should be granted "where the intervention of a court of equity is essential in order effectually to protect property rights against injuries otherwise irremediable," see Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982), and Mr. Akouete's actions interfere with the Town's property rights in such manner, the Court should enjoin Mr. Akouete from continuing any conduct through which he purports to own or be able to sell the Property.

The Town is likely to succeed on showing that Mr. Akouete's conduct is improper.[4] As noted above, Mr. Akouete has no legal interest in the Property, title to which is currently vested in the Town absolutely, and thus no basis on which to represent to the world (whether through "LoopNet" or otherwise) that he is selling the Property. The fact that the LLC has sought to vacate the Land Court's foreclosure judgment or otherwise might assert claims to unwind the foreclosure judgment and revive the right of redemption under G.L. c. 60 does not change this. Nor does it somehow vest Mr. Akouete with a personal legal interest in the Property.[5] Simply put, Mr. Akouete's actions to list the Property for sale and hold himself out to the world as selling the Property are unlawful and should be restrained.

Additionally, the Town is likely to suffer irreparable harm if Mr. Akouete's conduct is not restrained. Lax Media has already expressed confusion about Mr. Akouete's actions, which is particularly concerning given that Lax Media is the recipient of the Town's 2022 RFP award for

---

9014(c). The Town hereby requests the Court apply Rule 7065 in this matter and further waive the provisions of Fed. R. Civ. P. 65(c) requiring security as the Town is a municipality.

[4] Although the Town has not initiated an adversary proceeding against Mr. Akouete given that his conduct arises in the context of an existing contested matter, the Town could—if necessary—state a claim for declaratory judgment that Mr. Akouete does not own the Property. See 28 U.S.C. § 2201.

[5] Such claims, of course, are now vested in the Chapter 7 Trustee, not the LLC itself, much less its purported managers. Thus, even if Mr. Akouete had any authority to act for the LLC—which the Town disputes (as reflected in its pending § 707 Motion to Dismiss)—the LLC could not take any steps to market or sell the Property unless and until the Chapter 7 Trustee prevailed on such claims. Once again, it must be noted that the Settlement contemplates resolution of those claims.

the Property and has rights to purchase the Property under the Settlement. More generally, Mr. Akouete's actions create risk that the public at large will become confused as to the ownership of the Property. The Settlement is intended to resolve all issues concerning the ownership of the Property and Mr. Akouete's actions jeopardize that. While he is entitled to object to the Settlement, he is not entitled to sow confusion into the market. And because such actions lead to harm that cannot be remedied through a money judgment or other legal remedy, the harm is irreparable and should be redressed through an injunction.

To that end, Mr. Akouete would not be harmed by the entry of the requested injunction, such that the balancing of harms necessarily weighs in favor of the Town. The injunction the Town seeks—that Mr. Akouete be required to take down all listings of the Property for sale and cease representing to third parties that he is selling, or can sell, the Property—does nothing more than prevent Mr. Akouete from taking action to market real property in which he has no legal interest. It in no way prevents Mr. Akouete from preparing for the upcoming evidentiary hearing, or developing evidence for such hearing, through lawful and proper means.[6]

Finally, the requested injunction serves the public interest. As noted above, Mr. Akouete's listing the Property for sale and other actions misrepresenting to the market that he can sell the Property creates significant confusion concerning the Property. The Town, to be clear, is not intending to sell the Property at this time other than through the Settlement to which it has agreed. The public interest is not well-served by Mr. Akouete's conduct implying that the Property is otherwise available for sale. As such, the Court should enjoin that conduct.

---

[6] Mr. Akouete has asserted in recent filings that he wishes to attend the evidentiary hearing by Zoom. The Town objects to any such request. Mr. Akouete appears intent on introducing documentary and testimonial evidence at the evidentiary hearing and the Town intends to cross-examine Mr. Akouete regarding such evidence.

7

**III.    THE COURT SHOULD SANCTION MR. AKOUETE**

The Court should also sanction Mr. Akouete for his latest maneuvering. Bankruptcy Courts such as this one have the inherent power to impose sanctions, whether for contempt of court, "remedying fraud on the court," or "preventing the disruption of ongoing proceedings." See Charbono v. Sumski (In re Charbono), 790 F.3d 80, 85-87 (1st Cir. 2015). Mr. Akouete's conduct with respect to the listing of the Property for sale is a disruption of this Court's ongoing proceedings to say the least, particularly with respect to the upcoming evidentiary hearing on the Settlement.

