UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

MOTION TO SUBSTITUTE PROPOSED ORDER AND SUGGEST USE OF LIS PENDENS

**Introduction:**

I, Lolonyon Akouete, a creditor and pro se party in the above-captioned case, respectfully move this Court to reject the Town of Westborough's proposed order and substitute it with a more appropriate remedy, specifically the filing of a *lis pendens* on the property located at 231 Turnpike Road, Westborough, MA. I believe this alternative adequately addresses the Court's and the Town's concerns while respecting my role and responsibilities in protecting the interests of the bankruptcy estate.

**I. Lis Pendens as a More Appropriate Legal Tool**

The proposed order from the Town is unduly burdensome and prejudicial, especially given that the trustee has not yet fully defined what interest the bankruptcy estate has in the property or finished evaluating the claims associated with it. Rather than imposing such restrictions, a *lis pendens* would be a more suitable remedy, providing proper notice to potential buyers and protecting the estate's interests.

A *lis pendens* serves several crucial purposes:

1. **Notifies the public**: It alerts potential buyers and lenders that the property is subject to litigation.
2. **Protects potential buyers and lenders**: It warns them that any interest they acquire in the property will be subject to the outcome of the pending lawsuit.
3. **Grants courts jurisdiction**: It ensures that the court has jurisdiction over the property until final judgment is rendered.
4. **Preserves the rights of all parties**: It ensures that claims regarding the property are addressed through the court without completely obstructing the potential sale process.

This tool strikes a balance by addressing the concerns of the court and the Town while allowing for the possibility of maximizing the value of the property for the benefit of the estate and creditors.

**II. Addressing the Court's Concerns Regarding Alleged Misleading Actions**

During the hearing on October 8, 2024, the Court expressed concern that my actions may have been misleading and implied that I was representing myself as the owner of the property. The Court

indicated that such actions could be problematic, given that title to the property is currently held by the Town pursuant to a foreclosure judgment on a tax title.

I respectfully assert that this allegation is unfounded. At no point did I represent or imply that I was the owner of the property. I have fully disclosed the nature of the situation to the brokers who made offers on the property for their clients. Both brokers were made aware that the property is the subject of ongoing litigation, and they fully understood the legal complexities surrounding its ownership and the bankruptcy case.

Moreover, one of the brokers who submitted an offer has expressed a willingness to assist in providing the $50,000 necessary to convert the bankruptcy case from Chapter 7 to Chapter 11. This demonstrates that both brokers are fully informed of the case's context, and no attempts have been made to mislead them.

The Town's and Trustee's attorneys are free to communicate with these brokers directly to verify this information. I am confident that such communication will confirm that my actions were in good faith and fully transparent, with no intent to mislead any parties involved in this matter.

Given this transparency, I believe that the proposed order, which seeks to impose severe restrictions on my ability to communicate with interested parties, is unnecessary and overly burdensome. A more equitable solution, as proposed earlier in this motion, would be to file a *lis pendens* to properly notify potential buyers of the pending litigation while allowing me to continue working toward maximizing recovery for the estate.

### III. Issues Regarding the Trustee's Handling of the Estate

I have previously filed a motion requesting that the trustee either pursue or abandon claims belonging to the bankruptcy estate. The trustee opposed this motion, stating that he has not yet completed his evaluation of those claims. It is unclear how the trustee can propose a settlement without fully evaluating the estate's interests, making it premature to impose the proposed order.

Further complicating the situation is the trustee's heavy reliance on the attorneys representing the petitioning creditors for legal advice, as evidenced by recent email correspondence. This, combined with what I perceive as favorable treatment of the Town, raises serious concerns about potential conflicts of interest. Additionally, the recent discovery of communications suggesting that higher offers for the property are viewed as problematic because they could disrupt the settlement creates further concern that the trustee may not be acting in the best interests of the estate.

Given these concerns, I fear that if I refer potential buyers to the trustee or the Town, as suggested in the proposed order, their offers will be discouraged or ignored, further harming the estate.

### IV. My Status as a Creditor and Manager of the Debtor

It is important to note that I hold the position of manager of the debtor entity. While this role has been called into question, I have filed an adversary proceeding for declaratory judgment affirming my position as manager. Although this proceeding has been stayed, I continue to have a significant interest in the outcome of this case.

As a non-attorney, I am unable to represent the entity in court, which led me to file a proof of claim so that I can continue participating in the bankruptcy process as a creditor. Despite my efforts, the

trustee has recently hired an attorney specifically to oppose my claims, and I have previously raised issues regarding the trustee's breach of fiduciary duty.

**Conclusion**

In light of the ongoing uncertainties regarding the trustee's evaluation of the estate's claims, my role as manager and creditor, and the potential conflicts of interest between the trustee and the petitioning creditors, I believe that the proposed order is inappropriate and overly restrictive.

I respectfully request that the Court reject the Town's proposed order and instead allow for the filing of a *lis pendens* to address the concerns raised during the hearing. A *lis pendens* would effectively notify potential buyers of the litigation while allowing me to continue working to maximize the value of the estate for the benefit of all creditors.

