

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Westborough SPE LLC | Chapter 7 |
| | 23-40709-CJP |
| Debtor | |

### ORDER

**MATTER:**
#395 Motion filed by Creditor Lolonyon Akouete to Request Permission to Appear Via Zoom at Hearing Scheduled for 11/18/2024 Re: 190 Motion filed by Trustee Jonathan R. Goldsmith to Approve Re: 189 Settlement Agreement.

The Motion is GRANTED in part and DENIED in part.

The Court has scheduled an evidentiary hearing on the Trustee's motion to approve settlement [ECF No. 190] (the "Approval Motion") on November 18, 2024, commencing at 9:30 a.m. (the "Hearing"). Mr. Akouete has filed an objection [ECF No. 191] to the Approval Motion. In the scheduling orders regarding the Approval Motion [ECF Nos. 291 and 331], the Court scheduled the evidentiary Hearing as an in person hearing, with only those parties who are observing having the option to appear by video, and included a direction that all witnesses and parties in interest intending to question witnesses must appear in person. While Mr. Akouete requests leave to participate by video, the Motion is not entirely clear as to the scope of Mr. Akouete's contemplated participation at the Hearing. He states that he is "no longer filing an appraisal, so there is no need for cross-examination at the hearing." He then states that he will be "presenting" valuation information, implying that he contemplates testifying or offering documents to be admitted as evidence. At a minimum, notwithstanding his cross-examination statement, given prior representations in other filings and hearings, it appears unlikely to the Court that Mr. Akouete does not want to cross-examine witnesses offered by the Trustee or the Town of Westborough. The Court will permit him to cross-examine witnesses if he chooses to appear by video as discussed below. However, Mr. Akouete must appear in person if he intends to testify and/or offer documentary evidence (unless agreed in advance by the Trustee or the documents are self-authenticating under Fed. R. Evid. 902 (such as certified public records) and the documents are sent to the Court and to counsel to the Trustee and Town of Westborough so as to be received at least 3 business days before the evidentiary Hearing).

The Court has the discretion and responsibility to conduct evidentiary hearings in a manner that serves the truth-finding function of the Court as determined on a case-by-case basis. The Court is also limited by Fed. R. Civ. P. 43, as incorporated by Fed. R. Bankr. P. 9017, to restrict remote testimony unless it makes certain findings, including compelling circumstances. While the Court is sympathetic to the reasons cited by Mr. Akouete for his inability to appear in person, the Court must be clear as to the limitations applicable to the scope of his participation should Mr. Akouete choose to participate remotely at the evidentiary Hearing and further states as follows:

*[Page 2 of 2 of Order dated 10/17/2024]*

(i) If Mr. Akouete chooses to participate remotely, he may: 1) make arguments directed to the Court regarding whether the Approval Motion should be granted; 2) object to documentary evidence offered by another party, if appropriate under the Federal Rules of Evidence; and 3) cross examine witnesses offered in support of the Motion by other parties; and

(ii) If Mr. Akouete chooses to appear remotely, he is prohibited from: 1) testifying; 2) offering documentary evidence, unless agreed in advance by the Trustee or the documents are self-authenticating under Fed. R. Evid. 902 (such as certified public records) and the documents are sent to the Court and to counsel to the Trustee and Town of Westborough in a numbered, tabbed binder with an index so as to be received at least 3 business days before the evidentiary hearing. If Mr. Akouete wishes to impeach a witness using a document that is not in evidence during cross-examination, he must have also sent another numbered, tabbed binder with an index to the Court and to counsel to the Trustee and Town of Westborough that includes all potential impeachment documents (not already included in his proposed documentary evidence binder), so that such binder is received by each of the identified parties at least 3 business days before the evidentiary Hearing so that the binder may be referenced and shown to the witness in the courtroom.

Dated: 10/17/2024

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge