**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | Chapter 7<br>Case No. 23-40709-CJP |

**TRUSTEE'S (I) SECOND OBJECTION TO CLAIMS OF LOLONYON AKOUETE AND (II) REQUEST FOR ENTRY OF PRETRIAL SCHEDULING ORDER**
**(Claim Nos. 4.1, 4.2, and 4.3)**

Jonathan R. Goldsmith, the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Westborough SPE LLC (the "Debtor"), pursuant to 11 U.S.C. § 502, Fed. R. Bankr. P. 3007, and MLBR 3007-1, hereby objects to the claims of Lolonyon Akouete ("Akouete") and, further, requests that this Court enter a preliminary scheduling and pretrial order as set forth below.

In support of this Objection, the Trustee states as follows:

**BACKGROUND**

1. On August 31, 2023 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On October 11, 2023, this Court entered an Order for Relief in this case [Dkt. No. 26] and this case remains a Chapter 7 case at this time.

3. On October 12, 2023, the United States Trustee appointed Jonathan R. Goldsmith as Chapter 7 trustee [Dkt. No. 29] and the Trustee remains as Trustee at this time.

**OBJECTION**

4. Mr. Akouete has filed three (3) proof of claim forms in this case as follows:

    a.  Claim number 4.1 on the claims register, which claim asserts an unsecured claim in the amount of $625,297.02;

    b.  Amended Claim number 4.2 on the claims register, which amends the prior claim and asserts an unsecured claim in the amount of $1,250,594.05; and

    c.  Amended Claim number 4.3 on the claims register, which amends the prior claims and asserts an unsecured claim in the amount of $3,146,823.50. Claim No 4.1, Claim No 4.2, and Claim No. 4.3 are collectively referred to herein as the "Claims".

  5.  On November 6, 2024, the Trustee filed the Trustee's Objection to Claims of Lolonyon Akouete (Claim Nos. 4.1 and 4.2) [Dkt. No. 410] (the "First Objection to Akouete Claims").

  6.  Regarding Mr. Akouete's recent submission of his Claim No. 4.3, the Trustee hereby restates and reaffirms the objections set forth in the First Objection to Akouete Claims, which objections may be summarized as follows: (i) Akouete has no entitlement to a "finder's fee" in connection with the Trustee's recovery of $1,293,646 from the State of California (the "California Funds"), (ii) Akouete has pointed to no other statutory basis pursuant to which he is entitled to an allowable claim against the estate,[1] (iii) Akouete has no right to payment for services provided by Mr. Akouete "as manager" of the Debtor and all of Mr. Akouete's attempts to become manager of the Debtor were (at best) ineffective or (at worst) fraudulent, (iv) Akouete is not employed by the Estate or by the Trustee and, therefore is not entitled to compensation from the Estate for any purported post-petition services provided, and (v) Akouete has failed to provide sufficient information to establish a claim based on a *quantum meruit* basis or similar.

---

[1] On November 10, 20024, Mr. Akouete filed a Response to Trustee's Objection to Claims of Lolonyon Akouete [Dkt. No. 416] and in that pleading Mr. Akouete references various "whistleblower" statutes. All of the references to whistleblower statutes are inapplicable to Mr. Akouete's purported claims and the Trustee reserves the right to object further should Mr. Akouete explain and further pursue such claims.

7. In the First Objection to Akouete Claims, the Trustee noted Mr. Akouete could potentially supplement his Claims to demonstrate the value of his pre-petition efforts on behalf of the Debtor to attempt to justify a reasonable claim based on *quantum meruit* principles. Mr. Akouete declined to do so and, instead, filed Claim No. 4.3 which, without any reasonable basis, increased Mr. Akouete's claim by more than $1.8 million. There is simply no legal basis for Mr. Akouete to assert that his claim is increasing during this Chapter 7 bankruptcy case when Mr. Akouete is not employed by the estate.

## **PRELIMINARY SCHEDULING AND PRETRIAL ORDER**

8. Regarding the Akouete Claims, the Trustee requests that the parties have 90 days to complete discovery from and after the entry of a preliminary scheduling and pretrial order ("Pretrial Order") by this Court.

WHEREFORE, the Trustee respectfully requests this Court enter an Order (i) sustaining the Trustee's Objections to the Akouete Claims, (ii) entering a Pretrial Order as set forth above and (iii) granting such other and further relief as is just.

Respectfully submitted,

**Jonathan R. Goldsmith,
Chapter 7 Trustee**

by his counsel,

/s/ Christine E. Devine
Christine E. Devine, BBO# 566990
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone:  508-533-7240

Dated: December 13, 2024                    Email:  christine@nicholsondevine.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-40709-CJP** |

## CERTIFICATE OF SERVICE

The undersigned, Christine E. Devine, hereby certifies that on this day I caused a copy of the following to be served on all parties listed on the attached Service List in the manner noted thereon:

- **TRUSTEE'S (I) SECOND OBJECTION TO CLAIMS OF LOLONYON AKOUETE AND (II) REQUEST FOR ENTRY OF PRETRIAL SCHEDULING ORDER (Claim Nos. 4.1, 4.2, and 4.3)**.

Dated: December 13, 2024         /s/ Christine E. Devine
                                 Christine E. Devine, Esq.
                                 Nicholson Devine LLC
                                 P.O. Box 7
                                 Medway, MA 02053
                                 Phone: 508-533-7240
                                 Email: christine@nicholsondevine.com

Electronic Mail Notice List

The following list of parties and attorneys have received electronic notice via the Court's CM/ECF noticing process:

- **Jeffrey T Blake**  jblake@k-plaw.com
- **Paul W. Carey**  pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com
- **Jose C. Centeio**  jcc@natgolaw.com
- **Brian Charville**  bcharville@ferrisdevelopment.com
- **Christine E. Devine**  christine@nicholsondevine.com, devine.christiner109603@notify.bestcase.com;angelina@nicholsondevine.com
- **Jonathan R. Goldsmith**  bankrdocs1@gkalawfirm.com, bankrdocs@gkalawfirm.com
- **Jonathan R. Goldsmith**  trusteedocs1@gkalawfirm.com, trusteedocs@gkalawfirm.com;mwolohan@gkalawfirm.com;MA43@ecfcbis.com
- **Stephen F. Gordon**  sgordon@gordonfirm.com, vhaggerty@gordonfirm.com;notices@gordonfirm.com;stephenfgordon@gmail.com
- **Richard King**  USTPRegion01.WO.ECF@USDOJ.GOV
- **Samual A. Miller**  samual.miller@akerman.com
- **Brian W. Riley**  briley@k-plaw.com
- **Roger L. Smerage**  rsmerage@k-plaw.com

Email and/or First Class Mail Service List

The following list of parties and attorneys have been served via as noted:

Lolonyon Akouete                Via Email
800 Red Mills Rd
Wallkill, NY 12589
info@smartinvestorsllc.com

Denise Edwards                  Via Email
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com

Mark S. Lichtenstein            Via Email
Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020
mark.lichtenstein@akerman.com

| | |
|---|---|
| Lenard Benson Zide, Esq.<br>Butters Brazilian LLP<br>420 Boylston Street, 4th Floor<br>Boston, MA 02116<br>zide@buttersbrazilian.com | Via Email |
| Jonathan La Liberte<br>Sherin and Lodgen LLP<br>101 Federal Street, 30th Floor<br>Boston, MA 02110<br>jclaliberte@sherin.com | Via Email |