UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

)
In re:                                          )        Chapter 7
                                                )        Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,                            )
                                                )
                           Debtor.              )
                                                )

MOTION FOR DISCOVERY CONFERENCE

NOW COMES **Lolonyon Akouete**, a creditor in the above-captioned case, and respectfully moves this Honorable Court for an order scheduling a **Discovery Conference** pursuant to Federal Rule of Bankruptcy Procedure 7026(f) and Local Rule 26.1.

## INTRODUCTION AND BACKGROUND

1.  The undersigned has served subpoenas to multiple non-parties seeking discovery related to the administration of the debtor's estate, including but not limited to subpoenas issued to:
    o   Equity Trust/TMF Group
    o   Sherin and Lodgen LLP
    o   David J. F. Lombe, Joseph Scarcella, and Edward S. Englander
    o   Peter Blaustein
    o   Regal Entertainment Group
    o   Harpreet K. Nakhwal (California State Controller's Office)
2.  Many of these subpoenas have resulted in objections, refusals to comply, or claims of improper service, creating significant challenges in obtaining the necessary information.
3.  The objections include but are not limited to:
    o   Claims of improper service (e.g., service via email instead of personal delivery).
    o   Assertions that the subpoenas are overly broad, unduly burdensome, or seek irrelevant information.
    o   Invocations of privilege, confidentiality, or work product doctrine.
4.  The disputes have significantly hindered the discovery process, requiring court intervention to ensure compliance and clarity regarding the scope and manner of discovery.

## RELIEF REQUESTED

The undersigned respectfully requests that the Court:

1.  **Schedule a Discovery Conference** to address and resolve the following issues:
    o   Validity of the subpoenas served and whether proper service has been effected.
    o   Scope of the discovery sought, including whether the requests are relevant, proportional, and compliant with the Federal Rules of Bankruptcy Procedure.
    o   Any claims of privilege or confidentiality asserted by non-parties.
    o   A timeline for compliance and production of documents to avoid undue delay in the case.

2. **Order the parties to meet and confer** regarding discovery disputes prior to the scheduled conference, in good faith, to narrow the issues that require the Court's intervention.
3. Provide any additional relief deemed just and proper by the Court.

## LEGAL BASIS

1. **Federal Rule of Bankruptcy Procedure 7026(f):** The rule allows for discovery conferences to streamline discovery disputes and promote efficient case management.
2. **Court's Inherent Authority:** The Court has broad discretion to manage discovery and ensure compliance with procedural rules to avoid undue delays.

## CERTIFICATE OF GOOD FAITH ATTEMPT TO RESOLVE

The undersigned certifies that reasonable efforts were made to resolve the discovery disputes with the parties involved, but such efforts have been unsuccessful. A discovery conference is necessary to address these disputes and move the case forward.

DATED: December 17, 2024, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276



December 17, 2024

**VIA EMAIL**
Mr. Lolonyon Akouete
800 Red Milles Rd.
Wallkill, NY 12589

> Re:     In re: Westborough SPE LLC – Case No. 23-40709-CJP
>         Non-party Subpoena – Equity Trust/TMF Group

Dear Mr. Akouete:

We represent non-party TMF Group in connection with the Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises, dated December 2, 2024, it received via email on or about December 9, 2024 (the "Subpoena"). Please direct all future correspondence regarding this matter to our attention.

Preliminarily, we note that the Subpoena was never validly served on our client. Serving a document subpoena via email is not proper service under the Federal Bankruptcy Rules or under the Federal Rules of Civil Procedure. Consequently, we view your subpoena as a nullity. In addition, we view the Subpoena as seeking documents which are not relevant to the dispute before the Bankruptcy Court. In short, any services that our client might have provided years ago have no relevance to the issues being addressed in this case.

Notwithstanding the above objections, and without waiving any such objections, we understand that TMF Group has searched its records and does not have in its possession any documents responsive to the Subpoena. As a result, we consider this matter closed.

The above is not a complete statement of our client's rights, remedies, and defenses, none of which are waived.

