UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                    )    Chapter 7
                          )    Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,      )
                          )
              Debtor.     )

## MOTION FOR RECONSIDERATION OF DISCOVERY DEADLINE EXTENSION AND REQUEST FOR EXPEDITED DETERMINATION

NOW COMES, creditor Lolonyon Akouete ("Movant") and respectfully moves this Honorable Court to reconsider its extension of the discovery deadline beyond the 90 days requested by the Chapter 7 Trustee. Movant further requests that this motion be determined on an expedited basis due to the significant delay and financial harm imposed by the extended discovery period. Movant requests that the Court:

1. Revert the discovery deadline to the originally requested 90-day period, ending February 20, 2025, or
2. Require the Trustee to provide specific justification for the additional extension beyond the 90 days.
3. Expedite the determination of this motion to prevent further undue delay and prejudice to Movant.

## I. Background

On November 20, 2024, during a hearing, the Trustee requested a 90-day discovery period, which would have extended discovery until February 20, 2025.

Movant has already completed discovery through subpoenas and formal discovery requests, obtaining sufficient information to resolve the Contested Matter regarding claim objections.

The Trustee delayed initiating discovery efforts and only served Interrogatories and Requests for Production on Movant on January 17, 2025, nearly two months after requesting a discovery extension.

Movant promptly responded to the Trustee's discovery requests, with final responses completed by February 4, 2025.

On November 26, 2024, the Court entered Dkt. #439, denying Movant's Motion for Entry of a Case Management Order to Streamline Discovery and Expedite Resolution (Dkt. #438). In its ruling, the Court found that the Trustee's request for a 90-day discovery period was reasonable, given the holidays and the issues raised by the Trustee's objection.

On February 14, 2025, the Court, on its own initiative, extended the discovery deadline to April 7, 2025 in the Contested Matter Case Management Order (Dkt. #540), exceeding the Trustee's

original 90-day request by an additional 46 days, despite the Trustee not requesting an extension. This error effectively granted an extension the Trustee never sought, causing unnecessary delay and burdening Movant.

This extended discovery period is prejudicial to Movant, causing unnecessary delay and harm.

## II. Discovery Conducted by Movant

Movant has diligently pursued discovery efforts and has gathered substantial evidence supporting his claims. The discovery conducted includes:

Subpoenas Issued on December 2, 2024:

- Equity Trust/TMF Group
- Sherin and Lodgen LLP
- David J. F. Lombe, Joseph Scarcella, and Edward S. Englander
- Peter Blaustein
- Regal Entertainment Group
- California State Controller's Office (Harpreet K. Nakhwal)
- Paul D. Horvath, CPA

Additional Subpoena Issued on December 18, 2024:

- Dyann Blaine

Responses Received:

- Walter A. Horst (CFO of Babcock & Brown) responded on December 11, 2024, providing sufficient documents to satisfy the request.
- The California State Controller's Office and Peter Blaustein responded, leading to further supplementation of Movant's Summary Judgment Motion.

Interrogatories and Requests for Production of Documents:

- Served on the Trustee on December 15, 2024.
- Trustee responded on January 15, 2025.
- Trustee served Interrogatories and Requests for Production on Movant on January 17, 2025.
- Movant responded to Interrogatories on January 19, 2025, and to Production of Documents on February 4, 2025.

Summary Judgment Motion Filed:

- Expedited Motion for Summary Judgment filed on January 6, 2025 (Dkt. #496).
- Supplemental filings on January 16, 2025 (Dkt. #504) and January 21, 2025 (Dkt. #509).
- Second Supplement filed January 19, 2025, incorporating discovery responses.

## III. Burden of Proof

A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim. See Fed. R. Bankr. P. 3001(f).

To overcome this prima facie evidence, the objecting party must provide evidence that, if believed, would refute at least one essential allegation in the claim. See In re Allegheny Int'l, Inc., 954 F.2d 167 (3d Cir. 1992); In re Giordano, 234 B.R. 645, 650 (Bankr. E.D. Pa. 1999).

However, the ultimate burden of proof always rests upon the claimant. See In re Williams, 1994 WL 329328, *2 (Bankr. S.D.Ga. 1994) ("The objecting party must produce evidence equal to the probative value of the proof of claim itself. (citation omitted). Although the burden of persuasion shifts, the burden of proof always rests upon the claimant.").

The Trustee should not be delaying the resolution of Movant's claim while searching for ways to invalidate it. Instead, the case should proceed based on the evidence already submitted by the claimant.

### IV. Prejudice and Financial Harm to Movant

Severe Financial Hardship: Movant has stated multiple times before the Court that he is facing severe financial constraints, which prevent him from meaningfully participating in the case and even hinder his ability to effectuate proper service of subpoenas.

Family Health Emergency: Movant's stepmother has been diagnosed with ovarian cancer, requiring immediate financial resources for her care. The delay in resolving Movant's claims further exacerbates his ability to provide necessary assistance.

Acknowledgment of Hardship by the Court: At the November 20, 2024 hearing, the Court acknowledged Movant's financial difficulties and stated sympathy for his situation but nonetheless granted the Trustee's discovery request. Extending discovery even further without cause worsens this hardship.

### V. Relief Requested

For the foregoing reasons, Movant respectfully requests that this Honorable Court:

1. Revert the discovery deadline to the originally requested 90-day period, ending February 20, 2025; or
2. Require the Trustee to file a motion justifying any need for an extension beyond 90 days and allow Movant to respond accordingly.
3. Expedite the determination of this motion to prevent undue hardship and delay.

Movant further requests any other relief the Court deems just and proper.

DATED: February 16, 2025, Respectfully submitted:

By creditor,

_____
Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com


_____
Lolonyon Y Akouete