UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>WESTBOROUGH SPE LLC<br><br>　　　　　Debtor | Chapter 7<br>Case No. 23-40709-CJP |

### ORDER

Before the Court is the *Consolidated Motion for Summary Judgment* [ECF No. 531][1] (the "Consolidated Motion") and the *Motion to Overrule Trustee's Supplement to Pending Objections to Claim No. 4.3 and Request for Summary Judgment* [ECF No. 546][2] (the "Motion to Overrule," together with the Consolidated Motion, the "Summary Judgment Motions") filed by Lolonyon Akouete, pursuant to which he seeks entry of summary judgment with respect to various Contested Matters, as defined herein, related to proofs of claim Mr. Akouete has filed in the chapter 7 case of Westborough SPE LLC (the "Debtor"). Jonathan R. Goldsmith (the "Trustee"), the chapter 7 trustee of the bankruptcy estate of the Debtor, has filed an opposition to the Summary Judgment Motions referencing all of Mr. Akouete's collective requests for summary judgment [ECF No. 553] (the "Opposition") and Mr. Akouete filed a response thereto [ECF No. 559] (the "Response"). Upon consideration of the Summary Judgment Motions and the record of this case, the Summary Judgment Motions are DENIED.

Mr. Akouete filed a series of three claims in the case: (i) Claim No 4.1, which asserts an unsecured claim in the amount of $625,297.02 and includes an "Affidavit of Lolonyon Akouete" and

---

[1] In the Consolidated Motion, Mr. Akouete asserts, among other things, that he is combining a prior summary judgment request and related supplements with issues raised at a prior status conference. Given this Consolidated Motion, the Court previously entered an order marking the prior summary judgment filings as superseded. See Order [ECF No. 547].

[2] Mr. Akouete's Motion to Overrule also appears to be his response to the Third Objection, as defined *infra*.

an exhibit titled "Westborough SPE LLC's Manager's Efforts to Recover Assets for the Entity" in support; (ii) Claim No. 4.2, which appears to amend the prior claim and asserts an unsecured claim in the amount of $1,250,594.05, but includes no supporting attachments; and (iii) Claim No. 4.3, which asserts an unsecured claim in the amount of $3,146,823.50 and includes the following attachments: "Supporting Documentation and Reasoning for Amended Proof of Claim," "Westborough SPE LLC Limited Liability Company Agreement," "Durable Power of Attorney," "Written Consent of the Manager Babcock and Brown Parallel Member LLC in Lieu of a Meeting," and an "Amended Foreign Corporation Certificate (General Laws, Chapter 181, Section 4)."

The Trustee has objected to the claims asserted by Mr. Akouete as follows: the *Objection to Claims of Lolonyon Akouete* (Claim Nos. 4.1 and 4.2) [ECF No. 410] (the "First Objection"), the *Second Objection to Claims of Lolonyon Akouete [] (Claim Nos. 4.1, 4.2 and 4.3)* [ECF No. 462] (the "Second Objection"), and the *Trustee's Supplement to Pending Objections to Akouete Claims* [ECF No. 544] (the "Third Objection," with the First and Second Objections, the "Claim Objections" or "Contested Matters"). The Trustee asserts that Mr. Akouete's claims should be disallowed pursuant to 11 U.S.C. § 502(b)(1) because the claims are unenforceable in contract or at law and that, even if the Court were to determine that Mr. Akouete was appointed the manager (or delegee of the manager) of the Debtor, Mr. Akouete's claim for compensation of $3,146,823.50 set forth in Claim No. 4.3 exceeds the reasonable value of any services provided by Mr. Akouete to the Debtor and, as such, his claim should be disallowed or reduced pursuant to 11 U.S.C. § 502(b)(4).

Pursuant to the Case Management Order,[3] absent further order of the Court, discovery with respect to the Contested Matters is to be completed by April 7, 2025. Fed. R. Civ. P. 56 is made applicable to the Contested Matters by Fed. R. Bankr. 7056 and 9014(c), and MLBR 7056-1 also

---

[3] Contested Matter Case Management Order [ECF No. 540] (the "Case Management Order") entered by the Court regarding the Contested Matters.

2

applies. Summary judgment motions require statements of undisputed material facts consistent with MLBR 7056-1. MLBR 7056-1 adopts and makes applicable to bankruptcy proceedings D. Mass. LR 56.1. D. Mass. LR 56.1 states, in part, that:

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion. Opposition to motions for summary judgment must be filed, unless the court orders otherwise, within 21 days after the motion is served. A party opposing the motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties….

D. Mass. LR 56.1. Although Mr. Akouete makes several arguments in his Summary Judgment Motions and attempts to lay out material facts of record as to which he contends there is no genuine issue to be tried, the Trustee has highlighted several material disputed facts that he contends are evident based on the detail set forth in the Claim Objections as to whether Mr. Akouete possesses allowable claims and, if so, the appropriate amount of such claims, while reserving rights to dispute or challenge all alleged "facts." Factual questions remaining, including regarding "apparent authority," the potential reasonableness of compensation for services rendered, and those issues also identified in the further arguments set forth in Mr. Akouete's Response, in which he challenges whether certain facts are genuinely in dispute, only serve to bolster the conclusion that material disputed facts exist necessary to determine the Claim Objections. The Court agrees that the disputed facts highlighted by the Trustee in the Opposition and evident in the record developed to date preclude summary judgment.

Additionally, the Summary Judgment Motions are premature. Where discovery is ongoing, and indeed is subject to pending disputes, the Court may deny a motion for summary judgment where the non-moving party is still developing facts necessary for an opposition. *See* Fed. R. Civ. P. 56(d) (as

3

made applicable by Fed. R. Bankr. 7056 and 9014(c)).

For these reasons, the Summary Judgment Motions are denied.[4]

By the Court,

Dated: March 14, 2025

_____
Christopher J. Panos
United States Bankruptcy Judge

---

[4] The Court notes that in the Motion to Overrule Mr. Akouete states that "[t]he Trustee's opposition to the Claimant's efforts and rightful compensation is not based on legal merit but rather on racial discrimination and systemic bias." Mot. to Overrule [ECF No. 546], at 8. He makes other statements regarding racial discrimination and systemic bias, *see id.* at 8–10, and asks the Court to "intervene to ensure that racial discrimination does not dictate the outcome of this case," *id.* at 10. The Court has considered these serious allegations recently raised by Mr. Akouete, but has not observed any actions by the Trustee or any other party in the conduct of the litigation of the Contested Matters or administration of the estate that seem out of the range of what would be expected in any litigation involving a large, unique contested claim.