UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

### ORDER

Before the Court is the *Emergency Motion for Alternative Service of Subpoenas by First-Class Mail and Request For Expedited Determination* [ECF No. 586] (the "Motion") filed by Lolonyon Akouete. Mr. Akouete requests approval of alternative means of service for discovery subpoenas. Upon consideration of the Motion, I grant the Motion in part.

Although there does not appear to be any First Circuit authority, most federal courts (including several other Circuit Courts) have held that "delivering" a subpoena under Fed, R. Civ. P. 45, as incorporated by Fed. R. Bankr. P. 9016, requires personal in-hand service. *See, e.g., OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 753–54 (E.D. Mich. 2011) (collecting cases and determining that service of a subpoena under Fed. R. Civ. P. 45 could be effected by alternative means but ultimately denying alternative service request for lack of diligence and failure to demonstrate that mailing and posting subpoena on an apartment building would result in actual service to the recipient). Some courts, however, have permitted alternative means of service holding that Fed. R. Civ. P. 45 does not mandate a particular means of delivery or necessarily preclude approval of another means of service. *See, e.g., In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013) (embracing "growing minority trend and find[ing] that service was proper in [the] case, where it was effectuated by a means reasonably calculated to complete delivery and the respondents received actual notice of the subpoena" served by

Federal Express or certified mail); *Franklin v. State Farm Fire & Cas. Co.*, 2009 WL 3152993, at *1–2 (E.D. Mich. 2009) (authorizing alternative service of posting notice on residence and sending by certified mail); *Cordius Trust v. Kummerfeld*, No. 99 CIV. 3200 (DLC), 2000 WL 10268 at *2 (S.D.N.Y. Jan. 3, 2000) (permitting service by certified mail); *Windsor v. Martindale*, 175 F.R.D. 665, 670 (D. Colo. 1997) (concluding that regular mail service did not satisfy Fed. R. Civ. P. 45, but service by certified mail sufficient); *Western Resources, Inc. v. Union Pacific R. Co.*, No. 00–2043–CM, 2002 WL 1822432 at *1-2 (D. Kan. July 23, 2002) (permitting service via Federal Express with a signature release waiver and upon non-party's counsel). These courts "have permitted service by certified mail and other means if the method of service is made in a manner designed to reasonably insure actual receipt of the subpoena by the witness." *OceanFirst Bank*, 794 F. Supp. 2d at 753 (citations omitted).

"Courts that have sanctioned alternative means of service under Rule 45 often have done so only after the party requesting the accommodation diligently attempted to effectuate personal service." *OceanFirst Bank*, 794 F. Supp. 2d at 754 (quoting *Franklin*, 2009 WL 3152993, at *2). The "cause" cited by Mr. Akouete is not futility in attempting to serve in hand, but rather his financial circumstances, which he asserts do not allow him to retain process servers or other persons over the age of 18 not a party to this case. Under the unique circumstances of this case, I deny the Motion to the extent Mr. Akouete seeks leave to serve subpoenas by first-class mail but grant the Motion in part as follows.

I authorize subpoenas for documents only to be served by Mr. Akouete by certified U.S. mail, return receipt requested. Any document subpoena served by Mr. Akouete in this manner must be served together with a copy of this Order. A copy of the subpoena as served shall also be served by email on Jonathan R. Goldsmith, the Chapter 7 Trustee (the "Trustee") and his counsel per Fed. R. Civ. P. 45(a)(4).

**Mr. Akouete is forewarned that attempts to enforce any subpoena through motions to**

**compel or for contempt will require proof of actual service (such as a completed return receipt that the certified mail was received by the person to whom the subpoena was directed).**

Further, notwithstanding this Order, any person to whom a subpoena is directed may object to the manner of service and may assert any other objection to the subpoena by serving on Mr. Akouete a written objection as contemplated by Fed. R. Civ. P. 45(d)(2)(B) within 14 days after receiving the subpoena or within the time required for compliance, if earlier.  No subpoena shall require compliance sooner than 10 days after receipt of the subpoena.  Any person to whom a subpoena is directed may object to a subpoena for any reason permitted under Fed. R. Civ. P. 45, including objections to overly burdensome document demands or insufficient time for compliance.  Any such objection may be emailed to Mr. Akouete at info@smartinvestorsllc.com, the email included in Mr. Akouete's signature block in his pleadings with the Court, with a copy to the Trustee and his counsel at bankrdocs1@gkalawfirm.com and christine@nicholsondevine.com, respectively, the email addresses for the Trustee and his counsel reflected on the ECF docket.

By the Court,

Dated: March 19, 2025

_____
Christopher J. Panos
United States Bankruptcy Judge