# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC ) | |
| ) | |
| Debtor ) | |

## ORDER

The Court hereby grants the *Motion for Clarification Regarding Deadline for Joint Prehearing Memorandum* [ECF No. 588] filed by Lolonyon Akouete as follows. The deadline for filing a Joint Prehearing Memorandum is April 30, 2025. The alternative deadline set forth in the *Contested Matter Case Management Order* [ECF No. 540] (the "Contested Matter Order") only applied to dispositive motions filed post-discovery.

In addition, upon further consideration of the Contested Matter Order, the Court amends paragraph 6, "Motions for Summary Judgment and Other Dispositive Motions," and replaces that numbered paragraph with the following:

**6. Motions for Summary Judgment and Other Dispositive Motions.** The parties are reminded that many cases are not appropriate for summary judgment under Fed. R. Civ. P. 56, as made applicable by Fed. R. Bankr. P. 7056, because the existence of a disputed material fact will require resolution by trial and are strongly encouraged to consider the strengths of any summary judgment motion that they may contemplate filing. In order to facilitate that process, no further summary judgment motions may be filed without the advance filing of a notice of intent to file such motion and request for conference on or before **April 14, 2025**. To the extent appropriate under the facts and circumstances of the Contested Matter after discussion at the conference, the Court will establish a deadline at the conclusion of the conference for filing any summary judgment motion or other dispositive motion.

In the event a party obtains leave to file a motion for summary judgment, the deadline for the filing of the Joint Pretrial Memorandum shall be automatically extended. If the Court denies a motion(s) for summary judgment permitted to be filed in accordance with the procedures set forth in this paragraph, the Joint Prehearing Memorandum described in paragraph 7 shall be due fourteen (14) days after the Court's order denying the motion for summary judgment. Any

motion for summary judgment shall constitute each moving party's consent to the entry of a final order by this Court as to the matters addressed in such motion. If a party responding to a motion for summary judgment fails to state that it does not consent to the entry of a final order by this Court, that party will be deemed to have consented to the entry of a final order.

All other provisions of the Contested Matter Order, including the **April 30, 2025** deadline to file a Joint Prehearing Memorandum (provided no post-discovery dispositive motion is filed in accordance with the amended paragraph 6 above) remain unchanged.

By the Court,

Dated: March 21, 2025

_____
Christopher J. Panos
United States Bankruptcy Judge