UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | Chapter 7<br>Case No. 23-40709-CJP |

**TRUSTEE'S MOTION FOR SUMMARY JUDGMENT REGARDING
OBJECTIONS TO CLAIMS OF AKOUETE AND EDWARDS**

Pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, made applicable to this proceeding by Fed. R. Bankr. P. 7056 and MLBR 7056-1, plaintiff Jonathan R. Goldsmith (the "Trustee"), Chapter 7 Trustee of the bankruptcy estate of Westborough SPE LLC (the "Debtor"), hereby moves (the "Motion") for the entry of summary judgment sustaining the Trustee's objections to the claims of Lolonyon Akouete and Denise Edwards and disallowing those claims in full. Although this Court has set alternative deadlines regarding discovery and summary judgment procedures for Ms. Edward's disputed claim (see Dkt. No. 701), the Trustee believes, and the claims themselves demonstrate, that the basis for both claims is identical and, therefore, the Trustee submits this Motion as to the disputed claims of both Akouete and Edwards. The Trustee reserves the right to supplement this Motion as to Ms. Edwards on or before the deadline for summary judgment regarding Ms. Edwards's claim.

In support of the Motion, the Trustee relies on the Memorandum of Law (the "Memorandum"), the Trustee's Statement of Undisputed Material Facts, the two (2) Affidavits of Walter A. Horst, the Affidavit of Peter L. Blaustein, the Affidavit of Jonathan R. Goldsmith, and the Affidavit of Christine E. Devine, all of which the Trustee has filed herewith.

As set forth in detail in the Memorandum, the claims asserted by Akouete and Edwards are dependent upon the validity and enforceability of certain documents[1] which purport to appoint them as manager of the Debtor. As set forth in detail in the Memorandum, the individual who Akouete and Edwards directed to execute the Disputed Appointment Documents lacked both (i) the authority to appoint Akouete and Edwards as manager of the Debtor and (ii) the capacity to enter into valid and binding contracts absent the approval of a guardian and conservator. Further, Akouete and Edwards had knowledge of such lack of authority and lack of capacity.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order (i) allowing the Trustee's Motion, (ii) entering judgment fully disallowing all claims of Lolonyon Akouete against the Estate, (iii) entering judgment fully disallowing all claims of Denise Edwards against the Estate, and (iv) granting such other and further relief as is just.

Respectfully submitted,

**Jonathan R. Goldsmith,
Chapter 7 Trustee**

by his counsel,

/s/ Christine E. Devine
Christine E. Devine, BBO# 566990
Angelina M. Savoia, BBO# 715690
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone:  508-533-7240
Email:  christine@nicholsondevine.com

Dated: May 30, 2025

---

[1] The documents upon which Akouete and Edwards rely consist of (i) a Bill of Sale, (ii) a Durable Power of Attorney, and (iii) a Manager's Consent (collectively, the "Disputed Appointment Documents"), all of which are described in the Memorandum.