

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re:<br><br>Westborough SPE LLC<br><br>Debtor | Chapter 7<br>23-40709-CJP |

### PROCEEDING MEMORANDUM AND ORDER

**MATTER:**

#679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim.

**Decision set forth more fully as follows:**

DENIED FOR THE REASONS STATED ON THE RECORD. SUMMARIZING AND FURTHER DETAILING THOSE REASONS, AFTER CONSIDERATION OF THE MOTION AND RESPONSIVE PLEADINGS, THE COURT'S REVIEW OF ALL PLEADINGS FILED IN RELATION TO THE TRUSTEE'S OBJECTION TO MR. AKOUETE'S CLAIM, AND THE COURT'S OBSERVATION OF THE PARTIES ON THE RECORD AT HEARINGS IN THIS MATTER AND IN CONNECTION WITH THE RELIEF THEY HAVE REQUESTED IN THEIR RESPECTIVE FILINGS WITH THE COURT, MR. AKOUETE HAS NOT SHOWN CAUSE FOR THE EXTRAORDINARY RELIEF THAT HE HAS REQUESTED IN THE MOTION.

FIRST, MR. AKOUETE ASKS THAT THIS COURT TAKE "JUDICIAL NOTICE" OF ALLEGED AND CONCLUSORY FACTS THAT ARE CLEARLY SUBJECT TO REASONABLE DISPUTE AND, THEREFORE, COULD NOT BE SUBJECT TO JUDICIAL NOTICE UNDER FED. R. EVID. 201. THERE CAN BE NO GOOD FAITH BASIS FOR SUCH A REQUEST--PARTICULARLY BECAUSE THIS IS NOT THE FIRST TIME MR. AKOUETE HAS MADE SUCH A REQUEST AND THE COURT PREVIOUSLY IDENTIFIED THAT ONLY CERTAIN TYPES OF FACTS WOULD BE APPROPRIATE FOR JUDICIAL NOTICE AS CONTEMPLATED BY FED. R. EVID. 201(b), *SEE* ORDER AT ECF NO. 717 ENTERED ON MAY 21, 2025, IN CONNECTION WITH SIMILAR ALLEGATIONS REGARIDNG THE TRUSTEE'S CONDUCT. MR. AKOUETE MAY BE SUBJECT TO SANCTIONS IF HE FILES SIMILAR REQUESTS IN THE FUTURE.

*Proceeding Memorandum and Order Page 2 of 2*

THE BALANCE OF THE RELIEF SOUGHT IN MR. AKOUETE'S MOTION ESSENTIALLY SEEKS SANCTIONS FOR THE "TRUSTEE'S CONTRADICTORY POSITIONS, RETALIATORY CONDUCT, ABUSE OF PROCESS, BAD FAITH, AND PROTRACTED LITIGATION TACTICS EVIDENCED IN SETTLEMENT PROPOSALS AND SUBSEQUENT COMMUNICATIONS," INCLUDING IN THE FORM OF OVERRULING THE TRUSTEE'S OBJECTION TO HIS CLAIM, LIMITING THE TRUSTEE'S OBJECTIONS, AND OTHER UNSPECIFIED "SANCTIONS." MR. AKOUETE DISCLOSES SETTLEMENT OFFERS AND NEGOTIATIONS WITH THE TRUSTEE TO SUPPORT THE PROPOSITION THAT THE TRUSTEE HAS "RECOGNIZED" THE "VALIDITY AND LEGITIMACY" OF MR. AKOUETE'S CLAIM AND THAT THE TRUSTEE HAS MADE "INADEQUATE" SETTLEMENT PROPOSALS. WHILE EVIDENCE OF SETTLEMENT NEGOTIATIONS MAY BE ADMISSIBLE FOR SOME PURPOSES, IT IS NOT ADMISSIBLE TO PROVE THE VALIDITY OR AMOUNT OF A CLAIM. EVEN AFTER CONSIDERING THE REFERENCED SETTLEMENT NEGOTIATIONS IN THE CONTEXT OF ALLEGATIONS OF BAD FAITH AND DELAY, THE COURT DOES NOT FIND THAT THE TRUSTEE HAS ACTED IN BAD FAITH OR HAS ACTED IN A RETALIATORY MANNER, PROTRACTED LITIGATION, OR ABUSED PROCESS. THE TRUSTEE HAS TIMELY FILED A MOTION FOR SUMMARY JUDGMENT, AS HAS MR. AKOUETE. THE COURT WILL DETERMINE THE CLAIM OBJECTION ON ITS MERITS EITHER BY SUMMARY JUDGMENT OR AFTER TRIAL.

Dated: 06/12/2025

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge