# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | Chapter 7 |
| Debtor. | |

## RESPONSE TO MOTION FOR DETERMINATION THAT ACTION AGAINST EQUITY HOLDER DOES NOT VIOLATE AUTOMATIC STAY
### (Docket No. 777)

Walter A. Horst, in his individual capacity and on behalf of Babcock & Brown Holdings, Inc. and Babcock & Brown International Pty. Ltd. and their current and former subsidiaries (together referenced as "B&B"), through undersigned counsel, hereby responds to the Expedited Motion for Determination that Actions Against Equity Holder Does Not Violate Automatic Stay (Docket No. 777) (the "Expedited Motion") filed by alleged creditor Lolonyon Akouete ("Mr. Akouete"), and states as follows:

1.      The Court, in its preliminary ruling denying Mr. Akouete's expedited relief (Docket No. 781), clearly understands that any claims Mr. Akouete could potentially bring against B&B, can only be derivative claims of the Debtor which claims belong to the Debtor's estate, and therefore can only be brought and administered by the Trustee. *See e.g. In re Soundview Elite Ltd.*, 565 B.R. 534 (Bankr. S.D. N.Y. 2017) (Claims based on rights derivative of, or derived from, the debtor's involve property of the estate, and as such, the automatic stay prevents creditors from pursuing those claims); *In re Clear the Air, LLC*, 631 B.R. 286 (Bankr. S.D. Tex. 2021) (Derivative claims are property of debtor's estate); *Borg v. Warren*, 545 F. Supp. 3d 291 (E.D. Va. 2021) (third party creditors may not bring claims based on rights derivative of the debtor, as they constitute property of the bankruptcy estate).

79146094;2

2.      Further, once the Court rules on Mr. Akouete's lack of authority over the Debtor, his participation in this case and his ongoing harassment campaign against everyone that disagrees with him should be severely curtailed by the Court and not allowed to metastasize to another venue less familiar with Mr. Akouete's tactics.

3.      Mr. Akouete, as demonstrated by the Trustee in his summary judgment filings and supporting documentation as to the issue of Mr. Akouete's and Denise Edwards' authority to act on behalf of B&B's non-operating subsidiaries, Babcock & Brown Administrative Services LLC ("B&B Admin") which later  merged into another affiliate of B&B, Babcock & Brown Parallel Member LLC ("B&B Parallel"),  and in turn through that connection, act on behalf of the Debtor, is merely an opportunistic stranger to the Debtor and to B&B, with no authority over either. Nevertheless, Mr. Akouete has sought, by any means necessary, to take control of this estate for self-gain.

4.      Lacking any actual authority to act on behalf of B&B Admin, B&B Parallel, and the Debtor, Mr. Akouete, throughout this case, has abused this bankruptcy proceeding to, *inter alia* prove something he cannot: that F. Jan Blaustein Scholes, a prior B&B employee who left the firm in 2007, at which time she resigned from all positions, somehow retained the ability/authority to bequeath to  Mr. Akouete and Ms. Edwards the right to act on behalf of B&B Parallel and the Debtor in 2023, after she was declared incapacitated in 2019.

5.      It is important to note that B&B has no dog in this fight. B&B Admin/Parallel, ceased providing administrative services to the Debtor 15+ years ago and only became involved in this matter recently when Mr. Akouete, improperly and without authorization, reinstated B&B Parallel, forcing Mr. Horst to correct the Delaware public record. Mr. Akouete, seeking retribution against B&B and Mr. Horst and to legitimize the reinstatement of B&B Parallel, sought to sanction

79146094;2

B&B and Mr. Horst for an alleged stay violation, which motion, as the Court ruled, had no merit whatsoever (Docket Nos. 178, 216).

6.      Mr. Akouete then sought discovery from B&B and others, which itself was a needlessly complicated and wasteful process given that no document, at least in B&B's possession, can prove the impossible:  that Mr. Akouete has authority over any B&B entity or the Debtor.

7.      B&B is tired of getting dragged into this case, which is causing B&B to expend considerable time and to incur unnecessary legal fees to defend itself from Mr. Akouete's egregious abuse of process, which is evidenced by the sheer volume of his filings, which are mostly, if not entirely, frivolous, and his relationship to the Debtor and B&B, tangential, if any.

8.      Since the issue of Mr. Akouete's authority is now directly before the Court, if and when the Court rules that Mr. Akouete had no authority to act on behalf of the Debtor and/or any B&B entity, that ruling should eliminate Mr. Akouete from these proceedings entirely, or at least substantially limit his ability to utilize frivolous and vexatious motion practice and the discovery process to threaten and harass further.

9.      Mr. Akouete's repeated and false allegations of wrongful conduct by B&B, the Trustee, and other professionals originally retained by Mr. Akouete are deflections to distract from his own underlying lack of authorization to act on behalf of B&B, the Debtor and the estate.

10.     If Mr. Akouete indeed lacks any authority over the Debtor and any B&B entity, that ruling in turn shall negate any potential claims of Mr. Akouete against B&B, as his only connection is through his purported/asserted authority through Ms. Scholes.

WHEREFORE the Expedited motion should be denied and the Court should award attorney's fees and costs on behalf of B&B and against Mr. Akouete.

79146094;2

Dated:  June 20, 2025

Respectfully submitted,

*/s/ Samual A. Miller*
Samual A. Miller, Esq.
Massachusetts Bar No. 648568
E-mail: samual.miller@akerman.com
Secondary E-mail:
sharlene.harrison-carera@akerman.com
**AKERMAN LLP**
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
Phone: (407) 423-4000
Fax: (407) 843-6610

*-and-*

Luis R. Casas, Esq.
Florida Bar No. 0094222
Email:  luis.casasmeyer@akerman.com
AKERMAN LLP
98 Southeast Seventh Avenue,
Miami, FL 33131
Suite 1100
(*Pro Hac Vice* motion pending)

*Counsel for B&B*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

*/s/ Samual A. Miller*
Samual A. Miller, Esq.

4

79146094;2