UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:  )  Chapter 7
  )  Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,  )
  )
  Debtor.  )

# CREDITOR LOLONYON AKOUETE'S MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF OBTAINING THE GOULSTON & STORRS RETAINER AGREEMENT

NOW COMES Creditor **Lolonyon Akouete**, pro se, and respectfully moves this Court to reopen discovery for the limited purpose of obtaining the retainer agreement and related records from **Goulston & Storrs PC** relating to its engagement in connection with the formation of Westborough SPE LLC (the "Debtor"). In support thereof, the undersigned states:

## I. RELEVANT BACKGROUND

1. **Mignonette Investments Limited**, a British Virgin Islands company, is the sole member of the Debtor.
2. According to **Mignonette's 2006 IRS Form 1120-F, Statement 11**, Mignonette was 50% or more owned by **PENAGO PTY LTD**, an Australian entity. The beneficial owners of Penago Pty Ltd are identified as **Phillip Hartley Green** and **Milly Green**. *See Exhibit 1 and 2.*
3. The identity of the beneficial owner of the Debtor remains unresolved and is central to issues of **standing, service of process, and the equitable treatment of creditors** in this case.
4. The Trustee and other creditors have not pursued the issue of beneficial ownership. The undersigned remains the only party actively seeking to resolve this critical question.

## II. PRIOR DISCOVERY EFFORTS AND OBSTACLES

5. The undersigned has made sustained efforts to obtain ownership records from both domestic and foreign channels, including:

    a. Filing multiple motions to compel the Chapter 7 Trustee to disclose or report beneficial ownership information under the Corporate Transparency Act (Dkts. #65, #104, #437, #492), all of which were denied (Dkts. #105, #473, #518).

    b. Seeking discovery through the issuance of a **Letter Rogatory** to the High Court of Justice of the British Virgin Islands, granted by this Court on April 7, 2025 (Dkt. #620). However:

    - Execution of that letter requires transmission via the **U.S. State Department's diplomatic channel**, which costs $2,275 and may take over a year. *See Exhibit 3*

- o The **BVI Financial Services Commission** declined to assist directly and referred the matter to the BVI judiciary. *See Exhibit 4 and 5.*
- o Attempts to retain BVI counsel resulted in fee estimates of $30,000–$40,000 USD—beyond the movant's means as a pro se litigant. *See Exhibit 6.*

c. Reaching out to **CSC (Corporation Service Company)**, named as Mignonette's agent for service in Massachusetts in a 1997 Participation Agreement. CSC refused to confirm the relationship or forward service absent current state registration. *See Exhibit 7.*

## III. INFORMATION AVAILABLE FROM GOULSTON & STORRS

6. Following a subpoena and Court-ordered discovery conference (Dkt. #604), **Goulston & Storrs PC submitted an affidavit** from **David Abromowitz, Esq.**, dated April 4, 2025, identifying client representatives involved in the firm's 1997–1998 engagement regarding the Debtor's formation and lease. *See Exhibit 8.*
7. The affidavit lists communications with:
    - o **Phillip Green** (Level 37, The Chifley Tower, Sydney),
    - o **Derek Andrews** (Integro Trust, BVI),
    - o **F. Jan Blaustein**, **James McCaffrey**, and others connected to Babcock & Brown Administrative Services.
8. However, the identity of the person or entity who retained and paid Goulston & Storrs is not addressed in the affidavit and remains unknown.
9. That information is likely reflected in the **retainer agreement, engagement letter, or billing records**—documents that would allow the movant to confirm the equity owner's role and avoid unnecessary foreign litigation and expense.
10. Because **Phillip Green** is identified in the affidavit as a contact in connection with the formation of Westborough SPE LLC, and is also believed to be a beneficial owner of Mignonette, there is compelling reason to believe that the Goulston & Storrs engagement was on behalf of or at the direction of Mignonette's true owner. The trustee has not sought clarification of these relationships despite their relevance to estate control and creditor equity.

