UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:

WESTBOROUGH SPE LLC,

          Debtor.

Chapter 7
Case No. 23-40709-CJP

### CREDITOR DENISE EDWARDS'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056, Interested Party and Creditor Denise Edwards respectfully submits this Statement of Undisputed Material Facts in support of her Motion for Summary Judgment.

1. Denise Edwards first learned of a possible conservatorship over F. Jan Blaustein Scholes ("Jan") during a meeting with Attorney Matthew Morris in December 2022. (Edwards Dep. at 131:24–132:4)
2. Ms. Edwards and Mr. Akouete searched public records in California and Arizona for conservatorship documentation concerning Jan but found none. (Edwards Dep. at 132:9–10)
3. At no time did Peter Blaustein, Jan's son, provide Ms. Edwards with a guardianship order or assert that he was legally required to co-sign documents on Jan's behalf. (Edwards Dep. at 135:12–16)
4. Peter Blaustein explicitly authorized Ms. Edwards to work directly with Jan to assist in recovering unclaimed funds. (Edwards Dep. at 134:25–135:11)
5. Jan reviewed the recovery documents with a licensed notary before signing them. (Edwards Dep. at 146:13–18)
6. Ms. Edwards understood Peter's permission to cover the full scope of recovery efforts, not just the signing of one form. (Edwards Dep. at 146:19–147:3)
7. After the recovery efforts began, Peter emailed Ms. Edwards proposing to compensate her 10% of the recovered cash and 5% of any real estate proceeds, while simultaneously accusing her of misconduct. (Edwards Dep. at 142:7–143:13)
8. Attorney Matthew Morris's notes indicate that Peter suggested paying Ms. Edwards and Mr. Akouete a "nominal fee" to "get rid of them" without having to sue. (Edwards Dep. at 141:13–21)
9. Peter worked with Dyann Blaine to withdraw the WSPE entity from registration and to coordinate strategic communications regarding the recovery process. (Edwards Dep. at 141:22–142:6)
10. Town of Westborough attorney Iris Leahy communicated directly with Peter Blaustein and supplied talking points that were later repeated in his affidavit and the Trustee's objection. (Edwards Dep. at 154:22–156:25)
11. Peter's affidavit, drafted with input from the Town's counsel, states: "I consented to the assistance and gave permission for Jan to sign Claim for Abandoned Property." (Edwards Dep. at 145:1–146:12)

12. Ms. Edwards believed in good faith that Jan was competent and authorized to act, based on Jan's communication abilities and Peter's permission. (Edwards Dep. at 143:6–13)
13. The notary who handled Jan's signature never expressed any concern about Jan's capacity. (Edwards Dep. at 146:13–18)
14. Ms. Edwards's compensation was based on a standard asset recovery fee arrangement, common in the industry. (Edwards Dep. at 149:6–11)
15. Ms. Edwards filed a Proof of Claim for $333,000, representing approximately 27% of the $1.2 million she helped recover. (Edwards Dep. at 152:23–25)
16. The unclaimed property had been dormant for years and would have remained unrecovered without the efforts of Ms. Edwards and Mr. Akouete. (Edwards Dep. at 143:14–18)

DATED: August 6, 2025, Respectfully submitted:

By creditor,

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com