**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>**WESTBOROUGH SPE LLC,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 23-40709-CJP** |

**STATUS REPORT REGARDING TRUSTEE'S ASSESSMENT OF**
**CERTAIN ALLEGED ESTATE CLAIMS AGAINST THIRD PARTIES**

Jonathan R. Goldsmith, the duly appointed Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of Westborough SPE LLC (the "Debtor") files this status report to apprise the Court, creditors, and all interested parties regarding the Trustee's assessment of certain alleged Estate claims which the Trustee has reviewed, considered, and determined have no merit and, therefore, require no further action by the Trustee.

The Trustee further states as follows:

1. On August 31, 2023 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On October 11, 2023, this Court entered an Order for Relief in this case [Dkt. No. 26] and this case remains a Chapter 7 case at this time.

3. On October 12, 2023, the United States Trustee appointed Jonathan R. Goldsmith as Chapter 7 trustee [Dkt. No. 29] and the Trustee remains as Trustee at this time.

4. On May 22, 2025, disputed creditor Lolonyon Akouete ("Akouete") filed the *Creditor's Motion for Order Directing Trustee to Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate* [Dkt. No. 166] and on May 1, 2025, Akouete filed the *Creditor's*

*Motion to Compel Trustee Abandonment of Claim Under 11 U.S.C. §544(b), or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing)* [Dkt. No. 671] (together, the "Akouete Motions"). In the Akouete Motions, Akouete asserted that the Estate has potential causes of action against the California State Controller's Office, Babcock & Brown Limited, Dyann Blaine, and Walter Horst.

5. In advance of the two-year deadline under Bankruptcy Code § 108(a) for the Trustee to pursue claims which existed as of the entry of the order for relief, the Trustee has considered and assessed whether viable claims may have existed against the parties identified in the Akouete Motions.

6. The purported claims against the California State Controller's Office relate to the refusal of the California State Controller's Office to turn the Debtor's funds over to Akouete prior to the Petition Date. Since the entry of the Order for Relief, the California State Controller's Office has delivered the Debtor's funds to the Trustee. First, the Trustee has determined that the actions of the California State Controller's Office prior to the Petition Date were appropriate and likely benefitted the Estate by preserving the funds and preventing Akouete from dissipating those funds. Further, the California State Controller's Office has turned the Debtor's funds over to the Trustee and, therefore, no damage claim exists against California State Controller's Office.

7. Regarding purported claims against the Babcock and Brown Entities, Mr. Horst, and Ms. Blaine, the purported claims described in the Akouete Motions relate to the actions of a Brown and Babcock Entity prior to its resignation as manager of the Debtor in (the latest) 2011. The Trustee has had ample opportunity to review materials relevant to purported claims against Babcock and Brown Entities, Mr. Horst, and Ms. Blaine because the Trustee is engaged in a

contested matter with Akouete and the discovery produced in the contested matter bears directly on the "claims" alluded to in the Akouete Motions. During the discovery process, among other things, the Trustee has reviewed documents and testimony regarding the Debtor and deposed Mr. Horst regarding the resignation of the Babcock and Brown Entities as manager of the Debtor.

8. The Trustee considered all available evidence and also considered the availability and credibility of potential witnesses to the "claims" alluded to in the Akouete Motions as potentially actionable.

9. In sum, the Trustee is aware of no cause of action that the Estate could bring against the California State Controller's Office, the Babcock and Brown Entities, Mr. Horst, or Ms. Blaine.

10. The Trustee has further determined that "abandonment" pursuant to Bankruptcy Code § 554(a) would be inappropriate since the Trustee is unable to actually identify any "property of the estate" to be abandoned. More specifically, following his review and consideration of the facts set forth in the Akouete Motions, the Trustee determined that as of the entry of the Order for Relief the Estate simply held no claims against the parties identified in the Akouete Motions. Moreover, if the Trustee were to attempt to describe claims as though the Estate actually has something to abandon, it would be disingenuous and misleading to this Court, to creditors, and to other interested parties.

Respectfully submitted,

**Jonathan R. Goldsmith,
Chapter 7 Trustee**

by his counsel,

/s/ Angelina M. Savoia
Christine E. Devine, BBO #566990
Angelina M. Savoia, BBO #715690
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA 02139
Phone: 508-533-7240
Dated: September 24, 2025                Email: angelina@nicholsondevine.com