UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                                    )        Chapter 7
                                          )        Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,                      )
                                          )
                        Debtor.           )
                                          )

## CREDITOR DENISE EDWARDS'S MOTION FOR SUMMARY JUDGMENT
### (Revised to Conform to Supplemental Record Citations)

NOW COMES Creditor Denise Edwards, pro se, pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56, and respectfully moves for summary judgment on the Trustee's objection to her filed claim.

This revised submission conforms the Motion's factual citations to the Supplemental Evidentiary Filing submitted contemporaneously and limited to the materials authorized by the Court's September 26, 2025 Order (ECF No. 887). All record citations below are to the documents attached to the Affidavit of Lolonyon Y. Akouete (ECF No. 865) — specifically, Exhibit 13 (Deposition of Denise Edwards) — unless otherwise noted. Ms. Edwards does not add new evidence beyond those materials.

## INTRODUCTION

Ms. Edwards performed asset-recovery work that led to identifying and advancing the recovery of more than $1.2 million in abandoned property for the benefit of the Westborough SPE LLC estate. She did so after receiving express permission from Peter Blaustein to work with F. Jan Blaustein Scholes and after arranging for Jan's documents to be signed before a licensed notary. See ECF No. 865, Ex. 13 (Edwards Dep.) at 134:24–135:11; 145:7–12; 146:13–18. Peter subsequently proposed compensating Ms. Edwards 10% of recovered cash and 5% of real-estate proceeds, acknowledging her role even while attempting to minimize it. Id. at 142:7–143:13; see also 141:13–21 (counsel notes reflecting "nominal fee" to "get rid of them").

The summary-judgment record, as supplemented under ECF No. 887, demonstrates that Ms. Edwards acted with authority reasonably believed to be valid, that Jan knowingly executed documents before a notary, and that insiders contemporaneously recognized Ms. Edwards's compensable contribution. No genuine dispute of material fact remains, and Ms. Edwards is entitled to judgment as a matter of law on allowance of her claim.

## STATEMENT OF FACTS

Pursuant to MLBR 7056-1, Ms. Edwards incorporates by reference her separately filed "Supplemental Evidentiary Support for Statement of Undisputed Material Facts," which is limited to the exhibits attached to ECF No. 865. For the Court's convenience, the key undisputed points are:

- Ms. Edwards first learned of a possible conservatorship in December 2022; immediate searches in California and Arizona revealed no public filings, and no order was then provided to her. ECF No. 865, Ex. 13 at 131:8–23; 131:24–132:19.
- At no time did Peter Blaustein provide a guardianship order to Ms. Edwards or state that his co-signature was legally required. Id. at 135:12–16.
- Peter expressly authorized Ms. Edwards to work with Jan regarding recovery efforts, and that authorization was understood to cover the goal of recovery, not merely the mechanics of a single form. Id. at 134:24–135:11; 146:19–147:3; see also 145:7–12 (Peter's affidavit statement that he "consented to the assistance and gave permission for Jan to sign Claim for Abandoned Property").
- Jan reviewed and signed documents before a licensed notary who raised no objection, corroborating that Jan understood and voluntarily executed the documents. Id. at 146:13–18.
- Peter proposed compensation of 10% of recovered cash and 5% of real-estate proceeds and discussed paying a "nominal fee" to avoid litigation, reflecting contemporaneous recognition of Ms. Edwards's role. Id. at 141:13–21; 142:7–143:13.
- Ms. Edwards filed a proof of claim of approximately $333,000 based on a percentage-of-recovery structure tied to her asset-recovery work. Id. at 149:6–11; 152:23–25.
- Ms. Edwards testified that without Movants' efforts, the unclaimed funds would have remained with the State. Id. at 143:14–18.

## ARGUMENT

### I. Ms. Edwards Acted with Express and Apparent Authority

Undisputed record testimony shows that Peter granted permission for Ms. Edwards to work with Jan in furtherance of the recovery, and he never indicated any co-signature requirement. ECF No. 865, Ex. 13 at 134:24–135:11; 135:12–16; 146:19–147:3. Peter's own affidavit language—"I consented to the assistance and gave permission for Jan to sign Claim for Abandoned Property"— confirms that contemporaneous authorization. Id. at 145:7–12. Those facts establish express authority and, at minimum, apparent authority based on the principal's manifestations and Ms. Edwards's reasonable reliance.

### II. The Record Establishes Jan's Knowing Execution and Ms. Edwards's Good-Faith Reliance

Jan executed documents in the presence of a licensed notary, and no concerns were raised. Id. at 146:13–18. Ms. Edwards reasonably believed Jan could understand and sign the documents presented, and acted in reliance on Peter's permission tied to the recovery goal. Id. at 145:7–12; 146:19–147:3. On this record, the Trustee offers no competent evidence creating a triable issue that Jan's execution was involuntary or unknowingly made.

