UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CREDITOR DENISE EDWARDS'S SUPPLEMENTAL FILING IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF UNDISPUTED MATERIAL FACTS (LIMITED TO DOCUMENTS ATTACHED TO DKT. 865)**

Pursuant to this Court's Orders dated August 29, 2025 [ECF No. 859] and September 26, 2025 [ECF No. 887], Creditor Denise Edwards respectfully submits this supplemental filing in support of (i) her Motion for Summary Judgment [ECF No. 845] and (ii) her Statement of Undisputed Material Facts [ECF No. 846].

This supplement is limited strictly to evidentiary support drawn from the documents attached to the Affidavit of Lolonyon Y. Akouete [ECF No. 865], as authorized by the Court's Order [ECF No. 887]. No additional materials outside Dkt. 865 are cited herein.

Ms. Edwards files this supplement to ensure that each factual assertion relied upon in her Motion for Summary Judgment and Statement of Undisputed Facts is supported by record evidence, in compliance with Fed. R. Civ. P. 56, Fed. R. Bankr. P. 7056, and MLBR 7056-1.

**SUPPLEMENTAL EVIDENTIARY SUPPORT FOR STATEMENT OF UNDISPUTED MATERIAL FACTS**

**1.** In December 2022, Denise Edwards first became aware of a possible conservatorship concerning F. Jan Blaustein Scholes during a meeting with Attorney Matthew Morris. At that time, no conservatorship order was produced to her. Immediately thereafter, she and Mr. Akouete searched public records in California—Jan's home state—and Arizona—where Jan resided at a nursing facility—and found nothing on file. Edwards later saw a copy of a Hawaii order attached to correspondence from counsel, but that occurred after her initial record searches and did not alter her understanding that no conservatorship was then registered in the jurisdictions she had checked. *Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Deposition of Denise Edwards at 131:24–132:19 (testifying she first learned in December 2022; confirming searches in California and Arizona showed "nothing"; acknowledging later seeing Hawaii attachment).*

**2.** Following the December 2022 meeting described in ¶1, Ms. Edwards and Mr. Akouete immediately searched public records in **California** (Ms. Scholes's home state) and **Arizona** (where she was then residing) for any conservatorship filings and **found none**, despite the understanding that such orders would ordinarily appear in those public dockets. This lack of records informed Ms. Edwards's contemporaneous understanding after first learning of a possible conservatorship. *Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Deposition of Denise*

*Edwards at 131:8–23 (explaining they checked California and Arizona because a conservatorship "should be a public record" and "we didn't see anything").*

**3.** At no point did Peter Blaustein, Jan's son and later-appointed conservator, provide Ms. Edwards with a guardianship order or claim that he was legally required to co-sign documents executed by Jan. This confirmed to Ms. Edwards, in her dealings with Peter, that no such restriction was being asserted contemporaneously during the recovery efforts.
*Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Deposition of Denise Edwards at 135:12–16 ("Q Did he told you in any of those conversations that he was a court-appointed conservator and that he needed to sign anything that Jan signed? A No.").*

**4.** Building upon ¶3, which establishes that Peter Blaustein never produced any guardianship order or claimed co-signature authority, Peter went further and explicitly authorized Ms. Edwards to work directly with Jan to assist in recovering unclaimed funds. When asked in her deposition how she understood Peter's permission, Ms. Edwards testified that his authorization was not limited to the signing of one form but extended to the overall recovery effort.
*Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Deposition of Denise Edwards at 134:24–135:11 ("Q How do you understand his permission? Was his permission just for… A No, it was for me to work with her on this.").*

**5.** Continuing from ¶4, Jan did not act alone in signing the recovery documents; she reviewed and executed them before a licensed notary. The notary—whose professional duty is to ensure the signer understands the act—raised no objection to Jan's competence or understanding. As Ms. Edwards testified, "she also had a licensed notary there who would also not let her be signing things… without some understanding." The presence and silence of a neutral notary thus serves as independent corroboration that Jan voluntarily and knowingly executed the recovery documents, reinforcing the reliability of the transaction beyond Ms. Edwards's own interpretation.
*Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Deposition of Denise Edwards at 146:13–18.*

**6.** Building on ¶5, Ms. Edwards's role was not confined to a single document; she reasonably understood Peter Blaustein's authorization to extend over the full scope of the recovery effort. In her deposition, when asked whether Peter's permission was limited to the manner of retrieval or directed at the larger objective, she testified: "The goal was to retrieve the funds… not the manner of the retrieval." This testimony confirms that Peter's authorization was tied to the overall goal of recovering unclaimed funds, not merely to Jan's act of signing one form.
*Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Deposition of Denise Edwards at 146:19–147:3.*

