UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>WESTBOROUGH SPE LLC,<br><br>Debtor. | Case No. 23-40709-CJP<br><br>Chapter 7 |

### AMENDED[1] OBJECTION TO "CREDITOR" LOLONYON AKOUETE'S MOTION TO COMPEL ABANDONMENT

Walter Horst, Babcock & Brown Holdings, Inc. and Babcock & Brown International Pty. Ltd. and their current and former subsidiaries (together referenced hereinafter collectively as "B&B"), through undersigned counsel, hereby respond to the papers filed by Loloyon Akouete ("Mr. Akouete"), (Docket No. 881) which the Court interpreted as a motion to compel abandonment pursuant to 11 U.S.C. §554 and Fed. R. Bankr. P. 6007(B) (the "Motion")[2] and respectfully states as follows:

1. The Trustee, on September 24, 2025, filed his Status Report Regarding Trustee's Assessment of Certain Alleged Claims Against Third Parties (Docket No. 879) (the "Report"), which was made necessary by vague allegations of claims made by Mr. Akouete against B&B and others throughout this case.

2. The Trustee filed a status report, as opposed to a notice of abandonment, because as the Trustee himself describes in paragraph 10 of the Report:

> "abandonment" pursuant to Bankruptcy Code § 554(a) would be inappropriate since the Trustee is unable to actually identify any "property of the estate" to be abandoned. More specifically, following his review and consideration of the facts set forth in the Akouete Motions, the Trustee determined that as of the entry of the Order for Relief the Estate simply held no claims against the parties identified in the Akouete Motions. Moreover, if the Trustee were to attempt to describe claims

---

[1] Amended solely to correct a citation to the wrong docket entry.
[2] The Court's Order at Docket No. 890 also provides for an October 2, 2025 objection deadline.

1

83380382;1

as though the Estate actually has something to abandon, it would be disingenuous and misleading to this Court, to creditors, and to other interested parties.

3. Mr. Akouete filed his "Motion" the same day the Trustee filed his Report, which contains yet another lengthy diatribe without substance, meaning, or legal weight.

4. Even if viable claims existed against B&B and the other parties referenced in the Report, which claims the Trustee has definitively investigated and established do not exist, there is no one to abandon those claims to with either the standing or the ability to bring them, as abandoned assets go back to the Debtor.

5. As previously argued by B&B, Mr. Akouete is a stranger to the Debtor and to B&B, with no authority over or claims against either. Even if Mr. Akouete were somehow to be deemed someone with authority over the Debtor, which ruling would be problematic and a reward for, at best, incredibly ethically/legally questionable behavior, the identity of the ultimate beneficial owner(s) of the Debtor and Mignonette remains unknown.[3]  Simply put there is no one to benefit from the claims being brought even assuming viable claims existed, which is ultimately the problem in this case: Mr. Akouete did not recover assets on behalf of anyone, only for himself.

6. Further there is no one to bring the "claims" assuming, for the sake of argument, Mr. Akouete has authority, that the "claims" exist, and  that the "claims" can be abandoned. Mr. Akouete cannot bring claims on behalf of the Debtor, an LLC,  without counsel.[4]"[C]orporations must appear and be represented in court, if at all, by attorneys." *Varney Enters., Inc. v. WMF, Inc.*, 402 Mass. 79, 82, 520 N.E.2d 1312 (1988); *see also Kurbatzky v. Commonwealth*, 480 Mass. 1008, 1008 n.1, 100 N.E.3d 351 (2018) (applying the *Varney* ruling to LLCs). Mr. Akouete has asserted

---

[3] Presumably, in the unlikely event Mr. Akouete is deemed to be a person with authority over the Debtor, then his request to be paid from estate assets can proceed and bringing any claims against B&B would be pointless for completely different reasons.
[4] Again this assumes Mr. Akouete's authority over the Debtor, which authority is non-existent.

numerous times throughout this case that he is indigent, cannot hire counsel, and that pro-bono organizations have refused to take on Mr. Akouete's many grievances.

7.  Notwithstanding that B&B did nothing wrong and that no one with an actual interest in the Debtor or Mignonette has come forward to make such a claim, B&B stopped providing services to the Debtor in 2011, 14 years ago, when it resigned, which ensures with absolute certainty that all statute of limitations as to any claim expired years ago

WHEREFORE, because no property exists to be abandoned, there is no one to benefit from the estate or anyone else pursuing non-existent claims, and there is no one to bring those "claims" once abandoned, the Motion to Compel must be denied. Further indulging Mr. Akouete's vexatious litigation practice and abuse of process will just generate numerous parallel proceedings regarding the same issues now before this Court that Mr. Akouete will exploit to get around this Court's rulings as is evident by the other parallel lawsuits already filed, one of which this Court was already forced to enjoin.

Dated: October 2, 2025                                                                Respectfully submitted,

*/s/ Luis R. Casas*
Luis R. Casas, Esq.
Florida Bar No. 0094222
Email: luis.casasmeyer@akerman.com
AKERMAN LLP
98 Southeast Seventh Avenue,
Miami, FL 33131
Suite 1100
(Admitted *Pro Hac Vice*)

-and-

Samual A. Miller, Esq.
Massachusetts Bar No. 648568
E-mail: samual.miller@akerman.com
Secondary E-mail:
sharlene.harrison-carera@akerman.com
**AKERMAN LLP**

420 South Orange Avenue
Suite 1200
Orlando, FL 32801
Phone: (407) 423-4000
Fax: (407) 843-6610

*Counsel for B&B*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

           */s/ Luis R. Casas*
           Luis R. Casas, Esq.

83380382;1