UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|                        |   |                          |
|---|---|---|
| In re:                 | ) | Chapter 7                |
|                        | ) | Case No. 23-40709-CJP    |
| WESTBOROUGH SPE LLC,   | ) |                          |
|                        | ) |                          |
| Debtor                 | ) |                          |
|                        | ) |                          |

**ORDER**

Before the Court is the construed motion to compel abandonment of certain claims [ECF No. 881] (the "Motion")[1] of Lolonyon Akouete and the opposition [ECF No. 909] of the chapter 7 trustee of the estate of Westborough SPE LLC (the "Debtor"), Jonathan R. Goldsmith (the "Trustee").  "On request of a party in interest and after notice and a hearing, the court *may* order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b) (emphasis added).  That provision does not mandate abandonment where a trustee has determined not to pursue alleged claims for the benefit of the estate.  The Court has considered all relevant filings, the entire record in this case, and the arguments made at a hearing on the Motion held October 8, 2025, and the Motion is DENIED for the reasons below and as stated in the Trustee's opposition.

Mr. Akouete asserts that certain claims (the "Claims") should be pursued by the Trustee or abandoned to the Debtor, which is a limited liability company with no ongoing operations.

---

[1] *See* Order [ECF No. 890] construing Mr. Akouete's "Opposition to Trustee's Status Report Regarding Assessment of Certain Alleged Estate Claims Against Third Parties (Dkt. 879); Request For Expedited Determination and Limitation Of Notice (MLBR 9013-1(F)(1)(B), (F)(2); Fed. R. Bankr. P. 9006(C)(1))" filed at ECF No. 881 as a motion to compel under 11 U.S.C. § 554(b) and Fed. R. Bankr. P. 6007(b).

1

*See* ECF Nos. 879 and 881 (describing the Claims). He also asserts that he is the manager of the Debtor and will take actions to cause the Debtor to pursue the Claims if abandoned. It appears that statutes of limitations with respect to the Claims may expire shortly. Mr. Akouete does not have a direct interest in the Claims. When pressed at the Hearing to identify his pecuniary interest in any recovery from the Claims and standing to seek to compel abandonment, Mr. Akouete stated that he is the manager of the Debtor and would be entitled to a fee or other compensation (as he may determine in his capacity as manager) that could be paid from a recovery from these Claims. He also asserts that he could have claims against the Debtor outside of the bankruptcy for prepetition services that he provided even if his identical claims asserted in the bankruptcy case were to be disallowed upon resolution of the Trustee's objection to his proof of claim filed in this case, which objection is the subject of cross-motions for summary judgment. He contends that he has a "fiduciary duty," presumably for the benefit of the Debtor and the single member of the Debtor, Mignonette Investments Limited ("Mignonette"). Mignonette has not yet appeared in this case. Mr. Akouete, in his individual capacity, has filed a suit against Mignonette and its principal asserting claims for, among other things, intentional interference with prospective economic advantage, civil conspiracy, and unfair and deceptive business practices. *See* AP No. 25-04027 ECF Nos. 1-2. Apparently, he has not been able to effect service on Mignonette, which appears to have been organized in the British Virgin Islands.

It is undisputed that Mr. Akouete was a stranger to the Debtor and its sole member before becoming aware that the Debtor was listed as being the owner of unclaimed funds being held by the State of California. He and a business partner sought to notify the Debtor of the unclaimed funds and act as agent for the Debtor. He claims to have been appointed manager of the Debtor

by a retired officer of a management company after he and his partner located that person in an elder care facility in Arizona. That person had been the subject of a guardianship action in Hawaii, and her son had been appointed guardian. After obtaining her signature on a document purporting to transfer all assets of the Debtor to himself and his partner, Mr. Akouete and his partner obtained her signature on a document appointing them managers of the Debtor. Cross-motions for summary judgment with respect to the Trustee's objection to the proof of claim filed by Mr. Akouete have been filed in this bankruptcy case. The issue of whether Mr. Akouete was ever appointed and had authority to act as a manager of the Debtor is central to that claim objection and has not yet been determined.

With respect to the alleged Claims against the California State Controller's Office (the "Controller's Office") and other parties relating to the Debtor's claim to receive unclaimed funds and Mr. Akouete's assertion that the Controller's Officer unlawfully withheld such unclaimed funds, for the reasons stated by the Trustee, the Court finds that the Trustee's assessment of the alleged Claims that there are no viable Claims against the Controller's Office is reasonable and within his business judgment. The Controller's Office turned over the Debtor's unclaimed funds to the Trustee and, based on information in the record, reasonably raised issues regarding authority in relation to conflicting prepetition claims and representations.

