

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:   Westborough SPE LLC | Chapter 7 |
| Debtor | 23-40709-CJP |

## ORDER

**MATTERS:**

#940 Emergency Supplemental Motion to Compel Complete Identification of Transaction Participants and Production of Records without Delaying Summary Judgment filed by Creditor Lolonyon Akouete; #956 Opposition of Goulston & Storrs PC to Emergency Supplemental Motion to Compel (Docket No. 940) and Cross-Motion for an Order Prohibiting Mr. Akouete from Serving Additional Subpoenas, Filing Additional Motions, or Filing Claims Directed at Goulston & Storrs PC Without First Obtaining a Court Order; and #958 Emergency Motion For Expedited Determination of Discovery Issue (Dkt. No. 940) and For Relief in Adversary Proceeding No. 25-04027-CJP filed by Creditor Lolonyon Akouete.

THE "EMERGENCY SUPPLEMENTAL MOTION TO COMPEL COMPLETE IDENTIFICATION OF TRANSACTION PARTICIPANTS AND PRODUCTION OF RECORDS WITHOUT DELAYING SUMMARY JUDGMENT" [ECF NO. 940] (THE "MOTION TO COMPEL") AND THE "EMERGENCY MOTION FOR EXPEDITED DETERMINATION OF DISCOVERY ISSUE (DKT. NO. 940) AND FOR RELATED RELIEF IN ADVERSARY PROCEEDING NO. 25-04027-CJP" [ECF NO. 958] (THE "MOTION FOR EXPEDITED DETERMINATION AND OTHER RELIEF," TOGETHER WITH THE MOTION TO COMPEL, THE "MOTIONS") OF LOLOYON AKOUETE AND THE "OPPOSITION OF GOULSTON & STORRS PC TO EMERGENCY SUPPLEMENTAL MOTION TO COMPEL (DOCKET NO. 940) AND CROSS-MOTION FOR AN ORDER PROHIBITING MR. AKOUETE FROM SERVING ADDITIONAL SUBPOENAS, FILING ADDITIONAL MOTIONS, OR FILING CLAIMS DIRECTED AT GOULSTON & STORRS PC WITHOUT FIRST OBTAINING A COURT ORDER" [ECF NO. 956] (THE "CROSS-MOTION") OF GOULSTON & STORRS PC ("G&S") ARE DENIED AS FOLLOWS.

THE COURT HAS CONSIDERED THE MOTIONS, THE OPPOSITION AND CROSS-MOTION, THE REPLY OF MR. AKOUETE AT ECF NO. 957, AND THE RESPONSE AND LIMITED OBJECTION OF THE CHAPTER 7 TRUSTEE AT ECF NO. 959, TOGETHER WITH THE ENTIRE RECORD IN THIS CASE.  AS HAS BEEN STATED IN RELATION TO PAST MOTIONS, ANY POTENTIALLY RELEVANT INFORMATION POSSESSED BY G&S RELATES TO A REPRESENTATION BY THAT FIRM THAT ENDED IN 1998. LIMITED DISCOVERY WAS PERMITTED, AND G&S PROVIDED AN AFFIDAVIT BY G&S PURSUANT TO AN ORDER OF THIS COURT.  MR. AKOUETE ASSERTS THAT CORRESPONDENCE OBTAINED FROM

*Page 2 of 2*

THIRD PARTIES INDICATES THAT G&S COMMUNICATED WITH PERSONS IN 1997 AND 1998 REGARDING THE FORMATION OF THE DEBTOR THAT WERE NOT IDENTIFIED IN THE G&S AFFIDAVIT.  MR. AKOUETE DOES NOT LINK THE REQUESTED ADDITIONAL DISCOVERY TO ANY PENDING ADVERSARY PROCEEDING OR CONTESTED MATTER. HE STATES THAT "HE SEEKS ONLY A FAIR OPPORTUNITY TO OBTAIN FACTUAL INFORMATION NECESSARY FOR SERVICE AND ADJUDICATION." ECF NO. 958. HE REFERENCES A NEED TO SERVE MIGNONETTE AND ADVANCE "ADVERSARY CLAIMS." MOTIONS FOR SUMMARY JUDGMENT ARE PENDING AND THE SUMMARY JUDGMENT RECORD IS CLOSED WITH RESPECT TO THE OBJECTION TO MR. AKOUETE'S CLAIM. AT THIS JUNCTURE, THE COURT WILL NOT RE-OPEN DISCOVERY AND, WEIGHING THE POTENTIAL RELEVANCE OF INFORMATION FROM 1997 AND 1998 AGAINST THE ADDITIONAL BURDEN ON A NON-PARTY WITNESS AFTER THE DISCOVERY DEADLINE, THE COURT FINDS THAT THE REQUESTED ADDITIONAL DISCOVERY IS DISPROPORTIONAL AND PRECLUDED BY EARLIER ORDERS OF THIS COURT.

IT FURTHER APPEARS THAT MR. AKOUETE IS ATTEMPTING TO CONDUCT ADDITIONAL DISCOVERY IN AID OF HIS ATTEMPT TO SERVE MIGNONETTE IN CONNECTION WITH STATE COURT LITIGATION THAT HE HAS COMMENCED, WHICH IS AN IMPROPER PURPOSE.

IN ITS CROSS-MOTION, G&S REQUESTS AN ORDER FROM THIS COURT RESTRAINING MR. AKOUETE. THAT REQUEST IS DENIED WITHOUT PREJUDICE, BUT MR. AKOUETE MAY NOT CONDUCT ANY DISCOVERY IN RELATION TO THE PENDING CONTESTED MATTER WHERE THE DISCOVERY DEADLINE HAS PASSED.  FURTHER, NO THIRD PARTY IS REQUIRED TO RESPOND TO DISCOVERY REQUESTS RELATED TO THIS CASE OR ANY RELATED ADVERSARY PROCEEDING UNTIL FURTHER ORDER OF THIS COURT OR UNLESS IN RELATION TO PENDING ORDERS OF THE COURT PREVIOUSLY ENTERED.

MR. AKOUETE SHALL SERVE NOTICE OF THIS ORDER ON ANY THIRD PARTY WITH WHOM HE COMMUNICATES REGARDING A PREVIOUSLY SERVED DISCOVERY REQUEST.

Dated: 10/31/2025                          By the Court,

                                           _____
                                           Christopher J. Panos
                                           United States Bankruptcy Judge