**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:

**WESTBOROUGH SPE LLC,**

Debtor.

**Chapter 7**
**Case No. 23-40709-CJP**

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
APPROVING AND AUTHORIZING SETTLEMENT AGREEMENT AND MUTUAL
RELEASE PURSUANT TO FED. R. BANKR. P. 9019, AS SUPPLEMENTED**

This matter having come before this Court upon the *Trustee's Motion for Entry of an Order Approving and Authorizing Settlement Agreement and Mutual Release Pursuant to Fed. R. Bankr. P. 9019* [Dkt. No. 967] (the "**Motion**") filed by Jonathan R. Goldsmith, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of the above-captioned debtor (the "**Debtor**") as supplemented by the *Supplement to Motion to Approve Settlement [Dkt. No. 967] and Motion to Approve Sale of 231 Turnpike Road, Westborough, Massachusetts [Dkt. No. 968]* (the "**Sale and Settlement Motion Supplement**" [Dkt. No. 978], together with the Motion, the "**Settlement Motion**"), seeking approval of the *Settlement Agreement and Mutual Release* [Dkt. No. 966] (the "**Settlement Agreement**") by and among the Trustee, the Town of Westborough (the "**Town**"), Ferris Development Group, LLC ("**Ferris**"), Lax Media LLC and Lax Media MA LLC (together, "**Lax**"), and Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of The MobileStreet Trust, u/d/t dated December 11, 2014, recorded with the Worcester Registry of Deeds in Book 53141, Page 193 ("**MobileStreet**") (each a "**Party**" and collectively the "**Parties**"); and notice of the Settlement Motion and the Settlement Agreement having been sufficient  under the circumstances pursuant to the *Notice of (i) Intended Private Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of All Liens, Claims,*

1

*Encumbrances, and Interests, (ii) Deadline for Filing Objections, and (iii) Hearing Date and (i)*
*Proposed Settlement Agreement and Mutual Release, (ii) Deadline for Filing Objections, and*
*(iii) Hearing Date* [Dkt. 989] (the "**Sale and Settlement Notice**") and the certificates of service
previously filed with the Court [Dkt. Nos. 990, 1017, and 1018] and the *Trustee's Notice of*
*Publication Regarding Proposed Sale of 231 Turnpike Road, Westborough, Massachusetts and*
*Proposed Settlement Agreement* [Dkt. No. 1015]; and this Court having conducted
contemporaneous hearings on December 17, 2025 (the "**Sale and Settlement Hearings**") on the
Settlement Motion and on the *Trustee's Motion for Entry of Order Authorizing and Approving*
*the Sale of 231 Turnpike Road, Westborough, Massachusetts Free and Clear of Liens, Claims,*
*Encumbrances, and Interests and for Related Relief* (the "**Sale Motion**") [Dkt. No. 968] which
sought authority to sell the Estate's right, title, and interest in the real property at 231 Turnpike
Road, Westborough, Massachusetts (the "**Property**"), free and clear of all liens, claims,
encumbrances, and interests, with such liens, claims, encumbrances and interests attaching to the
net proceeds of the Sale as set forth in more detail in the Sale Motion and in the Purchase and
Sale Agreement attached to the Sale Motion (the "**PSA**"); all parties in interest having been
heard, or having had to the opportunity to be heard at the Sale and Settlement Hearings, at which
evidence was taken; and the Court having contemporaneously considered and approved the Sale
Motion and authorized the Sale of the Property pursuant to the PSA by entry of a separate order;
and the Court having reviewed and considered the Settlement Motion, the Settlement Agreement,
other evidence in support of the Settlement Motion and Settlement Agreement and the record
before the Court; and the Court having heard, weighed, and considered at the Sale and
Settlement Hearings the testimony of the Trustee, the evidentiary proffers made, the statements
of counsel, and the statements of interested parties wishing to be heard; and the Court having

