

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>Westborough SPE LLC<br><br>Debtor | Chapter 7<br>23-40709-CJP |

## ORDER

**MATTER:**

#870 First Interim Application for Compensation and Reimbursement of Expenses of Nicholson Devine LLC, Trustee's Attorney.

After review and consideration of the "First Interim Application of Nicholson Devine LLC For Allowance and Payment of Compensation and For Reimbursement of Expenses as Counsel to the Trustee" [ECF No. 870] (the "Application"), the objection [ECF No. 875] and supplemental objection [ECF No. 936] of Lolonyon Akouete (together, the "Objections"), and the record of this case, the Objections are overruled without prejudice to any renewed objection upon final application, and the Application is allowed on an interim basis as set forth below. Fees in the amount of $275,587.50 and expenses in the amount of $1,217.44 are approved on an interim basis subject to further review of the Court in connection with a final application.

Whether looking at an application on an interim or final basis, "[t]he standard for fee allowances in this circuit is the lodestar approach, which expands upon the criteria of Bankruptcy Code § 330(a)(1). . . . Even without regard to objections by other parties in interest, the court has an independent judicial responsibility to evaluate professionals' fees. The court . . . is itself an expert on the question (of attorney's fees) and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." *In re Bank of New England Corp.*, 134 B.R. 450, 453 (Bankr. D. Mass. 1991), *aff'd*, 142 B.R. 584 (D. Mass. 1992) (citations and quotations omitted). Applying the Court's assessment of the services provided, the services provided were reasonable and necessary, and not duplicative, subject to further and final review at the time of a final application when the Court will have the benefit of reviewing the results obtained and the overall context of the case. The Court has overruled the Objections. While the Court considered Mr. Akouete's statements in his initial objection and overrules them on the merits at this time, the Court overrules the supplemental objection for the added reasons that Mr. Akouete does not have standing to assert any objection based on any equity interest in the Debtor that may be held by Mignonette Investments Limited. The Court also observes that the position Mr. Akouete asserts in the supplemental objection, notwithstanding his lack of standing to do so, is also directly contrary to

*Page 2 of 2*

positions Mr. Akouete has taken in the past in pleadings as a creditor and in his purported role as manager in filing schedules on behalf of the Debtor that funds recovered in this bankruptcy case are property of the Debtor's estate and should be available to compensate claimants in the case.

The request for a partial payment by the Trustee is also granted. The Trustee may, but is not required to, pay 50% of the fees and 100% of the expenses approved on an interim basis, subject to repayment if fees and expenses finally allowed in connection with a final fee application are less than amounts paid or allowed administrative claims exceed available proceeds at the time of full administration of the case.

Dated: 12/30/2025                                    By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge