

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | Westborough SPE LLC | Chapter 7 |
|---|---|---|
| | Debtor | 23-40709-CJP |

### ORDER

**MATTER:**

#1055 Creditor Lolonyon Akouete's Motion for Partial Stay Pending Appeal Pursuant to Fed. R. Bankr. P. 8007 (Re: 1050 Notice of Appeal and Statement of Election to District Court Filed by Creditor Lolonyon Akouete (RE: 1037 Order on Motion To Sell, 1038 Order)).

DENIED. FOR THE REASONS STATED ON THE RECORD AT THE HEARING WHEN THE COURT ENTERED THE ORDERS THAT ARETHE SUBJECT OF THE APPEAL, THE MOVANT IS NOT LIKELY TO SUCCEED ON THE MERITS OF THE APPEAL. *SEE, E.G., ACEVEDO-GARCÍA V. VERA-MONROIG*, 296 F.3D 13, 16 (1ST CIR. 2002) (DETERMINING THAT WHILE ALL FOUR APPLICABLE FACTORS MUST BE SATISFIED TO IMPLEMENT A STAY PENDING APPEAL, "[T]HE SINE QUA NON [OF THE STAY PENDING APPEAL STANDARD] IS WHETHER THE [MOVANT IS] LIKELY TO SUCCEED ON THE MERITS") (QUOTATION AND CITATION OMITTED)). WEIGHING THE OTHER FACTORS TO BE CONSIDERED, ALL FACTORS WEIGH STRONGLY AGAINST A STAY. THE MOVANT REQUESTS RELIEF THAT CANNOT BE GRANTED. HE SEEKS TO HAVE A SALE OF WHAT IS PRESENTLY NON-ESTATE PROPERTY CLOSE, BUT TO STAY IMPLEMENTATION OF THE SETTLEMENT NECESSARY TO BRING THAT PROPERTY INTO THE ESTATE TO EFFECT A SALE. AS THE EVIDENCE AT THE HEARING DEMONSTRATED, THE SALE CANNOT CLOSE ABSENT CONSUMMATION OF THE SETTLEMENT THAT WAS APPROVED. THERE IS NO MECHANISM TO SEVER THE APPROVALS IN THE MANNER THE MOVANT DESIRES. MOREOVER, THE RECORD DEMONSTRATED THAT THE APPROVAL OF BOTH THE SALE AND THE SETTLEMENT WAS APPROPRIATELY SUPPORTED AND IN THE BEST INTEREST OF THE ESTATE.

Dated: 01/05/2026

By the Court,

*[signature]*

_____
Christopher J. Panos
United States Bankruptcy Judge