

01/14/2026 DENIED.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                                    )   Chapter 7
                                          )   Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,                      )
                                          )
                    Debtor.               )

### CREDITOR LOLONYON AKOUETE'S EMERGENCY MOTION TO SHORTEN RESPONSE DEADLINE OR, IN THE ALTERNATIVE, TO MODIFY STAY TO PERMIT STATE-COURT DISCOVERY (Dkt. 1075)

### INTRODUCTION

Creditor Lolonyon Akouete ("Movant"), appearing pro se and as a party in interest, respectfully moves this Court for an order:

1. Shortening the response deadline in the Court's January 8, 2026 Order (Dkt. 1075) from fourteen (14) days to three (3) days; **or**, in the alternative,
2. Modifying or lifting the stay imposed in the related Massachusetts Superior Court action to permit Movant to pursue discovery of the same authority and responsible-party records from prior counsel and the former manager of the Debtor.

Good cause exists. Continued delay causes ongoing prejudice, irreparable harm, and risks adjudication of dispositive issues on an incomplete and distorted factual record. The delay is compounded by the Trustee's prior misrepresentations to the Court regarding IRS responsible-party records, the Trustee's continued opposition to interim distribution despite Movant's documented medical emergency, and the Trustee's strategic use of procedural stays to block discovery in all forums.

### BACKGROUND

On January 8, 2026, the Court entered an Order on Movant's Rule 56(d) Motion directing that objections be filed within fourteen (14) days and instructing the Trustee to consider whether the requested IRS records would aid in the administration of the estate. (Dkt. 1075.)

The underlying Rule 56(d) motion seeks only a narrow order directing the Internal Revenue Service to release:

• Forms SS-4 (Application for Employer Identification Number);
• Forms 8822-B (Change of Responsible Party); and
• Related administrative transcripts reflecting responsible-party designation and effective dates.

These records directly resolve disputed authority, delegation, and credibility issues raised in the Trustee's summary-judgment filings.