UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CREDITOR LOLONYON AKOUETE'S EMERGENCY MOTION FOR RELIEF UNDER
FED. R. CIV. P. 56(d) (As Incorporated by Fed. R. Bankr. P. 7056)**

**FOR EXPEDITED, LIMITED DISCOVERY TO CLARIFY DISPOSITIVE AUTHORITY
FACTS FOR SUMMARY JUDGMENT**

Creditor Lolonyon Akouete ("Creditor"), pro se, respectfully files this Emergency Motion for relief under Fed. R. Civ. P. 56(d), as made applicable by Fed. R. Bankr. P. 7056, seeking narrow, expedited discovery targeted to Massachusetts Department of Revenue records and related authorization documents that are essential to resolving the dispositive authority/resignation issues currently pending on summary judgment. This request is not made to delay adjudication. To the contrary, Creditor seeks this limited, objective government record to streamline the Court's decision-making and promote judicial economy, by clarifying—conclusively and quickly—who possessed officer/delegate authority to sign and file Massachusetts Form 355 returns and whether any Form M-2848 Power of Attorney exists on file. In support, Creditor submits the attached Declaration under 28 U.S.C. § 1746.

**I. INTRODUCTION**

Summary judgment is currently set for oral argument on **January 22, 2026** (or such date as the Court has scheduled). Creditor has identified a material, dispositive contradiction central to the Trustee's theory of authority and resignation—one that can be resolved by a narrow, objective production from the Massachusetts Department of Revenue ("MA DOR") showing **who signed the relevant Massachusetts corporate excise returns (Form 355) and whether any Form M-2848 Power of Attorney was filed**.

This is not a request for "fishing." It is a focused request for documentary evidence that, by design, exists (or does not exist) in a government file, and that will either corroborate or defeat the Trustee's resignation/authority narrative on which the pending summary judgment issues depend. Massachusetts appellate law recognizes that summary judgment should not enter where a party makes the required Rule 56(f)/(d) showing and the sought facts are material and likely available. *The Alphas Co., Inc. v. Kilduff*, 72 Mass. App. Ct. 104, 108–113 (2008).

**II. GOVERNING STANDARD**

Rule 56(d) provides that when a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may (1) defer

consideration or deny the motion, (2) allow time to obtain discovery, or (3) issue any other appropriate order.

Massachusetts and First Circuit authorities interpreting the identical Rule 56(f) standard are persuasive and regularly relied upon, including in Massachusetts state courts. *Alphas* explains that a judge errs by granting summary judgment without allowing requested discovery where the moving party satisfies the applicable conditions. 72 Mass. App. Ct. at 108–113.

*Alphas* adopts the five-factor analytical framework articulated by the First Circuit in *Resolution Trust Corp. v. North Bridge Assocs., Inc.*, 22 F.3d 1198, 1203–1208 (1st Cir. 1994): **authoritativeness, timeliness, good cause, materiality, and utility**—and notes that when these benchmarks are met, a strong presumption favors relief. Massachusetts courts further hold that denial of a Rule 56(f) continuance is discretionary but will be set aside upon a clear showing of abuse of discretion. *Commonwealth v. Fall River Motor Sales, Inc.*, 409 Mass. 302, 307 (1991). At the same time, courts may deny discovery where the request is speculative and the party has not made even a minimal, threshold showing warranting it. *E.A. Miller, Inc. v. South Shore Bank*, 405 Mass. 95, 100 (1989). Creditor's request satisfies the *minimal threshold* and is not speculative, because it seeks fixed governmental records tied to the precise authority question at issue.

### III. FACTUAL BASIS FOR RULE 56(d) RELIEF

### A. The Trustee's on-the-record position (December 17, 2025)

At the **December 17, 2025 hearing** on approval of the proposed settlement, the Trustee represented on the record that he **cannot act on behalf of Mignonette Investments Limited ("Mignonette"),** and that his authority extends only to the Debtor. The Trustee further asserted that **Creditor likewise cannot act on behalf of Mignonette**, including in tax matters (i.e., that Creditor cannot file taxes for Mignonette). These statements were material because they were advanced to support the Trustee's theory regarding authority, control, and who may lawfully act for the relevant entities.

