UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## EMERGENCY MOTION FOR LIMITED CLARIFICATION OF PRELIMINARY INJUNCTION TO PERMIT PROCEDURAL APPEARANCE IN PENDING STATE COURT ACTION

### EMERGENCY BASIS

This motion is filed on an emergency basis because a hearing in **Akouete v. Mignonette Investments Limited**, Suffolk Superior Court, C.A. No. 2584CV02036, is scheduled for **February 4, 2026 at 2:00 PM**. That hearing date has been on the state court calendar **since October 9, 2025**. The Bankruptcy Court has not yet resolved the underlying disputes referenced in the injunction proceedings, and Movant now faces imminent procedural consequences unless clarification is provided.

### INTRODUCTION

Defendant **Lolonyon Akouete** ("Movant"), appearing pro se, respectfully requests **limited clarification** of this Court's Preliminary Injunction Order entered September 24, 2025.

Movant is **not** seeking to litigate claims, conduct discovery, pursue damages, or enforce any judgment. Instead, Movant seeks guidance as to whether the injunction prohibits him from taking **purely procedural steps** in state court so that he does not lose rights due to delay while matters remain pending here.

This motion is filed out of respect for this Court's authority and to avoid any action that might be misinterpreted as violating the injunction.

### FACTUAL AND PROCEDURAL BACKGROUND

In September 2025, the Chapter 7 Trustee commenced Adversary Proceeding No. 25-04027-CJP seeking to restrain Movant from proceeding in a separate Superior Court action involving Mignonette Investments Limited. The Court held an emergency hearing and entered a Preliminary Injunction on September 24, 2025.

Movant complied with the Court's directive to file the injunction in Superior Court and request a stay. The state court, however, did not enter a stay order. Instead, it scheduled a hearing for February 4, 2026 — a date fixed on October 9, 2025, nearly four months ago.

Since entry of the injunction, extensive litigation has continued in this Court. Motions for clarification, reconsideration, expansion of the injunction, anti-SLAPP dismissal, and dissolution of the injunction have been briefed across late 2025 and into January 2026. The Trustee has sought additional relief, Movant has filed oppositions and replies, and the Court has denied expedited determinations at various points, indicating that certain matters would proceed in the ordinary course and that ultimate issues remain reserved.

As a result, the injunction remains in place while the core disputes between the parties remain unresolved. During this time, the state court calendar has continued moving forward independently.

Meanwhile, in the Superior Court action, Mignonette Investments Limited has not appeared or filed any responsive pleading. Under Massachusetts procedure, Movant is entitled to seek entry of default upon proof of service and non-appearance. However, Movant has refrained from taking steps beyond filing the injunction and stay request because of uncertainty regarding the scope of this Court's order.

Now, with the February 4 hearing imminent, Movant faces procedural risk. If he fails to appear or take required ministerial steps, he risks dismissal or forfeiture of default rights. If he appears without guidance, he risks being accused of "prosecuting" the case in violation of the injunction.

This motion is therefore necessary to resolve that conflict.

## NATURE OF THE RELIEF REQUESTED

Movant seeks clarification that the injunction does **not** prohibit:

• Appearing at the February 4, 2026 hearing
• Requesting remote/Zoom appearance
• Filing affidavit of service
• Seeking **entry of default only**

Movant expressly agrees that:

• No damages determination will be sought
• No enforcement will occur
• No execution or collection will occur
• Further proceedings remain subject to this Court

## GROUNDS FOR RELIEF

## I. This Motion Seeks Compliance, Not Circumvention

Movant files this motion precisely to avoid violating this Court's orders. Clarification is needed to distinguish between "prosecuting" a case and taking ministerial steps to preserve procedural posture.

## II. Default Entry Without Damages Does Not Affect Estate Administration

Entry of default:

• Does not liquidate a claim
• Does not transfer property
• Does not authorize enforcement

It merely records that a party failed to appear.

### III. Passage of Time and Imminent Harm

The hearing was set October 9, 2025. The bankruptcy proceedings have continued for months without final resolution. Movant now faces immediate procedural consequences unrelated to merits or estate property.

### IV. The Request Is Narrow and Preserves the Status Quo

Movant is not attempting to obtain a judgment ahead of this Court. He is asking to preserve procedural posture while deferring all substantive and financial matters.

### <u>RELIEF REQUESTED</u>

Movant respectfully requests an order clarifying that the Preliminary Injunction does not prohibit Movant from:

1. Appearing at the February 4, 2026 Superior Court hearing
2. Requesting remote appearance
3. Filing proof of service
4. Seeking entry of default only

and providing that no damages or enforcement may proceed absent further order of this Court.

DATED: January 26, 2026, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

| **NOTICE TO APPEAR FOR MOTION HEARING** | DOCKET NUMBER<br>**2584CV02036** | **Massachusetts Trial Court**<br>**The Superior Court Department** |
|---|---|---|

| CASE NAME<br>**Akouete, Lolonyon vs. Mignonette Investments Limited** | John E Powers, III<br>Suffolk County Civil |
|---|---|

| TO:<br>Lolonyon Akouete<br>800 Red Mills Road<br>Wallkill, NY 12589 | COURT NAME AND ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |
|---|---|

The Court will hear the following event:     **MOTION HEARING**

Counsel should appear as follows:          **Date: 02/04/2026**

**Time: 02:00 PM**

**Event Type: In Person**

**Session/ Courtroom Location:**     **BOS-10th FL, CR 1008 (SC)**

**Further Orders of the Court.**

| DATE ISSUED<br>10/9/25 | ASSOCIATE JUSTICE<br>Hon. Anthony M. Campo | |
|---|---|---|

SCV012a 01/15/2024          www.mass.gov/courts          Date/Time Printed:10-09-2025 15:10:34

<u>CERTIFICATE OF SERVICE</u>

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com



—————————————
Lolonyon Y Akouete