

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:    Westborough SPE LLC<br>            Debtor | Chapter 7<br>23-40709-CJP |

## ORDER

**MATTER:**

#1105 Motion filed by Creditor-Appellant Lolonyon Akouete for Access to Official Audio Recordings of Hearings, for Fee Waiver or Reduction, and for Electronic Delivery, for Purposes of Preparing a Statement of the Evidence Under Fed. R. App. P. 10(c).

DENIED. The Court has procedures in place for requesting copies of recordings of hearings from the Clerk's Office. *See* Court's website at https://www.mab.uscourts.gov/obtain-case-documents. The Movant did not follow that procedure. The Court also notes that the Movant references his intent to prepare a "Rule 10(c) statement" to submit to this Court pursuant to "Fed. R. Bankr. P. 8009(e)," which appears to be a typographical error and was likely intended by the Movant to be a reference to Fed. R. Bankr. P. 8009(c). In connection with a Fed. R. Bankr. P. 8009(c) filing, which is not presently before the Court, a party must demonstrate that a transcript is "unavailable," which appears to have been interpreted by most courts to exclude the inability to pay. *See, e.g.*, Collier on Bankruptcy ¶ 8009.08 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("'Unavailable' does not include a party's inability to pay for a transcript" (citing *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990)); *Higgason v. Wallace*, No. 00-3784, 2001 U.S. App. LEXIS 26470, at *3 (7th Cir. Nov. 26, 2001) (stating that "inability to pay for the transcript does not make it unavailable" under analogous Fed. R. App. P. 10(c)) (citations omitted). Without reaching whether the Movant is unable to pay for transcript or any fee to obtain recordings on CDs or thumb drives using the procedures set forth on the Court's website or other issues necessarily implicated by a request under Fed. R. Bankr. P. 8009(c), which are not before the Court, the Court is nonetheless generally sensitive to indigent pro se litigants attempting to assemble a record on appeal. As such, given the Movant's assertion of indigency and his desire to review the record of the hearings, the Court will direct the Clerk's office to upload to the docket audio files of the eleven hearing recordings identified in the Motion. The Court is not reaching or determining the propriety of any specific use of the recordings by the Movant.

Dated: 01/30/2026

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge