UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|                          |   |                       |
|--------------------------|---|-----------------------|
|                          | ) |                       |
| In re:                   | ) | Chapter 7             |
|                          | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC,     | ) |                       |
|                          | ) |                       |
| Debtor.                  | ) |                       |
|                          | ) |                       |

**MOTION FOR LEAVE TO FILE MOTION TO REMOVE CHAPTER 7 TRUSTEE FOR
CAUSE BASED ON NEWLY DEVELOPED FACTS AND ESTATE HARM**

Creditor Lolonyon Akouete, pro se, respectfully moves for leave to file a motion to remove the
Chapter 7 Trustee under 11 U.S.C. § 324(a) and states:

**I. PURPOSE OF THIS MOTION**

This is not a re-filing of previously denied removal motions (Dkts. 287, 577). Movant seeks leave
solely because new developments and estate harm have arisen that were not previously before the
Court.

Movant intends to present documentary evidence and legal authority in the proposed motion if
leave is granted.

**II. LEGAL STANDARD**

A trustee may be removed for cause under §324(a), including:

- Breach of fiduciary duty
- Conflict of interest or lack of disinterestedness
- Failure to preserve estate assets
- Failure to pursue valuable estate causes of action
- Actions favoring particular parties over the estate

**III. NEW AND MATERIAL DEVELOPMENTS**

Since the Court's prior rulings, the following facts have matured into concrete estate issues:

**A. Failure to Preserve and Prosecute Estate Causes of Action**

The estate's principal assets consist of litigation claims, as acknowledged early in the case. Despite
this:

1. Existing state court and federal court actions were not promptly removed and prosecuted.
2. Potential avoidance and fiduciary duty claims have not been filed.
3. A claim estimated at approximately $12 million relating to managerial breach and resulting
   rental loss remains unasserted.

4. The applicable statute of limitations is believed to expire on May 10, 2026, creating imminent risk of permanent loss to the estate.

Loss of a claim of this magnitude constitutes substantial estate injury.

## B. Alignment with Adverse Parties

Movant seeks to present evidence that the Trustee's litigation positions have consistently aligned with:

- The Town of Westborough (foreclosing authority)
- Babcock & Brown entities accused of contractual breach
- Peter Blaustein, whose filings supported transfer of property interests adverse to the debtor

Such alignment raises concerns regarding impartial administration of estate claims.

## C. Failure to Independently Evaluate Estate Assets

Movant intends to show that:

- The Trustee initially supported valuations substantially below later appraised value.
- An independent valuation was not pursued until compelled through litigation.
- Estate funds have been expended in prolonged settlement negotiations rather than prompt prosecution of claims.

## D. Refusal to Pursue Information Relevant to Estate Rights

Movant will present evidence that discovery efforts have not been directed toward identifying:

- Parties entitled to constitutional notice in foreclosure proceedings
- Equity holder rights
- Authority structures relevant to estate claims

Failure to investigate such matters may impair estate recoveries.

## E. Deterioration of Estate Position Through Delay

Prolonged inaction has allegedly resulted in:

- Increased administrative expenses
- Litigation delay in related proceedings
- Exposure to limitations defenses

### IV. WHY LEAVE IS REQUIRED

Movant understands the Court's prior caution regarding repetitive removal motions and therefore seeks permission before filing.

This request is justified because:

- The factual record has evolved over two years of administration
- A multi-million-dollar estate claim faces imminent expiration
- These circumstances were not previously adjudicated

### IV. SPECIFIC ESTATE CLAIM AT IMMINENT RISK — Babcock & Brown Fiduciary and Contractual Breach

The most urgent issue prompting this request for leave concerns a specific estate cause of action arising from the conduct of Babcock & Brown and its administrative services affiliates, which served as Manager of the Debtor under the October 22, 1997 Operating Agreement governed by Delaware law. Under Delaware law, an LLC agreement is enforceable as a contract, and a breach of contract claim requires the existence of a contractual obligation, breach, and resulting damages. See **AB Stable VIII LLC v. MAPS Hotels & Resorts One LLC**; **Central Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings LLC**. Delaware courts apply the objective theory of contracts and enforce the plain meaning of the parties' agreement.

The Operating Agreement required the Manager to manage the Debtor's affairs and preserve its business structure. It did not authorize resignation in a manner that would leave the entity without operational continuity or impair its principal revenue-producing asset. As Manager of a manager-managed LLC, Babcock & Brown exercised exclusive control over governance and operations, and members had no management authority. In that posture, the Manager owed fiduciary duties of loyalty and care unless expressly disclaimed.

