UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:                                         )
                                               )   Chapter 7
                                               )   Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,                           )
                                               )
                    Debtor.                    )
                                               )

# EMERGENCY MOTION FOR ORDER REQUIRING IMMEDIATE RESPONSE TO TARGETED DISCOVERY REQUESTS AND FOR EXPEDITED RELIEF

Creditor **Lolonyon Akouete**, appearing pro se, respectfully moves for emergency relief requiring an **immediate response** to his pending targeted discovery requests and related motions, and states as follows:

## I. EMERGENCY BASIS

This matter is presently at a dispositive stage. The Trustee's objections to Movant's claim and related summary-judgment matters have been fully briefed and are now under advisement by the Court. Movant's narrowly tailored requests for essential factual records remain unresolved. Proceeding to decision without these materials risks adjudication on an incomplete record, which in turn risks protracted post-judgment proceedings, potential appeals, and unnecessary consumption of judicial and party resources. Immediate response is necessary to prevent avoidable delay and to support a fair and efficient resolution.

## II. PENDING TARGETED REQUESTS

Movant has filed limited and specific requests directly tied to issues under review:

- **Dkt. 1074** — Motion seeking narrow order directing IRS Forms SS-4 and 8822-B
- **Dkt. 1083** — Relief under Fed. R. Civ. P. 56(d)
- **Dkt. 1090 / 1091** — Rule 2004 examination request and supplemental transaction documentation

The Court's Order at **Dkt. 1075** expressly noted that responsive records may aid in the administration of the estate.

## III. PROCEDURAL TIMELINE DEMONSTRATING DELAY

Movant sought limited IRS records on January 5, 2026, through the filing of an emergency motion (Dkt. 1056). On January 7, 2026, the Court denied the request for three-day expedited relief (Dkt. 1067), without addressing the merits of the relevance of the records sought. On January 8, 2026, Movant filed a narrower motion tailored under Rule 56 and Bankruptcy Rule 7056 (Dkt. 1074). That same day, the Court issued an Order (Dkt. 1075) directing that objections be filed within fourteen days and noting that responsive records could aid estate administration.

On January 20, 2026, Movant filed a Rule 2004 motion seeking specific transactional and communication records (Dkt. 1090), and on January 21, 2026, provided a detailed supplement identifying the transactions and analysis supporting the request (Dkt. 1091). The Trustee filed an objection on January 22, 2026 (Dkt. 1095), and Movant filed a reply on January 26, 2026 (Dkt. 1099), reiterating the limited and factual nature of the requests.

More than three weeks have passed since Movant's initial targeted request, and nearly three weeks since the Court recognized that responsive materials may assist estate administration. No production timeline, substantive identification of responsive records, or particularized statement of withheld materials has been provided.

## IV. NATURE OF THE INFORMATION SOUGHT

The requests are confined to discrete, identifiable records, including:

- Official IRS entity and responsible-party filings
- Identified transactional and communication records
- Documents bearing directly on authority, representation, and factual predicates underlying the Trustee's positions

These materials are central to issues already before the Court and are not exploratory in nature.

## V. PREJUDICE FROM CONTINUED DELAY

Because the summary-judgment matters are already under advisement, delay in providing these limited records creates the risk that decisions will be made without the benefit of potentially clarifying documentation. That circumstance increases the likelihood of protracted litigation, including post-judgment motion practice or appellate proceedings that could otherwise be avoided. Prompt production may narrow or resolve factual issues now, conserving judicial resources and reducing burdens on all parties.

## VI. LEGAL BASIS

Relief is warranted under:

- **Fed. R. Civ. P. 56(d)** (via Fed. R. Bankr. P. 7056)
- **Rule 2004**, authorizing examination into matters affecting the estate
- The Court's inherent authority to ensure fair adjudication and efficient docket management

## VII. ADDITIONAL PREJUDICE — MEDICAL HARDSHIP

Movant is undergoing urgent dental treatment for an active infection requiring extraction and staged follow-up care. The attached treatment proposal dated January 19, 2026 reflects immediate costs of $1,694.40 and a multi-month course of treatment. The prolonged duration of this dispute and unresolved factual issues have materially strained Movant's finances and health. This information is provided to demonstrate concrete prejudice affecting Movant's ability to function and participate in proceedings.

