UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

In re:  )  Chapter 7
 )  Case No. 23-40709-CJP
WESTBOROUGH SPE LLC,  )
 )
            Debtor.  )

### APPELLANTS' ADDITIONAL DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL PURSUANT TO FED. R. BANKR. P. 8009(a)

Appellant Lolonyon Akouete hereby files this Additional Designation of Record and Supplemental Statement of Issues on Appeal, as the record on appeal has not yet been transmitted to the District Court.

This filing supplements, and does not replace, Appellant's prior designation.

### ADDITIONAL DESIGNATION OF THE RECORD ON APPEAL

1. **Dkt. 1108** (1/30/26 Order Denying in Part Emergency Motion for Limited Clarification of Preliminary Injunction)
2. **Dkt. 1103** (1/26/26 Emergency Motion filed by Creditor Lolonyon Akouete for Limited Clarification of Preliminary Injunction to Permit Procedural Appearance in Pending State Court Action)
3. **Dkt. 16, AP No. 25-4027-CJP** (9/24/25 Preliminary Injunction Order)

### ADDITIONAL TRANSCRIPT / RECORDING DESIGNATION

Pursuant to Fed. R. Bankr. P. 8009(b), Appellant designates the following hearings for inclusion in the record:

1. September 23, 2025 Hearing on the Trustee's Motion for Preliminary Injunction
   - Reflected at Dkt. 14 — Proceeding Memorandum and Order dated 9/23/2025
   - Audio recording ordered to be uploaded pursuant to Dkt. 36 (Order dated 10/3/2025)
   - Appellant designates the official court audio recording as part of the record.

Appellant is financially unable to order a written transcript at this time and therefore designates the official recording pending determination of Appellant's motion to proceed in forma pauperis on appeal and for preparation of transcripts at government expense.

### SUPPLEMENTAL STATEMENT OF ISSUES ON APPEAL

(Pursuant to Fed. R. Bankr. P. 8009(a))

In addition to issues previously designated, Appellant Lolonyon Akouete identifies the following issues arising from: (i) the **Preliminary Injunction Order** entered September 24, 2025 in Adv. Proc. 25-04027-CJP; (ii) the findings and reasoning stated on the record at the September 23, 2025 hearing (Dkt. 14); and (iii) the **January 30, 2026 Order** denying in part Appellant's emergency motion for limited clarification (Dkt. 1108):

"The Trustee obtained the injunction on the stated theory of preventing inconsistent fact-finding while claim-objection summary judgment was under advisement; in application, however, the injunction functions as a strategic bar to liquidation of Appellant's personal tort damages against a non-debtor—impairing Appellant's ability to establish and quantify his claim—while prohibiting even ministerial state-court steps such as default entry based on non-appearance."

## A. Bankruptcy Court Power and Jurisdiction

1. Whether the Bankruptcy Court exceeded its authority under 11 U.S.C. § 105(a) and 28 U.S.C. §§ 1334/157 by enjoining prosecution of a state-court action asserting Appellant's personal, non-derivative tort claims against a non-debtor third party (the equity holder), where the relief sought is not estate property and the state action is not a core proceeding.
2. Whether the Bankruptcy Court may use § 105(a) to restrain liquidation of a personal claim against a non-debtor—effectively controlling claim liquidation in another forum—based primarily on asserted "factual overlap," rather than a legally sufficient finding of threatened harm to estate property or core estate administration.

## B. Improper Purpose and Strategic Restraint on Liquidation of Damages

3. Whether the injunction constitutes an abuse of discretion because its practical effect is to prevent Appellant from liquidating personal tort damages against a non-debtor in state court, thereby impairing Appellant's ability to establish, quantify, and assert his claim in the bankruptcy case—while the Trustee simultaneously seeks to disallow Appellant's claim in the bankruptcy forum.
4. Whether the Bankruptcy Court erred by accepting "avoid inconsistent fact-finding" as a sufficient basis to bar all meaningful progress in the state case, where ordinary preclusion principles and targeted relief (e.g., limiting enforcement, limiting collateral use, or staying damages proceedings) could address overlap without extinguishing Appellant's ability to timely liquidate his personal claim.

## C. Scope: Ministerial/Procedural Acts vs. Merits Litigation

5. Whether the Bankruptcy Court erred in construing "prosecute" or "litigate" to prohibit purely ministerial, non-merits steps in state court—particularly entry of default based on non-appearance after service—where default entry turns on service and failure to respond, not substantive adjudication of overlapping facts.
6. Whether the Bankruptcy Court's January 30, 2026 clarification order draws an unsustainable legal distinction by permitting Appellant to appear and request remote access, yet prohibiting entry of default (absent further order), even though default entry (without damages or enforcement) does not entail merits findings and does not interfere with the bankruptcy court's summary judgment determination.

## D. Due Process and Statute-of-Limitations Prejudice

7. Whether the injunction and clarification order violate due process by restraining Appellant from taking steps necessary to preserve rights in the state forum—including steps necessary to prevent statute-of-limitations prejudice or procedural forfeiture—without adequate findings addressing that prejudice and without narrowly tailoring the restraint.
8. Whether the Bankruptcy Court erred by failing to account for the imminent, irreparable harm to Appellant from delay (including limitations-related risk and loss of procedural entitlements under state practice), while crediting speculative harm to the estate based on potential "inconsistent findings."

## E. Preliminary Injunction Standards and Findings

9. Whether the Bankruptcy Court misapplied the First Circuit's preliminary injunction framework by finding irreparable harm and balance-of-hardships in favor of the Trustee based primarily on "factual overlap," without (i) a concrete showing of imminent estate harm, and (ii) narrowly tailored relief proportional to the asserted risk.
10. Whether the injunction is overbroad because it restrains all prosecution "in any way" in the state action rather than tailoring relief to the specific asserted concern (i.e., inconsistent fact findings relevant to the bankruptcy summary judgment record).

## F. Nature and Reviewability of the Clarification Order

11. Whether the January 30, 2026 order is reviewable as an order modifying or materially affecting the injunction's scope as applied to Appellant's independent procedural rights in another tribunal, and whether the Bankruptcy Court erred in partially denying the requested clarification.

DATED: February 2, 2026, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

## CERTIFICATE OF SERVICE

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com


_____
Lolonyon Y Akouete