**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

**ORDER DENYING STAY PENDING APPEAL**

Before the Court is the *Emergency Motion for Stay Pending Appeal* [ECF No. 1198] (the "Motion") of Loloyon Akouete, pursuant to which Akouete requests a stay under Fed. R. Bankr. P. 8007(a) of the Court's *Memorandum of Decision and Order Regarding the Trustee's Objections to the Claims Filed by Lolonyon Akouete and Denise Edwards* [ECF No. 1179] (the "Decision"), pending resolution of his appeal of the Decision.[1] In the Decision, the Court granted summary judgment in favor of the chapter 7 trustee (the "Trustee") and sustained the Trustee's objection to Akouete's asserted claims against Westborough SPE, LLC (the "Debtor"). Upon consideration of the Motion and the record of this case, the Motion is hereby DENIED.

Akouete bears the burden of justifying the extraordinary relief of implementing a stay as the party seeking a stay pending appeal. *See, e.g., Nken v. Holder*, 556 U.S. 418, 433-34 (2009). "'A stay is not a matter of right, even if irreparable injury might otherwise result' [and is instead] 'an exercise of judicial discretion[.]'" *Id*. (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672, (1926)).

In evaluating the Motion, the Court must consider the following four factors: "'(1)

---

[1] Akouete appears to misidentify the case number of the appeal of the Decision pending at the United States District Court for the District of Massachusetts at issue in the Motion, referencing Case No. 1:26-cv-10888-WGY, which is a different appeal regarding other orders. The appeal of the Decision is pending as Case No. 1:26-cv-10912-JEK. Akouete also discusses and attaches filings from another pending appeal, 1:26-cv-10037-WGY, in the Motion.

whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Rhode Island v. Trump*, 155 F.4th 35, 41 (1st Cir. 2025) (quoting *Nken*, 556 U.S. at 434 (internal quotations and citations omitted)); *see also Acevedo–García v. Vera–Monroig*, 296 F.3d 13, 16 (1st Cir. 2002) (recognizing that courts consider the traditional four-part standard applicable to preliminary injunctions in determining requests for stay pending appeal). While all four factors must be considered to implement a stay pending appeal, it is generally recognized that the first two factors are "the most critical." *Nken*, 556 U.S. at 434. "The sine qua non [of the stay pending appeal standard] is whether the [movant is] likely to succeed on the merits[,]" *Acevedo–García*, 296 F.3d at 16 (1st Cir. 2002) (quotation and citation omitted), and that, "[w]hat matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits," *P.R. Hosp. Supply, Inc. v. Boston Scientific Corp.*, 426 F.3d 503, 507 n.1 (1st Cir. 2005) (quoting the Massachusetts standard for injunctions, which "closely tracks the federal standard"); *see also Nken*, 556 U.S. at 434–35 (observing "[i]t is not enough that the chance of success on the merits be better than negligible. . . . By the same token, simply showing some possibility of irreparable injury fails to satisfy the second factor") (citations and internal quotation marks omitted)).

Akouete does not have a likelihood of success of the merits as he does not identify actual material disputed issues of fact, but rather he argues as to the weight of evidence or legal significance of a fact. Akouete disagrees with this Court's interpretation of applicable law, but mostly re-argues legal positions considered and rejected by the Court in entering the Decision.

2

For the reasons set out in the Decision, Akouete has not demonstrated a likelihood of success on the merits of an appeal.[2]

While Akouete asserts that his appeal of the Decision raises "serious legal questions" regarding the summary judgment record, his focus in the Motion appears to be on what he asserts would constitute irreparable harm. He argues that "absent a stay, continued estate administration premised on the disallowance of Claim No. 4—including potential distributions and reliance interests—will materially alter the status quo and risk mooting appellate review." Mot., 1. Akouete further states that "[o]nce funds are distributed or rights are restructured in reliance upon claim disallowance, meaningful relief may no longer be available even if the appeal succeeds." *Id*. at 2.

"To establish irreparable harm, a stay movant 'must demonstrate an injury that is neither remote nor speculative, but actual and imminent.'" *In re Betteroads Asphalt, LLC*, 610 B.R. 28, 48 (Bankr. D.P.R. 2019) (quoting *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 571 (3rd Cir. 2015) (citation omitted)). "'The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'" *Id.* (quoting Revel AC, Inc., 802 F.3d at 571 (citation omitted)). Absent an order of this Court, the Trustee may not finally administer the chapter 7 estate or make distributions to general unsecured creditors until the appeal of the Decision has been resolved. Akouete does not address that implication or its impact on any

---

[2] Although the relevance of its inclusion in the Motion is not entirely clear to the Court, in Section E of the Motion, Akouete also appears to take issue with another order of this Court denying an unrelated request for a stay pending appeal of orders approving a settlement between the Trustee and certain other parties that facilitated the sale of a commercial property that had been the subject of tax foreclosure proceedings prior to the Debtor's chapter 7 case. Mot., at 8-10. Those orders are the subject of a pending appeal before Judge Young (1:26-cv-10037-WGY).

3

actual or imminent harm he faces absent a stay.[3]

Nothing in the Motion leads the Court to conclude that Akouete has demonstrated any likelihood of success with respect to the appeal of the Decision or actual or imminent irreparable harm if a stay is not implemented.

Entered this 5th day of March, 2026.

_____
Christopher J. Panos
United States Bankruptcy Judge

---

[3] Further, any alleged harm must be viewed in the context of the likelihood of success on the merits because the potential for harm is diminished as the strength of a moving party's likelihood of success is diminished. *Cf. Braintree Lab'ys, Inc. v. Citigroup Glob. Markets Inc.*, 622 F.3d 36, 42–43 (1st Cir. 2010) (in the context of determining whether a preliminary injunction was appropriate, stating that "[i]t is true that we measure irreparable harm on a sliding scale, working in conjunction with a moving party's likelihood of success on the merits, such that [t]he strength of the showing necessary on irreparable harm depends in part on the degree of likelihood of success shown" (internal citations and quotations omitted).