UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(b)(3) AND 60(b)(6)

Lolonyon Akouete ("Movant"), a creditor and claimant in the above-captioned case, respectfully moves this Court for relief from the Memorandum of Decision and Order dated February 17, 2026 [Bankr. ECF No. 1179], pursuant to Federal Rule of Civil Procedure 60(b)(3) and, alternatively, Rule 60(b)(6), as incorporated by Fed. R. Bankr. P. 9024.

This motion is based on discovery misconduct, including the withholding of material evidence and incomplete testimony, which prevented Movant from fully and fairly presenting his case and resulted in a judgment based on an incomplete and materially misleading record.

## I. INTRODUCTION

The Court's summary judgment ruling rests on a critical factual premise: that Babcock & Brown entities ceased all involvement with Westborough SPE LLC in or around 2011 and that no evidence existed of any continuing administrative, financial, or operational relationship thereafter. That premise, however, was formed on a materially incomplete evidentiary record.

Following the close of discovery and in the course of preparing his appellate briefing, Movant identified documentary evidence produced by a third party, Regal Cinemas, that had not been produced or disclosed by subpoena recipients and was not addressed in deposition testimony. That evidence includes: (i) a structured $36,000 quarterly payment stream associated with Westborough SPE LLC continuing through at least 2017 (**Exhibit 4**); (ii) communications demonstrating continued administrative servicing and payment coordination by Babcock & Brown personnel (**Exhibit 3**); and (iii) the existence of a third-party administrative contact structure, including InterGest North America LLC, used for "Westborough matters" (**Exhibit 2**).

These materials were not collateral. They fall squarely within the categories of documents Movant expressly requested in his subpoenas (**Exhibit 5**), including financial records, accounting records, compensation arrangements, and documents reflecting administrative services and operational control. Yet no corresponding records explaining or contextualizing these materials—such as agreements, payment records identifying recipients, or documents describing servicing arrangements—were produced in discovery or developed through testimony.

At the same time, the evidentiary record presented to the Court was shaped through coordinated affidavit preparation (**Exhibit 6**) and incomplete testimony (**Exhibit 7**), resulting in a presentation that reflected a simplified narrative of resignation followed by complete cessation of involvement.

That narrative was accepted in part because the record lacked evidence of any continuing relationship.

The absence of such evidence, however, was not the result of its nonexistence. It was the result of its nonproduction.

Under Federal Rule of Civil Procedure 60(b)(3), relief is warranted where discovery misconduct—including the failure to produce responsive evidence—substantially interferes with a party's ability to fully and fairly present his case. Here, the withheld and omitted materials prevented Movant from developing a central factual issue, from presenting contradictory evidence on points the Court deemed dispositive, and from conducting meaningful cross-examination of the witnesses on whom the Court relied.

Accordingly, because the Court's ruling was based on a materially incomplete record shaped by the nonproduction of responsive evidence, the judgment should be vacated and the matter reopened for limited discovery and further proceedings on a complete evidentiary foundation.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(3), made applicable by Fed. R. Bankr. P. 9024, provides that a court may relieve a party from a final judgment where the judgment was obtained through "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Relief under Rule 60(b)(3) is well established in the First Circuit where discovery misconduct has compromised the integrity of the adjudicative process.

In Anderson v. Cryovac, Inc., the First Circuit articulated the governing framework for such motions, holding that a party's failure to disclose or produce materials requested in discovery constitutes "misconduct" within the meaning of Rule 60(b)(3), even in the absence of bad faith. The court emphasized that the concept of misconduct is broad and does not require proof of nefarious intent, but instead encompasses even negligent or inadvertent omissions. Id. at 923. Accordingly, relief may be warranted "whether there was evil, innocent, or careless purpose." Id.

To obtain relief, the moving party must demonstrate, by clear and convincing evidence, that the misconduct "substantially interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." Id. at 924. This requirement focuses on the fairness of the process rather than the certainty of a different outcome. Substantial interference may be shown where the nondisclosure precluded inquiry into a plausible theory of liability, denied access to evidence probative of a material issue, or foreclosed meaningful factual development or cross-examination. Id. at 925.

Where the nondisclosure was knowing or deliberate, the First Circuit recognizes a rebuttable presumption of substantial interference. In such circumstances, "it seems fair to presume that the suppressed evidence would have damaged the nondisclosing party," and that its absence inhibited the discovery of further admissible evidence. Id. Once that presumption arises, the burden shifts to the non-disclosing party to demonstrate, by clear and convincing evidence, that the withheld material was inconsequential. Id. at 925–26. These principles were reaffirmed in West v. Bell Helicopter Textron, Inc., which emphasized that Rule 60(b)(3) protects the integrity of the adjudicative process and does not require proof that the outcome would have been different.

Massachusetts law applies a materially similar standard under Mass. R. Civ. P. 60(b)(3), which likewise authorizes relief from judgment for "fraud…, misrepresentation, or other misconduct of an

adverse party." Massachusetts courts recognize that Rule 60 provides "a comprehensive framework for obtaining relief from a final judgment… balancing the competing needs for finality and flexibility to be certain that justice is done in light of all the facts." Sahin v. Sahin, 435 Mass. 396, 399–400 (2001); see also Owens v. Mukendi, 448 Mass. 66, 71 (2006).

Consistent with federal law, Massachusetts courts require a showing that the misconduct materially affected the fairness of the proceeding, not merely that misconduct occurred in the abstract. See, e.g., Guardianship of Ingrid, 102 Mass. App. Ct. 1, 10–12 (2022) (the relevant inquiry is whether the misconduct resulted in a "grave miscarriage of justice" or rendered the judgment "manifestly unconscionable"). Where nondisclosure prevents a party from presenting the merits of its case or meaningfully developing the record, relief is appropriate.

Moreover, both federal and Massachusetts courts recognize that Rule 60(b) is not limited to intentional fraud, but extends to situations where the evidentiary record was materially incomplete in a manner that undermined the fairness of the adjudication. See . Thus, where discovery misconduct results in a judgment based on an incomplete or distorted factual record, relief is warranted to ensure that the matter is adjudicated on a full and accurate evidentiary foundation.

## III. THE COURT'S DECISION WAS BASED ON AN INCOMPLETE RECORD

The Court's summary judgment ruling rests on a set of factual findings regarding the termination and non-continuation of Babcock & Brown's role in the affairs of Westborough SPE LLC. In particular, the Court concluded that Babcock & Brown Administrative Services and related entities resigned in or around 2011, ceased acting thereafter, and did not continue in any management, administrative, or operational capacity. See Memorandum of Decision [Bankr. ECF No. 1179].

Central to the Court's analysis was the absence of evidence demonstrating any continued involvement after the purported 2011 termination. The Court expressly found that there was no evidence that Babcock & Brown or related entities continued to act in any capacity following that date, and relied on that absence in sustaining the Trustee's objections and granting summary judgment.

Those findings, however, were necessarily dependent on the completeness of the evidentiary record presented during discovery and summary judgment proceedings. Where a court determines that "no evidence" exists on a dispositive issue, that conclusion reflects not only the evidence presented, but also the absence of any contrary materials in the record.

As demonstrated below, the record before the Court was materially incomplete. Documents and information directly bearing on the existence of continuing financial, administrative, and operational relationships—responsive to Movant's discovery requests—were not produced or developed in the record. Those materials include evidence of a structured and ongoing payment stream associated with Westborough SPE LLC, communications reflecting continued administrative servicing and contact functions, and documentation identifying third-party service providers involved in Westborough-related matters.

In addition, deposition testimony established that the purported termination of administrative services was not effectuated through a completed process, but instead initiated a transition that "was never finalized." Despite this admission, the record contains no corresponding evidence addressing what occurred following that failed transition, including who performed administrative

functions, how financial obligations were handled, or whether servicing structures remained in place.

Because these categories of evidence were not produced or developed, the Court was presented with a record that reflected an asserted cessation of involvement but lacked the materials necessary to evaluate whether that cessation occurred in practice. The resulting evidentiary gap was then treated as proof that no continuing relationship existed.

In these circumstances, the Court's conclusion that no evidence supported continued involvement does not reflect the nonexistence of such evidence, but rather the absence of responsive materials in the record. Where a dispositive finding rests on the absence of evidence that was not produced despite targeted discovery requests, the resulting judgment is based on a materially incomplete evidentiary foundation.

## IV. DISCOVERY MISCONDUCT

The record before the Court was materially incomplete not by happenstance, but as a result of the failure to produce and disclose categories of responsive evidence directly bearing on the central factual issue in this case—whether Babcock & Brown's involvement with Westborough SPE LLC in fact ceased in or around 2011.

Movant served subpoenas pursuant to Fed. R. Bankr. P. 2004 and Rule 45 seeking, among other things, documents reflecting: (i) compensation paid to any entity acting as Manager; (ii) accounting records, transaction records, and bank statements; (iii) agreements governing compensation and administrative services; and (iv) documents identifying entities and individuals involved in the administration and operation of Westborough SPE LLC (**Exhibit 5**). These requests were targeted to the precise categories of evidence necessary to evaluate the existence and scope of any continuing relationship following the purported resignation.

Despite those targeted requests, multiple categories of responsive and material evidence were not produced or disclosed in the discovery record. As demonstrated below, the omitted materials were not peripheral; they went directly to the factual premise on which summary judgment was granted.

## A. Nonproduction of Financial Records Reflecting an Ongoing Payment Structure

One category of withheld evidence concerns the existence of a structured and recurring payment stream associated with Westborough SPE LLC.

Documents produced by Regal Cinemas in response to a subpoena include accounting records reflecting repeated $36,000 payments recorded on a quarterly basis from at least 2014 through 2017 (**Exhibit 4**). Those same records include a June 8, 2011 entry explicitly identifying a "$36,000.00 … WESTBOROUGH SPE LLC QUARTERLY PAYMENT" (**Exhibit 4**), demonstrating that the $36,000 entries reflect a defined and recurring payment obligation.

These records are directly responsive to Movant's subpoenas (**Exhibit 5**), which expressly requested documents showing compensation, accounting records, bank statements, and transaction-level financial data. Yet no corresponding documents explaining or supporting this payment structure—such as agreements, accounting records identifying recipients, or documentation

describing the purpose of the payments—were produced by subpoena recipients or addressed in testimony.

The absence of such materials is significant. The existence of a recurring, structured payment stream necessarily implies an underlying financial arrangement and ongoing obligations. At a minimum, it would have permitted inquiry into the identity of the recipient, the purpose of the payments, and whether they reflected continuing administrative or servicing functions. Because those materials were not produced, Movant was unable to develop that line of inquiry or present it in opposition to summary judgment.

## B. Nonproduction of Evidence Reflecting Ongoing Administrative and Servicing Functions

A second category of withheld evidence concerns the continued administrative and servicing role performed in connection with Westborough SPE LLC.

Email communications produced by Regal Cinemas demonstrate that Babcock & Brown personnel actively coordinated loan payment instructions, communicated with lenders including U.S. Bank, and served as the operational point of contact for payment processing and related matters (**Exhibit 3**). These communications further reflect that third parties identified Babcock & Brown as the relevant contact for matters concerning Westborough SPE LLC and relied on Babcock & Brown personnel to provide instructions and coordinate future communications.

Such activities fall squarely within the categories of administrative services and financial coordination that were the subject of Movant's discovery requests (**Exhibit 5**). Documents reflecting these functions—including communications with lenders, internal coordination records, and materials relating to the handling of payments and servicing obligations—were responsive to those requests. However, no complete set of such materials was produced or developed in the record.

The omission of these materials prevented Movant from establishing the scope of Babcock & Brown's administrative role, from identifying whether such functions continued after the purported termination, and from developing evidence relevant to the Court's determination that no continuing involvement existed.

## C. Failure to Disclose Third-Party Administrative Service Structure

A further category of omitted evidence concerns the existence of third-party administrative service providers involved in Westborough-related matters.

A March 22, 2012 communication from Babcock & Brown personnel identifies InterGest North America LLC and its representative, Wilfried Roggenbau, as the contact for "Westborough matters" (**Exhibit 2**). This communication demonstrates that, after the purported 2011 cessation of involvement, an identifiable administrative contact structure remained in place and that responsibility for Westborough-related matters was being directed through a third-party provider.

This information was directly responsive to Movant's requests for documents identifying entities and individuals involved in the administration and operation of Westborough SPE LLC (**Exhibit 5**). Yet no disclosure of this service-provider structure was made in discovery, and no testimony addressed the role of InterGest or any similar entity.

The absence of this information deprived Movant of the ability to investigate the nature of the administrative transition described in testimony, to determine whether servicing functions continued through third-party channels, and to develop evidence relevant to the existence of ongoing operational relationships.

## D. Incomplete Testimony and Failure to Develop Evidence Following Admitted Failed Transition

The incomplete documentary record is compounded by the limited scope of testimony presented to the Court.

In deposition, Walter Horst confirmed that the purported termination of administrative services "did not terminate" those services and that the letter relied upon to establish termination instead initiated a transition process that "was never finalized" (**Exhibit 7**). He further testified that document production was handled through counsel and that he did not independently verify what materials were produced (**Exhibit 7**).

This testimony established that the termination of Babcock & Brown's administrative role was not effectuated through a completed process and that further factual development was required to determine what occurred following the failed transition. However, because responsive documents—including financial records, servicing communications, and administrative contact information—were not produced, no such development occurred.

As a result, the record reflects an acknowledged incomplete termination process but contains no evidence addressing the continuation, reassignment, or operation of administrative functions thereafter. The absence of such evidence was then relied upon in concluding that no continuing involvement existed.

## E. Resulting Incomplete and One-Sided Evidentiary Record

Finally, the evidentiary record presented to the Court was shaped through coordinated affidavit preparation and limited disclosure of underlying materials.

Communications between counsel reflect that the affidavit relied upon in support of summary judgment was drafted and revised through coordination between the Trustee's counsel and counsel for Babcock & Brown, with exhibits compiled and presented as part of that coordinated process (**Exhibit 6**). While such coordination is not improper, it underscores that the affidavit was presented as a curated evidentiary submission.

At the same time, as set forth above, material categories of responsive documents were not produced or disclosed. The combination of coordinated testimony and incomplete document production resulted in a record that presented a simplified narrative of termination and cessation, without the underlying materials necessary to test or contextualize that narrative.

## F. The Omitted Evidence Was Material

The categories of evidence described above were not collateral. They bore directly on the dispositive issue identified by the Court—whether Babcock & Brown's involvement with Westborough SPE LLC ceased in or around 2011.

The undisclosed materials would have:
• contradicted the premise that no evidence of continued involvement existed;
• supported inquiry into ongoing financial, administrative, and servicing relationships; and
• enabled meaningful cross-examination and further factual development.

Because these materials were responsive, material, and central to the issues presented, their absence rendered the evidentiary record materially incomplete.