Mr. Akouete has spent the past year filing baseless and repetitive motions in significant volume. See Doc. Nos. 62, 65, 68, 92, 99, 104, 122, 126, 130, 135, 149, 164, 165, 166, 178, 180, 181, 182, 193, 212, 214, 218, 219, 229, 239, 244, 246, 247, 248, 250, 280, 300, 302, 327, 333, 340, 358, 359. The Town has had to expend significant amounts of time and substantial amounts of resources responding to several of these motions. See Doc. Nos. 113, 138, 153, 172, 183, 223, 330. The Court has put Mr. Akouete on notice that continuing with such conduct would result in sanctions. See Doc. Nos. 336, 353. Now, Mr. Akouete has not only filed another baseless motion to which the Town has had to respond (even though the Court denied the motion before the Town filed this response), but he has done so on the foundation of his unlawful listing of property he does not own (but the Town does) for sale. Such bad faith conduct not only warrants sanctions, but specifically warrants an award of attorneys' fees in favor of the Town for having to prepare this filing and bring Mr. Akouete's continuing egregious behavior to the Court's attention. See In re Charbono, 790 F.3d at 87-88. As an additional form of sanction, the Court should preclude Mr. Akouete from submitting into evidence at the upcoming evidentiary hearing any information or documents resulting from his improper and unauthorized listing of the Property for sale.

8

**CONCLUSION**

For the foregoing reasons, the Court should (1) grant this motion; (2) order Mr. Akouete to take down all sales listings for the Property and refrain from all conduct in which he purports to own or be selling the Property; (3) sanction Mr. Akouete by ordering him to pay the Town's attorneys' fees for this filing and by excluding any evidence Mr. Akouete generates through his improper attempts to sell the Property from the evidentiary hearing on the Settlement; and (4) order all other relief the Court deems just and necessary.

Respectfully submitted,

TOWN OF WESTBOROUGH,

By its attorneys,

_____
Brian W. Riley (BBO# 555385)
Jeffrey T. Blake (BBO# 655773)
Roger L. Smerage (BBO# 675388)
KP Law, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
briley@k-plaw.com
jblake@k-plaw.com
rsmerage@k-plaw.com

Dated: October 2, 2024

943278/WBOR/0049

9

<u>CERTIFICATE OF SERVICE</u>

I, Roger L. Smerage, hereby certify that on the below date, I caused a copy of the foregoing Opposition and Cross-Motion to be served through the Court's CM/ECF system to the following counsel of record or by U.S. mail or email to the following unregistered parties:

| | | |
|---|---|---|
| Stephen F. Gordon<br>The Gordon Law Firm LLP<br>River Place<br>57 River Street<br>Wellesley, MA 02481<br>sgordon@gordonfirm.com<br>*Attorney for Petitioning Creditors* | Jonathan R. Goldsmith<br>Goldsmith, Katz & Argenio P.C.<br>1350 Main Street, 15th Floor<br>Springfield, MA 01103<br>trusteedocs1@gkalawfirm.com<br>*Attorney for Chapter 7 Trustee* | Richard King<br>Office of US. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608<br>*Attorney for the U.S. Trustee* |
| Westborough SPE, LLC<br>c/o Lolonyon Akouete<br>1241 Deer Park Ave., Suite 1, #1051<br>North Babylon, NY 11703<br>*Debtor* (by U.S. mail) | Lenard Benson Zide<br>Butters Brazilian LLP<br>420 Boylston Street, 4th Floor<br>Boston, MA 02116<br>zide@buttersbrazilian.com<br>*Attorney for Creditor The MobileStreet Trust* (by email) | Paul W. Carey<br>Mirick, O'Connell, DeMallie & Lougee, LLP<br>100 Front Street<br>Worcester, MA 01608-1477<br>pcarey@mirickoconnell.com<br>*Attorney for Creditor Ferris Development Group, LLC* |
| Darin Clagg<br>24 Kobbs Korner Rd.<br>Pine Bush, NY 12566<br>*Creditor* (by U.S. Mail) | Jonathan La Liberte<br>Sherin and Lodgen LLP<br>101 Federal Street, 30th Floor<br>Boston, MA 02110<br>jclaliberte@sherin.com<br>*Attorney for Creditor Sherin and Lodgen LLP* (by email) | Lolonyon Akouete<br>800 Red Milles Rd.<br>Wallkill, NY 12589<br>info@smartinvestorsllc.com<br>*Creditor* (by email) |
| Denise Edwards<br>137 North 25th Street<br>Wyandanch, NY 11798<br>deniseedwards818@yahoo.com<br>*Creditor* (by email) | Christine E. Devine<br>Nicholson Devine LLC<br>PO Box 7<br>Medway, MA 02505<br>*Attorney for Chapter 7 Trustee* | |

Dated: October 2, 2024

_____
Roger L. Smerage