**Exhibits:**

- **Exhibit A**: The proposed order submitted by the Town.
- **Exhibit B**: My revised version of the proposed order.
- **Exhibit C**: Dkt#29 Order dated 7/23/2024 Re: [20] Answer to Complaint.
- **Exhibit D**: Dkt#166, 173, 179, 251: My Motion to Abandon Claims, Trustee's Objection, and Court's Denial.

DATED: October 10, 2024, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 23-40709-CJP

Chapter 7

In re:

WESTBOROUGH SPE LLC                    [PROPOSED] ORDER

        Debtor(s)

This matter came before the Court on October 8, 2024, for a duly-noticed telephonic hearing on the Motion for Injunction and Sanctions against Lolonyon Akouete (Doc. No. 370) (the "Motion") filed by the Town of Westborough ("Town"). Based on the information set forth in the Motion and the affidavit in support thereof, and for the reasons stated on the record during the October 8, 2024 telephonic hearing, which Lolonyon Akouete ("Mr. Akouete") attended,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Town's request for sanctions against Mr. Akouete remains pending. Mr. Akouete is ordered to show cause in writing on or before October 22, 2024, why he should not be sanctioned for the conduct set forth in the Motion (in addition to the conduct referenced in the Court's prior show cause orders, Doc Nos. 382 and 383). The Court will schedule a hearing on potential sanctions against Mr. Akouete for a future date or provide other relief in connection with the Town's request for sanctions in the Court's discretion.

2.      The Court hereby exercises its inherent power to manage the administration of this bankruptcy proceeding and ORDERS that Mr. Akouete SHALL:

        a.      Within 24 hours of the entry of this Order, take down, remove, and, if necessary, request that CoStar Group take down and remove, LoopNet listing ID 33330926

1

concerning the real property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property");

      b.      Within 24 hours of the entry of this Order, take down and remove any other listing that Mr. Akouete may have made or caused to be made concerning the Property, either individually or through his company Smart Investors LLC, or any agent or employee thereof;

      c.      Refrain from listing the Property for sale on any website, listing service, or medium for selling real property, or otherwise marketing the Property for sale, either individually or through his company Smart Investors LLC, or any agent or employee thereof;

      d.      Immediately cease and desist from:

         i.      Representing or implying that Mr. Akouete or his company Smart Investors LLC (or any agent or employee thereof) owns, holds title to, or has any right or authority to sell or market the Property;

         ii.      soliciting offers to sell the Property or taking other actions related to the sale of the Property;

         iii.      engaging in any communication with third parties, including those third parties with whom Mr. Akouete has already been communicating, regarding the Property, whether the result of Mr. Akouete's prior actions to list the Property for sale or otherwise, unless Mr. Akouete (A) identifies himself as a purported creditor of Westborough SPE LLC in Bankruptcy Case No. 23-40709 rather than an agent of the Debtor; (B) discloses to said third parties that title to the Property currently is held by the Town exclusively and that any and all claims to the Property are held by the Chapter 7 Trustee on behalf of the Debtor's bankruptcy estate; and (C) informs said third parties that any communications concerning the sale of the Property, or any offer to purchase the Property, shall be ONLY with Attorney Roger L. Smerage

on behalf of the Town and Attorneys Christine Devine and Jonathan Goldsmith on behalf of the

Chapter 7 Trustee.

      IT IS SO ORDERED.   ANY VIOLATION OF THIS ORDER MAY SUBJECT MR.

AKOUETE TO A FINDING OF CONTEMPT AND RESULTING PENALTIES.

Dated:                                      By the Court,

_____

Christopher J. Panos
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

Exhibit 2

Case No. 23-40709-CJP

Chapter 7

In re:

WESTBOROUGH SPE LLC                    [PROPOSED] ORDER

        Debtor(s)

This matter came before the Court on October 8, 2024, for a duly-noticed telephonic hearing on the Motion for Injunction and Sanctions against creditor Lolonyon Akouete (Doc. No. 370), filed by the Town of Westborough ("Town"). Based on the hearing, the Court enters this order to clarify the boundaries of Mr. Akouete's involvement in the administration of the estate and ensure equitable treatment for all parties involved.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Solicitation of Offers & Communications
   Mr. Akouete shall not present or imply that he has authority to sell or solicit offers for the property located at 231 Turnpike Road, Westborough, Massachusetts (the "Property"). However, as a creditor with a vested interest in maximizing recovery for the estate, Mr. Akouete is permitted to communicate with potential buyers under the following conditions:

   a. In all communications, Mr. Akouete shall clearly disclose that he is a creditor in the bankruptcy case and has no ownership or authority to sell the Property.

   b. Mr. Akouete shall direct potential buyers to contact the Chapter 7 Trustee, Attorney Jonathan Goldsmith, or the Town's representative, Attorney Roger L. Smerage, regarding any formal offers to purchase the Property.

   c. No representation or implication should be made that Mr. Akouete has the authority to negotiate or close the sale of the Property.

2. Removal of Property Listings
   Mr. Akouete is ordered to take down any property listings (including but not limited to LoopNet listing ID 33330926) related to the Property that were published by him or at his direction within 24 hours of this Order. These listings may be reinstated only by and at the discretion of the Trustee or the Town as the party controlling the Property.