Sincerely,

Scott Klein

# JOHNSON | WINTER | SLATTERY

| | |
|---|---|
| **Partner:** | Joseph Scarcella +61 2 8247 9639 |
| **Email:** | joseph.scarcella@jws.com.au |
| **Partner:** | Emily Barrett |
| **Email:** | emily.barrett@jws.com.au |
| **Our Ref:** | B7981 |

17 December 2024

Mr Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589

**BY EMAIL** info@smartinvestorsllc.com

Dear Mr Akouete

**Involuntary Chapter 7 Bankruptcy - United States Bankruptcy Court, District of Massachusetts - Case No. 23-40709-CJP (Proceeding) | Objections to the Subpoena**

We refer to the Proceeding and your email dated 3 December 2024 attaching a document purporting to outline a subpoena request to, *inter alia*, David Lombe in his capacity as liquidator of Babcock & Brown Limited (in liquidation) (**Liquidator**) and Joseph Scarcella of our office dated 2 December 2024 (**Subpoena**) (**Email**).

As you are aware, we act for the Liquidator.

We are instructed to respond to the Subpoena as follows:

**1.1      Failure to Validly Effect Service of Foreign Legal Documents in Australia**

(a)      In circumstances where Australia and the United States of America (**U.S.**) are both signatories to the *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters 1965* (**Convention**), the service of any foreign legal documents in Australia requires compliance with the Convention.

(b)      In particular, we draw your attention to Article 2 of the Convention, which provides that:

"*Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.*

*Each State shall organise the Central Authority in conformity with its own law.*"

(c)      As the Subpoena has not been served through Australia's Central Authority, the Email fails to comply with the requirements under article 2 of the Convention for the Subpoena to be validly served on our client and our office in Australia.

Quay Quarter Tower (QQT)
Level 14, 50 Bridge Street
SYDNEY  NSW  2000
T  +61 2 8274 9555 |  F  +61 2 8274 9500
www.jws.com.au

Liability limited by a scheme approved under Professional Standards Legislation

JOHNSON I WINTER I SLATTERY                                          17 December 2024

---

**1.2**    **Failure to Comply with Rule 9016 of the Federal Rules of Bankruptcy Procedure (Bankruptcy Rules)**

(a)    Pursuant to rule 9016 of the *Federal Rules of Bankruptcy Procedure*, rule 45 of the *Federal Rules of Civil Procedure* (**Civil Procedure Rules**) applies in a bankruptcy case, such as the Proceeding.

(b)    Therefore, the Subpoena must comply with the requirements for valid service on the subpoena-recipient under rule 45 of the Civil Procedure Rules, including that a subpoena:

    (i)    is to be personally served on the party or its authorized agent (rule 45(b)(1));

    (ii)    is to be served within the U.S. (rule 45(b)(2)); and

    (iii)    may only specify production of documents within 100 miles of where the recipient resides, is employed, or regularly transacts business in person (rule 45(c)(1)(A)).

(c)    As the Subpoena was not personally served on our client or Mr Scarcella (and was merely attached to the Email) within the U.S., and purports to require production beyond 100 miles from where the recipients regularly transact business in Australia, the Subpoena has not been validly served in accordance with rule 9016 of the Bankruptcy Rules.

(d)    Additionally, we understand that you have failed to file a proof of service that outlines the date and manner of service and the names of the persons served with the Bankruptcy Court, in accordance with rule 45(b)(4) of the Civil Procedure Rules.

**1.3**    **Attorney-Client Privilege and Attorney Work Product**

(a)    The Subpoena seeks attorney-client privileged communication and work product involving legal work performed by Englander & Chicoine, P.C. and its agents or experts.

(b)    There is no legal basis that permits you to obtain this information.

In view of the above deficiencies pertaining to effecting valid service of the Subpoena in Australia, our client does not consider that it is required to comply with the request attached to the Email.

Yours faithfully

*Johnson Winter Slattery*



**Brian K. Lee**
Direct Line: (617) 439-2490
Fax: (617) 310-9490
E-mail: blee@nutter.com

December 9, 2024
126214-1

_Via Email_

Lolonyon Akouete
800 Red Milles Rd
Wallkill, NY 12589
info@smartinvestorsllc.com

     Re:     <u>Peter Blaustein Subpoena</u>

Dear Mr. Akouete:

This firm represents Peter Blaustein in relation to the Subpoena to Produce Documents, Information, or Objects in a Bankruptcy Case ("Subpoena") that you emailed to him on December 2, 2024. The Subpoena is not valid for a whole host of reasons. The Subpoena was not properly served on Mr. Blaustein, as service by email is not a proper form of service under Fed. R. Civ. P. 45. Additionally, the Subpoena improperly calls for Mr. Blaustein to produce documents to you in New York, which due to Mr. Blaustein's location in California, is well beyond the 100-mile limitation stated in Fed. R. Civ. P. 45(c)(2)(A). It also does not appear that you ever requested nor received permission from the Bankruptcy Court judge to serve this subpoena on Mr. Blaustein. Nor does it appear that you provided advance written notice to the other parties of the Subpoena as required by Fed. R. Civ. P. 45(a)(4). For those reasons, Mr. Blaustein has no obligation to respond to the Subpoena.