## IV. BASIS FOR LIMITED DISCOVERY

11. The request is narrowly tailored to a single issue: identifying the original client who retained Goulston & Storrs in connection with the Debtor's formation.
12. This is the most direct and least burdensome way to obtain this critical information, particularly in light of:

- The **costs and delays** associated with foreign service;
- The **Court's prior ruling** that the Trustee has no FinCEN-related duty;
- The fact that **Goulston & Storrs is a local firm** already involved in discovery.

13. Reopening discovery for this limited purpose is warranted under **Fed. R. Civ. P. 26(b)** and **Fed. R. Bankr. P. 7026**, given the direct relevance, low burden, and lack of alternative access.

## V. RELIEF REQUESTED

WHEREFORE, Creditor **Lolonyon Akouete** respectfully requests that this Court:

1. Reopen discovery solely for the limited purpose of permitting the undersigned to obtain from **Goulston & Storrs PC**:
    - The retainer agreement;
    - Any related engagement letter(s);
    - And any billing records identifying the party who paid for services rendered in connection with the formation or lease matters for Westborough SPE LLC;
2. Authorize the undersigned to serve a subpoena or discovery request accordingly; and
3. Grant such other and further relief as the Court deems just and proper.

DATED: July 9, 2025, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

Exhibit 1

2006 FEDERAL 1120F INCOME TAX RETURN

MIGNONETTE INVESTMENTS LIMITED                                          FEIN: 98-0196481
FYE: JUNE 30, 2007

STATEMENT 11 - FORM 1120F, PAGE 2, QUESTION U
50% OF MORE OWNERSHIP OF THE CORPORATION

NAME OF CORPORATION:           PENAGO PTY LTD.
IDENTIFYING NUMBER:            NONE

BB000145

Exhibit 2

When completed send this return with the prescribed fee to ASC, C/O Gippsland Mail Centre, Morwell 3941

| | |
|---|---|
| ASC registered agent number | |
| lodging party or agent name | |
| address | |
| | postcode |
| telephone | ( ) |
| facsimile | ( ) |
| DX number | suburb/city |

00226802G

ASS. REQ-A
CASH. REQ-P
PROC.

## Australian Securities Commission
## Annual Return of a company

form **316**

**Corporations Law**
335 (1), 335 (1A) reg 3.8.01

**Declaration**   This declaration must be <u>signed and dated</u> by a current director or secretary of the company.

I declare  (a)  that the information given on this Annual Return of 4 pages and any annexures is complete and correct at the date of signing

(b)  that there are reasonable grounds to believe that the company will be able to pay its debts when they fall due (strike out this point if unable to form this opinion)

(c)  that this declaration is made under a resolution by the company's board of directors to adopt the contents of this Annual Return.

print name  **PHILLIP HARTLEY GREEN**   capacity  **DIRECTOR**

date 29/ 1 /97   sign here  _[signature]_

Please read the Guide to the Annual Return before completing this form

**RECEIPT REQUIRED**
**3 1 JAN 1997**
**RECEIVED**
**SYDNEY BUSINESS CENTRE**

| 1 | company name | PENAGO PTY LTD |
| | Australian Company Number | 002 268 028 |
| 2 | Annual Return year | 1996 |
| 3 | classification of company | proprietary, limited by shares |

Was the company of the same classification for the whole of the year?   yes ☒  no ☐

Does the company act solely as the trustee of a regulated superannuation fund as prescribed by the Superannuation Industry (Supervision) Act and prohibits the distribution of income or property among its members?   yes ☐  no ☒

| 4 | principal activities | TRUSTEE COMPANY (PROPERTY & INVESTMENT TRUST) |
| 5 | registered office address | LVL 13 |
| | | 52 MARTIN PL |
| | | SYDNEY NSW 2000 |

if change of address   Show the new address next to the preprint.
date of change (d/m/y)   /   /   if ASC previously notified, date of notification (d/m/y)   /   /

PENAGO PTY LTD  A.C.N. 002 268 028

RP1A6  19/08/96

page 1 of 4

Case 23-40709   Doc 820   Filed 07/10/25   Entered 07/10/25 09:27:54   Desc Main
Document      Page 6 of 20

page 2 of 4

| 5 | **registered office (cont.)** | Does the company occupy the premises specified as the address of the registered office? yes ☐ no ☒ |

if no  name of occupier  BABCOCK & BROWN PTY LTD

Tick box below to assent to statement required by subsection 100(1)(d) relating to occupier's consent.