### III. The Estate Benefited from Ms. Edwards's Efforts; Her Claim Should Be Allowed

Insiders contemporaneously acknowledged Ms. Edwards's contribution by proposing a percentage-based compensation (10% of cash; 5% of real-estate proceeds) and by discussing a "nominal fee" to avoid litigation. Id. at 141:13–21; 142:7–143:13. Ms. Edwards filed a claim of approximately $333,000 reflecting a percentage-of-recovery structure consistent with her role. Id. at 149:6–11;

152:23–25. On undisputed facts, Ms. Edwards conferred value and is entitled to allowance of her claim.

### III-A. Jan Scholes Was a De Facto Officer with Valid Authority

To the extent the Trustee argues that Jan Scholes had resigned from her role as President of the Manager or otherwise lacked authority to act, such argument fails both factually and legally. As evidenced in the record, Ms. Scholes continued to exercise operational control, communicated with legal counsel, and executed documents on behalf of the Manager and the Debtor without interference or repudiation. Her continued conduct and acceptance by third parties demonstrate that she functioned in the capacity of a corporate officer despite any alleged procedural or technical defects in her formal status.

Even assuming arguendo that her appointment or continuation as President suffered from a technical deficiency, Jan Scholes qualifies as a de facto officer. A person who exercises the powers and duties of an office under color of right—particularly with the knowledge and acquiescence of the relevant stakeholders—is treated in law as a de facto officer, and their acts are binding. See, e.g., Ryder v. United States, 515 U.S. 177, 180 (1995); In re P3 Health Group Holdings, LLC, 2022 WL 16548567, at *3 (Del. Ch. Oct. 26, 2022).

### IV. Additional Grounds Support Summary Judgment in Favor of Ms. Edwards

Even assuming Jan was under conservatorship, Peter Blaustein ratified the conduct by: (i) authorizing Ms. Edwards's initial involvement (ECF No. 865, Ex. 13 at 134:24–135:16); (ii) never requesting to co-sign or review any documents (id. at 135:12–16); and (iii) negotiating a revised compensation offer (10% of cash and 5% of real estate) after the work was done (id. at 142:7–143:13). In addition to contractual or quantum meruit recovery, Ms. Edwards is entitled to judgment under ratification and unjust enrichment.

### TARGETED, POINT-BY-POINT RESPONSES TO TRUSTEE'S OPPOSITION

*(All Edwards citations are limited to ECF No. 865, Ex. 13 (Edwards Dep.), as authorized by ECF No. 887.)*

### Issue 1 — Authority / "No Express or Apparent Authority"

**Trustee:** Ms. Scholes personally had no authority; BBAS/BB Parallel events in 2007/2011 foreclose delegation; no BB Parallel manifestations support apparent authority.
**Edwards (record-limited):** Peter Blaustein expressly permitted Edwards to work with Jan on the recovery; his permission addressed the **goal** of recovery, not just a single form (134:24–135:11; 146:19–147:3). He never told Edwards he had to co-sign or that Jan could not sign (135:12–16). Peter's own affidavit language, read at deposition, states: "I consented to the assistance and gave permission for Jan to sign Claim for Abandoned Property." (145:7–12). These manifestations supply express—and at minimum apparent—authority on which Edwards reasonably relied.

### Issue 2 — Capacity / "Knowledge of Conservatorship; Notary Irrelevant"

**Trustee:** Edwards knew of a conservatorship and still procured signatures; her subjective belief about capacity is irrelevant.
**Edwards (record-limited):** Edwards first learned of a **possible** conservatorship in December

2022, immediately searched **California and Arizona** public records, and found none; she later saw a **Hawaii** attachment from counsel (131:8–23; 131:24–132:19). Jan executed documents before a **licensed notary**, and no concern was raised (146:13–18). Edwards proceeded in good faith based on Peter's permission and notarized execution directed at the recovery goal (145:7–12; 146:19–147:3). The Trustee identifies no contrary evidence undermining this notary-witnessed, voluntary execution or Edwards's good-faith reliance.

### Issue 3 — "No Value; Appointments Invalid; Edwards Recovered Nothing"

**Trustee:** Edwards conferred no benefit, collected no funds, and relies on invalid appointment documents; her claim fails.
**Edwards (record-limited):** Contemporaneously, Peter **priced** Edwards's contribution by proposing **10% of recovered cash and 5% of real-estate proceeds** (142:7–143:13), and counsel notes reflect his view that paying a **"nominal fee"** could "get rid of them" rather than sue (141:13–21). Edwards testified the money **would still be with the State** absent these efforts (143:14–18). Her claim (~$333,000) reflects a percentage-of-recovery structure tied to the work performed (149:6–11; 152:23–25). Regardless of title debates, insiders contemporaneously **recognized and priced** her contribution; the estate cannot retain those benefits without compensation.

### Issue 3-A — De Facto Officer Doctrine

**Trustee:** The doctrine concerns public officers and is irrelevant here.
**Edwards (record-limited):** Edwards's claim **does not depend** on the de facto doctrine. It stands on undisputed, contemporaneous facts—permission, notarized execution, insider pricing (10%/5% and "nominal fee"), and but-for causation (134:24–135:16; 145:7–12; 146:13–18; 146:19–147:3; 141:13–21; 142:7–143:13; 143:14–18; 149:6–11; 152:23–25). The de facto discussion is merely an equitable backstop.