**7.** After the recovery efforts began, Peter Blaustein communicated directly with Ms. Edwards about compensation, proposing 10% of recovered cash and 5% of real estate proceeds, while simultaneously suggesting her compensation could serve as a "nuisance fee" to avoid litigation. When questioned about this in deposition, Ms. Edwards confirmed that Peter made the offer and explained that she did not regard herself as a nuisance but rather understood the proposal within the context of an ongoing process that required her and Mr. Akouete's continued work: "I'm not no nuisance. We—if we wasn't here, then what—what would have happened with this company and the money and everything?"
This testimony establishes that Peter's own communications treated Edwards's role as compensable and directly linked to the recovery process, even as he disparaged her efforts.
*Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Deposition of Denise Edwards at 142:7–143:13.*

8. Attorney Matthew Morris's notes reflect that Peter Blaustein suggested paying Ms. Edwards and Mr. Akouete a "nominal fee" to "get rid of them" without having to sue. In her deposition, Ms. Edwards read from the notes: "Peter is saying it seems worth it to give them a small… nominal… a small fee to get rid of them and not have to sue them." This statement, recorded contemporaneously by counsel, shows that Peter acknowledged Movants' role in the recovery process but sought to minimize their compensation and displace them through payment rather than litigation. His suggestion corroborates the subsequent "10%/5% offer" (¶7) and demonstrates a continuing pattern of recognition of Movants' contributions paired with efforts to marginalize their contractual claims. *Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Deposition of Denise Edwards at 141:13–21.*

9. In 2007, Dyann Blaine executed a Certificate of Withdrawal for WSPE in Massachusetts, which the California State Controller's Office later treated as requiring her involvement before any unclaimed funds could be released. In 2022, Peter Blaustein coordinated with Blaine during the recovery process to position her as the Controller's point of contact and to negotiate Movants' compensation. As reflected in notes read at deposition: "Peter is going to connect the CUPD with Dyann Blaine… they will need her, and here's Dyann so that this is really the person you need to talk with for WSPE. Peter and Dyann to talk to Lolo to try to negotiate a fee." *Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Edwards Dep. at 141:22–142:6.*

10. Ms. Edwards testified that Town attorney Iris Leahy communicated a list of six points to Peter Blaustein and sought his okay to share them with the Court, including assertions that Movants "knew" Jan was incapacitated, that Peter was her court-appointed conservator, that Jan signed a Bill of Sale without his approval, and that Peter viewed the contract terms as unreasonable. Ms. Edwards further testified that these points tracked what later appeared in Peter's affidavit. As she read at deposition: "It seems like Iris… is informing Peter that he should make a case that we knew Jan was considered incapacitated… 'You are aware Jan signed a bill of sale and [you] did not approve… You do not think the contract terms are reasonable'… she must have helped him write it up… that looks like some of the stuff… he added onto his affidavit." *Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Edwards Dep. at 154:22–156:25.*

11. Ms. Edwards testified that Town attorney Iris Leahy asked Peter Blaustein to draft an affidavit, and that Point 6 of Peter's affidavit reads: "I consented to the assistance and gave permission for Jan to sign Claim for Abandoned Property."
She further testified that Peter never indicated his permission was limited to that single form or that he was required to co-sign, consistent with ¶¶4–6. *Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Edwards Dep. at 145:1–146:12 (Leahy request to draft; reading of Point 6; understanding that permission was not limited and no co-signature was required).*

12. Ms. Edwards acted in good faith in proceeding with Jan's signatures because (i) Peter never indicated any co-signature was required and gave permission tied to the goal of recovery (see ¶¶4–6), (ii) Jan demonstrated understanding at the time of signing, as Ms. Edwards testified: "that meant that Jan could read everything that she was presented, understand it, and then sign off on it," and (iii) a licensed notary was present and raised no objection, providing independent corroboration that Jan knowingly executed the documents. *Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Edwards Dep. 135:12–16 (no co-signature requirement), 145:7–12 (Jan could read/understand and sign), 146:13–18 (notary oversight), 146:19–147:3 (permission tied to recovery goal).*

13. A licensed notary was present when Jan executed the recovery documents and raised no concerns about Jan's capacity; Ms. Edwards testified that if Jan had questions, "the notary would

have to contact me."
*Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Edwards Dep. 146:13–18.*