Regarding Claims identified by Mr. Akouete against Babcock and Brown entities and certain individuals arising from the asserted resignation of a Babcock and Brown entity as manager of the Debtor in or before 2011, the Trustee has investigated the Claims and determined that as of the petition date the Debtor possesses no Claims against the parties identified by Mr. Akouete. The Trustee has stated that he reviewed materials and discovery to determine that the estate has no viable Claims. I infer that he also considered the statute of limitations in relation

to the date of the purported resignation and the means by which notice was provided by those entities. The exercise of the Trustee's business judgment is reasonable under the circumstances of this case. Further, without deciding the issues of his authority as of the petition date, Mr. Akouete could not act as a fiduciary for the Debtor at this time. He is engaged in litigation against the sole member of the Debtor. Further, his actions in seeking to pursue the Claims of the Debtor are for his personal benefit as a purported creditor of the Debtor – not for the benefit of the Debtor or its member. He has stated on the record that he could assert larger claims if either the Trustee or the Debtor were to recover amounts on account of the Claims that he has identified. He has also made clear that he believes that he could assert claims, individually, against the Debtor outside the bankruptcy for claims being litigated in the bankruptcy case.

If the Trustee were to abandon the Claims, only the Debtor would have standing to pursue those claims. Mr. Akouete could not act as a fiduciary to cause the Debtor to pursue those Claims, and he may not act as a fiduciary to seek to compel abandonment of the Claims. The Debtor is the proper party in interest to request that the Trustee be compelled to abandon claims under these circumstances. The Debtor may only act through counsel in this and other courts – and no counsel has appeared for the Debtor. Mr. Akouete may not request abandonment on behalf of the Debtor. Even if the Debtor made such request, the Court should consider the viability of and purpose for asserting such Claims in light of the Trustee's assessment. *See In re Sakon*, No. 19-21619 (JJT), 2023 WL 4030079, at *3 (Bankr. D. Conn. June 14, 2023), reconsideration denied, No. 19-21619 (JJT), 2023 WL 4105310 (Bankr. D. Conn. June 20, 2023), appeal dismissed, No. 3:23-CV-250 (AWT), 2025 WL 744265 (D. Conn. Mar. 7, 2025) ("Neither this Court nor the Trustee will or should endorse what appears to be nothing more than a wasteful, frivolous, speculative, and ill-conceived gambit to fuel a

Document Page 5 of 6

proliferation of lawsuits."). Under these circumstances, the Court will not compel the Trustee to abandon claims that he does not believe are viable to a defunct Debtor – with respect to which Mr. Akouete asserts that he may exercise control, when it is undetermined whether he ever had authority as a manager, but who is now clearly acting for his own benefit and not for the Debtor or its member. Further, given that Mr. Akouete could not presently act as a fiduciary for the Debtor and the record shows that Debtor does not presently have counsel that could actually file the Claims were they to be abandoned, even if a request to compel was filed by the Debtor, such a request would be futile at this time given that the Debtor is not in a position to file lawsuits without counsel and an independent manager.

While the Court recognizes that the effect of denying the request to compel results in the estate retaining Claims that the Trustee believes have no direct value to the estate, there are additional considerations to be assessed. To that end, the Court has also considered the effect on administration and costs to the estate in assessing whether the Trustee has exercised appropriate business judgment under the circumstances. The Trustee has alluded to the fact that it will be burdensome to the estate if Mr. Akouete were to be permitted to attempt to assert the Claims in the name of the Debtor if the Claims were compelled to be abandoned because Mr. Akouete could seek to obtain rulings regarding his authority as a manager that could potentially be inconsistent and conflict with this Court's assessment of that same issue and would require estate assets to be expended to address such actions. Based on the record of this case and Mr. Akouete's own statements, the Trustee's assessment is well founded. Supporting the Trustee's assessment, Mr. Akouete stated on the record that he believed that he could seek rulings from a state court on the same issues of authority being determined by this Court. He has already attempted to do that in other litigation. The Trustee would likely incur costs in seeking to enjoin

any such attempts to avoid inconsistent rulings and limit interference with the claims process and other administration of the estate. Mr. Akouete is acting to maximize his personal recovery as a possible creditor and, he could not properly act as a manager of the Debtor at this time, and this Court draws the inference that Mr. Akouete has sought to compel abandonment as a litigation strategy to gain some advantage in his pursuit of his remedies as a purported creditor of the Debtor and the claim litigation pending in this Court. This purpose is not in the best interests of the estate.

      This ruling is without prejudice to the Debtor appearing through counsel to request that this Court compel abandonment of any specific claim.

Dated: October 9, 2025                                By the Court,

                                                             Christopher J. Panos
                                                             United States Bankruptcy Judge