2

heard and considered the *Creditor Lolonyon Akouete's Objection to Trustee's Motion to Approve Settlement Agreement Pursuant to Fed. R. Bankr. P 9019* [Dkt. No. 1031] (the "**Akouete Objection**"); and due notice of the Sale Motion, the Sale, the Settlement Motion, the Settlement Agreement and all of the relief requested therein having been provided and no further notice being necessary; and the Court having determined that the relief sought in the Settlement Motion and the Trustee's entry into the Settlement Agreement are a reasonable exercise of the Trustee's business judgment, *see In re Healthco Int'l, Inc.*, 136 F.3d 45, 51 (1st Cir. 1998) (deference to Trustee's business judgment in connection with proposed settlement if it falls above "the lowest point in the range of reasonableness"), and is in the best interests of the Debtor's Estate; and the Court having jurisdiction over this matter; and that the legal and factual bases set forth in the Settlement Motion establish just cause for the relief granted herein; and after due deliberation thereon, and sufficient cause appearing therefor, for the reasons stated on the record and supplementing the Proceeding Memorandum and Order entered at Dkt. No. 1036 approving the Settlement Agreement and **IT IS HEREBY**:

**ORDERED** that, the Settlement Motion is approved and authorized in all respects; it is further

**ORDERED** that, the Akouete Objection is overruled; it is further

**ORDERED** that, the Trustee is authorized to enter into the Settlement Agreement and to take any and all actions required by the Settlement Agreement; it is further

**ORDERED** that, contemporaneous with the transfer of the Property to Bochasanwasi Shree Akshar Purushottam Swaminarayan Sanstha – Northeast, a Texas corporation, or its nominee (the "Buyer"), or shortly after the transfer of the Property as specifically provided by

the Settlement Agreement, the Trustee is authorized to make any and all payments required by the Settlement Agreement including, without limitation, the following:

    i.     To the Town for the "Town Payment" as defined in the Settlement Agreement, $1,640,000 shall be paid contemporaneous with the Sale Closing[1];

    ii.    To Durgaprasad Nagalla and Venkatesh Mohanraj, Trustees of MobileStreet for the "Use Modification Payment" as defined in the Settlement Agreement, $200,000 shall be paid within ten (10) days after the Closing Date;

    iii.   To MobileStreet for the "MobileStreet Maintenance Payment" as defined in the Settlement Agreement, $556,763 shall be paid within ten (10) days after the Closing Date;

    iv.   To Ferris for the "Ferris Payment" as defined in the Settlement Agreement, $100,000 shall be paid within ten (10) days after the Closing Date; and

    v.    To Lax for the "Lax Payment" as defined in the Settlement Agreement, $100,000 shall be paid within ten (10) days after the Closing Date.

**ORDERED** that, contemporaneous with the transfer of the Property to the Buyer, or shortly after the transfer of the Property as specifically provided by the Settlement Agreement, the Trustee is authorized to take any and all actions required by the Settlement Agreement to dispose of pending litigation including, without limitation, the following:

    i.     Executing and filing a voluntary notice of dismissal with prejudice of the following civil action pending in the United States District Court for the District of Massachusetts against the Town, the members of the Select Board of the Town, and Peter Blaustein: Westborough SPE, LLC v. Town of Westborough, et al., U.S. Dist. Ct. (D. Mass.), Case No. 4:23-cv-12017; and

    ii.    Executing and filing the voluntary stipulation of dismissal with prejudice of the following adversary proceeding pending before this Court against the Town of Westborough: Jonathan R. Goldsmith, Chapter 7 Trustee of Westborough SPE LLC v. Town of Westborough, (Bankr. D. Mass.),

---

[1] As used in this Order, the term "Closing" shall have the meaning ascribed thereto in the PSA and the term "Closing Date" shall mean the date that the Closing occurs pursuant to the PSA

Adversary Proceeding No. 25-04003-CJP.

**ORDERED** that, the failure specifically to include or describe any particular provisions of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Settlement Agreement is approved in its entirety and that all actions required to be taken by the Trustee pursuant to the Settlement Agreement are hereby authorized.  Absent further order of the Court, the Court retains exclusive jurisdiction to enforce and interpret the Settlement Agreement to the fullest extent of applicable law.

By the Court,

Dated: December 24, 2025

_____
Christopher J. Panos
United States Bankruptcy Judge