Those statements prompted Creditor to investigate contemporaneous records because Creditor understood that the historical manager (Babcock & Brown) acted in financial and tax-filing capacities for the overall structure, including tax compliance functions that necessarily required recognized authority.

### B. Massachusetts Form 355 signing requirement creates a concrete authority test

The Massachusetts Form 355 instructions state:

"When Form 355 is complete, it must be signed by the treasurer or assistant treasurer or, in their absence or incapacity, by any other principal corporate officer. If you are signing as an authorized delegate of the appropriate corporate officer, check the box below the signature line on Form 355 and attach Form M-2848, Power of Attorney, with the return."

That instruction is critical. It means that the Form 355 signature page is not mere bookkeeping. It is a sworn governmental representation of **officer authority** (treasurer/assistant treasurer/principal officer), or **delegated authority under a formal POA (Form M-2848)**.

### C. The contradiction: resignation narrative vs. tax-filing/officer/POA reality

The Trustee's summary judgment narrative relies heavily on the proposition that Babcock & Brown "resigned" as manager (or ceased acting) because they could not locate a representative of Mignonette.

But if Babcock & Brown (or its officers/delegates) executed or caused execution of Massachusetts Form 355 filings under the above signing regime, then they necessarily acted as:

- A principal officer (treasurer/assistant treasurer/other principal officer), **or**
- A formally authorized delegate under an M-2848 power of attorney.

Either way, it is legally incompatible with the claim that they could not locate or identify a representative for Mignonette, if they themselves were acting in officer or POA-based capacities that only a principal with authority could support. This contradiction is **central** to the authority/resignation issues presented on summary judgment.

## D. Delegation point: authority cannot exist for them yet be impossible for you

The Trustee also asserted that Creditor cannot file taxes for Mignonette, even though the historical manager allegedly did. That position is internally inconsistent as a matter of agency and delegation:

- If the manager had authority to execute tax compliance acts for Mignonette, that authority necessarily arose from some form of authorization (express officer authority or POA-based delegation).
- If that authority existed and was used, it cannot be simultaneously true that **no authority could be delegated** to a successor/delegate acting in the manager's operational chain, absent evidence of a prohibition on delegation or revocation.
- The Trustee's position thus rests on a contradiction that is resolved by one objective evidentiary source: **the Form 355 signature page(s) and any M-2848 on file**.

## E. Debtor tax payments demonstrate the financial materiality of the authority issue

The accounting records demonstrate that, over multiple fiscal years, tax payments were issued by numbered checks directly from the Debtor's bank account to satisfy federal and Massachusetts tax obligations associated with Mignonette Investments Limited. These include, among others, Check Nos. 120, 121, 122, 123, 124, 125, 126, 127, 131, and 132, issued by Westborough SPE LLC to the Commonwealth of Massachusetts and to Union Bank of California in connection with Forms 355, 355B, 8109, 8109-B, and related federal and state tax deposits.

The Debtor's ledgers confirm tax payments of approximately $52,072 for FYE June 30, 2000 and approximately $59,880 for FYE June 30, 2001. Using this confirmed range as a conservative benchmark, tax payments from approximately 1998 through 2006 reasonably total between approximately $468,000 and $540,000. Applying the same conservative range from 2006 through 2026 yields projected tax exposure between approximately $1,040,000 and $1,200,000. The combined long-term tax impact therefore reasonably exceeds $1.5 million and may approach or exceed $1.7 million, subject to confirmation by underlying governmental records.

This financial reality makes the authority question dispositive. If the Trustee's position is correct that no party possessed authority to act on behalf of Mignonette, then the use of Debtor funds to satisfy tax obligations of this magnitude constitutes unauthorized transfers requiring legal accounting, justification, and potential recovery. Conversely, if those payments were authorized,

then authority necessarily existed, and the Trustee's authority and resignation narrative cannot stand.

The Form 355 signature pages and any Form M-2848 Powers of Attorney are therefore essential to resolve both the authority issue and the legality of more than $1.5 million in historical and projected tax payments made from the Debtor's account. The same narrow discovery resolves both questions. Without it, the Court is forced to choose between two mutually exclusive legal conclusions without the objective governmental record designed to establish authority.