The Manager resigned in or about 2011 without ensuring continuity of management, protection of the Debtor's long-term lease structure, or preservation of enterprise value. At the time, the Debtor's principal asset was a commercial theater lease generating Basic Rent of approximately **$277,737.71 per quarter** (≈ **$1,110,950.84 annually**) plus Profit Share Rent of approximately **$144,000 per year**, for combined scheduled annual rent of approximately **$1,254,950.84**. Following the governance disruption, the lease was not renewed and the property ceased generating rental income. Projected over the remaining lease horizon and extension options, the lost income approaches **$12,000,000**, constituting a substantial estate cause of action.

Under **10 Del. C. § 8106(a)**, breach of contract and fiduciary duty claims are subject to a three-year statute of limitations. However, Delaware law does not mechanically start the clock at the time of a concealed governance breach. Instead, three established equitable doctrines suspend accrual where fiduciary misconduct is not reasonably discoverable:

**First**, under the inherently unknowable injury doctrine, limitations do not run where objective facts did not exist to place a plaintiff on notice and the claimant was blamelessly ignorant. See **Isaacson, Stolper & Co. v. Artisan's Savings Bank**; **In re Dean Witter Partnership Litigation**. The internal resignation of a manager in a manager-managed LLC — where members have no governance access — fits precisely within this doctrine.

**Second**, under fraudulent concealment, tolling applies where a fiduciary commits affirmative acts of artifice that divert inquiry or prevent discovery. See **Ewing v. Beck**; **Halpern v. Barran**. Corporate restructuring reflected in Delaware filings but not mirrored in Massachusetts registrations obscured the operational reality of the Debtor's governance, masking the resulting enterprise injury.

**Third**, equitable tolling based on fiduciary reliance applies where stakeholders reasonably rely on the competence and good faith of a fiduciary manager. No concealment is required. Tolling ends

only when the injury becomes reasonably knowable. See **Kahn v. Seaboard Corp.**; **Weiss v. Swanson**. In a manager-managed structure, this doctrine squarely governs because operational transparency rests exclusively with the Manager.

The governance breakdown and enterprise injury did not become reasonably apparent until communications and litigation in May 2023 revealed the underlying facts. Under Delaware tolling principles, accrual therefore begins at discovery, placing the expiration of the limitations period in **May 2026**, not 2011.

To date, no adversary proceeding has been filed, no tolling agreement has been sought, and no action has been taken to preserve this claim. If the statute expires, the estate permanently loses a multi-million-dollar asset.

### V. Clarification of Limitations Analysis in Light of Delaware Tolling Principles

The Trustee previously assessed potential estate claims (Dkt. 879), and the Court later denied a motion to compel abandonment, referencing business judgment (Dkt. 930). Movant does not challenge those rulings but seeks clarification of the governing legal framework.

The prior assessment appears to have assumed accrual at the time of resignation in or before 2011. That assumption reflects a strict occurrence rule and does not account for Delaware's tolling doctrines governing fiduciary misconduct in manager-controlled entities. Under **In re Dean Witter Partnership Litigation**, tolling continues until inquiry notice arises. Under **Wal-Mart Stores, Inc. v. AIG Life Ins. Co.**, the Court may consider public filings and documents referenced in pleadings without converting the motion.

Because the Debtor was manager-managed and stakeholders had no governance visibility, the injury was inherently unknowable, concealed through structural filings, and subject to fiduciary reliance tolling. The enterprise harm surfaced only in 2023. The prior conclusion that no viable claim existed may therefore have been based on an incomplete tolling analysis rather than the merits.

If tolling applies, the estate holds a still-viable multi-million-dollar claim that must be preserved before May 2026. Failure to act would permanently destroy estate value.

### VI. RELIEF REQUESTED

Movant respectfully requests:

1. Leave to file a Motion to Remove the Chapter 7 Trustee for Cause;
2. An expedited schedule due to the May 10,2026 deadline;
3. Such other relief as is just.

DATED: February 1, 2026, Respectfully submitted:

By creditor,



_____

Lolonyon Akouete

800 Red Mills Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276



<span style="color:red">Exhibit A</span>

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **Westborough SPE LLC** | **23-40709-CJP** |
| **Debtor** | |

### PROCEEDING MEMORANDUM AND ORDER

**MATTER:**

#679 Motion filed by Creditor Loloyon Akouete To Address Trustee's Bad Faith, Retaliatory Conduct, Inconsistent Positions, and Abuse of Process Relating to Creditor Akouete's Claim.