(Attached as **Exhibit A**)

## VIII. RISK OF PROCEEDING ON INCOMPLETE NOTICE INFORMATION

Movant further submits that there is a significant procedural risk to the estate if dispositive actions — including claim adjudication or asset disposition — proceed while fundamental notice information remains unresolved.

The Trustee's positions in this case rest in part on determinations regarding authority, representation, and parties in interest. The official IRS filings sought by Movant (Forms SS-4 and 8822-B) identify the legally recognized responsible parties and addresses associated with the entity. Those filings are not peripheral documents; they are government-submitted records that establish the official points of contact and responsible-party designations for notice purposes.

At present, notice has been directed to multiple historical or disputed addresses. The record does not establish that the address currently being used for notice corresponds to the address reflected in official federal filings. If decisions affecting rights, claims, or estate administration proceed while uncertainty remains as to the correct notice address, the estate risks later challenges based on inadequate notice.

Courts have repeatedly held that a debtor — and by extension estate administration — must use reasonable diligence in identifying creditor or party addresses, and that notice must be reasonably calculated to reach the intended party. Use of outdated or inaccurate addresses has resulted in later litigation, reopening of issues, and nondischargeability consequences.

In **Gonsalves v. Belice (In re Belice), BAP No. MB 10-030 (1st Cir. BAP 2011)**, the Bankruptcy Appellate Panel addressed a situation where a creditor was listed at an address the debtor knew or should have known was inaccurate. The debtor listed the creditor at a former residence even though the creditor had vacated the premises and was incarcerated. Notice of the bankruptcy was sent to that outdated address. The creditor later asserted he had not received notice and sought relief under § 523(a)(3). The Panel held that:

- A debtor must exercise **reasonable diligence** in ascertaining addresses;
- Notice must be **reasonably calculated to reach the creditor**;
- If an address is inadequate, the burden shifts to the debtor to show the creditor had actual knowledge;
- Failure to provide proper notice can prevent the debt from being discharged and require further litigation.

The Panel reversed dismissal of the creditor's § 523(a)(3) claim, allowing litigation to proceed years after the bankruptcy based on improper notice.

The risk here is analogous. If the estate proceeds based on address information that is inconsistent with official IRS responsible-party filings, later challenges could arise asserting lack of proper notice to the legally recognized party. That could result in:

- reopening of issues,
- collateral litigation,
- challenges to claim determinations,
- inefficiencies in estate administration.

Resolving the limited factual issue of the official responsible-party address now, through the production of the IRS filings already requested, reduces the risk of future notice disputes and protects the finality of this Court's orders.

Movant submits that obtaining these official records now promotes accuracy, due process, and judicial economy.

### IX. RELIEF REQUESTED

Movant respectfully requests that the Court:

1. **Order an immediate substantive response** to the targeted requests in Dkts. 1074, 1083, and 1090;
2. Direct that responsive documents be produced **forthwith**, or that specific objections be stated with particularity;
3. Set a response deadline of **three (3) days** from entry of the Order;
4. Grant such further limited relief as necessary to ensure a complete factual record.

DATED: January 2, 2026, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

<span style="color:red">Exhibit A</span>

January 19, 2026

**Treatment Plan Proposal for:
Lolonyon Akouete**

Dear Lolonyon:

Below is an overview of treatment recommendations outlined by Dr. Heather Fugazy DDS. It is important to us that you keep your scheduled appointments and notify us of any changes. In the event you have any questions, please contact our office. Our professional staff will assist in scheduling your required appointments.

**List of procedures:**

| Code | Procedure | Fee | Adjusted |
|---|---|---|---|
| D7210 | Extraction of Tooth #9 | 455.00 | 364 ⸱ |
| D7953 | Collagen Membrane Site Prep #9 | 837.00 | 669.60 |
| D7956 | Tissue graft resorbable #9 | 826.00 | 660.80 |

Patient due: $1694.40

Total Savings (20% off): $423.60

**Please note the fees above do not include the implant crown that is your dentist's responsibility.**

Patient Signature: _[signature]_

Witness: _Julia [signature]_

CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com


_____
Lolonyon Y Akouete