## V. SUBSTANTIAL INTERFERENCE WITH PRESENTATION OF THE CASE

The discovery failures described above satisfy the governing standard under Anderson v. Cryovac, Inc.. The nonproduction and omission of responsive evidence did not merely affect the weight of Movant's arguments; they substantially interfered with Movant's ability to develop, present, and test the central factual issues on which the Court's summary judgment ruling was based.

That interference was concrete and occurred in multiple, reinforcing ways.

### A. Movant Was Prevented from Developing a Core Factual Theory

First, the nondisclosure prevented Movant from developing a central factual theory—namely, that Babcock & Brown's relationship with Westborough SPE LLC did not terminate in substance, but instead continued through financial, administrative, or servicing arrangements following the purported 2011 resignation.

The withheld evidence—including the structured $36,000 quarterly payment stream (**Exhibit 4**), communications reflecting ongoing administrative and servicing functions (**Exhibit 3**), and the existence of a third-party administrative contact structure (**Exhibit 2**)—would have supported a coherent and plausible theory that financial obligations and administrative functions continued beyond the asserted termination date.

Without access to this evidence, Movant was forced to litigate against a simplified narrative of resignation followed by complete cessation, without the factual materials necessary to challenge or contextualize that narrative. This is precisely the type of interference recognized in Anderson, where nondisclosure "precluded inquiry into a plausible theory" of the case.

### B. Movant Was Prevented from Presenting Contradictory Evidence on Dispositive Issues

Second, the nondisclosure deprived Movant of the ability to present evidence directly contradicting the factual premise the Court treated as dispositive—namely, the absence of any evidence of continued involvement after 2011.

As described above, the withheld materials would have provided evidence of:
• a recurring and structured payment stream tied to Westborough SPE LLC (**Exhibit 4**);
• continued administrative and servicing communications involving Babcock & Brown personnel (**Exhibit 3**); and
• the existence of third-party administrative contacts handling Westborough-related matters (**Exhibit 2**).

Had these materials been produced and developed, Movant would have been able to present a materially different evidentiary record—one in which the "no evidence" finding could not be sustained. At a minimum, these materials would have created genuine disputes of material fact precluding summary judgment on that issue.

Under Anderson, the denial of access to "evidence that could well have been probative on an important issue" constitutes substantial interference.

**C. Movant Was Deprived of the Ability to Conduct Meaningful Cross-Examination and Factual Development**

Third, the nondisclosure foreclosed meaningful cross-examination and further factual development, particularly with respect to the testimony of Walter Horst.

Mr. Horst testified that the purported termination of administrative services was not completed and that the transition process "was never finalized" (**Exhibit 7**). That admission created a clear need for further inquiry into what occurred following the failed transition, including who performed administrative functions, how financial obligations were handled, and whether any servicing structure remained in place.

However, because responsive documents—including financial records, payment structures, administrative communications, and service-provider information—were not produced, Movant had no basis to examine Mr. Horst on those topics. Movant was unable to confront the witness with documentary evidence, test the completeness of his statements, or pursue follow-up discovery on the unresolved issues identified in the testimony.

This is precisely the type of prejudice identified in Anderson, where nondisclosure "closed off a potentially fruitful avenue of direct or cross examination."

## D. The Court Relied on the Resulting Absence of Evidence

Finally, the prejudice was compounded because the Court relied on the absence of evidence created by the nonproduction.

The Court's ruling expressly treated the lack of evidence of continued involvement as a basis for granting summary judgment. But that absence was not neutral—it was the direct result of the failure to produce responsive materials and to develop the factual record on the very issue the Court deemed dispositive.

Where a party is prevented from presenting evidence and the resulting absence of that evidence is then used to resolve the case against that party, the interference is not merely procedural—it is outcome-determinative in the sense relevant to Rule 60(b)(3). The rule does not require proof that the result would have been different, only that the process was compromised in a manner that prevented a full and fair presentation of the case.

## E. The Interference Was Structural, Not Peripheral

The cumulative effect of these deficiencies demonstrates that the interference was structural. The withheld evidence did not concern collateral issues; it went directly to the factual premise underlying the Court's decision.

Movant was denied access to evidence responsive to targeted discovery requests (**Exhibit 5**), prevented from developing a central factual theory, deprived of the ability to present contradictory evidence, and foreclosed from conducting meaningful cross-examination. The Court then relied on the resulting absence of evidence in resolving the dispositive issue.

Under these circumstances, the requirements of Rule 60(b)(3) are satisfied. The nondisclosure substantially interfered with Movant's ability to fully and fairly present the case, and relief from judgment is warranted.

## VI. PRESUMPTION OF PREJUDICE APPLIES AND THE BURDEN SHIFTS

Under Anderson v. Cryovac, Inc., where discovery misconduct results in the suppression or nonproduction of material evidence, and that omission affects the evidentiary record on which the court relies, a presumption of substantial interference may arise. In such circumstances, it is appropriate to presume that the withheld evidence would have been material and that its absence impaired the opposing party's ability to present the case.

That principle applies here.

Movant served targeted subpoenas seeking financial records, accounting records, compensation documents, and materials identifying entities and individuals involved in the administration of Westborough SPE LLC (**Exhibit 5**). The evidence subsequently identified in the Regal production—including a structured and recurring $36,000 payment stream (**Exhibit 4**), administrative servicing communications (**Exhibit 3**), and third-party contact structures (**Exhibit 2**)—falls squarely within the scope of those requests. These materials were responsive on their face.

Despite that, no corresponding documents explaining or supporting these materials were produced in discovery or disclosed in testimony. The omission is not limited to a single document or isolated gap; it concerns entire categories of evidence directly bearing on the dispositive issue identified by the Court.

At the same time, the Court relied on the absence of evidence of continued involvement in concluding that Babcock & Brown's role ceased in or around 2011. The resulting record—one in which no such evidence appeared—was therefore both incomplete and outcome-relevant.

In these circumstances, the conditions supporting a presumption of substantial interference are present. Responsive, material evidence existed; it was not produced or developed in the record; and the absence of that evidence was relied upon in resolving the case.

Even if the Court declines to apply a formal presumption, the same facts independently establish substantial interference for the reasons set forth above. The withheld materials were not cumulative or collateral; they bore directly on the central factual issue in dispute and would have enabled further discovery, factual development, and testing of testimony.

Accordingly, the burden shifts to the non-disclosing party to demonstrate that the omitted materials were inconsequential and had no effect on the fairness of the proceeding. Given the nature of the evidence—recurring financial transactions, administrative servicing communications, and undisclosed service-provider structures—that burden cannot be met.

## VI. PRESUMPTION OF PREJUDICE APPLIES AND THE BURDEN SHIFTS

Under Anderson v. Cryovac, Inc., where discovery misconduct results in the suppression or nonproduction of material evidence, and that omission affects the evidentiary record on which the court relies, a presumption of substantial interference may arise. In such circumstances, it is appropriate to presume that the withheld evidence would have been material and that its absence impaired the opposing party's ability to present the case.

That principle applies here.

Movant served targeted subpoenas seeking financial records, accounting records, compensation documents, and materials identifying entities and individuals involved in the administration of Westborough SPE LLC (**Exhibit 5**). The evidence subsequently identified in the Regal production—including a structured and recurring $36,000 payment stream (**Exhibit 4**), administrative servicing communications (**Exhibit 3**), and third-party contact structures (**Exhibit 2**)—falls squarely within the scope of those requests. These materials were responsive on their face.

Despite that, no corresponding documents explaining or supporting these materials were produced in discovery or disclosed in testimony. The omission is not limited to a single document or isolated gap; it concerns entire categories of evidence directly bearing on the dispositive issue identified by the Court.

At the same time, the Court relied on the absence of evidence of continued involvement in concluding that Babcock & Brown's role ceased in or around 2011. The resulting record—one in which no such evidence appeared—was therefore both incomplete and outcome-relevant.

In these circumstances, the conditions supporting a presumption of substantial interference are present. Responsive, material evidence existed; it was not produced or developed in the record; and the absence of that evidence was relied upon in resolving the case.

Even if the Court declines to apply a formal presumption, the same facts independently establish substantial interference for the reasons set forth above. The withheld materials were not cumulative or collateral; they bore directly on the central factual issue in dispute and would have enabled further discovery, factual development, and testing of testimony.

Accordingly, the burden shifts to the non-disclosing party to demonstrate that the omitted materials were inconsequential and had no effect on the fairness of the proceeding. Given the nature of the evidence—recurring financial transactions, administrative servicing communications, and undisclosed service-provider structures—that burden cannot be met.

## VII. RELIEF IS WARRANTED UNDER RULE 60(b)(6) DUE TO EXTRAORDINARY CIRCUMSTANCES

Relief is independently warranted under Federal Rule of Civil Procedure 60(b)(6), which permits a court to grant relief from judgment for "any other reason that justifies relief." This provision applies only in extraordinary circumstances where, even if the specific requirements of Rule 60(b)(1)–(5) are not satisfied, enforcement of the judgment would be inconsistent with principles of equity and fundamental fairness.

This case presents such circumstances.

As set forth above, the Court's summary judgment ruling rests on a factual premise—that Babcock & Brown's involvement with Westborough SPE LLC ceased in or around 2011 and that no evidence exists of any continuing relationship thereafter—that was formed on a materially incomplete record. The absence of evidence supporting continued involvement was treated as dispositive, yet that absence resulted from the nonproduction of responsive materials and the lack of factual development on issues identified in testimony.

The record before the Court therefore did not reflect a fully developed evidentiary presentation. Instead, it reflected a narrowed and incomplete factual account, in which key categories of responsive evidence—financial records, administrative servicing materials, and third-party contact structures—were not produced or addressed.

This is not a case involving marginal or cumulative evidence. The omitted materials bear directly on the central factual issue underlying the Court's decision. Where a judgment rests on an evidentiary record that does not include responsive and material information necessary to evaluate that issue, enforcement of the judgment risks giving conclusive effect to an incomplete factual determination.

Courts have recognized that Rule 60(b)(6) exists to ensure that judgments are not enforced where doing so would result in manifest injustice due to a materially distorted or incomplete record. The rule reflects a balance between finality and fairness, permitting relief where the integrity of the adjudicative process has been compromised in a manner not fully addressed by the other provisions of Rule 60(b).

Here, even if the Court were to conclude that the specific requirements of Rule 60(b)(3) are not fully met, the combination of: (i) targeted discovery requests seeking the very categories of evidence at issue; (ii) the existence of responsive materials not produced or developed in the record; (iii) testimony establishing an incomplete termination process; and (iv) a dispositive ruling based on the absence of evidence on that issue, presents the type of extraordinary circumstance warranting relief under Rule 60(b)(6).

Accordingly, to ensure that the matter is adjudicated on a complete and accurate evidentiary foundation, relief from judgment is warranted.

## VIII. THE WITHHELD EVIDENCE PRECLUDED ADJUDICATION OF THE DISPOSITIVE ISSUE OF MANAGERIAL AUTHORITY

The Court's summary judgment ruling ultimately turned on a single factual premise: that Babcock & Brown Administrative Services, Inc., the original Manager of Westborough SPE LLC, ceased acting in that capacity in or around 2011 and did not continue in any administrative, operational, or functional role thereafter.

That premise was dispositive. It formed the foundation for the Court's analysis of authority, control, and the validity of Movant's claims. However, as set forth above, that conclusion was reached on a record that did not include material categories of evidence directly bearing on whether, and in what form, Babcock & Brown's involvement continued following the purported termination.

The existing record itself demonstrates that the issue required further factual development. In deposition, Walter Horst testified that the June 2009 notice "did not terminate" Babcock & Brown's services, but instead initiated a transition process that "was never finalized" (**Exhibit 7**). That testimony establishes that the termination of administrative services was not effectuated through a completed process, and that additional evidence was necessary to determine what occurred thereafter.

The withheld and omitted materials identified above—including evidence of a structured and recurring payment stream (**Exhibit 4**), communications reflecting continued administrative servicing (**Exhibit 3**), and the existence of a third-party contact structure for "Westborough matters" (**Exhibit 2**)—bear directly on that unresolved question. These materials would have permitted inquiry into who performed administrative functions following the failed transition, how financial obligations were handled, and whether servicing arrangements continued in practice.

Movant specifically sought discovery directed to these issues, including requests for financial records, administrative service documents, and materials identifying entities involved in the operation and administration of Westborough SPE LLC (**Exhibit 5**). Those requests were designed to develop the factual record necessary to address the very question the Court ultimately treated as dispositive.

However, because responsive materials were not produced and the record was not fully developed, the Court was presented with an incomplete evidentiary picture. The unresolved factual issues identified in testimony were not explored, and the absence of evidence on those issues was treated as proof that no continuing involvement existed.

Under these circumstances, the dispositive issue of managerial authority was not adjudicated on a complete factual record. The Court was required to decide that issue in the absence of responsive evidence that would have enabled a full evaluation of whether administrative functions, financial relationships, or servicing structures continued after the purported termination.

This is not a request to relitigate the merits on the same record. It is a request to permit that issue to be adjudicated on a complete and properly developed evidentiary foundation. Where the determination of a dispositive issue rests on the absence of evidence that was not produced despite targeted discovery requests, relief under Rule 60(b) is warranted.

## IX. RELIEF REQUESTED

For the foregoing reasons, Movant respectfully requests that the Court grant relief from judgment and enter an order providing the following limited and targeted relief:

1. **Vacating the Memorandum of Decision and Order dated February 17, 2026 [Bankr. ECF No. 1179]**, to the extent necessary to permit further proceedings on a complete evidentiary record;
2. **Reopening discovery on a limited basis**, confined to the categories of evidence identified in this motion, including:
    - records reflecting payments associated with Westborough SPE LLC, including the $36,000 quarterly payment stream;
    - documents and communications relating to administrative services, servicing functions, and payment coordination involving Babcock & Brown or any third-party service providers; and

      ○   documents sufficient to identify the entities, individuals, and structures involved in the administration, servicing, and financial management of Westborough SPE LLC following the purported 2011 termination;

3. **Permitting supplemental evidentiary submissions and limited renewed briefing**, following completion of the reopened discovery, so that the issues addressed in the Court's prior ruling may be considered on a complete factual record;

4. **Granting such other and further relief as the Court deems just and proper**, to ensure that this matter is resolved on a full and fair evidentiary foundation.

## IX. CONCLUSION

This motion does not seek to relitigate the merits of the Court's prior ruling on the same record. It seeks relief because the record on which that ruling was based was materially incomplete.

The Court's summary judgment decision rested on the absence of evidence demonstrating any continued involvement by Babcock & Brown after 2011. As shown above, responsive evidence bearing directly on that issue existed but was not produced or developed in the record, including financial records reflecting a structured payment stream, communications demonstrating administrative and servicing functions, and information identifying third-party administrative contacts.

The omission of these materials prevented Movant from developing a central factual issue, from presenting contradictory evidence on a dispositive point, and from meaningfully testing the testimony on which the Court relied. The resulting absence of evidence was then used to resolve that issue against Movant.