3. Creditor Rights and Participation
   Mr. Akouete retains the right to object to any proposed settlements or transactions

involving the Property as part of his creditor rights. Nothing in this Order prohibits Mr.
Akouete from opposing the settlement or raising concerns about the value of the Property
and maximizing recovery for the estate.

4. Market Testing and Information Sharing
Mr. Akouete is permitted to conduct "market testing" or share potential offers with the
Trustee and the Town, as long as he follows the disclosure requirements outlined in this
Order. He may continue to engage in conversations regarding potential offers for the
Property, provided that any third party understands the limitations of his role and that
formal offers must be directed to the Trustee or the Town.

a. Mr. Akouete's actions must not interfere with or mislead third parties regarding the
ownership or authority over the Property.

5. Future Pleadings and Objections
The Court encourages Mr. Akouete to consolidate his objections and **filings** related to the
settlement of the Property to avoid duplicative pleadings. The Court recognizes Mr.
Akouete's rights as a creditor but asks that any further objections or motions be clearly
focused on new evidence or developments in the case.

6. Sanctions Reserved
The Court reserves the right to impose sanctions, but at this time, no sanctions are
imposed. The hearing for the show cause order will take place at a future date, allowing
both parties to present their positions regarding sanctions or further relief.

7. Further Hearings and Settlement Discussion
A hearing on the approval of the settlement will take place in the near future, during
which evidence on the value of the Property and any competing offers will be considered.
Mr. Akouete is encouraged to present any evidence that would suggest that the settlement
does not represent the best interests of the estate.

---

**Conclusion**
This Order provides a clear framework for Mr. Akouete's ongoing participation in the case as a
creditor while respecting the rights of the Trustee and the Town over the Property. Any violation
of this Order may result in further sanctions, including a finding of contempt.

SO ORDERED. Any party may submit additional objections or responses to this Order within 24
hours of its entry.

Dated:                                                By the Court,


                                                      _____
                                                      Christopher J. Panos
                                                      United States Bankruptcy Judge

<span style="color:red">Exhibit 3</span>



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re:

    Westborough SPE LLC

              Debtor

Chapter 7
23-40709-CJP

## ORDER

**MATTER:**

#166 Motion filed by Creditor Lolonyon Akouete to Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate.

DENIED FOR THE REASONS STATED IN THE OBJECTION BY THE TRUSTEE [ECF NO. 173]. THE TRUSTEE HAS NOT COMPLETED HIS REVIEW OF CLAIMS IN CONNECTION WITH ADMINISTRATION OF THE ESTATE AND THERE APPEARS TO BE NO SUFFICIENT CAUSE TO PERMIT A THIRD PARTY TO PURSUE CLAIMS HELD BY THE ESTATE THAT ARE BEING ADMINISTERED.

Dated: 08/14/2024

By the Court,

Christopher J. Panos
United States Bankruptcy Judge

<span style="color:red">Exhibit 4</span>



## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**Westborough SPE LLC**<br>   **Debtor** | **Chapter 7**<br>**Case No. 23-40709-CJP** |
| **Lolonyon Akouete**<br>   **Plaintiff,**<br><br>**v.**<br><br>**Jonathan Goldsmith**<br>   **Defendant.** | **Adversary Proceeding**<br>**No. 24-04017-CJP** |

### ORDER

UPON FURTHER CONSIDERATION OF THE COMPLAINT IN THIS MATTER BROUGHT AGAINST DEFENDANT JONATHAN GOLDSMITH BY THE PLAINTIFF LOLOYON AKOUETE, IN WHICH THE PLAINTIFF SEEKS A DECLARATORY JUDGMENT "AFFIRMING HIS APPOINTMENT OF MANAGER" IN COUNT I AND ALSO REFERENCES A REQUEST TO "ENJOIN ANY PARTIES CONTESTING HIS APPOINTMENT FROM INTERFERING WITH THE PLAINTIFF'S MANAGEMENT OF THE COMPANY," AND THAT THIS IS A CHAPTER 7 CASE IN WHICH THE TRUSTEE IS SOLELY RESPONSIBLE TO ADMINISTER THE ASSETS OF THE ESTATE WITH RESPECT TO A CHAPTER 7 DEBTOR THAT IS NOT OPERATING, AND THE HAS NOT FILED A MOTION REQUESTING AUTHORITY FOR THE DEBTOR TO OPERATE, DETERMINING WHO THE MANAGER OF THE DEBTOR IS AT THIS JUNCTURE IS NOT PRESENTLY RELEVANT, BUT MAY BE IN THE FUTURE. ACCORDINGLY, THE COURT STAYS THIS ADVERSARY PROCEEDING AND ANY PENDING MOTIONS THAT HAVE BEEN FILED IN THIS ADVERSARY PROCEEDING PENDING ENTRY OF A FURTHER ORDER OF THE COURT.

Dated: 08/15/2024

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge

<u>CERTIFICATE OF SERVICE</u>

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C. 101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com



Lolonyon Y Akouete