Additionally, it appears that you have attempted to force Mr. Blaustein's compliance with the Subpoena by claiming, incorrectly, that there is a court hearing scheduled on December 17, 2024 at 2:00 p.m. regarding his compliance with the Subpoena. But the case docket reflects that no such hearing is scheduled relating to the Subpoena. In fact, it would be quite unusual for the Court to schedule a hearing regarding Mr. Blaustein's compliance with the Subpoena in advance of the Subpoena's stated deadline for compliance. In reality, the docket reflects that the December 17, 2024 hearing is scheduled for the purpose of addressing your "Motion for Assistance" relating to the subpoena you served on Goulston & Storrs on August 20, 2024 (three-and-a-half months ago), and other unrelated issues. For that reason, it appears that you are attempting to wrongfully pressure Mr. Blaustein to immediately comply with your invalid Subpoena based on misrepresentations about the Bankruptcy Court proceedings. If, however, you have some basis for your claim that the December 17, 2024 hearing is for the purpose of addressing Mr. Blaustein's compliance with the Subpoena, please disclose that basis to me as soon as possible.

Even if the Subpoena were valid, it only provides Mr. Blaustein, for no apparent reason, with just seven days to produce the requested documents. The Subpoena seeks information on



Lolonyon Akouete
December 9, 2024
Page 2

topics that have been well-known to you for years. Additionally, the case docket reflects that the Bankruptcy Court only recently established a discovery period, providing you with at least 90 days to pursue your requested discovery. In addition to the Subpoena being invalid, Mr. Blaustein therefore objects to the Subpoena's December 9, 2024, compliance date on the grounds it does not provide Mr. Blaustein with a reasonable period of time to produce documents and imposes an undue burden on a third-party. Exhibit A to the Subpoena also contains requests that are overly broad, unduly burdensome, vague, irrelevant, disproportional to the needs of the case, and seeks confidential documents and documents protected by the attorney-client privilege.

For those reasons, Mr. Blaustein has no obligation to respond to the Subpoena, much less by the December 9 at 10:00 a.m. deadline you identify in the Subpoena. Upon my client's receipt of a properly served and valid subpoena, providing him with a reasonable period for compliance to a reasonably-tailored category of documents, Mr. Blaustein will provide you with a substantive response (including objections) to any documents requested by that subpoena. In the meantime, Mr. Blaustein's objections are reserved.

Very truly yours,

Brian K. Lee

6998994.1



**Lolonyon Akouete <info@smartinvestorsllc.com>**

---

## Subpoena Notification

5 messages

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>     Mon, Dec 2, 2024 at 9:01 PM
To: Robbie Pope <robbie.pope@regalcinemas.com>, michael.lewis@regalcinemas.com

Dear Robbie and Michael,

I hope this message finds you well. Please find the attached subpoena for your review. If you have any objections or concerns, kindly let me know at your earliest convenience so that I may seek court assistance if necessary.

Thank you for your prompt attention to this matter.

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

---

 **Regal Entertainment Group – Subpoena to Produce Documents.pdf**
718K

---

**Michael Lewis** <michael.lewis@regalcinemas.com>     Tue, Dec 3, 2024 at 1:44 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>
Cc: Melissa Carder <Melissa.Carder@regalcinemas.com>, Warren Sanger <Warren.Sanger@regalcinemas.com>

Mr. Akouete,

Service a subpoena by email is not proper, and it is therefore refused. Please serve it according the requirements of Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45. Once the subpoena is properly served, we will evaluate it and respond as necessary.