☒ *The occupier of the premises has consented in writing to the use of the specified address as the address of the registered office of the company and has not withdrawn that consent.*

office hours  A registered office must be open to the public for at least 3 hours between 9am and 5pm on each business day.
Have the registered office hours been changed?   yes ☐ no ☒

if yes  open _____ am/pm  close _____ am/pm  date of change (d/m/y) / /
if ASC previously notified, date of notification (d/m/y) / /

| 6 | **principal place of business** |

C/- BABCOCK & BROWN PTY LTD
LVL 13
52 MARTIN PL
SYDNEY NSW 2000
telephone  02 9233 4033            facsimile  02 9231 5619

| 7 | **ultimate holding company** |
name _____
A.C.N. or A.R.B.N. _____  place of incorporation _____

| 8 | **auditor** |
name (family & given names)  N/A
at the office of _____
office, floor, building name _____
street number & name _____
suburb/city _____ state _____ postcode _____
date of appointment (d/m/y) / /

if change of auditors  show details of former auditor
name (family & given names) _____
at the office of _____
office, floor, building name _____
street number & name _____
suburb/city _____ state _____ postcode _____
manner of ceasing  resignation ☐   removal ☐   death ☐   other ☐
date of ceasing (d/m/y) / /   if ASC previously notified, date of notification (d/m/y) / /
change of name ☐

| 9 | **auditor's report** | Were the company accounts for the year audited?   yes ☐ no ☒ |

if yes,  Did the auditor's report for the financial year contain a statement of:
- reasons for the auditor not being satisfied as to the matters referred to in section 331B?   yes ☐ no ☐
- details of deficiency, failure or shortcoming concerning any matter referred to in section 331E?   yes ☐ no ☐

PENAGO PTY LTD  A.C.N. 002 268 028

RP26  19/08/96
4235 / 33884  4198 N 07/09/96

## 10 company officers

If change of details to company officer, provide the following details along side the appropriate roles.

| | Detail of Change E.g. Cessation/Appointment or New Name/Address | Date of change and if applicable, date previously notified - PN (see Page 2 of the Guide - How to show changes) |

Details are required for each director or secretary of the company.

Check carefully details which have been printed from the ASC database. If changes are necessary, draw a line through any incorrect details and show the correct information next to the printed information.

Show information on separate lines as follows

1. family and given names in full
2. unit, floor, building name, street number and name
3. suburb/city, state, postcode
4. date of birth and place and state or country
5. office and date of appointment
6. whether the officer holds shares in the company

The address for company officers should be the residential address.

Use the appropriate abbreviation:

DIR   director
SEC   secretary

---

DAVIS, WARREN JOHN
11 BOAMBILLEE AVE
VAUCLUSE NSW 2030
born 03/08/1940   at   SYDNEY NSW
DIR appointed 05/10/1990
Does the officer hold shares in the company?   yes☐   no☒

*RESIGNED 29/1/97*

GREEN, PHILLIP HARTLEY
UNIT 2
47 WOLSELEY RD
POINT PIPER NSW 2027
born 11/11/1954   at   SYDNEY NSW
DIR appointed 13/10/1981
Does the officer hold shares in the company?   yes☒   no☐

GREEN, VIVIEN HELEN
UNIT 2
47-49 WOLSELEY RD
POINT PIPER NSW 2027
born 21/11/1946   at   SYDNEY NSW
DIR appointed 30/06/1995
Does the officer hold shares in the company?   yes☒   no☐

PLATUS, PAUL ANTHONY
UNIT 2
47-49 WOLSELEY RD
POINT PIPER NSW 2027
born 09/01/1972   at   SYDNEY NSW
SEC appointed 23/06/1994
Does the officer hold shares in the company?   yes☐   no☒

*APPOINTED AS DIRECTOR 30/6/95*
*ASC NOTIFIED 10/7/95*

SMYTH, SUSAN JANE
36 THIRD AVE
WILLOUGHBY NSW 2068
born 27/06/1962   at   SYDNEY NSW
SEC appointed 22/10/1990
Does the officer hold shares in the company?   yes☐   no☒

## changes

If a change of name or address, include the date of change.