### Issue 4 — "Counts" / Unjust Enrichment

**Trustee:** Additional "counts" are unrelated; unjust-enrichment elements are not met because the Debtor neither received nor accepted a benefit.
**Edwards (record-limited):** Peter's **10%/5% proposal** and the "nominal fee" discussion acknowledge the contribution and attempt to **buy it out** (141:13–21; 142:7–143:13). Edwards testified the funds **would still be at the State** without her efforts (143:14–18). On these same, authorized facts (permission; performance; insider pricing), equity supports recovery in **quantum meruit/unjust enrichment** even apart from appointment labels (134:24–135:16; 149:6–11; 152:23–25). No new evidence is introduced.

### Issue 5 — Trustee's Request for Summary Judgment Under MLBR 7056-1(d)

**Trustee:** Enter judgment for the Trustee; no genuine dispute exists.
**Edwards (record-limited):** The supplemented record contains specific, cited facts that **preclude** judgment for the Trustee and **affirmatively support** judgment for Edwards: express permission (134:24–135:11), no co-signature requirement (135:12–16), notarized execution (146:13–18), authorization tied to achieving the recovery (146:19–147:3), contemporaneous **10%/5%** proposal and "nominal fee" admission (141:13–21; 142:7–143:13), **but-for** causation (143:14–18), and the claim's percentage structure (149:6–11; 152:23–25).

## CONCLUSION

The supplemented record (limited to ECF No. 865 exhibits) eliminates any genuine dispute of material fact. Ms. Edwards acted with authority reasonably believed to be valid; Jan knowingly executed documents before a notary; and insiders recognized Ms. Edwards's compensable contribution. Summary judgment should enter.

## WHEREFORE

Creditor Denise Edwards respectfully requests that the Court:

1.  Grant summary judgment in her favor on the Trustee's objection to her claim;
2.  Allow her claim in the amount of **$333,000**; and
3.  Grant such other and further relief as the Court deems just and proper.

DATED: September 28, 2025, Respectfully submitted:

By creditor,

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com
(631) 745-5292

## CERTIFICATE OF SERVICE

I, Denise S. Edwards, hereby certify that the above document is served by electronic mail, on the date of filing, to the following recipients at the email addresses listed below:

Jeffrey T. Blake — jblake@k-plaw.com
Brian W. Riley — briley@k-plaw.com
Roger L. Smerage — rsmerage@k-plaw.com
Paul W. Carey — pcarey@mirickoconnell.com
Luis R. Casas — luis.casasmeyer@akerman.com
Samual A. Miller — samual.miller@akerman.com
Mark S. Lichtenstein — mark.lichtenstein@akerman.com
Sharlene Harrison-Carera — sharlene.harrison-carera@akerman.com
Jose C. Centeio — jc@jcfirm.com; jcc@natgolaw.com
Alvin Nathanson — asn@natgolaw.com
Brian R. Charville — bcharville@ferrisdevelopment.com
David (Ferris Development) — david@ferrisdevelopment.com
Douglas B. Rosner — drosner@goulstonstorrs.com
David M. Abromowitz — dabromowitz@goulstonstorrs.com
Gary M. Ronan — GRonan@goulstonstorrs.com
Christine E. Devine — christine@nicholsondevine.com
Angelina M. Savoia — angelina@nicholsondevine.com
Jonathan R. Goldsmith — jgoldsmith@gkalawfirm.com
Stephen F. Gordon — sgordon@gordonfirm.com
Richard King — USTPRegion01.WO.ECF@USDOJ.GOV
Lenard B. Zide, Esq. — zide@buttersbrazilian.com
Jonathan La Liberte — jclaliberte@sherin.com
Julia C. Royce — JCRoyce@sherin.com
Peter Blaustein — pblaustein@gmail.com
Jan Scholes — janscholes2@gmail.com
Walter A. Horst — walter.horst@babcockbrown.com
Harpreet Nakhwal — hnakhwal@sco.ca.gov
Melissa Mendiola — Melissa.Mendiola@doj.ca.gov
Jay Russell — Jay.Russell@doj.ca.gov
Robert Lachenauer — Lachenauer@mintzandgold.com
Brian Lee — blee@nutter.com
Michael Lewis — michael.lewis@regalcinemas.com
E. Englander (Wagner Law Group) — eenglander@wagnerlawgroup.com
Joseph Scarcella — Joseph.Scarcella@jws.com.au
Sivanjali Karalasingham — Sivanjali.Karalasingham@jws.com.au
Darin Clagg — Dclagg@gmail.com
Dyann Blaine — dyann.blaine@gmail.com
Durga Nagalla — durganagalla@gmail.com
Venkatesh Mohanraj — venki.mohanraj@gmail.com
Lolonyon Akouete — info@smartinvestorsllc.com

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com
(631) 745-5292