**14.** The record reflects a percentage-of-recovery compensation structure tied to Ms. Edwards's asset-recovery work: she testified that her role was to help recover funds, and she further testified that Peter proposed paying 10% of recovered cash and 5% of real-estate proceeds.
*Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Edwards Dep. 149:6–11 (role described as assisting recovery) and 142:7–143:13 (10%/5% proposal).*

**15.** Ms. Edwards testified that the amount of her proof of claim is approximately $333,000.
*Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Edwards Dep. 152:23–25 ("I put up 300 and something thousand, 333, something like that.").*

**16.** Ms. Edwards testified that, absent Movants' efforts, the unclaimed funds would have remained with the State: "the money would be still sitting over there in the state."
*Supporting Evidence: Affidavit of Lolonyon Y. Akouete [Dkt. 865], Ex. 13, Edwards Dep. 143:14–18.*

WHEREFORE, Creditor Denise Edwards respectfully requests that the Court:

1. Accept this Supplemental Filing as compliant with the Court's Orders at ECF Nos. 859 and 887;
2. Deem the evidentiary citations in Paragraphs 1–16—each limited to materials attached to the Affidavit of Lolonyon Y. Akouete [Dkt. 865]—to be part of the summary-judgment record and to support Ms. Edwards's previously filed Statement of Undisputed Material Facts [ECF No. 846];
3. Consider those supported facts in ruling on Ms. Edwards's Motion for Summary Judgment [ECF No. 845]; and
4. Grant such other and further relief as the Court deems just and proper.

DATED: September 28, 2025, Respectfully submitted:

By creditor,

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com
(631) 745-5292

## CERTIFICATE OF SERVICE

I, Denise S. Edwards, hereby certify that the above document is served by electronic mail, on the date of filing, to the following recipients at the email addresses listed below:

Jeffrey T. Blake — jblake@k-plaw.com
Brian W. Riley — briley@k-plaw.com
Roger L. Smerage — rsmerage@k-plaw.com
Paul W. Carey — pcarey@mirickoconnell.com
Luis R. Casas — luis.casasmeyer@akerman.com
Samual A. Miller — samual.miller@akerman.com
Mark S. Lichtenstein — mark.lichtenstein@akerman.com
Sharlene Harrison-Carera — sharlene.harrison-carera@akerman.com
Jose C. Centeio — jc@jcfirm.com; jcc@natgolaw.com
Alvin Nathanson — asn@natgolaw.com
Brian R. Charville — bcharville@ferrisdevelopment.com
David (Ferris Development) — david@ferrisdevelopment.com
Douglas B. Rosner — drosner@goulstonstorrs.com
David M. Abromowitz — dabromowitz@goulstonstorrs.com
Gary M. Ronan — GRonan@goulstonstorrs.com
Christine E. Devine — christine@nicholsondevine.com
Angelina M. Savoia — angelina@nicholsondevine.com
Jonathan R. Goldsmith — jgoldsmith@gkalawfirm.com
Stephen F. Gordon — sgordon@gordonfirm.com
Richard King — USTPRegion01.WO.ECF@USDOJ.GOV
Lenard B. Zide, Esq. — zide@buttersbrazilian.com
Jonathan La Liberte — jclaliberte@sherin.com
Julia C. Royce — JCRoyce@sherin.com
Peter Blaustein — pblaustein@gmail.com
Jan Scholes — janscholes2@gmail.com
Walter A. Horst — walter.horst@babcockbrown.com
Harpreet Nakhwal — hnakhwal@sco.ca.gov
Melissa Mendiola — Melissa.Mendiola@doj.ca.gov
Jay Russell — Jay.Russell@doj.ca.gov
Robert Lachenauer — Lachenauer@mintzandgold.com
Brian Lee — blee@nutter.com
Michael Lewis — michael.lewis@regalcinemas.com
E. Englander (Wagner Law Group) — eenglander@wagnerlawgroup.com
Joseph Scarcella — Joseph.Scarcella@jws.com.au
Sivanjali Karalasingham — Sivanjali.Karalasingham@jws.com.au
Darin Clagg — Dclagg@gmail.com
Dyann Blaine — dyann.blaine@gmail.com
Durga Nagalla — durganagalla@gmail.com
Venkatesh Mohanraj — venki.mohanraj@gmail.com
Lolonyon Akouete — info@smartinvestorsllc.com

Denise Edwards
137 North 25th Street
Wyandanch, NY 11798
deniseedwards818@yahoo.com
(631) 745-5292