### IV. THE RULE 56(d) FACTORS ARE SATISFIED (ALPHAS / NORTH BRIDGE)

Consistent with *Alphas* and *Resolution Trust*, Creditor satisfies the five criteria:

### 1. Timeliness

Creditor files this motion promptly after identifying the Form 355 signing rule and its dispositive interaction with the Trustee's on-the-record position from the December 17 hearing, and before the Court rules on summary judgment.

### 2. Authoritativeness

Creditor submits a Declaration based on first-hand knowledge of the case record, the Trustee's statements, and Creditor's review of the accounting/tax payment records.

### 3. Good cause

Creditor could not reasonably have obtained MA DOR signature-page and POA records earlier because (i) they are held by a third party (MA DOR), and (ii) the Trustee's categorical "no one can act for Mignonette" position crystallized the need for these specific records.

### 4. Materiality

These records go to the heart of the summary judgment issues: whether the resignation narrative is credible and legally coherent, and whether authority existed and was exercised for Mignonette through officer status or POA. Under *Alphas*, the threshold for materiality at this stage is low; the sought facts need only be foreseeably capable of "breathing life" into the opposition and raising a genuine issue of material fact. 72 Mass. App. Ct. at 111–113.

### 5. Utility (likely availability)

This is not speculation. Either MA DOR has on file the Form 355 signature pages and any attached/related M-2848 filings (or it does not). The information is susceptible of collection within a reasonable timeframe through subpoena or authorization request. *Alphas* and *North Bridge* treat this as the essence of "utility."

### Not "fishing" (E.A. Miller)

Creditor's request is narrow and tied to a concrete legal contradiction. This is the opposite of the speculative "fishing expedition" rejected in *E.A. Miller*.

## V. SPECIFIC, LIMITED DISCOVERY REQUESTED

Creditor requests a short, targeted discovery window (e.g., 21–30 days) limited to the following:

1. **Massachusetts Department of Revenue (MA DOR)**
   - Complete copies (or at minimum the signature pages and signer-identifying portions) of the relevant **Form 355 filings** for the applicable tax years, for:
     - Westborough SPE LLC (to the extent filed as a corporation/excise filer), and/or
     - Any filing entity reflecting Mignonette's relevant tax posture in Massachusetts; and
   - Any **Form M-2848 Powers of Attorney** submitted/retained in connection with those filings or authorizing the signer(s) who executed the returns.
2. **Trustee / Estate professionals (to the extent already in their possession)**
   - Copies of any Form 355 returns, signature pages, POAs, engagement letters, or tax authorization documents in the Trustee's files that relate to (i) the signer authority for Form 355 and/or (ii) tax filing authority exercised historically for Mignonette or its related structure.

This discovery is narrowly confined to documents that resolve the authority contradiction and is proportional to the stakes and the dispositive nature of the summary judgment questions.

## VI. REQUESTED RELIEF

Creditor respectfully requests that the Court:

1. **Authorize expedited, limited discovery** for a short period (e.g., 14–21 days), strictly limited to obtaining from the Massachusetts Department of Revenue (and, to the extent already in the Trustee's possession, from the Trustee/estate professionals) the following:
   (a) Form 355 signature page(s) and signer-identifying portions for the relevant tax years; and
   (b) any associated **Form M-2848 Power of Attorney** filings/records authorizing the signer(s); and
2. **Permit issuance of a narrowly tailored subpoena** to MA DOR for the above categories (or alternatively, direct the Trustee to request/obtain the records as part of his investigation); and
3. Grant such other and further relief as is just and proper.

Creditor **does not seek to defer or postpone** the Court's consideration of the pending summary judgment motion. The purpose of this request is to obtain a discrete, objective record that will allow the Court to resolve the dispositive authority issues **more efficiently and with greater confidence**, without prolonged factual uncertainty.

## VII. SUPPORTING DECLARATION OF LOLONYON AKOUETE

(28 U.S.C. § 1746)

I, Lolonyon Akouete, declare under penalty of perjury as follows:

1. I am a creditor and party in interest in this Chapter 7 case and appear pro se.

2. On December 17, 2025, during the hearing on approval of the proposed settlement, the Trustee represented on the record that he cannot act on behalf of Mignonette Investments Limited ("Mignonette") and may act only on behalf of the Debtor. The Trustee further asserted that I likewise cannot act on behalf of Mignonette, including in tax matters.