**Decision set forth more fully as follows:**

DENIED FOR THE REASONS STATED ON THE RECORD. SUMMARIZING AND FURTHER DETAILING THOSE REASONS, AFTER CONSIDERATION OF THE MOTION AND RESPONSIVE PLEADINGS, THE COURT'S REVIEW OF ALL PLEADINGS FILED IN RELATION TO THE TRUSTEE'S OBJECTION TO MR. AKOUETE'S CLAIM, AND THE COURT'S OBSERVATION OF THE PARTIES ON THE RECORD AT HEARINGS IN THIS MATTER AND IN CONNECTION WITH THE RELIEF THEY HAVE REQUESTED IN THEIR RESPECTIVE FILINGS WITH THE COURT, MR. AKOUETE HAS NOT SHOWN CAUSE FOR THE EXTRAORDINARY RELIEF THAT HE HAS REQUESTED IN THE MOTION.

FIRST, MR. AKOUETE ASKS THAT THIS COURT TAKE "JUDICIAL NOTICE" OF ALLEGED AND CONCLUSORY FACTS THAT ARE CLEARLY SUBJECT TO REASONABLE DISPUTE AND, THEREFORE, COULD NOT BE SUBJECT TO JUDICIAL NOTICE UNDER FED. R. EVID. 201. THERE CAN BE NO GOOD FAITH BASIS FOR SUCH A REQUEST--PARTICULARLY BECAUSE THIS IS NOT THE FIRST TIME MR. AKOUETE HAS MADE SUCH A REQUEST AND THE COURT PREVIOUSLY IDENTIFIED THAT ONLY CERTAIN TYPES OF FACTS WOULD BE APPROPRIATE FOR JUDICIAL NOTICE AS CONTEMPLATED BY FED. R. EVID. 201(b), *SEE* ORDER AT ECF NO. 717 ENTERED ON MAY 21, 2025, IN CONNECTION WITH SIMILAR ALLEGATIONS REGARIDNG THE TRUSTEE'S CONDUCT. MR. AKOUETE MAY BE SUBJECT TO SANCTIONS IF HE FILES SIMILAR REQUESTS IN THE FUTURE.

*Proceeding Memorandum and Order Page 2 of 2*

THE BALANCE OF THE RELIEF SOUGHT IN MR. AKOUETE'S MOTION ESSENTIALLY SEEKS SANCTIONS FOR THE "TRUSTEE'S CONTRADICTORY POSITIONS, RETALIATORY CONDUCT, ABUSE OF PROCESS, BAD FAITH, AND PROTRACTED LITIGATION TACTICS EVIDENCED IN SETTLEMENT PROPOSALS AND SUBSEQUENT COMMUNICATIONS," INCLUDING IN THE FORM OF OVERRULING THE TRUSTEE'S OBJECTION TO HIS CLAIM, LIMITING THE TRUSTEE'S OBJECTIONS, AND OTHER UNSPECIFIED "SANCTIONS." MR. AKOUETE DISCLOSES SETTLEMENT OFFERS AND NEGOTIATIONS WITH THE TRUSTEE TO SUPPORT THE PROPOSITION THAT THE TRUSTEE HAS "RECOGNIZED" THE "VALIDITY AND LEGITIMACY" OF MR. AKOUETE'S CLAIM AND THAT THE TRUSTEE HAS MADE "INADEQUATE" SETTLEMENT PROPOSALS. WHILE EVIDENCE OF SETTLEMENT NEGOTIATIONS MAY BE ADMISSIBLE FOR SOME PURPOSES, IT IS NOT ADMISSIBLE TO PROVE THE VALIDITY OR AMOUNT OF A CLAIM. EVEN AFTER CONSIDERING THE REFERENCED SETTLEMENT NEGOTIATIONS IN THE CONTEXT OF ALLEGATIONS OF BAD FAITH AND DELAY, THE COURT DOES NOT FIND THAT THE TRUSTEE HAS ACTED IN BAD FAITH OR HAS ACTED IN A RETALIATORY MANNER, PROTRACTED LITIGATION, OR ABUSED PROCESS. THE TRUSTEE HAS TIMELY FILED A MOTION FOR SUMMARY JUDGMENT, AS HAS MR. AKOUETE. THE COURT WILL DETERMINE THE CLAIM OBJECTION ON ITS MERITS EITHER BY SUMMARY JUDGMENT OR AFTER TRIAL.