Under Federal Rule of Civil Procedure 60(b)(3), relief is warranted where discovery failures substantially interfere with a party's ability to fully and fairly present the case. Even apart from Rule 60(b)(3), relief is independently justified under Rule 60(b)(6) because enforcement of a judgment entered on a materially incomplete evidentiary record would result in manifest injustice.

For these reasons, Movant respectfully requests that the Court grant the relief requested and permit this matter to be adjudicated on a complete and properly developed record.

DATED: April 2, 2026,                        Respectfully submitted:

Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
(443) 447-3276
info@smartinvestorsllc.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## **LIST OF EXHIBITS**

| Exhibit | Description | No. of Pages |
|---------|-------------|--------------|
| 1 | Regal Affidavit (Sheila A. Graham) | 1 |
| 2 | InterGest Email (March 22, 2012 – Administrative Contact Structure) | 3 |
| 3 | Wire / Servicing Email Chain (May 2010 – Operational Role) | 4 |
| 4 | Payment Records ($36,000 Quarterly Stream) | 4 |
| 5 | Subpoenas and Discovery Requests | 14 |
| 6 | Counsel Coordination Email (Horst Affidavit Preparation) | 3 |
| 7 | Horst Deposition (Admissions Regarding Termination and Transition) | 8 |
| 8 | InterGest North America LLC Corporate Filings. | 4 |

# EXHIBIT 1

**Regal Affidavit (Sheila A. Graham)**

## AFFIDAVIT OF SHEILA A. GRAHAM

STATE OF TENNESSEE          )
                           ) ss.:
COUNTY OF KNOX              )

Before me, the undersigned Notary, personally appeared Sheila A. Graham, and being by me duly sworn, deposes and says as follows:

1.      I am over the age of eighteen (18).  I give this affidavit on personal knowledge.

2.      I am employed by Regal Cinemas, Inc. ("Regal"), a corporation organized under the laws of Tennessee, as Real Estate Records Specialist. I have held this position since January 13, 2023.  In this position, I have custody of business records of Regal and its affiliates and subsidiaries. Interstate Theatres Corporation is a subsidiary of Regal and is the former tenant of premises located at 231 Turnpike Road, Westborough, Massachusetts 01581.

3.      A careful effort was made to provide complete, full, and accurate copies of the records requested in the Deposition Subpoena for Production of Business Records served upon Regal in the case of *In re Westborough SPE LLC*, Case No. 23BK-40709-CJP in the U. S. Bankruptcy Court for the District of Massachusetts.

4.      To my actual and not imputed knowledge, the copies provided are true to the originals of the requested records; no documents or materials have been removed from Regal's files or records other than as may have been removed in the past in the normal course of business; and these records were prepared or received by Regal or its subsidiaries in the ordinary course of business at or near the time that the acts, conditions, or events were recorded.

_____
Affiant

Subscribed and sworn to before me on this 15th day of May, 2025.

_____
Notary Public
My commission expires: 8/1/2026

[SEAL]

# EXHIBIT 2

## InterGest Email (March 22, 2012 – Administrative Contact Structure)

## Andrew Mattei

| | |
|---|---|
| **From:** | Jim Ziegler [jim.ziegler@babcockbrown.com] |
| **Sent:** | Thursday, March 22, 2012 5:28 PM |
| **To:** | Andrew Mattei |
| **Subject:** | RE: Regal Cinemas Westborough MA |

Hi Andrew,

Below is the contact information I have for Westborough matters.  I don't have a physical address but Wilfried at InterGest should be able to help.

InterGest North America LLC
Wilfried Roggenbau
Tel.:    +1 631 501 0500
Fax:    +1 631 501 1060
wilfried.roggenbau@intergest.com
roggenbauw@intergestna.com

Jim

Jim Ziegler
415-848-5443

---

**From:** Andrew Mattei [mailto:Andrew.Mattei@regalcinemas.com]
**Sent:** Thursday, March 22, 2012 2:05 PM
**To:** Jim Ziegler
**Subject:** Regal Cinemas Westborough MA
**Importance:** High

Mr. Ziegler,

I have an insurance certificate that the listed certificate holder is Westborough SPE LLC, c/o Babcock & Brown Admin Services, Inc, 2 Harrison Street, 6th Floor, San Francisco, CA  94104.  This certificate was returned by the mail as undeliverable.  Do you have an updated address where this certificate should be sent.

Thank you.

Andrew Mattei
Regal Entertainment Group
Assistant Property Manager
Phone:  (865) 925-9458
Fax:  (865) 925-9754

This email message may contain information that is confidential and proprietary to Babcock & Brown or a third party. If you are not the intended recipient, please contact the sender and destroy the original and any copies of the original message.

1

## Katrina Wilson

| | |
|---|---|
| **From:** | Cassie Peters |
| **Sent:** | Wednesday, April 04, 2012 1:51 PM |
| **To:** | Chris Dzambo |
| **Cc:** | Peter Altmann; Katrina Wilson |
| **Subject:** | RE: W-9 |

Chris,

I found out today the new firm that oversees Westborough SPE LLC is;

InterGest North America LLC
Wilfried Roggenbau
Tel.:     +1 631 501 0500
Fax:     +1 631 501 1060
wilfried.roggenbau@intergest.com
roggenbauw@intergestna.com

I called Renee with U.S. Bank and explained that Westborough SPE LLC is our LL and all we do is make wire payments to their account and if she needs any additional information about Westborough SPE LLC the contact information listed above is the most recent information we have on hand.

Hopefully this will take care of what the bank is looking for.

Thank you,
Cassie

---

**From:** Cassie Peters
**Sent:** Wednesday, April 04, 2012 10:46 AM
**To:** Chris Dzambo
**Cc:** Peter Altmann
**Subject:** RE: W-9

Ok, let me see what I can do.

---

**From:** Chris Dzambo
**Sent:** Wednesday, April 04, 2012 10:40 AM
**To:** Cassie Peters
**Cc:** Peter Altmann
**Subject:** FW: W-9

Cassie

Can you assist? I originally provided them a W-9 for Regal Entertainment Group per their request.  Now they are asking for a W-9 for Westborough SPE LLC.

Thanks

Chris

---

**From:** renee.nowlin@usbank.com [mailto:renee.nowlin@usbank.com]
**Sent:** Wednesday, April 04, 2012 10:38 AM
**To:** Chris Dzambo
**Subject:** W-9

1

Good Morning Chris,

It has been brought to my attention, the W-9 shows Regal Entertainment Group as the name listed on the tax return, however US Bank has Westborough SPE LLC as the business entity. Will you please provide the TIN for Westborough SPC LLC?

I've attached a blank W-9 for you to complete and return.

I apologize for the inconvenience.

Please feel free to contact me with any questions/concerns.

Thank you,


Renee Nowlin
SAG East - Special Loans Associate
U.S. Bank
28 W Madison
Oak Park, IL 60302
708-583-2621 (Direct Line)
708-583-2637 (Fax)
MK-IL-CMOP


----- Forwarded by Renee J Nowlin/IL/USB on 04/04/2012 09:35 AM -----

From:      "prtila78y02-03@USBANK.com" <prtila78y02-03@USBANK.com>
To:        "RENEE.NOWLIN@USBANK.COM" <renee.nowlin@usbank.com>
Date:      04/04/2012 09:33 AM
Subject:   W-9

Please open the attached document. This document was digitally sent to you using an HP Digital Sending device.

## U.S. BANCORP made the following annotations

-----------------------------------------------------------------------
Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by electronic communications privacy laws, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.


-----------------------------------------------------------------------

2

# EXHIBIT 3

**Wire / Servicing Email Chain (May 2010 – Operational Role)**

**Katrina Wilson**

| | |
|---|---|
| **From:** | Chris Dzambo |
| **Sent:** | Monday, May 24, 2010 2:11 PM |
| **To:** | Cassie Peters; 'commercialcustservicenocal@usbank.com'; 'Jim Ziegler' |
| **Cc:** | 'Chaye Besherse'; 'Connie Kwong'; Katrina Wilson |
| **Subject:** | RE: Wire Loan Payment Instruction |

To all:

Below is the fed ref number for the $277,737.71 wire.  The wire was released earlier today.

FED IMAD:20100524B6B7HU3R004147

If you should require additional information please let me know.

Thanks

Chris

---

**From:** Cassie Peters
**Sent:** Sunday, May 23, 2010 9:20 PM
**To:** 'commercialcustservicenocal@usbank.com'; 'Jim Ziegler'
**Cc:** 'Chaye Besherse'; 'Connie Kwong'; Chris Dzambo; Katrina Wilson
**Subject:** RE: Wire Loan Payment Instruction

Jim,
Thank you for helping us with the temporary wiring instructions.  I forwarded them to Chris Dzambo in our Accounting
Department.  Please let us know when you receive the new instructions that we should use going forward.
Thank you again,
Cassie Peters

---

**From:** arlene.baluca@usbank.com [mailto:arlene.baluca@usbank.com] **On Behalf Of** commercialcustservicenocal@usbank.com
**Sent:** Friday, May 21, 2010 6:53 PM
**To:** Jim Ziegler
**Cc:** Cassie Peters; Chaye Besherse; Connie Kwong
**Subject:** RE: Wire Loan Payment Instruction

Request to change  your address has been submitted . The wiring instruction I sent you is only temporary. You should be
receiving information to make your payments. Please call Commercial Loan Customer Service at 800-469-9069 for any additional
assistance.

Thank you for choosing U.S. Bank,

Commercial Customer Service
800.285.7575 toll free
877.324.1677 toll free fax
commercialcustserviceNoCal@usbank.com

All of US serving you!

From:   "Jim Ziegler" <Jim.Ziegler@babcockbrown.com>

To:     <commercialcustservicenocal@usbank.com>, <arlene.baluca@usbank.com>

Cc:     <cassie.peters@regalcinemas.com>, "Connie Kwong" <Connie.Kwong@babcockbrown.com>, "Chaye Besherse" <Chaye.Besherse@babcockbrown.com>

Date:   05/21/2010 02:42 PM

Subject:  RE: Wire Loan Payment Instruction

---

Thank you for the wire instructions.

Could you please note for customer #25-0031036248, account #18, Westborough SPE LLC, that we had recently moved our office and did not receive the new loan servicer information from US Bank. As a result, the loan payment due May 21, 2010, was wired to the old account at Park National Bank and subsequently returned. Because the wire was coming from the East coast, the new instructions e-mailed below did not arrive in time to resend the payment. The funds will be wired Monday, May 24, 2010.

Please note the new address below.

Thank you.
Jim


**Jim Ziegler**

Babcock & Brown

Four Embarcadero Center, Suite 700

San Francisco, CA  94111

T 415 848 5443 · F 415 267 1500 ·

jim.ziegler@babcockbrown.com

---

**From:** arlene.baluca@usbank.com [mailto:arlene.baluca@usbank.com] **On Behalf Of** commercialcustservicenocal@usbank.com
**Sent:** Friday, May 21, 2010 2:24 PM
**To:** Jim Ziegler
**Subject:** Wire Loan Payment Instruction


Hi Jim,

Here's the instruction for wiring your loan payment:


Bank Name: US Bank
ABA #: 125000105
Account # : 15505272160600
Beneficiary: Wires In Process
Reference:
Please include the following information:
Customer and loan # 25-0031036248#18

# Katrina Wilson

| | |
|---|---|
| **From:** | Cassie Peters |
| **Sent:** | Sunday, May 23, 2010 9:14 PM |
| **To:** | Chris Dzambo |
| **Cc:** | Katrina Wilson |
| **Subject:** | FW: Wire Loan Payment Instruction |

Chris,

Please see the last email for temporary instructions. Please let us know when you get confirmation that the wire went through.

Thank you,

Cassie

---

**From:** arlene.baluca@usbank.com [mailto:arlene.baluca@usbank.com] **On Behalf Of** commercialcustservicenocal@usbank.com
**Sent:** Friday, May 21, 2010 6:53 PM
**To:** Jim Ziegler
**Cc:** Cassie Peters; Chaye Besherse; Connie Kwong
**Subject:** RE: Wire Loan Payment Instruction


Request to change your address has been submitted . **The wiring instruction I sent you is only temporary**. You should be receiving information to make your payments. Please call Commercial Loan Customer Service at 800-469-9069 for any additional assistance.



Thank you for choosing U.S. Bank,

Commercial Customer Service
800.285.7575 toll free
877.324.1677 toll free fax
commercialcustserviceNoCal@usbank.com

All of US serving you!


| | |
|---|---|
| From: | "Jim Ziegler" <Jim.Ziegler@babcockbrown.com> |
| To: | <commercialcustservicenocal@usbank.com>, <arlene.baluca@usbank.com> |
| Cc: | <cassie.peters@regalcinemas.com>, "Connie Kwong" <Connie.Kwong@babcockbrown.com>, "Chaye Besherse" <Chaye.Besherse@babcockbrown.com> |
| Date: | 05/21/2010 02:42 PM |
| Subject: | RE: Wire Loan Payment Instruction |

---

Thank you for the wire instructions.

Could you please note for customer #25-0031036248, account #18, Westborough SPE LLC, that we had recently moved our office and did not receive the new loan servicer information from US Bank. As a result, the loan payment due May 21, 2010, was wired to the old account at Park National Bank and subsequently returned. Because the wire was coming from the East coast, the new instructions e-mailed below did not arrive in time to resend the payment. The funds will be wired Monday, May 24, 2010.

Please note the new address below.

## Katrina Wilson

**From:**       Cassie Peters
**Sent:**       Friday, May 21, 2010 5:14 PM
**To:**         Chris Dzambo
**Cc:**         Katrina Wilson
**Subject:**    Westborough #221723 / Wire Instructions

Chris,

We were finally able to get in touch with the attorney's office (Babcock & Brown 415-512-1515) that represents Westborough SPC, LLC.

Per Jim Ziggler (415-848-5443) Park National Bank took over for US Bank effective last week.   Park National will send Jim the new wire transfer instructions then Jim will forward the information to my email.

I explained to Jim that we are on East Coast time and it is too late to send the wire today.  He knows if we can receive information by early on Monday we will be able to send the wire on Monday.

The current contact at the attorney's office is out of the office today, so Jim will also include Shay Shultz (sp?) on the email so we will have at least two people in their office that we can contact if we have any issues in the future.