**Michael A. Lewis, J.D., M.B.A.**

Director & Legal Counsel

*office (865) 925-9919*

*Theatre Support Office 101 E. Blount Ave. Knoxville, TN 37920*

**CONFIDENTIALITY NOTICE**: This email transmission and any documents, files or previous email messages attached to it are confidential and are protected by the attorney-client privilege and/or the work product doctrine. If you are not the intended recipient, or

a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying dissemination or use of any of the information contained in or attached to this email transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please do not read, copy or retransmit this communication. Please notify us immediately by forwarding this message to the original sender or by telephone at (865) 925-9919 and then delete this message and its attachments from your computer.

---

**From:** Lolonyon Akouete <info@smartinvestorsllc.com>
**Sent:** Monday, December 2, 2024 9:01 PM
**To:** Robbie Pope <robbie.pope@regalcinemas.com>; Michael Lewis <michael.lewis@regalcinemas.com>
**Subject:** Subpoena Notification

**External Sender: This email originated from outside the Cineworld Group email system. DO NOT CLICK LINKS or ATTACHMENTS in this email unless you recognize the sender and know the content is safe.**

[Quoted text hidden]

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>                                    Tue, Dec 3, 2024 at 6:50 PM
To: Michael Lewis <michael.lewis@regalcinemas.com>
Cc: Melissa Carder <Melissa.Carder@regalcinemas.com>, Warren Sanger <Warren.Sanger@regalcinemas.com>

Dear Mr. Lewis,

Thank you for your response. I understand your position regarding the requirements of Rule 45. However, I kindly urge you to reconsider accepting service of the subpoena by email due to significant time constraints associated with this matter.

The requested documents are critical to ongoing litigation involving Westborough SPE LLC, and the deadline for compliance is approaching rapidly. Furthermore, the FinCEN deadline for filing Beneficial Ownership Information for Westborough SPE LLC is December 31, 2024. Timely resolution of ownership and leasehold issues is vital to ensure compliance with this federal requirement and to avoid potential penalties or other legal consequences.

Accepting service by email would expedite the process and allow all parties to focus on resolving the substantive issues efficiently. Your acknowledgment of the subpoena and the previous communications from Regal representatives demonstrate that this method is both reasonable and effective in this case.

If you have concerns about proceeding in this manner, I would appreciate the opportunity to address them. Alternatively, if there is a specific process your legal team would prefer to facilitate service, please let me know, and I will do my best to accommodate.

I greatly appreciate your cooperation and look forward to your response.

Best regards,
Lolonyon Akouete
Manager, Westborough SPE LLC
Email: info@smartinvestorsllc.com
Phone: (443) 447-3276

[Quoted text hidden]

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>                                    Mon, Dec 9, 2024 at 7:14 AM
To: Michael Lewis <michael.lewis@regalcinemas.com>
Cc: Melissa Carder <Melissa.Carder@regalcinemas.com>, Warren Sanger <Warren.Sanger@regalcinemas.com>

Case 23-40709    Doc 475    Filed 12/18/24    Entered 12/18/24 09:36:58    Desc Main
Document    Page 10 of 14

Dear Mr. Lewis,

I hope this email finds you well. I wanted to follow up on my previous correspondence regarding the subpoena for documents related to Westborough SPE LLC and the property at 231 Turnpike Road, Westborough, MA.

The purpose of my request is to clarify the ownership structure and financial transactions tied to the property. After conducting extensive research, I have identified several critical details that underscore the importance of these documents:

1. **Historical Ownership and Lease Transactions:**

   - It appears that Hoyts Cinemas originally negotiated a lease for the property and later initiated a purchase transaction with the assistance of Babcock & Brown.
   - Westborough SPE LLC was established as part of this transaction, with Mignonette Investments Limited listed as an equity investor. This entity structure suggests a potential sale-leaseback or similar financial arrangement, requiring further clarification through documentation.

2. **Participation Agreement and Lease Guarantees:**

   - The mortgage documents reference a Participation Agreement and a Lease Guaranty involving Hoyts Cinemas and its affiliates. These agreements are essential to understanding the obligations and financial relationships between the involved parties.

3. **Payment and Ownership Records:**

   - There is evidence that rent payments were made directly to U.S. Bank, and it is noted that the mortgage debt was fully satisfied. However, the ownership and management of Parcel 3 remain unclear, as communications regarding ownership after the mortgage satisfaction were handled by Regal representatives.

4. **Lease Termination and Property Status:**

   - In 2017, Regal provided notice of lease termination but was unable to locate or contact the landlord entity (Westborough SPE LLC). This raises questions about the entity's status and its impact on the property's current ownership.