If ceasing to act or resigning show office and date of ceasing or resignation.
eg 'DIR resigned 11/6/95'.

If the ASC has been previously notified of the change give the date of notification
eg. 'notified 11/6/95'.

---

PENAGO PTY LTD A.C.N. 002 268 028

RP385 19/08/96

page 3 of 4

## 11 issued shares and options

| class code | description, full title of share | nominal value per share $ |
|---|---|---|
| ORD | ORDINARY SHARES | 1.00 |
| | | |
| | | |
| | | |

| | shares | | | | options | |
|---|---|---|---|---|---|---|
| class code | total number issued | total nominal value $ | total amount paid $ | balance of share premium account $ | number of shares entitled to | av. exercise price per share |
| ORD | 2 | 2.00 | 2.00 | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## 12 list of members (shareholders)

List details of the top 10 shareholders for each class first, then show all other shareholders.

If details of shareholders were recorded on the ASC database from the last Annual Return these details will be printed below. Add full details of any new or unlisted shareholders after the printed information.

If the shareholder details for the listed shares has changed, draw a line through the name and address and show the new information next to the printed information.

A member who holds shares on behalf of another person or corporation is not the beneficial owner of the shares (show 'N').

| member's full name and address or name and address of executor/s where applicable. | class code (use same code as in item 11) | total number of shares held | Are shares fully paid? (Y/N) | Is the member the beneficial owner of the shares? (Y/N) |
|---|---|---|---|---|
| GREEN, MILLY<br>UNIT 22<br>17 GOWRIE RD<br>BONDI JUNCTION NSW 2022 | ORD | 1 | Y | Y |
| GREEN, PHILLIP HARTLEY<br>UNIT 2<br>47 WOLSELEY RD<br>POINT PIPER NSW 2027 | ORD | 1 | Y | Y |

PENAGO PTY LTD  A.C.N. 002 268 028

Exhibit 3



Lolonyon Akouete <info@smartinvestorsllc.com>

## Time-Sensitive MLA Request Involving British Virgin Islands (Case No. 23-40709-CJP)

**OIJA Mailbox** <OIJA@usdoj.gov>    Wed, May 7, 2025 at 8:46 AM
To: Lolonyon Akouete <info@smartinvestorsllc.com>, OIJA Mailbox <OIJA@usdoj.gov>

Dear Lolonyon Akouete,

A letters rogatory request to the British Virgin Islands may be sent through diplomatic channels. The process for doing so is on the State Department's website: https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html. I recommend that you review the information on the website in full.

The request must first be sent to the State Department, which will then transmit the request to the appropriate foreign authority. The letters rogatory request and any required accompanying documents should be sent here:

    Washington, DC 20522-1710
    Name: Judicial Assistance Officer
    Address: U.S. Department of State
    Office of Legal Affairs, (L/CA/POG/GC)
    2201 C Street, NW
    SA-17, 10th Floor
    Washington, DC 20522-1710

Note that the request must be accompanied by a certified check for the fees associated with the service. The schedule of fees is published at 22 C.F.R. § 22.1.

Some jurisdictions allow letters rogatory to be submitted directly to a judicial authority rather than going through diplomatic channels. You would need to engage qualified BVI counsel to determine whether such an option might be available.

[Quoted text hidden]



Exhibit 4

Lolonyon Akouete &lt;info@smartinvestorsllc.com&gt;

---

# [BVI Financial Services Commission] Re: * * * [External Email] This email was sent from outside the FSC. Exercise caution when clicking on any links or opening attachments. * * * Dear Mr...