3. Those statements prompted me to investigate the historical accounting and tax records because they appeared inconsistent with the long-standing operational reality that Babcock & Brown exercised financial, accounting, and tax-compliance control over the Debtor and Mignonette-related tax matters.

4. I reviewed the Massachusetts Form 355 instructions stating that Form 355 must be signed by the treasurer or assistant treasurer or, in their absence, another principal corporate officer; and that if signed by an authorized delegate, the filer must attach Form M-2848 Power of Attorney.

5. I reviewed accounting and tax records previously produced to me by Babcock & Brown showing that they prepared, calculated, and paid federal and Massachusetts taxes for Westborough SPE LLC and tax obligations associated with Mignonette, including Forms 355, 355B, 1120-F, and related estimated tax payments.

6. The accounting records show that tax payments were issued directly from the Debtor's bank account to satisfy these tax obligations. These payments include, among others, Check Nos. 120, 121, 122, 123, 124, 125, 126, 127, 131, and 132, payable to the Commonwealth of Massachusetts and to Union Bank of California for Forms 355, 355B, 8109, and 8109-B tax deposits.

7. The tax expense ledger for Westborough SPE LLC reflects tax payments of approximately $52,072 for FYE June 30, 2000 and approximately $59,880 for FYE June 30, 2001.

8. Based on those confirmed amounts, I conservatively calculated an annual tax payment range of approximately $52,000 to $60,000 per year.

9. Applying that range to the period from approximately 1998 through 2006, total tax payments reasonably fall between approximately $468,000 and $540,000.

10. Applying the same range to the period from approximately 2006 through 2026, projected tax payments reasonably fall between approximately $1,040,000 and $1,200,000.

11. The combined long-term tax impact therefore reasonably exceeds approximately $1.5 million and may approach or exceed $1.7 million, subject to confirmation by the underlying tax returns, payment records, and governmental files.

12. Time logs and internal accounting records further show that multiple Babcock & Brown accountants worked on Westborough SPE LLC's financial records across multiple fiscal years, including preparation of tax provisions, closing workpapers, and financial statements delivered to tax professionals.

13. Internal review notes further show that financial statements and tax provisions were reviewed, corrected, and finalized before being provided to tax personnel, and that officers were expected to sign transmittal letters for lender and tax purposes.

14. These records demonstrate that Babcock & Brown exercised continuous control over tax compliance functions that required officer-level or delegated authority.

15. If Babcock & Brown or its officers or delegates signed or caused signature of Massachusetts Form 355 and related tax filings, then they necessarily acted with principal officer authority or Power-of-Attorney authority. That conduct is inconsistent with the assertion that they resigned because they could not locate or identify a representative of Mignonette.

16. If no party possessed authority to act on behalf of Mignonette, then the tax payments made from the Debtor's account were unauthorized. If the payments were authorized, then authority necessarily existed to act on behalf of Mignonette. I understand that the Form 355 signature pages and any Form M-2848 Powers of Attorney are the official records that determine which of those two possibilities is correct.

17. The Form 355 signature pages and any Form M-2848 Powers of Attorney are therefore essential facts to evaluate authority, resignation, and the accuracy of the Trustee's position.
18. These materials are not in my possession and are held by third parties, primarily the Massachusetts Department of Revenue, and possibly by the Trustee's professionals.
19. I seek only limited, targeted discovery to obtain these objective governmental records and any copies already in the Trustee's possession.
20. This request is made in good faith, is narrowly tailored, and is made before the Court has ruled on summary judgment.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: January 14, 2026, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