Dated: 06/12/2025

By the Court,

Christopher J. Panos
United States Bankruptcy Judge

<span style="color:red">Exhibit B</span>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re:** | |
| **WESTBOROUGH SPE LLC,** | **Chapter 7**<br>**Case No. 23-40709-CJP** |
| **Debtor.** | |

**STATUS REPORT REGARDING TRUSTEE'S ASSESSMENT OF**
**CERTAIN ALLEGED ESTATE CLAIMS AGAINST THIRD PARTIES**

Jonathan R. Goldsmith, the duly appointed Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of Westborough SPE LLC (the "Debtor") files this status report to apprise the Court, creditors, and all interested parties regarding the Trustee's assessment of certain alleged Estate claims which the Trustee has reviewed, considered, and determined have no merit and, therefore, require no further action by the Trustee.

The Trustee further states as follows:

1. On August 31, 2023 (the "Petition Date"), certain creditors of the Debtor filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On October 11, 2023, this Court entered an Order for Relief in this case [Dkt. No. 26] and this case remains a Chapter 7 case at this time.

3. On October 12, 2023, the United States Trustee appointed Jonathan R. Goldsmith as Chapter 7 trustee [Dkt. No. 29] and the Trustee remains as Trustee at this time.

4. On May 22, 2025, disputed creditor Lolonyon Akouete ("Akouete") filed the *Creditor's Motion for Order Directing Trustee to Abandon Claims or Pursue Claims Belonging to the Bankruptcy Estate* [Dkt. No. 166] and on May 1, 2025, Akouete filed the *Creditor's*

*Motion to Compel Trustee Abandonment of Claim Under 11 U.S.C. §544(b), or Alternatively, Motion for Authority to Pursue Claim on Behalf of Estate (Derivative Standing)* [Dkt. No. 671] (together, the "Akouete Motions"). In the Akouete Motions, Akouete asserted that the Estate has potential causes of action against the California State Controller's Office, Babcock & Brown Limited, Dyann Blaine, and Walter Horst.

5.      In advance of the two-year deadline under Bankruptcy Code § 108(a) for the Trustee to pursue claims which existed as of the entry of the order for relief, the Trustee has considered and assessed whether viable claims may have existed against the parties identified in the Akouete Motions.

6.      The purported claims against the California State Controller's Office relate to the refusal of the California State Controller's Office to turn the Debtor's funds over to Akouete prior to the Petition Date. Since the entry of the Order for Relief, the California State Controller's Office has delivered the Debtor's funds to the Trustee. First, the Trustee has determined that the actions of the California State Controller's Office prior to the Petition Date were appropriate and likely benefitted the Estate by preserving the funds and preventing Akouete from dissipating those funds. Further, the California State Controller's Office has turned the Debtor's funds over to the Trustee and, therefore, no damage claim exists against California State Controller's Office.

7.      Regarding purported claims against the Babcock and Brown Entities, Mr. Horst, and Ms. Blaine, the purported claims described in the Akouete Motions relate to the actions of a Brown and Babcock Entity prior to its resignation as manager of the Debtor in (the latest) 2011. The Trustee has had ample opportunity to review materials relevant to purported claims against Babcock and Brown Entities, Mr. Horst, and Ms. Blaine because the Trustee is engaged in a

contested matter with Akouete and the discovery produced in the contested matter bears directly on the "claims" alluded to in the Akouete Motions. During the discovery process, among other things, the Trustee has reviewed documents and testimony regarding the Debtor and deposed Mr. Horst regarding the resignation of the Babcock and Brown Entities as manager of the Debtor.

8. The Trustee considered all available evidence and also considered the availability and credibility of potential witnesses to the "claims" alluded to in the Akouete Motions as potentially actionable.

9. In sum, the Trustee is aware of no cause of action that the Estate could bring against the California State Controller's Office, the Babcock and Brown Entities, Mr. Horst, or Ms. Blaine.

10. The Trustee has further determined that "abandonment" pursuant to Bankruptcy Code § 554(a) would be inappropriate since the Trustee is unable to actually identify any "property of the estate" to be abandoned. More specifically, following his review and consideration of the facts set forth in the Akouete Motions, the Trustee determined that as of the entry of the Order for Relief the Estate simply held no claims against the parties identified in the Akouete Motions. Moreover, if the Trustee were to attempt to describe claims as though the Estate actually has something to abandon, it would be disingenuous and misleading to this Court, to creditors, and to other interested parties.

Respectfully submitted,

**Jonathan R. Goldsmith,
Chapter 7 Trustee**

by his counsel,


    /s/ Angelina M. Savoia
Christine E. Devine, BBO #566990
Angelina M. Savoia, BBO #715690
Nicholson Devine LLC
21 Bishop Allen Drive
Cambridge, MA 02139
Phone:  508-533-7240
Dated: September 24, 2025        Email:  angelina@nicholsondevine.com

4

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com



_____
Lolonyon Y Akouete