Thank you,
Cassie

# EXHIBIT 4

## Payment Records ($36,000 Quarterly Stream)

**Occupancy Costs Payment History - Westborough Stadium 12; 231 Turnpike Road, Westborough, MA 01581 / Theatre No. 22-1723**

| Effective Date | Expense Group | Expense Type | Expense Category | Vendor | Vendor# | One Time Flag | Total Amount | Primary Tax | Hold Flag | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 04/16/2018 | Other | Closed Locations | Expense | Town Of Westborough | 0010890 | Yes | $488.04 | $0.00 | No | Q4 17/18 Town of Westborough PPT (4/1/18-6/30/18) '18 PPT OBL = $976.08 |
| 01/22/2018 | Other | Closed Locations | Expense | Town Of Westborough | 0010890 | Yes | $488.04 | $0.00 | No | Q3 17/18 Town of Westborough PPT (1/1/18-3/31/18) '18 PPT OBL not met |
| 12/08/2017 | Rent | Accrued Add RENT | Expense | U.S. Bank - Westborough | 0015425 | Yes | $215,378.69 | $0.00 | No | |
| 11/01/2017 | Rent | Accrued Add RENT | Expense | U.S. Bank - Westborough | 0015425 | Yes | -$277,737.71 | $0.00 | No | |
| 11/01/2017 | Rent | Accrued Add RENT | Expense | U.S. Bank - Westborough | 0015425 | Yes | $63,396.65 | $0.00 | No | |
| 11/01/2017 | Rent | Accrued Add RENT | Expense | Westborough SPE LLC | 0015494 | Yes | -$36,000.00 | $0.00 | No | |
| 11/01/2017 | Rent | Accrued Add RENT | Expense | Westborough SPE LLC | 0015494 | Yes | $8,217.39 | $0.00 | No | |
| 11/01/2017 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 11/01/2017 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 11/01/2017 | CAM 14 | 14 CAM | Expense | The Mobile Street | 0020559 | Yes | $14,904.11 | $0.00 | No | Revised 2014 CAM OBL = $145,859.38 |
| 11/01/2017 | CAM 14 | 14 CAM | Expense | The Mobile Street | 0020559 | Yes | -$3,071.84 | $0.00 | No | |
| 11/01/2017 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $227.50 | $0.00 | No | |
| 11/01/2017 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $7,255.50 | $0.00 | No | |
| 10/23/2017 | RE TAX 17 | 17 RET | Expense | Town Of Westborough | 0010890 | Yes | $22,854.85 | $0.00 | No | Q2 17/18 Town of Westborough RET (10/1/17-11/20/17) '17 RET OBL = $146,679.89. We are exiting at midnight on November 20th and are therefore paying the portion of Q2 from the beginning of the quarter through our exit date, and LL will be responsibility for the remainder of the quarter. |
| 10/16/2017 | PP TAX 17 | 17 PPT | Expense | Town Of Westborough | 0010890 | Yes | $454.34 | $0.00 | No | Q2 17/18 Town of Westborough PPT (10/1/17-12/31/17) '17 PPT OBL = $1,777.37 |
| 10/01/2017 | CAM 14 | 14 CAM | Expense | The Mobile Street | 0020559 | Yes | -$10,690.00 | $0.00 | No | 2014 CAM OBL = $116,051.16 |
| 10/01/2017 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 10/01/2017 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 09/01/2017 | CAM 16 | 16 CAM | Expense | The Mobile Street | 0020559 | Yes | -$14.10 | $0.00 | No | |
| 09/01/2017 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 09/01/2017 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 08/01/2017 | CAM 16 | 16 CAM | Expense | The Mobile Street | 0020559 | Yes | -$10,690.00 | $0.00 | No | Final 2016 CAM OBL = $117,577.90 |
| 08/01/2017 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 08/01/2017 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 08/01/2017 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 08/01/2017 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 07/17/2017 | RE TAX 17 | 17 RET | Expense | Town Of Westborough | 0010890 | Yes | $41,228.36 | $0.00 | No | Q1 17/18 Town of Westborough RET (7/1/17-9/30/17) '17 RET OBL will be $165,052.39 when Q2 is paid |
| 07/17/2017 | PP TAX 17 | 17 PPT | Expense | Town Of Westborough | 0010890 | Yes | $454.34 | $0.00 | No | Q1 17/18 Town of Westborough PPT (7/1/17-9/30/17) '17 PPT OBL will be $1,777.37 when Q2 |
| 07/01/2017 | CAM 15 | 15 CAM | Expense | The Mobile Street | 0020559 | Yes | -$3,187.24 | $0.00 | No | 2015 CAM OBL = $125,092.76 |
| 07/01/2017 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 07/01/2017 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 06/01/2017 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 06/01/2017 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 05/01/2017 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 05/01/2017 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 05/01/2017 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 05/01/2017 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 04/24/2017 | RE TAX 17 | 17 RET | Expense | Town Of Westborough | 0010890 | Yes | $41,297.83 | $0.00 | No | Q4 16/17 Town of Westborough RET (4/1/17-6/30/17) '17 RET OBL not met |
| 04/24/2017 | PP TAX 17 | 17 PPT | Expense | Town Of Westborough | 0010890 | Yes | $434.34 | $0.00 | No | Q4 16/17 Town of Westborough PPT (4/1/17-6/30/17) '17 PPT OBL not met |
| 04/01/2017 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 04/01/2017 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 03/01/2017 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 03/01/2017 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 02/01/2017 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 02/01/2017 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 02/01/2017 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 02/01/2017 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 01/23/2017 | RE TAX 17 | 17 RET | Expense | use 0010890 Town Of Westborough | 0010889 | Yes | $41,297.84 | $0.00 | No | Q3 16/17 Town of Westborough RET (1/1/17-3/31/17) '17 RET OBL not met**Paying to vendor #0010890. Accounting has made the necessary changes on their side for this transaction to post properly. ~1/23/17, LS |
| 01/23/2017 | PP TAX 17 | 17 PPT | Expense | use 0010890 Town Of Westborough | 0010889 | Yes | $434.34 | $0.00 | No | Q3 16/17 Town of Westborough PPT (1/1/17-3/31/17) '17 PPT OBL not met**Paying to vendor #0010890. Accounting has made the necessary changes on their side for this transaction to post properly. ~1/23/17, LS |
| 01/01/2017 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 01/01/2017 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 12/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 12/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 11/01/2016 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 11/01/2016 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 11/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 11/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 10/17/2016 | RE TAX 16 | 16 RET | Expense | Town Of Westborough | 0010890 | Yes | $41,158.87 | $0.00 | No | Q2 16/17 Town of Westborough RET (10/1/16-12/31/16) '16 RET OBL = $165,922.00 |
| 10/17/2016 | PP TAX 16 | 16 PPT | Expense | Town Of Westborough | 0010890 | Yes | $432.87 | $0.00 | No | Q2 16/17 Town of Westborough PPT (10/1/16-12/31/16) '16 PPT OBL = $1,698.03 |
| 10/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 10/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 09/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 09/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 08/01/2016 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 08/01/2016 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 08/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 08/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 07/11/2016 | RE TAX 16 | 16 RET | Expense | Town Of Westborough | 0010890 | Yes | $41,158.88 | $0.00 | No | Q1 16/17 Town of Westborough RET (7/1/16-9/30/16) '16 RET OBL will be $165,922.00 when Q2 is paid |
| 07/11/2016 | PP TAX 16 | 16 PPT | Expense | Town Of Westborough | 0010890 | Yes | $432.88 | $0.00 | No | Q1 16/17 Town of Westborough PPT (7/1/16-9/30/16) '16 PPT OBL will be $1,698.03 when Q2 is paid |
| 07/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 07/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 06/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 06/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 05/01/2016 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 05/01/2016 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 05/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 05/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 04/18/2016 | RE TAX 16 | 16 RET | Expense | Town Of Westborough | 0010890 | Yes | $41,652.12 | $0.00 | No | Q4 15/16 Town of Westborough RET (4/1/16-6/30/16) '16 RET Obl not met |
| 04/18/2016 | PP TAX 16 | 16 PPT | Expense | Town Of Westborough | 0010890 | Yes | $416.14 | $0.00 | No | Q4 15/16 Town of Westborough PPT (4/1/16-6/30/16) '16 PPT Obl not met |
| 04/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 04/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 03/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 03/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 02/01/2016 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 02/01/2016 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 02/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 02/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 01/19/2016 | RE TAX 16 | 16 RET | Expense | Town Of Westborough | 0010890 | Yes | $41,652.13 | $0.00 | No | Q3 15/16 Town of Westborough RET (1/1/16-3/31/16) '16 RET Obl not met |
| 01/19/2016 | PP TAX 16 | 16 PPT | Expense | Town Of Westborough | 0010890 | Yes | $416.14 | $0.00 | No | Q3 15/16 Town of Westborough PPT (1/1/16-3/31/16) '16 PPT Obl not met |
| 01/01/2016 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 01/01/2016 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 12/01/2015 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 12/01/2015 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 11/01/2015 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 11/01/2015 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 11/01/2015 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 11/01/2015 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 10/20/2015 | PP TAX 15 | 15 PPT | Expense | Town Of Westborough | 0010890 | Yes | $446.95 | $0.00 | No | Q2 15/16 Town of Westborough PPT (10/1/15-12/31/15) '15 PPT Obl = $1,800.66 |
| 10/20/2015 | RE TAX 15 | 15 RET | Expense | Town Of Westborough | 0010890 | Yes | $40,665.62 | $0.00 | No | Q2 15/16 Town of Westborough RET (10/1/15-12/31/15) '15 RET Obl = $159,999.99 |
| 10/01/2015 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 10/01/2015 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 09/01/2015 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 09/01/2015 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 08/01/2015 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 08/01/2015 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 08/01/2015 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 08/01/2015 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 07/20/2015 | PP TAX 15 | 15 PPT | Expense | Town Of Westborough | 0010890 | Yes | $446.95 | $0.00 | No | Q1 15/16 Town of Westborough PPT (7/1/15-9/30/15) '15 PPT Obl will be $1,800.66 when Q2 is paid. |
| 07/20/2015 | RE TAX 15 | 15 RET | Expense | Town Of Westborough | 0010890 | Yes | $40,665.63 | $0.00 | No | Q1 15/16 Town of Westborough RET (7/1/15-9/30/15) '15 RET Obl will be $159,999.99 when Q2 is paid. |
| 07/01/2015 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 07/01/2015 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 06/01/2015 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 06/01/2015 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 05/01/2015 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 05/01/2015 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 05/01/2015 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 05/01/2015 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 04/13/2015 | PP TAX 15 | 15 PPT | Expense | Town Of Westborough | 0010890 | Yes | $453.38 | $0.00 | No | Q4 14/15 Town of Westborough PPT (4/1/15-6/30/15) |
| 04/13/2015 | RE TAX 15 | 15 RET | Expense | Town Of Westborough | 0010890 | Yes | $39,134.37 | $0.00 | No | Q4 14/15 Town of Westborough RET (4/1/15-6/30/15) '15 OBL not complete |
| 04/01/2015 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 04/01/2015 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 03/01/2015 | Cam | Insurance | Expense | The Mobile Street | 0020559 | No | $325.00 | $0.00 | No | |
| 03/01/2015 | Cam | Cam | Expense | The Mobile Street | 0020559 | No | $10,365.00 | $0.00 | No | |
| 02/01/2015 | Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 02/01/2015 | Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 02/01/2015 | Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $325.00 | $0.00 | No | |
| 02/01/2015 | Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,365.00 | $0.00 | No | |
| 01/19/2015 | PP TAX 15 | 15 PPT | Expense | Town Of Westborough | 0010890 | Yes | $453.38 | $0.00 | No | Q3 14/15 Town of Westborough PPT (1/1/15-3/31/15) |
| 01/19/2015 | RE TAX 15 | 15 RET | Expense | Town Of Westborough | 0010890 | Yes | $39,134.37 | $0.00 | No | Q3 14/15 Town of Westborough RET (1/1/15-3/31/15) '15 OBL not complete |