Given these findings, I respectfully reiterate my request for the following documents, which are crucial for clarifying these matters:

1. **The original lease and any amendments.**
2. **The Participation Agreement and Lease Guaranty.**
3. **Records of payments made by Regal or Interstate Theatres Corporation to U.S. Bank.**
4. **Correspondence related to the ownership and management of Parcel 3.**
5. **Termination and transition documents associated with the lease's expiration in 2017.**

While I understand the procedural requirements under Rule 45, I reiterate my request for your cooperation in accepting service via email. This method ensures timely resolution of these issues, given the time constraints associated with ongoing litigation and regulatory deadlines, such as the December 31, 2024, FinCEN Beneficial Ownership Reporting requirement.

If you remain unable to accept service via email, please let me know the most efficient alternative method to proceed. I am committed to addressing any concerns you may have regarding this request.

Thank you for your time and attention to this matter. I look forward to your response.

Best regards,
Lolonyon Akouete
Manager, Westborough SPE LLC
Email: info@smartinvestorsllc.com
Phone: (443) 447-3276

[Quoted text hidden]

Case 23-40709    Doc 475    Filed 12/18/24    Entered 12/18/24 09:36:58    Desc Main
Document    Page 11 of 14

**5 attachments**

**WSPE-Mortgage Security Agreement.pdf**
5528K

**Westborough SPE LLC's Notice of Lease.pdf**
275K

**Deed-231 Turnpike Road Westborough, MA 01581.pdf**
206K

**231 Turnpike Road was purposely Built for Hoyt's Cinema.pdf**
631K

**Regal Cinemas Letter.pdf**
115K

---

**Michael Lewis** <michael.lewis@regalcinemas.com>                      Mon, Dec 9, 2024 at 1:29 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>
Cc: Melissa Carder <Melissa.Carder@regalcinemas.com>, Warren Sanger <Warren.Sanger@regalcinemas.com>

Mr. Akouete,

Regal is a large multi-state business, and it would be inappropriate to provide its private business information to any random party that asks for it. However, as stated in my email last week, Regal will respond as necessary to a valid, properly served subpoena directed to Regal. You will receive no further responses to your emails unless and until Regal is properly served with a valid subpoena.

[Quoted text hidden]

 **Lolonyon Akouete <info@smartinvestorsllc.com>**

---

## Subpoena Notification

2 messages

---

**Lolonyon Akouete** <info@smartinvestorsllc.com>                          Mon, Dec 2, 2024 at 8:41 PM
To: "Nakhwal, Harpreet" <hnakhwal@sco.ca.gov>

Dear Harpreet,

I hope this message finds you well. Please find the attached subpoena for your review. If you have any objections or concerns, kindly let me know at your earliest convenience so that I may seek court assistance if necessary.

Thank you for your prompt attention to this matter.

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

---

 **Harpreet K. Nakhwal Form 2570 – Subpoena to Produce Documents.pdf**
892K

---

**Nakhwal, Harpreet** <HNakhwal@sco.ca.gov>                          Wed, Dec 4, 2024 at 2:40 PM
To: Lolonyon Akouete <info@smartinvestorsllc.com>

Dear Mr. Akoute,


The State Controller's Office does not accept electronic service, so you will need to personally serve the State Controller's Office.  Additionally, please be aware that the State Controller's Office is seeking representation from the Attorney General's Office, so you may need to also serve them.

 **Harpreet K. Nakhwal** | Staff Counsel

**Office of State Controller Malia M. Cohen**

300 Capitol Mall, Suite 1850

Sacramento, CA 95814 | 916-322-6430



CONFIDENTIALITY NOTICE: This communication and its contents is from an attorney and may contain

confidential and legally privileged information. It is solely for the use of the intended recipient(s).
Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws
including the Electronic Communications Privacy Act (18 U.S.C. §§2510-22, 2701-11, 3121-26). If you
are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Lolonyon Akouete <info@smartinvestorsllc.com>
**Sent:** Monday, December 2, 2024 5:42 PM
**To:** Nakhwal, Harpreet <HNakhwal@sco.ca.gov>
**Subject:** Subpoena Notification

**CAUTION:**

This email originated from outside of the organization Email System.

Do not click links or open attachments unless you recognize the sender's email address and know the content is safe.

[Quoted text hidden]

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com



_____
Lolonyon Y Akouete