1 message

---

**BVI Financial Services Commission (Support)** &lt;support@bvifsc.vg&gt;    Mon, Jun 23, 2025 at 1:49 PM
Reply-To: Support &lt;support@bvifsc.vg&gt;
To: Lolonyon Akouete &lt;info@smartinvestorsllc.com&gt;

##- Please type your reply above this line -##

Please be advised that your request (177750) has been updated. To add additional comments, reply to this email.

With kind regards,

BVI Financial Services Commission

---



BVI Financial Services Commission (BVI Financial Services Commission)

Jun 23, 2025, 1:49 PM GMT-4

Dear Sirs,

Kindly note that matters concerning letters of rogatory request may be submitted to the Eastern Caribbean Supreme Court in the British Virgin Islands. Please be guided by the below contact information or the following link: https://bvi.gov.vg/content/supreme-court

Registrar

Supreme Court

P.O. Box 418

Road Town, Tortola

Virgin Islands (British) VG1110

## Business Hours

Monday - Friday

8:30 a.m. to 4:30 p.m.

## Department Telephone Information

Telephone: 1(284) 468-5001

Fax: 1(284) 468-4951

Kind regards,

BVI Financial Services Commission



**Lolonyon Akouete**
Jun 10, 2025, 7:01 PM GMT-4

[External Email] This email was sent from outside the FSC. Exercise caution when clicking on any links or opening attachments.

Dear Mrs. Herbert,

I hope this message finds you well.

I am writing to follow up on my email sent on **June 6, 2025**, regarding the possibility of transmitting a **letters rogatory request directly to the appropriate authorities in the British Virgin Islands**, in connection with **Case No. 23-40709-CJP** pending before the United States Bankruptcy Court for the District of Massachusetts.

As noted previously, I am a pro se party in this matter and am seeking assistance in determining whether BVI courts or authorities will accept **direct service of letters rogatory**, or whether such requests must be routed exclusively through diplomatic channels. Due to the **urgency of the case and financial limitations**, the standard diplomatic process presents a significant hardship, and I would be extremely grateful if your office could confirm whether any **alternative or expedited procedures** exist under BVI law.

If the original email was received but is still under review, I would be grateful for a brief update. If this matter falls outside your office's scope, I would kindly ask if you could direct me to the appropriate contact.

Thank you again for your time and consideration. I sincerely appreciate any guidance your office may be able to provide.

Warm regards,
**Lolonyon Akouete**
800 Red Mill Road
Wallkill, NY 12589
info@smartinvestorsllc.com
+1 (443) 447-3276


On Fri, Jun 6, 2025 at 5:11 PM Lolonyon Akouete <info@smartinvestorsllc.com> wrote:

> Dear Mrs. Herbert,
>
> I hope this message finds you well.
>
> My name is Lolonyon Akouete, and I am a party involved in a U.S. bankruptcy matter pending before the United States Bankruptcy Court for the District of Massachusetts (Case No. 23-40709-CJP). As part of the proceedings, I am preparing a request for international judicial assistance (letters rogatory) involving corporate records maintained in the British Virgin Islands.

I understand from the U.S. Department of Justice Office of International Affairs (OIA) that letters rogatory are generally transmitted through diplomatic channels via the U.S. Department of State. However, they also indicated that in some jurisdictions, it may be permissible to transmit such requests directly to the appropriate judicial authority, bypassing diplomatic formalities.

I am writing to respectfully inquire whether the courts or competent authorities in the British Virgin Islands will accept a letters rogatory request transmitted directly to the BVI, or whether it must be routed exclusively through diplomatic channels.

Given the time-sensitive nature of the request, I would be grateful for any guidance your office may provide on the appropriate procedure and any local requirements or contact information for submission, should direct transmission be possible.

Thank you in advance for your assistance.