**Mignonette Investments Limited**
**Estimated Federal & MA Taxes**
**June 30, 2000**

|  | Federal | MA | Total |
|---|---|---|---|
| 6/30/1999 Tax Liability per Tax Returns | 28,115 | 12,261 | 40,376 |
| 6/30/2000 Estimated Taxes based on 100% of 6/30/1999 |  |  |  |
| 09/15/99 | 9,400 | 4,920 | 14,320 |
| 9/15/1999 ($7,915 of federal pmt applied to accrual, $382 to expense    x | 8,297 | 3,305 | 11,602 |
| 12/15/99 | 4,800 | 1,210 | 6,010 |
| 03/15/00 | 6,900 | 3,070 | 9,970 |
| 6/15/000 | 7,100 | 3,070 | 10,170 |
| **Total Payments YTD** | **36,497.00** | **15,575.00** | **52,072.00** |
| 6/30/99 Accrued tax liability per GL | (7,915.00) | (3,061.00) | (10,976.00) |
| Total Payments Applied | 36,497.00 | 15,575.00 | 52,072.00 |
| Expensed on books    x | (382.00) |  | (382.00) |
| FYE 6/30/00 Tax Provision |  |  |  |
| **Balance at 6/30/2000** | **28,200.00** | **12,514.00** | **40,714.00** |

Westborough SPE LLC
Tax Expenses FYE 6/30/01

|  |  | Taxes | Misc | TOTAL |
|---|---|---|---|---|
| Stop Payment  DE Sect. Of State | 07/05/00 | (100.00) |  | (100.00) |
| Tax-2000 Mass. (Form 355-7004) | 09/14/00 | 2,100.00 |  | 2,100.00 |
| Tax-2000 Other (Form 1120-F) | 09/14/00 | 7,497.00 |  | 7,497.00 |
| Tax-2000 Fed (Form 1120-F) | 10/25/00 | 9,003.00 |  | 9,003.00 |
| Tax-2000 Mass. 1stQ (Form 355B) | 10/30/00 | 5,500.00 |  | 5,500.00 |
| Tax-2000 Federal (Form 1120-F) | 11/08/00 | 80.00 |  | 80.00 |
| Tax-2000 Mass. 2nd Q (Form 355B) | 12/13/00 | 3,600.00 |  | 3,600.00 |
| Tax-2000 Fed (Form 1120-F) | 12/13/00 | 9,000.00 |  | 9,000.00 |
| Tax-2000 mass 3rd Q ES (Form 355B) | 03/08/01 | 3,600.00 |  | 3,600.00 |
| Tax-2000 Federal 3rd Q  ES (Form 1120-F) | 03/08/01 | 9,000.00 |  | 9,000.00 |
| Secty of State - Delware Annl LLC Tax | 04/02/01 | 100.00 |  | 100.00 |
| Tax-2000 mass 4th Q ES (Form 355B) | 05/23/01 | 1,500.00 |  | 1,500.00 |
| Tax-2000 Federal 4th Qt ES (Form 1120-F) | 05/23/01 | 9,000.00 |  | 9,000.00 |
| Total @ 6/30/01 |  | 59,880.00 | - | 59,880.00 |

**MANAGEMENT FEES - PREPAID AND EXPENSE**
**FYE 6/30/2001**

#N/A

| | Prepaid | Current Expense | |
|---|---|---|---|
| Beginning Balance 7/1/98 | 1,957.29 | | |
| 5 mos @ $416.63 | | | |
| Prepaid Admin Fee 3/31/99 | 3,333.32 | 6,666.68 | |
| | | 1986.3 | 5 Months @ 397.26 |
| Management Fee Expensed 7/98-6/99 | (3,207.31) | 1,250.01 | 3 Months @ 416.67 |
| **Balances 6/30/99** | 2,083.30 | 9,902.99 | |
| Prepaid Admin Fee 2/23/00 | 8,334.00 | 2,083.15 | 5 months@ 416.63 |
| | | 4,165.00 | 5 months@ 833.00 |
| Management Fee Expensed 7/98-6/99 | (6,248.15) | 1,666.16 | |
| **Balances 6/30/00** | 4,169.15 | 7,914.31 | |
| Expense 6/30/01  prepaid balance | (4,169.15) | 4,169.15 | 5 months@ 833.33 |
| $10K Paid to BB Admin Services 8/25/00 For the period 11/20/00 - 11/20/01 | 10,000.00 | | |
| Expensed 7/1/01 - 6/30/01 | (5,833.33) | 5,833.33 | 7 month @ 833.33 |
| Variance - Pass | 2.48 | (2.48) | |
| **Balances 6/30/01** | **4,169.15** | **10,000.00** | |
| # Months from 6/30/01 to 11/20/01 | 5.00 | | |
| Monthly prepaid amount | 833.33 | | |
| | 4,166.65 | | |
| Variance | 2.50 | | |
| | Pass | | |