| Date / Desc | Category | Type | Payee | Account | Flag1 | Amount | Amount2 | Flag2 | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 01/01/2015 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $325.00 | $0.00 | No | |
| 01/01/2015 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,365.00 | $0.00 | No | |
| 12/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $325.00 | $0.00 | No | |
| 12/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,365.00 | $0.00 | No | |
| 11/01/2014 Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 11/01/2014 Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 11/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $325.00 | $0.00 | No | |
| 11/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,365.00 | $0.00 | No | |
| 10/20/2014 CAM 12 | 12 CAM Insurance | Expense | Northside Realty Trust | 0006102 | Yes | -$113.90 | $0.00 | No | 2012 CAM OBL = $125,479.35 |
| 10/20/2014 CAM 12 | 12 CAM | Expense | Northside Realty Trust | 0006102 | Yes | -$8,818.75 | $0.00 | No | 2012 CAM OBL = $125,479.35 |
| 10/20/2014 CAM 14 | 14 CAM | Expense | Northside Realty Trust | 0006102 | Yes | $455.00 | $0.00 | No | |
| 10/20/2014 CAM 14 | 14 CAM | Expense | Northside Realty Trust | 0006102 | Yes | -$4,032.00 | $0.00 | No | |
| 10/20/2014 CAM 13 | 13 CAM Insurance | Expense | Northside Realty Trust | 0006102 | Yes | $503.63 | $0.00 | No | '13 CAM OBL = $174,173.46 |
| 10/20/2014 CAM 13 | 13 CAM | Expense | Northside Realty Trust | 0006102 | Yes | $39,257.83 | $0.00 | No | '13 CAM OBL = $174,173.46 |
| 10/13/2014 RE TAX 14 | 14 RET | Expense | use 0010889 Town Of Westborough | 0010889 | Yes | $42,196.88 | $0.00 | No | Q2 14/15 Town of Westborough RET (10/1/14-12/31/14) '14 RET OBL = $170,187.53 |
| 10/13/2014 PP TAX 14 | 14 PPT | Expense | use 0010890 Town Of Westborough | 0010889 | Yes | $488.85 | $0.00 | No | Q2 14/15 Town of Westborough PPT (10/1/14-12/31/14) |
| 10/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | $0.00 | No | |
| 10/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | $0.00 | No | |
| 09/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | $0.00 | No | |
| 09/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | $0.00 | No | |
| 08/01/2014 Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | $0.00 | No | |
| 08/01/2014 Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | $0.00 | No | |
| 08/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | $0.00 | No | |
| 08/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | $0.00 | No | |
| 07/14/2014 RE TAX 14 | 14 RET | Expense | use 0010890 Town Of Westborough | 0010889 | Yes | $42,196.88 | $0.00 | No | Q1 14/15 Town of Westborough RET (7/1/14-9/30/14) '14 OBL not complete |
| 07/14/2014 PP TAX 14 | 14 PPT | Expense | use 0010890 Town Of Westborough | 0010889 | Yes | $488.86 | $0.00 | No | Q1 14/15 Town of Westborough PPT (7/1/14-9/30/14) |
| 07/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 07/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 06/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 06/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 05/01/2014 Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | | No | |
| 05/01/2014 Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | | No | |
| 05/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 05/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 04/17/2014 RE TAX 14 | 14 RET | Expense | use 0010890 Town Of Westborough | 0010889 | Yes | $42,896.88 | $0.00 | No | Q4 13/14 Town of Westborough RET (4/1/14-6/30/14) OBL not complete |
| 04/17/2014 PP TAX 14 | 14 PPT | Expense | use 0010890 Town Of Westborough | 0010889 | Yes | $473.09 | $0.00 | No | Q4 13/14 Town of Westborough PPT (4/1/14-6/30/14) |
| 04/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 04/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 03/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 03/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 02/17/2014 MAINT | Repairs & Maintenance | | | | Yes | -$187.50 | $0.00 | Yes | LL Contractor hit a gas line while plowing lot, HVAC company made repairs. LL reimbursed theatre rather than paying the HVAC vendor directly. Theatre to pay vendor and this credit will zero out the expense. |
| 02/01/2014 Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | | No | |
| 02/01/2014 Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | | No | |
| 02/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 02/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 01/17/2014 PP TAX 14 | 14 PPT | Expense | use 0010890 Town Of Westborough | 0010889 | Yes | $473.10 | $0.00 | No | Q3 13/14 Town of Westborough PPT (1/1/14-3/31/14) '14 OBL not complete |
| 01/13/2014 RE TAX 14 | 14 RET | Expense | Town Of Westborough | 0010890 | Yes | $42,896.89 | $0.00 | No | Q3 13/14 Town of Westborough RET (1/1/14-3/31/14) '14 RET OBL not complete |
| 01/01/2014 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 01/01/2014 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 12/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 12/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 11/01/2013 Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | No | $36,000.00 | | No | |
| 11/01/2013 Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | No | $277,737.71 | | No | |
| 11/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 11/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 10/14/2013 RE TAX 13 | 13 RET | Expense | Town Of Westborough | 0010890 | Yes | $41,496.87 | $0.00 | No | Q2 13/14 Town of Westborough RET(10/31/13-12/31/13)'13 RET OBL = $159,342.60 |
| 10/07/2013 PP TAX 13 | 13 PPT | Expense | use 0010890 Town Of Westborough | 0010889 | Yes | $457.65 | $0.00 | No | Q2 13/14 Town of Westborough PPT (10/1/13-12/31/13); 13 PPT OBL = $2,279.62 |
| 10/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 10/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 09/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 09/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 08/01/2013 Rent | Accrued Add RENT | Rent | Westborough SPE LLC | 0015494 | Yes | $36,000.00 | $0.00 | No | |
| 08/01/2013 Rent | Accrued Add RENT | Rent | U.S. Bank - Westborough | 0015425 | Yes | $277,737.71 | $0.00 | No | This was previously paid by accounting via wire |
| 08/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 08/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 07/19/2013 RE TAX 13 | 13 RET | Expense | Town Of Westborough | 0010890 | Yes | $41,496.88 | $0.00 | No | Q1 13/14 Town of Westborough RET (7/1/13-9/30/13); 13 RET OBL not complete |
| 07/19/2013 PP TAX 13 | 13 PPT | Expense | use 0010890 Town Of Westborough | 0010889 | Yes | $457.65 | $0.00 | No | Q1 13/14 Town of Westborough PPT (7/1/13-9/30/13) |
| 07/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 07/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 06/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 06/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 05/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 05/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 04/29/2013 Re Tax | Personal Property | Expense | use 0010890 Town Of Westborough | 0010889 | Yes | $682.16 | $0.00 | No | Q4 12/13 Town of Westborough PPT (4/1/13-6/30/13); '13 PPT OBL not complete |
| 04/24/2013 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $27,732.39 | $0.00 | No | Q4 12/13 Town of Westborough RET (4/1/13-6/30/13); '13 RET OBL not complete |
| 04/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 04/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 03/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 03/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 02/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 02/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 01/15/2013 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $48,616.46 | $0.00 | No | Q3 12/13 Town of Westborough RET (1/1/13-3/31/13); '13 OBL not complete |
| 01/01/2013 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 01/01/2013 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 12/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 12/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 11/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 11/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 10/16/2012 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $44,819.33 | | No | |
| 10/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 10/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 09/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $260.00 | | No | |
| 09/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,941.00 | | No | |
| 08/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 08/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 07/26/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | Yes | $200.00 | | No | |
| 07/26/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | Yes | -$913.96 | | No | |
| 07/26/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | $4,168.00 | | No | |
| 07/26/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | $6,038.43 | | No | |
| 07/17/2012 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $44,819.33 | | No | |
| 07/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 07/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 06/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 06/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 05/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 05/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 04/09/2012 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $47,082.46 | | No | |
| 04/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 04/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 03/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 03/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 02/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 02/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 01/17/2012 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $47,082.45 | | No | |
| 01/01/2012 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 01/01/2012 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 12/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 12/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 11/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 11/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 10/05/2011 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $42,556.25 | | No | |
| 10/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 10/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 09/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 09/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 08/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 08/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 07/12/2011 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $42,556.20 | | No | |
| 07/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $235.00 | | No | |
| 07/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $10,420.00 | | No | |
| 06/08/2011 PRINC | Principal | Expense | Northside Realty Trust | 0006102 | Yes | $277,737.71 | | No | $277,737.71WIRE TYPE:WIRE OUT DATE:110523 TIME:0506 ETTRN:2011052300055979 SERVICE REF:001117BNF:WESTBOROUGH SPE LLC ID:00016822160600 BNF:BK:U.S. BANK N.A. ID:071904779 PMT DET:34496862 CD052011-5CUSTOMER 25-0031036248 LOAN 18 CUSTOMER 25-00 |
| 06/08/2011 Interest | Interest | Expense | Northside Realty Trust | 0006102 | Yes | $36,000.00 | | No | $36,000.00WIRE TYPE:WIRE OUT DATE:110523 TIME:0506 ETTRN:2011052300055980 SERVICE REF:001116BNF:WESTBOROUGH SPE LLC ID:7000-145836 BNF BK:UNION BANK N.A. ID:122000496 PMT DET:34496896 CD052011-6WESTBOROUGH SPE LLC QUARTERLY PAYMENT |

| Date | Type | | Payee | Account | | Amount | |
|---|---|---|---|---|---|---|---|
| 06/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 06/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 05/23/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | Yes | -$1,791.21 | No |
| 05/23/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | Yes | -$107.76 | No |
| 05/23/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | Yes | $4,207.84 | No |
| 05/23/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | $550.51 | No |
| 05/23/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | $13,340.00 | No |
| 05/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 05/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 04/11/2011 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $43,295.33 | No |
| 04/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 04/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 03/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 03/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 02/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 02/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 01/11/2011 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $43,295.33 | No |
| 01/01/2011 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 01/01/2011 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 12/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 12/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 11/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 11/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 10/05/2010 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $41,817.07 | No |
| 10/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 10/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 09/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 09/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 08/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 08/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 07/20/2010 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $41,817.07 | No |
| 07/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 07/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 06/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 06/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 05/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 05/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 04/30/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | Yes | -$1,791.21 | No |
| 04/30/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | $5,983.51 | No |
| 04/09/2010 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $45,461.41 | No |
| 04/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 04/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 03/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 03/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 02/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 02/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 01/15/2010 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $45,680.06 | No |
| 01/01/2010 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 01/01/2010 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 12/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 12/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 11/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 11/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 10/19/2009 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $38,172.24 | No |
| 10/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 10/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 09/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 09/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 08/06/2009 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $38,172.24 | No |
| 08/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 08/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 07/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 07/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 06/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 06/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 05/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 05/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 04/16/2009 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $42,897.56 | No |
| 04/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 04/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 03/11/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | $5,347.23 | No |
| 03/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 03/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 02/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 02/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 01/16/2009 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $42,897.56 | No |
| 01/01/2009 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 01/01/2009 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 12/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 12/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 11/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 11/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 10/21/2008 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $33,446.91 | No |
| 10/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 10/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 09/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 09/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 08/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 08/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 07/23/2008 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $33,446.91 | No |
| 07/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 07/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 06/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 06/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 05/02/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | $13,159.11 | No |
| 05/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 05/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 04/14/2008 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $36,482.90 | No |
| 04/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 04/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 03/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 03/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 02/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 02/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 01/22/2008 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $36,482.90 | No |
| 01/01/2008 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 01/01/2008 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 12/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 12/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 11/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 11/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 10/02/2007 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $30,410.92 | No |
| 10/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 10/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 09/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 09/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 08/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 08/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 07/18/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | $3,689.65 | No |
| 07/18/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $518.99 | No |
| 07/12/2007 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $30,410.92 | No |
| 07/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 07/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 06/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 06/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 05/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 05/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 04/18/2007 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $31,595.59 | No |
| 04/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 04/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 03/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 03/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |

| Date | Category | Type | Payee | Account | Flag | Amount | Flag2 |
|---|---|---|---|---|---|---|---|
| 02/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 02/01/2007 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | No | $31,595.60 | Yes |
| 02/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 01/23/2007 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $31,691.20 | No |
| 01/01/2007 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 01/01/2007 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 12/01/2006 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 12/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 11/01/2006 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 11/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 10/04/2006 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $29,226.24 | No |
| 10/01/2006 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 10/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 09/01/2006 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 09/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 08/01/2006 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 08/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 07/27/2006 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $29,226.24 | No |
| 07/01/2006 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 07/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 06/01/2006 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 06/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 05/01/2006 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 05/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 04/11/2006 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $27,720.43 | No |
| 04/01/2006 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | No | $342.76 | No |
| 04/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 03/01/2006 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 03/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 02/01/2006 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 02/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 01/20/2006 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $27,720.43 | No |
| 01/01/2006 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 01/01/2006 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 12/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 12/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 11/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 11/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 10/05/2005 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $30,732.04 | No |
| 10/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 10/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 09/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 09/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 08/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 08/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 07/25/2005 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $30,732.04 | No |
| 07/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 07/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 06/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 06/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 05/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 05/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 04/21/2005 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $29,384.70 | No |
| 04/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $342.76 | No |
| 04/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,869.49 | No |
| 03/16/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | Yes | $128.28 | No |
| 03/16/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | -$339.75 | No |
| 03/16/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | $28,168.67 | No |
| 03/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 03/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 02/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 02/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 01/14/2005 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $29,384.71 | No |
| 01/01/2005 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 01/01/2005 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 12/01/2004 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 12/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 11/01/2004 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 11/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 10/13/2004 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $32,079.38 | No |
| 10/01/2004 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 10/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 09/01/2004 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 09/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 08/01/2004 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 08/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 07/08/2004 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $32,079.38 | No |
| 07/01/2004 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 07/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 06/01/2004 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 06/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 05/01/2004 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 05/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 04/09/2004 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $30,924.52 | No |
| 04/01/2004 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | No | $300.00 | No |
| 04/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,982.74 | No |
| 03/18/2004 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | Yes | $2,979.51 | No |
| 03/18/2004 Cam | Insurance | Expense | Northside Realty Trust | 0006102 | Yes | $300.00 | No |
| 03/18/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | $669.00 | No |
| 03/18/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | Yes | $207.74 | No |
| 03/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 02/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 01/15/2004 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $30,924.52 | No |
| 01/01/2004 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 12/01/2003 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 11/01/2003 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 10/15/2003 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $28,400.94 | No |
| 10/01/2003 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 09/01/2003 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 08/01/2003 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 07/16/2003 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $28,400.94 | No |
| 07/01/2003 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 06/01/2003 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 05/01/2003 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 04/18/2003 Re Tax | RE Taxes | Expense | Town Of Westborough | 0010890 | Yes | $31,298.69 | No |
| 04/01/2003 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | $9,775.00 | No |
| 03/24/2003 Cam | Cam | Expense | Northside Realty Trust | 0006102 | No | -$368.78 | No |

# EXHIBIT 5

**Subpoenas and Discovery Requests**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of MASSACHUSETTS _____

In re _____ WESTBOROUGH SPE LLC _____
Debtor

Case No. __23-40709-CJP__

*(Complete if issued in an adversary proceeding)*

Chapter ____7____

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Babcock & Brown, Walter A. Horst CFO of Babcock & Brown__
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| PLACE | DATE AND TIME |
|---|---|
| Electronically via email to: info@smartinvestorsllc.com | December 3, 2024 at 10:00 AM |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __11/26/2024__

CLERK OF COURT

*Megan Heinrich*                                OR          _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

Lolonyon Akouete 800 Red Milles Rd Wallkill NY 12589 info@smartinvestorsllc.com (443) 447-3276

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|                          |     |                          |
|--------------------------|-----|--------------------------|
| In re:                   | )   | Chapter 7                |
|                          | )   | Case No. 23-40709-CJP    |
| WESTBOROUGH SPE LLC,     | )   |                          |
|                          | )   |                          |
|           Debtor.        | )   |                          |
|                          | )   |                          |

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A
BANKRUPTCY CASE

**To:** Babcock & Brown, Babcock & Brown Administrative Services, Inc., Babcock and Brown
Parallel Member LLC (as successor to Babcock & Brown Administrative Services, Inc.), Walter A.
Horst, CFO of Babcock & Brown

**YOU ARE HEREBY COMMANDED** to produce the documents described below, pursuant to
Federal Rule of Bankruptcy Procedure 2004 and consistent with the obligations set forth in the
**Westborough SPE LLC Operating Agreement** and other applicable laws. The requested
documents must be produced and delivered electronically, via email, to
**info@smartinvestorsllc.com** by **December 3, 2024.**

Failure to comply with this subpoena may result in sanctions as authorized by law.

---

## Documents to Be Produced

Pursuant to the **Operating Agreement of Westborough SPE LLC (October 22, 1997)** and
related corporate governance principles, you are required to produce the following documents:

---

**Corporate Governance and Authority Documents**

1. **Corporate bylaws, operating agreements, or governance documents** for both Babcock
   & Brown Administrative Services, Inc. and Babcock and Brown Parallel Member LLC,
   outlining the procedures for appointing, removing, or replacing officers, including the
   President.
2. Any **resolutions, consents, or meeting minutes** of Babcock & Brown Administrative
   Services, Inc. or Babcock and Brown Parallel Member LLC addressing F. Jan Blaustein's
   status or actions to remove or replace her as President.
3. Notices or communications sent to **F. Jan Blaustein** regarding any alleged change in her
   authority or role.

**Managerial Compensation Documents**

4. **Documents, agreements, or policies** that establish or define compensation for the Manager of Westborough SPE LLC, including but not limited to the Operating Agreement and any amendments.
5. **Documents showing historical compensation** paid to Babcock & Brown Administrative Services, Inc., Babcock and Brown Parallel Member LLC, or any other entity acting as Manager of Westborough SPE LLC.
6. Any **statutory or regulatory guidelines** referenced in determining Manager compensation or reimbursement for services provided to Westborough SPE LLC.
7. **Documents showing compensation arrangements** for Managers of other similar entities within the Babcock & Brown corporate group.
8. Any **industry standards or comparative data** used to justify Manager compensation or fee percentages for similar roles.
9. **Contracts, agreements, or resolutions** that specify compensation for Babcock & Brown Administrative Services, Inc. or Babcock and Brown Parallel Member LLC during their tenure as Manager of Westborough SPE LLC.
10. The **management agreement** or other binding documents outlining the Manager's responsibilities and compensation structure.