Warm regards,
Lolonyon Akouete
800 Red Mill Road
Wallkill, NY 12589
info@smartinvestorsllc.com
+1 (443) 447-3276

IMPORTANT/CONFIDENTIAL: This message and all attachments are strictly confidential and are intended for the use of the specific individuals or entities in the address lines. They may contain information that is privileged or is otherwise proprietary. The unauthorised use, disclosure, copying or distribution of this e-mail or any information it contains is prohibited and may, in certain circumstances, constitute a criminal offence. If you are not an intended recipient of a message you are kindly requested to notify the original sender immediately by return e-mail, and to not use, disclose, copy, distribute or retain the message or any part of the message or attachments.



Lolonyon Akouete
Jun 6, 2025, 5:11 PM GMT-4

[External Email] This email was sent from outside the FSC. Exercise caution when clicking on any links or opening attachments.

Dear Mrs. Herbert,

I hope this message finds you well.

My name is Lolonyon Akouete, and I am a party involved in a U.S. bankruptcy matter pending before the United States Bankruptcy Court for the District of Massachusetts (Case No. 23-40709-CJP). As part of the proceedings, I am preparing a request for international judicial assistance (letters rogatory) involving corporate records maintained in the British Virgin Islands.

I understand from the U.S. Department of Justice Office of International Affairs (OIA) that letters rogatory are generally transmitted through diplomatic channels via the U.S. Department of State.

However, they also indicated that in some jurisdictions, it may be permissible to transmit such requests directly to the appropriate judicial authority, bypassing diplomatic formalities.

I am writing to respectfully inquire whether the courts or competent authorities in the British Virgin Islands will accept a letters rogatory request transmitted directly to the BVI, or whether it must be routed exclusively through diplomatic channels.

Given the time-sensitive nature of the request, I would be grateful for any guidance your office may provide on the appropriate procedure and any local requirements or contact information for submission, should direct transmission be possible.

Thank you in advance for your assistance.

Warm regards,
Lolonyon Akouete
800 Red Mill Road
Wallkill, NY 12589
info@smartinvestorsllc.com
+1 (443) 447-3276

IMPORTANT/CONFIDENTIAL: This message and all attachments are strictly confidential and are intended for the use of the specific individuals or entities in the address lines. They may contain information that is privileged or is otherwise proprietary. The unauthorised use, disclosure, copying or distribution of this e-mail or any information it contains is prohibited and may, in certain circumstances, constitute a criminal offence. If you are not an intended recipient of a message you are kindly requested to notify the original sender immediately by return e-mail, and to not use, disclose, copy, distribute or retain the message or any part of the message or attachments.

Attachment(s)

[Order on Issuance of Letter Rogatory.pdf](Order on Issuance of Letter Rogatory.pdf)

This email is a service from BVI Financial Services Commission.

[MRYP2G-JM1VV]



Exhibit 5

Lolonyon Akouete <info@smartinvestorsllc.com>

## Responding to your message
1 message

**Office of Rep. Josh Riley** <NY19JR.DistrictServices@mail.house.gov>    Thu, Jul 3, 2025 at 5:01 PM
To: info@smartinvestorsllc.com
Cc: info@smartinvestorsllc.com

**JOSH RILEY**
19TH DISTRICT OF NEW YORK



**WASHINGTON OFFICE**
128 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-5441

**Congress of the United States**
House of Representatives
Washington, DC 20515

July 3, 2025

Dear Mr. Akouete,

Thank you for reaching out to Congressman Riley's Office. We have received your message and while we are working very hard to reply to all requests we receive from constituents in a timely manner, the volume of requests we receive significantly impacts our response time. To that end, we are offering our sincerest apology for the delay in responding to your inquiry.

In our capacity as a Congressional Office, we cannot offer legal counsel and cannot interfere in ongoing legal matters. We do not have jurisdiction over the procedures and timelines of foreign or private entities. That said, we still wish to be as helpful as possible within the parameters we are able. This is the contact information for the U.S. Embassy to Barbados, Antigua and Barbuda, Dominica, Grenada, Saint Kitts and Nevis, Saint Lucia, and Saint Vincent and the Grenadines, who might be better equipped to answer your inquiry or provide you with more localized resources:

    Assistance with U.S. Citizen Services: bridgetownacs@state.gov

    Phone: (246) 227-4000

I hope this is helpful information. Please be assured that our inability to help you directly stems not from a lack of compassion or desire to provide assistance, but from the requirement to operate within the legal capacity afforded to our office. Let me know if you are unable to contact the staff at the embassy.