REVIEW NOTES

**Entity:** Westborough SPE LLC

**As of:** June 30, 2004

**FYE:** June 30, 2004

**To:** Regina

**Reviewer:** Kathy

**Date:** 11-Sep-04

**Due Date:**

#N/A

**Please clear the following review notes on the electronic file copy by the due date and return to the reviewer with your responses, initials and the date of your response. Make one copy with your responses for the accounting closing binder and file the electronic copy in the Financial Closing Support accounting directory for this entity.**

| Item # | Review Notes / Comments | Reference | Completed by: | Date Completed | Response / Comments |
|---|---|---|---|---|---|
| 1 | Reclass balance in 310210 to 320110. Retained earnings is for Corporations only - Do this now before we give it to Tax. | | | | |
| 2 | In 6/30/03 we had Admin Fees and Audit & Tax Expense paid to Insinger Trust BVI which we've never had before. Why isn't there any this year and were they properly charged to Westborough last year? Check AP by Vendor - If BBLP paid these they should be charged to Westborough. Last year's analysis references the British Virgin Islands which doesn't make sense to be charged to Westborough. This needs to be checked before tax can do the tax provision in case it should be reversed. Total paid to Insinger last year was approx $2,400. | | | | |
| 3 | Why did we use 562010 for Interest expense last year and we are using 566010 this year? | | | | |
| 4 | Update the Lender financial templates with the 6/30/04 & 6/30*03 balances and and Cash Flow numbers so all we have to do is drop in the Tax provision when it is ready. | | | | |
| 5 | See workpaper references added | | | | |
| 6 | Review changes made to Equity Analysis | | | | |
| 7 | Waiting for Betty Fung to request binder to calculae Tax provision | | | | |
| 8 | Book Tax provision | | | | |
| 9 | Update workpapers and rerun financial statements and GL Activity report | | | | |
| 10 | Finalize the lender financials and transmittal letter | | | | |
| 11 | After final review Steve Finno to sign transmittal letter | | | | |

REVIEW NOTES

**Entity:**  Westborough SPE LLC

**As of:**  June 30, 2004

**FYE:**  June 30, 2004

**To:**  Regina

**Reviewer:**  Kathy

**Date:**  11-Sep-04

**Due Date:**

#N/A

**Please clear the following review notes on the electronic file copy by the due date and return to the reviewer with your responses, initials and the date of your response.   Make one copy with your responses for the accounting closing binder and file the electronic copy in the Financial Closing Support accounting directory for this entity.**

| Item # | Review Notes / Comments | Reference | Completed by: | Date Completed | Response / Comments |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| 12 | Send financials to lender |  |  |  |  |
|  |  |  |  |  |  |
| 13 | Rollover the year in PeopleSoft and post FYE 6/30/05 activity so the books are current. Minimum updates at 9/30, 12/31, 3/31 and 6/30 to be completed within 30 days after the end of the quarter. |  |  |  |  |
|  |  |  |  |  |  |
| 14 |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**Westborough LLC Time Log**

| Name | Title | Period | Hrs Worked | |
|------|-------|--------|-----------|---|
| 1 Josh Stoltzfus | Staff Accountant | FYE 6/30/01 | 15.00 | |
| 2 Josh Stoltzfus | Staff Accountant | FYE 6/30/02 | 2.00 | |
| 3 Melissa Johnson | Staff Accountant | FYE 6/30/02 | 15.00 | |
| 4 Melissa Johnson | Staff Accountant | FYE 6/30/02 | 4.00 | Last updated 10/24/02 |
| 5 Kin Yu | Staff Accountant | FYE 6/30/03 | Did not track | |
| 6 Regina Gong / K Fell | Staff Accountant | FYE 6/30/04 | 20.00 | |
| 7 Regina Lum | Staff Accountant | FYE 6/30/05 | 12.00 | |

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com

_____
Lolonyon Y Akouete