**Required Operating Records (Operating Agreement, Section 6(a))**

11. All **books and accounting records** of Westborough SPE LLC, including ledgers, transaction records, and reconciliations, from its formation to the present.
12. A current and historical **list of all members and managers** of Westborough SPE LLC, including their names and addresses, along with any amendments to this list.
13. A complete copy of the **original signed Operating Agreement of Westborough SPE LLC**, along with all amendments or revisions.
14. The **Certificate of Formation** for Westborough SPE LLC and all related amendments.
15. Copies of all **executed powers of attorney** related to Westborough SPE LLC.

**Banking and Financial Records (Operating Agreement, Section 6(b))**

16. Statements for all **bank accounts** maintained in the name of Westborough SPE LLC, including documentation of all withdrawals, deposits, and transactions.
17. Annual **financial statements** for the past five years, or longer if available.
18. Copies of all federal, state, and local **tax returns** filed by Westborough SPE LLC for the past five years.

**Property Records (Operating Agreement, Sections 1(c), 6(a))**

19. Deeds, leases, mortgage documents, and appraisal reports for any properties owned by Westborough SPE LLC, including the property at **231 Turnpike Road, Westborough, MA**.

20. Records of any **improvements, expenses, or transactions** associated with the properties owned by Westborough SPE LLC.

---

## Contracts, Agreements, and Legal Documents

21. Copies of all **contracts, leases, loan agreements, and other binding agreements** executed on behalf of Westborough SPE LLC.
22. **Minutes of meetings** and **written consents or resolutions** adopted by the members or the manager of Westborough SPE LLC.

---

## Production Details

Documents may be delivered in electronic or physical form to:
**Lolonyon Akouete**
**800 Red Mills Rd**
**Wallkill NY 12589**
**info@smartinvestorsllc.com**

If you believe any requested document is privileged or otherwise exempt from production, you must provide a privilege log describing the document, the basis for the claimed privilege, and sufficient details to allow the court to assess the validity of your claim.

---

## Compliance with Federal Rule of Civil Procedure 45

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached:

### Rule 45(c) - Place of Compliance

- **(c)(1):** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    - **(A):** Within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    - **(B):** Within the state where the person resides, is employed, or regularly transacts business in person, if the person is a party or a party's officer and would not incur substantial expense.
- **(c)(2):** A subpoena may command:
    - **(A):** Production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    - **(B):** Inspection of premises at the premises to be inspected.

### Rule 45(d) - Protecting a Person Subject to a Subpoena

- **(d)(1):** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.
- **(d)(3):** The court must quash or modify a subpoena that:
    - **(A):** Fails to allow a reasonable time to comply;
    - **(B):** Requires compliance beyond the geographical limits specified in Rule 45(c);
    - **(C):** Requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    - **(D):** Subjects a person to undue burden.

**Rule 45(e) - Duties in Responding to a Subpoena**

- **(e)(1):** Documents must be produced as kept in the usual course of business or organized to correspond to the categories in the demand.
- **(e)(2):** Electronically stored information must be produced in a reasonably usable form.

**Rule 45(g) - Contempt**

The court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.

DATED: November 26, 2024, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of  MASSACHUSETTS

In re _____WESTBOROUGH SPE LLC_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  23-40709-CJP

Chapter ____7____

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Walter A. Horst, Babcock & Brown and their current and former subsidiaries
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment

| PLACE | DATE AND TIME |
|---|---|
| Electronically via email to: info@smartinvestorsllc.com | March 25, 2025 at 10:00 AM |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___3/18/2025_____
CLERK OF COURT

*Megan Heinrich*
_____          OR          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

Lolonyon Akouete 800 Red Milles Rd Wallkill NY 12589 info@smartinvestorsllc.com (443) 447-3276

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A BANKRUPTCY CASE

TO:
Babcock & Brown Inc.
Babcock & Brown Administrative Services, Inc.
Babcock & Brown Administrative Services, LLC
Babcock & Brown Parallel Member LLC
Babcock & Brown LP
Babcock & Brown GP LLC
Babcock & Brown International Pty Ltd
Walter A. Horst, CFO of Babcock & Brown

YOU ARE HEREBY COMMANDED to produce the documents described below, pursuant to **Federal Rule of Bankruptcy Procedure 2004** and consistent with the obligations set forth in the **Westborough SPE LLC Operating Agreement** and other applicable laws. The requested documents must be produced and delivered electronically via email to **info@smartinvestorsllc.com** by **March 25, 2025**.

Failure to comply with this subpoena may result in sanctions as authorized by law.

## Documents to Be Produced

### 1. Babcock & Brown Administrative Services, Inc. (Delaware Corporation)

- **Certificate of Incorporation** – Confirming original formation and listing of incorporators.
- **Bylaws** – Defining the governance structure, including director and officer appointment processes.
- **Board Resolutions & Meeting Minutes** – Showing any approvals for conversions, mergers, officer appointments, and resignations.
- **Annual Franchise Tax Reports** – Identifying officers and directors from formation to present.
- **Stockholder Agreements** – Outlining who has control and voting rights over the corporation.

- **Records of Officer Appointments & Resignations** – Including Jan Blaustein, Monique Belkin, Geri Stukel, David G. Crane, James D. Jaworski, Dyann Blaine, Jim McCaffrey, and Steve Finno.
- **Merger Documents** – Confirming the process by which Babcock & Brown Administrative Services, Inc. converted into Babcock & Brown Administrative Services, LLC.

## 2. Babcock & Brown Administrative Services, LLC (Delaware LLC)

- **Certificate of Formation** – Confirming the establishment of the LLC.
- **Operating Agreement** – Specifying management authority and structure.
- **Annual Reports & Franchise Tax Filings** – Identifying members or managers from formation to present.
- **Statement of Authority (if filed)** – Identifying individuals authorized to act on behalf of the LLC.
- **Records of Officer & Manager Appointments and Resignations** – Including individuals listed above.

## 3. Babcock & Brown Parallel Member LLC (Successor Entity to Babcock & Brown Administrative Services, LLC)

- **Certificate of Formation** – Confirming the establishment of the LLC.
- **Certificate of Merger** – Confirming the merger of Babcock & Brown Administrative Services, LLC into Babcock & Brown Parallel Member LLC.
- **Operating Agreement** – Detailing management and control over the successor entity.
- **Resolutions or Approvals of Merger** – Showing shareholder or member consent.
- **List of Managers and Members** – Including any transfers of ownership.

## 4. Babcock & Brown Inc. (Delaware Corporation)

- **Certificate of Incorporation** – Confirming formation details.
- **Bylaws** – Defining corporate governance.
- **Board Resolutions & Meeting Minutes** – Related to restructuring, leadership changes, and dissolution.
- **Officer & Director Appointment and Resignation Records** – Including Phillip Green, Karen R. Fagerstrom, James V. Babcock.
- **Stockholder Agreements & Control Documents** – Identifying who controlled the corporation.

## 5. Babcock & Brown LP (Delaware Limited Partnership)

- **Certificate of Limited Partnership** – Identifying the General Partner (GP).
- **Limited Partnership Agreement** – Specifying the General Partner's rights and powers.
- **Amendments & Resolutions** – Showing any changes in the General Partner or management structure.
- **Franchise Tax Filings** – Identifying partners from formation to present.
- **Merger or Conversion Filings** – Any documents reflecting transitions of control or status.

## 6. Babcock & Brown GP LLC (Delaware General Partnership Entity)

- **Partnership Agreement** – Defining roles of general partners.
- **Statement of Partnership Authority (if filed)** – Identifying decision-making authority.

- **Amendments & Filings** – Documenting any changes in partnership leadership.

## 7. Babcock & Brown International Pty Ltd (Foreign Entity Affiliated with Babcock & Brown Group)

- **Corporate Formation & Registration Documents** – Including any filings with U.S. or Delaware authorities.
- **Ownership and Control Records** – Showing connections to U.S. entities.
- **Resolutions & Board Records** – Indicating participation in Babcock & Brown entity transactions.

---

## Production Details

Documents may be delivered in electronic or physical form to:

**Lolonyon Akouete**
800 Red Mills Rd
Wallkill, NY 12589
Email: **info@smartinvestorsllc.com**
Phone: **(443) 447-3276**

If you believe any requested document is privileged or otherwise exempt from production, you must provide a **privilege log** describing the document, the basis for the claimed privilege, and sufficient details to allow the court to assess the validity of your claim.

---

## Compliance with Federal Rule of Civil Procedure 45

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, apply:

**Rule 45(c) - Place of Compliance**

- (c)(1): A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  - o (A): Within **100 miles** of where the person resides, is employed, or regularly transacts business in person; or
  - o (B): Within the state where the person resides, is employed, or regularly transacts business in person, if the person is a party or a party's officer and would not incur substantial expense.
- (c)(2): A subpoena may command:
  - o (A): Production of documents, electronically stored information, or tangible things at a place within **100 miles** of where the person resides, is employed, or regularly transacts business in person; and
  - o (B): Inspection of premises at the premises to be inspected.

**Rule 45(g) - Contempt**

The court may hold in **contempt** a person who, having been served, fails **without adequate excuse** to obey the subpoena.

DATED: March 18, 2025, Respectfully submitted:

By creditor,

_____

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of  MASSACHUSETTS

In re _____ WESTBOROUGH SPE LLC _____
#### Debtor

*(Complete if issued in an adversary proceeding)*

_____
#### Plaintiff
v.
_____
#### Defendant

Case No. __23-40709-CJP_____

Chapter _____7_____

Adv. Proc. No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: ___Babcock & Brown  Walter A. Horst CFO of Babcock & Brown_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment

| PLACE | DATE AND TIME |
|---|---|
| Electronically via email to: info@smartinvestorsllc.com | February 3, 2024 at 10:00 AM |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __1/28/2025_____

CLERK OF COURT

*Megan Heinrich*
_____
*Signature of Clerk or Deputy Clerk*

OR

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

Lolonyon Akouete 800 Red Milles Rd Wallkill NY 12589 info@smartinvestorsllc.com (443) 447-3276

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A BANKRUPTCY CASE

**To:** Babcock & Brown, Babcock & Brown Administrative Services, Inc., Babcock and Brown Parallel Member LLC (as successor to Babcock & Brown Administrative Services, Inc.), Walter A. Horst, CFO of Babcock & Brown

**YOU ARE HEREBY COMMANDED** to produce the documents described below, pursuant to Federal Rule of Bankruptcy Procedure 2004 and consistent with the obligations set forth in the **Westborough SPE LLC Operating Agreement** and other applicable laws. The requested documents must be produced and delivered electronically, via email, to **info@smartinvestorsllc.com** by **February 3, 2024.**

Failure to comply with this subpoena may result in sanctions as authorized by law.

---

## Documents to Be Produced

1. **Evidence of Stockholder Approval for Conversion**
   o   Copies of any resolutions, consents, or meeting minutes reflecting stockholder approval for the conversion of Babcock & Brown Administrative Services Inc. into Babcock & Brown Administrative Services LLC, in compliance with Section 266 of the Delaware General Corporation Law (DGCL).
2. **Clarification on the Role of Mignonette Investments Limited**
   o   All documents demonstrating whether Mignonette Investments Limited, as the sole member of Westborough SPE LLC, participated in, was informed of, or consented to the approval process for the managerial substitution.
3. **Compliance with Westborough SPE LLC Operating Agreement**
   o   Copies of documentation confirming that the substitution of Babcock & Brown Administrative Services LLC as the manager complied with the Operating Agreement of Westborough SPE LLC.

---

## Production Details

Documents may be delivered in electronic or physical form to:
**Lolonyon Akouete**
**800 Red Mills Rd**
**Wallkill NY 12589**
**info@smartinvestorsllc.com**

If you believe any requested document is privileged or otherwise exempt from production, you must provide a privilege log describing the document, the basis for the claimed privilege, and sufficient details to allow the court to assess the validity of your claim.

---

## Compliance with Federal Rule of Civil Procedure 45

The following provisions of **Fed. R. Civ. P. 45**, made applicable in bankruptcy cases by **Fed. R. Bankr. P. 9016**, are attached:

### Rule 45(c) - Place of Compliance

- **(c)(1):** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  - **(A):** Within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  - **(B):** Within the state where the person resides, is employed, or regularly transacts business in person, if the person is a party or a party's officer and would not incur substantial expense.
- **(c)(2):** A subpoena may command:
  - **(A):** Production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  - **(B):** Inspection of premises at the premises to be inspected.

### Rule 45(d) - Protecting a Person Subject to a Subpoena

- **(d)(1):** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.
- **(d)(3):** The court must quash or modify a subpoena that:
  - **(A):** Fails to allow a reasonable time to comply;
  - **(B):** Requires compliance beyond the geographical limits specified in Rule 45(c);
  - **(C):** Requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  - **(D):** Subjects a person to undue burden.

### Rule 45(e) - Duties in Responding to a Subpoena

- **(e)(1):** Documents must be produced as kept in the usual course of business or organized to correspond to the categories in the demand.
- **(e)(2):** Electronically stored information must be produced in a reasonably usable form.

### Rule 45(g) - Contempt

The court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.

DATED: January 28, 2025, Respectfully submitted:

By creditor,

Lolonyon Akouete
800 Red Milles Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276

# EXHIBIT 6

## Counsel Coordination Email (Horst Affidavit Preparation)

## Christine Devine

| | |
|---|---|
| **From:** | luis.casasmeyer@akerman.com |
| **Sent:** | Tuesday, February 11, 2025 4:36 PM |
| **To:** | Christine Devine |
| **Cc:** | mark.lichtenstein@akerman.com |
| **Subject:** | RE: Westborough SPE - Horst Affidavit |
| **Attachments:** | Horst Affidavit - Signed - Westborough 2-11-25.pdf |

See attached a scanned copy of the signed aff. Walter is sending the original wet ink signature version to you as well to the address below as indicated. Please let us know if Mr. Akouete takes action against BB/Walter in any way in the bankruptcy or if you think we need to take action in regards to something to protect BB/Walter. Thanks!

-Luis

**From:** Christine Devine <christine@nicholsondevine.com>
**Sent:** Tuesday, February 11, 2025 11:40 AM
**To:** Casas Meyer, Luis (Ptnr-Mia) <luis.casasmeyer@akerman.com>
**Cc:** Lichtenstein, Mark (Ptnr-NY) <mark.lichtenstein@akerman.com>
**Subject:** RE: Westborough SPE - Horst Affidavit

[External to Akerman]

Hi Luis –

Attached is the revised Affidavit of Mr. Horst. I have a clean and redline so you can see the edits. Also attached are the compiled exhibits.
Regarding Affidavits in MA Bankruptcy Court: 1) I have also added an ECF Declaration (last page) which is required to file an Affidavit with the Bankruptcy Court, and 2) I will also need to receive Mr. Horst's original ink signature in order to file the Affidavit (which is very inconvenient, but a rule nonetheless).

If all is acceptable to you and Mr. Horst, please have his sign/notarize and send the signed (original ink) documents to my address below.

I am happy to discuss further as well.