Sincerely,

Irena Raia

-------------------------- Original Email --------------------------
From: info@smartinvestorsllc.com
Sent: 6/10/2025
Subject: Web Form on International Relations
Dear Congressman Ryan,

My name is Lolonyon Akouete, and I am a U.S. citizen and resident of Wallkill, NY 12589. I write to respectfully request your assistance with a time-sensitive legal matter involving the British Virgin Islands (BVI) and the U.S. Department of Justice.

I am currently involved in a bankruptcy case pending before the United States Bankruptcy Court for the District of Massachusetts (Case No. 23-40709-CJP). As part of these proceedings, I am seeking corporate records from the British Virgin Islands through a judicial request known as letters rogatory.

I have contacted the BVI Financial Services Commission to ask whether they will accept direct transmission of my request, but I have received no response. The Office of International Affairs (OIA) at the Department of Justice has informed me that while letters rogatory are usually transmitted through diplomatic channels, some jurisdictions—including the BVI—may permit direct service under limited circumstances.

Unfortunately, I am representing myself and cannot afford the significant cost and delay associated with the traditional diplomatic process, which can take up to a year. The information I seek is essential for my ability to meet court deadlines and to exercise my legal rights in a U.S. proceeding.

I am therefore asking if your office can:

Contact the Department of Justice or the State Department on my behalf;

Request clarification or intervention to allow direct service to the BVI;

Assist in obtaining a response from the BVI government or the U.S. Embassy responsible for the region.

Any assistance you can provide would be deeply appreciated. I am more than happy to provide supporting documentation, court orders, or copies of prior correspondence upon request.

Sincerely,
Lolonyon Akouete





**Lolonyon Akouete &lt;info@smartinvestorsllc.com&gt;**

---

## RE: Request for Legal Assistance – Transmission of Letter Rogatory (Mignonette Investments Limited) [OGIER-BVILAW.FID193461]

---

**Nicholas Burkill** &lt;Nicholas.Burkill@ogier.com&gt;  
To: Lolonyon Akouete &lt;info@smartinvestorsllc.com&gt;  
Cc: Michael Killourhy &lt;Michael.Killourhy@ogier.com&gt;

Tue, Jun 24, 2025 at 7:44 AM

I do apologise for my failure to respond – your earlier emails came in whilst I was in court on an all-consuming matter and I failed to pick them up afterwards.

I think there may be issues with the letter of request but I estimate that the cost of advising in this regard if there is a problem would be $5-10,000.  If there is no problem and we can rely on it in applying to the BVI court I would estimate our fees at around $30,000.

There is potentially another route, a third party disclosure order against the registered agents who hold the corporate records.  This is called a Norwich Pharmacal order; the BVI court has the power to order this disclosure where there has been wrongdoing, the documents are needed to identify a wrongdoer or to complete a legal claim and the registered agent is an innocent third party caught up in the wrongdoing (this last limb is satisfied with registered agents of companies involved in wrongdoing).  The cost of this is usually $30-40,000.

Do let me know how you want to proceed.

Best wishes

Nick

**Nicholas Burkill, FCIArb**  
Partner

**Ogier**

D: +1 284 852 7372 | T: +1 284 852 7300 | M: +1 284 542 7372

Personal Assistant: Abigale Bailey| T: +1 284 852 7374 | E: abigale.bailey@ogier.com

[Quoted text hidden]  
[Quoted text hidden]