Thank you. Christine

**Christine E. Devine, Esq.**
Nicholson Devine LLC
P.O. Box 7
Medway, MA  02053
Direct: (508) 533-7240
Cell: (508) 868-3002
christine@nicholsondevine.com

The information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. This electronic message and any attachments may also contain information that is protected by federal and state law, including the HIPAA Privacy Rule. If you

1

are not the intended recipient, you are hereby notified that any dissemination, copying or disclosure of this communication is strictly prohibited. If you have received this communication in error, please call (508) 533-7240 to alert us and please delete this communication immediately without copying or distributing it.

Nicholson Devine LLC is a debt relief agency. Part of what we do is help people file for bankruptcy relief under the Bankruptcy Code. We help people in other ways, too. For more information, please contact us.

**From:** luis.casasmeyer@akerman.com <luis.casasmeyer@akerman.com>
**Sent:** Tuesday, February 11, 2025 9:44 AM
**To:** Christine Devine <christine@nicholsondevine.com>
**Cc:** mark.lichtenstein@akerman.com
**Subject:** RE: Westborough SPE

Good morning, see attached all of the communications between Walter and Lolo. From the beginning Lolo knew BB had resigned and could do nothing. He makes statements about Ms. Scholes but Walter never really responds to them. Once you finalize the dec. send us a copy for Walter to execute. Thanks!

-Luis

**From:** Christine Devine <christine@nicholsondevine.com>
**Sent:** Monday, February 10, 2025 12:45 PM
**To:** Casas Meyer, Luis (Ptnr-Mia) <luis.casasmeyer@akerman.com>
**Cc:** Lichtenstein, Mark (Ptnr-NY) <mark.lichtenstein@akerman.com>
**Subject:** RE: Westborough SPE

**[External to Akerman]**

Hi Luis – Thanks for getting back so quickly. I just left you a VM. If you would give me a quick call, that would be great - (508) 868-3002. Thank you. Christine

**Christine E. Devine, Esq.**

**From:** luis.casasmeyer@akerman.com <luis.casasmeyer@akerman.com>
**Sent:** Monday, February 10, 2025 12:30 PM
**To:** Christine Devine <christine@nicholsondevine.com>
**Cc:** mark.lichtenstein@akerman.com
**Subject:** RE: Westborough SPE

Good afternoon Christine, see attached a slightly edited version. If okay with you I will get Walter to execute.

vCard | Profile

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this

communication in error and then delete it. Thank you.

**From:** Christine Devine <christine@nicholsondevine.com>
**Sent:** Friday, February 7, 2025 4:49 PM
**To:** Casas Meyer, Luis (Ptnr-Mia) <luis.casasmeyer@akerman.com>
**Subject:** Westborough SPE

[External to Akerman]

Luis – Per our recent conversation, please review the attached and give me a call when you have a moment.  I have also attached Mr. Akouete's Proof of Claim and point you to paragraphs 195, 226, and 305-307 which include Mr. Akouete's acknowledgements of his interactions with Mr. Horst.
Thank you. -Christine

**Christine E. Devine, Esq.**
Nicholson Devine LLC
P.O. Box 7
Medway, MA  02053
Direct: (508) 533-7240
Cell: (508) 868-3002
christine@nicholsondevine.com

The information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. This electronic message and any attachments may also contain information that is protected by federal and state law, including the HIPAA Privacy Rule. If you are not the intended recipient, you are hereby notified that any dissemination, copying or disclosure of this communication is strictly prohibited.  If you have received this communication in error, please call (508) 533-7240 to alert us and please delete this communication immediately without copying or distributing it.

Nicholson Devine LLC is a debt relief agency. Part of what we do is help people file for bankruptcy relief under the Bankruptcy Code. We help people in other ways, too. For more information, please contact us.

# EXHIBIT 7

**Horst Deposition (Admissions Regarding Termination and Transition)**

Page 1

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS


LOLONYON AKOUETE, CLAIMANT

        Plaintiff,                    Chapter 7

                                      Case No.: 23-40709-CJP

vs.

JONATHAN GOLDSMITH, CHAPTER

7 TRUSTEE OF WESTBOROUGH SPE

LLC,

        Defendants.

_____/



        VIDEOCONFERENCE DEPOSITION OF WALTER HORST

                Appearing Remotely From

                Moraga, California

             Wednesday, March 19th, 2025




        Reported via videoconference by:

        Amy Winford,

        CSR No. 14149

        Job No. 7243132

Page 12

of a subpoena as of that date.

Q.      Okay.  Let me go to the attachment to that subpoena which requests certain documents.

Do you recall producing documents to Mr. Akouete consistent with what's listed on this subpoena?

A.      I have to check with my attorney because I provided documents to my attorneys back in the December timeframe, and they're the ones that produced information to Mr. Akouete.  Separately, Mr. Akouete and I had an email exchange back in 2024 where I provided some documents, but that wasn't, to my understanding, subject to a subpoena.

Q.      Okay.  All right.  I'm going to move to the next exhibit which is an administrative services agreement.

(Exhibit 3 was produced remotely and marked for identification.)

Q.      BY MS. DEVINE:  Can you identify this document by its title?

A.      Yes.  I have it printed out.

Q.      And what is it called?

A.      Administrative services agreement.

Q.      Okay.  Are you familiar with it generally?

A.      Only from reading it again over the last

Page 13

couple of days.

Q.      Okay.  Can you identify the parties to the agreement?

A.      Let's see.  It's between Babcock & Brown Administrative Services Inc. and Westborough SPE LLC, is noted in the recitals; right above the recitals.

Q.      And pursuant to this agreement, Babcock & Brown Administrative Services agreement was to provide certain services to Westborough SPE LLC; is that correct?

A.      That is my understanding.

Q.      Okay.  Can you describe the services that were to be provided under this agreement just generally?

A.      Without reading the agreement in detail here. I'm looking at the specific subclauses.  And my personal knowledge, you know, from 15 years ago is rather faint.  So I'd only be able to talk about what's physically in the agreement as stated as the document that you provided.

Q.      Okay.  Can you summarize what you understand this agreement to require Babcock & Brown to do by way of providing services?

A.      I believe it was maintaining county books and records, managing some cash.  I think, you know, if my

Page 14

recollection was that rents kind of went directly to Union Bank and Union Bank directly paid off some debt, to my knowledge, there were never any distributions that were made from the limited time frame that I was involved with this entity before we resigned our services.

Q.        Okay.  And I just want to point out there's a Bates stamp at the bottom BB969 which I understand is Brown & Babcock's production of documents that they Bates-stamped when delivering them to Mr. Akouete; is that your understanding as well?

A.        I don't have knowledge of what that code represents.

Q.        Okay.  Is it your understanding that this agreement was terminated at some point?

A.        Yes.

Q.        Okay.  I'm going to turn to the next exhibit, No. 4.

             (Exhibit 4 was produced remotely and
             marked for identification.)

Q.        BY MS. DEVINE:  Can you -- this is just one page.

             Can you describe the exhibit that's marked as No. 4?

A.        This is the first termination letter that was

Page 15

issued to Westborough.

Q.       Okay.  Can you note the date of the agreement?

A.       The date of the letter is June 8th, 2009.

Q.       Yes.  The date of the letter.  Thank you.

Can you explain the substance and the purpose of the letter?

A.       The purpose was to resign our services given that Babcock & Brown became a liquidating estate in 2009.

Q.       Okay.  So is it your understanding that this termination notice terminated Babcock & Brown's obligation under the agreement we just reviewed previously?

A.       This letter was our notice of intent to terminate.  This letter alone did not terminate our services.

Q.       Okay.  Okay.  This termination notice, which is what it's termed, was sent to Phil Green; is that correct?

A.       I -- it would only be my presumption.  It's certainly addressed to Phil Green, but I was not responsible for sending this to Phil Green.

Q.       I guess I should say, it was addressed to Phil Green; is that correct?

Page 16

A.        Yes.

Q.        What was Phil Green's -- to the best of your knowledge, what was Phil Green's relationship to Westborough SPE?

A.        Well, Phil Green used to be a CEO of Babcock & Brown.  He resigned in October of 2008.  And it is -- was my understanding that he may have been involved in the ownership chain of Westborough, but we were never able to successfully confirm that.  And -- through other people's discussions that were had with Phil Green, he ultimately disavowed any knowledge of ownership interest.

Q.        Okay.  All right.  Is it your understanding -- okay.  I asked you this already.

Is it -- I guess -- let me just confirm that it's your understanding that this termination notice by itself did not actually terminate Babcock & Brown's requirements to perform services under the administrative service agreement.

A.        That's correct.  There was a subsequent termination notice a couple of years later which formally terminated our services.

Q.        Okay.  So what was the purpose of this termination notice?

A.        The purpose was to begin transition processes

Page 17

so we could transfer our role to another service

provider.  And this letter was to begin that process.

Q.      Did this process -- to your knowledge, did

that process proceed as anticipated?

A.      Well, the process proceeded but was never

finalized as ultimately the owner was unresponsive and

could not be identified.

Q.      And when you say "the owner," the owner of

what?

A.      I believe up the chain.  The owner of

Westborough moving all the way up the chain.

Q.      So the member?

A.      Right, I think --

Q.      Is that what you mean by owner?

A.      Well, I think the member was Mignonette

Investments.  But, you know, looking at -- trying to

locate the owner of Mignonette Investments who could

act for Mignonette Investments, we were not able to

identify.

Q.      Okay.  All right.  I'm going to turn to the

next document which is Exhibit No. 5.

           (Exhibit 5 was produced remotely and

               marked for identification.)

Q.      BY MS. DEVINE:  Can you identify this

document, please?

Page 50

REPORTER'S CERTIFICATE

I certify that the foregoing proceedings in the within-entitled cause were reported remotely at the time and place therein named; that said proceedings were reported remotely by me, a duly Certified Shorthand Reporter of the State of California, and were thereafter transcribed into typewriting.

I further certify that I am not of counsel or attorney for either or any of the parties to said cause of action, nor in any way interested in the outcome of the cause named in said cause of action.

IN WITNESS WHEREOF, I have hereunto set my hand this 2nd day of April, 2025.

Amy Winford
CSR No.  14149

## ADMINISTRATIVE SERVICES AGREEMENT

ADMINISTRATIVE SERVICES AGREEMENT dated as of October 30, 1997 (the "Agreement"), between BABCOCK & BROWN ADMINISTRATIVE SERVICES, INC., a Delaware corporation ("BBAS"), and WESTBOROUGH SPE LLC, a Delaware limited liability company ("Westborough").

### RECITALS

WHEREAS, Westborough has acquired from Northside Realty Trust ("Northside") all of Northside's right, title and interest in and to certain real property in Westborough, Massachusetts (the "Property") that it has leased to Interstate Theatres Corporation (the "Tenant") pursuant to a lease agreement dated as of October 30, 1997 (the "Lease");

WHEREAS, the Property consists of a building that Westborough and Interstate have agreed will be operated as a cinema;

WHEREAS, to purchase the Property, Westborough borrowed money (the "Loan") from The Northwestern Mutual Life Insurance Company (the "Noteholder");

WHEREAS, to obtain the Loan, Hoyts Cinemas Corporation, a Delaware corporation, Hoyts Cinemas Limited, an Australian corporation, and Hoyts Cinemas America Limited, a Barbados company, among others (together the "Guarantors"), were required to guarantee the Lease, which was assigned to the Noteholder as security for the Loan;

WHEREAS, Westborough, the Tenant, the Noteholder, the Guarantors and Mignonette Investments Limited, a British Virgin Islands limited liability company as equity investor ("Mignonette"), entered into a Participation Agreement dated as of October 30, 1997 (the "Participation Agreement") to outline their responsibilities with respect to the Property, the Lease and related agreements; and

WHEREAS, Westborough wishes to engage BBAS to provide certain administrative services with respect to the Property during the term of the Lease and BBAS is willing to provide such services, all in accordance with the terms hereof.

### AGREEMENT

NOW, THEREFORE, it is agreed as follows:

1.   *Administrative Services.*

Westborough hereby appoints BBAS to act as servicer in respect of its interest in the Property and the Lease and related documents, including but not limited to

**BB000969**

EXHIBIT

3

the Participation Agreement.  Pursuant to this appointment, during the term of the Lease, BBAS will perform the following services (the "Services"):

(a)    prepare and maintain the accounting books and records of Westborough;

(b)    prepare the financial statements of Westborough and send them to the holders of the outstanding Notes (as such term is defined in the Participation Agreement) as provided in    Section 6.8 of the Participation Agreement;

(c)    prepare federal, state and local income and such other tax returns as may be required for Westborough, the Property and with respect to the Lease;

(d)    monitor the receipt of rent from the Tenant under the Lease, the payment of principal and interest to the Noteholder and return on equity to Mignonette;

(e)    maintain bank accounts if requested to do so by Westborough to faciltate the receipt, payment and transfer of funds;

(f)    withhold and remit to the appropriate taxing authority any withholding taxes required to be withheld on amounts to be paid to the Noteholder or Mignonette or otherwise;

(g)    receive and review and forward any notices sent to the Tenant pursuant to the Lease and related documents;

(h)    keep track of insurance certificates to be provided by the Tenant pursuant to Section 12 of the Lease and review such certificates to assure compliance with the terms set forth in the Lease;

(i)    consult with Westborough to discuss any matters relating the Property, the Lease, or the Lessee (i) whenever Westborough shall request or (ii) whenever BBAS shall deem it advisable; and

(j)    perform such other services with respect to the Property or the Lease or Westborough as Westborough shall reasonably request or as shall be reasonably necessary to carry out the purpose of this Agreement.

2.    *Compensation for Services.*

In consideration of BBAS performing the Services described in Section 1(a) through (j) hereof, Westborough shall pay BBAS an annual administrative services fee equal to the greater of (a) $5,000 per annum, or (b) such other amount as BBAS determines, in its sole discretion, is reasonable to compensate it for the Services that it has provided during the year. This annual fee shall be payable annually in advance.  In the event that the Lessee shall fail to pay rent when due, BBAS shall consult with Westborough on how best to collect the rent, but

– 2 –

BB000970

Westborough nonetheless shall be obligated to pay the fee to BBAS whether or not the rent is collected.

3.   *Expenses.*

Westborough shall reimburse BBAS for all direct, reasonable out-of-pocket expenses that BBAS incurs in performing the Services, including but not limited to compensation paid to third parties hired pursuant to Section 4 of this Agreement.

4.   *Other Parties.*

It is acknowledged and agreed that BBAS may, in order to perform the Services set out in Section 1, engage any other party, including but not limited to lawyers, accountants, consultants and advisors to provide the Services or render advice with respect to the Lease, the Property or the Lessee where BBAS believes this is appropriate. Such engagement shall be at Westborough's expense.

5.   *Disclaimer.*

BBAS will use its reasonable best efforts in performing the Services but is not warranting or guaranteeing that any result whatsoever will be obtained. BBAS or one of its affiliates shall review the information that it provides to Westborough, the Tenant or the Noteholder, but, to the extent permissible by applicable law, it shall have no liability for errors and omissions in such information, except for liability arising out of gross negligence or willful misconduct by BBAS or one of its affiliates.