Exhibit 7

Lolonyon Akouete <info@smartinvestorsllc.com>

## RE: Please assist - CSCGlobal Lead - CSC EN BRND CSC contact-sales
2 messages

**SOP** <sop@cscglobal.com>  Wed, Jul 2, 2025 at 9:23 AM
To: "info@smartinvestorsllc.com" <info@smartinvestorsllc.com>

Hello,

The document would need to be addressed to the exact legal name of an entity that lists CSC as their registered agent in the state that you are serving your document in. Please reference the records at the secretary of state or other appropriate government agency in the state that you are serving the document in if you need help in determining the exact legal name of the entity you are serving. CSC receives documents by any type of mail or personal service and would forward the document on to that entity. However if the document is not served per state statute the client may refuse the document with you at a later date but not involve CSC. CSC does not receive documents by email nor fax. If you need the CSC address in a certain state to serve your document or if you have any questions please let us know.

…………………………………………………………

**Joan Taylor Cochran (she/her)**
Client Service Representative | Litigation Management
**Phone 1:** 888 690 2882
**Phone 2:** 302 636 5401 x66829
sop@cscglobal.com

CSC
cscglobal.com





| Name | Lolonyon Akouete | Company | Mignonette Investments Limited |
|---|---|---|---|
| **Related To Contact** | | | |
| **Title** | | | |
| **Contact Type** | | | |
| **Email** | info@smartinvestorsllc.com | | |
| **Email Opt Out** | ☐ | | |
| **Phone** | 4434473276 | | |
| **Form Date** | 2025-07-01 20:12:53 EST | | |
| **Web Type** | Self Referral | | |
| **Marketing Form** | CSC EN BRND CSC contact-sales | | |
| **Web Responses Collected** | Hello, can you confirm if CSC is still the registered agent for Mignonette Investments Limited (BVI) at 84 State Street, Boston? If not, do you have any updated contact info? I | | |

Exhibit 8

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: <br><br> WESTBOROUGH SPE LLC, <br><br> Debtor. | Chapter 7 <br> Case No. 23-40709-CJP |

# AFFIDAVIT OF DAVID ABROMOWITZ, ESQ. OF GOULSTON & STORRS PC

I, David Abromowitz, being duly deposed and sworn, aver as follows:

1. I am an attorney in good standing licensed to practice law in the Commonwealth of Massachusetts and have been for over forty years.

2. Since September 1983, I have worked as a lawyer at Goulston & Storrs PC in Boston (the "Firm"), first as an Associate, then as a Director and Shareholder, and currently as Of Counsel.

3. In 1997 and 1998, I worked on a matter pertaining to the formation of Westborough SPE LLC (the "LLC") and the negotiation of a lease to which the LLC was a party (the "Matter).

4. Based upon my best memory and my review of the Firm's readily available records concerning the Matter, the following table identifies (a) the client representatives with whom the Firm communicated in connection with the Matter, and (b) the contact information evident from the Firm's records for each person:

4919-1264-3634, v. 4

| Name | Contact Information |
|---|---|
| James B. McCaffrey | Telephone: 212-935-7800; Fax: 212-935-8949 |
| F. Jan Blaustein | Telephone: 415-512-1515; Fax: 415-267-1500<br><br>Babcock & Brown Administrative Services<br>2 Harrison Street<br>San Francisco, CA 94105 |
| Phillip Green | Telephone: 011.612.9233.4033;<br>Fax:    011.612.9231.5619<br><br>Level 37, The Chifley Tower<br>2 Chifley Square<br>Sydney, Australia NSW 2000 |
| Monique Belkin | Telephone: 415-512-1515; Fax: 415-267-1500<br><br>Babcock & Brown Administrative Services<br>2 Harrison Street<br>San Francisco, CA 94105 |
| Derek Andrews (Mignonette) | Fax: 1-809-494-2704<br><br>Integro Trust (BVI) Limited<br>P.O. Box 438<br>Tropic Isle Building<br>Wickhams Cay, Road Town,<br>Tortola, British Virgin Islands |

Signed under the pains and penalties of perjury this 4th day of April 2025.

/s/ David Abromowitz
David Abromowitz, Esq.

4919-1264-3634, v. 4

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com


_____
Lolonyon Y Akouete