6.   *Indemnity.*

Westborough agrees to indemnify, defend and hold harmless BBAS and its affiliates (and the directors, officers, employees and controlling persons of BBAS and its affiliates) to the fullest extent lawful against any and all claims, damages, losses, liabilities and expenses as incurred (including all reasonable fees and disbursements of the indemnitees' counsel that are incurred in connection with the investigation of and preparation for any such pending or threatened claims and any litigation or other proceedings arising therefrom in any action between Westborough and any indemnitee or between any indemnitee and a third party) relating to BBAS' performance of the Services under this Agreement, unless caused by the gross negligence or willful misconduct of BBAS.

7.   *Governing Law and Jurisdiction.*

This Agreement shall be governed by and construed in accordance with the laws of the State of California. A court of competent jurisdiction in the City and County of San Francisco, California, or such other location to which both parties agree, shall have exclusive jurisdiction over all disputes arising out of this agreement. Nothing in this paragraph constitutes a waiver of the right of any party to remove an action to a United States District Court, as permitted by the laws of the United States.

-3-

BB000971

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first above written.

BABCOCK & BROWN
ADMINISTRATIVE SERVICES, INC.

By: James D. Jaworski
Its: Vice President


WESTBOROUGH SPE LLC

BY: BABCOCK & BROWN
    ADMINISTRATIVE SERVICES, INC.
ITS: MANAGER


By: F. Jan Blaustein
Its: President

— 4 —

BB000972

## BABCOCK & BROWN

Babcock & Brown LP
One Letterman Drive · Bldg D · San Francisco CA 94129 USA
T +1 415 512 1515 · F +1 415 267 1500 · www.babcockbrown.com



June 8, 2009

Westborough SPE LLC                *via email to philgreen@greevestgroup.com.au*
Attn: Phil Green

**RE:     Administrative Services Agreement - Termination Notice**

Dear Phil:

We refer to that certain Administrative Services Agreement (the "Administrative Services Agreement") dated October 30, 1997 by and between Babcock & Brown Administrative Services LLC ("BBAS"), successor in interest to Babcock & Brown Administrative Services, Inc., and Westborough SPE LLC ("Westborough") pursuant to which BBAS has provided certain administrative services to Westborough.

Please accept this letter as BBAS's written notice of its intent to terminate the Administrative Services Agreement effective August 31, 2009 (the "Termination Date").

Prior to the Termination Date, BBAS will cooperate fully with Westborough to ensure a smooth transition to another administrative services provider. Mark Stevens will lead the transition efforts and can be contacted at mark.stevens@babcockbrown.com or 415.512.1515.

Please sign below to acknowledge receipt of this letter and fax it to my attention at 415-267-1500.

Sincerely,

Babcock & Brown Administrative Services LLC

By:     Karen R. Fagerstrom
Title:   President

**ACKNOWLEDGED:**

_____
Westborough SPE LLC

sf_legal 31393v1                                                    BB000084

**EXHIBIT**

4

## BABCOCK & BROWN

Babcock & Brown LP
One Letterman Drive · Bldg D · San Francisco CA 94129 USA
T +1 415 512 1515 · F +1 415 267 1500 · www.babcockbrown.com



### NOTICE OF RESIGNATION

April 30, 2011

Westborough SPE LLC
c/o Equity Trust
31/F, The Center
99 Queen's Road Central, Hong Kong

Attention: Serena Kwok, General Manager, Trade Support

RE: Westborough SPE LLC (the "Company")

Dear Ms. Kwok:

We refer to the Company's Limited Liability Company Agreement dated as of October 22, 1997 (the "LLC Agreement") between Mignonette Investments Limited (the "Member") and Babcock & Brown Administrative Services LLC, as successor to Babcock & Brown Administrative Services, Inc. (the "Manager").

Pursuant to Section 1(e) of the LLC Agreement and Section 18-602 of the Delaware Limited Liability Company Act, this letter serves as notice to the Member of the Manager's intent to resign as Manager of the Company effective as of May 30, 2011.

Sincerely,

Babcock & Brown Administrative
Services LLC

By: Walter Horst
Title: Treasurer

sf_legal 34887v1

BB000085

**EXHIBIT**

6

# EXHIBIT 8

## InterGest North America LLC Corporate Filings

BA20260550766



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**LIMITED LIABILITY COMPANY**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only

**-FILED-**

File No.: BA20260550766

Date Filed: 3/10/2026

| Entity Details | |
| --- | --- |
| Limited Liability Company Name | INTERGEST NORTH AMERICA LLC |
| Entity No. | 201017210207 |
| Formed In | NEW YORK |

| Street Address of Principal Office of LLC | |
| --- | --- |
| Principal Address | 62 ENTER LANE<br>ISLANDIA, NY 11749 |

| Mailing Address of LLC | |
| --- | --- |
| Mailing Address | 62 ENTER LANE<br>ISLANDIA, NY 11749 |
| Attention | |

| Street Address of California Office of LLC | |
| --- | --- |
| Street Address of California Office | 1720 ARDMORE AVE SUITE 117<br>HERMOSA BEACH, CA 90254 |

Manager(s) or Member(s)

| Manager or Member Name | Manager or Member Address |
| --- | --- |
| Wilfried Roggenbau | 62 ENTER LANE<br>ISLANDIA, NY 11749 |

| Agent for Service of Process | |
| --- | --- |
| Agent Name | KERSTIN ROGGENBAU |
| Agent Address | 1720 ARDMORE AVE SUITE 117<br>HERMOSA BEACH, CA 90254 |

| Type of Business | |
| --- | --- |
| Type of Business | ADMINISTRATION SERVICES |

| Email Notifications | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

Chief Executive Officer (CEO)

| CEO Name | CEO Address |
| --- | --- |
| Wilfried Roggenbau | 62 ENTER LANE<br>ISLANDIA, NY 11749 |

Labor Judgment

No Manager or Member, as further defined by California Corporations Code section 17702.09(a)(8), has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal is pending, for the violation of any wage order or provision of the Labor Code.

B4488-4023 03/10/2026 12:13 PM Received by California Secretary of State

Page 1 of 2

Electronic Signature

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*Wilfried Roggenbau*

Signature

*03/10/2026*

Date

B4488-4024  03/10/2026  12:13 PM Received by California Secretary of State

**20101721 0207**

| LLC-5 | File # _____ |



# State of California
## Secretary of State

## LIMITED LIABILITY COMPANY
## APPLICATION FOR REGISTRATION

**A $70.00 filing fee AND a certificate of good standing from an authorized public official of the jurisdiction of formation must accompany this form.**

**IMPORTANT – Read instructions before completing this form.**

**FILED**
In the office of the Secretary of State
of the State of California

APR 2 1 2010

This Space For Filing Use Only

---

**ENTITY NAME** (End the name in Item 1 with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1. NAME UNDER WHICH THE FOREIGN LIMITED LIABILITY COMPANY PROPOSES TO REGISTER AND TRANSACT BUSINESS IN CALIFORNIA

Intergest North-America LLC

2. NAME OF THE FOREIGN LIMITED LIABILITY COMPANY, IF DIFFERENT FROM THAT ENTERED IN ITEM 1 ABOVE

---

**DATE AND PLACE OF ORGANIZATION**

3. THIS FOREIGN LIMITED LIABILITY COMPANY WAS FORMED ON ___01___ - ___09___ - ___97___ IN ___New York___
   (MONTH)     (DAY)     (YEAR)          (STATE OR COUNTRY)

   AND IS AUTHORIZED TO EXERCISE ITS POWERS AND PRIVILEGES IN THAT STATE OR COUNTRY..

---

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both Items 4 and 5 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 4 must be completed (leave Item 5 blank).

4. NAME OF AGENT FOR SERVICE OF PROCESS

   Kerstin Roggenbau

5. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA | CITY | STATE | ZIP CODE
   433 North Camden Drive, 4th Floor | Beverly Hills **CA** | 90210

---

**APPOINTMENT** (The following statement is required by statute and should not be altered.)

6. IN THE EVENT THE ABOVE AGENT FOR SERVICE OF PROCESS RESIGNS AND IS NOT REPLACED, OR IF THE AGENT CANNOT BE FOUND OR SERVED WITH THE EXERCISE OF REASONABLE DILIGENCE, THE SECRETARY OF STATE OF THE STATE OF CALIFORNIA IS HEREBY APPOINTED AS THE AGENT FOR SERVICE OF PROCESS OF THIS FOREIGN LIMITED LIABILITY COMPANY.

---

**OFFICE ADDRESSES** (Do not abbreviate the name of the city.)

7. ADDRESS OF THE PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | ZIP CODE
   400 Oser Ave. Suite 1650 | Hauppauge, NY | 11788

8. ADDRESS OF THE PRINCIPAL OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE
   433 North Camden Drive, 4th Floor | Beverly Hills **CA** | 90210

---

**EXECUTION**

9. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

January 29, 2010
DATE

_____
SIGNATURE OF AUTHORIZED PERSON

Wilfried Roggenbau, Operating member
TYPE OR PRINT NAME AND TITLE OF AUTHORIZED PERSON

---

LLC-5 (REV 04/2007) | APPROVED BY SECRETARY OF STATE

# State of New York
# Department of State   } ss:

I hereby certify, that INTERGEST NORTH AMERICA LLC a NEW YORK Limited
Liability Company filed Articles of Organization pursuant to the Limited
Liability Company Law on 01/09/1997, and that the Limited Liability
Company is existing so far as shown by the records of the Department.

*\*\**

*WITNESS my hand and the official seal
of the Department of State at the City of
Albany, this 12th day of January two
thousand and ten.*



*First Deputy Secretary of State*

*201001130052  02*

**201017210207**





# THE ART OF BEING LOCAL IN USA

## YOUR LOCAL CONTACT



Contact:

Wilfried Roggenbau

Tel.+1 163 501 0500

Fax +1 163 501 1060

wilfried.roggenbau@intergest

kerstin.roggenbau@intergest.

info.usa@intergest.com

## ABOUT INTERGEST NORTH AMERICA

InterGest North America was formed in 1997 to assist foreign companies in establishing and developing their North America business activities in the USA. The benefit is that they receive a flexible administration solution including financial, legal and fiscal consulting and bookkeeping for all countries from a single source. InterGest North America provides these business administration services with local knowledge in English and German, and also through long and well established contacts.

Languages:



## WHY INVEST IN THE USA?



**Wilfried Roggenbau** has a Master of Business Administration degree with a concentration on international trade and finance from the University of Duisburg. He has over 20 years of experience for both German and American multinational corporations, including Thyssen, Rheinbraun and Citgo Petroleum. Wilfried Roggenbau worked as Financial Director in New York until 1997.



## ADDRESS

**InterGest America LLC**
62-64 Enter Lane,
Islandia, NY 11749
USA

**InterGest N. America Los Angeles**
1720 Ardmore Avenue, Suite 117
Hermosa Beach, CA 90254

16052 Beach Blvd., Suite 221
Huntington Beach, CA 92647
USA

**Kerstin Roggenbau** earned a Bachelor of Arts Degree in Economics from the University of Massachusetts in Amherst. After working for several months for a mid-size company in Germany, she gained extensive experience in the US retail business. Since 2004 she has been employed by InterGest North America. She opened the InterGest office in California in May 2009.



**InterGest N. America Texas**
2676 Reunion Blvd.
Austin, TX 78737
USA





## YOUR CONTACT IN OUR HEADQUARTERS



Ulrike Anterist

International Coordination

Tel. +49 681 5918 7812

ulrike.anterist@intergest.com

Languages:



...............................................

## WHY SHOULD COMPANIES INVEST IN THE USA?

Follow our series

InterGest Worldwide



Watch on

## INTERGEST NEWS



## NEWSLETTER SUBSCRIPTION

## WHERE TO FIND INTERGEST NORTH AMERICA?

InterGest North America has its office in Hauppauge, Long Island, the biggest industrial pard east of the Mississippi. It is just a short drive from the centre of Manhattan's theatre district and shopping centers as well as New York's major airports J.F. Kennedy and la Guardia. The Los Angeles office is situated just a few miles from LAX International Airport and is situated in Hermosa Beach facing the Pacific Ocean not far away from the beaches of Santa Monica and Malibu.

## LEARN MORE
ABOUT INTERGEST NORTH AMERICA

Newsletter subscription

Download country flyer

<u>CERTIFICATE OF SERVICE</u>

I, Lolonyon Akouete, hereby certify that the above document is served by email and mailing a copy of the same, first-class mail, to the following:

Stephen F. Gordon, Attorney of the Petitioners
(Email: sgordon@gordonfirm.com)
The Gordon Law Firm LLP
River Place 57 River Street Wellesley, MA 02481

Scott A. Schlager on behalf of,
Nathanson & Goldberg, P.C., a creditor.
(Email: sas@natgolaw.com)
183 State Street, 5th Floor Boston, MA 02109

Assistant U.S. Trustee
Richard King
Office of US. Trustee
446 Main Street 14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

Jonathan R. Goldsmith
Chapter 7 Trustee
trusteedocs1@gkalawfirm.com
Goldsmith, Katz & Argenio P.C.
1350 Main Street, 15th Floor.
Springfield, MA 01103

Dyann Blaine
20 Queensbrook Place
Orinda, CA 94563
dyann.blaine@gmail.com

Jan Blaustein Scholes
7501 E Thompson Peak Pkwy
Scottsdale, AZ 85255
jan.scholes2@gmail.com

Mark S. Lichtenstein
AKERMAN LLP
1251 Avenue of the Americas, 37th Flr.
New York, New York 10020
mark.lichtenstein@akerman.com

Paul W. Carey, Attorney of Creditor
FERRIS DEVELOPMENT GROUP, LLC
(Email: pcarey@mirickoconnell.com)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street, Worcester, MA 01608

Brian W. Riley, Attorney of Creditor
Jeffrey T. Blake, Attorney of Creditor
Roger L. Smerage, Attorney of Creditor
TOWN OF WESTBOROUGH
(Email: briley@k-plaw.com)
(Email: jblake@k-plaw.com)
(Email: rsmerage@k-plaw.com)
KP Law, P.C.  101 Arch Street,
12th Floor Boston, MA 02110

Gary M Ronan
David M Abromowitz
Goulston&storrs
GRonan@goulstonstorrs.com
DAbromowitz@goulstonstorrs.com
400 Atlantic Avenue
Boston, MA 02110

Peter Blaustein
950 Vista Road
Hillsborough, CA 94010
pblaustein@gmail.com

Walter Horst
Babcock & Brown
1264 Rimer Drive
Moraga, CA 94556
walter.horst@babcockbrown.com

Samual A. Miller, Esq.
AKERMAN LLP
420 South Orange Avenue
Suite 1200
Orlando, FL 32801
samual.miller@akerman.com
sharlene.harrison-carera@akerman.com



_____
Lolonyon Y Akouete